IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON,**<br><br>       Plaintiff,<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**<br><br>       Defendant | Case No. 4:20-cv-447-ALM |

### FIRST AMENDED COMPLAINT

Plaintiff Brian Huddleston ("Plaintiff") hereby amends his complaint as permitted by Fed. R. Civ. P. 15(1)(B), bringing this action against the Federal Bureau of Investigation (hereinafter "FBI") and United States Department of Justice (hereinafter "DOJ" or "Justice Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, the Plaintiff alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction under 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district because the Plaintiff resides in Collin County, Texas.

## Parties

3. Plaintiff Brian Huddleston is a resident of the City of Wylie in Collin County, Texas.

4. Defendant FBI is an agency of the United States Government. It has possession, custody, and control of records to which the Plaintiff seeks access. The FBI is headquartered at 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001.

5. Defendant DOJ is a department of the United States Government. The Justice Department has possession, custody, and control of records to which the Plaintiff seeks access. The Justice Department is headquartered at 950 Pennsylvania Avenue, NW Washington, DC 20530-0001.

## Statement of Facts

6. On April 9, 2020, the Plaintiff submitted a FOIA request to the FBI via facsimile. A copy of that FOIA request is attached as Exhibit 1 and incorporated herein by reference.[1] The Plaintiff requested the opportunity to view the following:

> All data, documents, records, or communications (electronic or otherwise) created or obtained since January 1, 2016 that discuss or reference Seth Rich or Aaron Rich. This would include, but is not limited to, all data, documents, records, or communications in the Washington Field Office, Computer Analysis Response Team ("CART"), and any other "cyber" unit within the FBI.

> All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (*e.g.*, email) after his death.

---

[1] The Plaintiff's home address has been redacted from all exhibits to this complaint, but otherwise the exhibits are true and correct copies of the FOIA requests that the Plaintiff submitted to the FBI and DOJ.

>All data downloaded from all electronic devices that belonged to Seth Rich as well as all data, documents, records or communications indicating how the devices were obtained and who was responsible for downloading the information.
>
>All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc. that were obtained by the FBI while assisting Special Counsel Robert Mueller's investigation.
>
>All documents, communications, records or other evidence reflecting orders or directions (whether formal or informal) for the handling of any evidence pertaining to Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.
>
>All documents, records, or communications exchanged with any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder or (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.
>
>All recordings, transcripts, or notes (*e.g.*, FD-302 forms) reflecting any interviews of Aaron Rich, Deborah Sines or any other witness regarding (1) the death of Seth Rich, (2) the transfer of data from the Democratic National Committee to Wikileaks, or (3) any attempt to hack into electronic or internet accounts (e.g., email) belonging to Seth Rich.
>
>All data, documents, records or communications obtained or produced by the FBI's Computer Analysis and Response Team ("CART") or any other FBI cyber unit regarding Seth Rich and/or Aaron Rich.
>
>All data, documents, records or communications (including texts or emails) that reflect any meetings or communications from July 10, 2016 until July 10, 2017 between former FBI Deputy Director Andrew McCabe and any and all of the following: (1) Seymour Myron "Sy" Hersh (born on or about April 8, 1937); (2) Washington, D.C. Mayor Muriel Bowser; and/or (3) former Democratic National Committee Interim Chairwoman Donna Brazile.

As of this filing, the FBI has not produced any responsive documents or things.

7. On June 1, 2020, the Plaintiff submitted another FOIA request to the FBI via facsimile. A true and correct copy of that FOIA request is attached as Exhibit 2 and incorporated herein by reference. The Plaintiff requested the opportunity to view the following:

> Documents, records, or communications revealing the code names assigned to any and all individuals as part of the Crossfire Hurricane investigation.
>
> Documents, records, or communications revealing the code names assigned to any and all sub-sections of the Crossfire Hurricane investigation.
>
> Documents, records, or communications revealing the code names assigned to Seth Conrad Rich.
>
> Documents, records, or communications revealing the code names assigned to Aaron Nathan Rich.

As of this filing, the FBI has not produced any responsive documents or things.

8. On June 5, 2020, the Plaintiff electronically submitted a FOIA request to the Justice Department. A true and correct copy of that FOIA request is attached as Exhibit 3 and incorporated herein by reference. The Plaintiff requested the opportunity to view records from the office of Special Counsel Robert Mueller, namely the following:

All data, documents, records, or communications (electronic or otherwise) created or obtained since January 1, 2016 that discuss or reference Seth Rich or Aaron Rich.

> All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (*e.g.*, email) after his death.
>
> All data downloaded from all electronic devices that belonged to Seth Rich as well as all data, documents, records or communications indicating how the devices were obtained and who was responsible for downloading the information.

>All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc. as well as any reports from other government entities or personnel.
>
>All documents, communications, records or other evidence reflecting orders or directions (whether formal or informal) for the handling of any evidence pertaining to Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.
>
>All documents, records, or communications exchanged with any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder; (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks; (3) the involvement of any other person or entity in transferring data from the DNC to Wikileaks.
>
>All recordings, transcripts, or notes (e.g., FD-302 forms) reflecting any interviews of Aaron Rich, Deborah Sines or any other witness regarding (1) the death of Seth Rich, (2) the transfer of data from the Democratic National Committee to Wikileaks, or (3) any attempt to hack into electronic or internet accounts (e.g., email) belonging to Seth Rich.
>
>All data, documents, records or communications obtained or produced by the FBI's Computer Analysis and Response Team ("CART") or any other FBI cyber unit regarding Seth Rich, Aaron Rich, and/or any other person or entity involved in the transfer of DNC emails to Wikileaks in 2016.
>
>All data, documents, records or communications (including texts or emails) concerning Imran Awan, Abid Awan, Jamal Awan, Hina Alvi, and/or Rao Abbas.
>
>If any of the items or things requested herein were discarded or destroyed, produce all data, documents, records or communications reflecting that fact.

On or about June 23, 2020, the Justice Department sent a letter to the Plaintiff indicating that it would need more than 30 business days to respond to the request. In a telephone conference with counsel on or about June 30, 2020, a representative of DOJ said the department would need 8-10 months to search for and produce responsive records.

9. The Plaintiff alleges that career staff in both the FBI and DOJ are trying to delay production of records about Seth Rich until after the November 3, 2020 Presidential election, namely because the records will reveal that (1) Special Counsel Robert Mueller's entire investigation of President Donald J. Trump was premised on a fraud, and (2) current FBI and DOJ officials aided and abetted that fraud.

## Count 1

### (Violation of FOIA, 5 U.S.C. § 552)

10. All prior paragraphs are incorporated herein by reference.

11. The Plaintiff is being irreparably harmed by the Defendants' violations of FOIA, and the Plaintiff will continue to be irreparably harmed unless the Defendants are compelled to comply with FOIA.

## Request for Relief

12. The Plaintiff respectfully requests that the Court: (1) order the Defendant to conduct a search for any and all records responsive to the Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to the Plaintiff's FOIA request; (2) order the Defendant to produce, by a date certain, any and all non-exempt records responsive to the Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to the Plaintiff's FOIA requests; (4) grant the Plaintiff an award of

litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) grant the Plaintiff such other relief as the Court deems just and proper.

                                         Respectfully submitted,

                                         **/s/ Ty Clevenger**
                                         Ty Clevenger
                                         Texas Bar No. 24034380
                                         P.O. Box 20753
                                         Brooklyn, New York 11202-0753
                                         (979) 985-5289
                                         (979) 530-9523 (fax)
                                         *tyclevenger@yahoo.com*

                                         **Counsel for Plaintiff Brian Huddleston**

# Exhibit 1

April 9, 2020

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843
Fax: (540) 868-4391/4997

      Re: Freedom of Information Act Request

To Whom It May Concern:

      On March 20, 2020, former Asst. U.S. Attorney Deborah Sines was deposed in *Ed Butowsky v. David Folkenflik, et al.*, Case No. 4:18-cv-00442-ALM (E.D.Tex.) about matters pertaining to Seth Conrad Rich ("Seth Rich") and his brother, Aaron Nathan Rich ("Aaron Rich"). A copy of the deposition transcript can be found at https://tinyurl.com/v7xvms7 or http://lawflog.com/wp-content/uploads/2020/04/2020.03.20-Deborah-Sines-deposition-transcript.pdf. Seth Rich was a Democratic National Committee employee who was murdered on or about July 10, 2016 in Washington, D.C.

      According to Ms. Sines's testimony, the FBI conducted an investigation into possible hacking attempts on Seth Rich's electronic accounts following his murder. Ms. Sines also testified that the FBI examined Seth Rich's laptop computer as part of its investigation, and that there should be emails between her and FBI personnel. Finally, she testified that she met with a prosecutor and an FBI agent assigned to Special Counsel Robert Mueller.

      Ms. Sines's testimony conflicts with the affidavit testimony of David M. Hardy, who claimed that the FBI conducted a reasonable search and could not find any records pertaining to Seth Rich. *See* October 3, 2018 Affidavit of David M. Hardy (http://lawflog.com/wp-content/uploads/2020/01/Hardy-Declaration.pdf) and July 29, 2019 Affidavit of David M. Hardy (http://lawflog.com/wp-content/uploads/2020/01/Second-Hardy-Declaration.pdf). Mr. Hardy's affidavits were also contradicted by email records that Judicial Watch obtained in *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 1:18-cv-00154-RBW (D.D.C.). *See* August 10, 2016 email string (https://tinyurl.com/wylcu9l or http://lawflog.com/wp-content/uploads/2020/04/FBI-emails-re-Seth-Rich.pdf). Clearly, the FBI is in possession of email records pertaining to Seth Rich.

      As permitted by the Freedom of Information Act, 5 U.S.C. § 552, I request the opportunity to view the following:

1. All data, documents, records, or communications (electronic or otherwise) created or obtained since January 1, 2016 that discuss or reference Seth Rich or Aaron Rich. This would include, but is not limited to, all data, documents, records, or communications in the

    Washington Field Office, Computer Analysis Response Team ("CART"), and any other "cyber" unit within the FBI.

2. All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (*e.g.*, email) after his death.

3. All data downloaded from all electronic devices that belonged to Seth Rich as well as all data, documents, records or communications indicating how the devices were obtained and who was responsible for downloading the information.

4. All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc. that were obtained by the FBI while assisting Special Counsel Robert Mueller's investigation.

5. All documents, communications, records or other evidence reflecting orders or directions (whether formal or informal) for the handling of any evidence pertaining to Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

6. All documents, records, or communications exchanged with any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder or (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

7. All recordings, transcripts, or notes (*e.g.*, FD-302 forms) reflecting any interviews of Aaron Rich, Deborah Sines or any other witness regarding (1) the death of Seth Rich, (2) the transfer of data from the Democratic National Committee to Wikileaks, or (3) any attempt to hack into electronic or internet accounts (e.g., email) belonging to Seth Rich.

8. All data, documents, records or communications obtained or produced by the FBI's Computer Analysis and Response Team ("CART") or any other FBI cyber unit regarding Seth Rich and/or Aaron Rich.

9. All data, documents, records or communications (including texts or emails) that reflect any meetings or communications from July 10, 2016 until July 10, 2017 between former FBI Deputy Director Andrew McCabe and any and all of the following: (1) Seymour Myron "Sy" Hersh (born on or about April 8, 1937); (2) Washington, D.C. Mayor Muriel Bowser; and/or (3) former Democratic National Committee Interim Chairwoman Donna Brazile.

10. If any of the items or things requested in this subpoena were discarded or destroyed, produce all data, documents, records or communications reflecting that fact.

If copying costs will be more than $100, please let me know in advance. Thank you in advance for your assistance.

Sincerely,

Brian Huddleston
704 Nickelville Lane
Wylie, Texas 75098
brianhudd@gmail.com

# Exhibit 2

June 1, 2020

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843
Fax: (540) 868-4391/4997

    Re: Freedom of Information Act Request

To Whom It May Concern:

    As part of its "Crossfire Hurricane" investigation into possible collusion between the 2016 Donald Trump campaign and Russia, the FBI assigned code names for various individuals connected with that investigation. Retired Lt. Gen. Michael Flynn was assigned the code name "Crossfire Razor," for example. As permitted by the Freedom of Information Act, 5 U.S.C. § 552, I request the opportunity to view the following:

1. Documents, records, or communications revealing the code names assigned to any and all individuals as part of the Crossfire Hurricane investigation.

2. Documents, records, or communications revealing the code names assigned to any and all sub-sections of the Crossfire Hurricane investigation.

3. Documents, records, or communications revealing the code names assigned to Seth Conrad Rich.

4. Documents, records, or communications revealing the code names assigned to Aaron Nathan Rich.

Thank you in advance for your assistance.

    Sincerely,

*[signature: Brian Huddleston]*

    Brian Huddleston
    [redacted]

# Exhibit 3

June 5, 2020

Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

      Re: Freedom of Information Act Request

To Whom It May Concern:

      On March 20, 2020, former Asst. U.S. Attorney Deborah Sines was deposed in *Ed Butowsky v. David Folkenflik, et al.*, Case No. 4:18-cv-00442-ALM (E.D.Tex.) about matters pertaining to Seth Conrad Rich ("Seth Rich") and his brother, Aaron Nathan Rich ("Aaron Rich"). A copy of the deposition transcript can be found at https://tinyurl.com/v7xvms7 or http://lawflog.com/wp-content/uploads/2020/04/2020.03.20-Deborah-Sines-deposition-transcript.pdf. Seth Rich was a Democratic National Committee ("DNC") employee who was murdered on or about July 10, 2016 in Washington, D.C.

      According to Ms. Sines's testimony, the FBI conducted an investigation into possible hacking attempts on Seth Rich's electronic accounts following his murder. Ms. Sines also testified that the FBI examined Seth Rich's laptop computer as part of its investigation, and that there should be emails between her and FBI personnel. Finally, she testified that she met with a prosecutor and an FBI agent assigned to Special Counsel Robert Mueller.

      As permitted by the Freedom of Information Act, 5 U.S.C. § 552, I seek documents, records, and information obtained or produced by Special Counsel Robert Mueller, his deputies, his assistants, and/or his investigators regarding (1) Seth Rich; (2) Aaron Rich; and (3) the purported "hack" into the DNC servers in 2016, *i.e.*, the transfer of DNC data to Wikileaks. In particular, I request the opportunity to view the following:

1. All data, documents, records, or communications (electronic or otherwise) created or obtained since January 1, 2016 that discuss or reference Seth Rich or Aaron Rich.

2. All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (*e.g.*, email) after his death.

3. All data downloaded from all electronic devices that belonged to Seth Rich as well as all data, documents, records or communications indicating how the devices were obtained and who was responsible for downloading the information.

4. All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc. as well as any reports from other government entities or personnel.

5. All documents, communications, records or other evidence reflecting orders or directions (whether formal or informal) for the handling of any evidence pertaining to Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

6. All documents, records, or communications exchanged with any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder; (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks; (3) the involvement of any other person or entity in transferring data from the DNC to Wikileaks.

7. All recordings, transcripts, or notes (*e.g.*, FD-302 forms) reflecting any interviews of Aaron Rich, Deborah Sines or any other witness regarding (1) the death of Seth Rich, (2) the transfer of data from the Democratic National Committee to Wikileaks, or (3) any attempt to hack into electronic or internet accounts (e.g., email) belonging to Seth Rich.

8. All data, documents, records or communications obtained or produced by the FBI's Computer Analysis and Response Team ("CART") or any other FBI cyber unit regarding Seth Rich, Aaron Rich, and/or any other person or entity involved in the transfer of DNC emails to Wikileaks in 2016.

9. All data, documents, records or communications (including texts or emails) concerning Imran Awan, Abid Awan, Jamal Awan, Hina Alvi, and/or Rao Abbas.

10. If any of the items or things requested herein were discarded or destroyed, produce all data, documents, records or communications reflecting that fact.

Thank you in advance for your assistance.

Sincerely,

*Brian Huddleston*

Brian Huddleston