IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. 4:20CV447 |
| v. | § | |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

## JOINT CONFERENCE REPORT

In accordance with Rule 26(f), a conference was held by the attorneys for the

parties.  The following is a joint report of the parties of the conference.

1. **Factual and legal synopsis of the case:**

   This is a Freedom of Information Act lawsuit filed by Plaintiff Brian Huddleston against Defendants Federal Bureau of Investigation and United States Department of Justice, arising out of three separate FOIA requests dated April 9, 2020, June 1, 2020, and June 5, 2020.

2. **Jurisdictional basis for this suit:**

   5 U.S.C. §552(a)(4)(B)

3. **List of the correct names of the parties to this action and any anticipated additional or potential parties:**

   Brian Huddleston, Plaintiff
   Federal Bureau of Investigation, Defendant
   United States Department of Justice, Defendant

4. **List of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases:**

*The Transparency Project v. DOJ;* 4:20CV468 (EDTX): Pending
*The Transparency Project v. DOJ, et al;* 4:20CV467 (EDTX); Pending
*Butowsky v. Folkenflik;* 4:18CV442 (EDTX); Pending
*Clevenger v. DOJ, et al;* 1:18CV1568 (EDNY); Summary judgment in favor of defendant 4/20

5. **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed:**

Defendants contend that discovery and/or disclosure deadlines are not applicable in this FOIA litigation.

6. **Proposed scheduling order deadlines:**

See attached Exhibit A.

7. **Describe in accordance with Rule 26(f):**

(i)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

Defendants contend that discovery is not appropriate in FOIA litigation, and that this case can be decided based solely on briefing submitted to the Court, along with any necessary declarations and/or documents submitted for in camera inspection.

(ii)   Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI.  Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.

Not applicable.

(iii)   Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to

which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues).  A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.

Not applicable.

(iv)    Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed, as well as

Not applicable.

(v)     Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c)

Not applicable.

8.  **State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made.  If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation.  An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.**

Defendants contend that this case is not suitable for settlement/mediation.

9.  **Identity of Persons Expected to be Deposed**:

None.

10. **Estimated trial time and whether a jury demand has been timely made**:

Defendants contend that a trial is not suitable in FOIA litigation, and that this case can be decided based solely on briefing submitted to the Court, along with any necessary declarations and/or documents submitted for in camera inspection.

11. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client):**

Mr. Ty Clevenger for the Plaintiff, Brian Huddleston.

Ms. Andrea L. Parker for Defendants Federal Bureau of Investigation and United States Department of Justice.

12. **Whether parties jointly consent to trial before a magistrate judge:**

Not applicable.

13. **Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference:**

Not applicable.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
350 Magnolia Avenue, Suite 150
Beaumont, Texas   77701-2237
Tel:    (409) 839-2538
Fax:    (409) 839-2643
Email:  andrea.parker@usdoj.gov

*/s/ Ty Odell Clevenger (with permission)*
TY ODELL CLEVENGER
Attorney at Law
P.O. Box 20753
Brooklyn, NY   11202-0753
Tel:    (979) 985-5289
Fax:    (979) 530-9523
Email: tyclevenger@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2020, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney