IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**,<br><br>    Plaintiff,<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**<br><br>    Defendant | Case No. 4:20-cv-447-ALM |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY**

NOW COMES Brian Huddleston, the Plaintiff, responding in opposition to the Defendants' Motion to Stay Scheduling Order Deadlines (Doc. No. 10) as follows:

**Introduction**

Under normal circumstances, the Plaintiff would not oppose an extension of time to respond to document requests. These are not, however, normal circumstances. As set forth below, the Federal Bureau of Investigation ("FBI") has acted in the utmost bad faith over a period of three years, going so far as perpetrate frauds on two federal courts. The Plaintiff therefore urges the Court to grant the Defendants significantly less time than they requested, and he further moves the Court to order the Defendants to explain the reasons for their delay.

## Background

The Plaintiff's Freedom of Information Act ("FOIA") lawsuit arises from events that began more than four years ago. On July 10, 2016, Seth Rich was murdered in Washington D.C., where he worked for the Democratic National Committee ("DNC"). *See* Peter Herman and Clarence Williams, "WikiLeaks offers reward for help finding DNC staffer's killer," August 9, 2016, *The Washington Post*, https://www.washingtonpost.com/local/public-safety/wikileaks-offers-reward-in-killing-of-dnc-staffer-in-washington/2016/08/09/f84fcbf4-5e5b-11e6-8e45-477372e89d78_story.html. The timing of Mr. Rich's murder, and the fact that he worked for the DNC, quickly led to suspicions that his murder might be connected to the transfer of thousands of DNC emails to Wikileaks. *Id*. The publication of those emails upended the Presidential campaign of Hillary Clinton, *id*., and Wikileaks founder Julian Assange strongly inferred that the emails were obtained from Mr. Rich. *See* "Julian Assange on Seth Rich," https://www.youtube.com/watch?v=Kp7FkLBRpKg.  Mr. Assange's claim contradicted the narrative promoted by the FBI and the U.S. intelligence community, *i.e.*, that "Russian hackers" were responsible for obtaining and transferring the DNC emails to Wikileaks, and Mr. Assange's claim is controversial even now.

On September 1, 2017, the undersigned attorney, Ty Clevenger, submitted a FOIA request to the FBI and other agencies that read as follows:

> I request the opportunity to view all records and correspondence pertaining to Seth Conrad Rich (DOB: January 3, 1989), who was murdered in the District of Columbia on or about July 10, 2016. This request includes, but is not limited to, any records or correspondence resulting from any investigation of his murder.

*See* September 1, 2017 FOIA Request (Exhibit 1).[1] In a letter dated September 19, 2017, FBI section chief David M. Hardy wrote that his office had searched the FBI's "Central Records System" and "[w]e were unable to identify main file records responsive to the FOIA." *See* September 19, 2017 Letter from David M. Hardy to Ty Clevenger (Exhibit 2). Mr. Clevenger appealed that decision administratively, arguing as follows:

> The September 19, 2017 letter that I received from the FBI indicates that it only searched the "Central Records System" and that it was unable to identify "main file records" responsive to the FOIA. My request was not limited to the Central Records System nor to main file records. Any responsive records likely would be found in emails, hard copy documents, and other files in the FBI's Washington Field Office. In my experience, the FBI often does not search email accounts in response to FOIA requests, and it appears that it did not search email records in this instance. The FBI should be directed to conduct a thorough search, to include emails and other records in the Washington Field Office.

Clevenger FOIA Appeal (Exhibit 3). The appeal was denied on November 9, 2017, and Mr. Clevenger filed a FOIA lawsuit on March 18, 2018 in Brooklyn, New York. *See Ty Clevenger v. U.S. Department of Justice, et al.*, Case No. 1:18-cv-1568 (E.D.N.Y.). A copy of the original complaint is attached as Exhibit 4.

On October 3, 2018, Mr. Hardy testified to the Brooklyn court via affidavit that the FBI had conducted a reasonable search for records about Seth Rich and had not found any. *See* October 3, 2018 Affidavit of David M. Hardy (Exhibit 5). In a letter to that court dated October 10, 2018, Mr. Clevenger objected that the FBI searched only its index systems, and Mr. Hardy had admitted that it was up to individual FBI agents to decide

---

[1] As witnessed by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States of America that the exhibits to this response are true and correct copies of the documents that he represents them to be.

whether something should be indexed. (Exhibit 6). In other words, the FBI could hide documents from FOIA requesters simply by omitting names or documents from the index systems. And the FBI had a history of hiding documents from FOIA requestors. Mr. Clevenger's letter to the court included an email that he obtained in a separate FOIA request, and that email indicated that then-FBI General Counsel James Baker had entered an agreement with a private lawyer to protect government emails from FOIA requestors. *Id*. The same letter referenced other cases in which the FBI deceptively withheld records from FOIA requestors. *Id*. The FBI also withheld records sought by another agency until that agency signed a non-disclosure agreement to prevent the records from being released to Congress. *See* September 25, 2017 Letter from Senator Charles Grassley to FBI Director Christopher Wray, https://www.grassley.senate.gov/news/news-releases/watchdog-agency-made-sign-nondisclosure-agreements-get-information-fbi. These are but a few examples of the FBI's established history of hiding documents from the public and its elected representatives.

Approximately one year after Mr. Hardy submitted his affidavit, Mr. Clevenger informed the Brooklyn court that, according to former federal prosecutor Deborah Sines, the FBI had taken custody of Mr. Rich's laptop. *See* October 8, 2019 Plaintiff's Motion to Accept Supplemental Evidence, *Clevenger v. U.S. Dept. of Justice* (Exhibit 7). Mr. Clevenger argued that the FBI necessarily had records about Mr. Rich if it had his laptop, yet the FBI's vaunted index system failed to identify those records. *Id*. The FBI nonetheless refused to conduct another search for records about Mr. Rich.  In January of

2020, the non-profit legal group Judicial Watch published emails that it obtained in response to a FOIA request, and among those emails was heavily-redacted correspondence from the Washington Field Office that referenced Seth Rich. *See* https://www.judicialwatch.org/wpcontent/uploads/2020/01/JW-v-DOJ-Strzok-Page-Prod-16-00154.pdf. That was particularly significant because Mr. Clevenger had asked the FBI to search the Washington Field Office's email system, and the FBI had refused to search there. *See* December 13, 2019 Order, *Ed Butowsky v. David Folkenflik, et al.*, Case No. 4:18-cv-00442-ALM-CMC (E.D. Tex.), pp. 23-29. [2]

Late last year, the FBI proffered Mr. Hardy's false affidavit to this Court when opposing subpoenas issued in *Folkenflik* and *Edward Butowsky v. Michael Gottlieb, et al.*, Case No. Case 4:19-cv-00180-ALM-KPJ. *See* December 23, 2019 Order at 24 (noting the FBI filed Mr. Hardy's affidavit with the Court). Prior to submitting the false affidavit to this Court, however, the FBI had already been notified in the Brooklyn case about Ms. Sines's admission that the FBI had the laptop. *See* Exhibit 7. In other words, the FBI knew not later than October 8, 2019 that Mr. Hardy's affidavit was inaccurate, yet the FBI still presented his affidavit to this Court on October 28, 2019.[3]

There is further reason to believe that the FBI perpetrated a fraud on the Brooklyn court as well as this Court. Pulitzer-Prize winning investigative journalist Sy Hersh was recorded in early 2017 stating that a highly-placed intelligence source had obtained

---

[2] Despite all of the deception and bad faith, the Brooklyn court ultimately refused to permit discovery and refused to compel the FBI to conduct a reasonable search for records about Seth Rich.

[3] Asst. U.S. Attorney Andrea Parker represents the FBI in this case, and the Plaintiff should note that Ms. Parker played no role whatsoever in presenting Mr. Hardy's affidavit to this Court.

access to an FBI report confirming that Seth Rich had transferred emails to Wikileaks and requested payment in exchange. *See* Recorded Conversation Between Sy Hersh and Ed Butowsky (https://www.youtube.com/watch?v=kY6-tJ7QaX8). Although Mr. Hersh equivocated when he was subsequently questioned by other journalists, he reluctantly admitted during a July 15, 2020 deposition that he had, in fact, obtained information about the FBI report from a senior intelligence source. *See* Transcript of July 15, 2020 Deposition of Sy Hersh (Exhibit 8) pp. 198-199. Similarly, Plano businessman Ed Butowsky has testified that in 2017 a friend inside the intelligence community was able to read records that were downloaded from Mr. Rich's electronic devices. *See* September 16, 2019 Declaration of Ed Butowsky (Exhibit 9). If the FBI possessed the records and compiled a full-blown report about Mr. Rich and Wikileaks no later than 2017, then it obviously should have shown up during the FBI's record search in 2018. That is precisely why the Plaintiff included the following paragraph in his April 9, 2020 FOIA request to the FBI:

> All documents, communications, records or other evidence reflecting orders or directions (whether formal or informal) for the handling of any evidence pertaining to Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

First Amended Complaint, Exhibit 1, ¶5. If the FBI took custody of Mr. Rich's laptop and wrote a report about his communications with Wikileaks, then some high-ranking official in the FBI must have given the order to hide that information from FOIA requestors.

## Argument

When Mr. Huddleston submitted his FOIA request on April 9, 2020, he did not give the FBI the option of playing dumb. As the Court can see from Mr. Huddleston's letter (Doc. No. 3, internal exhibit 1), he expressly referenced the laptop as well as the correspondence about Mr. Rich that the FBI had accidentally released from the Washington Field Office. Now, after more than three years of delay and deception, the FBI has finally admitted that it has *thousands* of records pertaining to Mr. Rich, not to mention his laptop, yet it asks this Court to delay matters even further. The Defendants purport to ask this Court for a three-month stay, but in reality they are asking this court for an indefinite delay. According to the Court's October 23, 2010 Scheduling Order (Doc. No. 9), the Defendants' production was due two days ago, yet the Defendants ask the Court to wait three months before even deciding when document production should begin.

Given the FBI's long history of deception and bad faith, the Court should not countenance vague and open-ended requests for additional time. If there is an FBI report about communications between Seth Rich and Wikileaks, then the FBI should be able to locate that report immediately. The FBI should be ordered to produce any such report within seven days of the Court's order, which should give the agency enough time to make redactions (the parties can fight over the redactions later).  Furthermore, the FBI should begin a rolling production of responsive materials not later than January 29, 2021, to be completed not later than March 31, 2021. The Plaintiff primarily is interested in

records indicating whether Seth Rich played a role in leaking DNC emails to Wikileaks. Accordingly, the FBI should be directed to focus its initial efforts on such records. Finally, the FBI official responsible for this matter should be directed to explain under oath why the search has taken so long and why the agency needs additional time.

## Conclusion

The Defendants' Motion to Stay Scheduling Order Deadlines should be denied. In lieu of a stay, the FBI should be directed to produce any reports regarding communications between Seth Rich and Wikileaks within seven days of the Court's order. The Court should further order the FBI to begin a rolling production starting not later than January 29, 2021 and ending not later than March 31, 2021. Finally, the FBI official responsible for this matter should be directed to submit a sworn a declaration explaining *in detail* the agency's delays and its request for additional time.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

## Certificate of Service

On December 30, 2020, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger