Exhibit 6

TY CLEVENGER
P.O. Box 20753
Brooklyn, New York 11202-0753

*telephone: 979.985.5289*                                                    *tyclevenger@yahoo.com*
*facsimile: 979.530.9523*                                                    *Texas Bar No. 24034380*


October 10, 2018

The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


       Re:    *Ty Clevenger v. U.S. Department of Justice, et al.*, Civil Action No. 18-CV-01568 (WFK) (LB)

Judge Bloom:

      I write to update the Court concerning events since the last hearing. I did not receive any documents from the defendants until yesterday morning, when I received the sworn declaration of David Hardy that was dated October 3, 2018.  At 10:32 p.m. yesterday night, I received some more records from DOJ's Office of Information Policy.

      I believe Mr. Hardy's declaration is evasive, and I intend to ask the Court to permit limited discovery regarding the FBI's search for records. Paragraph 14 of Mr. Hardy's declaration, for example, indicates that the indexing system is quite arbitrary:

> *FBI Special Agents ("SA") and/or designated support personnel may index information in the CRS by individual (persons), by organization (organizational entities, places, and things), and by event (e.g., a terrorist attack or bank robbery. Indexing information in the CRS is based on operational necessity, and the FBI indexes that information considered relevant and necessary for future retrieval. Accordingly, the FBI does not index every individual name or subject matter in the general indices.*

This comports with the FBI's history of limiting or refusing to conduct searches for responsive records. *See, e.g., Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253 (D.D.C. 2016).  Paragraph 24, meanwhile, indicates that the FBI is flatly refusing to search emails. This contrasts with other cases wherein the FBI acknowledged that an index search was inadequate and, therefore, it conducted a targeted search. *See, e.g., Elec. Privacy Info. Ctr. v. Fed. Bureau of Investigation*, 235 F. Supp. 3d 207, 212 (D.D.C. 2017).

      In this case, targeted searches are essential. The government's letter to the Court claims that its search would have uncovered any records held by the CART division, but Mr. Hardy's declaration makes no reference to CART records or whether FOIA personnel

contacted that division as they did the Washington Field Office. As the Court will recall, I requested the declaration primarily because I wanted someone to make these representations under oath. As things stand, Mr. Hardy has not stated under oath whether / how CART records would be covered by an index search.  Had the October 3, 2018 declaration (or an earlier draft) been shared with me before yesterday, I could have pointed this out sooner.

I have attached an August 11, 2016 email from Beth Wilkinson to FBI General Counsel James A. Baker that I obtained in response to another Freedom of Information Act request. As the Court can see from excerpted paragraph in that email, the FBI took custody of emails from former government employees, yet its general counsel tried to structure an agreement so that the emails would be protected from FOIA requests. I want to determine whether the FBI did something similar with MPD, *i.e.*, whether the CART division assisted MPD in gaining access to Seth Rich's electronic devices, yet purported to shield the recovered files by claiming that it never had possession of them for purposes of FOIA.

I have also attached a September 27, 2018 email to Ms. Mahoney wherein I relayed information obtained by one of my investigators, namely that Special Counsel Robert Mueller had subpoenaed certain financial records related to Seth Rich and his brother, Aaron Rich. Thus far I have not received a response to that email, either formally or informally.

Finally, it seems implausible that the FBI would have offered assistance to the Metropolitan Police Department and that MPD would have declined that offer, yet there is absolutely no record of such events. Given the contents of Paragraph 14 and 24, it seems that any communications between the agencies likely were not "indexed" and therefore do not appear in any searches. Accordingly, a targeted search covering emails is necessary.

I will address these issues further at the October 11, 2018 hearing. Thank you for your consideration.

Respectfully,

Ty Clevenger

cc:     Kathleen Mahoney, Asst. U.S. Attorney

**Baker, James A. (OGC) (FBI)**

| | |
|---|---|
| **From:** | Baker, James A. (OGC) (FBI) |
| **Sent:** | Tuesday, August 16, 2016 6:29 PM |
| **To:** | Beth Wilkinson |
| **Cc:** | Toscas, George (NSD) (JMD); Laufman, David (NSD) (JMD); ⬛⬛⬛⬛ (NSD) (JMD); ⬛⬛⬛⬛ (NSD) (JMD); Anderson, Trisha B. (OGC) (FBI) |
| **Subject:** | RE: Following up |

b6
b7C

Beth,

I just wanted to update you that we are working on a response to your request and will get back to you as soon as possible.

Thanks,

Jim

---

**From:** Beth Wilkinson [mailto:bwilkinson@wilkinsonwalsh.com]
**Sent:** Thursday, August 11, 2016 11:34 AM
**To:** Baker, James A. (OGC) (FBI)
**Subject:** Following up

Jim:

When we spoke several weeks ago, I asked you to return my clients' computers now that the FBI has closed its investigation.   I have not heard back from you and I ask that you contact me at your earliest convenience.

As set forth in our letter agreements of June 10, 2016 and as the parties agreed:

The Device is being provided to the Federal Bureau of Investigation ("FBI") solely for the purposes of this Department of Justice investigation, and for the Department's use in connection with the investigation. In voluntarily providing the Device, Cheryl Mills does not relinquish ownership or control over the Device, except for the FBI's limited investigative use as specified by this agreement. The FBI does not assert custody and control over the Device or its contents for any other purpose, including any requests made pursuant to the Freedom of Information Act, 5 U.S.C. § 552.

Based on this agreement, there is no basis for the FBI to refuse to return my clients' property.    The Government explicitly agreed that the FBI would not assert custody and control of the devices in the face of Freedom of Information Act requests.

Finally, we understand that during the investigation, the FBI found no classified information on the computers.  Thus the return of the computers should not be delayed.

⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ so I ask that you call me sometime today or tomorrow.  I can be reached at ⬛⬛⬛⬛⬛⬛

b6
b7C

Subject:  Re: RE: Clevenger v. DOJ, et al., 18-CV-01568 (WFK) (LB)

From:  tyclevenger@yahoo.com
To:  Kathleen.Mahoney@usdoj.gov
Date:  Thursday, September 27, 2018, 1:34:07 PM EDT

Kathleen,

I was recently informed that Special Prosecutor Robert Mueller served subpoenas for
financial records pertaining to Aaron Rich, brother of Seth Rich. The special counsel
apparently was/is investigating whether Wikileaks made payment to Aaron in exchange
for Seth leaking Democratic National Committee emails to Wikileaks. Obviously, that
could be relevant to the motive for Seth Rich's murder. It might also explain Aaron's
statement in his lawsuit that he was working with "state and federal law enforcement
officials" as opposed to DC law enforcement alone.

Any such subpoenas almost certainly would have been served by the FBI agents
assigned to work for the special counsel. I would therefore like to know whether the FBI's
search for records included records related to the foregoing subpoenas. Thank you in
advance for your assistance.

Ty


On Monday, August 20, 2018, 12:54:49 PM EDT, Mahoney, Kathleen (USANYE) <Kathleen.Mahoney@usdoj.gov>
wrote:


In response to your inquiry, the FBI advised that its searches of ACS and Sentinel found no main or cross
reference records. They also reached out to the Washington, D.C. Field Office, which confirmed that D.C.
Police had declined the FBI's assistance. They did not reach out to CART since the FBI did not assist in
the investigation. However, if CART records existed, they would have been located through the ACS
and/or Sentinel searches.


Kathleen A. Mahoney

Assistant U.S. Attorney

Eastern District of New York

271-A Cadman Plaza East, 7th Floor

Brooklyn, New York   11201

(718) 254-6026