# Exhibit 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**TY CLEVENGER**,

      Plaintiff,

vs.

**U.S. DEPARTMENT OF JUSTICE,**
**FEDERAL BUREAU OF**
**INVESTIATION, and NATIONAL**
**SECURITY AGENCY,**

      Defendants

**Case No. 1:18-cv-1568-LB**

## PLAINTIFF'S MOTION TO ACCEPT SUPPLEMENTAL EVIDENCE and PLAINTIFF'S MOTION TO PERMIT DISCOVERY

NOW COMES the Plaintiff, Ty Clevenger, moving the Court to accept supplemental evidence in support the PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO ENJOIN COMPLIANCE OR PERMIT DISCOVERY (hereinafter "PLAINTIFF'S RESPONSE")(Doc. No. 32) and further moving the Court to permit discovery:

### Factual Background[1]

As the Court well knows, the Plaintiff's lawsuit originated in part from a Freedom of Information Act request that the Plaintiff filed with the FBI for information about Seth Rich. On October 1, 2019, after the PLAINTIFF'S RESPONSE was filed, the Plaintiff learned from a colleague that a former federal prosecutor had admitted that the FBI examined a computer belonging to Seth Rich. Specifically, the Plaintiff was made aware of an interview in Episode 5 of

---

[1]    As witnessed by his electronic signature on this document, Ty Clevenger declares under penalty of perjury under the laws of the United States that his factual representations in this document (including the transcript herein) are true and correct.

- 1 -

Case 1:18-cv-01368-LB   Document 44-7   Filed 10/08/19   Page 2 of 4 PageID #: 495

"Conspiracyland," a podcast produced by Michael Isikoff for *Yahoo!News*, wherein Mr. Isikoff

interviewed Deborah Sines, a former Assistant U.S. Attorney in Washington, D.C. who was

assigned to the Seth Rich case. A full copy of the interview can be found at

https://tunein.com/podcasts/News--Politics-Podcasts/Conspiracyland-p1231856/?

topicId=132591823. In Episode 5, Mr. Isikoff discusses a *Fox News* report that the FBI had

copies of communications between Seth Rich ad Wikileaks.

> Isikoff: "As soon as she heard the [*Fox News*] story, Sines reached out to the FBI."
>
> Sines: "Of course I did. Of course I did."
>
> Isikoff: "And what did they tell you?"
>
> Sines: "No."
>
> Isikoff: "No."
>
> Sines: "No. No connection between Seth and Wikileaks. And there was no evidence on his work computer of him downloading and disseminating things from the DNC."
>
> Isikoff: "As it turned out, there was one sliver of truth in the Fox story. **The FBI had been examining Seth's computer**, not for any ties to the DNC emails or Wikileaks, but because they saw unusual activity by a foreign hacker after his death."
>
> Sines: "There were allegations that someone, maybe more than one person, was trying to invade Seth's Gmail account and set up a separate account after Seth was murdered, and **the FBI was looking into that**. I presumed they were trying to create a fake Gmail account or get into Seth's Gmail account so they could dump false information in there."
>
> Isikoff: "So just to be clear, **the FBI** had only **investigated** an attempt to hack into Seth Rich's email when they saw activity after he died. When we contacted the Bureau's Washington Field Office, a spokesperson said it had never opened an investigation into the DNC staffer's death, pointing out that the FBI had no jurisdiction over local crimes. **Andrew McCabe**, the Bureau's acting director at the time, told us something else. He **had personally reached out to his agents** when he heard the Seth Rich conspiracy stories and was informed there was nothing to them. There was no 'there' there, McCabe said he was told." (emphasis added).

Case 1:18-cv-01368-LB   Document 44-7   Filed 10/08/19   Page 3 of 4 PageID #: 496

Transcript of Excerpt, *Conspiracyland*, Episode 5 (emphasis added). The Plaintiff personally

transcribed the foregoing excerpt, which begins at approximately the 13:24 mark and ends at

approximately the 15:54 mark.

**Argument**

To date, the FBI has maintained that it has no records pertaining to Seth Rich. If Ms.

Sines is telling the truth, however, then there should be no doubt that the FBI has records

pertaining to Mr. Rich. In fact, her statements strongly infer that the FBI has acted in bad faith by

refusing to search its Computer Analysis Response Team ("CART") for records, because the FBI

knows full well that the analysis of Mr. Rich's computer most likely would have been conducted

by CART. Likewise, its refusal to search email records in the Washington Field Office suggests

bad faith. It is hard to imagine that the acting director could inquire about Seth Rich and yet

nobody at any level of the FBI would have recorded that in an email or any other record.[2]

Given its obvious relevance, the Plaintiff moves the Court to consider the foregoing

evidence in support of the PLAINTIFF'S RESPONSE. The Plaintiff did not reference that evidence

sooner only because he was not aware of it. The Court will recall David M. Hardy's earlier

testimony that if CART had any records pertaining to Seth Rich, those records would have been

revealed by the FBI's Central Records System ("CRS"): "If responsive CRS records existed, they

would have been located through the FBI's CRS searches." *See* October 3, 2018 DECLARATION OF

DAVID M. HARDY (Doc. No. 16-1) 9, n.6.  If Ms. Sines's public statements were accurate, then

Mr. Hardy's testimony was not.  For that reason, the Plaintiff moves the Court to compel the FBI

to produce Mr. Hardy and the chief of CART as witnesses at an evidentiary hearing. In the

---

[2]  If emails, communications or reports referring to Seth Rich were filed under Aaron Rich
   because Aaron, as his brother's executor, had physical custody of Seth's computer, it would
   demonstrate further bad faith on the part of the FBI to hide behind such a formality.

- 3 -

alternative, the Plaintiff moves the Court to grant him permission to depose Mr. Hardy and the

chief of CART.  The Plaintiff further moves the Court to grant him permission to depose Ms.

Sines.[3]

<u>Conclusion</u>

The public statements of Ms. Sines and Mr. Isikoff should be considered as evidence in

support of the PLAINTIFF'S RESPONSE. Furthermore, the Court should permit the Plaintiff to depose

Ms. Sines. Finally, the Court should schedule an evidentiary hearing and compel the attendance

of Mr. Hardy and the CART chief as witnesses. In the alternative, the Court should permit the

Plaintiff to depose Mr. Hardy and the CART chief.

Respectfully submitted,

**/s/ Ty Clevenger**
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

PLAINTIFF PRO SE

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2019, I filed this document with the Court's ECF system, which should result in automatic notification to Kathleen A. Mahoney, counsel for the Defendants, at kathleen.mahoney@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger

---

[3]  The Plaintiff inquired by email yesterday about whether the Defendants intended to oppose this motion, but thus far the Defendants have not taken a position.