IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**,<br><br>     Plaintiff,<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**<br><br>     Defendant | Case No. 4:20-cv-447-ALM |

### PLAINTIFF'S SURREPLY IN OPPOSITION TO MOTION TO STAY

NOW COMES Brian Huddleston, the Plaintiff, surreplying in opposition to the Defendants' Motion to Stay Scheduling Order Deadlines (Doc. No. 10) as follows:

### Argument

After receiving the Defendants' reply, the undersigned forwarded it by email to the Plaintiff, Mr. Huddleston, who works for an IT company. He responded as follows:

> Can I use this argument the next time I'm asked to produce files requested by the opposing party in discovery? I've never had our corporate attorneys ask me to create an excuse.  By the time I pulled the data and organized a report on my workload, I could have found the records.

That summarizes the problem perfectly. The Defendants claim that they "have proposed a reasonable schedule in good faith to provide any responsive, nonexempt records in response to Plaintiff's pending FOIA requests," Defendant's Reply to Plaintiff's

- 1 -

Opposition to Motion to Stay (hereinafter "Defendant's Reply")(Doc. No. 12)[1], but in reality they have proposed no schedule at all. They have instead asked this Court to stay the case for three months, after which they propose to propose a schedule for production.

Generally, the Defendant's Reply does not respond to the issues raised by the Plaintiff. In the Defendants' Second Declaration of Michael G. Seidel (Doc. No. 12-1), Mr. Seidel acknowledges that the FBI downloaded a mirror image of Seth Rich's laptop hard drive, which means there is almost certainly a report about its contents (or the contents of his work computer hard drive), just like Sy Hersh indicated. Why does the FBI need three months not just to produce such a report, but to decide how long it will take to produce such a report? If the FBI has the laptop and its contents, that means the FBI almost certainly obtained a warrant. Why does the FBI need three months to decide how much time it will need to produce the warrant or the affidavit in support of the warrant?

The FBI's request for more time to decide how much time it needs is unreasonable. The Plaintiff proposed an extension of time for production, but the FBI did not counter, ergo the Court should adopt the schedule proposed by the Plaintiff.  The FBI should be directed to provide any reports about Seth Rich (his laptop, Wikileaks, etc.) within seven days of the Court's order.  Thereafter, a rolling production should begin on January 29, 2020 and end on March 31, 2020.

---

[1] The undersigned apologizes to the Court for failing to mail a hard copy of the response at the time of the filing. A hard copy was sent via Priority Mail on January 6, 2021 (USPS Tracking No. 9505 5065 6271 1006 4383 02).

## Conclusion

The FBI's request for a stay is unreasonable and should be denied. The Plaintiff agrees that the FBI should be granted additional time for production, but the amount of time can and should be determined now. The Plaintiff therefore moves the Court to adopt the schedule proposed above.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

## Certificate of Service

On January 7, 2021, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger