IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**,<br><br>    Plaintiff,<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**<br><br>    Defendant | Case No. 4:20-cv-447-ALM |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO PROPOSED SCHEDULING ORDER**

NOW COMES Brian Huddleston, the Plaintiff, responding in opposition to the Defendants' Response to Plaintiff's Sur-Reply in Opposition to Motion to Stay ("Defendants' Response")(Doc. No. 15) as follows:

**Background**

Before responding to the FBI's newly-proposed production schedule, the Plaintiff should comment on some important revelations in the FBI's most recent filings with the Court. First, however, the Plaintiff will provide some important background information that is relevant to his request for records about murdered Democratic National Committee employee Seth Rich. In the March 2019 Report On The Investigation Into Russian Interference In The 2016 Presidential Election by Special Counsel Robert S. Mueller III

- 1 -

(hereinafter "Mueller Report")( https://www.justice.gov/storage/report.pdf), Mr. Mueller confidently declared that Seth Rich played no part in leaking Democratic National Committee emails to Wikileaks. *See* Mueller Report, Vol. 1, pp. 48-59. Mr. Mueller further claimed that Russian agents were solely responsible for hacking into DNC computers and stealing data. *Id*. The Court may recall, however, that notwithstanding Mr. Mueller's certitude of a Russian hack, the FBI had never examined the DNC computers that were purportedly hacked by the Russians, *see, e.g.*, Lily Hay Newman, "FBI Says the Democratic Party Wouldn't Let Agents See the Hacked Email Servers," January 5, 2017 *Wired* (https://www.wired.com/2017/01/fbi-says-democratic-party-wouldnt-let-agents-see-hacked-email-servers/). Instead, the FBI relied on an analysis performed by CrowdStrike, a private company. *Id*.

On May 7, 2020, the House Intelligence Committee released a transcript of the December 15, 2017 testimony of Crowdstrike CEO Shawn Henry. *See* Molly Finnegan, "READ: Newly released Russia probe transcripts from the House Intelligence Committee," May 7, 2020 PBS (https://www.pbs.org/newshour/politics/read-newly-released-russia-probe-transcripts-from-the-house-intelligence-committee). In that transcript, Mr. Henry testified that his firm found no "concrete evidence" that data was "exfiltrated" (*i.e.*, hacked) from the DNC, whether by Russians or anyone else. *See* Transcript of December 5, 2017 Testimony of Shawn Henry (https://intelligence.house.gov/uploadedfiles/sh21.pdf) p. 32.

Although Mr. Mueller presumably had access to Mr. Henry's testimony (or to Mr. Henry himself) as of late 2017, he omitted that information from the report that he submitted fifteen months later. In other words, it appears that Mr. Mueller and his team deliberately excluded evidence that might undermine their "Russian hacking" narrative. One would never know from reading Mr. Mueller's report that not only had the FBI relied solely on the technical analysis of a private company, but that private company had not found any "concrete evidence" of hacking.

With that in mind, the Court should consider the FBI's most recent revelations about the way it handled Seth Rich's laptop. In the Defendants' Response, they declared that the FBI never produced any reports about the contents of his laptop. Furthermore, the December 16, 2020 Defendants' Motion to Stay Scheduling Order Deadlines (Doc. No. 10) included the following excerpt:

> FBI is also currently working on getting the files from Seth Rich's personal laptop into a format to be reviewed. There are thousands of files of many types. The goal right now is to describe, generally, the types of files/personal information contained in this computer. Furthermore, the FBI will continue to evaluate the responsiveness of these files under the FOIA.

Defendants' Motion to Stay, pp. 2-3. Taken together, this can only mean one thing: the FBI never looked at the contents of Mr. Rich's laptop until after the Plaintiff filed this lawsuit. In other words, Mr. Mueller and his team never examined Seth Rich's computer before declaring confidently that he was not the source of the DNC emails. Likewise, Mr. Mueller and his team never examined the DNC's servers before declaring that Russians were responsible for "hacking" those servers. Finally, and as noted above, Mr. Mueller

and his team omitted the fact that CrowdStrike found no "concrete evidence" of hacking by Russians or anyone else.

### Argument

The government has argued that evidence of the FBI's bad faith is irrelevant to its request for more time. In reality, the FBI's bad faith is acutely relevant. Given the facts described above, it appears that the FBI is trying to delay additional embarrassing revelations for as long as possible. As of January 14, 2021, the FBI has belatedly proposed a production schedule of 250 pages per month, perhaps increasing to 500 pages per month. *See* Defendants' Response. That proposal is not reasonable. According to the Defendants' motion to stay (Doc. No. 10), the FBI has located 20,000 responsive pages thus far. At 250 pages per month, production would be completed in six years and eight months. At 500 pages per month, production would be completed in three years and four months. In contrast, a single reviewing attorney or paralegal in the private sector can produce several hundred pages *per day*.

The FBI has offered to expedite production of a "302 form" about Mr. Rich's computer, and the Plaintiff welcomes that, but the Plaintiff did not limit his request to reports about Mr. Rich's computer. Instead, the Plaintiff requested that the Court expedite production of any "FBI report about communications between Seth Rich and Wikileaks." *See* Plaintiff's Response in Opposition to Motion to Stay (Doc. No. 11) p. 7. We now know that the report described by Sy Hersh, *id*. at 6, could not have been based on Mr.

Rich's personal laptop, because the FBI ignored the laptop until this lawsuit was filed.[1] Nonetheless, the FBI could have compiled such a report based on an examination of Mr. Mr. Rich's work laptop (which according to Mr. Hersh was analyzed shortly after Mr. Rich's death and must therefore have been in the FBI's possession long before the personal laptop was reviewed), based on communications intercepted by the National Security Agency, based on witness interviews, etc.  Accordingly, <u>any and all</u> reports referencing Mr. Rich should be produced within seven days of the Court's order.

In the Plaintiff's response in opposition to the motion to stay (Doc. No. 11) and his surreply (Doc. No. 13), he detailed the FBI's history of "hiding the ball" where Seth Rich is concerned. First the FBI played dumb, claiming that no records existed. After getting backed into a corner, the FBI was forced to admit that the records exist, but now it asks the Court to string out production past the 2022 Congressional elections and possibly past the next Presidential election. Enough is enough. The FBI should be ordered to produce all responsive records without further delay.

---

[1] It's difficult to imagine why the FBI, which is purportedly the world's premier law enforcement agency, would take custody of evidence that is relevant to a murder and then never examine the evidence.

## Conclusion

The FBI's proposed schedule is unreasonable and should be rejected in favor of the schedule proposed by the Plaintiff.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for Plaintiff Brian Huddleston**

## Certificate of Service

On January 20, 2021, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger