# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| | § | Civil Action No.  4:20-cv-447 |
| v. | § | Judge Mazzant |
| | § | |
| FEDERAL BUREAU OF INVESTIGATION | § | |
| and UNITED STATES DEPARTMENT OF | § | |
| JUSTICE. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants' Motion to Stay Scheduling Order Deadlines (Dkt. #10).  After reviewing the Motion and the relevant pleadings, the Court finds the Motion should be granted in part and denied in part.

## BACKGROUND

This case arises out of Plaintiff Brian Huddleston's FOIA requests against Defendants the Federal Bureau of Investigation ("FBI") and the Department of Justice ("DOJ") (Dkt. #1), which are pending before Defendants now (Dkt. #3, Exhibits 1–3).  On October 22, 2020, the Court entered a scheduling order (Dkt. #9).

On December 16, 2020, Defendants filed their Motion to Stay Scheduling Order Deadlines (Dkt. #10), currently before the Court.  On December 30, 2020, Plaintiff filed his response (Dkt. #11).  On January 6, 2021, Defendants filed their reply (Dkt. #12).  On January 7, 2021, Plaintiff filed his first sur-reply (Dkt. #13).  On January 14, 2021, Defendants filed a sur-reply (Dkt. #15).  And on January 20, 2021, Plaintiff filed his second sur-reply (Dkt. #18).

**LEGAL STANDARD**

The authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).   Because stays are "an 'intrusion into the ordinary processes of administration and judicial review,'" *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quoting *Va. Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958) (per curiam)), they are "not a matter of right, even if irreparable injury might otherwise result," *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926).  Instead, stays are "an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'"  *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (per curiam) (quoting *Nken*, 556 U.S. at 433–34); *see Exner v. FBI*, 542 F.2d 1121, 1123 (9th Cir. 1976) (explaining that the responding agency bears the burden to demonstrate its due diligence in fulfilling its FOIA-related obligations).

The decision to stay proceedings is "left to the sound discretion of the district court, and it is the district court's responsibility to weigh the competing interests of the parties relating to the appropriateness of a stay."  *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 853 (N.D. Tex. 2005) (citing *Landis*, 299 U.S. at 254–55).  Since "FOIA imposes no limits on courts' equitable powers in enforcing its terms," deciding whether to grant a stay is unaffected by FOIA.  *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19–20 (1974)).

**ANALYSIS**

Under FOIA, once the responding agency receives a records request, it must, among other things,

determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor.

5 U.S.C. § 552(a)(6)(A)(i)(I).   "[R]equesting parties constructively exhaust their available administrative remedies with respect to their request if the responding agency fails to comply with the statutory deadlines." *Moore v. ICE*, No. EP-19-CV-00279-DCG, 2021 WL 107214, at *2 (W.D. Tex. Jan. 12, 2021) (citing 5 U.S.C. § 552(a)(6)(C)(i)).  But "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request," courts "may retain jurisdiction and allow the agency additional time to complete its review of the records."  5 U.S.C. § 552(a)(6)(C)(i); *see Daily Caller News Found. v. FBI*, 387 F. Supp. 3d 112, 115–16 (D.D.C. 2019).

Even though Defendants do not invoke § 552(a)(6)(C)(i)'s exceptional-circumstances exception in the Motion or subsequent pleadings, it appears to be the argument Defendants effectively offer here.  Their rationale breaks down into two parts: there are a lot of documents to review (Dkt. #10 at pp. 2–3; Dkt. #12 at p. 3; Dkt. #15 at p. 2), and FOIA-response resources have lessened due to the COVID-19 pandemic (Dkt. #10 at pp. 3–4; Dkt. #12 at p. 2; Dkt. #15 at p. 2).

The latter of these arguments is entirely understandable.  The COVID-19 pandemic has severely disrupted the normal functioning of government, and processing FOIA requests is no exception.  *See* OFF. OF INFO. POL'Y, U.S. DEP'T OF JUST., *Guidance for Agency FOIA Administration in Light of COVID-19 Impacts*, https://www.justice.gov/oip/guidance-agency-foia-administration-light-covid-19-impacts (last updated May 28, 2020).  If the COVID-19 crisis is not an "exceptional circumstance" under § 552(a)(6)(C)(i), the Court is unsure when the exception would ever apply.

Notwithstanding, the problem with the Motion Defendants advance is the due-diligence element required by FOIA.  5 U.S.C. § 552(a)(6)(C)(i) ("If the Government can show exceptional circumstances exist and that *the agency is exercising due diligence in responding to the request . . . .*" (emphasis added)).  For one thing, Defendants' requested relief is too pliable for the Court's comfort.  The Motion initially requests "an additional three months to complete the tasks" described therein, at which time Defendants plan to provide the Court with "an updated search status" and proposed "production schedule" (Dkt. #10 at p. 4).  In their reply, Defendants reaffirm that their request is "reasonable" and "in good faith" (Dkt. #12 at p. 1).  Only in their sur-reply do Defendants—for the first time—begin to outline what a production schedule *might* look like (*see* Dkt. #15 at p. 2).  Even in these extraordinary times, the degree of malleability Defendants propose for the proceedings is unreasonable.  FOIA "represents a strong Congressional commitment to transparency in government through the disclosure of government information." *Judicial Watch, Inc. v. Soc. Sec. Admin.*, 799 F. Supp. 2d 91, 93 (D.D.C. 2011), *aff'd*, 701 F.3d 379 (D.C. Cir. 2012).  The shapeless nature of the relief Defendants seek is anything but transparent.

As well, the rate at which Defendants intend to process and produce documents is murky at best.  The FBI has identified "over 20,000 pages" potentially within the scope of Plaintiff's requests (Dlt. #10 at p. 2).  The DOJ "is continuing to review" its search results, and to this point, has "similarly located tens of thousands of pages" possibly within the purview of Plaintiff's requests (Dkt. #10 at p. 3).  Defendants state they still need to review these documents "to determine responsiveness and, as to the responsive material, to make release determinations in accordance with applicable exemptions" (Dkt. #12 at p. 3).

The Court recognizes the "unprecedented workload" Defendants face on this front given current global circumstances (Dkt. #12 at p. 3).  But the proposed processing rate is impermissible.

Given the information currently before the Court, processing 250 pages per month during this reduced-staffing period and 500 pages per month when staffing returns to normal would be an unreasonable delay.  As Plaintiff indicates, this rate would mean that at best, producing just the FBI materials would take three years and fourth months, and at worst, nearly seven years (Dkt. #18 at p. 4).[1]  *See, e.g.*, *Hayden v. DOJ*, 413 F. Supp. 1285, 1289 (D.D.C. 1976) (explaining that when Congress created FOIA's due-diligence requirement, it did not intend for production to take years).  Further, this timeline is only for the FBI's processing and production—the information the Court currently has does not relate where the DOJ is in its process.  All that is provided in this regard is that the average time it takes the DOJ to work through requests of this nature is "about 10 months" (Dkt. #10 at p. 3).

FOIA sets out temporal guidelines for its procedures to ensure expeditious processing and production of information under the statutory scheme.  *Wash. Post v. DHS*, 459 F. Supp. 2d 61, 74 (D.D.C. 2006) ("FOIA was created to foster public awareness, and failure to process FOIA requests in a timely fashion is 'tantamount to denial.'" (quoting H.R. REP. NO. 93-876, at 6 (1974)).  The vague and dragged-out timeline Defendants suggest cannot be sustained without a greater showing of exceptional circumstances because "stale information" produced pursuant to FOIA requests "is of little value."  *Payne Enters., Inc.*, 837 F.2d at 486.  Granting the relief Defendants seek would thwart FOIA's "basic purpose" of "open[ing] agency action to the light of public scrutiny."  *Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976) (internal quotation marks omitted).

To be sure, were Defendants to (1) explain the exceptional circumstances associated with the handling of Huddleston's FOIA requests more precisely, and (2) present a less amorphous processing and production schedule, the Court would be open to considering a reasonable delay of

---

[1] While Plaintiff's argument regarding timeliness is well taken (Dkt. #13 at pp. 1–2; Dkt. #18 at p. 4), the Court agrees with Defendants that comparisons to document production by private entities is inapt (Dkt. #15 at p. 1).

the proceedings.  But given the Motion and relevant pleadings, the Court does not find the exceptional-circumstances FOIA exception applicable and utilizes its inherent authority to extend the scheduling order deadlines for an appropriate length of time.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Stay Scheduling Order Deadlines (Dkt. #10) is hereby **GRANTED in part** and **DENIED in part**.  It is **FURTHER ORDERED** the Scheduling Order in this case is amended as follows:

| | |
|---|---|
| April 23, 2021 | Deadline for Defendants' Complete Production of Documents and *Vaughn* Index |
| May 24, 2021 | Defendants' Motion for Summary Judgment |
| June 23, 2021 | Plaintiff's Opposition and Cross-Motion for Summary Judgment |
| July 7, 2021 | Defendants' Reply and Opposition |
| July 21, 2021 | Plaintiff's Reply |

**IT IS SO ORDERED.**

 **SIGNED this 1st day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE