IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. 4:20CV447 |
| v. | § | |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' SECOND MOTION TO STAY SCHEDULING ORDER DEADLINES

Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") file this Second Motion to Stay Scheduling Order Deadlines by way of adopting the following processing schedule. With regard to the FBI, Defendants respectfully request that the Court order the FBI to process potentially responsive records at a rate of approximately 500 pages per month ("ppm"), with the first response due April 23, 2021, and remaining responses due on the 24th day of each subsequent month, consistent with the FBI's Freedom of Information Act ("FOIA") policy because that pace properly balances Plaintiff's individual needs against the FBI's obligations to all FOIA requesters.

## I.    INTRODUCTION

This Court has stated that it would be open to considering a reasonable delay of the proceedings if Defendants were to (1) explain the exceptional circumstances associated

with the handling of Huddleston's FOIA requests more precisely, and (2) present a less amorphous processing and production schedule. [ECF No. 20].  Defendants believe the following status update and proposed processing schedule address the Court's concerns.

## II.  STATUS OF REQUESTS

Since Defendants' previous motion to stay, filed December 16, 2020, the FBI has diligently reviewed over 20,000 pages that were initially located and identified by the FBI as potentially within the scope of Plaintiff's request, and OIP[1] has also reviewed tens of thousands of pages that were initially located and identified by OIP as potentially within the scope of Plaintiff's request. The FBI and OIP have shared equities in a substantial portion of the potentially responsive materials located by OIP. In total, the FBI and OIP have currently identified approximately 1,563 pages of potentially responsive records for further processing by the FBI.[2] Portions of the potentially responsive records implicate the equities of other entities and, therefore, required consultation with other DOJ components and other federal government agencies. While working through these administrative requirements, and with the FBI's FOIA office working with only 50% staffing due to the COVID-19 pandemic,[3] the FBI began processing these approximately 1,563 pages in preparation for potential release to Plaintiff or return to OIP following consultation. The FBI will have processed approximately 500 pages for potential release by April 23, 2021.

---

[1] DOJ's Office of Information Policy ("OIP") is responsible for processing FOIA requests seeking certain records within the Special Counsel's Office.
[2] The current approximate page count does not include potential pages responsive to Items 1 and 2 of Plaintiff's June 1, 2020, request letter. The FBI is seeking to clarify the scope of these requests with Plaintiff.  As to OIP, OIP has completed review of its search results and does not anticipate identifying additional potentially responsive pages.
[3] *See* Declaration of Mike Seidel [ECF No. 10, Exhibit A].

Earlier today, April 8, 2021, OIP issued a response to Plaintiff accounting for materials for which no further consultation was required.

## III.    PROPOSED PROCESSING SCHEDULE

The FBI requests to process approximately 500 pages and make an interim release of any responsive, nonexempt portions thereof on April 23, 2021, and to thereafter process approximately 500 ppm, releasing any responsive, nonexempt portions thereof on the 24th day of each subsequent month, until processing has been completed. Portions of these 500 page batches may be returned to OIP in order for OIP to issue a response to Plaintiff upon completion of OIP's consultation process. OIP would complete its consultation process and issue such a response within two weeks of the pages being returned to OIP by the FBI.

## IV.    ARGUMENT & AUTHORITIES

To balance its obligations to each individual requester against the increasing cumulative demands on the office as a whole, the FBI has developed a policy of reviewing and processing FOIA requests at a rate of 500 ppm. *White v. Exec. Office of US Attorneys*, No. 18-CV-841-RJD, 2020 WL 1272382, at *26 (S.D. Ill. Mar. 17, 2020). The FBI adheres to the 500 ppm policy because it promotes efficiency and allows the FBI to maintain proper information security while also processing multiple complex requests simultaneously and meeting litigation demands. *Id.* Recognizing the overwhelming number of FOIA requests received by the FBI, the limited number of resources available to the FBI to respond, and the imperative to balance the needs of all FOIA requesters, courts have routinely held that

the FBI's 500 ppm pace is not unreasonable and, in fact, best promotes efficient responses to increasing number of requesters.[4]

In all of these cases, the courts "defer[red] to the agency about its records release policies" and "refus[ed] to order FBI to adjust its standard processing rate of [500 ppm]." *White v. Dep't of Justice*, No. 16-CV-948-JPG, 2020 WL 2542953, at *22 (S.D. Ill. May 19, 2020). Courts have approved years-long production schedules at the standard rate. *See Freedom Watch v. Bureau of Land Mgmt.*, 325 F. Supp. 3d 139, 142 (D.D.C. 2018) (approving 500 ppm production despite the fact that processing would take approximately 500 months); *White*, 2020 WL 1272382, at *28 (FBI's rate of 500 ppm was reasonable despite fact that production would take "more than nine years" to complete). The present case—with an anticipated 1,563 pages to process in batches of 500 pages—should require a dramatically shorter timeframe.

In light of the foregoing, the FBI requests to process approximately 500 pages and make an interim release of any responsive, nonexempt portions thereof on April 23, 2021,

---

[4] *See White v. Dep't of Justice*, No. 16-CV-948-JPG, 2020 WL 2542953, (S.D. Ill. May 19, 2020); *White v. Exec. Office of US Attorneys*, No. 18-CV-841-RJD, 2020 WL 1272382, at *28 (S.D. Ill. Mar. 17, 2020); *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 410 F. Supp. 3d 216, 218 (D.D.C. 2019); *Daily Caller News Found. v. Fed. Bureau of Investigation*, 387 F. Supp. 3d 112, 121 (D.D.C. 2019); *Nat'l Sec. Counselors v. U.S. Dep't of Justice*, 848 F.3d 467, 471-72 (D.C. Cir. 2017); *Freedom Watch v. Bureau of Land Mgmt.*, 325 F. Supp. 3d 139, 142 (D.D.C. 2018); *Colbert v. Fed. Bureau of Investigation*, No. 16-CV-1790 (DLF), 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018); *Negley v. U.S. Dep't of Justice*, 305 F. Supp. 3d 36, 46 (D.D.C. 2018), aff'd sub nom; *Negley v. United States Dep't of Justice*, No. 18-5133, 2018 WL 4148608 (D.C. Cir. Aug. 14, 2018); *Middle E. Forum v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 185 (D.D.C. 2018); *Blakeney v. Fed. Bureau of Investigation*, No. 17-CV-2288 (BAH), 2019 WL 450678, at *8 (D.D.C. Feb. 5, 2019).

and to thereafter process approximately 500 ppm, releasing any responsive, nonexempt portions thereof on the 24th day of each subsequent month, until processing has been completed. Based on this schedule, Defendants propose the following amendment to the current Scheduling Order:

| | |
|---|---|
| April 23, 2021 | First Production |
| May 24, 2021 | Second Production |
| June 24, 2021 | Third Production |
| July 24, 2021 | Final Production |

Upon completion of processing and production, Defendants propose that the parties confer to determine if briefing is necessary and if so, will propose a briefing schedule to the Court at that time.

## V.    CONCLUSION

Defendants request that this Court grant its Second Motion to Stay Scheduling Order Deadlines to allow Defendants adequate time to complete the processing of the three pending FOIA requests.

Respectfully submitted,

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY
*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin St. Suite 1250

Beaumont, Texas   77701-2237
Tel:  (409) 839-2538
Fax: (409) 839-2643
Email:  andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2021, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*_____
ANDREA L. PARKER
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule CV-7(h), undersigned counsel hereby certifies that, I have conferred with plaintiff's counsel and he opposes this motion.

*/s/ Andrea L. Parker*_____
ANDREA L. PARKER
Assistant United States Attorney