IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**,<br><br>    Plaintiff,<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**<br><br>    Defendant | Case No. 4:20-cv-447-ALM |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY

NOW COMES Brian Huddleston, the Plaintiff, responding in opposition to the Defendants' Second Motion to Stay Scheduling Order Deadlines (hereinafter "Motion") (Doc. No. 21) as follows:

As an initial matter, the Plaintiff must ask what has changed since the Defendants filed their first motion to stay (Doc. No. 10) on December 16, 2020. The Defendants have not attached a declaration explaining why they are unable to comply with the Court's February 1, 2021 Order (Doc. No. 20), and no such information appears in the Motion itself. Instead, the Defendants cite a case from another district wherein the court held that FBI could process documents at its normal rate of 500 pages per month. Motion 3, citing *White v. Executive Office of US Attorneys*, 444 F. Supp. 3d 930, 944 (S.D. Ill. 2020),

- 1 -

reconsideration denied, 18-CV-841-RJD, 2020 WL 8880942 (S.D. Ill. Apr. 23, 2020) and aff'd sub nom. *White v. Fed. Bureau of Investigation*, 20-1798, 2021 WL 1118087 (7th Cir. Mar. 24, 2021). It is worthwhile to take a closer look at that case:

> While the Court recognizes a more robust schedule would be appropriate under certain circumstances, in this case, the FBI's processing rate of 500 documents per month is reasonable. Plaintiff's own FOIA requests are exemplary of the strain placed on the FBI's resources. According to the FBI's classification system for FOIA requests, *Plaintiff's requests for just ten subjects in this case amount to over 55,000 pages of potentially responsive records in closed files. That number does not include the voluminous requests that are the subject of Plaintiff's other pending FOIA cases.* Plaintiff has failed to show the subject of his request warrants expedited treatment. Given the large volume and complexity of responding to Plaintiff's request, releasing documents at the rate of 500 pages per month balances the need for transparency in government with the allocation of the FBI's limited resources.

*Id*. (emphasis added). Obviously, the facts of *White* are very different from the facts of this case. Whereas the plaintiff in *White* sought information "regarding 57 subjects… set forth in six letters," *id*. at 939, the Plaintiff's requests focus primarily on records about Seth Rich and his brother, Aaron. The Rich brothers have been the subject of significant media coverage since 2016, and the FBI has obstructed previous FOIA requests for information about the Rich brothers. The Plaintiff urges the Court to re-read his opposition (Doc. No. 11) to the Defendants' first motion for a stay. As set forth therein, the FBI has acted in utmost bad faith and has perpetrated a fraud on two federal courts since 2018, all in an effort to conceal the records that it is now obligated to produce.

Admittedly, Plaintiff's Counsel has a hard time understanding why the government can only produce 500 pages per month in response to a court order. Other than 14 months in the Justice Department's Civil Rights Division, Plaintiff's Counsel has

spent his career in the private sector, where paralegals and associates routinely process 500 pages or more per day. If the government can only produce 500 pages by April 23, 2021, it should be afforded no more than two weeks to produce the remaining 1,063 pages.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

**Certificate of Service**

    I certify that a copy of this document was filed with the Court's ECF system on April 13, 2021, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, counsel for the Defendants.

**/s/ Ty Clevenger**
Ty Clevenger