IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION No. 4:20CV447 |
| v. § | |
| § | |
| FEDERAL BUREAU OF § | |
| INVESTIGATION and UNITED § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, § | |
| § | |
| Defendants. § | |

## DEFENDANTS' REPLY TO
## PLAINTIFF'S OPPOSITION IN RESPONSE TO SECOND MOTION TO STAY

Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") file this Reply to Plaintiff's Opposition in Response to Defendants' Second Motion to Stay Scheduling Order Deadlines. [ECF No. 22].

### I.   INTRODUCTION

Defendants have made significant progress in the processing of the three pending FOIA requests and have reduced the proposed schedule to provide responsive, nonexempt records to approximately four months, in accordance with established case law setting forth normal processing rates for the FBI.[1] In response, Plaintiff objects to the case law cited by Defendants but provides no legal support for his proposed processing rate. Instead, he

---

[1] As noted in Defendants' Second Motion to Stay, dated April 8, 2021, this processing estimate does not include potential pages responsive to Items 1 and 2 of Plaintiff's June 1, 2020, request letter. Since filing the April 8th motion, Defendants have sought and received clarification from Plaintiff to narrow the scope of the request. Should the FBI determine that additional processing time is required beyond July 24, 2021, for records responsive to Items 1 and 2, Defendants will file an appropriate motion as soon as practicable.

simply compares the FBI's rate of processing to the private sector and finds the FBI's rate to be unreasonable.

## II. ARGUMENT

To provide additional factual context in support of Defendants' Second Motion to Stay, the FBI's Record/Information Dissemination Section ("RIDS") provides the attached declaration for the Court's consideration. *See* Exhibit A, Third Declaration of Michael G. Seidel. As described in the declaration, several factors combined to complicate the FBI's processing of this case and render final production by April 23, 2021, impracticable.

First, the FBI's processing of this case was significantly impacted by a reduced staff at RIDS due to the COVID-19 pandemic. *See id.* at 2. Second, a referral of records from the Office of Information Policy resulted in RIDS performing an additional search and ultimately locating new, potentially responsive records which require processing. *See id.* at 3. Third, the FBI recently determined that its initial 5 U.S.C. § 552(b)(6), (b)(7)(C) and (b)(7)(E) "Glomar" response provided to Plaintiff in response to his June 1, 2020 request for records from the FBI's "CrossFire Hurricane" investigation has been partially pierced, such that additional searches for potentially responsive records are required. *See id.*

Despite these complications, the FBI will be able to process 500 pages of potentially responsive records and release any non-exempt portions to Plaintiff on April 23, 2021, and continue processing remaining records at that rate until completion. The explanation behind the FBI's standard business practice of processing 500 pages per month for each of its numerous FOIPA requesters is laid out in detail in the attached declaration. *See id.* at 6–7. Plaintiff attempts to distinguish *White v. Fed. Bureau of Investigation*, 20-1798, 2021

WL 1118087 (7th Cir. Mar. 24, 2021), but fails to note the numerous other federal cases cited in Defendants' Second Motion to Stay, which, taken collectively, acknowledge the broad acceptance within the federal court system of the FBI's processing rationale.

Finally, Plaintiff's appeal to allegedly faster discovery processing rates in the private sector misses the mark when compared to the complexities of FOIPA requests reviewed by RIDS, which regularly implicate national security equities and require multiple layers of line-by-line review, including review by classification experts. *See id.* at 7-9.

### III.   CONCLUSION

Defendants request that this Court grant its Second Motion to Stay Scheduling Order Deadlines to allow Defendants adequate time to complete the processing of the three pending FOIA requests.

Respectfully submitted,

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY
*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin St., Suite 1250
Beaumont, Texas   77701-2237
Tel:  (409) 839-2538
Fax: (409) 839-2643
Email:  andrea.parker@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2021, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

                                            */s/ Andrea L. Parker*_____
                                            ANDREA L. PARKER
                                            Assistant United States Attorney