# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BRIAN HUDDLESTON, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-447 |
| § | Judge Mazzant |
| FEDERAL BUREAU OF INVESTIGATION § | |
| and UNITED STATES DEPARTMENT OF § | |
| JUSTICE. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Second Motion to Stay Scheduling Order Deadlines (Dkt. #21). After reviewing the Motion and the relevant pleadings, the Court finds the Motion should be granted.

### BACKGROUND

This case arises out of Plaintiff Brian Huddleston's FOIA requests against Defendants the Federal Bureau of Investigation ("FBI") and the Department of Justice ("DOJ") (Dkt. #1), which are pending before Defendants now (Dkt. #3, Exhibits 1–3). On October 22, 2020, the Court entered a scheduling order (Dkt. #9). On February 1, 2021, the Court entered an amended scheduling order. *Huddleston v. FBI*, No. 4:20-CV-447, 2021 WL 327510, at *3 (E.D. Tex. Feb. 1, 2021).

On April 8, 2021, Defendants filed their Second Motion to Stay Scheduling Order Deadlines (Dkt. #21), currently before the Court. On April 13, 2021, Huddleston filed his response (Dkt. #22). On April 20, 2021, Defendants filed their reply (Dkt. #23). And on April 26, 2021, Huddleston filed his sur-reply (Dkt. #24).

**LEGAL STANDARD**

The authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Because stays are "an 'intrusion into the ordinary processes of administration and judicial review,'" *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quoting *Va. Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958) (per curiam)), they are "not a matter of right, even if irreparable injury might otherwise result," *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926). Instead, stays are "an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (per curiam) (quoting *Nken*, 556 U.S. at 433–34); *see Exner v. FBI*, 542 F.2d 1121, 1123 (9th Cir. 1976) (explaining that the responding agency bears the burden to demonstrate its due diligence in fulfilling its FOIA-related obligations).

The decision to stay proceedings is "left to the sound discretion of the district court, and it is the district court's responsibility to weigh the competing interests of the parties relating to the appropriateness of a stay." *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 853 (N.D. Tex. 2005) (citing *Landis*, 299 U.S. at 254–55). Since "FOIA imposes no limits on courts' equitable powers in enforcing its terms," deciding whether to grant a stay is unaffected by FOIA. *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19–20 (1974)).

**ANALYSIS**

In its previous order, the Court did not grant Defendants' initial motion to stay the Scheduling Order as requested. The Court explained that it would consider a reasonable delay of

these proceedings if Defendants were to "(1) explain the exceptional circumstances associated with the handling of Huddleston's FOIA requests more precisely, and (2) present a less amorphous processing and production schedule." *Huddleston*, 2021 WL 327510, at *3. Defendants have done exactly this here.

First, in its pleadings, Defendants make clear that the strained resources of their departments and significant volumes of other FOIA requests should allow for production at a standardized rate of 500 pages per month (Dkt. #21 at pp. 3–4). The circumstances Defendants detail in their Motion and reply plausibly warrant a reasonable delay of the proceedings. *See Gov't Accountability Project v. U.S. Dep't of Health & Human Servs.*, 568 F. Supp. 2d 55, 59 (D.D.C. 2008) (explaining that circumstances warranting a stay exist when there are "insufficient resources to deal with those requests in the time frames set forth in the FOIA"). As well, "[a] number of [c]ourts have found a production rate of 500 pages per month reasonable under specific circumstances." *White v. Exec. Off. of U.S. Att'ys*, 444 F. Supp. 3d 930, 943 (S.D. Ill. 2020), *aff'd sub nom. White v. FBI*, No. 20-1798, 2021 WL 1118087 (7th Cir. Mar. 24, 2021); *see id.* at 943–44 (collecting cases). Moreover, in this request for stay, Defendants have laid out a more specific and concrete timeline for document production (*see* Dkt. #21 at pp. 4–5). This additional detail in Defendants' pleadings provides the Court further reason to view the relief requested in the Motion as reasonable. *See Democracy Forward Found. v. DOJ*, 354 F. Supp. 3d 55, 60 (D.D.C. 2018) (finding an agency's "exercise of due diligence in responding to [FOIA] requests" to warrant a stay of the proceedings). Given the content of Defendants' pleadings and the Court's "considerable discretion to manage [its] docket" by "grant[ing a] stay and set[ting] a briefing schedule," the Court finds that Defendants' request should be accommodated. *Henson v. Dep't of Health & Human Servs.*, 892 F.3d 868, 874 (7th Cir. 2018).

In response, Huddleston offers two arguments explaining why the Motion should be denied, neither of which is persuasive.[1] First, Huddleston asks what has changed from Defendants' last request that would warrant a stay of the proceedings now but not then (Dkt. #22 at pp. 1–2). The answer to this question is straightforward: Defendants have provided more particularized detail regarding the nature of the document production and have proposed a realistic, tangible schedule for document production. Granting a stay based on these pleadings finds significantly more basis in established law than Defendants' first request for stay. *See, e.g.*, *Elec. Frontier Found. v. DOJ*, 517 F. Supp. 2d 111, 118–20 (D.D.C. 2007) (granting a stay where definitive proof of a shortage in agency resources and the exercise of due diligence to process the FOIA request was apparent). Second, Huddleston states that he has a "hard time understanding why [Defendants] can only produce 500 pages per month," elaborating that individuals in the private sector "routinely process 500 pages or more per day" (Dkt. #22 at pp. 2–3). But the FOIA and "convention civil litigation" contexts are distinct from one another when it comes to "reviewing and processing documents," *Middle E. Forum v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 186 (D.D.C. 2018), as "[d]ifferent considerations determine the outcome of efforts to obtain disclosure," *Stonehill v. I.R.S.*, 558 F.3d 534, 538 (D.C. Cir. 2009). *See Millennium Mktg. Grp. LLC v. United States*, 238 F.R.D. 460, 462–63 (S.D. Tex. 2006) (detailing the differences). Particularly with this consideration in mind, Huddleston's non-effort to explain why Defendants' proposed production schedule is unreasonable does not lend credibility to his position.

---

[1] Huddleston also offers an ancillary argument, stating that the quantity and quality of the documents Defendants produced in the initial round of production are somehow deficient and insufficient (*see* Dkt. #24 at pp. 1–2). Apart from offering no legal justification supporting his claim of inadequacy, Huddleston's dissatisfaction with the produced documents is of no concern to the Court at this stage. If Huddleston is unsatisfied with Defendants' production, he may later avail himself of the FOIA statutory scheme to challenge the production. *See* 5 U.S.C. § 552(a)(4)(B); *see also Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010).

4

In sum, given Defendants' explanation for the requested stay, Defendants' proposed production schedule, and the absence of legal justification for Huddleston's opposition to the Motion, the Court finds that a stay of the proceedings is warranted.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Second Motion to Stay Scheduling Order Deadlines (Dkt. #21) is hereby **GRANTED**. It is **FURTHER ORDERED** that the Scheduling Order in this case is amended as follows:

| | |
|---|---|
| April 23, 2021 | First Production |
| May 24, 2021 | Second Production |
| June 24, 2021 | Third Production |
| July 24, 2021 | Final Production |

**IT IS SO ORDERED.**

SIGNED this 7th day of May, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE