Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TY CLEVENGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>DECLARATION OF DAVID M. HARDY</u>

I, David M. Hardy, declare as follows:

(1)    I am the Section Chief of the Record/Information Dissemination Section

("RIDS"), Information Management Division ("IMD"),[1] Federal Bureau of Investigation

("FBI"), in Winchester, Virginia.  I have held this position since August 1, 2002.  Prior to my

joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General

of the Navy for Civil Law.  In that capacity, I had direct oversight of Freedom of Information

Act ("FOIA") policy, procedures, appeals, and litigation for the Navy.  From October 1, 1980 to

April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked

with FOIA matters.  I am also an attorney who has been licensed to practice law in the State of

Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 244

employees who staff a total of twelve (12) Federal Bureau of Investigation Headquarters

---

[1]  In May 2018, the name of IMD was changed from the Records Management Division
("RMD").

("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to Plaintiff's request for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552. Specifically, I am familiar with the FBI's handling of Plaintiff's FOIA request for records concerning Seth Conrad Rich (deceased).

(4)     The FBI submits this declaration in response to the Court's August 23, 2018 Order and to provide the Court and Plaintiff with an explanation of its recordkeeping system, the procedures it used to search for potentially responsive records to Plaintiff's request, and to confirm it located no records responsive to Plaintiff's FOIA request to the FBI seeking all records and correspondence pertaining to Seth Conrad Rich (deceased).

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUEST (NUMBER 1384180-000)

(5)     By letter dated September 1, 2017, Plaintiff submitted a FOIA request to the FBI seeking all records and correspondence pertaining to Seth Conrad Rich, who was murdered in the District of Columbia on or about July 10, 2016. Plaintiff further advised his request

included, but was not limited to, any records or correspondence that resulted from any investigation of his murder.  (*See* **Exhibit A.)**

(6)    By letter dated September 19, 2017, the FBI advised Plaintiff it was unable to identify main file records responsive to his FOIA request.  However, should Plaintiff provide additional information that the subject of his request was of investigative interest to the Bureau, an additional search would be conducted.  Additionally, the FBI advised Plaintiff in accordance with standard FBI practice, pursuant to FOIA exemption (b)(7)(E), 5 U.S.C. § 552(b)(7)E), it neither confirmed nor denied the existence of his subject's name on any watch lists. Furthermore, the FBI advised Plaintiff he could: 1) visit the www.fbi.gov/foia website under "Contact Us" for questions regarding the FBI's determination; 2) appeal the FBI's decision by submitting an appeal, by mail or online with the Director, Office of Information Policy ("OIP"), within ninety days from the date of the letter; or 3) seek dispute resolution services by contacting the Office of Government Information Services ("OGIS") by telephone or by emailing ogis@nara.gov.  (*See* **Exhibit B.)**

(7)    On September 30, 2017, by electronic submission via the OIP online portal, Plaintiff submitted an administrative appeal of the FBI's September 19, 2017 determination. Specifically, Plaintiff alleged the FBI limited its search to the Central Records System ("CRS") for main file records.  Additionally, Plaintiff noted that any responsive records likely would be found in emails, hard copy documents, and other files in the FBI's Washington Field Office; therefore, the FBI should be directed to conduct a thorough search, to include emails and other records in the Washington Field Office.  (*See* **Exhibit C.)**

(8)    By letter dated October 2, 2017, OIP acknowledged receipt of Plaintiff's appeal assigning it appeal number DOJ-AP-2017-006942.  (*See* **Exhibit D.)**

(9)     By letter executed on November 9, 2017, OIP advised Plaintiff it affirmed the

FBI's determination.  OIP further advised Plaintiff that to the extent his request sought access to

records that would either confirm or deny an individual's placement on any government watch

list, the FBI properly refused to confirm or deny the existence of any such records because their

existence is protected from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E).  Additionally, OIP

advised Plaintiff of his right to file a lawsuit in the federal district court if he was dissatisfied

with its action on the appeal, or use the mediation services of OGIS to help resolve any disputes.

(*See* **Exhibit E**)

(10)     On March 14, 2018, Plaintiff filed a Complaint in the instant action.  (*See* **ECF**

**No. 1**.)

## EXPLANATION OF CENTRAL RECORDS SYSTEM ("CRS")

(11)     The Central Records System ("CRS") is an extensive system of records consisting

of applicant, investigative, intelligence, personnel, administrative, and general files compiled and

maintained by the FBI in the course of fulfilling its integrated missions and functions as a law

enforcement, counterterrorism, and intelligence agency to include performance of administrative

and personnel functions.  The CRS spans the entire FBI organization and encompasses the

records of FBI Headquarters ("FBIHQ"), FBI Field Offices, and FBI Legal Attaché Offices

("Legats") worldwide.

(12)     The CRS consists of a numerical sequence of files, called FBI "classifications,"

which are organized according to designated subject categories.  The broad array of CRS file

classification categories include types of criminal conduct and investigations conducted by the

FBI, as well as categorical subjects pertaining to counterterrorism, intelligence,

counterintelligence, personnel, and administrative matters.  For identification and retrieval

purposes across the FBI, when a case file is opened, it is assigned a Universal Case File Number

4

("UCFN") consisting of three sequential components:  (a) the CRS file classification number, (b) the abbreviation of the FBI Office of Origin ("OO") initiating the file, and (c) the assigned individual case file number for that particular subject matter.[2]  Within each case file, pertinent documents of interest are "serialized," or assigned a document number in the order which the document is added to the file, typically in chronological order.

### THE CRS GENERAL INDICES AND INDEXING

(13)     The general indices to the CRS are the index or "key" to locating records within the enormous amount of information contained in the CRS.  The CRS is indexed in a manner which meets the FBI's investigative needs and priorities, and allows FBI personnel to reasonably and adequately locate pertinent files in the performance of their law enforcement duties.  The general indices are arranged in alphabetical order and comprise an index on a variety of subject matters to include individuals, organizations, events, or other subjects of investigative interest that are indexed for future retrieval.  The entries in the general indices fall into two category types:

a.  <u>Main entry</u>.  This entry pertains to records indexed to the main subject(s) of a file, known as "main file" records.  The "main" entry carries the name of an individual, organization, or other subject matter that is the designated subject of the file.

b.  <u>Reference entry</u>.  This entry, or a "cross-reference," pertains to records that merely mention or reference an individual, organization, or other subject matter that is contained in a "main" file record about a different subject matter.

(14)     FBI Special Agents ("SA") and/or designated support personnel may index information in the CRS by individual (persons), by organization (organizational entities, places, and things), and by event (*e.g.,* a terrorist attack or bank robbery).  Indexing information in the

---

[2]  For example, in a fictitious file number of "11Z-HQ-56789;" the "11Z" component indicates the file classification, "HQ" indicates that FBI Headquarters is the FBI OO of the file, and "56789"is the assigned case specific file number.

CRS is based on operational necessity, and the FBI only indexes that information considered relevant and necessary for future retrieval. Accordingly, the FBI does not index every individual name or other subject matter in the general indices.

### AUTOMATED CASE SUPPORT

(15)    Automated Case Support ("ACS") is an electronic, integrated case management system that became effective for FBIHQ and all FBI Field Offices and Legats on October 1, 1995. As part of the ACS implementation process, over 105 million CRS records were converted from automated systems previously utilized by the FBI into a single, consolidated case management system accessible by all FBI offices. ACS has an operational purpose and design to enable the FBI to locate, retrieve, and maintain information in its files in the performance of its myriad missions and functions.[3]

(16)    The Universal Index ("UNI") is the automated index of the CRS and provides all offices of the FBI a centralized, electronic means of indexing pertinent investigative information to FBI files for future retrieval via index searching. Individual names may be recorded with applicable identifying information such as date of birth, race, sex, locality, Social Security Number, address, and/or date of an event. Moreover, ACS implementation built upon and incorporated prior automated FBI indices; therefore, a search employing the UNI application of ACS encompasses data that was already indexed into the prior automated systems superseded by ACS. As such, a UNI index search in ACS is capable of locating FBI records created before its 1995 FBI-wide implementation to the present day in both paper and electronic format.[4]

---

[3] ACS and the next generation Sentinel system are relied upon by the FBI daily to fulfill essential functions such as conducting criminal, counterterrorism, and national security investigations; background investigations; citizenship and employment queries; and security screening, to include Presidential protection.

[4] Older CRS records that were not indexed into UNI as a result of the 1995 ACS consolidation

Currently, UNI consists of approximately 120 million searchable records and is updated daily with newly indexed material.

### *ACS AND SENTINEL*

(17)    Sentinel is the FBI's next generation case management system that became effective FBI-wide on July 1, 2012.  Sentinel provides a web-based interface to FBI users, and it includes the same automated applications that are utilized in ACS.  After July 1, 2012, all FBI generated records are created electronically in case files via Sentinel; however, Sentinel did not replace ACS and its relevance as an important FBI search mechanism.  Just as pertinent information was indexed into UNI for records generated in ACS before July 1, 2012, when a record is generated in Sentinel, information is indexed for future retrieval.  Moreover, there is an index data sharing nexus between the Sentinel and ACS systems whereby components of information indexed into Sentinel are also replicated or "backfilled" into ACS.  In sum, the Sentinel case management system builds on ACS and shares its operational purpose; Sentinel provides another portal to locate information within the vast CRS for FBI records generated on or after July 1, 2012.

(18)    Index Searching Generally.  To locate CRS information, RIDS employs an index search methodology.  Index searches of the CRS are reasonably expected to locate responsive material within the vast CRS since the FBI indexes pertinent information into the CRS to facilitate retrieval based on operational necessity.  Given the broad range of indexed material in terms of both time frame and subject matter that it can locate in FBI files, the automated UNI

---

remain searchable by manual review of index cards, known as the "manual indices."  A search of the manual indices is triggered for requests for requests on individuals if the person was born on or before January 1, 1958; and for requests seeking information about organizations or events on or before January 1, 1973.  In this case, the subject, Seth Conrad Rich was born in 1989; therefore, any responsive records would have been captured through a UNI search.

application of ACS is the mechanism RIDS employs to conduct CRS index searches.  If a request seeks records that may have been generated on or after July 1, 2012, the FBI generally conducts an overlapping search of ACS using the UNI application and of Sentinel using the index search capability at the litigation stage to ensure adequacy of the initial CRS index search.

## SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUEST

(19)    <u>CRS Search and Results</u>.  In response to Plaintiff's request dated September 1, 2017, RIDS conducted an index search of the CRS for responsive main <u>and</u> reference file records employing the UNI application of ACS.  The FBI searched the subject's name, "Seth Conrad Rich," in order to identify files responsive to Plaintiff's request and subject to the FOIA.  The FBI's searches included a three-way phonetic breakdown[5] of the subject's name.  These searches located no main <u>or</u> reference records responsive to Plaintiff's FOIA request.

(20)    Subsequently, the FBI conducted additional searches of the CRS via the UNI application of ACS and a Sentinel index search for both main <u>and</u> reference file records.  The FBI used the same search terms it used in its original searches as described supra.  This new search also resulted in no main or reference file records being located responsive to Plaintiff's FOIA request.

(21)    <u>Scope of Search</u>.  RIDS conducted searches reasonably calculated to locate responsive records subject to the FOIA.  First, given its comprehensive nature and scope, the CRS is the principal records system searched by RIDS to locate information responsive to most

---

[5]  With a three-way search, the computer automatically breaks a name down and searches the index for three different combinations of the name entered:  (1) First Name, Last Name; (2) Last Name, First Name; and (3) First Name, Middle Name, Last Name.  With the phonetic search function, the computer breaks names down based on their phonetic characteristics and will return results based on whether they phonetically match a certain percentage of the first and last names entered.

FOIA/Privacy Act requests, because the CRS is where the FBI indexes information about individuals, organizations, events, and other subjects of investigative interest for future retrieval. *See* ¶ 14, *supra*. Second, given Plaintiff's request sought information about an individual subject, Seth Conrad Rich, murdered in the District of Columbia on or about July 10, 2016, such information would reasonably be expected to be located in the CRS via the index search methodology if records existed.

(22)    Targeted Search/Inquiry of the Washington Field Office ("WFO"). In addition to the above search efforts, and prior to Plaintiff's appeal or instant litigation, the FBI contacted WFO on June 21, 2017, and confirmed WFO did not open an investigation into the murder of Seth Conrad Rich, as the matter was under investigation by the Metropolitan Police Department ("MPD"). Soon after the murder of Seth Conrad Rich, WFO Criminal Division contacted MPD and offered its assistance; however, MPD declined the offer. Due to the high profile nature of the murder in Washington, D.C., WFO's Office of Public Affairs ("OPA") received a high volume of media inquiries relating to the murder. All media requests were, and continue to be referred to MPD, the investigating agency.

(23)    On April 4, 2018, the FBI again performed its due diligence and contacted WFO regarding records responsive to Plaintiff's request on Seth Conrad Rich. WFO again confirmed that they did not assist MPD, provide investigative or technical assistance (including Computer Analysis and Response Team [CART] assistance[6]) to MPD, or open an FBI investigation into the murder of Seth Conrad Rich.

---

[6] If responsive CART records existed, they would have been located through the FBI's CRS searches. *See* ¶¶ 18-20, *supra.*

9

## PLAINTIFF'S SUGGESTION THAT THE FBI CONDUCT AN EMAIL SEARCH

(24)    Plaintiff suggested in his appeal to OIP, that the FBI conduct a search of its emails in the FBI's Washington Field Office to locate responsive records.  The FBI is not required to search all systems of records nor is it obligated to search all places suggested by Plaintiff.  The FBI is only required to search those locations reasonably calculated to locate responsive records. Even though Plaintiff suggested the FBI search its email systems in its WFO, there is no reasonable basis to conclude that responsive records would be located by such a search.  Emails that have investigative significance are serialized by agents and placed in the CRS for record-keeping and future retrieval.  As explained above, the FBI searched all logical locations and inquired with the WFO, on two separate occasions, in an effort to locate responsive records, and no responsive records were located.

## CONCLUSION

(25)    The FBI conducted an adequate and reasonable search for records responsive to Plaintiff's FOIA request; however, no records were located.  First given its comprehensive nature and scope, the CRS is the principle records system searched by RIDS, to locate information responsive to most FOIA/Privacy Act requests, as the CRS is where the FBI indexes information about individuals, organizations, and events for future retrieval. *See* ¶ 14, *supra.* Second, the CRS is the FBI recordkeeping system where investigative records responsive to this request would reasonably be found.  Given Plaintiff's request sought information about an individual subject, Seth Conrad Rich, who was murdered in the District of Columbia on or about July 10, 2016, such information would reasonably be expected to be located in the CRS via the index search methodology.  Finally, the office likely to conduct or assist in such an investigation

-- WFO -- confirmed that it did not open an investigation or provide investigative or technical assistance into the murder of Seth Conrad Rich, as the matter was under investigation by the MPD, who declined the FBI's assistance.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A – E attached hereto are true and correct copies.

Executed this ____3rd____ day of October, 2018.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT A

# FAX

| Date: | 09/01/2017 |
|---|---|

| Pages including cover sheet: | 2 |
|---|---|

| **To:** | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| **Phone** | |
| **Fax Number** | (540) 868-4997 |

| **From:** | Ty Clevenger |
|---|---|
| | Ty Clevenger |
| | P.O. BOX 20753 |
| | Brooklyn |
| | NY            11202-0753 |
| | |
| **Phone** | 19799855289 |
| **Fax Number** | (979) 530-9523 |

| NOTE: | |
|---|---|

FOIA request

SEP 07 2017

# TY CLEVENGER
P.O. Box 20753
Brooklyn, New York 11202-0753

*telephone: 979.985.5289*
*facsimile: 979.530.9523*

*tyclevenger@yahoo.com*
*Texas Bar No. 24034380*

September 1, 2017

U.S. Department of Justice
FOIA/PA Mail Referral Unit
*MRUFOIA.Requests@usdoj.gov*

Executive Offices of the U.S. Attorneys
U.S. Department of Justice
*usaeo.foia.requests@usdoj.gov*

Federal Bureau of Investigation
Records Management Division
Fax: (540) 868-4997

Office of Information Policy
U.S. Department of Justice
Fax: (202) 514-1009

Criminal Division
U.S. Department of Justice
*crm.foia@usdoj.gov*

      Re:    Freedom of Information Act request

To Whom It May Concern:

    I request the opportunity to view all records and correspondence pertaining to Seth Conrad Rich (DOB: January 3, 1989), who was murdered in the District of Columbia on or about July 10, 2016. This request includes, but is not limited to, any records or correspondence resulting from any investigation of his murder.

    Thank you in advance for your assistance.

    Sincerely,

Ty Clevenger

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT B



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 19, 2017

MR. TY CLEVENGER
POST OFFICE BOX 20753
BROOKLYN, NY 11202-0753

FOIPA Request No.: 1384180-000
Subject: RICH, SETH CONRAD
(July 10, 2016 Murder)

Dear Mr. Clevenger:

This is in response to your Freedom of Information Act (FOIA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify main file records responsive to the FOIA. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

By standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT C

**Appeal Details**
**Request Type :** *FOIA*                                          **Status :** *Assignment Determination*   **Due Date :** *10/31/2017*   ⟳ 0

      

Submitted    Evaluation    Assignment    Processing    Closed

## Appeal Details

| | |
|---|---|
| Tracking Number : DOJ-AP-2017-006942 | Submitted Date : 09/30/2017 |
| Requester : Mr. Ty Clevenger | Received Date : 10/02/2017 |
| Organization : N/A | Last Assigned Date : 10/02/2017 |
| Requester Has Account : Yes | Appeal Track : TBD |
| Created on behalf of : Ty O Clevenger | Due Date : 10/31/2017 |
| Email Address : tyclevenger@yahoo.com | Assigned To : Matthew Hurd (Appeals) |
| Phone Number : 979-985-5289 | Last Assigned By : Priscilla Jones (Department |
| Fax Number : 979-530-9523 | of Justice - Office of |
| Address : 212 South Oxford Street | Information Policy) |
| Apt. 7D | |
| City : Brooklyn | |
| State/Province : NY | |
| Zip Code/Postal Code : 11217 | |

## Request Details

| | |
|---|---|
| Tracking Number : 1384180-000 | Request Phase : Submitted |
| Requester : Ty O. Clevenger | Request Track : Simple |
| Date Submitted : 09/01/2017 | Final Disposition : Denied |

Request Description :

I sought information related to any investigation of the murder of Seth Rich.

---

| **Submission Details** | Case File | Admin Cost | Assigned Tasks | Comments (1) | Review |

## Appeal Handling

| | |
|---|---|
| Requester Info Available to the Public : No ▾ | Appeal Received : Yes |
| Appeal Track : Select Track ▾ | Received Date : 10/02/2017 |
| Fee Category : N/A | Acknowledgement Sent Date : ▦ |
| Based on Fee Waiver : ▢ | 5 Day Notifications: ▢ |
| Based on Expedited Processing : ▢ | Litigation : No ▾ |
| Expedited Processing Requested : Yes | |
| Expedited Processing Status : Pending Decision | |

## Basis for Appeal

Short Description :

The September 19, 2017 letter that I received from the FBI indicates that it only searched the "Central Records System" and that it was unable to identify "main file records" responsive to the FOIA. My request was not limited to the Central Records System nor to main file records. Any responsive records likely would be found in emails, hard copy documents,

and other files in the FBI's Washington Field Office. In my experience, the FBI often does not search email accounts in response to FOIA requests, and it appears that it did not search email records in this instance. The FBI should be directed to conduct a thorough search, to include emails and other records in the Washington Field Office.

Basis Available to the Public : No ▾          Has Basis Been Modified? ▢

## Additional Information

Source Request Tracking  1384180-000
Number :

Expedited Type :  Type 2          ▾

Sub-Office :  Federal Bureau of Investigation          ▾

## Attached Supporting Files

Attachments Available to the  No ▾
Public :

| Attached File | Type | Size (MB) | Remove |
|---|---|---|---|
| *2017.09.19 Letter from FBI.pdf* | PDF | 0.92 | ✕ |
| *DOJ-AP-2017-006942 - Appeals Acknowledgement Letter.pdf* | PDF | 0.09 | ✕ |

## Upload Supporting Files

No attachments have been added.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER,                ) | |
|            ) | |
|    Plaintiff,     ) | |
|         ) | |
|      v.         ) | Civ. A. No. 1:18-cv-01568-WFK-LB |
|         ) | |
| UNITED STATES DEPARTMENT OF   ) | |
| JUSTICE, *et al.,*        ) | |
|         ) | |
|    Defendants.   ) | |
|         ) | |

# EXHIBIT D

1425 New York Avenue N.W.
Suite 11050
Washington, DC 20005

Ty Clevenger
212 South Oxford Street
Apt. 7D
Brooklyn, NY 11217

October 2, 2017

Dear Mr. Ty Clevenger,

    This is to advise you that your administrative appeal from the action of the FBI regarding Request No. 1384180-000 was received by this Office on 10/02/2017.

    The Office of Information Policy has the responsibility of adjudicating such appeals.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number DOJ-AP-2017-006942.  Please mention this number in any future correspondence to this Office regarding this matter.  Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

    We will notify you of the decision on your appeal as soon as we can.  If you have any questions about the status of your appeal, you may contact me at (202) 514-3642.  If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

PRISCILLA
JONES
Priscilla Jones

Digitally signed by
PRISCILLA JONES
Date: 2017.10.02
10:07:38 -04'00'

Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TY CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 1:18-cv-01568-WFK-LB |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.,* | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT E



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mr. Ty Clevenger
Apartment 7D
212 South Oxford Street
Brooklyn, NY 11217
tvclevenger@yahoo.com

Re:    Appeal No. DOJ-AP-2017-006942
        Request No. 1384180-000
        CDT:RNB

**VIA: FOIAonline**

Dear Mr. Clevenger:

      You appealed from the action of Federal Bureau of Investigation on your Freedom of Information Act request for access to records concerning Seth Conrad Rich.

      After carefully considering your appeal, I am affirming the FBI's action on your request. The FBI informed you that it could locate no responsive records subject to the FOIA in its files. The FBI searched its automated indices for the subject's name and multiple variations of the subject's name. I have determined that the FBI's action was correct and that it conducted an adequate, reasonable search for such records.

      To the extent that your request seeks access to records that would either confirm or deny an individual's placement on any government watch list, the FBI properly refused to confirm or deny the existence of any such records because their existence is protected from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E). Exemption 7(E) concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures or guidelines for law enforcement investigations or prosecutions. Further, it is reasonably foreseeable that confirming or denying an individual's placement on any government watch list would harm the interests protected by this exemption. See, e.g., Kalu v. IRS, 159 F. Supp. 3d 16, 23 (D.D.C. 2016). This response should not be taken as an indication that records do or do not exist. Rather, this is the standard response made by the FBI.

      Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

      If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

- 2 -

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

11/9/2017

X _____

Christina D. Troiani, Associate Chief, for
Sean O'Neill, Chief, Administrative Appeals Staff
Signed by: CHRISTINA TROIANI