Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**TY CLEVENGER**,

    Plaintiff,

vs.

**U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIATION, and NATIONAL SECURITY AGENCY,**

    Defendants

Case No. 1:18-cv-1568-LB

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and PLAINTIFF'S MOTION TO ENJOIN COMPLIANCE OR PERMIT DISCOVERY

NOW COMES the Plaintiff, Ty Clevenger, responding in opposition to the Defendants' motion for summary judgment, and further moving the Court to (1) enjoin compliance with his reasonable discovery requests; or (2) permit discovery:

**Factual Background**[1]

In the myriad of controversies that have arisen from the 2016 Presidential election, the FBI has demonstrated a strong tendency to hide information that might prove embarrassing to high-ranking officials or to the FBI itself. The Plaintiff requested information related to the investigation of Hillary Clinton's secret email servers, for example, and in 2017 the FBI refused to produce the information on the grounds that it was not a matter of public concern. *See* August 18, 2017 Letter from David M. Hardy to Ty Clevenger (http://lawflog.com/wpcontent/uploads/

---

[1] As witnessed by his electronic signature on this document, Ty Clevenger declares under penalty of perjury under the laws of the United States (1) that his factual representations in this document are true and correct and (2) that his exhibits to this document (both by attachment and by URL link) are true and correct copies of the documents that he represents them to be.

- 1 -

2017/08/2017.08.12-Letter-from-FBI.pdf). That laughable assertion made national news, *see, e.g.*, Stephan Dinan, "FBI says lack of public interest in Hillary emails justifies withholding documents," August 29, 2017 *The Washington Times* (https://www.washingtontimes.com/news/ 2017/aug/29/fbi-lack-public-interest-emails-justifies-withhold/), and the DOJ soon reversed the FBI and ordered production of the requested information. *See* October 2, 2017 Letter from Sean R. O'Neill to Ty Clevenger (http://lawflog.com/wp-content/uploads/2017/10/2017.10.02-EOUSA-reversed-by-OIPredacted.pdf). As set forth below, the FBI's tendency to "hide the ball" is evident in this case. The Plaintiff has opted not to challenge all of the items in the motion for summary judgment, but instead to focus on the ones of greatest public interest.

## Standard for Summary Judgment

The Plaintiff does not disagree with the Defendants' general description of the standards for FOIA cases and for summary judgment in FOIA cases.

## Legal Argument

**The FBI did not conduct a reasonable search for relevant records.**

> **(1) The FBI refused to search for records pertaining to Seth Conrad Rich in the places where they were most likely to be found.**

According to the October 3, 2018 DECLARATION OF DAVID M. HARDY (Doc. No. 16-1) (hereinafter "FIRST HARDY DECLARATION"), the FBI's index searches for information about Seth Rich were legally adequate, but the same declaration proves that they were not:

> FBI Special Agents ("SA") and/or designated support personnel may index information in the CRS by individual (persons), organization (organizational entities, places, and things), and by event (*e.g.*, a terrorist attack or bank robbery). Indexing information in the CRS is based on operational necessity, and the FBI only indexes that information considered relevant and necessary for future retrieval. Accordingly, <u>the FBI does not index every individual name or other subject matter in the general indices</u>.

FIRST HARDY DECLARATION, 5-6, ¶14 (emphasis added). Elsewhere in that declaration, Mr. Hardy states that his staff contacted the Washington Field Office ("WFO"), and the WFO explained that it offered its services to the Metropolitan Police Department regarding the Seth Rich murder, but the MPD declined the offer of assistance. *Id*. at 9, ¶¶22-23. That would, of course, explain why Mr. Rich's name was not entered into the CRS system. On the other hand, such an exchange almost certainly created some sort of record, *e.g.*, text messages or emails, even if it was just emails exchanged internally regarding the declined offer of assistance. Yet the FBI arbitrarily refused to search email records in the WFO, *i.e.*, the one place where such records are most likely to be found. *Id*. at 10, ¶24. The Court should, therefore, order the FBI to conduct a search of records (emails, texts, etc.) in the Washington Field Office.

Although the FBI was willing to contact the WFO to determine whether responsive records could be found there, it arbitrarily refused to contact its Computer Analysis and Response Team ("CART") to determine whether CART held responsive records. The Plaintiff has attached the sworn declaration of one of his clients, Edward Butowsky, explaining why he believes responsive records may be found in CART, *i.e.*, because a confidential source told Mr. Butowsky that he had seen the records extracted from Seth Rich's electronic devices by CART. *See* Declaration of Edward Butowsky (Exhibit A). If records were downloaded from Mr. Rich's electronic devices, the most logical place to find those records would be CART. Mr. Hardy concedes that some records are <u>not</u> indexed, and he implicitly conceded that it was reasonable to contact the Washington Field Office, thus it would only be reasonable to inquire about electronic records in the place where they are most likely to be found, *i.e.*, CART. In *Jett v. Fed. Bureau of Investigation*, the FBI similarly refused to search its Electronic Surveillance Indices:

- 3 -

> Plaintiff further claims that, in addition to searching CRS, Defendant should have searched the Electronic Surveillance Indices ("ELSUR") database, a record-keeping system separate from CRS that the FBI uses to hold records pertaining to the agency's use of electronic or telephonic recordings that cannot be searched via the CRS database. Pl.'s Mem. at 8–9. As the FBI's affiant here, David Hardy, acknowledged in a declaration filed in another case, any responsive records within the ELSUR database would not be captured by a search of the CRS database. *See Shapiro v. DOJ*, 37 F.Supp.3d 7, 21 (D.D.C.2014) ("ELSUR indices also are automated, but constitute a separate system of records from CRS and cannot be retrieved through either the General Index or CRS."). According to Plaintiff, Defendant was on notice, "based upon its review of the responsive records that it located via its CRS database search, that the subject matter of this FOIA request involved several consensual interception[s] of telephonic voice recordings, which therefore required [an] additional search for records in the FBI's ELSUR record system." Pl.'s Mem. at 9. Upon learning of the existence of telephonic voice recordings, according to Plaintiff, the FBI "had a clear duty, as a component of its adequacy of search responsibilities, to follow-up on this lead, and search for any additional responsive records" within the ELSUR system. *Id*. (citing cases).

*Jett*, 139 F. Supp. 3d 352, 367–68 (D.D.C. 2015).  The D.C. court sided with the Plaintiff. *Id*. at 368. Admittedly, *Jett* is not directly on point because Mr. Hardy maintains that CART would have indexed any records pertaining to Seth Rich.  Then again, Mr. Hardy did not disclose to the plaintiff in *Jett* that the intercepts would be kept on ELSUR, or that "responsive records within the ELSUR database would not be captured by a search of the CRS database." *Id*. The *Jett* plaintiff had to figure that out by tracking down Mr. Hardy's affidavit in another case. *Id*. At the very least, *Jett* demonstrates that Mr. Hardy has refused to search for responsive records even when he knew unequivocally (1) that the records existed, and (2) where they could be found. For that reason alone, his arguments about the reasonableness of the FBI's searches are not entitled to any deference.

 **(2) The FBI refused to search for non-disclosure agreements in the place where they are most likely to be found.**

In their MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ("MEMORANDUM"), the Defendants argue that the Plaintiff failed to submit a valid FOIA request for "all NDAs [*i.e.*, nondisclosure agreements] between the FBI and any other

- 4 -

government entity that prohibit the release of information to Congress, any of its agencies or any Freedom of Information Act requestors" because the request "was overly broad and vague and lacked sufficient detail to enable agency personnel to locate records with a reasonable amount of effort..." MEMORANDUM, 22.  On September 25, 2017, the chairman of the Senate Judiciary Committee sent a blistering letter to the FBI because it forced a watchdog agency to execute an agreement to *withhold records from Congress*.  *See* September 25, 2017 Letter from Senator Charles E. Grassley to FBI Director Christopher Wray (https://www.grassley.senate.gov/news/news-releases/watchdog-agency-made-sign-non-disclosure-agreements-get-information-fbi). Senator Grassley was justifiably shocked that the FBI had compelled the execution of even one such agreement. *Id*.  So is the FBI now saying that the practice was so widespread that it would not even know where to begin looking? Certainly not.

The real issue here is that the FBI did not want to conduct a reasonable search, because the results of that search might be embarrassing. In a March 14, 2018 letter appealing the FBI's denial of his request, the Plaintiff wrote as follows:

> ...It is not plausible to suggest that the FBI Office of General Counsel is unable to search for non-disclosure agreements that it executed with other agencies, and it should not matter whether the documents are logged into the "Central Records System."
>
> The subject matter of my request has been the subject of national media coverage, and it relates to questions about corruption and impropriety in the federal government...

March 14, 2018 Letter from Ty Clevenger to Office of Information Policy (Exhibit B).  Just like the FBI called the Washington Field Office, the FBI could easily have called its own Office of General Counsel, *i.e.*, the place where responsive records are most likely to be found.  The FBI had no legitimate reason for refusing to do that.

## Conclusion

The Defendants' motion for summary judgment should be denied with respect to the matters discussed above, and the Court should order the FBI to conduct reasonable searches and produce all responsive records. In the alternative, the Plaintiff should be permitted to depose, Mr. Hardy, FBI General Counsel Dana Boente, and the chief of CART.

Respectfully submitted,

**/s/ Ty Clevenger**
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

PLAINTIFF PRO SE

## CERTIFICATE OF SERVICE

I certify that on September 17, 2019, I filed this document with the Court's ECF system, which should result in automatic notification to Kathleen A. Mahoney, counsel for the Defendants, at kathleen.mahoney@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger