IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. 4:20CV447 |
| v. | § | |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR IN CAMERA REVIEW**

Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") file this response in opposition to Plaintiff's Motion for In Camera Review [ECF 28] because Plaintiff's motion is premature and in violation of the Court's Memorandum Opinion and Order staying these proceedings while production is ongoing. [ECF 25].

## I.   INTRODUCTION

On May 7, 2021, this Court granted Defendants' Second Motion to Stay, finding that Defendants explanation for the requested stay, Defendants' proposed production schedule, and the absence of legal justification for Plaintiff's opposition to the motion warranted a stay of the proceedings and an amended scheduling order allowing for the production of documents through July 24, 2021.  [ECF 25, p. 5]. Plaintiff's attempt to circumvent the Court's order and request an immediate in camera review of a portion of

the ongoing document production is premature, inappropriate, and a waste of judicial resources.

## II.   ARGUMENT & AUTHORITIES

At the outset of this case, the Court entered a Scheduling Order which provided the following dates:

| | |
|---|---|
| December 28, 2020 | Deadline for Defendants' Complete Production of Documents and *Vaughn* Index |
| January 28, 2021 | Defendants' Motion for Summary Judgment |
| March 1, 2021 | Plaintiff's Opposition and Cross-Motion for Summary Judgment |
| March 15, 2021 | Defendants' Reply and Opposition |
| March 29, 2021 | Plaintiff's Reply |

[ECF 9] Upon motion by Defendants and following extensive briefing by both sides, the Court stayed the proceedings and amended the Scheduling Order, as follows:

| | |
|---|---|
| April 23, 2021 | First Production |
| May 24, 2021 | Second Production |
| June 24, 2021 | Third Production |
| July 24, 2021 | Final Production |

[ECF 25] Clearly, the production phase is ongoing, and the briefing phase of the case has not begun or even been scheduled. The in camera review that Plaintiff seeks should come after the production of a Vaughn Index and briefing by both sides, as deemed necessary by the Court. In camera review "is designed to be invoked when the issue before the District

Court could not otherwise be resolved." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978). "[N]o court should consider in camera review if a Vaughn Index can adequately resolve the issue." *Ingle v. Dep't of Just.*, 698 F.2d 259, 266 (6th Cir. 1983) (citations omitted). "[R]esort to in camera review is appropriate only after the government has submitted as detailed public affidavits . . . as possible." *Ctr. for Biological Diversity v. Office of the U.S. Trade Rep.*, 450 F. App'x 605, 608 (9th Cir. 2011) (quoting *Wiener v. F.B.I.*, 943 F.2d 972, 979 (9th Cir. 1991)). "[I]n camera review may be particularly appropriate where either the agency affidavits are insufficiently detailed to permit meaningful review of exemption claims or there is evidence of bad faith on the part of the agency." *Quiñon v. FBI*, 86 F.3d 1222, 1228 (D.C. Cir. 1996); *see also D.C. v. Fraternal Ord. of Police Metro. Police Lab. Comm.*, 33 A.3d 332, 344 (D.C. 2011). Thus, until Defendants file affidavits as part of the briefing process, Plaintiff's motion is obviously premature and merely relies on speculation, rather than actual evidence, that the details in Defendants' affidavits will be insufficient or made in bad faith.

Plaintiff is no stranger to FOIA litigation and is well aware of the standard flow of these cases. At the conclusion of production, the Court should enter additional scheduling order dates for production of a Vaughn Index with a briefing schedule. Plaintiff's motion at this stage of the proceedings makes no sense, other than to provide him yet another opportunity to parade his conspiracy theories before the Court and waste judicial resources in having to consider such a baseless motion.

### III. CONCLUSION

Plaintiff's Motion for In Camera Review should be denied as premature, and the Court should enter a briefing schedule after production is complete to govern the disposition of the case.

Respectfully submitted,

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY
*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin St. Suite 1250
Beaumont, Texas   77701-2237
Tel:  (409) 839-2538
Fax: (409) 839-2643
Email:  andrea.parker@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2021, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
