IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**, <br><br>       Plaintiff, <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** <br><br>       Defendant | Case No. 4:20-cv-447-ALM |

## REPLY IN SUPPORT OF MOTION FOR IN CAMERA REVIEW

NOW COMES Brian Huddleston, the Plaintiff, replying in support of his Motion for In Camera Review (hereinafter "Motion") (Doc. No.26):

### Introduction

Perhaps unsurprisingly, the Defendants rely exclusively on out-of-circuit authority in opposing the Plaintiff's request for *in camera* review. There's a reason for that: Fifth Circuit authority does not support their argument. In the Fifth Circuit, *in camera* review is more strongly encouraged than it is in other circuits:

> Resort to in camera review is discretionary, *N. L. R. B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159, 167 (1978), as is resort to a *Vaughn* index. However, as this case clearly demonstrates, <u>in instances where it is determined that records do exist, the District Court must do something more to assure itself of the factual basis and bona fides of the agency's claim of exemption than rely solely upon an affidavit. While we are aware of eminent decisions arguably to the contrary, we remain unpersuaded</u>. In situations where records do not exist, affidavits are probably not only sufficient but possibly the best method of verification. However, once it is established that records and documents are in the possession of the governmental agency, more is required. The facts of this case amply demonstrate the dangers inherent in reliance upon agency affidavit in an investigative context when alternative procedures

- 1 -

> such as sanitized indexing, random or representative sampling in camera with the record sealed for review, oral testimony or combinations thereof would more fully provide an accurate basis for decision.

*Stephenson v. I.R.S.*, 629 F.2d 1140, 1145–46 (5th Cir. 1980)(emphasis added), cited with approval in *Batton v. Evers*, 598 F.3d 169, 178 (5th Cir. 2010) and *Gahagan v. U.S. Citizenship & Migration Services*, CIV.A. 14-2233, 2015 WL 350356, at *22–23 (E.D. La. Jan. 23, 2015). Furthermore, bad faith vitiates the assumption the "presumption of legitimacy" that might otherwise allow the government to rely on affidavits and declarations:

> Finally, in analyzing the affidavits and declarations submitted by the government, the agency is entitled to a "presumption of legitimacy" <u>unless there is evidence of bad faith in handling the FOIA request</u>. *U.S. Dep't of State v. Ray,* 502 U.S. 164, 179, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991). The presumption of legitimacy, however, does not relieve the withholding agency of its burden of proving that the factual information sought falls within the statutory exemption asserted. *Stephenson,* 629 F.2d at 1145.

*Batton v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010)(emphasis added). In his Motion, the Plaintiff demonstrated overwhelming proof of bad faith, not least of which is the fact that the FBI submitted false declarations to two federal courts in order to conceal the very records that are now at issue before this Court. Tellingly, the government does not deny that it has acted in bad faith, and indeed it cannot deny its bad faith in light of the overwhelming and undisputed evidence against it.

Having conceded that point, the government offers no plausible reason for denying or delaying *in camera* review. The government already has produced more than 90 percent of the documents that it agreed to produce, and the overwhelming majority of those documents have been redacted heavily or withheld completely.[1] No matter what declaration or affidavit the government offers down the road, that declaration or affidavit will be inadequate because the

---

[1] On April 8, 2021, the FBI agreed to produce 1,563 records at a rate of 500 pages per month (Doc. No. 21). The Court accepted that schedule (Doc. No. 25). The FBI already has produced (or withheld) 1,500 pages, thus only 63 records remain to be produced (or withheld) by July 24, 2021 (Doc. No. 25).

FBI has already demonstrated its willingness to make false representations to the Court in order to conceal the records sought by the Plaintiff. *Stephenson*, 629 F.2d at 1145–46 and *Batton*, 598 F.3d at 176. In summary, document production is nearly complete and *in camera* review appears inevitable, so it might as well begin sooner rather than later.

Finally, the government did not oppose the Plaintiff's request to permit his counsel to review unredacted copies all documents pursuant to an "attorney's eyes only" order. Likewise, the government did not oppose the Plaintiff's request for permission to affiliate co-counsel with the necessary clearances to review classified documents.

> "The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal." *JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (citing *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n. 10 (S.D. Tex. 2003)); see also United States v. Reagan, 596 F.3d 251, 254–55 (5th Cir. 2010) (defendant's failure to offer any "arguments or explanation ... is a failure to brief and constitutes waiver"). "By analogy, failure to brief an argument in the district court waives that argument in that court." *JMCB*, 336 F. Supp. 3d at 634 (quoting *Magee*, 261 F. Supp. 2d at 748 n. 10); *see also Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), aff'd sub nom. *Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

*Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019). Insofar as the Plaintiff's requests were unopposed, they should be granted.

## Conclusion

The Plaintiff's motion should be granted, and the Court should review unredacted copies of all responsive documents *in camera*.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for Plaintiff Brian Huddleston**

## Certificate of Service

On July 5, 2021, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger