IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| | § | |
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

**FOURTH DECLARATION OF MICHAEL G. SEIDEL**

I, Michael G. Seidel, declare as follows:

(1)     I am the Section Chief of the Record/Information Dissemination Section

("RIDS"), Information Management Division ("IMD"), Federal Bureau of Investigation ("FBI"),

Winchester, Virginia. I joined the FBI in September 2011, and prior to my current position, I was

the Assistant Section Chief of RIDS from June 2016 to July 2020; Unit Chief, RIDS Litigation

Support Unit from November 2012 to June 2016; and an Assistant General Counsel, FBI Office

of the General Counsel, Freedom of Information Act ("FOIA") Litigation Unit, from September

2011 to November 2012. In those capacities, I had management oversight or agency counsel

responsibility for FBI FOIA and Privacy Act ("FOIPA") litigation cases nationwide. Prior to my

joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration ("DEA")

from September 2006 to September 2011, where among myriad legal responsibilities, I advised

on FOIPA matters and served as agency counsel representing the DEA in FOIPA suits

nationwide. I also served as a U.S. Army Judge Advocate General's Corps Officer in various

assignments from 1994 to September 2006 culminating in my assignment as Chief, General

1

Litigation Branch, U.S. Army Litigation Division where I oversaw FOIPA litigation for the U.S. Army. I am an attorney licensed in the State of Ohio and the District of Columbia.

(2)      In my official capacity as Section Chief of RIDS, I supervise approximately 237 FBI employees, supported by approximately 89 contractors, who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 13526, 75 Fed. Reg. 707 (Dec. 29, 2009) and the preparation of declarations in support of Exemption 1 claims asserted under the FOIA. The Section Chief, RIDS has been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 13526, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)      Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information pursuant to the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974 ("PA"), 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiffs' FOIA request that is subject of this litigation.

(4)      In response to Plaintiff's request, the FBI processed a total of 1,596 pages of

responsive records subject to the FOIA.[1]  Of the 1,596 pages processed, the FBI released 118

pages in part, released nine (9) pages in full, and withheld 1,469 pages in full pursuant to

applicable FOIA Exemptions or as duplicates to material reviewed and processed elsewhere in

the productions provided to Plaintiff.[2]  In addition, the FBI reviewed and marked 196 pages of

consulted records it received from OIP. The consulted material was returned to OIP for further

handling and inclusion in its releases to be provided to Plaintiff.

(5)      This is my fourth declaration in this case. It supplements and incorporates by

reference the information previously provided by me in my prior declarations dated December 8,

2020 ("First Seidel"), dated January 6, 2021 ("Second Seidel") and dated April 20, 2021 ("Third

Seidel"). (ECF Nos. 10-1, 12-1 and 23-1.)

(6)      The FBI submits this declaration in support of Defendant's motion for Summary

Judgment and to provide the Court with a brief administrative history of Plaintiff's requests, the

FBI's *Glomar* position with regard to third party information and techniques and procedures for

law enforcement investigations, the procedures used to search for, review and process responsive

records; and, in accordance with *Vaughn v. Rosen*, 424 F. 2d 820 (D.C. Cir. 1973), provide the

FBI's justification for withholding information in part or in full pursuant to FOIA Exemptions 1,

3, 4, 5, 6, 7(A), 7(C), 7(D) and 7(E), 5 U.S.C. §552(b)(1), (b)(3), (b)(4), (b)(5), (b)(6), (b)(7)(A),

(b)(7)(C), (b)(7)(D) and (b)(7)(E).

---

[1] Of the 1,596 pages of records, 827 pages, Bates-numbered FBI(20-cv-447)-733 through -1559, were part of the records referred by OIP to the FBI for direct response to the Plaintiff herein. *See infra*. ¶ 14.

[2] Upon further review of the processed records, it was determined that fifteen (15) pages of non-responsive material was inadvertently included in the records processed herein, withheld as duplicate and assigned Bates-numbers FBI(20-cv-447)-1540 through -1554.

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUESTS

(7)    Plaintiff's counsel submitted two (2) FOIA request letters dated April 9, 2020 and June 1, 2020, requesting records concerning multiple subjects. The April 9, 2020 request letter was divided into four (4) separate FOIA requests. Part I addresses the administrative history for Plaintiff's April 9, 2020 request, Part II addresses the administrative history for Plaintiff's June 1, 2020 request, and Part III addresses the FBI's *Glomar* responses.

### PART I:  PLAINTIFF'S APRIL 9, 2020 REQUEST

*FBI FOIPA Request Numbers 1465531, 1468034, 1468039, and 1468042*

(8)    By three (3) separate facsimile transmissions dated April 9, 2020, Plaintiff's counsel, Ty Clevenger, submitted a FOIA request, executed by Plaintiff, Brian Huddleston, to the FBI seeking records concerning Seth Rich. Specifically, Plaintiff requested:

1.    All data, documents, records, or communications (electronic or otherwise) created or obtained since January 1, 2016 that discuss or reference Seth Rich or Aaron Rich. This would include, but is not limited to, all data documents, records, or communications in the Washington Field Office, Computer Analysis Response Team ("CART"), and any other "cyber" unit within the FBI.

2.    All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (e.g., email) after his death.

3.    All data downloaded from all electronic devices that belonged to Seth Rich as well as all data, documents, records or communications indicating how the devices were obtained and who was responsible for downloading the information.

4.    All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc. that were obtained by the FBI while assisting Special Counsel Robert Mueller's investigation.

5.      All documents, communications, records or other evidence reflecting orders or directions (whether formal or informal) for the handling of any evidence pertaining to Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

6.      All documents, records, or communications exchanged with any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder or (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

7.      All recordings, transcripts, or notes (e.g., FD-302 forms) reflecting any interviews of Aaron Rich, Deborah Sines or any other witness regarding (1) the death of Seth Rich, (2) the transfer of data from the Democratic National Committee to Wikileaks, or (3) any attempt to hack into electronic or internet accounts (e.g., email) belonging to Seth Rich.

8.      All data, documents, records or communication obtained or produced by the FBI's Computer Analysis and Response Team ("CART") or any other FBI cyber unit regarding Seth Rich and/or Aaron Rich.

9.      All data, documents, records or communications (including texts or emails) that reflect any meetings or communications from July 10, 2016 until July 10, 2017 between former FBI Deputy Director Andrew McCabe and any and all of the following: (1) Seymour Myron "Sy" Hersh (born on or about April 8, 1937); (2) Washington, D.C. Mayor Muriel Bowser; and/or (3) former Democratic National Committee Interim Chairwoman Donna Brazile.

10.     If any of the items or things requested in this subpoena were discarded or destroyed produce all data, documents, records or communication reflecting that fact.

(**Ex. A**.)

(9)     At the time Plaintiff transmitted his April 9, 2020 FOIA request to the FBI, the FBI's FOIA program had not resumed operation. Specifically, as set forth in my First Seidel Declaration, on March 17, 2020, RIDS temporarily halted its FOIA program in response to the COVID-19 pandemic.[3]  RIDS management continually monitored the situation and ultimately

---

[3] A limited number of employees were permitted to rotate into the office during the temporary suspension of FOIA operations to handle any emergencies or critical issues arising during the

begin bringing employees back to work safely in a limited fashion in order to resume FOIA

operations starting on April 29, 2020. It wasn't until June 8, 2020 that RIDS returned to a 100%

staffing posture. (ECF No. 10-1, pages 4-6, ¶¶ 11-15.)

(10)     On June 1, 2020, Plaintiff filed his Complaint in the instant action. (ECF No. 1).

(11)     By letter dated June 19, 2020, the FBI acknowledged receipt of Plaintiff's

FOIA request, and notified Plaintiff it had assigned his request FBI FOIPA Request

Number 1465531-000. The FBI advised Plaintiff for administrative tracking purposes, additional

FOIA numbers may be assigned if it is determined his request seeks records about multiple

subjects. The FBI also advised Plaintiff that for purposes of assessing any fees, the FBI

determined as a general (all other) requester, Plaintiff would be charged applicable search and

duplication fees. Additionally, the FBI informed Plaintiff he could check the status of his request

and/or contact the FBI with any questions at www.fbi.gov/foia. Furthermore, Plaintiff could

appeal the FBI's response to the DOJ, Office of Information Policy ("OIP") within ninety (90)

days of its letter, contact the FBI's public liaison, and or seek dispute resolution services by

contacting the Office of Government Information Services ("OGIS"). (**Ex. B**.)

(12)     By letter dated July 2, 2020, the FBI advised Plaintiff that for additional

administrative tracking purposes, FOIPA numbers were assigned to his request as follows:

> Original FOIPA Request Numbers: 1465531
> Subject:  Seth Rich (January 1, 2016 to present)[4]
>
> Additional FOIPA Request Numbers: 1468034
> Subject:  Aaron Rich
>
> Additional FOIPA Request Numbers: 1468039
> Subject:  Deborah Sines

---

period, to operate the eFOIA portal, and to receive and route as appropriate mail and submissions
to the eFOIA portal.

[4] The handling of this request also included OIP Referrals/Consultations.

Additional FOIPA Request Numbers: 1468042
Subject:  Meetings and Communications between former FBI Director Andrew McCabe and Seymour Myron "Sy" Hersh, Washington, DC Mayor Muriel Bowser and/or DNC Interim Chairwoman Donna Brazile (July 10, 2016 – July 10, 2017)

The FBI further advised Plaintiff he could check the status of his request and/or contact the FBI with any questions at www.fbi.gov/foia. Furthermore, Plaintiff could appeal the FBI's response to OIP within ninety (90) days of its letter, contact the FBI's public liaison, and or seek dispute resolution services by contacting OGIS. (**Ex. C**.)

(13)    On July 7, 2020, Plaintiff filed a "First Amended Complaint" in the instant action. (ECF No. 7.)

*FOIPA Request Number 1465531; Subject: Seth Rich (January 1, 2016 to present) and OIP Referrals/Consultations*

(14)    By email dated February 8, 2021, OIP referred to the FBI approximately 1,296 pages and a link to an excel spreadsheet which when converted totaled 75 pages. An FBI RIDS employee reviewed the material and determined that some of the material consisted of court documents, draft documents originating with the U.S. Department of Justice, Special Counsel's Office ("SCO"), an Executive Session interview transcript, and SCO email communications. Following a review of the records, numerous discussions occurred between FBI counsel and OIP's counsel. Through these discussions it was agreed that the FBI would handle approximately 180 pages[5] of the material as a consultation to the FBI with a response back to OIP; while the

---

[5] The approximately 180 pages were numbered Document IDs: 0.7.5411.5788-000002, 0.7.5411.6226-000002, 0.7.5411.6240-000001, 0.7.5411.6197-000001, 0.7.5411.6236-000001, 0.7.5411.7068, 0.7.5411.7148-000039, 0.7.5411.6336, 0.7.5411.6183, 0.7.5411.7142-000001, 0.7.5411.6511, 0.7.5411.6673, 0.7.5411.5975, 0.7.5411.5236, 0.7.5411.5237, 0.7.5411.6579, 0.7.5411.5221, 0.7.5411.6890, 0.7.5411.6682, 0.7.5411.5609, 0.7.5411.5938, 0.7.5411.5935, 0.7.5411.5605, 0.7.5411.5202, 0.7.5411.6578-000002, 0.7.5411.12962, 0.7.5411.18555, 0.7.5411.18558, and 0.7.5411.18476.

remaining material would be handled as a referral for direct response to the Plaintiff herein.

(15)     By letter dated April 21, 2021, the FBI responded to OIP's consult request

concerning the approximately 180 pages,[6] advising that portions of information contained within

the records should be withheld pursuant to FOIA Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(C),

(b)(7)(D) and (b)(7)(E).[7]

(16)     By letter dated April 23, 2021, the FBI made a release of records to Plaintiff in

response to FOIPA Request Number 1465531. The FBI advised Plaintiff it reviewed 576 pages

and released 68 pages in full or in part, with certain information withheld pursuant to FOIA

Exemptions (b)(1), (b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D), and (b)(7)(E). The FBI

further advised Plaintiff he could appeal the FBI's response to OIP within ninety (90) days of its

letter. Alternatively, Plaintiff could contact the FBI's public liaison or seek dispute resolution

services from OGIS. In addition, the FBI advised Plaintiff that: (i) the records are Bates-

numbered FBI(20-cv-447)-1 through FBI(20-cv-447)-576; (ii) no "main" investigative files

pertaining to the subject of Plaintiff's request were located; (iii) the records included in this

release were cross-references[8]  which were identifiable with the subject of the request; (iv)

[6] OIP later advised the FBI that one of the pages contained in the 180 pages was determined to be not responsive, thus that page would not be included in its release to Plaintiff.

[7] By letter dated May 7, 2021, OIP provided its response to Plaintiff concerning these materials. In its letter, OIP advised Plaintiff, it processed an additional 179 pages responsive to his request, withheld in full 121 pages pursuant to Exemptions 3, 5, 6, 7(C), 7(D) and 7(E) of the FOIA, 5 U.S.C. §§ 552(b)(3), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E), and withheld in full 58 pages pursuant to FOIA Exemptions 3, 5, 6, 7(C) and 7(E).

[8] Cross-references, also commonly referred to as "reference serials" are records that merely mention or reference an individual, organization, or other subject matter that is contained in a main file record about a different subject matter. Information concerning the FBI's processing of references serials is contained in the Third Seidel Declaration, ¶¶ 14(a)-(g) and Footnotes 8-10. Footnote 10, set forth the manner in which the reference serials responsive to Plaintiff's FOIA requests were processed.  Specifically, it stated that:  "Ordinarily, the pages provided for context include the first page of the document (because it often includes the date and purpose relating to

8

FBI(20-cv-447)-422 represents a compact disc wherein all of the contents are being withheld in their entirety pursuant to FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E); (v) sealed court records are not eligible for release under the FOIA; and (vi) duplicate copies of the same document were not processed. (**Ex. D**.)

(17)     By letter dated May 24, 2021, the FBI made a second release of records to Plaintiff in response to FOIPA Request Number 1465531. The FBI advised Plaintiff it reviewed 500 pages and released 52 pages in full or in part, with certain information withheld pursuant to FOIA Exemptions (b)(1), (b)(3), (b)(4), (b)(5), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D), and (b)(7)(E). The FBI further advised Plaintiff he could appeal the FBI's response to OIP within ninety (90) days of its letter. Alternatively, Plaintiff could contact the FBI's public liaison or seek dispute resolution services from OGIS. In addition, the FBI advised Plaintiff that: (i) the records are Bates-numbered FBI(20-cv-447)-577 through FBI(20-cv-447)-1076; (ii) no "main" investigative files pertaining to the subject of Plaintiff's request were located; (iii) the records included in this release were cross-references which were identifiable with the subject of the request; (iv) sealed court records are not eligible for release under the FOIA; and (v) duplicate copies of the same document were not processed. (**Ex. E**.)

(18)     By letter dated June 24, 2021, the FBI made a combined release of records to Plaintiff in response to FOIPA Request Number 1465531 and 1465971. The FBI advised Plaintiff it reviewed 489 pages and released 5 pages in full or in part, with certain information withheld pursuant to FOIA Exemptions (b)(3), (b)(6), (b)(7)(C), and (b)(7)(E). . The FBI further advised Plaintiff he could appeal the FBI's response to OIP within ninety (90) days of its letter.

---

responsive page), the page on which the subject of the FOIA request is mentioned, and any additional pages (often the page before and/or after the mention, if relevant) necessary to understand the context in which the mention of the subject appears.

Alternatively, Plaintiff could contact the FBI's public liaison or seek dispute resolution services from OGIS. In addition, the FBI advised Plaintiff that:  (i) the records are Bates-numbered FBI(20-cv-447)-1077 through FBI(20-cv-447)-1565; (ii) no "main" investigative files pertaining to the subject of Plaintiff's request were located; (iii) the records included in this release were cross-references which were identifiable with the subject of the request; (iv) FBI(20-cv-447)-1565 represents one digital video disc wherein all of the contents are being withheld in their entirety pursuant to FOIA Exemptions (b)(6), (b)(7)(C) and (b)(7)(E); (v) FBI(20-cv-447)-1562 through FBI(20-cv-447)-1564 are responsive to FOIPA Request Number 1465971; and (vi) duplicate copies of the same document were not processed. (**Ex. F**.)

(19)     By letter dated July 23, 2021, the FBI made a fourth release of records to Plaintiff in response to FOIPA Request Number 1465531.[9]  The FBI advised Plaintiff it reviewed 31 pages and released two (2) pages in full or in part, with certain information withheld pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). The FBI further advised Plaintiff he could appeal the FBI's response to OIP within ninety (90) days of its letter. Alternatively, Plaintiff could contact the FBI's public liaison or seek dispute resolution services from OGIS. In addition, the FBI advised Plaintiff that: (i) the records are Bates-numbered FBI(20-cv-447)-1566 through FBI(20-cv-447)-1596; (ii) no "main" investigative files pertaining to the subject of Plaintiff's request were located; (iii) the records included in this release were cross-references which were identifiable with the subject of the request; and (iv) sealed court records are not

---

[9] The FBI included in the reference portion of this release letter information concerning FOIPA Number 1465971, Subject:  Crossfire Hurricane Code names. This information was included in error as the records reviewed for this release only pertain to FOIPA Number 1465531-000, Subject: Seth Rich (January 1, 2016 to present).

eligible for release under the FOIA. (**Ex. G**.)

(20)　By email dated November 8, 2021, OIP referred to the FBI sixteen (16) pages. An FBI RIDS employee reviewed the material and determined that the material consisted of email communications that did not originate with the FBI. Following a review of the records, communications were exchanged with OIP's counsel and it was agreed that the FBI would handle these pages[10] of the material as a consultation to the FBI with a response back to OIP.

(21)　By letter dated November 19, 2021, the FBI responded to OIP's consult request concerning the sixteen (16) pages, advising that portions of information contained within the records should be withheld pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E).

*FOIPA REQUEST NUMBER 1468034; SUBJECT: AARON RICH*

(22)　By letter dated July 2, 2020, the FBI acknowledged receipt of Plaintiff's FOIA request, and notified Plaintiff it had assigned his request FBI FOIPA Request Number 1468034. The FBI informed Plaintiff he requested information on one or more third party individuals and the FBI would neither confirm nor deny the existence of such records pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. 552(b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is the FBI's standard response to such requests and should not be taken to mean that records did, or did not, exist. Additionally, the FBI advised it was closing Plaintiff's request. The FBI instructed Plaintiff to visit www.fbi.gov, select "Services," "Information Management," and "Freedom of Information/Privacy Act" for more information about making requests for records on third party individuals (living or deceased). Finally, the FBI informed Plaintiff he could appeal the FBI's

---

[10] The sixteen (16) pages were bates-numbered 20-cv-0447-00009 through -00015, -00030 through -00036, -00227 and -00794.

response to OIP within ninety (90) days of its letter, contact the FBI's public liaison, and or seek

dispute resolution services by contacting OGIS. (**Ex. H**.)

*FOIPA Request Number 1468039; Subject: Deborah Sines*

(23)     By letter dated July 2, 2020, the FBI acknowledged receipt of Plaintiff's FOIA

request, and notified Plaintiff it had assigned his request FBI FOIPA Request Number 1468039.

The FBI informed Plaintiff he requested information on one or more third party individuals and

the FBI would neither confirm nor deny the existence of such records pursuant to FOIA

Exemptions 6 and 7(C), 5 U.S.C. 552(b)(6) and (b)(7)(C). The mere acknowledgement of the

existence of FBI records on third party individuals could reasonably be expected to constitute an

unwarranted invasion of personal privacy. This is the FBI's standard response to such requests

and should not be taken to mean that records did, or did not, exist. Additionally, the FBI advised

it was closing Plaintiff's request. The FBI instructed Plaintiff to visit www.fbi.gov, select

"Services," "Information Management," and "Freedom of Information/Privacy Act" for more

information about making requests for records on third party individuals (living or deceased).

Finally, the FBI informed Plaintiff he could appeal the FBI's response to OIP within ninety (90)

days of its letter, contact the FBI's public liaison, and or seek dispute resolution services by

contacting OGIS. (**Ex. I**.)

*FOIPA Request Number 1468042; Subject: Meetings and Communications*
*between former FBI Director Andrew McCabe and*
*Seymour Myron "Sy" Hersh, et al., (July 10, 2016 – July 10, 2017)*

(24)     By letter dated August 6, 2020, the FBI acknowledged receipt of Plaintiff's FOIA

request, and notified Plaintiff it had assigned his request FBI FOIPA Request Number 1468042.

The FBI advised Plaintiff it conducted a search of the places reasonably expected to have

records; however, it was unable to identify records responsive to Plaintiff's request.

Additionally, the FBI advised it was closing Plaintiff's request. The FBI also supplied an FBI

FOIPA Addendum with additional explanation as to its standard responses to FOIPA requests

and informed Plaintiff he could seek additional information regarding the FBI's determinations

by visiting www.fbi.gov/foia. Lastly, the FBI advised Plaintiff he could appeal the FBI's

determinations by filing an administrative appeal with OIP within ninety (90) days of the date of

the letter, seek dispute resolution services by contacting OGIS, or contact the FBI's FOIA public

liaison. (**Ex. J**.)

<div align="center">PART 2: PLAINTIFF'S JUNE 1, 2020 FOIA REQUEST</div>

<div align="center">*FBI FOIPA Request Number 1465971-000; Subject:  Crossfire Hurricane Code Names*</div>

(25)    By letter dated June 1, 2020, Plaintiff submitted a FOIA request to the

FBI seeking records concerning code names assigned to individuals as part of the Crossfire

Hurricane investigation, including, Seth Conrad Rich and Aaron Nathan Rich. Specifically,

Plaintiff requested:

> 1.    Documents, records or communications revealing the code names assigned to any and all individuals as part of the Crossfire Hurricane investigation.
>
> 2.    Documents, records, or communications revealing the code names assigned to any and all sub-sections of the Crossfire Hurricane investigation.
>
> 3.    Documents, records, or communications revealing the code names assigned to Seth Conrad Rich.
>
> 4.    Documents, records, or communications revealing the code names assigned to Aaron Nathan Rich.

(**Ex. K**.)

(26)    By letter dated July 7, 2020, the FBI acknowledged receipt of Plaintiff's

FOIA request, and notified Plaintiff it had assigned his request FBI FOIPA Request

Number 1465971-000. The FBI also advised Plaintiff that for purposes of assessing any fees, the

FBI determined as a general (all other) requester, Plaintiff would be charged applicable search

and duplication fees. Additionally, the FBI informed Plaintiff he could check the status of

his request and/or contact the FBI with any questions at www.fbi.gov/foia. Furthermore,

Plaintiff could appeal the FBI's response to OIP within ninety (90) days of its letter, contact the

FBI's public liaison, and or seek dispute resolution services by contacting OGIS. (**Ex. L**.)

(27)    By letter dated August 6, 2020, the FBI informed Plaintiff it could neither confirm

nor deny the existence of records responsive to Plaintiff's request pursuant to FOIA

Exemptions (b)(6), (b)(7)(C), and (b)(7)(E). The FBI is an intelligence agency as well as a law

enforcement agency. In its capacity as an intelligence agency, the FBI compiles records while

carrying out its responsibilities to investigate threats to national security and gather foreign

intelligence. Plaintiff requested information on one or more third party individuals and the FBI

will neither confirm nor deny the existence of such records pursuant to FOIA Exemptions 6 and

7(C), 5 U.S.C. 552(b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI

records on third party individuals could reasonably be expected to constitute an unwarranted

invasion of personal privacy. This is the FBI's standard response to such requests and should not

be taken to mean that records did, or did not, exist. Additionally, the FBI advised FOIA

Exemption (b)(7)(E) protects "records or information compiled for law enforcement purposes

when disclosure would disclose techniques and procedures for law enforcement investigations or

prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if

such disclosure could reasonably be expected to risk circumvention of the law."  Further, the FBI

advised it was closing Plaintiff's request. The FBI also supplied an FBI FOIPA Addendum with

additional explanation as to its standard responses to FOIPA requests and informed Plaintiff he

could seek additional information regarding the FBI's determinations by visiting

www.fbi.gov/foia. Lastly, the FBI advised Plaintiff he could appeal the FBI's determinations by

filing an administrative appeal with OIP within ninety (90) days of the date of the letter, seek dispute resolution services by contacting OGIS, or contact the FBI's FOIA public liaison. (**Ex. M**.)

(28)    The FBI determined that its initial (b)(6), (b)(7)(C) and (b)(7)(E) *Glomar* response provided to Plaintiff in response to his June 1, 2020 request had been partially pierced as it related to Items 1 and 2 of his request. The FBI reached out to Plaintiff's counsel via the Assistant United States Attorney ("AUSA") on or about April 13, 2021 to determine what specific documents the Plaintiff is looking for to satisfy his request, (*i.e.* a list of code names and the true names they correspond to for the Crossfire Hurricane investigation, etc.). Plaintiff advised that he would be willing to narrow the request to locating a single document for each individual/file that contains the code name, understanding that the records will be redacted pursuant to applicable FOIPA exemptions. (ECF No. 23-1, pages 3-4, ¶¶ 10-11.)

(29)    By letter dated June 24, 2021, the FBI made a combined release of records to Plaintiff in response to FOIPA Request Numbers 1465531 and 1465971. This letter has been more fully described, *supra* ¶ 18.

PART 3:  *GLOMAR* RESPONSES

*(b)(6) and (b)(7)(C) Glomar - FOIPA Request Numbers 1468034 and 1468039 and (b)(6), (b)(7)(C) and (b)(7)(E) Glomar - FOIPA Request Numbers 1465971*

(30)    The FBI relies on a *Glomar* response in instances which, assuming that responsive records existed, even acknowledging their existence would result in harms protected against by one or more FOIA exemptions. [11]  To be credible and effective, the FBI must use a

---

[11] The phrase "*Glomar* response" stems from a case in which a FOIA requester sought information concerning a ship named the *Hughes Glomar Explorer*, and the CIA refused to confirm or deny its relationship with the *Glomar* vessel because to do so would compromise the national security or divulge intelligence sources and methods. *Phillipi v. CIA*, 655 F.2d 1325 (D.C. Cir. 1981). *Glomar* responses are proper "if the fact of the existence or nonexistence of

*Glomar* response in all similar cases regardless of whether responsive records actually exist, including instances in which the FBI does not possess records responsive to a particular request. If the FBI were to issue a *Glomar* response only when it actually possessed responsive records, the *Glomar* response would be interpreted as an admission that responsive records exist.

(31)     The FBI has determined that merely acknowledging the existence or non-existence of records responsive to Plaintiff's requests would trigger harm under FOIA Exemptions (b)(6) and (b)(7)(C) with respect to Aaron Rich and Deborah Sines, and under FOIA Exemptions (b)(6), (b)(7)(C) and/or (b)(7)(E) with respect to code names assigned to individuals, as part of its Crossfire Hurricane investigation and code names assigned to Seth Conrad Rich and Aaron Nathan Rich.

(32)     Pursuant to Exemptions (b)(6) and (b)(7)(C), the FBI does not release information associating particular individuals with its law enforcement or intelligence activities. Pursuant to Exemption (b)(7)(E) the FBI does not release information about records or information compiled for law enforcement purposes when disclosure would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law The FBI also refuses to confirm or deny the existence of responsive records when doing so could provide these types of information.

*(b)(6) and (b)(7)(C) Glomar*

(33)     The FOIA exempts from disclosure records related to third parties if release of the information could be expected to constitute an unwarranted invasion of personal privacy.

(34)     Specifically, the FOIA provides that Exemption (b)(6) exempts from disclosure

---

agency records falls within a FOIA exemption." *Wolf v. C.I.A.*, 473 F.3d 370, 374 (D.C. Cir. 2007).

"personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

(35)     Exemption (b)(7)(C) exempts from disclosure "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

(36)     Pursuant to long standing policy, the FBI will not confirm or deny the existence of law enforcement records about a third party in the absence of a privacy waiver or proof of death, unless the requester establishes a public interest in disclosure that outweighs the third party's privacy interests. The FBI instituted this policy in order to protect the privacy rights of individuals, particularly those who appear in FBI law enforcement files. It is well-recognized that individuals have substantial privacy interests in relation to being associated with law enforcement investigations because any such association can engender comment, speculation, or harassment; can be embarrassing and stigmatizing; and can, in some circumstances, result in physical harm or threats of harm or death. Statements by an individual alluding to or acknowledging an association with a law enforcement investigation do not extinguish his or her privacy interests or constitute a waiver of privacy interests.

(37)     If a requester establishes a public interest, then the FBI will balance those interests against the third party's privacy interests. This balancing is done on a case-by-case basis. The FBI will process a request for and release non-exempt law enforcement records about a third party only if it determines that the public interest outweighs the individual's privacy interests after conducting a balancing analysis. The balancing analysis in each case is necessarily fact specific. Thus, each request must be treated individually, and the FBI must retain flexibility

in the way in which it handles each request.

(38)     In response to Plaintiff's requests assigned FOIPA Request Numbers 1468034 (Subject: Aaron Rich), 1468039 (Subject: Deborah Sines), and 1465971 (Subject:  Crossfire Hurricane Code Names), the FBI first determined that Plaintiff's third-party requests for records concerning Aaron Rich, Deborah Sines, and individuals who were assigned code names as part of the Crossfire Hurricane investigation, were not accompanied by either privacy waivers or proofs of death. Second, the FBI determined Plaintiff's request letters did not provide sufficient evidence of a significant public interest in disclosure of the materials sought concerning these third parties. *See supra* ¶¶ 8 and 25, describing Plaintiff's request letters.

*(b)(7)(E) Glomar*

(39)     The FOIA exempts from disclosure "records or information compiled for law enforcement purposes [when disclosure] would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). This exemption affords categorical protection to techniques and procedures used in law enforcement investigations; it provides techniques and procedures that are not well-known to the public as well as non-public details about the use of well-known techniques and procedures.

(40)     How, to whom, and under what circumstances the FBI assigns code-names to individuals or operations -- is itself a law enforcement technique or procedure that the FBI protects pursuant to Exemption (b)(7)(E). Code names are unique and assigned solely to one particular subject or initiative of national security interest. Code names are used in lieu of the actual name, description, and information concerning a specific subject or initiative of national

security interest.

(41)    Thus, merely acknowledging the existence or non-existence of records responsive to Plaintiff's requests would trigger harm under FOIA Exemptions (b)(7)(E) with respect to code names assigned to individuals.

*Partial Piercing of (b)(6), (b)(7)(C) and (b)(7)(E) Glomar*

*FOIPA Request Number 1465971*

(42)    When the FBI initially received Plaintiff's June 1, 2020 FOIA request wherein, in Items 1 and 2, he requested records pertaining to individuals assigned code names as part of the Crossfire Hurricane investigation, it neither confirmed nor denied the existence of third party records without consented authorization, proof of death, justification of public interest disclosure which would outweigh the third party individuals' rights or the existence or non-existence of code names.

(43)    The FBI later became aware of the official, public acknowledgment contained in the U.S. Department of Justice, Office of Inspector General's, December 2019 (Revised) report entitled, "Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation" wherein on page 109 of the report, it identifies that codenames were used in a written summary to identify Page and Flynn.[12]  The specific language in the report reads as follows:

> Case Agent 2 told the OIG that he informed Steele that the FBI was
> interested in obtaining information in "3 buckets."  According to Case

---

[12] *See* https://www.justice.gov/storage/120919-examination.pdf or
https://www.oversight.gov/report/doj/review-fourfisa-applications-and-other-aspects-
fbi%E2%80%99s-crossfire-hurricane-investigation.

Agent 2's written summary of the meeting, as well as the Supervisory Intel Analyst's notes, these 3 buckets were:

Additional intelligence/reporting on specific, named individuals (such as [Page] or [Flynn]) involved in facilitating the Trump campaign-Russian relationship;[241] (2) Physical evidence of specific individuals involved in facilitating the Trump campaign-Russian relationship (such as emails, photos ledgers, memorandums etc.); [and] (3) Any individuals or sub sources who [Steele] could identify who could serve as cooperating witnesses to assist in identifying persons involved in the Trump campaign-Russian relationship.

[241] The written summary used codenames to identify Page and Flynn.
[242] The FBI advised the OIG that the Crossfire Hurricane Investigation was a national security investigation, and these activities therefore involved national security [redacted] CHS operations [redacted].

(44)    Taking into consideration this public acknowledgment, which partially pierced the FBI's 6, 7(C) and 7(E) *Glomar* veil, the FBI through its counsel asked the AUSA to communicate with Plaintiff's counsel to determine (1) if Plaintiff was asking for a list of code names and the true names they correspond to for the Crossfire Hurricane investigation; (2) would Plaintiff be willing to accept such a list to satisfy the request, understanding the list will likely be redacted; or (3) would Plaintiff be willing to narrow the request to locating a single document for each individual/file that shows the code name (rather than processing every single document that references the code name), again with the understanding that the records will be redacted pursuant to applicable FOIA exemptions.

(45)    The AUSA advised that Plaintiff agreed to option 3 (narrowing the request to locating a single document for each individual/file that contains the code name), understanding that the records will be redacted pursuant to applicable FOIA exemptions.

(46)    FBI-RIDS conducted a search for records responsive to the Plaintiff's narrowed request and provided responsive records to Plaintiff in its June 24, 2021 combined release.[13]

---

[13]  The responsive records were Bates-numbered pages FBI(20-cv-447)-1562 thru -1564.

Details concerning the FBI's search for records responsive to Items 1 and 2 of Plaintiff's narrowed FOIPA Request Number 1465971 is more fully described *infra* ¶ 69 and details concerning the FBI's June 24, 2021 combined release is more fully described *supra* ¶¶ 18 and 29.

## THE FBI'S CENTRAL RECORDS SYSTEM

(47)    The Central Records System ("CRS") is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its mission and integrated functions as a law enforcement, counterterrorism, and intelligence agency to include performance of administrative and personnel functions. The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters ("FBIHQ"), FBI Field Offices, and FBI legal attaché offices ("legats") worldwide.

(48)    The CRS consists of a numerical sequence of files, called FBI "classifications," which are organized according to designated subject categories. The broad array of CRS file classification categories include types of criminal conduct and investigations conducted by the FBI, as well as categorical subjects pertaining to counterterrorism, intelligence, counterintelligence, personnel, and administrative matters. For identification and retrieval purposes across the FBI, when a case file is opened, it is assigned a Universal Case File Number ("UCFN") consisting of three sequential components: (a) the CRS file classification number, (b) the abbreviation of the FBI Office of Origin ("OO") initiating the file, and (c) the assigned individual case file number for that particular subject matter.[14] Within each case file, pertinent

---

[14] For example, in fictitious file number "11Z-HQ-56789," "11Z" indicates the file classification, "HQ" indicates that FBI Headquarters is the FBI OO of the file, and "56789" indicates the assigned case specific file number.

documents of interest are "serialized," or assigned a document number in the order which the document is added to the file, typically in chronological order.

## THE CRS GENERAL INDICES AND INDEXING

(49)    The general indices to the CRS are the index or "key" to locating records within the enormous amount of information contained in the CRS. The CRS is indexed in a manner which meets the FBI's investigative needs and priorities, and allows FBI personnel to reasonably and adequately locate pertinent files in the performance of their law enforcement duties. The general indices are arranged in alphabetical order and comprise an index on a variety of subject matters to include individuals, organizations, events, and other subjects of investigative interest that are indexed for future retrieval. The entries in the general indices fall into two categories:

> A. <u>Main entry</u>. A main index entry is created for each individual or non-individual that is the subject or focus of an investigation. Main subject(s) are identified in the case title of a file.

> B. <u>Reference entry</u>. A reference index entry is created for each individual or non-individual associated with an investigation, but who or which are not the main subject or focus of the investigation. Reference subjects are typically not identified in the case title of a file.

(50)    FBI employees may index information in the CRS by individual (persons), by organization (organizational entities, places, and things), and by event (e.g., a terrorist attack or bank robbery). Indexing information in the CRS is done at the discretion of FBI investigators when information is deemed of sufficient significance to warrant indexing for future retrieval. Accordingly, the FBI does not index every individual name or other subject matter in the general

indices.

## AUTOMATED CASE SUPPORT

(51)     Automated Case Support ("ACS") was an electronic, integrated case management system that became effective for FBIHQ and all FBI Field Offices and legats on October 1, 1995. As part of the ACS implementation process, over 105 million CRS records were converted from automated systems previously utilized by the FBI into a single, consolidated case management system accessible by all FBI offices. ACS had an operational purpose and design to enable the FBI to locate, retrieve, and maintain information in its files in the performance of its mission and myriad functions.[15]

## THE UNIVERSAL INDEX

(52)     The Universal Index ("UNI") was the automated index of the CRS and searchable via ACS. It provided all offices of the FBI with a centralized, electronic means of indexing pertinent investigative information to FBI files for future retrieval via index searching. Individual names were recorded with applicable identifying information, such as date of birth, race, sex, locality, social security number, address, and/or date of an event. ACS implementation built upon and incorporated prior automated FBI indices; therefore, a search employing the UNI application of ACS encompassed data already indexed into the prior automated systems superseded by ACS. As such, a UNI index search in ACS could locate FBI records in both paper and electronic formats created before its 1995 FBI-wide implementation.[16]

---

[15] ACS was, and the next generation Sentinel system is, relied upon by the FBI daily to fulfill essential functions such as conducting: criminal, counterterrorism, and national security investigations; background investigations; citizenship and employment queries, and security screening, including presidential protection.

[16] Older CRS records that were not indexed into UNI as a result of the 1995 ACS consolidation remain searchable by manual review of index cards, known as the "manual indices." A search of the manual indices is triggered for requests on individuals if the person was born on or before

ACS AND SENTINEL

(53)     Sentinel is the FBI's next generation case management system that became

effective FBI-wide on July 1, 2012. Sentinel provides a web-based interface to FBI users, and it

includes the same automated applications that were utilized in ACS. After July 1, 2012, all FBI

generated records are created electronically in case files via Sentinel; however, Sentinel did not

replace the relevance of ACS as an important FBI search mechanism. Just as pertinent

information was indexed into UNI for records generated in ACS before July 1, 2012, when a

record is generated in Sentinel, information is indexed for future retrieval.

(54)     On August 1, 2018, ACS was decommissioned and ACS data was migrated into

Sentinel, including the ACS indices data and digitized investigative records formerly available in

ACS. Sentinel retains the index search methodology and function whereby the CRS is queried,

now via Sentinel, for pertinent indexed main or reference entries in case files. All CRS index

data from the UNI application previously searched via ACS is now searched through the "ACS

Search" function within Sentinel.

(55)     Upon receipt of a FOIPA request where the subject matter predates the

implementation of Sentinel, the FBI's RIDS generally begins its FOIPA searching efforts by

conducting index searches via the "ACS Search" function in Sentinel. RIDS then builds on its

ACS index search by conducting an index search of Sentinel records to ensure it captures all

relevant data indexed after the implementation of Sentinel. A search of the CRS automated

indices, available within Sentinel and the ACS search function in Sentinel, in most cases

represent the most reasonable means for RIDS to locate records potentially responsive to FOIPA

---

January 1, 1958; and for requests seeking information about organizations or events on or before
January 1, 1973. Records created after these dates would be captured through an automated
index search.

requests. This is because these automated indices provide access to a comprehensive, agency-wide set of indexed data on a wide variety of investigative and administrative subjects. Currently, these automated indices consist of millions of searchable records and are updated daily with material newly indexed in Sentinel.

(56)     The identification of records indexed to the subject of a FOIPA request does not automatically mean the indexed records are responsive to the subject. Index searches are the means by which potentially responsive records are located, but ultimately, a FOIPA analyst must consider potentially responsive indexed records against the specific parameters of individual requests. Responsiveness determinations are made once indexed records are gathered, analyzed, and sorted by FOIPA analysts who then make informed scoping decisions to determine the total pool of records responsive to an individual request.

## ELECTRONIC SURVEILLANCE INDICES

(57)     The Electronic Surveillance ("ELSUR") indices comprise records related to electronic surveillance sought, administered, and/or conducted by the FBI since January 1, 1960.[17] The ELSUR indices include records of (a) targeted individuals and entities of electronic surveillance pursuant to court order, consensual monitoring, or other authority; (b) owners, lessors, or licensors of the premises where the FBI conducted electronic surveillance; (c) and individuals identified as participants of monitored/recorded conversations.

(58)     Since January 1, 1960, FBI Field Offices included in their ELSUR indices -- and reported to FBIHQ for inclusion in its ELSUR index -- the names of all persons whose communications have been monitored through an FBI microphone installation or a telephone

---

[17] *See* Privacy Act Systems of Records Notice JUSTICE/FBI-006; 72 F.R. 3410 (Jan. 25, 2007) (last publication of complete notice).

surveillance. On or about October 9, 1991, the ELSUR indices were automated FBI-wide,[18] and

since that time, FBIHQ and all FBI field offices have electronically generated, maintained,

modified, and accessed all ELSUR records.

(59)    Similar to the consolidation of all indexed record data from prior automated CRS

systems superseded by ACS, the prior automated ELSUR indices also interfaced with ACS upon

its implementation in 1995. As a result, the names of monitored subjects by FBIHQ or FBI Field

Offices since January 1, 1960 are indexed within, and searchable by, the same UNI application

employed to locate CRS records. For clarity, while the ELSUR indices has a distinct legal

identity from the CRS as a different Privacy Act System of Records, in terms of function,

information from the ELSUR indices and the CRS is indexed and retrieved via index searches of

the automated indices in Sentinel.

### ADEQUACY OF SEARCHES

*FOIPA REQUEST NUMBER 1465531-000*
*SUBJECT:  SETH RICH (JANUARY 1, 2016 TO PRESENT)*

(60)    <u>Main and Reference Files</u>. RIDS' policy is to search for and identify only "main"

files responsive to most FOIPA requests at the administrative stage. Often, after the filing of a

complaint, RIDS conducts an additional search for cross-reference files to locate any reference

material potentially responsive to a plaintiff's request. RIDS conducted its initial search for

records concerning Seth Rich, after the Plaintiff filed his Complaint. Thus, the searches

described below were conducted to locate both main and cross-reference files.

(61)    <u>Initial Search for responsive records</u>:  RIDS, having knowledge of the processing

---

[18] Prior to automation, the ELSUR indices consisted of index cards on targets of wire, oral, or
electronic surveillance by the FBI from 1960 to 1991.

and release of an email chain[19] in response to another FBI FOIA litigation concerning email

communications between Peter Strzok and Lisa Page,[20] initially conducted a term search on June

15, 2020 of the material to be reviewed and processed in response to that Civil Action to locate

any additional records responsive to Plaintiff's request herein. The terms used when conducting

the search were "Seth Rich" and "Seth Conrad Rich". Since Plaintiff specified in this FOIPA

request that he was requesting records created or obtained since January 1, 2016. The FBI

established the search cut-off date of June 15, 2020, as that was the date of its first substantive

search for records responsive to Plaintiff's request.

(62)   Index Searching. As stated above, to locate CRS information, RIDS employs an

index search methodology. Index searches of the CRS are reasonably expected to locate

responsive material within the vast CRS since the FBI indexes pertinent information into the

CRS to facilitate retrieval to serve its primary law enforcement and intelligence gathering

functions. Given the broad range of indexed material in terms of both time frame and subject

matter that it can locate in FBI files, the FBI automated indices available through Sentinel is the

mechanism RIDS employs.

(63)   CRS Search and Results. In response to Plaintiff's request for records concerning

Seth Rich, RIDS conducted a CRS index search, on July 6, 2020, for potentially responsive

records employing the Sentinel indices and the ACS indices available through Sentinel to search

the following search terms: "Seth Rich" and "Seth Conrad Rich". RIDS' searches located no

---

[19] The email chain, consisting of 2 pages, originated with an FBI employee in the FBI's
Washington Field Office Public Affair's Office, and identified in the subject line, "Seth Rich".
[20] In Civil Action Number 1:18-cv-00154 *Judicial Watch, Inc. v. U.S. Department of Justice* the
email chain was assigned Bates-numbered pages FBI(18-cv-154)-4714 and -4715.

indexed main or reference files.[21]

(64)    Next, RIDS consulted with other RIDS' personnel familiar to have first-hand knowledge of the files of the SCO maintained in the FBI's CRS which were and continue to be reviewed and processed in response to another FBI FOIA litigation. Based on their knowledge of the contents of the records previously processed in response to the other litigation, it was determined that several of the records were found to contain mentions of Seth Rich. As a result, RIDS conducted a term search using the terms "Seth Rich" and "Seth Conrad Rich" within the files of the SCO that are maintained in the FBI's CRS. This search resulted in the location of numerous reference records within the responsive timeframe of January 1, 2016 to June 15, 2020.

(65)    Targeted Search of Specific FBI Divisions/Units based upon Plaintiff's request. As a result of the existence of the responsive email chain discussed in *supra* ¶ 60, which the FBI reprocessed and included in a production to Plaintiff herein Bates-numbered FBI(20-cv-447)-1 and -2, RIDS circulated a search request to FBI Headquarters, Office of Public Affairs and its Washington Field Office requesting each office conduct a search of database systems, as well as paper and manual files, for any other records responsive to Plaintiff's request. In addition, RIDS recommended that each recipient division/unit circulate the request among those in its Division/Office reasonably likely to possess responsive records pertaining to the subject of Plaintiff's request within the responsive timeframe of January 1, 2016 to June 15, 2020. Each of these Divisions/Units reported that they completed the searches requested and no responsive

---

[21] *See* 1:18-cv-01568-LB *Clevenger v. U.S. Department of Justice, et al.,* ECF No. 16-1 Declaration of David M. Hardy and ECF# 37 Second Declaration of David M. Hardy.

records were located.

(66)    The FBI determined that based upon the content of the August 10, 2016 email chain, produced to the Plaintiff herein Bates-numbered FBI(20-cv-447)-1 and -2, in which FBI personnel asked and answered questions relevant to the subject matter, that an electronic search of emails was not reasonable. To the extent there were relevant emails they would have been serialized and indexed in the CRS for recordkeeping, future retrieval and located through the FBI's CRS search. *See* FBI's Record Management Policy Guide, 0769PG (Jun. 4, 2015) at 7-8 (Section 2.8).[22]

(67)    Additional Searches Based Upon Lead:  During the FBI's preliminary review of OIP referred material discussed, *supra* ¶ 14, RIDS located a lead potentially identifying the existence of additional responsive records. First, RIDS consulted with FBI personnel in a position to have first-hand knowledge of the files of the SCO that are maintained in the FBI's CRS. The FBI determined, based on the review of the SCO files, that no responsive material existed; however, the FBI did identify a lead to potentially responsive material maintained in a non-SCO related file. On March 24, 2021, the FBI conducted a term search within the FBI San Francisco Field Office investigative file using the terms "Seth Rich" and "Seth Conrad Rich". This search resulted in the location of additional responsive reference records within the responsive timeframe of January 1, 2016 to June 15, 2020.

(68)    Scope of Search. RIDS conducted a search reasonably calculated to locate records responsive to Plaintiff's request concerning Seth Rich. First, RIDS conducted a term search of

---

[22] The guide is publicly available in the Vault on www.fbi.gov. *See* https://vault.fbi.gov/records-management-policy-guide-0769pg-part-01-of-01/Records%20Management%20Policy%20Guide%200769PG%20Part%2001%20of%2001/view.

additional records to be processed in response to another FOIA Civil Action, as a record previously processed therein had been found to be responsive to Plaintiff's request. Second, given its comprehensive nature and scope, the CRS is the principal records system searched by RIDS, to locate information responsive to most FOIPA requests, because the CRS is where the FBI indexes information about individuals, organizations, events, and other subjects of investigative interest for future retrieval. *Supra* ¶ 49. Third, given Plaintiff's request seeks information about Seth Rich, such information would reasonably be expected to be located in the CRS via the index search methodology. Fourth, RIDS tailored its search to include searches within the FBI's Office of Public Affairs and the FBI's Washington Field Office. Fifth, RIDS followed a lead contained in records referred to it by OIP and conducted additional searches for responsive records. In the end, the aforementioned searches accomplished the task of locating non-indexed responsive reference records concerning Seth Rich within the responsive timeframe of January 1, 2016 to June 15, 2020.

<div align="center">

*FOIPA Request Number 1468042*
*Subject:  Meetings and Communications between former FBI Director*
*Andrew McCabe and Seymour Myron "Sy" Hersh, et al., (July 10, 2016 – July 10, 2017)*

</div>

(69)    RIDS requested a targeted search for emails through the FBI's Discovery Management Section ("DMS") of former Deputy Director Andrew McCabe's UNET email account for the date range of July 10, 2016 through July 10, 2017, using the following search terms: "Meeting", "Hersh", "Bowser", "Brazile", "Communication", "Appointment".[23]  The search yielded numerous emails which RIDS scoped for responsiveness. RIDS located no responsive records from this search.

---

[23] The search included variations and combinations of each of the identified terms.

*Glomar* Responses

*FOIPA Request Numbers 1468034, 1468039 and 1465971*
*Subjects:  Aaron Rich, Deborah Sines and Crossfire Hurricane Code Names*

(70)     In cases such as this, where a *Glomar* response is warranted and appropriate in response to Plaintiff's requests, the FBI does not conduct a search for the requested records. Conducting a search for records is unnecessary because the response to the requester is not dependent on the results of a search and regardless of the results, the existence or non-existence of the requested records will not be confirmed nor denied.

Partial Piercing of *Glomar*

*FOIPA Request Number 1465971*
*Subject:  Crossfire Hurricane Code Names*

(71)     Following the piercing of the Exemption 7(E) *Glomar*, RIDS consulted with FBI personnel knowledgeable of the Crossfire Hurricane and related investigations. Based upon information provided, RIDS conducted term searches within the aforementioned investigative records, using among other terms, the terms "Page" and "Flynn". These searches identified reference records responsive to Plaintiff's narrowed request.

## JUSTIFICATION FOR NONDISCLOSURE UNDER THE FOIA

(72)     The FBI processed all documents responsive to Plaintiff's requests to achieve maximum disclosure consistent with the access provisions of the FOIA. Every effort was made to provide Plaintiff with all material in the public domain and with all reasonably segregable, non-exempt information. The FBI did not withhold any reasonably segregable, nonexempt portions from Plaintiff. Further description of the information withheld, beyond what is provided in this declaration, could identify the actual exempt information protected by the FBI. The FBI numbered all pages of its production consecutively as "FBI(20-cv-447)-1 through FBI(20-cv-

31

447-1596". On the pages released in full or in part, these numbers are typically located at the bottom of each page. Additionally, the FBI is including a *Vaughn* index at Exhibit N to explain where within its productions of responsive records it withheld pages in their entirety and its reasoning for doing so; and to explain on which pages it asserted various FOIA Exemptions.

(73)    Additionally, on the Bates-numbered documents provided to Plaintiff and on pages withheld in full and accounted for in the FBI's index, the FBI further categorized its application of Exemptions to better explain the nature of the information withheld pursuant to the provisions of the FOIA. Specifically, the FBI applied numerical codes that coincide with various categories of exempt information. These coded categories are provided to aid the Court's and Plaintiff's review of the FBI's explanations of the FOIA Exemptions it has asserted to withhold the material. The coded, Bates-numbered pages together with this declaration demonstrate that all material withheld by the FBI is exempt from disclosure pursuant to the cited FOIA exemptions, or is so intertwined with protected material segregation is not possible without revealing the underlying protected material.

(74)    Each instance of information withheld pursuant to a FOIA Exemption is accompanied by a coded designation that corresponds to the categories listed below. For example, if "(b)(7)(C)-1" appears on a document, the "(b)(7)(C)" designation refers to FOIA Exemption 7(C) protecting against unwarranted invasions of personal privacy. The numerical designation of "1" following the "(b)(7)(C)" narrows the main category into a more specific subcategory, such as "Names and Identifying Information of FBI Special Agents and Professional Staff."

(75)    Listed below are the categories used to explain the FOIA Exemptions the FBI

asserted to withhold information:

| SUMMARY OF EXEMPTION JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHELD** |
| **Exemption 1** | **Classified Information** |
| (b)(1)-1 | Information currently classified pursuant to Executive Order ("E.O.") 13,526 |
| **Exemption 3** | **Information Protected By Statute** |
| (b)(3)-1 | National Security Act of 1947 [50 U.S.C. 3024(i)(1)] |
| (b)(3)-2 | Federal Rules of Criminal Procedure 6(e) |
| (b)(3)-3 | 18 U.S.C. § 3123(d) |
| **Exemption 4** | **Confidential Trade Secrets, Commercial or Financial Information** |
| (b)(4)-1 | Confidential Commercial Information |
| **Exemption 5** | **Privileged Information** |
| (b)(5)-1 | Deliberative Process Privilege |
| (b)(5)-2 | Attorney Work Product |
| **Exemption 7(A)** | **Pending Law Enforcement Proceedings** |
| (b)(7)(A)-1 | Information the Disclosure of which Could Reasonably be Expected to Interfere with Pending Enforcement Proceedings |
| **Exemptions (6) & 7(C)** | **Unwarranted/Clearly Unwarranted Invasion Of Personal Privacy** |
| (b)(6)-1 and b)(7)(C)-1 | Names and Other Identifying Information of FBI Special Agents and Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Names and Other Identifying Information of Third Parties Merely Mentioned |
| (b)(6)-3 and (b)(7)(C)-3 | Names and Other Identifying Information of Third Parties of Investigative Interest |
| (b)(6)-4 and (b)(7)(C)-4 | Names and Other Identifying Information of Third Parties who Provided Information *[cited at times in conjunction with 7(D)]* |
| (b)(6)-5 and (b)(7)(C)-5 | Names and Other Identifying Information of Non-FBI Federal Government Personnel |
| (b)(6)-6 and (b)(7)(C)-6 | Survivor Privacy |
| **Exemption 7(D)** | **Confidential Source Information** |
| (b)(7)(D)-1 | Confidential Source Symbol Number |
| (b)(7)(D)-2 | Identifying Information of and Information Provided by an Individual Under an Express Assurance of Confidentiality |
| (b)(7)(D)-3 | Name, Other Identifying Information of, and Information Provided by a Local Law Enforcement Agency under Implied Assurances of Confidentiality |

| (b)(7)(D)-4 | Information Provided by a Foreign Government Agency Under Implied Confidentiality |
|---|---|
| **Exemption 7(E)** | **Law Enforcement Techniques And Procedures** |
| (b)(7)(E)-1 | FBI Internal E-mail Addresses and Non-Public Web Addresses |
| (b)(7)(E)-2 | Sensitive Investigative File Numbers and Sub-File Names |
| (b)(7)(E)-3 | Database Information |
| (b)(7)(E)-4 | Code Names for Investigations |
| (b)(7)(E)-5 | Types and Dates of Investigations |
| (b)(7)(E)-6 | Collection and Analysis of Information |
| (b)(7)(E)-7 | Specific Law Enforcement Technique Utilized to Conduct National Security Investigations *[cited at times in conjunction with Exemptions 1 and/or 3]* |
| (b)(7)(E)-8 | Investigative Focus of Specific Investigations |
| (b)(7)(E)-9 | Identities of an FBI Unit, Squad and Division |

## EXEMPTION 1 – CLASSIFIED INFORMATION

(76)    The FBI's analysis for the withholding of classified information contained in these documents is based on the standards articulated in the FOIA statute, 5 U.S.C. § 552(b)(1). Exemption 1 protects from disclosure those records that are:

> a. specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy; and

> b. are in fact properly classified pursuant to such Executive Order.

(77)    Before I consider an Exemption (b)(1) claim for withholding agency records, I determine whether the information in those records satisfies the requirements of Executive Order ("E.O.") 13526, which governs the classification and protection of information that affects the national security, and whether the information complies with the various substantive and procedural criteria of the executive order. E.O. 13526, signed by President Barack Obama on December 29, 2009, is the executive order that currently applies to the protection of national security information. I am bound by the requirements of E.O. 13526 when making classification determinations.

(78)    In order for information to be properly classified, and thus properly withheld from

disclosure pursuant to Exemption (b)(1), the information must meet the requirements set forth in E.O. 13526 § 1.1 (a):

>1. an original classification authority is classifying the information;
>
>2. the information is owned by, produced by or for, or is under the control of the United States Government;
>
>3. the information falls within one or more of the categories of information listed in § 1.4 of E.O. 13526; and
>
>4. the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage

(79)   As I will explain in further detail below, in my role as an original classification authority, I have determined that the information withheld pursuant to Exemption (b)(1) is under the control of the United States Government, is classified and requires a classification marking at the "Secret," level(s) since the unauthorized disclosure of this information reasonably could be expected to cause damage, serious damage, or exceptionally grave damage to national security. *See* E.O. 13526 § 1.2(a)(2). In addition to these substantive requirements, certain procedural and administrative requirements of E.O. 13526 must be followed before information can be considered properly classified, such as, proper identification and marking of documents. In particular, I made certain that all procedural requirements of E.O. 13526 were followed:

>1. each document was marked as required and stamped with the proper classification designation;
>
>2. each document was marked to indicate clearly which portions are classified, which portions are exempt from declassification as set forth in E.O 13526 § 1.5(b);
>
>3. the prohibitions and limitations on classification specified in E.O. 13526 § 1.7 were adhered to;

4. the declassification policies set forth in E.O. 13526 §§ 3.1 and 3.3 were followed; and

5. any reasonably segregable portions of these classified documents that did not meet the standards for classification under E.O. 13526 were declassified and marked for release, unless withholding was otherwise warranted under applicable law.

Findings of the Declarant Regarding Exemption 1

(80)    With the above requirements in mind, I personally and independently examined the FBI's information withheld pursuant to Exemption (b)(1). I determined all of the substantive, procedural, and administrative requirements set forth above have been satisfied. As a result, I concluded that the information protected pursuant to Exemption (b)(1) was properly classified, continues to warrant classification at the "Secret" level, and is exempt from disclosure pursuant to E.O. 13526 § 1.4(c) - "intelligence activities (including covert action), intelligence sources or methods, or cryptology," and E.O. 13526 § 1.4 (d) - "foreign relations or foreign activities of the United States, including confidential sources."

E.O. 13526, § 1.4(c) – Intelligence Activities, Sources and Methods

(81)    E.O. 13526, § 1.4(c), exempts intelligence activities (including covert action), intelligence sources and methods, and cryptology from disclosure. An intelligence activity or method includes any intelligence action or technique utilized by the FBI against a targeted individual or organization that has been determined to be of national security interest. An intelligence method is used to indicate any procedure (human or non-human) utilized to obtain information concerning such individual or organization. An intelligence activity or method has two characteristics. First, the intelligence activity or method -- and information generated by it -- is needed by U. S. Intelligence/Counterintelligence agencies to carry out their missions. Second, confidentiality must be maintained with respect to the activity or method if the viability,

productivity and usefulness of the information are to be preserved.

(82)    Here, classified material was withheld pursuant to Exemption 1 to protect intelligence methods utilized by the FBI for gathering intelligence data. This material is classified because its release would reveal actual intelligence activities and methods used by the FBI against specific targets of foreign counterintelligence investigations or operations; identify a target of a foreign counterintelligence investigation; and/or disclose the intelligence gathering capabilities of the activities or methods directed at specific targets. The information obtained from/concerning the intelligence activities or methods is very specific in nature, provided during a specific time period, and known to very few individuals.

(83)    It is my determination that disclosure of specific information describing the intelligence activities within the records at issue, and which are still used by the FBI to gather intelligence information in other cases, could reasonably be expected to cause serious or exceptionally grave damage to the national security for the following reasons: (1) disclosure would allow hostile entities to discover the current intelligence gathering methods used by the FBI; (2) disclosure would reveal current specific targets of the FBI's national security investigations; and (3) disclosure would reveal the determination of the criteria used and priorities assigned to current intelligence or counterintelligence investigations. With the aid of this detailed information, hostile entities could develop countermeasures which would, in turn, severely disrupt the FBI's intelligence gathering capabilities. This severe disruption would also result in severe damage to the FBI's efforts to detect and apprehend violators of the United States' national security and criminal laws.

(84)    The FBI protected the following categories of information specific to intelligence activities and methods because disclosure reasonably could be expected to cause serious damage

to the national security.

DETAILED INTELLIGENCE ACTIVITIES

(85)     The FBI withheld classified information concerning detailed intelligence activities

gathered or compiled by the FBI on a specific individual or organization of national security

interest. The identification of these intelligence activities, which continue to furnish positive

intelligence information to this day, will severely limit their application. In addition, disclosure

will inform adversaries of the United States of the possible range of the FBI's intelligence

capabilities, as well as the probable intelligence the FBI has gathered, or can collect, concerning

them. This knowledge could provide violators of the national security laws of the United States a

means of avoiding lawful regulations by potentially implementing countermeasures, making

future operations more difficult and compromising other intelligence operations. In sum, the

disclosure of this information could reasonably be expected to cause serious damage to the

national security, as it would: (a) reveal the actual intelligence activity utilized by the FBI against

a specific target and (b) disclose the intelligence-gathering capabilities of the activity. This

information is properly classified at the "Secret," level pursuant to E.O. 13526, § 1.4(c); and is

exempt from disclosure pursuant to Exemption 1.

FILE NUMBERS

(86)     The FBI withheld classified file numbers assigned to specific intelligence

activities, including channelization and dissemination instructions. Their release would lead to

exposure of particular intelligence activities and methods. Individual file numbers are assigned

by FBIHQ and field offices and contain a geographical prefix or the originating office and case

number, which includes the numerical characterization of the type of investigation, followed by a

chronological number assigned to a specific investigation or activity.

(87)     The disclosure of an intelligence file number in the aggregate will enable adversaries to attribute any information released from the documents containing such a file number to that particular file. Through analysis of this information, in concert with other information, including publicly available information, adversaries could then identify the specific intelligence activity by supplying missing pieces. Hence, a partial mosaic of the activity could begin to appear as more information is identified as being associated with the particular file number, leading to the exposure of current activities or methods. In other words, disclosure of file numbers will allow adversaries of the United States, or anyone not privileged to this information, to patch bits and pieces of information together until the activity or method is determined. As stated above, the identification of intelligence activities or methods, which continue to furnish positive intelligence information to this day, will severely limit their application. In addition, disclosure will inform adversaries of the possible range of the FBI's intelligence capabilities, as well as the probable intelligence the FBI has gathered, or can collect, concerning them. This knowledge could provide violators of the national security laws of the United States a means of avoiding lawful regulations by potentially implementing countermeasures, making future operations more difficult, and compromising other intelligence operations. Accordingly, the release of these file numbers can lead to the exposure of the actual intelligence activities or methods utilized in FBI investigations, and can reasonably be expected to cause damage, serious damage, or exceptionally grave damage to the national security. This/These file number(s) are properly classified at the "Secret" level pursuant to E.O. 13526, § 1.4(c), and are exempt from disclosure pursuant to Exemption 1.

CHARACTER AND TITLES OF CASES

(88)    The FBI withheld classified information concerning the character and titles of the cases for specific types of intelligence activities directed at specific targets of national security interest. Disclosure of the characterization and titles of these cases could reasonably be expected to cause serious damage to the national security, as it would (a) disclose particular intelligence or counterintelligence investigations; (b) disclose the nature, scope or thrust of these investigations; and (c) reveal the manner of acquisition of the intelligence or counterintelligence information. This information is properly classified at the "Secret" level pursuant to E.O. 13526, § 1.4(c), and is exempt from disclosure pursuant to Exemption 1.

(89)    The FBI withheld classified information identifying targets of FBI foreign counterintelligence investigations. The disclosure of this information could reasonably be expected to cause serious damage to the national security, as it would: (a) reveal the actual intelligence activity or method utilized by the FBI against a specific target; (b) disclose the intelligence-gathering capabilities of the method; and (c) provide an assessment of the intelligence source penetration of a specific target during a specific period of time.

(90)    It is my determination the release of this information could permit hostile individuals and foreign governments to appraise the scope, focus, location, target and capabilities of the FBI's intelligence-gathering methods and activities, and allow hostile agents to devise countermeasures to circumvent these intelligence activities or methods and render them useless in providing intelligence information. This would severely disrupt the FBI's intelligence-gathering capabilities. This information is properly classified at the "Secret" level pursuant to E.O. 13526, § 1.4(c), and is exempt from disclosure pursuant to Exemption 1.

CODE WORDS

(91)     The FBI withheld classified code words that have never been publicly revealed and which, if disclosed, would reveal a specific intelligence source of continuing value to the FBI in its investigations. A code word is unique and assigned solely to one source. It is used in lieu of a source's actual name to protect the source by shielding the description of and other information about the source from disclosure. The withheld code words are sensitive and synonymous with specific, non-public intelligence collection. Public disclosure of a code word could allow a hostile actor to patch bits and pieces of information together until the actual intelligence source can be determined. In addition, disclosure of a code word could inform hostile actors of the possible range of the FBI's intelligence capabilities, as well as the probable intelligence that the FBI has gathered, or can collect, concerning them. As release of this information could reasonably be expected to cause damage, serious damage, or exceptionally grave damage to the national security, it is properly classified at the "Confidential," "Secret," or "Top Secret" level(s) pursuant to E.O. 13526, § 1.4(c), and is exempt from disclosure pursuant to Exemption 1.

E.O. 13526 § 1.4 (d): Foreign Relations or Foreign Activities of the United States

(92)     E.O. 13526, § 1.4 (d) allows for the classification of information related to foreign relations or foreign activities of the United States, including confidential sources. The classified information withheld contains sensitive intelligence information gathered by the United States either about or from a foreign country. This information is sensitive due in part to the delicate nature of international diplomacy, and must be handled with care so as not to jeopardize the fragile relationships that exist between the United States and certain foreign governments.

(93)     The unauthorized disclosure of information concerning foreign relations or

foreign activities of the United States can reasonably be expected to lead to diplomatic or

economic retaliation against the United States; identify the target, scope, or time frame of

intelligence activities of the United States in or about a foreign country, which may result in the

curtailment or cessation of these activities; enable hostile entities to assess United States

intelligence gathering activities in or about a foreign country and devise countermeasures against

these activities; or compromise cooperative foreign sources, which may jeopardize their safety

and curtail the flow of information from these sources. Release of this information could

reasonably be expected to cause serious damage to the national security and is therefore properly

classified at the "Secret" level pursuant to E.O. 13526, § 1.4(d), and is exempt from disclosure.

<div align="center">

EXEMPTION (b)(3)

INFORMATION PROTECTED BY STATUTE

</div>

(94)     Exemption (b)(3) exempts from disclosure information which is "specifically

exempted from disclosure by statute . . . if that statute (A)(i) requires that the matters be withheld

from the public in such a manner as to leave no discretion on the issue; or (A)(ii) establishes

particular criteria from withholding or refers to particular types of matters to be withheld." 5

U.S.C. § 552 (b)(3). The OPEN FOIA Act of 2009 established an additional requirement that any

statute "enacted after the date of enactment of the OPEN FOIA Act of 2009, [must] specifically

cite[] to this paragraph" in order to qualify under Exemption 3.

(b)(3)-1:   NATIONAL SECURITY ACT OF 1947, 50 U.S.C. § 3024 (I)(1)

(95)     The FBI asserted FOIA Exemption Category (b)(3)-1 to withhold information

pursuant to Section 102A(i)(1) of the National Security Act of 1947 ("NSA"), as amended by the

Intelligence Reform and Terrorism Prevention Act of 2004 ("IRTPA"). This statute (50 U.S.C. §

3024(i)(1)) provides that the Director of National Intelligence ("DNI") "shall protect from

<div align="center">

42

</div>

unauthorized disclosure intelligence sources and methods."[24] As relevant to U.S.C. § 552(b)(3)(B), the National Security Act of 1947 was enacted before the date of enactment of the OPEN FOIA Act of 2009. On its face, this federal statute leaves no discretion to agencies to withhold from the public information about intelligence sources and methods. Thus, the protection afforded to intelligence sources and methods by 50 U.S.C. § 3024(i)(1) is absolute. *See* CIA v. Sims, 471 U.S. 159 (1985).

(96)    In order to fulfill its obligation of protecting intelligence sources and methods, the DNI is authorized to establish and implement guidelines for the Intelligence Community ("IC") for the classification of information under applicable laws, Executive Orders, or other Presidential Directives, and for access to and dissemination of intelligence. 50 U.S.C. § 3024(i)(1). In implementing this authority, the DNI promulgated Intelligence Community Directive 700, which provides that the heads of the IC elements shall protect "national intelligence and intelligence sources and methods and activities from unauthorized disclosure."[25] The FBI is one of 18 member agencies comprising the IC, and as such must protect intelligence sources and methods.

(97)    Given the plain congressional mandate to protect the IC's sources and methods of gathering intelligence, the FBI has determined that intelligence sources and methods would be revealed if any of the withheld information is disclosed to the plaintiff. Therefore, the FBI is

---

[24] Section 102A(i)(1) of the National Security Act was previously codified at 50 U.S.C. § 403(i)(1). As a result of the reorganization of Title 50 of the U.S. Code, Section 102A(i)(1) is now codified at 50 U.S.C. § 3024(i)(1).

[25] Intelligence Community Directive (ICD) 700, dated June 7, 2012, at ¶ E. 2.a.

prohibited from disclosing such information under 50 U.S.C. § 3024 (i)(1).[26]

(98)     The FBI is asserting Exemption 3, at times in conjunction with Exemptions 1 and 7(E), to withhold information that would reveal intelligence sources and methods. In some instances, information would reveal classified intelligence sources and methods protected by Exemption 1. In some instances, information was also withheld under Exemption 7(E) because unclassified intelligence sources and methods were employed as law enforcement techniques, procedures, or guidelines, and thus would qualify as both an intelligence source and method under Exemption 3 and a law enforcement technique under Exemption 7(E). Notably, 50 U.S.C. § 3024 (i)(1) protects sources and methods regardless of whether they are classified. *See* Sims, 471 U.S. at 176.

(b)(3)-2: FEDERAL GRAND JURY INFORMATION – FEDERAL RULES OF CRIMINAL PROCEDURE 6(E)

(99)     The FBI asserted FOIA Exemption Category (b)(3)-2 to protect Federal Grand Jury information pursuant to Federal Rules of Criminal Procedure 6(e).[27] As relevant to 5 U.S.C. § 552(b)(3)(B), Rule 6(e) is a statute enacted before the date of enactment of the OPEN FOIA

---

[26] Although 50 U.S.C. § 3024 (i)(1) does not impose a requirement to articulate harm, disclosure of this information presents a bona fide opportunity for individuals to develop and implement countermeasures, resulting in the loss of significant intelligence information, sources, and methods relied upon by national policymakers and the IC to safeguard the national security.

[27] As prescribed by 18 U.S.C. § 3771 (subsequently repealed by Pub.L. 100-702, Title IV, § 404(a)(1) (Nov. 19, 1988) and replaced by 28 U.S.C. § 2074), proposed rules become effective ninety days after the Chief Justice reports them to Congress. By order of April 26, 1976, the Supreme Court adopted amendments to the Federal Rules of Criminal Procedure which included Rule 6(e) and reported the amendments to Congress. Congress voted to delay the effective date of several of the proposed rules, to include Rule 6(e), "until August 1, 1977, or until and to the extent approved by Act of Congress, whichever is earlier." Pub.L. No. 94-349 § 1, 90 Stat. 822 (1976). Subsequently, Congress, by statute, enacted a modified version of Rule 6(e). *See* Pub.L. No. 95-78, § 2(a), 91 Stat. 319 (1977), FED. R. CRIM. P. 6(e)

Act of 2009.[28] It is well established Rule 6(e) embodies a broad, sweeping policy of preserving

the secrecy of grand jury material regardless of the substance in which the material is contained.

Records responsive to Plaintiff's request details information about one or more federal grand

juries empaneled in relation to the investigations at issue. Specifically, the investigative files

contain information about the names of recipients of federal grand jury subpoenas; information

that identifies specific records subpoenaed by a federal grand jury; and copies of specific records

provided to a federal grand jury in response to federal grand jury subpoenas. Wherever the FBI

protected this information, it found a clear nexus to federal grand jury proceedings on the face of

the responsive documents, and any disclosure of this information would clearly violate the

secrecy of the grand jury proceedings and could reveal the inner workings of a federal grand

jury, which the FBI is precluded from disclosing. Thus, the FBI properly withheld this

information pursuant to Exemption (b)(3), in conjunction with Rule 6(e).

(b)(3)-3: INFORMATION SPECIFICALLY EXEMPTED BY 18 U.S.C. § 3123 (*PEN REGISTERS*)

(100)   The FBI asserted FOIA Exemption Category (b)(3)-3 to withhold pen register

information specifically exempted pursuant to 18 U.S.C. § 3123(d), the Pen Register Act, which

protects from disclosure information pertaining to certain court "order(s) authorizing or

approving the installation and use of a pen register or a trap and trace device;" and information

pertaining to "the existence of the pen register or trap and trace device or the existence of the

investigation." A pen register is a device that records phone numbers dialed to or from a target

telephone. The statute mandates that a court order be obtained prior to installing or using a pen

register, unless the user of the telephone consents to the device. Orders for pen registers are

---

[28] The OPEN FOIA Act of 2009 was enacted October 28, 2009. *See* Pub.L. 111-83, 123 Stat. 2142, 2184.

sealed unless otherwise ordered by the court. Exemption (b)(3) protects the court order in its entirety; the identity of the individual on whom it is placed; the location of the device; information obtained from the device; and any other specifics regarding the pen register/trap and trace device. Where documents at issue contain information that if disclosed would reveal the existence or use of a pen register or trap and trace device, or reveal the existence of an investigation involving a pen register or trap and trace device, that information is protected from disclosure by Exemption 3. As relevant to 5 U.S.C. § 552 (b)(3)(B), the Pen Register Act is a statute[29] enacted before the date of enactment of the OPEN FOIA Act of 2009.

(101)   Specifically, the information withheld from disclosure consists of the identities and phone numbers of the individuals targeted by the pen registers and individuals whose information was collected due to their contact with the targets of the pen registers, as well as the information gathered by the devices. Since such information is specifically exempted pursuant to 18 U.S.C. § 3123, the FBI properly asserted FOIA Exemption 3 to withhold this information from disclosure. Accordingly, the FBI properly applied Exemption 3 to withhold information, because it is precluded from disclosing such information pursuant to 18 U.S.C. § 3123.[30]

(b)(4)-1: Confidential Commercial Information

(102)   Exemption 4 of the FOIA protects "trade secrets and commercial or financial

---

[29] The Electronic Communications Privacy Act ("ECPA") was passed in 1986 (Pub. L. No. 99-508, 100 Stat. 1848). There were three main provisions or Titles to the ECPA. Title III created the Pen Register Act, which included restrictions on private and law enforcement uses of pen registers. The United States statutes governing pen registers are codified under 18 U.S.C., Chapter 206. Section 216 of the 2001 USA PATRIOT Act expanded the definition of a pen register to include devices or programs that provide an analogous function with internet communications.

[30] On Bates page 93, the FBI inadvertently cited coded category (b)(3)-3. This has been corrected to (b)(3)-1.

information obtained from a person [that is] privileged or confidential." 5 U.S.C. § 552(b)(4).

This exemption is intended to protect the interests of both the government and submitters of

information. Its very existence encourages submitters to voluntarily furnish useful confidential

commercial or financial information to the government and provides the government with an

assurance that required submissions will be reliable. The exemption also affords protection to

those submitters who are required to furnish confidential commercial or financial information to

the government by safeguarding them from the competitive disadvantages that could result from

disclosure.

(103)   For purposes of Exemption 4, commercial and financial information is considered

confidential when it is 1) both customarily and actually treated as private by its owner; and 2)

provided to the government with an assurance of privacy. In reviewing the records at issue, the

FBI located information that originated with a private commercial institution. Specifically the

FBI located a ten (10) page report, clearly marked as "COPYRIGHT PROPRIERTARY AND

CONFIDENTIAL – NOT TO BE SHARED WITH THIRD PARTIES" and each page of content

contains a marking that reads "Proprietary and Confidential."[31]  In order to determine whether or

not this information qualified for protection pursuant to Exemption 4, on May 19, 2021, the FBI

contacted the private commercial institution to establish if the information located by the FBI

was customarily treated as private by the commercial institution; and whether or not they

provided this information to the FBI with an assurance of privacy. The private commercial

institution informed the FBI that the information located by the FBI is treated as private by the

private commercial institution and it was shared with an expectation the FBI would not disclose

this information publicly. Based on the proprietary nature of this information and the detriment

---

[31] This record is Bates-numbered FBI(20-cv-447)-637 through -646.

to their commercial interests public release would entail, the private commercial institution

informed the FBI it would not have supplied this information originally without a belief the FBI

would hold this information in confidence. As such, the FBI determined this confidential

commercial information was provided to the FBI under an assurance of confidentiality, and is

exempt pursuant to Exemption 4.

<div align="center">EXEMPTION 5 – PRIVILEGED INFORMATION</div>

(104)   FOIA Exemption 5 has been construed to exempt documents and information

normally privileged in the civil discovery context. It incorporates the attorney work product,

attorney-client, and deliberative process privileges. The attorney work product privilege protects

documents and other memoranda prepared by an attorney or under the direction of an attorney as

part of, or in reasonable anticipation of litigation. The attorney-client privilege protects

confidential communications from a client to an attorney and from an attorney to a client for the

purpose of seeking and providing legal advice. The privilege covers client-supplied information

and opinions given by an attorney based on and reflecting that information. The deliberative

process privilege protects predecisional, deliberative communications that are part of a process

by which agency decisions are made. It protects opinions, advice, evaluations, deliberations,

proposals, and recommendations that form part of an agency decision-making process, as well as

the selection and sorting of factual information relied upon as part of that decision-making

process.

(105)   In order to apply Exemption 5, agencies must first satisfy the threshold

requirement – *i.e.,* show that the information protected was "inter-agency or intra-agency." Once

the threshold is satisfied, agencies must satisfy the elements of the pertinent privilege. With

respect to the attorney work product privilege, agencies must show that the withheld information

<div align="center">48</div>

was created by, or for, an attorney in reasonable anticipation of litigation. With respect to the attorney-client privilege, agencies must show that the withheld information concerns confidential information shared between a client and his or her attorney for the purpose of obtaining or providing legal advice or assistance. With respect to the deliberative process privilege, agencies must show that the withheld information was both predecisional – *i.e.*, antecedent to a final agency decision – and deliberative – *i.e*., part of the process in which the agency engaged in an effort to reach a final decision regarding of whether a final decision was reached.

### (b)(5)-1: DELIBERATIVE PROCESS PRIVILEGE

(106)   Within FOIA Exemption Category (b)(5)-1, the FBI withheld privileged, deliberative materials. The deliberative process privilege protects the internal deliberations of the government by insulating recommendations, analyses, opinions, and other non-factual information comprising the decision-making process; Exemption 5 allows for the withholding of such privileged material – *i.e.,* material that contains, or was prepared in connection with the formulation of, opinions, advice, evaluations, deliberations, policies, proposals, conclusions, or recommendations. The privilege also protects records and information that if disclosed, would reveal an agency's sorting, evaluation, and analysis of facts to make recommendations or reach a final decision. Exemption 5, when asserted in conjunction with the deliberative process privilege, is predicated on the recognition that release of this privileged information would inhibit the government's development of policy and stifle its decision-making process. Furthermore, exempting such material from disclosure protects against public confusion that might result from the disclosure of preliminary opinions and information that do not, in fact, reflect the final views or policies of the FBI. The exemption and privilege together protect not only documents but also the integrity of the deliberative process itself where exposure of the process would result in

harm. The FBI invokes Exemption 5 and the deliberative process privilege because FBI employees would hesitate to offer their candid and conscientious opinions to superiors or coworkers if they knew that their opinions of the moment might become a matter of public record in the future, and because such self-censorship would, in turn, degrade the quality of agency decisions by depriving the decision-makers of fully-explored options developed from robust debate.

(107)   The FBI relied on Exemption 5 and the deliberative process privilege to protect internal deliberative communications, handwritten investigative interview notes, a draft interview prompt and outline and draft prosecution memorandums. These materials reflect deliberations integral to reaching final agency decisions or were key to a decision making process aimed at developing and achieving the best agency decisions. The deliberative communications, handwritten investigative interview notes, draft interview prompt and outline and draft prosecution memorandums are deliberative and pre-decisional. Additionally, in compliance with the FOIA Improvement Act of 2016, all of this material was created less than 25 years before the submission of Plaintiff's request.

EMAIL COMMUNICATION AND TWO (2) FD-1057 ELECTRONIC COMMUNICATIONS[32]

(108)   The FBI asserted Exemption 5 pursuant to the deliberative process privilege to withhold responsive portions of an email communication and responsive portions of two (2) FD-1057 Electronic Communications ("ECs"). The withheld information falls within the deliberative process privilege. Exempting such information from disclosure protects against public confusion that might result from the disclosure of preliminary opinions and information that do not, in fact,

---

[32] The email communication is Bates-numbered FBI(20-cv-447) 1-2 and the two (2) FD-1057's are Bates-numbered FBI(20-cv-447) 692-694 and 727-729.

reflect the final views or policies of the FBI. The exemption and privilege together protect not only the information, but also the integrity of the deliberative process itself where exposure of the process would result in harm. The FBI invokes Exemption 5 and the deliberative process privilege because FBI employees would hesitate to offer their candid and conscientious opinions to superiors or coworkers if they knew that their opinions of the moment might become a matter of public record in the future, and because such self-censorship would, in turn, degrade the quality of agency decisions by depriving the decision-makers of fully-explored options developed from robust debate.

### DRAFT HANDWRITTEN INTERVIEW NOTES AND DRAFT TYPED FD-302S

(109)   The FBI asserted Exemption 5 category (b)(5)-1, to withhold in its entirety intra-agency deliberate draft handwritten interview notes recorded during interviews conducted by the Special Counsel Office investigating Russia's alleged interference in the 2016 election ("the Russia investigation") and other related investigations, along with draft typed FD-302s. The SCO was responsible for directing the investigative efforts of a team of attorneys and FBI agents conducting the Russia investigation.[33] As part of these efforts, the SCO conducted numerous witness interviews at the direction, and at times, in the presence of attorneys from the Special Counsel's Office (SCO). The interview notes and draft typed FD-302s at issue herein[34] are draft documents containing the special agent's shorthand notes of thoughts, ideas, impressions and interpretations of the verbal interview of third-party individuals interviewed during the SCO investigation and other related investigations. They are inherently deliberate in nature as the

---

[33] The SCO was staffed with attorneys, FBI investigative personnel including SAs, analysts, and other investigative personnel as well as FBI's administrative staff.

[34] The handwritten interview notes are Bates-numbered FBI(20-cv-447) 12-13, 17-20, 24-27, 31-32, 152-155, 307-308, 318-319, 400-401, 440-441, 442-443, 627, 651-652, 731-732, 767-768, 772-773, 769-771 and 1595-1596.

informal documentation does not always appear verbatim in the final interview record. The thoughts, ideas, and impressions contained in the handwritten interview notes at issue here were edited and distilled during the editorial process for the creation of the final agency decision subsequently reflected in multiple FD-302s; hence its predecisional nature. The FBI processed and released to Plaintiff the responsive portions of the final FD-302s corresponding to the handwritten notes and draft typed FD-302s herein.

(110)   The deliberative process privilege protects records and other information that, if disclosed, would reveal the agency's collection of multitudinous facts, and the sorting, evaluation, and analysis of those facts to make recommendations or reach a final agency decision. Exemption 5, when asserted in conjunction with the deliberative process privilege, is predicated on the recognition that release of the privileged information would stifle the decision-making process. Furthermore, exempting such records from disclosure protects against public confusion that might result from the preliminary disclosure of opinions and other information that do not reflect the final views of the FBI. The exemption and privilege together protect not only records, but also the integrity of the deliberative process itself when exposure of that process would result in harm.

(111)   Release of the handwritten notes and draft typed FD-302s at issue herein would result in the following foreseeable harm to the deliberate process privilege. First, release of the draft handwritten notes and draft typed FD-302s would have a chilling effect on special agents' willingness to document and share comprehensive interview notes drafts if they knew that unrefined investigative notes, strategies, reflected in the notes would be subject to disclosure. Second, release of the draft handwritten notes and draft typed FD-302s would reveal special agents' internal deliberations and sorting of multitude of ideas and at times, investigative

52

strategies considered at time of the interview, but later determined not relevant or ineffective. Third, release of these handwritten notes and draft typed FD-302s would create public confusion as it will reveal information noted in the draft handwritten notes and in the draft typed FD-302s, later determined not necessary for inclusion in the final agency FD-302. Accordingly, the FBI properly withheld this information pursuant to Exemption 5. Additionally, in compliance with the FOIA Improvement Act of 2016, the records at issue were created less than 25 years before the submission of Plaintiff's request.

<div align="center">DRAFT INTERVIEW PROMPT AND OUTLINE[35]</div>

(112)   The FBI also asserted Exemption 5, deliberative process privilege to withhold in their entirety a draft interview prompt and draft outline used during the interviews of third party subjects of investigative interest in the records processed herein. The predecisional documents predate the interviews and are in integral part of the deliberations to develop a final investigative strategy. The release of this type of information would disrupt the FBI's ability to prepare for interviews/questioning through the use of interview prompts and outlines. In addition, release of this information would discourage FBI employees from preparing such prompts and outlines, thus inhibiting the interview process. Revealing the specific questions contemplated by the FBI relating to the specific investigations contained in the responsive records herein would reveal the scope and types of questions used for these particular investigations, thus interfering with the investigative process. Furthermore, the information obtained during the interview and contained on the interview prompt and outline would also be withheld in accordance with the same

---

[35] The draft interview prompts and outlines are Bates-numbered FBI(20-cv-447) 772-773 and 1595-1596.

rationale described above for the draft handwritten interview notes.

DRAFT PROSECUTION MEMORANDUMS[36]

(113)   In addition, the FBI asserted Exemption 5, deliberative process privilege along with the attorney work product privilege, to withhold in its entirety, portions of five (5) draft prosecution memorandums, consisting of 18 pages, containing information gathered and compiled for purposes of determining whether or not to prosecute particular individuals. These memorandums contain markings and at times comments, to draw the reviewers attention to portions of material which has been edited and/or added to during the drafting process. These drafts predate the final agency decisions and reflect the give and take of deliberations through the editing process. Exemption 5, when asserted in conjunction with the deliberative process privilege, is predicated on the recognition that release of this privileged information would inhibit the government's development of policy and stifle its decision-making process.

(114)   In the instances wherein the FBI withheld draft material pursuant to Exemption 5, the FBI found the draft material was inter-agency, was pre-decisional (predated the final product), was deliberative (the material was shared to solicit feedback/edits), and release could potentially harm agency deliberations. The harm here would be a chilling effect on agency employees' willingness to share such drafts if they knew their unrefined ideas would be subject to public disclosure. Furthermore, there would be a risk of public confusion in that these drafts do not reflect final agency decisions.

Foreseeable Harm Analysis

(115)   The deliberative process privilege is intended to protect the decision-making

---

[36] The draft prosecution memorandums were part of the records OIP sent to the FBI for consultation. The records are numbered as Document ID: 0.7.5411.6226-00002, 0.75411.6240-000001, 0.7.5411.6197-000001, 0.7.5411.6236-000001 and 0.7.5411.7068.

process of government agencies from public scrutiny in order to ensure the quality of agency decisions. The documents discussed above reflect successive versions of working drafts, and as such, show the internal development of the final positions taken by the FBI decision-makers with respect to third party subjects of investigative interest. The disclosure of any of the aforementioned drafts would reveal the evolving thought process of FBI employees when providing guidance, recommendations, and other types of feedback concerning third party subjects of investigative interest. Disclosure of documents that contain recommendations concerning third party subjects of investigative interest would hamper the ability of FBI employees to freely engage in the candid "give and take" in seeking and providing feedback to further refine agency actions. Releasing the documents would effectively communicate to FBI employees involved in preparing official statements and other types of communications that drafts of a statement could be released to the public despite drafts containing merely suggestions or possibly inaccurate information. The possibility that a rejected draft recommendation concerning third party subject of investigative interest would hinder employees from freely providing recommendations or other feedback to decision-makers. Curtailing such deliberations could harm the quality and accuracy of future recommendations.

(116)   For the reasons discussed above, the FBI properly protected the deliberative materials described under Exemption 5, based on the deliberative process privilege. The FBI endeavored to segregate non-deliberative facts, whenever possible, and only withheld such material when it found it was inextricably intertwined with agency deliberations. Accordingly, the FBI properly withheld these privilege materials pursuant to Exemption 5.

(b)(5)-2: Attorney Work Product Privilege

(117)   Within FOIA Exemption Category (b)(5)-2, the FBI protected privileged attorney work products. The attorney work product privilege protects such tangible and intangible items as interviews, memoranda, correspondence, mental impressions, and personal beliefs prepared or developed by an attorney, or at the direction of an attorney, in reasonable anticipation of litigation. The privilege is predicated on the recognition proper preparation of a case depends on an attorney's ability to assemble information, sort relevant from irrelevant facts, and prepare his/her legal theories and strategies without intrusive or needless scrutiny.

(118)   The FBI relied on the attorney work product privilege to protect inter-agency materials created by attorneys and at the direction of attorneys in reasonable anticipation of litigation. Specifically, the FBI protected draft prosecution memorandums. This information satisfies Exemption 5's threshold because these records were drafted by and exchanged between FBI personnel and Department of Justice personnel. Furthermore, these records are quintessential attorney work products and readily satisfy the elements of the attorney work product privilege because they were created by attorneys and at the direction of attorneys involved in the handling of the Special Counsel's Office investigations and/or related investigations. As described *supra,* release of this type of information would interfere with government attorneys' ability to properly prepare their legal theories and strategies, and hinder them in proving the best possible representation of their clients [the government]. Finally, because the attorney work product privilege protects both factual and deliberative material, segregation is not required. Accordingly, the FBI properly withheld this information pursuant to Exemption 5.

## EXEMPTION 7 THRESHHOLD

(119)   Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it must first demonstrate that the records or information at issue were compiled for law enforcement purposes. Pursuant to 28 USC §§ 533 and 534, Executive Order 12333 as implemented by the Attorney General's Guidelines for Domestic FBI Operations (AGG-DOM), and 28 C.F.R. § 0.85, the FBI is the primary investigative agency of the federal government with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its people from terrorism and threats to the national security, and to further the foreign intelligence objectives of the United States. Under this investigative authority, the responsive records herein were compiled for the following law enforcement purposes.

(120)   The records at issue were created and compiled in furtherance of the FBI's role in the Special Counsel's Office ("SCO") investigation and related investigations. These records were created and compiled to document the FBI's investigation of potential crimes and threats to the national security, thus, the FBI determined they were created and compiled for a law enforcement purposes.[37]

### EXEMPTION 7(A)

### PENDING LAW ENFORCEMENT PROCEEDINGS

(121)   FOIA Exemption 7(A) exempts from disclosure records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information…could reasonably be expected to interfere with enforcement

---

[37] Both DOJ and the FBI are responsible for maintaining portions of the SCO record collection, with FBI retaining the investigative records.

proceedings. 5 U.S.C. § 552 (b)(7)(A)

(122)   Application of this exemption requires: the existence of law enforcement records; a pending or prospective law enforcement proceeding; and a determination that release of the information could reasonably be expected to interfere with the enforcement proceeding. Often, the FBI asserts Exemption 7(A) categorically to withhold a variety of different documents in an investigative file, which the FBI then groups into functional categories and describes in greater detail. In this case, however, the FBI asserted Exemption 7(A) in a limited fashion to protect information concerning a pending investigative FBI File number and the subject of an FBI pending investigation contained within the responsive records. The release of this information would reveal unknown information concerning pending enforcement procedures, to include the existence of unknown investigations. The FBI determined release of any of this material would provide criminals with information about the government's investigation/enforcement strategies in ongoing matters, allow them to predict and potentially thwart these strategies, and/or allow them to discover/tamper with witnesses and/or destroy evidence. As such, revealing this information could reasonably be expected to interfere with pending enforcement proceedings. Thus, the FBI has applied Exemption 7(A) to protect this information.

FOIA EXEMPTIONS (b)(6) AND (b)(7)(C)
UNWARRANTED INVASION OF PERSONAL PRIVACY

(123)   Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). All information that applies to a particular person falls within the scope of Exemption 6.

(124)   Exemption 7(C) similarly exempts from disclosure "records or information compiled for law enforcement purposes…[when disclosure] could reasonably be expected to

constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).[38]

(125)   When withholding information pursuant to these two exemptions, the FBI is required to balance the privacy interests of the individuals mentioned in these records against any public interest in disclosure. In asserting these exemptions, each piece of information was scrutinized to determine the nature and strength of the privacy interest of every individual whose name and/or identifying information[39] appears in the records at issue. A public interest exists only when information about an individual, such as the individual's name, or other identifying information, would shed light on the FBI's performance of its mission to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide criminal justice services to federal, state, municipal, tribal, and international agencies and partners. In each instance wherein information was withheld pursuant to Exemptions 6 and 7(C), the FBI determined that the individuals' privacy interests outweighs any public interest in disclosure. It is also the FBI's policy to release all names of high-ranking FBI officials in policy-making positions, as well as individuals in public positions, as they do not have privacy rights while acting in their official capacity. This policy is applied to the individual's position at the time of the document, and not the present.

---

[38] The practice of the FBI is to assert Exemption 6 in conjunction with Exemption 7(C). Although the balancing test for Exemption 6 uses a "would constitute a clearly unwarranted invasion of personal privacy" standard and the test for Exemption 7(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions are sufficiently similar to warrant a consolidated discussion. The privacy interests are balanced against the public's interest in disclosure under both exemptions.

[39] Hereafter, identifying information includes the following, but is no limited to, dates and places of birth; aliases; social security numbers; aliases; mailing, residential, and business addresses; work, residential and cellular telephone numbers; email addresses; subscriber, user and screen names; education and employment history and/or information.

(b)(6)-1 and (b)(7)(E)-1: NAMES AND OTHER IDENTIFYING INFORMATION
OF FBI SPECIAL AGENTS AND PROFESSIONAL STAFF

(126)   Within FOIA Exemption Category (b)(6)-1 and (b)(7)(C)-1, the FBI withheld the

names and other identifying information of FBI Special Agents ("SAs") and professional staff.

These FBI SA's and professional staff were responsible for conducting, supervising, and

maintaining investigations, investigative activities, and administrative activities reflected in the

records responsive to Plaintiff's requests. These responsibilities include, but are not limited to,

the following: coordinating and completing tasks in support of the FBI's investigative and

administrative functions, compiling information, conducting interviews, and reporting on the

status of the investigations.

(127)   Assignments of SAs to particular investigations are not by choice. Publicity,

adverse or otherwise, arising from a particular investigation and use of specific FBI investigative

techniques, may seriously prejudice their effectiveness in conducting other investigations and

performing day-to-day work. The privacy consideration is also applied to protect FBI SAs, as

individuals, from unnecessary, unofficial questioning as to the conduct of this or other

investigations, whether or not they are currently employed by the FBI. When working on an

investigation, FBI SAs look into potential criminal and national security violations. Publicity

associated with the release of an SA's identity in connection with a particular investigation could

trigger hostility toward the SA. During an investigation, an SA may engage with all strata of

society, conducting searches and making arrests, both of which result in reasonable but

nonetheless serious disturbances to people and their lives. Persons targeted in investigations and

those sympathetic to those targeted could seek to harass or even inflict violence on an SA based

on her or her participation in an investigation. This is because individuals targeted by law

enforcement actions may carry a grudge against those involved with an investigation, which may last for years. These individuals may seek revenge on SAs (and other federal employees) involved in a particular investigation. Moreover, there is no public interest served by disclosing the SAs' identities because their identities would not significantly increase the public's understanding of the FBI's operations and activities. Thus, disclosure of this information would constitute a clearly unwarranted invasion of personal privacy; and the FBI properly withheld the names and other identifying information of FBI SAs pursuant to Exemptions 6 and 7(C).

(128)   The FBI also withheld the names and other identifying information of FBI professional staff pursuant to Exemptions 6 and 7(C). Similar to the FBI SAs, these FBI employees could be targeted for reprisal based on their involvement in specific investigations. Furthermore, these FBI professional staff members were, and possibly are, in positions of access to information regarding official law enforcement investigations, and therefore could become targets of harassing inquiries for unauthorized access to FBI information if their identities were released. Thus, these individuals maintain substantial privacy interests in not having their identities disclosed. In contrast, the FBI concluded that no public interest would be served by disclosing the identities of these FBI professional staff members to the general public because their identities would not significantly increase the public's understanding of the FBI's operations and activities. Accordingly, after balancing the professional staff members substantial privacy interests against the non-existent public interest, the FBI determined that disclosure of their identities would constitute a clearly unwarranted invasion of their personal privacy. Therefore, the FBI properly withheld the names and other identifying information of FBI professional staff pursuant to Exemptions 6 and 7(C).

(129)   Additionally, the FBI withheld the Unique Employee Identification Numbers

("UEID") of FBI professional staff members involved in the classification and review of the records. UEIDs are singular numbers assigned to employees and serve as a means of identification within the government. This unique identifier could be used to identify the employees who reviewed the responsive documents. This, in turn, could subject the employee to targeted attempts to obtain sensitive or classified FBI information which they may have access to due to their FBI employment. Furthermore, adversaries could co-opt the information in an attempt to impersonate the employees' identities in relation to agency business. As such, the FBI determined these employees maintain substantial privacy interests in not having their UEID disclosed. In contrast, there is no public interest in this singular piece of information because its disclosure would not significantly increase the public's understanding of FBI operations and activities. The disclosure of this information would constitute a clearly unwarranted invasion of personal privacy; therefore, the FBI properly withheld the UEIDs pursuant to Exemptions 6 and 7(C).

### (b)(6)-2 and (b)(7)(C)-2: Names and Other Identifying Information of Third Parties Merely Mentioned

(130)   Within FOIA Exemption Category (b)(6)-2 and (b)(7)(C)-2, the FBI withheld the names and other identifying information of third parties who were merely mentioned in the investigative records responsive to Plaintiff's requests. The FBI has information about third parties in its files because such individuals were tangentially mentioned in conjunction with FBI investigative efforts. However, these individuals were not of investigative interest to the FBI. . These third parties maintain substantial and legitimate privacy interests in not having this information disclosed and thus, connected to FBI law enforcement matters. Considering the FBI is an investigative and intelligence agency, disclosure of these third parties' names and other identifying information in connection with FBI records carries an extremely negative

connotation. Disclosure of their identities would subject these individuals to possible harassment

or criticism and focus derogatory inferences and suspicion on them. With regard to public

interest that would override privacy interests, the FBI concluded that disclosing information

about individuals who were merely mentioned in an FBI file would not significantly increase the

public's understanding of the operations and activities of the FBI. Accordingly, the FBI properly

protected these individuals' privacy interests pursuant to FOIA Exemptions 6 and 7(C).[40]

(b)(6)-3 and (b)(7)(C)-3: NAMES AND OTHER IDENTIFYING
INFORMATION OF PERSONS OF INVESTIGATIVE INTEREST

(131)   Within FOIA Exemption Category (b)(6)-3 and (b)(7)(C)-3, the FBI withheld the

names and other identifying information of third parties who were of investigative interest to the

FBI. Being identified as a subject of FBI investigative interest carries a strong negative

connotation and a stigma, regardless of whether the individuals ever committed a criminal act.

Release of the identities of these individuals to the public could subject them to harassment or

embarrassment, as well as undue public attention, resulting in potential professional and social

repercussions. Accordingly, the FBI determined that these individuals maintain substantial

privacy interests in not having their identities disclosed. In contrast, disclosing personal

information about these individuals would not shed light on the FBI's operations and activities.

The FBI concluded that there was no public interest sufficient to override these individuals'

substantial privacy interests. For these reasons, the FBI properly withheld this information

pursuant to Exemptions 6 and 7(C).

---

[40] Upon further review of the responsive portions of records, the FBI is asserting Exemption
Coded Categories (b)(6)-2 and (b)(7)(C)-2 in addition to the other previously asserted Exemption
Coded Categories to withhold in its entirety, Bates-numbered page FBI(20-cv-447)-279. The
addition of these Exemption Coded Categories in relation to this Bates-numbered page is
identified in the FBI's *Vaughn* Index attached hereto as Exhibit N.

(b)(6)-4 and (b)(7)(C)-4: NAMES AND OTHER IDENTIFYING INFORMATION
OF THIRD PARTIES WHO PROVIDED INFORMATION

(132)   Within FOIA Exemption Category (b)(6)-4 and (b)(7)(C)-4 and at times in conjunction with FOIA Exemption (b)(7)(D), the FBI withheld the names and other identifying information of third-party individuals who were interviewed, or provided information by other means, to the FBI during its investigation of third parties. The identifying information of, and information provided by, these third-party individuals appears within the FBI's files because these individuals willingly divulged information relevant to FBI investigative efforts. These individuals were not of investigative interest to the FBI. Plaintiff has not provided a privacy waiver from the third-parties authorizing release of their information, nor has Plaintiff supplied proof of death; therefore, these individuals maintain substantial and legitimate privacy interests in not having their cooperation or connection to FBI law enforcement matters disclosed. Considering the FBI is an investigative and intelligence agency, disclosure of these individuals' names and identifying information in connection with FBI records carries an extremely negative connotation.

(133)   Disclosure of the identities of individuals who willingly provide information to the FBI could subject these individuals to harassment or embarrassment, undue public attention, and unwanted inquiries for information related to their assistance. They could also be targeted for retaliation by investigative subjects or by those who simply disparage cooperation with law enforcement. Exposure of a third party's cooperation with law enforcement could also lead to legal or economic detriment, negative professional and social repercussions, possible physical harm, or even death. Thus, the FBI has determined these individuals maintain substantial privacy interests in not having their identities disclosed.

(134)   In contrast, the FBI could identify no public interest in the disclosure of this

64

information because disclosure of these individuals' names and identifying information would not shed light on or significantly increase the public's understanding of the operations and activities of the FBI. The FBI concluded the non-existent public interest here was insufficient to override these individuals' substantial privacy interests; therefore, the FBI properly protected these individuals' privacy interests pursuant to Exemptions 6 and 7(C). The FBI is also relying on Exemption 7(D) to withhold this information in many instances.

### (b)(6)-5 and (b)(7)(C)-5: NAMES AND OTHER IDENTIFYING INFORMATION OF NON-FBI FEDERAL GOVERNMENT PERSONNEL

(135)   Within FOIA Exemption Category (b)(6)-5 and (b)(7)(C)-5, the FBI withheld the names and identifying information of personnel from non-FBI, federal, government agencies who provided information to or otherwise assisted the FBI in its investigation of third-parties. The rationale for protecting the identities of other federal government employees is the same as the rationale for protecting the identities of FBI employees. *See* ¶¶ 127-128, *supra*. Publicity, adverse or otherwise, concerning the assistance of other agency employees in FBI investigations would seriously impair their effectiveness in assisting with or participating in future FBI investigations. The privacy consideration also protects these individuals from unnecessary, unofficial questioning as to the FBI investigation. It is possible for a person targeted by law enforcement action to carry a grudge which may last for years, and to seek revenge on the personnel involved in the investigations/investigative activities at issue in these FBI records. The publicity associated with the release of their names and/or identifying information in connection with these investigations/investigative activities could trigger hostility towards them by such persons. Therefore, these employees maintain substantial privacy interests in not having their identities disclosed in this context. In contrast, there is no public interest to be served by the disclosure of these employees' names and other identifying information because their identities,

by themselves, would not demonstrate how the FBI performed its statutory mission and thus, would not significantly increase the public's understanding of the FBI's operations and activities. Accordingly, the FBI properly protected these employees' privacy interests pursuant to FOIA Exemptions 6 and 7(C).

(b)(6)-6 and (b)(7)(C)-6: SURVIVOR PRIVACY[41]

(136)   Within FOIA Exemption Category (b)(6)-6 and (b)(7)(C)-6, the FBI withheld information derived from Seth Rich's personal laptop as such information would violate the privacy rights of the survivors of Seth Rich. Seth Rich died in July 2016.[42] At the time of his death, he was 27 years old and employed with the Democratic National Committee in Washington, D.C. He was survived by his parents and one brother. Seth Rich's death was investigated by the Metropolitan Police Department ("MPD"). Soon after his death the FBI's Washington Field Office Criminal Division contacted MPD and offered its assistance; however, MPD declined the offer. The FBI did not open an investigation into the murder of Seth Conrad Rich, nor did it provide investigative or technical assistance to MPD.[43]

(137)   Through its search efforts in response to Plaintiff's FOIPA Request Number 1465531, records were located within the Special Counsel Office's records collection maintained by the FBI. Specifically, the FBI located an FD-302 documenting a meeting which took place on March 15, 2018. At the meeting, a source provided to an FBI Agent assigned to assist with the

---

[41] Upon further review of the records processed herein, the FBI is also asserting FOIA Exemption Coded Category (b)(6)-6 and (b)(7)(C)-6 to withhold information assigned Bates-number FBI(20-cv-447)-422. The addition of this FOIA Exemption Coded Category is contained in the FBI's *Vaughn* Index attached hereto as Exhibit N.

[42] Seth Rich's personal laptop contains among other things, photographs, various types of media and documents (*i.e.* .jpeg, .pdf, .docx, .html, .mp3, .gif, etc.)

[43] *See* 1:18-cv-01568-LB *Clevenger v. U.S. Department of Justice, et al.,* ECF No. 16-1 Declaration of David M. Hardy and ECF# 37 Second Declaration of David M. Hardy.

Special Counsel's Office investigation, information and material extracted from Seth Rich's personal laptop. The FBI did not utilize the information received to aid in its DNC investigation or any other investigations. Further, since the FBI had no involvement in the extraction of the data from Seth Rich's personal laptop, there is no way to know with certainty if the information provided by the source and maintained by the FBI in the Special Counsel's Office record collection, accurately depicts the contents of the information contained on Seth Rich's personal laptop at the time of his death.

(138)   Seth Rich's death drew significant media attention and speculation as to the cause and reasons for his death. So much so, that the actions which transpired after his death caused his parents on March 14, 2018 to file a lawsuit in the United States District Court for the Southern District of New York, assigned Civil Action No. 1:18-cv-02223, styled, *Joel Rich and Mary Rich v. Fox News Network, LLC, et al.* The District Court dismissed the Rich's state torts claims, however, on appeal the United States Court of Appeals for the Second Circuit concluded that the Richs' allegations plausibly state claims for intentional infliction of emotional distress and tortious interference with contract, and that they are capable of supporting claims of negligent supervision. On September 13, 2019, the USCA's vacated the district court's judgment dismissing the complaint and remanded the case for further proceedings. Once remanded the Richs' were engaged in another year of litigation prior to the civil action being resolved on December 2, 2020 by the filing of a Joint Stipulation of Dismissal.

(139)   Seth Rich has no privacy interests due to being deceased, however, the same cannot be said for those that survive him and are left to cherish his memory. Seth Rich's survivors have a substantial privacy interest in not having the content of his personal laptop disclosed, as it may contain information of family (parents and siblings), friends or

acquaintances (professional or personal), his favorite music and other material that would reveal details concerning both personal and sensitive relationships. In today's technical age, personal laptops are used for a myriad of day to day tasks, to include corresponding with friends and family via email, scheduling appointments, tele-health visits, face-time and/or video chats, downloading and storing music and photographs and for preparing and storing documents relative to one's personal interests and/or groups and organizations an individual is affiliated with or for which an individual is a member.

(140)   In balancing the survivors' privacy interest in non-disclosure against the public interest in disclosure the FBI determined that the survivors' privacy interest outweighs the public's interest in disclosure, as disclosure of the information on Seth Rich's personal laptop would not shed light on the operations and activities of the FBI. Further, the information on Seth Rich's personal laptop, in and of itself, would not demonstrate how the FBI performed its statutory mission and thus, would not significantly increase the public's understanding of the FBI's operations and activities. Accordingly, the FBI properly protected the privacy interests of the survivors of Seth Rich pursuant to FOIA Exemptions 6 and 7(C).

EXEMPTION 7(D) – CONFIDENTIAL SOURCE INFORMATION

(141)   Exemption 7(D) protects "records or information compiled for law enforcement purposes" when disclosure:

> could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D).

(142)   Numerous confidential sources report to the FBI on a regular basis. They provide information under an express assurance of confidentiality and are "informants" within the

common meaning of the term. Others are interviewed and provide information under an implied assurance of confidentiality (*i.e.,* under circumstances from which an assurance of confidentiality may be inferred). In either situation, these sources are considered to be confidential because they furnish information only with the understanding that their identities and the information they provide will not be divulged outside the FBI (outside of the investigative use of the information to, for example, set leads). Information provided by the sources is often singular in nature and, if released, could reveal their identities. The FBI has learned through experience that sources assisting, cooperating with, and providing information to the FBI must be free to do so without fear of reprisal. The FBI has also learned that sources must be free to furnish information to the FBI with complete candor and without the understandable tendency to hedge or withhold information because of fear that their cooperation with the FBI will later be made public. Sources providing information to the FBI should be secure in the knowledge that their assistance and their identities will be held in confidence.

(143)   The release of a source's identity would forever eliminate that source as a future means of obtaining information. In addition, when the identity of one source is revealed, that revelation has a chilling effect on the activities and cooperation of other sources. Such a result undermines one of the FBI's most important means of collecting information and could thereby severely hamper law enforcement efforts to detect and apprehend individuals engaged in the violation of federal criminal laws.

(b)(7)(D)-1: CONFIDENTIAL SOURCE SYMBOL NUMBER

(144)   Within FOIA Exemption Category (b)(7)(D)-1, the FBI withheld the permanent source symbol number given to an FBI confidential human source ("CHS"). The FBI assigns permanent source symbol numbers in sequential order to CHSs who report information to the

FBI on a regular basis under an express assurance of confidentiality. Because the FBI does not refer to the CHS by their true name, they are referred to by their individually assigned permanent source symbol numbers to protect their identity. The FBI obtained information from the confidential source relevant to the investigations discussed within the records at issue.

(145)   If the FBI disclosed the confidential source symbol number of its CHS, their identities could be ascertained by persons knowledgeable of the FBI's investigations and the events and subjects involved. This is because, as stated above, these singular numbers are assigned to a specific individual. Repeated release of their numbers, specifically within the context of certain events or in association with certain singular information, could enable criminals or others familiar with the events or information to pinpoint who could possibly have been present at certain events or could possibly have known different pieces of information. Furthermore, once a source's identity is discerned, the source, as well as their family, could be subjected to embarrassment, humiliation, and physical or mental harm. Moreover, the disclosure of a CHS's identity would likely portray the FBI as unwilling to protect its CHSs from exposure and as negligent in honoring its promises to keep a CHSs' identity confidential. This could dissuade current and future CHSs with access to critical information from cooperating with the FBI. The FBI has found that it is only with the understanding of confidentiality that the aid of such sources can be enlisted, and only through this understanding that sources can be persuaded to continue to provide valuable assistance. Accordingly, release of symbol source numbers could endanger current and past FBI CHSs and their families, and could harm the FBI's ability to recruit and maintain CHSs, the FBI properly withheld this information pursuant to FOIA Exemption 7(D).

(b)(7)(D)-2:  IDENTIFYING INFORMATION OF AND INFORMATION
PROVIDED BY SOURCES UNDER AN EXPRESS ASSURANCES OF CONFIDENTIALITY

(146)   Within FOIA Exemption Category (b)(7)(D)-2, the FBI withheld the identifying information of and information provided by a third party to the FBI under an express assurance of confidentiality. When processing the records at issue, the FBI found evidence that these individuals, who provided specific and detailed information that is singular in nature, either requested their identities not be revealed; and FBI investigators would have, by standard practice, expressly promised that their identifies and the information they provided (outside its investigative use) would remain confidential.

(147)   Providing an express assurance of confidentiality is essential to the FBI's ability to obtain relevant and accurate information from confidential human sources ("CHS"). Without such an assurance, individuals with access to information critical to FBI investigations may be reluctant to provide information or may modify their statements to lessen the severity of any backlash. Therefore, the FBI must provide a credible assurance of confidentiality to these individuals in order to obtain factual, relevant, and timely information. Release of a source's identity and any singular information they provided may lead to the revelation of the source's identity and would display an unwillingness by the FBI to honor its assurances of confidentiality to current and future CHSs. Therefore, release of this information would have a lasting negative impact on the FBI's information program as it would greatly hinder the FBI's ability to recruit and maintain CHSs willing to provide accurate and relevant information pertaining to criminal activities.

(148)   Within the records at issue, the FBI determined that its investigators granted certain individuals an express assurance of confidentiality because it located positive indicators signaling that these individuals were official, established FBI sources. In some instances, sources

were described as being a CHS") or a "cooperating witness" ("CW"). The designations of CW or CHS are positive indications that these individuals entered into an official, confidential relationship with the FBI in which they would have, by standard FBI practice, been provided with an express assurance of confidentiality. In other instances, the FBI located sources given source symbol numbers.[44] Thus, the use of a symbol source number is also a positive indication sources were officially established and supplied with express grants of confidentiality.

(149)   In sum, the FBI located evidence indicating that these individuals supplied information to the FBI with an express assurance that their names and other identifying information, and the information they provided (outside of its investigative use) would be held in confidence. Release of such information would endanger these CHSs and cause great detriment to the FBI's ability to recruit and maintain reliable CHSs; thus, the FBI properly protected this information pursuant to Exemption 7(D).

### (b)(7)(D)-3: NAME, OTHER IDENTIFYING INFORMATION OF, AND INFORMATION PROVIDED BY A LOCAL LAW ENFORCEMENT AGENCY UNDER IMPLIED ASSURANCES OF CONFIDENTIALITY

(150)   Within FOIA Exemption Category (b)(7)(D)-3, the FBI withheld the name, identifying information of, and information provided by local law enforcement personnel under an implied assurance of confidentiality. Certainly, the FBI does not infer that all state or local law enforcement authorities who cooperate in federal investigations do so with expectations of confidentiality. However, under some circumstances, such an expectation may be inferred. Here, law enforcement authorities provided specific detailed information of value to the FBI, which is singular in nature, concerning a subject thought to be of investigative interest. The FBI inferred these personnel provided this information to the FBI with an expectation their involvement in the

---

[44] *See* ¶¶ 143-144 *supra* for further description of source symbol numbers.

investigation, and the information they provided, would remain confidential due to the following: 1) the information and assistance provided would disclose their agency's law enforcement techniques, or details about law enforcement techniques, that are not publicly known; and 2) the information provided in some instances concerns the law enforcement agency's own confidential sources.

(151)   The FBI relies heavily on assistance from its state and local law enforcement partners in pursuing its law enforcement and intelligence gathering missions. The disclosure of this information could have disastrous consequences. If this information were released to the public under FOIA, these agencies would be less likely to freely share sensitive information with the FBI. It could also harm the FBI's ability to seek support and or assistance from these agencies during joint investigations. Additionally, the FBI's disclosure of such information could 1) jeopardize these agencies' investigative techniques and procedures as disclosure would allow criminals to predict and circumvent use of these techniques and procedures; 2) discredit these state and local law enforcement authorities with current and future confidential sources, and greatly hinder their ability to recruit their own valuable sources; and 3) subject the agencies' personnel to violent reprisal. Accordingly, it is reasonable for the FBI to infer these state and law enforcement authorities provided this information to the FBI under circumstances in which an assurance of confidentiality can be implied. Thus, this information is exempt from disclosure pursuant to FOIA Exemption 7(D).

(b)(7)(D)-4: INFORMATION PROVIDED BY A FOREIGN GOVERNMENT AGENCY
UNDER AN IMPLIED ASSURANCE OF CONFIDENTIALITY

(152)   Within FOIA  Exemption Category (b)(7)(D)-4, the FBI withheld information provided by foreign government agency authorities under an implied assurance of confidentiality. The FBI has many agreements with foreign governments under which national

security and criminal law enforcement information is exchanged The FBI's conclusion is that the

foreign government agency at issue here expected confidentiality in its dealing with the FBI and

with regard to the information it provided to the FBI is based on the Foreign Government

Information Classification Guide #1 ("G-1 Guide"). The G-1 Guide is issued in accordance with

E.O. 13526, 75 Fed. Reg. 707 (2010) and 75 Fed. Reg. 1013 (2010); the National Archives and

the Records Administration ("NARA") Information Security Oversight Office ("ISOO")

Implementing Directive Number One; the FBI Security Policy Manual (rev. Apr. 3, 2006); and

the designated Original Classification Authority ("OCA") of the Executive Assistant Director,

FBI National Security Branch. The G-1 Guide governs classification of foreign government

information that foreign governments have asked the FBI to protect over the course of time. The

FBI uses the G-1 Guide to determine the level and duration of derivative classification of foreign

government information, including unmarked internal FBI documents which are being reviewed

for possible classification.

(153)   While ostensibly a classification document, the G-1 Guide also provides for

confidentiality in non-national security areas. Specifically, it provides that the relationship

between certain foreign law enforcement entities and the FBI will not be disclosed and will

remain confidential, at the request of those foreign entities. As relevant here, although according

to the G-1 Guide, the foreign agency referenced in the records at issue here did not request its

relationship with the FBI be classified it did request the relationship not be disclosed. Therefore,

the fact that the foreign government agency here specifically requested its relationship with the

FBI not be disclosed demonstrates that it expected and continues to expect implied

confidentiality in its interactions with the FBI and with regard to the information it provides to

the FBI for law enforcement and national security purposes under applicable information sharing

agreements.

(154)   The release of official United States Government documents revealing the existence of such confidential relationship with a long-term foreign government partner, in contravention of law enforcement and national security information sharing agreements, reasonably could be expected to strain relations between the United States and foreign governments and lead to negative diplomatic, political, or economic repercussions. Furthermore, a breach of this relationship can be expected to have a chilling effect on the free flow of vital law enforcement/national security information to the FBI, which would impede the FBI's effectiveness in countering/solving crimes and protecting the national security.

(155)   For the reasons explained above, the FBI properly concluded that the foreign government agency whose identity and information were protected within FOIA Exemption Category (b)(7)(D)-4 expected confidentiality in its dealings with the FBI, and consequently, that there was an implied assurance of confidentiality.

## EXEMPTION (b)(7)(E)

## INVESTIGATIVE TECHNIQUES AND PROCEDURES

(156)   Exemption 7(E) protects "records of information compiled for law enforcement purposes" that  would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. 5 U.S.C. § 552(b)(7)(E)

(157)   Within the records responsive to Plaintiff's requests, the FBI applied Exemption (b)(7)(E) to non-public investigative techniques and procedures utilized by the FBI to carry-out its law enforcement function, and to non-public details about techniques and procedures that are otherwise known to the public. Specifically, the FBI properly asserted Exemption 7(E) to protect

the following categories of information.

### (b)(7)(E)-1: FBI INTERNAL E-MAIL ADDRESSES AND NON-PUBLIC WEB ADDRESSES

(158)   Within FOIA Exemption Category (b)(7)(E)-1, the FBI withheld internal e-mail addresses and non-public intranet web addresses. Releasing this information would provide criminals with specific targets for cyber-attacks  or other attacks on FBI secure communications. Considering the current cyber-security environment where government data breaches and other hacking attempts on government systems are prevalent, it is likely that the release of this type of information could provide hackers with avenues to exploit the FBI's information technology system. Criminals could use this information to gain unauthorized access to FBI systems and, view and manipulate sensitive investigative data, interfere with the FBI's non-public intranet protocol, and/or hinder the FBI's ability to enforce the law by disrupting the FBI's internal communications. Releasing this information poses substantial risks to FBI information systems, could potentially decrease the FBI's effectiveness, and could enable criminals to circumvent the law. Accordingly, the FBI properly asserted Exemption 7(E) to withhold this information.

### (b)(7)(E)-2: SENSITIVE INVESTIGATIVE FILE NUMBERS AND SUB-FILE NAMES

(159)   Within FOIA Exemption Category (b)(7)(E)-2, the FBI protected sensitive investigative file numbers and sub-file names. The FBI determined that this exemption is appropriate for protecting these file numbers and sub-file names because the release of these numbers and sub-file names which are not publicly known, could result in identification of the investigative interest or priority given to certain sensitive matters. Further, revealing the names of files or sub-files concerning sensitive techniques would obviously then reveal that the FBI used particular types of techniques in certain national security investigations. It would also show, globally, what types of investigative strategies the FBI uses in countering and/or investigating

certain type of criminal behavior. The file numbers and sub-file names the FBI protected are not known to the general public. These file numbers (or UCFNs) contain three separate components. The first component consists of the FBI file classification numbers which indicate the types of investigative or intelligence gathering programs to which these investigations pertain. Many of the FBI's classification numbers are public, which makes disclosure of this non-public information even more telling. For example revealing a non-public file classification number, such as a money laundering file classification number, would reveal that the FBI has a money laundering investigative file on a subject who, for example, was only known to be investigated for crimes related to public corruption. Thus, revealing key non-public information about the FBI's money laundering investigation. Additionally, releasing non-public FBI file classification numbers would provide criminals and foreign adversaries with the ability to discern the types of highly sensitive investigations the FBI is pursuing and reveal critical information about non-public investigative techniques and procedures used in such investigations.

(160)   The protected investigative file numbers also contain the two-letter office of origin code, indicating which FBI field office or overseas FBI legat initiated the investigations. Providing this information, in many instances, would provide critical information about where and how the FBI detected particular criminal behaviors or national security threats, and reveal key pieces about non-public FBI investigations and intelligence or evidence gathering sources and methods. Revealing this information could also risk disclosing non-public FBI investigations or intelligence gathering initiatives, by revealing interests in a field office's or legat's area of responsibility. Releasing this information could also provide significant information about the FBI's failure to detect certain types of criminal behavior. For example, a criminal operating out of San Francisco, California with ties to a criminal organization under investigation in the FBI's

Seattle Field Office, could request the FBI's Seattle Field Office's investigative file. If the FBI were to disclose all the originating office codes in that investigative file, and there was no indication the FBI ever pursued an investigation in San Francisco, the criminal could reasonably assume the FBI failed to locate evidence of their wrongdoing, emboldening them to continue illegal activities, undeterred.

(161)   The third component of the investigative file numbers is the assigned string of numbers for the particular subject matter under investigation. Releasing these singular file numbers would provide criminals and foreign adversaries with a tracking mechanism by which they can place particular files, and thus, investigations within the context of larger FBI investigative efforts. The release of all three components of sensitive investigative file numbers would provide criminal and foreign adversaries with an idea of how FBI investigations may be interrelated and, potentially, when, why, and how the FBI pursued different investigations. This would provide criminals and foreign adversaries with a means of judging where the FBI allocates its limited investigative resources, how the FBI responds to different investigative circumstances, what the FBI knows and when/how they obtained the knowledge, and if there are knowledge gaps in the FBI's gathered evidence or intelligence.

(162)   In summary, releasing sensitive FBI investigative file numbers and sub-file names would allow criminals and foreign adversaries to obtain an exceptional understanding of where, who, what, and how the FBI investigates certain violations of federal law. Release of this information would enable these criminals and foreign adversaries to predict actions the FBI may take in certain types of investigations and they may structure their behavior in response to avoid detection and disruption by FBI, enabling them to circumvent the law. Accordingly, the FBI

properly asserted FOIA Exemption 7(E) to protect this type of information.

(b)(7)(E)-3: DATABASE INFORMATION

(163)   Within FOIA Exemption Category (b)(7)(E)-3, the FBI withheld the identity of a sensitive investigative database used for official law enforcement purposes by the FBI. Releasing the identity of this database or any information located therein would give criminals insight into the tools and resources the FBI uses to conduct criminal and national security investigations (*i.e.,* the scope of information stored within the databases, how the FBI uses the databases to support its investigations, the types of information most valued by the FBI for particular investigations, and vulnerabilities of the databases).

(164)   Revealing the use of this database in the context of FBI investigative records, would reveal the nature of its utility to FBI investigators and the scope of information stored therein. Disclosing when and why the FBI queries this database would reveal key information about FBI investigative strategies. This is because different investigative databases contain varying datasets, and revealing the types of data sought by investigators in particular investigative circumstances would reveal the strategies employed in response to different investigative circumstances.

(165)   Revealing the types of information stored in this database would also reveal the types of information most useful to FBI investigators. This would provide criminals with an understanding of how they might structure their behavior and deploy countermeasures to deprive the FBI of useful intelligence and evidence, thus jeopardizing FBI investigations.

(166)   Finally, revealing the identity of this database could jeopardize FBI investigations by revealing exactly where the FBI stores and from where it obtains valuable investigative data. Knowing the database name makes the original source data an attractive target for compromise.

It would allow criminals who gain access to FBI systems an idea of where they can go to discover what the FBI knows, how it gathered the information, and possible information regarding the FBI's investigative strategies. It would also provide criminals with the opportunity to corrupt or destroy information stored within this database.

(167)   In summary, release of the identity of a sensitive investigative database would impede the FBI's effectiveness and potentially aid in circumvention of valuable investigative techniques. Therefore, the FBI properly withheld this information pursuant to Exemption 7(E).

### (b)(7)(E)-4:  CODE NAMES FOR INVESTIGATIONS

(168)   Within FOIA Exemption Category (b)(7)(E)-4, the FBI withheld information pertaining to sensitive code names associated with sensitive law enforcement and national security investigations, which have not been publicly disclosed. If disclosed this information will reveal a technique of continuing value to the FBI in its ongoing law enforcement investigations. Code names are unique and assigned solely to one particular law enforcement investigative technique. They are used in lieu of the actual name, description, and information concerning a specific law enforcement investigation of national security interest. Public disclosure of codes names will allow a criminal, hostile actor, or one not privy to this code name, to patch bits and pieces of information together until the actual use of this technique can be determined. In addition, the disclosure of code names will inform hostile actors of the possible breadth of or reveal intelligence capabilities, as well as the probable evidence or intelligence that the FBI has gathered, or can collect, concerning them. This information is properly withheld pursuant to FOIA Exemption 7(E).

### (b)(7)(E)-5: TYPES AND DATES OF INVESTIGATIONS

(169)   Within FOIA Exemption Category (b)(7)(E)-5, the FBI withheld information pertaining to the types and dates of investigations referenced in the records responsive to

Plaintiff's FOIA requests. Specifically, some of the information withheld, when referenced in connection with investigations and not in general discussion, pertains to the types of investigations, such as whether it is a "preliminary" or "full" investigation, and the dates the FBI initiated the investigations. Disclosure of the type of investigation would inform criminals of the specific techniques and procedures that investigators could use because designation of an investigation as a "full" investigation permits FBI investigators to use certain techniques and procedures, not permitted in a "preliminary" investigation, as well as when the techniques and procedures could have been used. Additionally, this information would give criminals valuable insight into how the FBI develops its investigations. Release of this information would allow investigative subjects to predict FBI investigative strategies and adjust their behavior accordingly. Moreover, revealing when a specific criminal activity in general warrants an investigation could cause criminals to adjust their conduct to avoid investigative scrutiny by the FBI.

(170)   In summary, disclosure of information related to the types and timing of investigations could enable criminals to time and structure their illegal activities to circumvent the FBI's attempts to enforce federal laws; therefore, the FBI properly withheld this information pursuant to Exemption 7(E).

(b)(7)(E)-6: COLLECTION AND ANALYSIS OF INFORMATION

(171)   Within FOIA Exemption Category (b)(7)(E)-6, the FBI withheld methods it uses to collect and analyze information it obtains for investigative purposes. The release of this information would disclose the identity of methods used in the collection and analysis of information, including how and from where the FBI collects information and the methods employed to analyze it once collected. Such disclosures would enable subjects of FBI

investigations to circumvent these and similar techniques, thus diminishing their usefulness. This, in turn, would facilitate the ability of investigative subjects to accumulate information regarding the circumstances under which specific methods were used and the utility of the information obtained. Release of this type of information would enable criminals to educate themselves about the methods employed to collect and analyze information and therefore allow them to take countermeasures to circumvent the effectiveness of these methods and continue to engage in activities that violates the law. Accordingly, the FBI properly withheld this information pursuant to FOIA Exemption 7(E).

### (b)(7)(E)-7: SPECIFIC LAW ENFORCEMENT TECHNIQUE UTILIZED TO CONDUCT NATIONAL SECURITY INVESTIGATIONS

(172)   Within FOIA Exemption Category (b)(7)(E)-7, the FBI withheld sensitive law enforcement techniques used to conduct national security investigations, in conjunction with FOIA Exemptions 1, (E.O. 13526, § 1.4(c)) and (50 U.S.C. § 3024(i)(1)). Due to the nature of these techniques, they qualify for protection pursuant to FOIA Exemption 7(E) as they are non-public investigative techniques, the release of which would enable criminals to circumvent the law; but they also qualify for protection pursuant to Exemptions 1 and/or 3 as they are also intelligence gathering techniques used in the national security context. These investigative techniques are highly sensitive and releasing additional information about them or discussing them in greater detail here would reveal their very nature, and when and how they are utilized by the FBI in criminal and national security investigations. This would enable criminals and foreign adversaries targeted by these techniques to predict and circumvent their use. As such, the FBI asserted Exemption 7(E), in conjunction with both Exemptions 1 and 3, to properly withhold this information to protect sensitive national security investigative techniques.

(b)(7)(E)-8: Investigative Focus of Specific Investigations

(173)   Within FOIA Exemption Category (b)(7)(E)-8, the FBI withheld the focuses of specific FBI counterintelligence investigations. These focuses have not been publicly disclosed. Revealing this information to investigative targets would alert them to the FBI's interest in their activities, allowing them to take active measures to conceal and destroy evidence or modify their behavior to avoid future investigative scrutiny. Additionally, revealing the broader investigative focuses of interconnected national security investigations would reveal the scope of the FBI's gathered evidence and intelligence on third party subjects of investigative interest, connections it has discovered between different criminals or foreign adversaries, and the strategies it plans to pursue to prevent or disrupt further national security threats. This would allow these foreign adversaries to predict the FBI's investigative strategies and modify their activities or operation security measures to thwart FBI investigative efforts. Additionally, release of this information in the context of the investigative records at issue would provide foreign adversaries a preview of how the FBI will respond to similar investigative situations, allowing them to preemptively deploy countermeasures to disrupt FBI investigative efforts of their own, unrelated activities.

(174)   Release of this type of information would also reveal key information about FBI intelligence gathering capabilities. Revealing when and why the FBI pursues or shifts investigative focuses would reveal key information about the types of investigative intelligence the FBI possessed at particular points in time, and possibly when and how such information was obtained. This could enable foreign adversaries to discover non-public details about FBI intelligence and evidence gathering methods, and help them determine how they might modify their operational security to deprive the FBI of such critical intelligence and evidence.

(175)   In summary, releasing the focus of specific FBI national security investigations

would allow targets of these investigations to thwart FBI efforts to investigate/disrupt their activities; stunt the FBI's broader strategies for pursuing interrelated investigations; provide key information about FBI investigative strategies for pursuing national security investigations; and reveal key information about the FBI's intelligence and evidence gathering capabilities. Therefore, as release of this information would enable criminals to circumvent the law, the FBI properly withheld this information pursuant to Exemption 7(E).

<div align="center">(b)(7)(E)-9: Identities of an FBI Unit, Squad, and Division</div>

(176)   Within FOIA Exemption Category (b)(7)(E)-9, the FBI withheld the identity of an FBI unit, squad, and division involved in the investigations of third parties maintained in the SCO records responsive to Plaintiff's request. Such information is often found in the administrative headings of internal FBI documents. These headings identify the unit, squad, and division that originated or received the documents. Disclosing the location of the unit, squad, and division could reveal the investigative subject(s) and the physical area(s) of interest in the investigation, and, when taken together or combined with other location information, could establish a pattern or "mosaic" that identification of a single location would not. If the locations are clustered in a particular area, that information would allow criminals to avoid those locations, especially if one or more locations appeared with frequency or in a pattern. This would disrupt the investigative process and deprive the FBI of valuable information. Withholding the identity of a specific unit, squad and division is justified under a similar rationale. Once identified, the area(s) of expertise assigned to the unit, squad and division's would become known and the targets of the investigations would be able to discern the investigative strategies used by the FBI. For example, knowing that a unit whose focus is on financial crimes is involved in an investigation is quite different than knowing that the unit involved has a focus on crimes of

<div align="center">84</div>

violence. This knowledge could allow a subject to employ countermeasures targeted toward

concealing particular types of behavior and allow them to make informed decisions to avoid

certain activities in a certain location. Furthermore, certain FBI units and squads are highly

specialized, and thus, deploy specialized techniques and procedures. Revealing their involvement

in an investigation would reveal non-public details concerning the specific techniques and

procedures used under certain investigative circumstances, and subsequently allow for criminals

to predict when the FBI will use these techniques and procedures. This would allow such

criminals to discover and circumvent the deployment of these techniques and procedures, greatly

reducing their effectiveness.

(177)   In summary, the FBI withheld the identification and location of a particular unit,

squad, and division to prevent criminals from adjusting their behavior and activities to

circumvent FBI law enforcement efforts. Accordingly, the FBI properly asserted Exemption 7(E)

to withhold this information.

## CONSULTATIONS WITH OTHER GOVERNMENT AGENCIES

(178)   During the processing of Plaintiff's request, the FBI consulted with other

government agencies ("OGAs") concerning their information located within documents

responsive to Plaintiff's requests. These agencies include the DOJ, OIP and the Executive Office

for the United States Attorneys ("EOUSA").

## DOJ/OIP

(179)   The FBI consulted with DOJ/OIP concerning Bates-numbered pages FBI(20-cv-

447)-10-13, 14-21, 22-28, 29-32, 41-43, 67-72, 73-78, 148-156, 306-310, 316-323 and 437-

443.[45]  DOJ, OIP requested the FBI assert Exemption (b)(5) to withhold portions of information

---

[45] As a result of bates-numbering changes that occurred prior to the receipt of OIP's response, the
records provided to them bearing Bates-numbered pages FBI(20-cv-447)-37-40 were changed to

on their behalf on Bates-numbered pages FBI(20-cv-447)-14, 15, 16, 21-23 and 28.  The

Declaration filed by DOJ/OIP in support of Defendants' Motion for Summary Judgment

addresses these withholdings. The Bates-numbered pages wherein this information is withheld

are included in the FBI's *Vaughn* Index and identified as "Per DOJ/OIP."

### EOUSA

(180)   The FBI consulted with EOUSA concerning Bates-numbered pages FBI(20-cv-

447)-44-46 and 59-60. As a result of bates-numbering changes that occurred prior to the receipt

of EOUSA's response, the records were re-numbered and these records were assigned Bates-

numbered pages FBI(20-cv-447)-405-407 and 420-421. EOUSA requested the FBI assert

Exemptions (b)(6) and (b)(7)(C) to withhold information on Bates-numbered page 44 (now

numbered 405) and Exemptions (b)(5), (b)(6) and (b)(7)(C) to withhold information in its

entirety on bates-numbered pages 59-60 (now numbered 420-421) on their behalf. The

Declaration of Theodore B. Smith filed simultaneously herewith addresses these withholdings.

The Bates-numbered pages wherein this information is withheld are included in the FBI's

*Vaughn* Index and identified as "Per EOUSA."

### **SEGREGABILITY**

(181)   As discussed in ¶ 4 *supra*, the FBI identified a total of 1,596 responsive pages: 9

pages Released in Full ("RIF"), 118 pages Released in Part ("RIP"), and 1,469 pages Withheld in

Full ("WIF"). Each of these categories is discussed below to further address segregability.

a)      Pages RIF. Following its segregability review, RIDS determined 9 pages

could be released in full without redaction as there was no foreseeable

---

Bates-numbered pages FBI(20-cv-447)-398-400, Bates-numbered pages FBI(20-cv-447)-67-72
were changed to Bates-numbered pages FBI(20-cv-447)-423-428, and Bates-numbered pages
FBI(20-cv-447)-73-78 were changed to Bates-numbered pages FBI(20-cv-447)-430-435.

harm to an interest protected by a FOIA exemption.

b)      Pages RIP. Following its segregability review, RIDS determined 118

pages could be released in part with redactions per the identified FOIA

exemptions herein. These pages comprise a mixture of material that could

be segregated for release and material that was withheld as release would

trigger foreseeable harm to one or more interests protected by the cited

FOIA exemptions on these pages.

c)      Pages WIF. Following its segregability review, RIDS determined 1,469

pages required withholding in their entirety.

(182)   RIDS determined that all information on these pages was either fully covered by

one or more of the cited FOIA exemptions, or determined that any non-exempt information on

these pages was so intertwined with exempt material, no information could be reasonably

segregated for release. Any further segregation of this intertwined material would employ finite

resources only to produce disjointed words, phrases, or sentences, which taken separately or

together, would have minimal or no informational content.

## CONCLUSION

(183)   The FBI performed adequate and reasonable searches for responsive records,

processed all such records, and released all reasonably segregable non-exempt information from

documents responsive to Plaintiff's FOIA requests that are subject to FOIA. The FBI processed

the records under the access provisions of the FOIA to achieve maximum disclosure. Information

was properly withheld pursuant to FOIA Exemptions 1, 3, 4, 5, 6, 7(A), 7(C), 7(D) and 7(E), 5

U.S.C. §552(b)(1), (b)(3), (b)(4), (b)(5), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D) and (b)(7)(E). The

FBI carefully examined the documents and determined the information withheld from Plaintiff in

this case, if disclosed, would reveal classified information; would reveal statutorily protected

information; would reveal confidential trade secrets and commercial information; would reveal privileged information; could reasonably be expected to interfere with pending or prospective enforcement proceedings; would cause a clearly unwarranted invasion of the personal privacy, or could reasonably be expected to constitute an unwarranted invasion of personal privacy; could reasonably be expected to disclose the identities of confidential sources and the information they provided; and would disclose techniques and procedures for law enforcement investigations. After extensive review of the documents at issue, the FBI determined that there is no further non-exempt information that can be reasonably segregated and released without revealing exempt information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A - N attached hereto are true and correct copies.

Executed this 15th day of December 2021.

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| BRIAN HUDDLESTON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION No. 4:20CV00447 |
| FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, | § § § § | JUDGE AMOS MAZZANT |
| Defendants. | § § | |

# EXHIBIT A

# FAX

| Date: | 04/09/2020 |
|---|---|
| Pages including cover sheet: | 4 |

| To: | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| Phone | |
| Fax Phone | (540) 868-4391 |

| From: | Ty Clevenger |
|---|---|
| | Ty Clevenger |
| | P.O. BOX 20753 |
| | Brooklyn |
| | NY                11202-0753 |
| | |
| Phone | 19799855289 |
| Fax Phone | 19795309523 |

NOTE:

April 9, 2020

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843
Fax: (540) 868-4391/4997

       Re: Freedom of Information Act Request

To Whom It May Concern:

       On March 20, 2020, former Asst. U.S. Attorney Deborah Sines was deposed in *Ed Butowsky v. David Folkenflik, et al.*, Case No. 4:18-cv-00442-ALM (E.D.Tex.) about matters pertaining to Seth Conrad Rich ("Seth Rich") and his brother, Aaron Nathan Rich ("Aaron Rich"). A copy of the deposition transcript can be found at https://tinyurl.com/v7xvms7 or http://lawflog.com/wp-content/uploads/2020/04/2020.03.20-Deborah-Sines-deposition-transcript.pdf. Seth Rich was a Democratic National Committee employee who was murdered on or about July 10, 2016 in Washington, D.C.

       According to Ms. Sines's testimony, the FBI conducted an investigation into possible hacking attempts on Seth Rich's electronic accounts following his murder. Ms. Sines also testified that the FBI examined Seth Rich's laptop computer as part of its investigation, and that there should be emails between her and FBI personnel. Finally, she testified that she met with a prosecutor and an FBI agent assigned to Special Counsel Robert Mueller.

       Ms. Sines's testimony conflicts with the affidavit testimony of David M. Hardy, who claimed that the FBI conducted a reasonable search and could not find any records pertaining to Seth Rich. *See* October 3, 2018 Affidavit of David M. Hardy (http://lawflog.com/wp-content/uploads/2020/01/Hardy-Declaration.pdf) and July 29, 2019 Affidavit of David M. Hardy (http://lawflog.com/wp-content/uploads/2020/01/Second-Hardy-Declaration.pdf). Mr. Hardy's affidavits were also contradicted by email records that Judicial Watch obtained in *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 1:18-cv-00154-RBW (D.D.C.). *See* August 10, 2016 email string (https://tinyurl.com/wylcu9l or http://lawflog.com/wp-content/uploads/2020/04/FBI-emails-re-Seth-Rich.pdf). Clearly, the FBI is in possession of email records pertaining to Seth Rich.

       As permitted by the Freedom of Information Act, 5 U.S.C. § 552, I request the opportunity to view the following:

1. All data, documents, records, or communications (electronic or otherwise) created or obtained since January 1, 2016 that discuss or reference Seth Rich or Aaron Rich. This would include, but is not limited to, all data, documents, records, or communications in the

Washington Field Office, Computer Analysis Response Team ("CART"), and any other "cyber" unit within the FBI.

2. All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (*e.g.*, email) after his death.

3. All data downloaded from all electronic devices that belonged to Seth Rich as well as all data, documents, records or communications indicating how the devices were obtained and who was responsible for downloading the information.

4. All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc. that were obtained by the FBI while assisting Special Counsel Robert Mueller's investigation.

5. All documents, communications, records or other evidence reflecting orders or directions (whether formal or informal) for the handling of any evidence pertaining to Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

6. All documents, records, or communications exchanged with any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder or (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

7. All recordings, transcripts, or notes (*e.g.*, FD-302 forms) reflecting any interviews of Aaron Rich, Deborah Sines or any other witness regarding (1) the death of Seth Rich, (2) the transfer of data from the Democratic National Committee to Wikileaks, or (3) any attempt to hack into electronic or internet accounts (e.g., email) belonging to Seth Rich.

8. All data, documents, records or communications obtained or produced by the FBI's Computer Analysis and Response Team ("CART") or any other FBI cyber unit regarding Seth Rich and/or Aaron Rich.

9. All data, documents, records or communications (including texts or emails) that reflect any meetings or communications from July 10, 2016 until July 10, 2017 between former FBI Deputy Director Andrew McCabe and any and all of the following: (1) Seymour Myron "Sy" Hersh (born on or about April 8, 1937); (2) Washington, D.C. Mayor Muriel Bowser; and/or (3) former Democratic National Committee Interim Chairwoman Donna Brazile.

10. If any of the items or things requested in this subpoena were discarded or destroyed, produce all data, documents, records or communications reflecting that fact.

If copying costs will be more than $100, please let me know in advance. Thank you in advance for your assistance.


Sincerely,


Brian Huddleston
704 Nickelville Lane
Wylie, Texas 75098
brianhudd@gmail.com

# FAX

| Date: | 04/09/2020 |
|---|---|

| Pages including cover sheet: | 4 |
|---|---|

| **To:** | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| *Phone* | |
| *Fax Phone* | (540) 868-4391 |

| **From:** | Ty Clevenger |
|---|---|
| | Ty Clevenger |
| | P.O. BOX 20753 |
| | Brooklyn |
| | NY          11202-0753 |
| | |
| *Phone* | 19799855289 |
| *Fax Phone* | 19795309523 |

NOTE:

April 9, 2020

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843
Fax: (540) 868-4391/4997

      Re: Freedom of Information Act Request

To Whom It May Concern:

      On March 20, 2020, former Asst. U.S. Attorney Deborah Sines was deposed in *Ed Butowsky v. David Folkenflik, et al.*, Case No. 4:18-cv-00442-ALM (E.D.Tex.) about matters pertaining to Seth Conrad Rich ("Seth Rich") and his brother, Aaron Nathan Rich ("Aaron Rich"). A copy of the deposition transcript can be found at https://tinyurl.com/v7xvms7 or http://lawflog.com/wp-content/uploads/2020/04/2020.03.20-Deborah-Sines-deposition-transcript.pdf. Seth Rich was a Democratic National Committee employee who was murdered on or about July 10, 2016 in Washington, D.C.

      According to Ms. Sines's testimony, the FBI conducted an investigation into possible hacking attempts on Seth Rich's electronic accounts following his murder. Ms. Sines also testified that the FBI examined Seth Rich's laptop computer as part of its investigation, and that there should be emails between her and FBI personnel. Finally, she testified that she met with a prosecutor and an FBI agent assigned to Special Counsel Robert Mueller.

      Ms. Sines's testimony conflicts with the affidavit testimony of David M. Hardy, who claimed that the FBI conducted a reasonable search and could not find any records pertaining to Seth Rich. *See* October 3, 2018 Affidavit of David M. Hardy (http://lawflog.com/wp-content/uploads/2020/01/Hardy-Declaration.pdf) and July 29, 2019 Affidavit of David M. Hardy (http://lawflog.com/wp-content/uploads/2020/01/Second-Hardy-Declaration.pdf). Mr. Hardy's affidavits were also contradicted by email records that Judicial Watch obtained in *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 1:18-cv-00154-RBW (D.D.C.). *See* August 10, 2016 email string (https://tinyurl.com/wylcu9l or http://lawflog.com/wp-content/uploads/2020/04/FBI-emails-re-Seth-Rich.pdf). Clearly, the FBI is in possession of email records pertaining to Seth Rich.

      As permitted by the Freedom of Information Act, 5 U.S.C. § 552, I request the opportunity to view the following:

1. All data, documents, records, or communications (electronic or otherwise) created or obtained since January 1, 2016 that discuss or reference Seth Rich or Aaron Rich. This would include, but is not limited to, all data, documents, records, or communications in the

Washington Field Office, Computer Analysis Response Team ("CART"), and any other "cyber" unit within the FBI.

2. All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (*e.g.*, email) after his death.

3. All data downloaded from all electronic devices that belonged to Seth Rich as well as all data, documents, records or communications indicating how the devices were obtained and who was responsible for downloading the information.

4. All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc. that were obtained by the FBI while assisting Special Counsel Robert Mueller's investigation.

5. All documents, communications, records or other evidence reflecting orders or directions (whether formal or informal) for the handling of any evidence pertaining to Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

6. All documents, records, or communications exchanged with any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder or (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

7. All recordings, transcripts, or notes (*e.g.*, FD-302 forms) reflecting any interviews of Aaron Rich, Deborah Sines or any other witness regarding (1) the death of Seth Rich, (2) the transfer of data from the Democratic National Committee to Wikileaks, or (3) any attempt to hack into electronic or internet accounts (e.g., email) belonging to Seth Rich.

8. All data, documents, records or communications obtained or produced by the FBI's Computer Analysis and Response Team ("CART") or any other FBI cyber unit regarding Seth Rich and/or Aaron Rich.

9. All data, documents, records or communications (including texts or emails) that reflect any meetings or communications from July 10, 2016 until July 10, 2017 between former FBI Deputy Director Andrew McCabe and any and all of the following: (1) Seymour Myron "Sy" Hersh (born on or about April 8, 1937); (2) Washington, D.C. Mayor Muriel Bowser; and/or (3) former Democratic National Committee Interim Chairwoman Donna Brazile.

10. If any of the items or things requested in this subpoena were discarded or destroyed, produce all data, documents, records or communications reflecting that fact.

If copying costs will be more than $100, please let me know in advance. Thank you in advance
for your assistance.

Sincerely,

*Brian Huddleston*

Brian Huddleston
704 Nickelville Lane
Wylie, Texas 75098
brianhudd@gmail.com

# FAX

| Date: | 04/09/2020 |
|---|---|

| Pages including cover sheet: | 4 |
|---|---|

| To: | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| Phone | |
| Fax Phone | (540) 868-4997 |

| From: | Ty Clevenger |
|---|---|
| | Ty Clevenger |
| | P.O. BOX 20753 |
| | Brooklyn |
| | NY           11202-0753 |
| | |
| Phone | 19799855289 |
| Fax Phone | 19795309523 |

**NOTE:**

April 9, 2020

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843
Fax: (540) 868-4391/4997

      Re: Freedom of Information Act Request

To Whom It May Concern:

      On March 20, 2020, former Asst. U.S. Attorney Deborah Sines was deposed in *Ed Butowsky v. David Folkenflik, et al.*, Case No. 4:18-cv-00442-ALM (E.D.Tex.) about matters pertaining to Seth Conrad Rich ("Seth Rich") and his brother, Aaron Nathan Rich ("Aaron Rich"). A copy of the deposition transcript can be found at https://tinyurl.com/v7xvms7 or http://lawflog.com/wp-content/uploads/2020/04/2020.03.20-Deborah-Sines-deposition-transcript.pdf. Seth Rich was a Democratic National Committee employee who was murdered on or about July 10, 2016 in Washington, D.C.

      According to Ms. Sines's testimony, the FBI conducted an investigation into possible hacking attempts on Seth Rich's electronic accounts following his murder. Ms. Sines also testified that the FBI examined Seth Rich's laptop computer as part of its investigation, and that there should be emails between her and FBI personnel. Finally, she testified that she met with a prosecutor and an FBI agent assigned to Special Counsel Robert Mueller.

      Ms. Sines's testimony conflicts with the affidavit testimony of David M. Hardy, who claimed that the FBI conducted a reasonable search and could not find any records pertaining to Seth Rich. *See* October 3, 2018 Affidavit of David M. Hardy (http://lawflog.com/wp-content/uploads/2020/01/Hardy-Declaration.pdf) and July 29, 2019 Affidavit of David M. Hardy (http://lawflog.com/wp-content/uploads/2020/01/Second-Hardy-Declaration.pdf). Mr. Hardy's affidavits were also contradicted by email records that Judicial Watch obtained in *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 1:18-cv-00154-RBW (D.D.C.). *See* August 10, 2016 email string (https://tinyurl.com/wylcu9l or http://lawflog.com/wp-content/uploads/2020/04/FBI-emails-re-Seth-Rich.pdf). Clearly, the FBI is in possession of email records pertaining to Seth Rich.

      As permitted by the Freedom of Information Act, 5 U.S.C. § 552, I request the opportunity to view the following:

1. All data, documents, records, or communications (electronic or otherwise) created or obtained since January 1, 2016 that discuss or reference Seth Rich or Aaron Rich. This would include, but is not limited to, all data, documents, records, or communications in the

Washington Field Office, Computer Analysis Response Team ("CART"), and any other "cyber" unit within the FBI.

2. All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (*e.g.*, email) after his death.

3. All data downloaded from all electronic devices that belonged to Seth Rich as well as all data, documents, records or communications indicating how the devices were obtained and who was responsible for downloading the information.

4. All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc. that were obtained by the FBI while assisting Special Counsel Robert Mueller's investigation.

5. All documents, communications, records or other evidence reflecting orders or directions (whether formal or informal) for the handling of any evidence pertaining to Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

6. All documents, records, or communications exchanged with any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder or (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

7. All recordings, transcripts, or notes (*e.g.*, FD-302 forms) reflecting any interviews of Aaron Rich, Deborah Sines or any other witness regarding (1) the death of Seth Rich, (2) the transfer of data from the Democratic National Committee to Wikileaks, or (3) any attempt to hack into electronic or internet accounts (e.g., email) belonging to Seth Rich.

8. All data, documents, records or communications obtained or produced by the FBI's Computer Analysis and Response Team ("CART") or any other FBI cyber unit regarding Seth Rich and/or Aaron Rich.

9. All data, documents, records or communications (including texts or emails) that reflect any meetings or communications from July 10, 2016 until July 10, 2017 between former FBI Deputy Director Andrew McCabe and any and all of the following: (1) Seymour Myron "Sy" Hersh (born on or about April 8, 1937); (2) Washington, D.C. Mayor Muriel Bowser; and/or (3) former Democratic National Committee Interim Chairwoman Donna Brazile.

10. If any of the items or things requested in this subpoena were discarded or destroyed, produce all data, documents, records or communications reflecting that fact.

If copying costs will be more than $100, please let me know in advance. Thank you in advance for your assistance.

Sincerely,

Brian Huddleston
704 Nickelville Lane
Wylie, Texas 75098
brianhudd@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT B



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 19, 2020

MR. BRIAN HUDDLESTON
704 NICKELVILLE LANE
WYLIE, TX 75098

FOIPA Request No.: 1465531-000

Dear Mr. Huddleston:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI, dated April 9, 2020.   For administrative tracking purposes, additional FOIPA Request Numbers may be assigned if it is determined your request seeks records about multiple subjects.   You will be notified of any additional tracking numbers if assigned.   Below you will find check boxes and informational paragraphs about your request, as well as specific determinations per statute.   Please read each one carefully.

☐     You submitted your request via the FBI's eFOIPA system.

    ☐     We have reviewed your request and determined it is consistent with the FBI eFOIPA terms of service.   Future correspondence about your FOIPA request will be provided in an email link unless the record's file type is not supported by the eFOIPA system.

    ☐     We have reviewed your request and determined it is not consistent with the FBI eFOIPA terms of service.   Future correspondence about your FOIPA request will be sent through standard mail.

☐     Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑     For the purpose of assessing any fees, we have determined:

    ☐     As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☐     As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☑     As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Acting Section Chief
Record/Information
   Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT C



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

July 2, 2020

MR. BRIAN HUDDLESTON
704 NICKELVILLE LANE
WYLIE, TX 75098

Dear Mr. Huddleston:

This is in response to your Freedom of Information Act (FOIA) request previously assigned FOIPA Request Number 1465531-000, dated April 9, 2020.   We have determined that your request seeks records about multiple subjects.   For administrative tracking purposes, FOIPA numbers were assigned to your request as follows:

**Original FOIPA Request No:** 1465531
Subject: Seth Rich (January 1, 2016 to present)

**Additional FOIPA Request No**: 1468034
Subject: Aaron Rich

**Additional FOIPA Request No**: 1468039
Subject: Deborah Sines

**Additional FOIPA Request No**: 1468042
Subject: Meetings and Communications between former FBI Director Andrew McCabe and Seymour Myron "Sy" Hersh, Washington DC Mayor Muriel Bowser and/or DNC Interim Chairwoman Donna Brazile (July 10, 2016 – July 10, 2017)

Please check the status of your FOIPA requests at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed, the notice will indicate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.


Sincerely,

Michael G. Seidel
Acting Section Chief
Record/Information
    Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT D



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

April 23, 2021

Mr. Brian Huddleston
c/o Mr. Ty O. Clevenger
Post Office Box 20753
Brooklyn, NY 11202-0753

FOIPA Request Nos.:  1465531-000
Subject:  Seth Rich (January 1, 2016 to present)

*Brian Huddleston v. Federal Bureau of*
*Investigation, et al*
Civil Action No.: 20-cv-00447

Dear Mr. Huddleston:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.   Below you will find check boxes under the appropriate statute headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure.   The appropriate exemptions are noted on the enclosed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely and identify which exemptions were applied.   The checked exemption boxes used to withhold information are further explained in the enclosed Explanation of Exemptions.

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☑ (b)(1) | ☑ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 USC § 3024(i)(1) | ☑ (b)(7)(D) | ☐ (k)(2) |
| Federal Rules of Criminal Procedure 6 (e) | ☑ (b)(7)(E) | ☐ (k)(3) |
|  | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) |  | ☐ (k)(7) |

576 pages were reviewed and 68 pages are being released.

Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐  Document(s) were located which originated with, or contained information concerning, other
Government Agency (ies) [OGA].

☐  This information has been referred to the OGA(s) for review and direct response to you.
☐  We are consulting with another agency.   The FBI will correspond with you regarding this information
when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.  **"Part 1"** of the Addendum includes standard responses that apply to all requests.  **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.  **"Part 3"** includes general information about FBI records that you may find useful.  Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.  Please use this number in all correspondence concerning your request.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.  Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑    See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case pending in the U.S. District Court for the Eastern District of Texas, enclosed is one (1) compact disc representing the FBI's 1st Interim release of information concerning records Bates Stamped FBI (20-cv-00447)-1 through FBI (20-cv-00447)-576.
These pages were located in cross-reference files as described below.  No "main" investigative files pertaining to the subject of your request were located.

Cross-references are defined as mentions of the subject of your request in files to other individuals, organizations, events, or activities.  In processing the cross-references, the pages considered for possible release included only those pages which mention the subject of your request and any additional pages showing the context in which the subject of your request was mentioned.  The cross-references were processed pursuant to the provisions of the FOIA and are being released to you in redacted form.

FBI (20-cv-00447)-422 represents a compact disc wherein all of the contents thereof is being withheld in its entirety pursuant to FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E).

For your information, sealed court records are not eligible for release under the Freedom of Information Act.   Material responsive to your request has been withheld and marked "OTHER-Sealed" pursuant to appropriate orders issued by federal district courts.

Duplicate copies of the same document were not processed.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.  Part 1 of the Addendum includes standard responses that apply to all requests.  Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.  Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)      **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.  Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)      **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)    **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)      **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT E



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 24, 2021

Mr. Brian Huddleston
c/o Mr. Ty O. Clevenger
Post Office Box 20753
Brooklyn, NY 11202-0753

FOIPA Request Nos.: 1465531-000
Subject: Seth Rich (January 1, 2016 to present)

*Brian Huddleston v. Federal Bureau of Investigation, et al*
Civil Action No.: 20-cv-00447

Dear Mr. Huddleston:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.   Below you will find check boxes under the appropriate statute headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure.   The appropriate exemptions are noted on the enclosed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely and identify which exemptions were applied.   The checked exemption boxes used to withhold information are further explained in the enclosed Explanation of Exemptions.

|  | **Section 552** |  | **Section 552a** |
|---|---|---|---|
| ☑ (b)(1) | ☑ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 USC § 3024(i)(1) | ☑ (b)(7)(D) | ☐ (k)(2) |
| Federal Rules of Criminal Procedure 6 (e) | ☑ (b)(7)(E) | ☐ (k)(3) |
| 18 USC § 3123(d) | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☑ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) |  | ☐ (k)(7) |

500 pages were reviewed and 52 pages are being released.

Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑   See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case pending in the U.S. District Court for the Eastern District of Texas, enclosed is one (1) compact disc representing the FBI's 2nd Interim release of information concerning records Bates Stamped FBI (20-cv-00447)-577 through FBI (20-cv- 00447)-1,076.

These pages were located in cross-reference files as described below. No "main" investigative files pertaining to the subject of your request were located.

Cross-references are defined as mentions of the subject of your request in files to other individuals, organizations, events, or activities. In processing the cross-references, the pages considered for possible release included only those pages which mention the subject of your request and any additional pages showing the context in which the subject of your request was mentioned. The cross-references were processed pursuant to the provisions of the FOIA and are being released to you in redacted form.

For your information, sealed court records are not eligible for release under the Freedom of Information Act. Material responsive to your request has been withheld and marked "OTHER-Sealed" pursuant to appropriate orders issued by federal district courts.

Duplicate copies of the same document were not processed.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT F



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 24, 2021

MR. BRIAN HUDDLESTON
C/O MR. TY O. CLEVENGER
212 S. OXFORD STREET #7D
BROOKLYN, NY 11217

FOIPA Request No.: 1465531-000
Subject: Seth Rich (January 1, 2016 to present)

FOIPA Request No. 1465971-000
Subject:   Crossfire Hurricane Code Names

*Brian Huddleston v. Federal Bureau of
Investigation, et al*
Civil Action No.: 4:20-cv-00447

Dear Mr. Huddleston:

      The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552.   Below you will find check boxes under the appropriate statute headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure.   The appropriate exemptions are noted on the enclosed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely and identify which exemptions were applied.   The checked exemption boxes used to withhold information are further explained in the enclosed Explanation of Exemptions.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 USC § 3024(i)(1) | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

      489 pages were reviewed and 5 pages are being released.

      Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

      ☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

            ☐ This information has been referred to the OGA(s) for review and direct response to you.
            ☐ We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑   See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
     Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case pending in the U.S. District Court for the Eastern District of Texas, enclosed is one (1) compact disc representing the FBI's third interim release of information concerning records Bates Stamped FBI (20-cv-00447)-1077 through FBI (20-cv-00447)-1565.

FBI (20-cv-00447)-1565 represents one (1) digital video disc (DVD) wherein all of the contents thereof is being withheld in its entirety pursuant to FOIA Exemptions (b)(6), (b)(7)(C) and (b)(7)(E).

These pages were located in cross-reference files as described below. No "main" investigative files pertaining to the subject of your request were located.

Cross-references are defined as mentions of the subject of your request in files to other individuals, organizations, events, or activities.   In processing the cross-references, the pages considered for possible release included only those pages which mention the subject of your request and any additional pages showing the context in which the subject of your request was mentioned.   The cross-references were processed pursuant to the provisions of the FOIA and are being released to you in redacted form.

Of the aforementioned Bates-numbered pages, FBI (20-cv-00447)-1562 thru FBI (20-cv-00447)-1564 are responsive to litigated FOIPA Request No. 1465971-000, while the remaining material is responsive to litigated FOIPA Request No. 1465531-000.

Duplicate copies of the same document were not processed.

### FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)  **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)  **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)  **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)  **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)  **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)  **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)  **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)  **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)  **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| | § | |
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT G



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 23, 2021

MR. BRIAN HUDDLESTON
C/O MR. TY O. CLEVENGER
212 S. OXFORD STREET #7D
BROOKLYN, NY 11217

FOIPA Request No.: 1465531-000
Subject: Seth Rich (January 1, 2016 to present)

FOIPA Request No. 1465971-000
Subject: Crossfire Hurricane Code Names

*Brian Huddleston v. Federal Bureau of Investigation, et al*
Civil Action No.: 4:20-cv-00447

Dear Mr. Huddleston:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.   Below you will find check boxes under the appropriate statute headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure.   The appropriate exemptions are noted on the enclosed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely and identify which exemptions were applied.   The checked exemption boxes used to withhold information are further explained in the enclosed Explanation of Exemptions.

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) | | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | | ☐ (k)(6) |
| ☑ (b)(6) | | | ☐ (k)(7) |

31 pages were reviewed and 2 pages are being released.

Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

☑   See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case pending in the U.S. District Court for the Eastern District of Texas, enclosed is one (1) compact disc representing the FBI's 4th and final release of information concerning records Bates Stamped FBI (20-cv-00447)-1566 through       FBI (20-cv-00447)-1596.

These pages were located in cross-reference files as described below. No "main" investigative files pertaining to the subject of your request were located.

Cross-references are defined as mentions of the subject of your request in files to other individuals, organizations, events, or activities. In processing the cross-references, the pages considered for possible release included only those pages which mention the subject of your request and any additional pages showing the context in which the subject of your request was mentioned. The cross-references were processed pursuant to the provisions of the FOIA and are being released to you in redacted form.

For your information, sealed court records are not eligible for release under the Freedom of Information Act. Material responsive to your request has been withheld and marked "OTHER-Sealed" pursuant to appropriate orders issued by federal district courts.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| | § | |
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT H



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

July 2, 2020

MR. BRIAN HUDDLESTON
704 NICKELVILLE LANE
WYLIE, TX 75098

Request No.: 1468034-000
Subject: RICH, AARON

Dear Mr. Huddleston:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.   The FOIPA Request Number listed above has been assigned to your request.   Below you will find information relevant to your request.   Please read each paragraph carefully.

You have requested records on one or more third party individuals.   Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).   The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy.   This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.   As a result, your request has been closed.   Please visit www.fbi.gov, select "Services," "Information Management," and "Freedom of Information/Privacy Act" for more information about making requests for records on third party individuals (living or deceased).

If you submitted your request through the FBI's eFOIPA portal and you are receiving correspondence through standard mail, it was determined your request did not meet the eFOIPA terms of service.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Enclosed for your information is a copy of the Explanation of Exemptions.

Sincerely,

Michael G. Seidel
Acting Section Chief,
Record/Information
   Dissemination Section
Information Management Division

Enclosure

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT I



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

July 2, 2020

MR. BRIAN HUDDLESTON
704 NICKELVILLE LANE
WYLIE, TX 75098

Request No.: 1468039-000
Subject: SINES, DEBORAH

Dear Mr. Huddleston:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.   The FOIPA Request Number listed above has been assigned to your request.   Below you will find information relevant to your request.   Please read each paragraph carefully.

You have requested records on one or more third party individuals.   Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).   The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy.   This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.   As a result, your request has been closed.   Please visit www.fbi.gov, select "Services," "Information Management," and "Freedom of Information/Privacy Act" for more information about making requests for records on third party individuals (living or deceased).

If you submitted your request through the FBI's eFOIPA portal and you are receiving correspondence through standard mail, it was determined your request did not meet the eFOIPA terms of service.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Enclosed for your information is a copy of the Explanation of Exemptions.

Sincerely,

Michael G. Seidel
Acting Section Chief,
Record/Information
   Dissemination Section
Information Management Division

Enclosure

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT J



**U.S. Department of Justice**

---

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 6, 2020

MR. BRIAN HUDDLESTON
C/O TY O. CLEVENGER, ESQUIRE
POST OFFICE BOX 20753
BROOKLYN, NY 11202-0753

> Request No.: 1468042-000
> Subject: Meetings or Communications
> between former FBI Deputy Director Andrew
> McCabe and Seymour Myron "Sy" Hersh,
> Washington DC Mayor Muriel Bowser and/or
> DNC Interim Chairwoman Donna Brazile
> (July 10, 2016 – July 10, 2017)
>
> *Brian Huddleston v. Federal Bureau of*
> *Investigation, et al.*
> Civil Action No. 4:20-cv-00447 (EDTX)

Dear Mr. Huddleston:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.   Based on the information you provided, we conducted a search of the places reasonably expected to have records.   However, we were unable to identify records responsive to your request.   Therefore, your request is being closed.   If you have additional information pertaining to the subject of your request, please submit a new request providing the details, and we will conduct an additional search.

Please see the paragraphs below for relevant information that may be specific to your request.   Only checked boxes contain corresponding paragraphs relevant to your request.   If no boxes are checked, the corresponding information does not apply.

☐   Please be advised that your request was reopened based on the additional information you provided.   A new search was conducted, and we were unable to identify responsive records.

☐   Records potentially responsive to your request were destroyed.   Since this material could not be reviewed, it is not known if it was responsive to your request.   Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10.   Please be advised that the General Records Schedule (GRS) disposition authority for FOIPA records is DAA-GRS-2016-0002-0001 (GRS 4.2, Item 020).

☐   Records potentially responsive to your request were transferred to the National Archives and Records Administration (NARA).   If you wish to review these records, file a FOIPA request with NARA at the following address:

> National Archives and Records Administration
> Special Access and FOIA
> 8601 Adelphi Road, Room 5500
> College Park, MD 20740-6001

☐   Potentially responsive records were identified during the search.   However, we were advised that they were not in their expected locations.   An additional search for the missing records also met with unsuccessful results.   Since we were unable to review the records, we were unable to determine if they were responsive to your request.

☐   The portion of your request concerning an FBI identification record – commonly referred to as a criminal history record or "rap sheet" – has been forwarded to the Criminal Justice Information Services (CJIS) Division for processing.   For additional information, see the enclosed FBI FOIPA Addendum General Information Section.

☐   Requests for expedited processing are not applicable when a final response is issued within ten calendar days.

☐   Police departments should be aware that the search conducted was limited to FBI records. Requests for criminal history records or rap sheets should be directed to Criminal Justice Information Services (CJIS).   Information regarding CJIS is listed in the enclosed FBI FOIPA Addendum General Information Section.

☐   Records potentially responsive to your request were transferred to the National Personnel Records Center - Civilian Personnel Records (NPRC-CPR).   In order to obtain information on a file located at the NPRC, your request must be mailed to the following address:

> National Archives and Records Administration
> ATTN: Archival Programs
> P.O. Box 38757
> St. Louis, MO 63138

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)   **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)   **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)   **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)   **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)   **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)   **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)   **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| | § | |
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT K

June 1, 2020

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843
Fax: (540) 868-4391/4997

      Re: Freedom of Information Act Request

To Whom It May Concern:

      As part of its "Crossfire Hurricane" investigation into possible collusion between the 2016 Donald Trump campaign and Russia, the FBI assigned code names for various individuals connected with that investigation. Retired Lt. Gen. Michael Flynn was assigned the code name "Crossfire Razor," for example. As permitted by the Freedom of Information Act, 5 U.S.C. § 552, I request the opportunity to view the following:

1. Documents, records, or communications revealing the code names assigned to any and all individuals as part of the Crossfire Hurricane investigation.

2. Documents, records, or communications revealing the code names assigned to any and all sub-sections of the Crossfire Hurricane investigation.

3. Documents, records, or communications revealing the code names assigned to Seth Conrad Rich.

4. Documents, records, or communications revealing the code names assigned to Aaron Nathan Rich.

Thank you in advance for your assistance.

      Sincerely,

Brian Huddleston
704 Nickelville Lane
Wylie, Texas 75098
brianhudd@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| | § | |
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT L



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 7, 2020

MR. BRIAN HUDDLESTON
704 NICKELVILLE LANE
WYLIE, TX 75098

FOIPA Request No.: 1465971-000
Subject: Crossfire Hurricane Code Names

Dear Mr. Huddleston:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.  Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes.   Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☐ You submitted your request via the FBI's eFOIPA system.

    ☐ We have reviewed your request and determined it is consistent with the FBI eFOIPA terms of service.  Future correspondence about your FOIPA request will be provided in an email link unless the record's file type is not supported by the eFOIPA system.

    ☐ We have reviewed your request and determined it is not consistent with the FBI eFOIPA terms of service.   Future correspondence about your FOIPA request will be sent through standard mail.

☐ The subject of your request is currently being processed and documents will be released to you upon completion.

☐ Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

    ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Acting Section Chief
Record/Information
   Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| | § | |
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT M



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 6, 2020

MR. BRIAN HUDDLESTON
C/O TY O. CLEVENGER, ESQUIRE
POST OFFICE BOX 20753
BROOKLYN, NY 11202-0753

FOIPA Request No.: 1465971-000
Subject: Crossfire Hurricane Code Names

*Brian Huddleston v. Federal Bureau*
*of Investigation, et al.*
Civil Action No. 4:20-cv-00447 (EDTX)

Dear Mr. Huddleston:

This is in response to your Freedom of Information Act (FOIA) request.

The FBI is an intelligence agency as well as a law enforcement agency. In its capacity as an intelligence agency, the FBI compiles records while carrying out its responsibilities to investigate threats to national security and gather foreign intelligence. The FBI can neither confirm nor deny the existence of records responsive to your request pursuant to FOIA Exemptions (b)(6), (b)(7)(C) and (b)(7)(E) of 5 U.S.C.§ 552.

You have requested records on one or more third party individuals. Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist. As a result, your request has been administratively closed.

Additionally, FOIA Exemption (b)(7)(E) protects "records or information compiled for law enforcement purposes when disclosure would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." How the FBI applies its investigative resources against a particular allegation, report of criminal activity, or perceived threat is, itself a law enforcement technique or procedure that the FBI protects pursuant to Exemption (b)(7)(E) of 5 U.S.C. § 552. Accordingly, a confirmation by the FBI that it has or does not have responsive records would be tantamount to acknowledging where the FBI is or is not applying investigative resources thus disclosing the scope of law enforcement techniques and procedures.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."   The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosure(s)

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.  Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| | § | |
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:20CV00447 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT N

United States District Court for the Eastern District of Texas (Sherman)
*Brian Huddleston v. Federal Bureau of Investigation, et al.,* Civil Action No. *4:20-cv-00447-ALM*

| Page Disposition Totals | |
|---|---|
| **Total:** 1596 | |
| RIF: 9 | |
| RIP: 118 | |
| WIF: 1469 | |
| • FOIA Exemption(s): | 1102 |
| • Sealed Records: | 220 |
| • Duplicate: | 147 |

## *Vaughn* Index

| SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHELD** |
| **EXEMPTION (b)(1)** | **CLASSIFIED INFORMATION** |
| (b)(1)-1 | Information currently classified pursuant to Executive Order ("E.O.") 13,526 |
| **EXEMPTION (b)(3)** | **INFORMATION PROTECTED BY STATUTE** |
| (b)(3)-1 | National Security Act of 1947 [50 U.S.C. § 3024(i)(1)] |
| (b)(3)-2 | Federal Rules of Criminal Procedure 6(e) |

A-1

| (b)(3)-3 | 18 U.S.C. § 3123(d) |
|---|---|
| **EXEMPTION (b)(4)** | **CONFIDENTIAL TRADE SECRETS, COMMERCIAL OR FINANCIAL INFORMATION** |
| (b)(4)-1 | Confidential Commercial Information |
| **EXEMPTION (b)(5)** | **PRIVILEGED INFORMATION** |
| (b)(5)-1 | Deliberative Process Privilege |
| (b)(5)-2 | Attorney Work Product |
| **EXEMPTION (b)(7)(A)** | **PENDING LAW ENFORCEMENT PROCEEDINGS** |
| (b)(7)(A)-1 | Information the Disclosure of which Could Reasonably be Expected to Interfere with Pending Enforcement Proceedings |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **UNWARRANTED/CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and Other Identifying Information of FBI Special Agents and Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Names and Other Identifying Information of Third Parties Merely Mentioned |
| (b)(6)-3 and (b)(7)(C)-3 | Names and Other Identifying Information of Persons of Investigative Interest |
| (b)(6)-4 and (b)(7)(C)-4 | Names and Other Identifying Information of Third Parties who Provided Information *[cited at times in conjunction with 7(D)]* |
| (b)(6)-5 and (b)(7)(C)-5 | Names and Other Identifying Information of Non-FBI Federal Government Personnel |
| (b)(6)-5 and (b)(7)(C)-5 | Survivor Privacy |
| **EXEMPTION (b)(7)(D)** | **CONFIDENTIAL SOURCE INFORMATION** |
| (b)(7)(D)-1 | Confidential Source Symbol Number |

| (b)(7)(D)-2 | Identifying Information of and Information Provided by Sources Under an Express Assurance of Confidentiality |
|---|---|
| (b)(7)(D)-3 | Name, Other Identifying Information of, and Information Provided by a Local Law Enforcement Agency Under Implied Assurances of Confidentiality |
| (b)(7)(D)-4 | Information Provided by a Foreign Government Agency Under Implied Confidentiality |
| **EXEMPTION (b)(7)(E)** | **LAW ENFORCEMENT TECHNIQUES AND PROCEDURES** |
| (b)(7)(E)-1 | FBI Internal Email Addresses and Non-Public Web Addresses |
| (b)(7)(E)-2 | Sensitive Investigative File Numbers and Sub-File Names |
| (b)(7)(E)-3 | Database Information |
| (b)(7)(E)-4 | Code Names for Investigations |
| (b)(7)(E)-5 | Types and Dates of Investigations |
| (b)(7)(E)-6 | Collection and Analysis of Information |
| (b)(7)(E)-7 | Specific Law Enforcement Technique Utilized to Conduct National Security Investigations *[cited at times in conjunction with Exemptions 1 and/or 3]* |
| (b)(7)(E)-8 | Investigative Focus of Specific Investigations |
| (b)(7)(E)-9 | Identities of an FBI Unit, Squad and Division |

## INDEX KEY

FOIA WIF: Withheld in full pursuant to FOIA Exemptions

Seal WIF: Withheld in full pursuant to a Federal Court sealing order

Dup: Duplicate page that was withheld in full

Dup of: Location of original copy

Seal Info: The page contains information derived from documents sealed pursuant to Federal Court sealing order

Per [OGA]: Information was withheld by [OGA]

## FBI DOCUMENT TYPES

• FD-302s: FD-302s are internal FBI forms in which evidence is often documented, usually the results of FBI interviews.  Such evidence and/or interview information may later be used as testimony or evidence in court proceedings/trials.  Additionally, these evidence/interview forms are often incorporated in other FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts.

• Handwritten Interview Notes:  These are the original handwritten notes of FBI personnel who conducted interviews in the course of FBI investigations.  These notes are almost always transposed into FD-302s and are utilized by the FBI in the same manner.

• FD-340 - 1A Envelopes:  These envelopes are used to organize and store documents that need to be stored separately from the FBI file to which they are attached, due to their size.  They usually contain handwritten notes of interviews, photographs, and other various evidentiary documents.

• FD-1036 – Sentinel Import Forms:  These are administrative forms attached to documents that are imported into the FBI's case administrative system, Sentinel.

• Electronic Communications (ECs)/ FD-1057s: ECs replaced the traditional FBI correspondence (i.e., Memoranda and Letters) as the primary vehicle of correspondence within the FBI.  The purpose of an EC is to communicate within the FBI in a consistent format that can be uploaded by the originating Division or office, transmitted, and downloaded by recipient Divisions or offices within the FBI's internal computer network.  These forms are often utilized to record and disseminate intelligence/investigative information and for general investigation administration purposes.

• FD 1023s, FD-209s and other CHS Reporting Documents:  These standard forms document reporting to the FBI by Confidential Human Sources ("CHS").  This CHS provided information may later be used as testimony or evidence in court proceedings/trials.  Additionally, this information can be incorporated in other FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts.

A-4

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Email communication dated August 10, 2016 between FBI personnel concerning Subject: Seth Rich. The initial email transmission is from an FBI employee in the Office of Public Affairs providing information on what was being reported that day by various news outlets and asking what involvement the Bureau has in the investigation. A response was received. The email was forwarded to FBI employees Jonathan C. Moffa and Peter P. Strzok and then forwarded again from Strzok to Lisa C. Page. This document was previously processed and released by the FBI in response to a litigated FOIA request in Civil Action No. 1:18-cv-00154 *Judicial Watch, Inc. v. U.S. Department of Justice, et al* ., Bates-numbered FBI(18-cv-154) 4714-4715. | 1 | | | | | | X | | | X | | | | | | | | | | X | | | | | | | | | | | | X | | | | |
| | 2 | | | | | | X | | | X | | | | | | | | | | X | | | | | | | | | | | | X | | | | |
| FD-1036 dated August 15, 2018 documenting the interview of Richard Gates on April 10, 2018. This FD-1036 does not contain any mentions of Seth Rich. Responsive portions of attachments to this FD-1036 mentioning Seth Rich are Bates-numbered FBI(20-cv-00447) 4-5. | 3 | | X | X | | | | | | X | | X | | | | | | | | X | | | | | | | | | | | | X | | | | |
| Duplicate Document | 4 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 309 |
| | 5 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 310 |

5

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-1036 dated July 18, 2018 documenting the importing of an FD-1023 which documents information provided by a Confidential Human Source ("CHS"). Responsive portions of attachments to this FD-1036 are Bates-numbered FBI(20-cv-447) 7-9. This FD-1036 does not contain any mentions of Seth Rich. | 6 | | | | | | | | | X | | | | | | X | X | | | | X | X | X | | | | | | | | | | X | | | |
| FD-1023 documenting information provided by a CHS. This FD-1023 does not contain any mentions of Seth Rich. | 7 | | | | | | | | | X | | | | | | X | X | | | | X | X | | | | | | | | | | | X | | | |
| Responsive portion of CHS reported information. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 9. | 8 | | | | | | | | | | X | | | | | | X | | | | | X | | | | | | | | | | | X | | | |
| | 9 | | | | | | | | | | X | | | | | | X | | | | | X | | | | | | | | | | | X | | | |
| Responsive portions of an FD-302 drafted August 16, 2018 and entered August 27, 2018 documenting the interview of Jason Fishbein taken on August 16, 2018. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 11. | 10 | | | | | | | X | X | | | X | | | | | | | | | X | | | | | | | | | | | | | | X | |
| | 11 | | | | | | | | X | | | X | | | | | | | | | X | | | | | | | | | | | | | | X | |
| Responsive portions of handwritten notes taken during the interview of Jason Fishbein. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 13. | 12 | | | | | X | | | X | | | X | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 13 | | | | | X | | | X | | | X | | | | | | | | | | | | | | | | | | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of an FD-302 drafted July 2, 2018 and entered October 21, 2018 documenting the interview of a third party taken on July 2, 2018. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 15-16. | 14 | | | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | b5-per DOJ/OIP | | X | | | | |
| | 15 | | | | | | | | | | X | | | | | | | | | | X | | | | | | | | | b5-per DOJ/OIP | | X | | | | |
| | 16 | | | | | | | | | | X | | | | | | | | | | X | | | | | | | | | b5-per DOJ/OIP | | X | | | | |
| Responsive portions of handwritten notes taken during the interview of a third party. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 18-20. | 17 | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | X | | | | |
| | 18 | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | X | | | | |
| | 19 | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | X | | | | |
| | 20 | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | X | | | | |
| Responsive portion of a document shown to the third party being interviewed in the FD-302 Bates-numbered pages FBI(20-cv-447) 14-16. Seth Rich is mentioned on this page. | 21 | | | | | | | | | | | X | | | | | | | | | | | | | | | | | | b5-per DOJ/OIP | | X | | | | |
| Responsive portions of an FD-302 drafted September 6, 2018 and entered October 23, 2018 documenting the interview of Jason Fishbein. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 23. | 22 | | | | | | | | X | X | X | | | | | | | | | | X | | | | | | | | | b5-per DOJ/OIP | | X | | | | |
| | 23 | | | | | | | | | | X | X | | | | | | | | | | X | | | | | | | | b5-per DOJ/OIP | | X | | | | |
| Responsive portions of handwritten notes taken during the interview of Jason Fishbein taken on September 5, 2018. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 25 and 27. | 24 | | | | | | X | | | | X | X | | | | | | | | | | | | | | | | | | | | | X | | | | |
| | 25 | | | | | | X | | | | X | X | | | | | | | | | | | | | | | | | | | | | X | | | | |
| | 26 | | | | | | X | | | | X | X | | | | | | | | | | | | | | | | | | | | | X | | | | |
| | 27 | | | | | | | | | | | X | | | | | | | | | | | | | | | | | | b5-per DOJ/OIP | | X | | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portion of documents shown to Jason Fishbein. Seth Rich is mentioned on this Bates-numbered page. | 28 | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | | X | | | |
| Responsive portions of an FD-302 drafted September 30, 2018 and entered on October 31, 2018 documenting the interview of Paul J. Manafort taken September 27, 2018. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 30. | 29 | | | | | | | | | X | X | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| | 30 | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | | | X | | | |
| Responsive portions of handwritten notes taken during the interview of Paul J. Manafort. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 31-32. | 31 | | | | | | X | | | X | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 32 | | | | | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | |
| Duplicate Document | 33 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 309 |
| | 34 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 310 |
| Duplicate Document | 35 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 307 |
| | 36 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 308 |
| Responsive portions of an FD-1057 dated April 19, 2018 documenting information collected on a third party. This FD-1057 does not contain any mentions of Seth Rich. | 37 | | | | | | | | | X | | | | | | | | | | X | X | | | X | | X | | | | X | | | | | X | |
| Duplicate Document | 38 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 115 |
| | 39 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 116 |
| | 40 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 117 |
| | 41 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 118 |
| | 42 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 119 |
| | 43 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 120 |

| Document Description | Bates | b1/1 | b3/1 | b3/2 | b3/3 | b4/1 | b5/1 | b5/2 | b7A/1 | 6/7C/1 | 6/7C/2 | 6/7C/3 | 6/7C/4 | 6/7C/5 | 6/7C/6 | 7D/1 | 7D/2 | 7D/3 | 7D/4 | 7E/1 | 7E/2 | 7E/3 | 7E/4 | 7E/5 | 7E/6 | 7E/7 | 7E/8 | 7E/9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected concerning a third party.  Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 47, 51, 55, 59, 63, 64, 67, 70 and 73. | 44 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 45 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 46 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 47 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 48 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 49 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 50 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 51 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 52 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 53 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 54 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 55 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 56 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 57 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 58 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 59 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 60 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 61 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 62 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 63 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 64 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 65 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 66 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 67 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 68 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 69 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 70 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 71 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 72 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 73 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 74 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 75 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of an FD-1057 dated September 1, 2016 documenting information received from a third party and research conducted.  Responsive portions of attachments to this FD-1057 are Bates-numbered FBI(20-cv-447) 79-81. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 77 and 78. | 76 | X | X | | | | | | X | | | | X | | | | | | X | X | | | X | X | X | | | | | | | | X | | | |
| | 77 | | | | | | | | | | | | X | | | | | | X | | | | X | | | X | | | | | | | | X | | | |
| | 78 | X | X | | | | | | | | | | X | | | | | | X | | | | X | | X | | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of documents resulting from research conducted. Information concerning Seth Rich is on Bates-numbered pages FBI(20-cv-447) 79-81. | 79 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 80 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 81 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of an FD-302 documenting information contained in sealed court document. Information concerning Seth Rich is contained on this page. | 82 | | | X | | | | | | X | | X | | | | | | | | | X | | | | X | | | | X | | | | | | X | |
| Responsive portions of sealed court document. Information concerning Seth Rich is on Bates-numbered page FBI(20-cv-447) 84. | 83 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 84 | | | X | | | | | | | | X | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| Responsive portion of an FD-302 documenting information contained in sealed court document. Information concerning Seth Rich is contained on this page. | 85 | | | X | | | | | | X | | X | | | | | | | | | X | | | | X | | | | X | | | | | | X | |
| Responsive portions of sealed attachment to FD-302 Bates-numbered FBI(20-cv-447)-85. Seth Rich is mentioned on this page. | 86 | | | X | | | | | | X | | X | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| Responsive portions of sealed attachment to FD-302 Bates-numbered FBI(20-cv-447)-85. Seth Rich is mentioned on this page. | 87 | | | X | | | | | | X | | X | | | | | | | | | | | | | X | | | | X | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of sealed attachment to FD-302 Bates-numbered FBI(20-cv-447)-85. Information concerning Seth Rich is on this page. | 88 | | | X | | | | | | | | X | | | | | | | | | | | | | X | | | | X | | | | | X | | |
| Duplicate Document | 89 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 83 |
| | 90 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 84 |
| Responsive portions of sealed attachment to FD-302 Bates-numbered FBI(20-cv-447) 85. Information concerning Seth Rich is on this page. | 91 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | |
| Responsive portion of an FD-1057 dated November 18, 2016 documenting the use of a classified law enforcement technique. Seth Rich is not mentioned in these bates-numbered pages. Responsive portions of attachments to this FD-1057 are Bates-numbered FBI(20-cv-447) 95-96. | 92 | X | X | | | | | | | X | | | | | | | | | | X | X | | X | | X | | | | | | | | | X | | |
| | 93 | X | X | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | X | | |
| Responsive portions of attachments to the FD-1057 Bates-numbered FBI(20-cv-447) 92-93. Seth Rich is mentioned in Bates-numbered pages FBI(20-cv-447) 94-95. | 94 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | X | | |
| | 95 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | X | | |
| | 96 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | X | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-302 drafted June 29, 2018 and entered June 29, 2018 documenting the voluntary production of material to the FBI on October 24, 2017. This FD-302 does not mention Seth Rich. Responsive portions of attachments to this FD-302 are Bates-numbered FBI(20-cv-447) 98 and 100. | 97 | | X | | | | | | | X | | | | | | | | | | | X | | | | X | | | | | | | X | | | | |
| Responsive portions of material documented as having been received in FD-302 Bates-numbered FBI(20-cv-447) 97. Seth Rich is mentioned in these attachments on Bates-numbered pages FBI(20-cv-447) 99 and 100. | 98 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | X | | | | |
| | 99 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | X | | | | |
| | 100 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | X | | | | |
| Responsive portions of an FD-302 drafted May 25, 2018 and entered on May 29, 2018 documenting Assistant Special Counsel Aaron Zelinsky's service of a grand jury subpoena and the Special Counsel's Office receipt of material in response to a federal grand jury subpoena. The FD-302 does not mention Seth Rich. Responsive portions of attachments to this FD-302 are Bates-numbered FBI(20-cv-447) 102-103. | 101 | | X | | | | | | | X | X | X | | | | | | | | | X | | | | X | | | | | | | X | | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of material documented in the FD-302 Bates-numbered FBI(20-cv-447) 101 as having been received by the Special Counsel's Office.  Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 103. | 102 | | | X | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 103 | | | X | | | | | | | X | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of material documented in the FD-302 Bates-numbered FBI(20-cv-447) 101 as having been received by the Special Counsel's Office. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 105. | 104 | | | X | | | | | | | X | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 105 | | | X | | | | | | | X | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| FD-302 drafted July 12, 2018 and entered on July 13, 2018 documenting service on July 12, 2018 of material signed on July 9, 2018 on various entities. This FD-302 does not contain any mentions of Seth Rich. | 106 | | | | | | | | | X | | | | | | | | | | | X | | | | X | | | | | | | | | | X | |
| Physical 1A Cover Sheet | 107 | | | | | | | | | X | | | | | | | | | | | X | | | | X | | | | | | | | X | | | |
| Responsive portions of materials documented in the FD 302 Bates-numbered FBI(20-cv-447) 106 as having been signed on July 9, 2018 and served on various entities. Information relating to Seth Rich is contained on Bates-numbered page FBI(20-cv-447) 109. | 108 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 109 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of an FD-1057 dated July 11, 2018 documenting the collection of documents. This FD-1057 does not mention Seth Rich. Responsive portions of attachments to this FD-1057 are Bates-numbered FBI(20-cv-447) 112-113. | 110 | | | | | | | | | X | X | | | | | | | | | | X | X | | X | | X | | | | | | | | X | | | |
| | 111 | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | | | X | | | |
| Responsive portions of documents referenced as having been collected in the FD-1057 Bates-numbered FBI(20-cv-447) 110-111. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 113. | 112 | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 113 | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of an FD-1057 dated August 12, 2018 documenting information in support of indictment U.S. v. Viktor Borisovich Netyksho, et al (Case 1:16-cr-00215, District of Columbia). Seth Rich is not mentioned in this FD-1057. Responsive portions of attachments to this FD-1057 are Bates-numbered FBI(20-cv-447) 115-120. | 114 | | | | | | | | | X | | | | | | | | | | | X | X | | X | | X | | | | | | | | | | X | |
| Responsive portions of documents in support of indictment U.S. v. Viktor Borisovich Netyksho, et al (Case 1:16-cr-00215, District of Columbia) documented in the FD-1057 Bates-numbered FBI(20-cv-447) 114. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 116-121. | 115 | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 116 | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 117 | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 118 | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 119 | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 120 | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1/1 | b3/1 | b3/2 | b3/3 | b4/1 | b5/2 | b7A/1 | 6/7C/1 | 6/7C/2 | 6/7C/3 | 6/7C/4 | 6/7C/5 | 6/7C/6 | 7D/1 | 7D/2 | 7D/3 | 7D/4 | 7E/1 | 7E/2 | 7E/3 | 7E/4 | 7E/5 | 7E/6 | 7E/7 | 7E/8 | 7E/9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of an FD-1057 dated April 11, 2019 documenting the collection of information. Seth Rich is not mentioned in this FD-1057. Responsive portions of information collected is Bates-numbered FBI(20-cv-447) 122-143. | 121 | | | | | | | | X | | | | | | | | | | X | X | | X | | X | | | | | | | | | X | | |
| | 122 | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 123 | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 124 | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 125 | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 126 | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 127 | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 128 | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| Responsive portions of information collected. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 122-130, 133-139, 141, and 143. | 129 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 130 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 131 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 132 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 133 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 134 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 135 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 136 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 137 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 138 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 139 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 140 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 141 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 142 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 143 | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| FD-302 drafted December 14, 2018 and entered on January 7, 2019 documenting collection of information on June 27, 2018. Seth Rich is not mentioned in this FD-302. | 144 | | | | | | | | X | | X | | | | | | | | X | | | | | X | | | | X | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected and referenced in the FD-302 Bates-numbered FBI(20-cv-447) 144. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 146-147. | 145 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 146 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 147 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| Responsive portions of an FD-302 drafted November 19, 2018 and entered on January 4, 2019 documenting the interview of Jerome Corsi taken on October 31, 2018. Seth Rich is mentioned in this FD-302 on Bates-numbered pages FBI(20-cv-447) 149-150. | 148 | | | | | | | | X | | X | X | | | | | | | | | X | | | | X | | | | | | | | X | | | |
| | 149 | | | | | | | | | | X | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| | 150 | | | | | | | | | | | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| | 151 | | | | | | | | | | | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| Responsive portions of handwritten notes taken during the interview of Jerome Corsi on October 31, 2018. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 154. | 152 | | | | | X | | | X | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 153 | | | | | X | | | X | | | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 154 | | | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 155 | | | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| Responsive portion of materials provided to the FBI during the interview of Jerome Corsi. Seth Rich is mentioned on this Bates-numbered page. | 156 | | | | | | | | | | X | | | | | | | | | | | | | | | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-1036 dated February 28, 2020 documenting the importing of a Yahoo News Article titled "Rohrabacher confirms he offered Trump pardon to Assange for proof Russia didn't hack DNC email". Seth Rich is not mentioned in this FD-1036.  Responsive portions of attachment is Bates-numbered FBI(20-cv-447) 158. | 157 |  | X |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  | X |  | X |  |  |  |  |  |  |  |  | X |  |  |  |  |
| Responsive portions of a February 20, 2020 Yahoo News Article titled "Rohrabacher confirms he offered Trump pardon to Assange for proof Russia didn't hack DNC email". Seth Rich is mentioned in this Bates-numbered page. | 158 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |
| Responsive portions of FD-302 drafted October 17, 2019 and entered March 5, 2020, documenting the interview of Dana Rohrabacher taken on October 2, 2019. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 160. | 159 |  | X |  |  |  |  |  | X | X |  | X |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |
|  | 160 |  | X |  |  |  |  |  | X |  |  | X |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |
| Responsive portions of Verbatim Transcript taken of Dana Rohrabacher referenced in the FD-302 Bates-numbered FBI(20-cv-447) 159-160. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 162-163. | 161 |  | X |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |
|  | 162 |  | X |  |  |  |  |  | X |  |  | X |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |
|  | 163 |  | X |  |  |  |  |  | X |  |  | X |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-302 drafted September 6, 2018 and entered on September 10, 2018 documenting service of a Federal Grand Jury subpoena by Assistant Special Counsel Aaron Zelinsky to a third party. Seth Rich is not mentioned on this FD-302. | 164 | | | X | | | | | | X | X | | | | | | | | | | X | | | | | | | | | | | X | | | | |
| Subpoena issued to a third party to testify before a grand jury referenced in the FD-302 Bates-numbered FBI(20-cv-447) 164. Seth Rich is not mentioned in Bates-numbered pages FBI(20-cv-44) 165-167 as these were provided for purposes of context. Seth Rich is mentioned in the attachments thereto Bates-numbered FBI(20-cv-447) 168-184. | 165 | | | X | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | |
| | 166 | | | X | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 167 | | | X | | | | | | X | X | | | | | | | | X | | | | | | | | | | | | | X | | | | |
| Responsive portions of information produced in response to a federal grand jury subpoena Bates-numbered FBI(20-cv-447) 165-167. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 168-184. | 168 | | X | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 169 | | X | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 170 | | X | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 171 | | X | | | | | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 172 | | X | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 173 | | X | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 174 | | X | | | | | | X | | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 175 | | X | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 176 | | X | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 177 | | X | | | | | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 178 | | X | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 179 | | X | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 180 | | X | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 181 | | X | | | | | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 182 | | X | | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 183 | | X | | | | | | X | | X | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 184 | | X | | | | | | X | | X | | | | | | | | | | | | | | | | | | | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-302 drafted October 17, 2018 and entered October 31, 2018 documenting the receipt of responses to a grand jury subpoena request. Seth Rich is not referenced on this page, however, he is referenced on certain pages of the attachments thereto, being Bates-numbered pages FBI(20-cv-447) 187-191, 193 and 1560. | 185 | | | X | | | | | X | X | X | | | | | | | | | | X | | | | | | | | | | | X | | | | |
| Responsive portions of material provided in response to a grand jury subpoena request wherein Seth Rich is referenced on Bates-numbered page FBI(20-cv-447) 187. These pages are attachments to the FD-302 Bates-numbered FBI(20-cv-447) 185. | 186 | | | X | | | | | X | | | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 187 | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 188 | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | | | | | | X | | | |
| Responsive portions of material provided in response to a grand jury subpoena request wherein Seth Rich is referenced on Bates-numbered page FBI(20-cv-447) 191. These pages are attachments to the FD-302 Bates-numbered FBI(20-cv-447) 185. | 189 | | | X | | | | | X | | X | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 190 | | | X | | | | | X | | X | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 191 | | | X | | | | | X | | X | X | | | | | | | | | | | | | | | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of material provided in response to a grand jury subpoena request wherein Seth Rich is referenced on Bates-numbered page FBI(20-cv-447) 193. These pages are attachments to the FD-302 Bates-numbered FBI(20-cv-447) 185. | 192 | | | X | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | X | | | |
|  | 193 | | | X | | | | | X | X | X | | | | | | | | | | | | | | | | | | | | | | | X | | | |
| FD-1036 dated December 12, 2018 documenting the importing of information collected and analyzed pertaining to a Federal Grand Jury proceeding. | 194 | | | X | | | | | X | X | | | | | | | | | | | X | | X | | X | | | | | | | | | | | |
| Document imported, collected and analyzed pertaining to a Federal Grand Jury proceeding referenced in the FD-1036 Bates-numbered FBI(20-cv-447) 194. Seth Rich is mentioned Bates--numbered page FBI(20-cv-447) 195. | 195 | | | X | | | | | X | X | | X | | | | | | | | | | | | | X | | | | | | | | | X | | | |
| FD-302 drafted June 17, 2018 and entered June 18, 2018 documenting the collection of records from a third party.  Seth Rich is not mentioned in this FD-302. Responsive portions of attachments to this FD-302 are Bates-numbered FBI(20-cv-447) 197-201. | 196 | | | X | | | | | | X | X | | | | | | | | | | X | | | | X | | | | | | | X | | | | |
| Physical 1A Cover Sheet documenting the collection of information. | 197 | | | X | | | | | X | | | | | | | | | | | | X | | | | X | | | | | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-340 envelope containing records collected from a third party referenced in the FD-302 Bates-numbered FBI(20-cv-447) 196. | 198 | | X | | | | | | | X | X | | | | | | | | | | X | | | | | | | | | | | | X | | | |
| Responsive portions of records collected from a third party, being maintained in the FD-340 envelope Bates-numbered FBI(20-cv-447) 198. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 200 and 201. | 199 | | X | | | | | | | | X | | | | | | | | | | X | | | | X | | | | | | | | X | | | |
| | 200 | | X | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 201 | | X | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| FD-302 drafted and entered June 2, 2018 documenting the collection of information pursuant to a sealed court order. Attachments to this FD-302 are Bates-numbered pages FBI(20-cv-447) 203-274. Information concerning Seth Rich identified in this FD-302. | 202 | | X | | | | | | | X | | X | | | | | | | | | X | | | | X | | | | X | | | | | | X | |
| Responsive portions of a sealed court document referenced in the FD-302 Bates-numbered FBI(20-cv-447) 202. Information concerning Seth Rich is identified on Bates-numbered page FBI(20-cv-447) 204. | 203 | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | X | |
| | 204 | | X | | | | | | | | | X | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| Responsive portions of information collected pursuant to a sealed court document. Information concerning Seth Rich is identified on Bates-numbered pages FBI(20-cv-447) 206-266. | 205 | | X | | | | | | X | X | X | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 206 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 207 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 208 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 209 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 210 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 211 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 212 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 213 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 214 | | X | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | X | |
| | 215 | | X | | | | | | | | | X | | | | | | | | | | | | | X | | | | X | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 216 | | | X | | | | | | | | X | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 217 | | | X | | | | | | | | X | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 218 | | | X | | | | | | | | X | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 219 | | | X | | | | | | | | X | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 220 | | | X | | | | | | | | X | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 221 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 222 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 223 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 224 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 225 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 226 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 227 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 228 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 229 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 230 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 231 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 232 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 233 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 234 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 235 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 236 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| Continued - Responsive portions of information collected pursuant to a sealed court document. Information concerning Seth Rich is identified on Bates-numbered pages FBI(20-cv-447) 206-266. | 237 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 238 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 239 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 240 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 241 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 242 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 243 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 244 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 245 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 246 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 247 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 248 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 249 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 250 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 251 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 252 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 253 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 254 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 255 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 256 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 257 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 258 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 259 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 260 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 261 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 262 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 263 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 264 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 265 | | | X | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | X |
| | 266 | | | X | | | | | | | | | X | | | | | | | | | | | | X | | | | X | | | | | X | | X |

| Document Description | Bates | b1/1 | b3/1 | b3/2 | b3/3 | b4/1 | b5/1 | b5/2 | b7A/1 | 6/7C/1 | 6/7C/2 | 6/7C/3 | 6/7C/4 | 6/7C/5 | 6/7C/6 | 7D/1 | 7D/2 | 7D/3 | 7D/4 | 7E/1 | 7E/2 | 7E/3 | 7E/4 | 7E/5 | 7E/6 | 7E/7 | 7E/8 | 7E/9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected pursuant to a sealed court document. Information concerning Seth Rich is identified on Bates-numbered pages FBI(20-cv-447) 267-274. | 267 | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | X |
| | 268 | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | X |
| | 269 | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | X |
| | 270 | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | X |
| | 271 | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | X |
| | 272 | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | X |
| | 273 | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | X |
| | 274 | | X | | | | | | | | | X | | | | | | | | | | | | | | | | | X | | | | | X | | X |
| FD-302 drafted and entered on July 2, 2018 documenting the collection of information pursuant to a sealed court order. Information concerning Seth Rich is referenced on this page, and on certain pages of the attachments thereto, being Bates-numbered pages FBI(20-cv-447) 277 and 279. | 275 | | X | | | | | | | X | | X | | | | | | | | X | | | | | | | | | X | | | | | X | | X |
| Responsive portions of information collected pursuant to a sealed court document. Information concerning Seth Rich is identified on Bates-numbered pages FBI(20-cv-447) 206-275. | 276 | | X | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | X |
| Responsive portions of the sealed court document referenced in the FD-302 Bates-numbered FBI(20-cv-447) 275. Information concerning Seth Rich is identified on Bates-numbered page FBI(20-cv-447) 277. | 277 | | X | | | | | | | | | X | | | | | | | | | | | | | | | | | X | | | | | X | | X |
| Responsive portions of information collected pursuant to a sealed court document. Information concerning Seth Rich is identified on Bates-numbered pages FBI(20-cv-447) 278-279. | 278 | | X | | | | | | | | | X | | | | | | | X | | | | | | | | | | X | | | | | X | | X |
| | 279 | | X | | | | | | | | X | | | | | | | | | | | | | | | | | | X | | | | | X | | X |
| | 280 | | X | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | X |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-302 drafted October 29, 2018 and entered October 30, 2018 documenting the receipt of digital evidence provided by the Democratic National Committee (DNC) and Hillary For America (HFA) in furtherance of this investigation. Portions of attachments hereto have been Bates-numbered FBI(20-cv-447)-285 thru -305.  Seth Rich is not mentioned in this FD-302. | 281 |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |
| Responsive portions of attachments to the FD-302 processed at Bates-numbered page FBI(20-cv-447)-281 being a confirmation letter from DNC and HFA providing to the Department of Justice Special Counsel's Office  the DVD of digital evidence for this investigation.  Seth Rich is not mentioned in this letter. | 282 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  | X |  |  |  |  |
| Physical 1A Cover Sheet documenting the receipt of the DVD from Perkins Coie on behalf of the DNC and HFA. Seth Rich is not mentioned on Cover Sheet. | 283 |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |
| Responsive portions of the digital evidence turned over by the DNC and HFA for this investigation. Information concerning Seth Rich is on Bates-numbered pages FBI(20-cv-447) 295-305. | 284 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |
|  | 285 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |
|  | 286 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |
|  | 287 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |
|  | 288 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |
|  | 289 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |
|  | 290 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |
|  | 291 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |
|  | 292 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |
|  | 293 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |
|  | 294 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  | X |  |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Continued - Responsive portions of the digital evidence turned over by the DNC and HFA for this investigation. Information concerning Seth Rich is on Bates-numbered pages FBI(20-cv-447) 295-305. | 295 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 296 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 297 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 298 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 299 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 300 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 301 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 302 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 303 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 304 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 305 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| FD-302 cover sheet drafted October 4, 2018 and entered October 5, 2018 documenting an original FD-302 attached in a 1A. Seth Rich is not mentioned on this Bates-numbered page. | 306 | | X | | | | | | | X | | | | | | | | | | | X | | | | | | | | | | | | X | | | |
| Responsive portions of handwritten interview notes taken during the interview of Richard Gates on April 10, 2018. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 308. | 307 | | | | | | X | | | X | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 308 | | | | | | X | | | | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| Responsive portions of FD-302 drafted April 24, 2018 and entered May 10, 2018 documenting the interview of Richard Gates taken April 10, 2018. Information concerning Seth Rich is on Bates-numbered page FBI(20-cv-447) 310. | 309 | | | | | | | | | X | X | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| | 310 | | | | | | | | | | | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| FD-302 cover sheet drafted October 4, 2018 and entered October 5, 2018 documenting an original FD-302 attached in a 1A file. | 311 | | X | | | | | | | X | | | | | | | | | | | X | | | | | | | | | | | | X | | | |
| Duplicate Document | 312 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 307 |
| | 313 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 308 |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Duplicate Document | 314 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 309 |
| | 315 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 310 |
| Responsive portions of FD-302 drafted October 6, 2018 and entered October 30, 2018 documenting the interview of a third party on October 3, 2018. | 316 | | | | | | | | | X | X | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 317. | 317 | | | | | | | | | | | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| Responsive portions of handwritten interview notes taken during the interview of a third party on October 3, 2018. | 318 | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | | X | | | |
| Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 319. | 319 | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | | X | | | |
| Responsive portions of material reviewed during the interview of a third party taken on October 3, 2018. Seth Rich is referenced on Bates-numbered page FBI(20-cv-447) 321. | 320 | | | | | | | | | | | X | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 321 | | | | | | | | | | | X | | | | | | | | | | | | | | | | | | | | | X | | | |
| Responsive portions of additional material reviewed during the interview of a third party taken on October 3, 2018. | 322 | | | | | | | | | | | X | | | | | | | | | | | | | | | | | | | | | X | | | |
| Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 323. | 323 | | | | | | | | | | | X | | | | | | | | | | | | | | | | | | | | | X | | | |

| Document Description | Bates | b1 | b3-1 | b3-2 | b3-3 | b4-1 | b5-1 | b5-2 | b7A-1 | 6/7C-1 | 6/7C-2 | 6/7C-3 | 6/7C-4 | 6/7C-5 | 6/7C-6 | 7D-1 | 7D-2 | 7D-3 | 7D-4 | 7E-1 | 7E-2 | 7E-3 | 7E-4 | 7E-5 | 7E-6 | 7E-7 | 7E-8 | 7E-9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of an FD-1057 dated April 9, 2019 documenting the referring of information to the FBI's Washington Field office concerning a potential fraud scheme collected in the course of Special Counsel's Office (SCO) investigation. Seth Rich is not mentioned in the EC, but is referenced in the attachment thereto Bates-numbered page FBI(20-cv-447) 328-330. | 324 | | | | | | | | X | | X | X | | | | | | | X | X | | | | X | | | | | | | | X | | | | |
| | 325 | | | | | | | | | | X | X | | | | | | | | X | | | | X | | | | | | | | X | | | | |
| | 326 | | | | | | | | | | X | X | | | | | | | | X | | | | X | | | | | | | | X | | | | |
| | 327 | | | | | | | | | | | X | | | | | | | | X | | | | X | | | | | | | | | | | X |
| Responsive portions of an attachment to the EC processed for release at Bates-numbered pages FBI(20-cv-447) 324-327. Seth Rich is mentioned on each of the Bates-numbered pages. | 328 | | | | | | | | | | | X | | | | | | | | | | | | X | | | | | | | | | | | X |
| | 329 | | | | | | | | | | | X | | | | | | | | | | | | X | | | | | | | | | | | X |
| | 330 | | | | | | | | | | | X | | | | | | | | | | | | X | | | | | | | | | | | X |
| Responsive portions of an FD-302 drafted November 2, 2018 and entered November 2, 2018 documenting the collection of information pursuant to a sealed court order. Seth Rich is not mentioned on this Bates-numbered page. | 331 | | | | | | | | X | | | X | | | | | | | | X | | | | X | | | | | X | | | | | X | |
| Responsive portions information collected pursuant to a sealed court document detailed in the FD-302 processed at Bates-numbered page FBI(20-cv-447) 331. Seth Rich is not mentioned in these Bates-numbered pages. | 332 | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | X | |
| | 333 | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | X | |

| Document Description | Bates | b1 | b3 1 | b3 2 | b3 3 | b4 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected pursuant to a sealed court document. Information concerning Seth Rich is identified on Bates-numbered pages FBI(20-cv-447) 335-338. | 334 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 335 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 336 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 337 | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 338 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| Responsive portions of an FD-302 drafted May 28, 2018 and entered May 29, 2018 documenting the collection of information pursuant to a sealed court order.  Seth Rich is not mentioned herein. | 339 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| Sealed court document referenced in the FD-302 processed at Bates-numbered page FBI(20-cv-447) 339.  Seth Rich is not mentioned in Bates-numbered pages FBI(20-cv-447) 340-341. | 340 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | |
| | 341 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | |
| Responsive portions of information collected pursuant to a sealed court document. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 343-348, 350-353, 355-363, 365-368, 370-380, 382-383, 385-389, and 391-392. | 342 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 343 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 344 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 345 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 346 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 347 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 348 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 349 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 350 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 351 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 352 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 353 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 354 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 355 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 356 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 357 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 358 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 359 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 360 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 361 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 362 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 363 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 364 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |
| | 365 | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | |

| Document Description | Bates | b1/1 | b3/1 | b3/2 | b3/3 | b4/1 | b5/1 | b5/2 | b7A/1 | 6/7C/1 | 6/7C/2 | 6/7C/3 | 6/7C/4 | 6/7C/5 | 6/7C/6 | 7D/1 | 7D/2 | 7D/3 | 7D/4 | 7E/1 | 7E/2 | 7E/3 | 7E/4 | 7E/5 | 7E/6 | 7E/7 | 7E/8 | 7E/9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Continued - Responsive portions of information collected pursuant to a sealed court document. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 343-348, 350-353, 355-363, 365-368, 370-380, 382-383, 385-389, and 391-392. | 366 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 367 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 368 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 369 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 370 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 371 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 372 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 373 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 374 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 375 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 376 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 377 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 378 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 379 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 380 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 381 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 382 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 383 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 384 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 385 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 386 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 387 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 388 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 389 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 390 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 391 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 392 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
|  | 393 |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  | X |  |  |
| FD-302 drafted June 28, 2018 and entered June 28, 2018 documenting the collection of information pursuant to a sealed court order. Seth Rich is not mentioned on this FD-302. | 394 |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  | X |  |  |  |  | X |  |  |
| Physical 1A Cover Sheet documenting the collection of information referenced in the FD-302 Bates-numbered FBI(20-cv-447) 394. | 395 |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  | X |  |  |  |  | X |  |  |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected pursuant to a sealed court document. Information concerning Seth Rich is identified on Bates-numbered page FBI(20-cv-447) 397. | 396 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | X | | | | | X | | |
| | 397 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | X | | | | | X | | |
| Responsive portions of a FD-302 drafted on October 24, 2018 and entered on November 9, 2018. Seth Rich is not mentioned on the first page of the interview statement, but is mentioned on Bates-numbered page FBI(20-cv-447) 399. | 398 | | X | | | | | | | X | | X | | | | | | | | | X | | | | | | | | | | | X | | | |
| | 399 | | | | | | | | | | | X | | | | | | | | | X | | | | | | | | | | | X | | | |
| Responsive portions of an FBI Special Agent's handwritten interview notes used for the creation of the FD-302 processed at Bates-numbered pages FBI(20-cv-447) 398-399. Seth Rich is not mentioned on the first page of the notes, but is referenced in the FBI SAs notes on Bates-numbered page FBI(20-cv-447) 401. | 400 | | | | | | X | | | X | | X | | | | | | | | | | | | | | | | | | | | | | X | | |
| | 401 | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | | | X | | |
| See next page for full description of Bates-numbered pages FBI(20-cv-447) 402-403. | 402 | | | | | | | | X | X | | X | | | | X | | | | X | | | | X | X | | | | | | | | X | | |

30

| Document Description | Bates | b1/1 | b3/1 | b3/2 | b3/3 | b4/1 | b5/1 | b5/2 | b7A/1 | 6/7C/1 | 6/7C/2 | 6/7C/3 | 6/7C/4 | 6/7C/5 | 6/7C/6 | 7D/1 | 7D/2 | 7D/3 | 7D/4 | 7E/1 | 7E/2 | 7E/3 | 7E/4 | 7E/5 | 7E/6 | 7E/7 | 7E/8 | 7E/9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of an FD-1057 dated November 7, 2017 documenting case opening and summary. Seth Rich is not mentioned on Bates-numbered page FBI(20-cv-447) 402, but is referenced on Bates-numbered page FBI(20-cv-477) 403 and on a single page of an attachment hereto Bates-numbered FBI(20-cv-447) 404. | 403 | | | | | | | | X | | | X | | | | | | | | | | | | | X | | | | | | | X | | | | |
| Responsive portions of an attachment to the FD-1057 Bates-numbered FBI(20-cv-447) 402-403. | 404 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| FD-302 drafted March 15, 2018 and entered on March 26, 2018 documenting a meeting held on March 15, 2018 wherein information concerning Seth Rich was provided. | 405 | | | | | | | | X | X | | X | X | | | | | X | | | X | | | | | | | | | | | X | | | | |
| | 406 | | | | | | | | X | X | X | X | X | | | | | X | | | X | | | | | | | | | | | X | | | | |
| | 407 | | | | | | | | | | | X | X | | | | | X | | | X | | | | | | | | | | | X | | | | |
| Responsive portions of material provided by a source during the meeting documented in the FD-302 Bates-numbered FBI(20-cv-447)-405 thru -407. | 408 | | | | | | | | | X | | X | | | | | | X | | | | | | | | | | | | | | | | | | X |
| | 409 | | | | | | | | | X | | X | | | | | | X | | | | | | | | | | | | | | | | | | X |
| | 410 | | | | | | | | | X | | X | | | | | | X | | | | | | | | | | | | | | | | | | X |
| Information concerning Seth Rich is contained in Bates-numbered pages FBI(20-cv-447)-408 thru -411. | 411 | | | | | | | | | | | X | | | | | | X | | | | | | | | | | | | | | | | | | X |

| Document Description | Bates | b1/1 | b3/1 | b3/2 | b3/3 | b4/1 | b5/1 | b5/2 | b7A/1 | 6/7C/1 | 6/7C/2 | 6/7C/3 | 6/7C/4 | 6/7C/5 | 6/7C/6 | 7D/1 | 7D/2 | 7D/3 | 7D/4 | 7E/1 | 7E/2 | 7E/3 | 7E/4 | 7E/5 | 7E/6 | 7E/7 | 7E/8 | 7E/9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Additional responsive material provided by a source during the meeting documented in the FD-302 Bates-numbered FBI(20-cv-447) 405-407. Information concerning Seth Rich is contained in Bates-numbered page FBI(20-cv-447) 412. | 412 | | | | | | | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | X | |
| Additional responsive portions of material provided by a source during the meeting documented in the FD-302 Bates-numbered FBI(20-cv-447) 405-407. Information concerning Seth Rich is contained in Bates-numbered pages FBI(20-cv-447) 413-415. | 413 | | | | | | | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | X | |
| | 414 | | | | | | | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | X | |
| | 415 | | | | | | | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | X | |
| Physical 1A Cover sheet documenting the receipt of material provided by a source. Information concerning Seth Rich is mentioned on this cover sheet. | 416 | | | | | | | | | X | | | X | | | | | X | | | X | | | | | | | | | | | | | | X | |
| FD-340 envelope dated March 15, 2018 containing additional responsive material provided by a source. | 417 | | | | | | | | | X | | | | | | | | X | | | X | | X | | | | | | | | | | | | X | |
| | 418 | | | | | | | | | | | | | X | | | | X | | | | | | | | | | | | | | | | | X | |
| | 419 | | | | | | | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | X | |
| A Memorandum to File prepared by an Assistant United States Attorney (AUSA) in the United States Attorney's Office for the District of Columbia. Both pages of this document contains information concerning Seth Rich. | 420 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | b5, b6/7C-per EOUSA | | | | | X | |
| | 421 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | b5, b6/7C-per EOUSA | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of material provided by a source during the meeting documented in the FD-302 Bates-numbered FBI(20-cv-447) 405-407. | 422 | | | | | | | | | | X | | | X | | | X | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of an FD-302 drafted September 14, 2016 and entered on September 29, 2016 documenting an interview of a third party taken on September 14, 2016. Information concerning Seth Rich is on Bates-numbered pages FBI(20-cv-447) 424-426. | 423 | | X | | | | | | X | | X | | X | | | | | | | | X | | | | | | | | | | | X | | | | |
| | 424 | | | | | | | | | | X | | X | | | | | | | | X | | | | | | | | | | | X | | | | |
| | 425 | | | | | | | | | | X | X | X | | | | | | | | X | | | | | | | | | | | X | | | | |
| | 426 | | | | | | | | | | X | | X | X | | | | | | | X | | | | | | | | | | | X | | | | |
| Responsive portions of information provided during the interview of the third party taken on September 14, 2016. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 428-429. | 427 | | | | | | | | | | X | | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 428 | | | | | | | | | X | X | | X | | | | | | | | | | | | X | | | | | | | X | | | | |
| | 429 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| Responsive portions of an FD-302 drafted September 14, 2016 and entered on September 29, 2016 documenting the interview of a third party taken on September 14, 2016. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 431-433. | 430 | | X | | | | | | X | | X | | X | | | | | | | | X | | | | | | | | | | | X | | | | |
| | 431 | | | | | | | | | | X | | X | | | | | | | | X | | | | | | | | | | | X | | | | |
| | 432 | | | | | | | | | | X | X | X | | | | | | | | X | | | | | | | | | | | X | | | | |
| | 433 | | | | | | | | | | X | | X | X | | | | | | | X | | | | | | | | | | | X | | | | |

| Document Description | Bates | b1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Duplicate Document | 434 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 427 |
| | 435 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 428 |
| | 436 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 429 |
| Responsive portions of an FD-302 drafted October 5, 2018 and entered on November 2, 2018 documenting the interview of Paul J. Manafort taken on October 1, 2018. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 438-439. | 437 | | | | | | | | | X | | X | | | | | | | | X | | | | | | | | | | | | | X | | | |
| | 438 | | | | | | | | | | | X | | | | | | | | X | | | | | | | | | | | | | X | | | |
| | 439 | | | | | | | | | | | X | | | | | | | | X | | | | | | | | | | | | | X | | | |
| Responsive portions of handwritten interview notes taken during the interview of Paul J. Manafort on October 1, 2018. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 441. | 440 | | | | | | X | | | X | | X | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 441 | | | | | | X | | | | | X | | | | | | | | | | | | | | | | | | | | | X | | | |
| Responsive portions of handwritten interview notes taken during the interview of Paul J. Manafort on October 1, 2018 with additional markings on the pages, thus they cannot be withheld as duplicates to Bates-numbered pages FBI(20-cv-447) 440-441. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 443. | 442 | | | | | | X | | | X | | X | | | | | | | | X | | | | | | | | | | | | | X | | | |
| | 443 | | | | | | X | | | | | X | | | | | | | | X | | | | | | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of FD-302 drafted October 11, 2018 and entered on November 2, 2018 documenting 1) Assistant Special Counsel Aaron Zelinsky's sending of two Consent to Search Computer Forms to counsel representing Jerome Corsi; 2) Corsi's signing of the consent forms; and 3) telephone calls which occurred on October 5, 2018 and October 11, 2018.  Seth Rich is not mentioned in the FD-302. | 444 | | | | | | | | | X | X | X | | | | | | | | | X | | | | X | | | | | | | | X | | | |
| Two FD-941 Consent to Search Computer Forms dated October 4, 2018 and executed by Jerome Corsi.  Seth Rich is not mentioned on either FD-941. | 445 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 446 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 447-462, 464-472, 474-489, 491-499, 501-531, 533-558, 560-566, 568-569 and 571-576. | 447 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 448 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 449 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 450 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 451 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 452 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 453 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 454 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 455 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 456 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 457 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 458 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 459 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 460 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 461 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 462 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 463 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 464 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 465 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 466 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 467 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 468 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 469 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Continued - Responsive portions of information collected. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 447-462, 464-472, 474-489, 491-499, 501-531, 533-558, 560-566, 568-569 and 571-576. | 470 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 471 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 472 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 473 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 474 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 475 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 476 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 477 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 478 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 479 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 480 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 481 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 482 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 483 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 484 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 485 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 486 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 487 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 488 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 489 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 490 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 491 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 492 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 493 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 494 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 495 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 496 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 497 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 498 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 499 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 500 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 501 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 502 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 503 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 504 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 505 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 506 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 507 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 508 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 509 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 510 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 511 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 512 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 513 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 514 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 515 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 516 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 517 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 518 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 519 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 520 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 521 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Continued - Responsive portions of information collected. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 447-462, 464-472, 474-489, 491-499, 501-531, 533-558, 560-566, 568-569 and 571-576. | 522 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 523 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 524 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 525 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 526 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 527 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 528 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 529 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 530 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 531 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 532 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 533 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 534 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 535 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 536 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 537 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 538 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 539 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 540 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 541 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 542 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 543 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 544 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 545 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 546 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 547 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 548 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 549 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 550 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 551 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 552 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 553 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 554 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 555 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 556 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 557 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 558 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 559 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 560 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 561 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 562 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 563 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 564 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 565 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 566 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 567 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 568 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 569 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 570 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 571 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 572 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 573 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Continued - Responsive portions of information collected. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 447-462, 464-472, 474-489, 491-499, 501-531, 533-558, 560-566, 568-569 and 571-576 | 574 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 575 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 576 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| FD-302 drafted April 19, 2017 and entered on April 20, 2017, documenting information under a Court sealing order.  This FD-302 does not mention Seth Rich. Responsive portions of attachments to this FD-302 are Bates-numbered FBI(20-cv-447) 578-579. | 577 | | | | | | | | | X | X | | | | | | | | X | | | | | | X | | | | X | | | | | | X | |
| Responsive portions of attachments to FD-302 Bates-numbered FBI(20-cv-447)-577. | 578 | | | | | | | | | X | | X | | | | | | | X | | | | | | X | | | | X | | | | | | X | |
| Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 578-579 | 579 | | | | | | | | | X | | X | | | | | | | X | | | | | | X | | | | X | | | | | | X | |
| FD-302 drafted September 21, 2016 and entered on September 22, 2016 documenting information under court sealing order.  Seth Rich is not mentioned on this Bates-numbered page. | 580 | | | | | | | | | X | | | | | | | | | X | | | | | | X | | | | X | | | | | | X | |
| Responsive portions of attachments to FD-302 Bates-numbered FBI(20-cv-447)-580. | 581 | | | | | | | | | X | X | X | | | | | | | X | | | | | | X | | | | X | | | | | | X | |
| Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 581-582. | 582 | | | | | | | | | X | X | X | | | | | | | X | | | | | | X | | | | X | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-302 drafted September 21, 2016 and entered on September 23, 2016 documenting information under sealed court order. Attachments to this FD-302 are Bates-numbered pages FBI(20-cv-447) 584-614 and 1566-1593. | 583 | | | | | | | | | X | | | | | | | | | | | X | | | | X | | | | X | | | | | X | | |
| Responsive portions of the attachments to the FD-302 Bates-numbered FBI(20-cv-447) 583. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 584-592. | 584 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 585 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 586 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 587 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 588 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 589 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 590 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 591 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 592 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| Responsive portion of the attachments to FD-302 on Bates-numbered page FBI(20-cv-447)-583. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447)-593-598 | 593 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 594 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 595 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 596 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 597 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 598 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| Duplicate Document | 599 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 584 |
| | 600 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 585 |
| | 601 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 586 |
| | 602 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 587 |
| | 603 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 588 |
| | 604 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 589 |
| | 605 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 590 |
| Responsive portion of the attachments to FD-302 on Bates-numbered page FBI(20-cv-447) 583. Seth Rich is mentioned on this FD-302. | 606 | | | | | | | | | X | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| Duplicate Document | 607 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 591 |
| | 608 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 592 |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Duplicate Document | 609 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 593 |
| | 610 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 594 |
| | 611 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 595 |
| | 612 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 596 |
| | 613 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 597 |
| | 614 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 598 |
| FD-302 drafted and entered on September 28, 2016 documenting information sealed under court order. Seth Rich is not identified on this bates-page, but he is mentioned in the attachment hereto Bates-numbered FBI(20-cv-447) 616-618. | 615 | | | | | | | | | X | | | | | | | | | | X | | | | X | | | | | X | | | | | X | | |
| Attachment to FD-302 on bates-numbered page FBI(20-cv-447) 615 wherein Seth Rich is mentioned on bates-numbered pages FBI(20-cv-447) 616-618. | 616 | | | | | | | | | X | X | X | | | | | | | | X | | | | X | | | | | X | | | | | X | | |
| | 617 | | | | | | | | | X | X | X | | | | | | | | X | | | | X | | | | | X | | | | | X | | |
| | 618 | | | | | | | | | X | X | X | | | | | | | | X | | | | X | | | | | X | | | | | X | | |
| FD-302 drafted March 7, 2017 and entered on March 8, 2017 documenting the interview of a third party subject of investigative interest. Responsive records referenced herein being an interview summary transcript and an audio download of an interview have been Bates-numbered FBI(20-cv-447) 620-622 and 1565 | 619 | | | | | | | | | X | X | X | | | | | | | | X | | | | | | | | | | | X | | | | | |

| Document Description | Bates | b1/1 | b3/1 | b3/2 | b3/3 | b4/1 | b5/1 | b5/2 | b7A/1 | 6/7C/1 | 6/7C/2 | 6/7C/3 | 6/7C/4 | 6/7C/5 | 6/7C/6 | 7D/1 | 7D/2 | 7D/3 | 7D/4 | 7E/1 | 7E/2 | 7E/3 | 7E/4 | 7E/5 | 7E/6 | 7E/7 | 7E/8 | 7E/9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of an interview summary transcript wherein Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 621-622. This interview summary transcript is referenced on Bates-numbered page FBI(20-cv-447) 619. | 620 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 621 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 622 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| FD-302 drafted April 12, 2017 and entered on April 13, 2017 documenting 1) an email request for information to Perkins Coie, counsel for the victim; 2) a Perkins Coie attorney's contact with an agent wherein he provided a verbal summary in response to the request; and 3) the agents follow-up email request for information. The attachments referenced herein have been Bates-numbered FBI(20-cv-447)-624 thru -627. | 623 | | | | | | | | | X | | | X | | | | | | | | X | | | | | | | | | | | X | | | | |
| Responsive portion of an email communication dated March 21, 2017 between an FBI Special Agent in the San Francisco Field Office and an attorney at Perkins Coie. This document is referenced in the information on Bates-numbered page FBI(20-cv-447)-623. | 624 | | | | | | | | | X | | | X | | | | | | X | | | | | | X | X | | | | | | X | | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portion of an email communication dated March 21, 2017 thru April 10, 2017 between an FBI Special Agent in the San Francisco Field Office and an attorney at Perkins Coie.  Seth Rich is mentioned on both Bates-numbered pages FBI(20-cv-447) 625-626. This document is referenced in the information on Bates-numbered page FBI(20-cv-447) 623. | 625 | | | | | | | | | X | | | X | | | | | | | X | | | | | X | X | | | | | | X | | | | |
| 626 (continuation) | 626 | | | | | | | | | X | | | X | | | | | | | X | | | | | X | X | | | | | | X | | | | |
| Handwritten note dated March 31, 2017 documenting verbal conversation between an FBI Special Agent in the San Francisco Field Office and Perkins Coie, counsel for the victim. This document is referenced in the information on Bates-numbered page FBI(20-cv-447)-623. | 627 | | | | | | X | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | X | |
| FD-302 drafted April 13, 2017 and entered on April 17, 2017 documenting an interview of a third party subject of investigative interest wherein Seth Rich is mentioned on both Bates-numbered pages FBI(20-cv-447) 628-629. | 628 | | | | | | | | | X | X | | X | | | | | | | | X | | | | | | | | | | | X | | | | |
| 629 (continuation) | 629 | | | | | | | | | | X | | X | | | | | | | | X | | | | | | | | | | | X | | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-302 drafted April 25, 2017 and entered on April 28, 2017 documenting the receipt of an email from another Agent who previously conducted an interview of a third party of investigative interest forwarding an email he received from the interviewee. The attachments referenced in this record are Bates-numbered FBI(20-cv-447) 631 and 1561 and both contain mentions of Seth Rich. This FD-302 does not contain the name or information of Seth Rich. | 630 | | | | | | | | | X | X | | X | | | | | | | | X | | | | X | | | | | | | X | | | | |
| 1st page of an email communication dated April 25, 2017 with a subject line of Hi from [redacted] - Info Regarding Guccifer 2.0, and Seth Rich. The 2nd page of this email is bates-numbered FBI (20-cv-447) 1561. This email communication is an attachment to Bates-numbered page FBI(20-cv-447) 630. | 631 | | | | | | | | | X | X | | X | | | | | | | X | | | | | | | | | | | | | X | | | | |
| FD-302 drafted April 25, 2017 and entered on April 28, 2017 documenting the receipt of an email from counsel at Perkins Coie containing written responses to questions previously posed and discussed. This FD-302 does not contain the name or information of Seth Rich. | 632 | | | | | | | | | X | | | X | | | | | | | | X | | | | | | | | | | | X | | | | |

| Document Description | Bates | b1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Email communication dated April 23, 2017 from counsel at Perkins Coie to an FBI Special Agent in the San Francisco Field Office documenting written responses to questions previously posed and discussed. This email communication is an attachment to Bates-numbered page FBI(20-cv-447) 632. | 633 | | | | | | | | | X | X | | X | | | | | | | | | | | | X | | X | | | | | X | | | | |
| | 634 | | | | | | | | | | | | X | | | | | | | | | | | | X | | X | | | | | X | | | | |
| FD-302 dated May 1, 2017 documenting the receipt of proprietary information/trade secrets. This FD-302 does not contain the name or information of Seth Rich. Attachments to this FD-302 are Bates-numbered FBI(20-cv-447) 637-646. Seth Rich is mentioned in this FD-302. | 635 | | | | | X | | | | | | | X | | | | | | | | X | | | | X | | | | | | | | | | X | |
| Note mentioned in FD-302 Bates-numbered FBI(20-cv-447) 635. Seth Rich is mentioned in this note. | 636 | | | | | | | | | X | | | X | | | | | | | | | | | | X | | | | | | | | | | X | |
| Proprietary information collected from a third party referenced in Bates-numbered page FBI(20-cv-447) 635. Information concerning Seth Rich is contained in these Bates numbered pages. | 637 | | | | | X | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 638 | | | | | X | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 639 | | | | | X | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 640 | | | | | X | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 641 | | | | | X | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 642 | | | | | X | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 643 | | | | | X | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 644 | | | | | X | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 645 | | | | | X | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 646 | | | | | X | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Email chain dated April 28, 2017 between an FBI Special Agent and counsel at Perkins Coie coordinating the sending | 647 | | | | | | | | | X | | | X | | | | | | | X | | | | | X | | | | | | | X | | | | |
| of information to the FBI. Seth Rich is not mentioned in this email. | 648 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | |
| FD-302 drafted August 24, 2017 and entered on August 25, 2017 documenting an interview of a third party taken on August 24, 2017. Information | 649 | | | | | | | | | X | X | | | | | | | | | | X | | | | | | | | | | | | X | | | |
| concerning Seth Rich is in both Bates-numbered pages. | 650 | | | | | | | | | | X | | | | | | | | | | X | | | | | | | | | | | | X | | | |
| Handwritten notes taken during | 651 | | | | | | X | | | | X | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| the interview of a third party on August 24, 2017. Information concerning Seth Rich is in both Bates-numbered pages. | 652 | | | | | | X | | | | X | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| FD-302 drafted January 20, 2017 and entered on October 31, 2017 documenting information collected on | 653 | | | | | | | | | X | | X | | | | | | | | | X | | | | | X | | | | | | | | | | X | |
| January 18, 2017 concerning a third party. Information concerning Seth Rich is on Bates-numbered page FBI(20-cv-447) 654. | 654 | | | | | | | | | | | X | | | | | | | | | X | | | | | X | | | | | | | | | | X | |
| Portions of information collected and referenced in FD-302 Bates-numbered FBI(20-cv-447) 653-654.  Seth Rich is | 655 | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| mentioned on Bates-numbered page FBI(20-cv-447) 656. | 656 | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Portions of information collected and referenced in FD-302 Bates-numbered FBI(20-cv-447)-653-654.  Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447)-657. | 657 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Portions of information collected and referenced in FD-302 Bates-numbered FBI(20-cv-447) 653-654.  Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 659. | 658 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 659 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Portions of information collected and referenced in FD-302 Bates-numbered FBI(20-cv-447)-653-654.  Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447)-659. | 660 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 661 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Portions of information collected and referenced in FD-302 Bates-numbered FBI(20-cv-447) 653-654. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 663. | 662 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 663 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Duplicate Document | 664 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 655 |
| | 665 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 656 |
| Portions of information collected and referenced in FD-302 Bates-numbered FBI(20-cv-447) 653-654. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 667. | 666 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 667 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Portions of information collected and referenced in FD-302 Bates-numbered FBI(20-cv-447) 653-654. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 669. | 668 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 669 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Portions of information collected and referenced in FD-302 Bates-numbered FBI(20-cv-447) 653-654. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 671. | 670 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 671 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Duplicate Document | 672 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 159 |
| | 673 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 160 |
| Duplicate Document | 674 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 161 |
| | 675 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 162 |
| | 676 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 163 |
| FD-1036 dated August 25, 2017 documenting the importing of an August 16, 2017 FireEye Threat Media Highlights article titled "A New Report Raises Big Questions About Last Year's DNC Hack." Seth Rich is not mentioned in this FD-1036. | 677 | X | X | | | | | | | X | | | | | | | | | | X | | X | | | | | | | | | | | X | | | |
| FireEye Threat Media Highlights article dated August 16, 2017 and titled "A New Report Raises Big Questions About Last Year's DNC Hack" referenced in the FD-1036 Bates-numbered page FBI(20-cv-447) 677. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 679. | 678 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 679 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | |

47

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-1036 dated October 5, 2018 documenting the importing of a October 4, 2018 Buzzfeed article titled "This Ohio Woman's Run-In With The FBI Give Us A Window Into Robert Mueller's Trump-Russia Probe." Seth Riches not mentioned in this FD-1036. | 680 | X | X |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  | X |  | X |  |  |  |  |  |  |  |  | X |  |  |  |  |
| Buzzfeed article dated October 4, 2018 and titled "This Ohio Woman's Run-In With The FBI Give Us A Window Into Robert Mueller's Trump-Russia Probe "referenced in the FD-1036 Bates-numbered FBI(20-cv-447) 680. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 682-683. | 681 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | | X | | | | | |
| | 682 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |
| | 683 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |  |
| FD-1036 dated January 3, 2017 documenting the importing of material relative to the FBI's investigation. Seth Rich is not mentioned in this FD-1036. The imported attachment to this FD-1036 is Bates-numbered FBI(20-cv-447) 685-689. | 684 | X | X |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  | X |  | X |  | X | X | X |  |  |  |  |  |  |  | X |  |
| | 685 | X | X |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X | X | X |  |  |  |  |  |  |  | X |  |
| Portions of attachment to the FD-1036 Bates-numbered FBI(20-cv-447) 684.  Seth Rich is mentioned in the imported attachment on Bates-numbered pages FBI(20-cv-447) 687-689. | 686 | X | X |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X | X | X |  |  |  |  |  |  |  | X |  |
| | 687 | X | X |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X | X | X |  |  |  |  |  |  |  | X |  |
| | 688 | X | X |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X | X | X |  |  |  |  |  |  |  | X |  |
| | 689 | X | X |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X | X | X |  |  |  |  |  |  |  | X |  |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-1087 dated May 19, 2017 documenting evidence acquired from Perkins Coie on May 19, 2017. Information relating to Seth Rich is on Bates-numbered page FBI(20-cv-447) 691. | 690 | X | X | | | | | | | X | | | X | | | | | | | X | | X | X | X | | | | | | | | X | | | | |
|  | 691 | | | | | | | | | X | | | X | | | | | | | X | | | | | | | | | | | | X | | | | |
| Responsive portions of an FD-1057 dated October 12, 2016 from FBI's Cyber Division to the FBI's Washington Field Office requesting it conduct a follow-up interview of a third party. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 693-694. | 692 | X | X | | | | | | | X | | | X | | | | | X | X | | X | | | | | X | | | | | | X | | | | |
|  | 693 | | | | | | | | | | | | X | | | | | X | | | X | | | X | X | | | | | | | X | | | | |
|  | 694 | | | | | | X | | | | | X | X | | | | | | | | X | | | | | | | | | | | X | | | | |
| Responsive portions of an FD-1057 dated September 27, 2017 from FBI's San Francisco Field Office documenting open source research conducted and review of internal cases on a third party.  This FD-1057 does not mention Seth Rich. Responsive portions of the attachment to this FD-1057 are Bates-numbered FBI(20-cv-447) 696-698. | 695 | X | X | | | | | | X | X | X | X | | | | | | | | X | X | | X | X | X | | | | | | | X | | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b4 3 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of an attachment to the FD-1057 Bates-numbered FBI(20-447) 695.  Seth Rich is mentioned in this open source material on Bates-numbered pages FBI(20-cv-447) 698. | 696 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 697 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 698 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of a Letterhead Memorandum dated January 2, 2018 from an FBI Legal Attaché documenting the providing of information concerning Guccifer 2.0.  Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 700. | 699 | X | X | | | | | | X | | | | | | | | | X | X | X | | | | X | | X | | | | | X | | | |
| | 700 | | | | | | | | | X | X | | | | | | | X | | X | | | | | | | | | | | | X | | | |
| Responsive portions of an FD-1057 dated August 15, 2016 from the FBI's San Francisco Field Office documenting the importing of research on Guccifer2 and DCLeaks. This FD-1057 does not mention Seth Rich. Seth Rich is mentioned in the attachment to this FD-1057 on Bates--numbered page FBI(20-cv-447) 706. | 701 | X | X | | | | | | X | | | | | | | | | X | X | | X | X | X | | | | | | | | X | | | |
| | 702 | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | | | | X | | | |
| | 703 | | | | | | | | | | | | | | | | | | X | | | | X | | | | | | | | | X | | | |
| Responsive portions of attachment to FD-1057 Bates-numbered FBI(20-cv-447) 701-703. Seth Rich is mentioned in the attachment on Bates-numbered page FBI(20-cv-447) 706. | 704 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 705 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 706 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 707 | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 708 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 709 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 710 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 711 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 712 | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 713 | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of FD-1057 dated September 7, 2016 from FBI's San Francisco Field Office to the FBI's Washington Field Office requesting that it conduct an interview of a third party. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 715. | 714 | X | X |  |  |  |  |  |  | X |  |  | X |  |  |  |  |  |  | X | X |  | X | X | X |  |  |  |  |  |  | X |  |  |  |  |
|  | 715 |  |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  | X |  |  | X |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |
| Responsive portions of an FD-302 drafted September 30, 2016 and entered September 30, 2016 documenting an interview of a third party. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 717-718. | 716 |  |  |  |  |  |  |  |  | X | X | X | X |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |
|  | 717 |  |  |  |  |  |  |  |  |  | X | X | X |  |  |  |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  | X |  |  |  |  |
|  | 718 |  |  |  |  |  |  |  |  |  | X | X | X | X |  |  |  |  |  |  | X |  |  |  | X |  |  |  |  |  |  | X |  |  |  |  |
| Duplicate Document | 719 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X | 427 |
|  | 720 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X | 428 |
|  | 721 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X | 429 |
| Responsive portions of FD-1057 dated January 20, 2017 from FBI's Washington Field Office documenting the covering of a lead from the San Francisco Field Office and interview of a third party. This FD-1057 does not mention Seth Rich. Seth Rich is mentioned in the attachment to this FD-1057 on Bates-numbered page FBI(20-cv-447) 725. | 722 | X | X |  |  |  |  |  |  | X | X |  | X |  |  |  |  |  |  | X | X |  | X | X | X |  |  |  |  |  |  | X |  |  |  |  |
|  | 723 |  |  |  |  |  |  |  |  | X | X | X | X |  |  |  |  |  |  |  | X |  |  | X |  |  |  |  |  |  |  | X |  |  |  |  |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Attachment to FD-1057 Bates-numbered FBI(20-cv-447) 722-723. Seth Rich is mentioned in this attachment on Bates-numbered pages FBI(20-cv-447) 725-726. | 724 | | | | | | | | | | X | | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 725 | | | | | | | | | X | X | | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 726 | | | | | | | | | | X | | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| FD-1057 dated September 8, 2017 from FBI's San Francisco Field Office documenting its participation in a prosecutorial strategy meeting held in Philadelphia on August 29, 2017.  Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 729. | 727 | X | X | | | | | | | X | | | | | | | | | | X | X | | X | | | X | | | | | | X | | | | |
| | 728 | X | X | | | | | | | | | | | | | | | | | | X | | X | X | | X | | | | | | X | | | | |
| | 729 | X | X | | | | X | | | X | X | | | X | | | | | | | X | | X | | X | | X | X | X | | | | X | | | | |
| Responsive portions of FD-302 drafted November 27, 2018 and entered November 30, 2021 documenting the interview of a third party. Seth Rich is mentioned in this FD-302. | 730 | | X | | | | | | | X | X | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| Responsive portions of handwritten interview notes taken during the interview of a third party. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 732. | 731 | | | | | | X | | | X | X | | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 732 | | | | | | X | | | | X | | | | | | | | | | | | | | | | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. These records were referred by OIP to the FBI. These records do not contain an OIP Document ID. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 734-741 and 743-745. | 733 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 734 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 735 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 736 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 737 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 738 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 739 | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 740 | | | | | | X | | | X | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 741 | | | | | | | X | | X | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 742 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 743 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 744 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 745 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Duplicate Document | 746 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 309 |
| | 747 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 310 |
| Duplicate Document | 748 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 309 |
| | 749 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 310 |
| Duplicate Document | 750 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 309 |
| | 751 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 310 |
| Duplicate Document | 752 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 309 |
| | 753 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 310 |
| Responsive portions of document entitled, The Tactics & Tropes of the Internet Research Agency These records were referred by OIP to the FBI. OIP Document ID: 0.7.5411.5305. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 755. | 754 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | |
| | 755 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | |
| Email communication dated November 6, 2018 documenting the collection of information. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6219. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 756. | 756 | | X | | | | | | X | X | | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 757 | | X | | | | | | | X | | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6219-000001. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 758-760. | 758 | | X | | | | | | X | | | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 759 | | X | | | | | | X | | | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 760 | | X | | | | | | X | | | X | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. These records were referred by OIP to the FBI. These records do not contain an OIP Document ID. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 762-764. | 761 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 762 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 763 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 764 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portion of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6497-000001. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 765. | 765 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portion of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6497-000003. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 766. | 766 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Draft FD-302 interview of a third party subject of investigative interest. This record was provided by OP to the FBI. OIP Document ID: 0.7.5411.7004. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 768. | 767 | | | | | | X | | X | X | X | | | | | | | | | | X | | | | | | | | | | | | X | | | |
| | 768 | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Draft FD-302 interview of a third party subject of investigative interest. This record was referred by OP to the FBI. OIP Document ID: 0.7.5411.7004. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 770-771. | 769 | | | | | | X | | X | | | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| | 770 | | | | | | X | | | | | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| | 771 | | | | | | X | | | | | X | | | | | | | | | X | | | | | | | | | | | | X | | | |
| Typed interview outline concerning a third party subject of investigation.  This record was referred by OIP to the FBI.  OIP Document ID: 0.7.5411.7183-00001.  Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 773. | 772 | | | | | | X | | | | X | X | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 773 | | | | | | X | | | | X | X | | | | | | | | | | | | | | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest.  These records were referred by OIP to the FBI.  These records do not contain an OIP Document ID.  Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 775-778 and 780. | 774 | | | | X | | | | | | X | X | | | | | | | | | | | | | | | X | | | | | | | X | | | |
| | 775 | | | | X | | | | | | X | X | | | | | | | | | | | | | | | X | | | | | | | X | | | |
| | 776 | | | | X | | | | | | X | X | | | | | | | | | | | | | | | X | | | | | | | X | | | |
| | 777 | | | | | | | | | | X | X | | | | | | | | | | | | | | | X | | | | | | | X | | | |
| | 778 | | | | | | | | | | X | X | | | | | | | | | | | | | | | X | | | | | | | X | | | |
| | 779 | | | | | | | | | | X | X | | | | | | | | | | | | | | | X | | | | | | | X | | | |
| | 780 | | | | | | | | | | X | X | | | | | | | | | | | | | | | X | | | | | | | X | | | |
| Duplicate Document | 781 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 190 |
| Duplicate Document | 782 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 191 |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6019-000003. This Bates-numbered page is a continuation of information contained on Bates-numbered page FBI(20-cv-447) 782. Seth Rich is not mentioned on this Bates-numbered page. | 783 | | | X | | | | | X | | X | X | | | | | | | | | | | | | | | | | | | | | X | | | |
| Duplicate Document | 784 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 192 |
| | 785 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 193 |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.7243-000004. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 787-790. | 786 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 787 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 788 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 789 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 790 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.7243-000004. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 792. | 791 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 792 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.7243-000004. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447)-794. | 793 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 794 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.7243-000004. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 796. | 795 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 796 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. These records were referred by OIP to the FBI. These records do not contain an OIP Document ID. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 798-808, 810-811. Portions of these records Bates-numbered FBI(20-cv-447) 809, 812-821 are also responsive to Plaintiff's request to the Department of Justice, Office of the Attorney General dated June 5, 2020 wherein he requested information concerning Imran Awan, et al. | 797 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 798 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 799 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 800 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 801 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 802 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 803 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 804 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 805 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 806 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 807 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 808 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 809 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 810 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 811 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 812 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 813 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 814 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 815 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 816 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 817 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 818 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 819 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 820 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 821 | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. These records were referred by OIP to the FBI. These records do not contain an OIP Document ID. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 835-838, 840, 848-851, 854, 857-869, 875-877, 890-912, 919-923, 925-928, 934-936, 944-947. In addition, portions of these records Bates-numbered FBI(20-cv-447) 823-834, 839, 841-847, 852-853, 855-856, 870-874, 878, 880-889, 910, 913-918, 929-933 and 937-943 are also responsive to Plaintiff's request to the Department of Justice, Office of the Attorney General dated June 5, 2020 wherein he requested information concerning Imran Awan, et al. | 822 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 823 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 824 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 825 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 826 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 827 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 828 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 829 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 830 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 831 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 832 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 833 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 834 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 835 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 836 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 837 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 838 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 839 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 840 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 841 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 842 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 843 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 844 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 845 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 846 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 847 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 848 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 849 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 850 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 851 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 852 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 853 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 854 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 855 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 856 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 857 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 858 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 859 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 860 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 861 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 862 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 863 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 864 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 865 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 866 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 867 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 868 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 869 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 870 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 871 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 872 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Continued - Responsive portions of information collected relating to a third party subject of investigative interest. These records were referred by OIP to the FBI. These records do not contain an OIP Document ID. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 835-838, 840, 848-851, 854, 857-869, 875-877, 890-912, 919-923, 925-928, 934-936, 944-947. In addition, portions of these records Bates-numbered FBI(20-cv-447) 823-834, 839, 841-847, 852-853, 855-856, 870-874, 878, 880-889, 910, 913-918, 929-933 and 937-943 are also responsive to Plaintiff's request to the Department of Justice, Office of the Attorney General dated June 5, 2020 wherein he requested information concerning Imran Awan, et al. | 873 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 874 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 875 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 876 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 877 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 878 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 879 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 880 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 881 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 882 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 883 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 884 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 885 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 886 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 887 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 888 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 889 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 890 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 891 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 892 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 893 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 894 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 895 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 896 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 897 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 898 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 899 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 900 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 901 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 902 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 903 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 904 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 905 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 906 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 907 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 908 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 909 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 910 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 911 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 912 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 913 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 914 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 915 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 916 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 917 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 918 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 919 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 920 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 921 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 922 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 923 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |
| | 924 | | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | X |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Continued - Responsive portions of information collected relating to a third party subject of investigative interest. These records were referred by OIP to the FBI. These records do not contain an OIP Document ID. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 835-838, 840, 848-851, 854, 857-869, 875-877, 890-912, 919-923, 925-928, 934-936, 944-947. In addition, portions of these records Bates-numbered FBI(20-cv-447) 823-834, 839, 841-847, 852-853, 855-856, 870-874, 878, 880-889, 910, 913-918, 929-933 and 937-943 are also responsive to Plaintiff's request to the Department of Justice, Office of the Attorney General dated June 5, 2020 wherein he requested information concerning Imran Awan, et al. | 925 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 926 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 927 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 928 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 929 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 930 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 931 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 932 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 933 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 934 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 935 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 936 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 937 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 938 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 939 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 940 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 941 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 942 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 943 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 944 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 945 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 946 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 947 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Duplicate Document | 948 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 186 |
| | 949 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 187 |
| | 950 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 188 |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6519-000001. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 951 and 953. | 951 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 952 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 953 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6331-000001. Seth Rich is mentioned on this Bates-numbered page. | 954 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Email communication dated August 30, 2018 forwarding an email received by the Special Counsel's Office; Subject: Pedophile Bob Mueller sent Seth Rich hitman after Manafort lawyer. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6684. Seth Rich is mentioned herein. | 955 | | | | | | | | | X | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| Email communication dated August 18, 2018 received by the Office of the Special Counsel, Subject: Muellers crooked lawyers investigation judge and jury. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6630. Seth Rich is mentioned therein. | 956 | | | | | | | | | | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.5613-000001. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447)-958. | 957 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 958 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest.  This record was referred by OIP to the FBI.  OIP Document ID: 0.7.5411.5613-000001. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447)-959. | 959 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 960 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| Responsive portions of information collected relating to a third party subject of investigative interest.  This record was referred by OIP to the FBI.  OIP Document ID: 0.7.5411.5613-000001. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447)-963-967. | 961 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 962 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 963 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 964 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 965 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 966 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 967 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| Responsive portion of information collected relating to a third party subject of investigative interest.  This record was referred by OIP to the FBI.  OIP Document ID: 0.7.5411.5613-000001.  Seth Rich is not mentioned on Bates-numbered page FBI(20-cv-447)-970. | 968 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 969 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 970 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.5613-000001. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447)-972. | 971 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | | | X | |
| | 972 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.5613-000001. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 986-974. | 973 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 974 | | | | | | | | | | | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.5613-000001. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 986-976. | 975 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 976 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Email communication dated July 25, 2018 forwarding an email with a subject line of: Mueller had Seth Rich murdered. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6683. Seth Rich is mentioned in this Bates-numbered page. | 977 | | | | | | | | | X | X | | | | | | | | | | | | | | | | | | | | | X | | | | |
| Email communication dated July 23, 2018; Subject:  We think mueller planned the execution of. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.5135. Seth Rich is mentioned in this Bates-numbered page. | 978 | | | | | | | | | | X | | X | | | | | | | | | | | | | | | | | | | X | | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Email communication dated July 23, 2018 forwarding an email with a subject line of: We think mueller arranged the hit on Seth Rich. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6663. Seth Rich is mentioned in this Bates-numbered page. | 979 | | | | | | | | | X | X | | | X | | | | | | | | | | | | | | | | | | X | | | | |
| Email communication dated July 23, 2018 forwarding an email with a subject line of:  Ha ha Mueller arranged the murder of Seth Rich?  This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6608. Seth Rich is mentioned in this Bates-numbered page. | 980 | | | | | | | | | X | X | | | X | | | | | | | | | | | | | | | | | | X | | | | |
| Email communication dated July 22, 2018; Subject: Crooked Mueller has name of hit man. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.5131. Seth Rich is mentioned in this Bates-numbered page. | 981 | | | | | | | | | | X | | | X | | | | | | | | | | | | | | | | | | X | | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6493-000001. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 983. | 982 | | | | | | | X | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 983 | | | | | | | X | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1/1 | b3/1 | b3/2 | b3/3 | b4/1 | b5/1 | b5/2 | b7A/1 | 6/7C1 | 6/7C2 | 6/7C3 | 6/7C4 | 6/7C5 | 6/7C6 | 7D1 | 7D2 | 7D3 | 7D4 | 7E1 | 7E2 | 7E3 | 7E4 | 7E5 | 7E6 | 7E7 | 7E8 | 7E9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6493-000016. Seth Rich is mentioned on this Bates-numbered page. | 984 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Email communication dated June 26, 2018 concerning Seth Rich's work laptop. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.7528. Seth Rich is mentioned on this Bates-numbered page. | 985 | | | | | | | | | X | | | X | | | | | X | | | | | | | X | | | | | | | X | | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.6907. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 986-996. | 986 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 987 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 988 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 989 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 990 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 991 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 992 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 993 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 994 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 995 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 996 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Duplicate Document | 997 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 408 |
| | 998 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 409 |
| | 999 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 410 |
| | 1000 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 411 |
| Duplicate Document | 1001 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 412 |
| Duplicate Document | 1002 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 413 |
| | 1003 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 414 |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Duplicate Document | 1004 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 415 |
| Duplicate Document | 1005 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 279 |
| | 1006 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 280 |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.5770-000001. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 1007. | 1007 | | | | | | | | | | | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1008 | | | | | | | | | | | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.5770-000001. Seth Rich is mentioned on Bates-numbered page FBI(20-cv-447) 1010. | 1009 | | | | | | | | | | | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1010 | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. These records were referred by OIP to the FBI. OIP Document ID: 0.7.5411.5208-000001. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1011, 1013-1022 and 1024-1028. | 1011 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1012 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1013 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1014 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1015 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1016 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1017 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1018 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1019 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1020 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1021 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1022 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1023 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1024 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1025 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1026 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1027 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1028 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. These records were referred by OIP to the FBI. OIP Document ID: 0.7.5411.6223. Seth Rich is mentioned on this Bates-numbered page. | 1029 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. These records were referred by OIP to the FBI. OIP Document ID: 0.7.5411.5076-000001. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1030 1032, 1034-1035, 1037-1039 and -1041-1045. | 1030 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1031 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1032 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1033 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1034 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1035 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1036 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1037 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1038 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1039 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1040 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1041 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1042 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1043 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1044 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1045 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. The records were referred by OIP to the FBI. OIP Document ID: 0.7.5411.6227. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1046-1052, 1054-1055, 1057-1061, -1064, -1066, and 1068-1075. | 1046 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1047 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1048 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1049 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1050 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1051 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1052 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1053 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1054 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1055 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1056 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1057 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1058 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1059 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1060 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1061 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1062 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1063 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1064 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1065 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. The records were referred by OIP to the FBI. OIP Document ID: 0.7.5411.6227. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1046-1052, 1054-1055, 1057-1061, -1064, -1066, and 1068-1075. | 1066 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1067 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1068 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1069 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1070 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1071 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1072 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1073 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1074 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1075 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1076 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. The records were referred by OIP to the FBI. OIP Document ID: 0.7.5411.6227. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1077-1079, 1081-1083, 1085, 1087, 1089, 1091-1092, 1094-1100, and 1103-1106. | 1077 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1078 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1079 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1080 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1081 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1082 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1083 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1084 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1085 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1086 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1087 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1088 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1089 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1090 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1091 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1092 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1093 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1094 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1095 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1096 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1097 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1098 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1099 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1100 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1101 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1102 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1103 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1104 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1105 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1106 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. The records were referred by OIP to the FBI. OIP Document ID: 0.7.5411.6341. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1107-1108. | 1107 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1108 | | | | | | | | | | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Email communication dated May 17, 2017 - May 31, 2017 relating to a hotline submission of a complaint concerning a violation of civil rights or civil liberties. This record was referred by OIP to the FBI. OIP Document ID: 0.7.5411.5068-000002. Seth Rich is mentioned in Bates-numbered page FBI(20-cv-447) 1111. | 1109 | | | | | | | | | | X | | | X | | | | | | | | | | | | | | | | | | | X | | | |
| | 1110 | | | | | | | | | | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| | 1111 | | | | | | | | | | X | | | | | | | | | | | | | | | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. These records were referred by OIP to the FBI. OIP Document ID: 0.7.5411.6353. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1113-1114. | 1112 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1113 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1114 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| See next page for full description of Bates-numbered pages FBI(20-cv-447) 1115-1202. | 1115 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1116 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1117 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1118 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1119 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1120 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1121 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1122 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1123 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1124 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. The records were referred by OIP to the FBI. These records do not contain an OIP Document ID Number. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1116, 1117, 1119-1120, 1122, 1124, 1127-1128, 1130-1131, 1133-1134, 1136-1137, 1139, 1141-1142, 1144, 1146-1147, 1149-1153, 1155-1156, 1158-1164, 1166-1170, 1172, 1174, 1176, 1178-1180, 1182-1184, 1186, 1188-1190, 1192, 1195-1197, and 1199-1202. In addition, portions of these records Bates-numbered FBI(20-cv-447) 1104, 1106, 1111, 1136, and 1149 are also responsive to Plaintiff's request to the Department of Justice, Office of the Attorney General dated June 5, 2020 wherein he requested information concerning Imran Awan, et al. | 1125 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1126 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1127 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1128 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1129 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1130 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1131 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1132 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1133 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1134 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1135 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1136 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1137 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1138 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1139 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1140 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1141 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1142 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1143 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1144 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1145 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1146 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1147 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1148 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1149 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1150 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1151 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1152 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1153 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1154 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1155 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1156 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1157 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1158 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1159 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1160 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1161 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1162 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1163 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1164 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1165 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1166 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1167 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1168 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1169 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1170 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1171 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1172 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1173 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1174 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1175 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1176 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| See prior page for full description of Bates-numbered pages FBI(20-cv-447) 1115-1202. | 1177 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1178 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1179 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1180 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1181 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1182 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1183 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1184 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1185 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1186 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1187 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1188 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1189 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1190 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1191 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1192 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1193 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1194 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1195 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1196 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1197 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1198 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1199 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1200 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1201 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1202 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| See next page for full description of Bates-numbered pages FBI(20-cv-447) 1203-1303. | 1203 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1204 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1205 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1206 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1207 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1208 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1209 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1210 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1211 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1212 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1213 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1214 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1215 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1216 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1217 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1218 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1219 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1220 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1221 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1222 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1223 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1224 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1225 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1226 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1227 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |
| | 1228 | | | | | | | | | | X | X | | | | | | | | | | | | X | | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of information collected relating to a third party subject of investigative interest. The records were referred by OIP to the FBI. These records do not contain an OIP Document ID Number. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1204-1206, 1210-1212, 1214-1215, 1217-1222, 1224-1225, 1227, 1229-1230, 1232-1235, 1237-1241, 1243-1248, 1250, 1253, 1255, 1257, 1259, 1260-1262, 1264, 1267, 1269-1271, 1274-1278, 1280-1282, 1285, 1287-1289, 1291-1293, 1295-1296, and 1299-1303. In addition, portions of these records Bates-numbered FBI(20-cv-447) 1208, 1231, and 1298 are also responsive to Plaintiff's request to the Department of Justice, Office of the Attorney General dated June 5, 2020 wherein he requested information concerning Imran Awan, et al. | 1229 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1230 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1231 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1232 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1233 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1234 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1235 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1236 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1237 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1238 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1239 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1240 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1241 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1242 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1243 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1244 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1245 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1246 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1247 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1248 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1249 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1250 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1251 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1252 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1253 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1254 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1255 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1256 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1257 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1258 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1259 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1260 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1261 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1262 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1263 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1264 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1265 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1266 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1267 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1268 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1269 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1270 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1271 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1272 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1273 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1274 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1275 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1276 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1277 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1278 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1279 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1280 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |

| Document Description | Bates | b1-1 | b3-1 | b3-2 | b3-3 | b4-1 | b5-1 | b5-2 | b7A-1 | 6/7C-1 | 6/7C-2 | 6/7C-3 | 6/7C-4 | 6/7C-5 | 6/7C-6 | 7D-1 | 7D-2 | 7D-3 | 7D-4 | 7E-1 | 7E-2 | 7E-3 | 7E-4 | 7E-5 | 7E-6 | 7E-7 | 7E-8 | 7E-9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| See prior page for full description of Bates-numbered pages FBI(20-cv-447) 1203-1303. | 1281 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1282 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1283 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1284 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1285 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1286 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1287 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1288 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1289 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1290 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1291 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1292 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1293 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1294 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1295 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1296 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1297 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1298 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1299 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1300 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1301 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1302 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1303 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. The records were referred by OIP to the FBI. These records do not contain an OIP Document ID Number. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1305-1314, 1317-1325, 1327-1336, 1338-1401, 1403-1429 and 1432-1439. In addition, portions of these records Bates-numbered FBI(20-cv-447) 1341, 1430-1432 and 1434 are also responsive to Plaintiff's request to the Department of Justice, Office of the Attorney General dated June 5, 2020 wherein he requested information concerning Imran Awan, et al. | 1304 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1305 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1306 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1307 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1308 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1309 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1310 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1311 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1312 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1313 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1314 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1315 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1316 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1317 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1318 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1319 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1320 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1321 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1322 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1323 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1324 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1325 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1326 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1327 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1328 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1329 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1330 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1331 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Continued - Responsive portions of information collected relating to a third party subject of investigative interest. The records were referred by OIP to the FBI. These records do not contain an OIP Document ID Number. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1305-1314, 1317-1325, 1327-1336, 1338-1401, 1403-1429 and 1432-1439. In addition, portions of these records Bates-numbered FBI(20-cv-447) 1341, 1430-1432 and 1434 are also responsive to Plaintiff's request to the Department of Justice, Office of the Attorney General dated June 5, 2020 wherein he requested information concerning Imran Awan, et al. | 1332 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1333 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1334 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1335 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1336 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1337 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1338 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1339 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1340 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1341 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1342 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1343 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1344 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1345 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1346 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1347 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1348 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1349 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1350 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1351 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1352 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1353 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1354 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1355 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1356 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1357 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1358 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1359 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1360 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1361 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1362 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1363 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1364 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1365 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1366 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1367 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1368 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1369 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1370 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1371 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1372 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1373 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1374 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1375 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1376 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1377 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1378 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1379 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1380 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1381 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1382 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1383 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Continued - Responsive portions of information collected relating to a third party subject of investigative interest. The records were referred by OIP to the FBI. These records do not contain an OIP Document ID Number. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1305-1314, 1317-1325, 1327-1336, 1338-1401, 1403-1429 and 1432-1439. In addition, portions of these records Bates-numbered FBI(20-cv-447) 1341, 1430-1432 and 1434 are also responsive to Plaintiff's request to the Department of Justice, Office of the Attorney General dated June 5, 2020 wherein he requested information concerning Imran Awan, et al. | 1384 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1385 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1386 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1387 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1388 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1389 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1390 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1391 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1392 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1393 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1394 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1395 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1396 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1397 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1398 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1399 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1400 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1401 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1402 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1403 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1404 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1405 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1406 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1407 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1408 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1409 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1410 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1411 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1412 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1413 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1414 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1415 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1416 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1417 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1418 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1419 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1420 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1421 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1422 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1423 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1424 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1425 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1426 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1427 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1428 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1429 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1430 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1431 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1432 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1433 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1434 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |
| | 1435 | | | | | | | | | | X | X | | | | | | | | | | | | | | X | | | | | | | | X | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| See prior pages for full description of Bates-numbered pages FBI(20-cv-447) 1304-1439 | 1436 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1437 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1438 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1439 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| Responsive portions of information collected relating to a third party subject of investigative interest. The records were referred by OIP to the FBI. Seth Rich is mentioned on Bates-numbered pages FBI(20-cv-447) 1440-1444, 1446-1460, 1462-1467 and 1470-1484. In addition, portions of these records Bates-numbered FBI(20-cv-447) 1445, 1461, 1468, 1469 and 1475 are also responsive to Plaintiff's request to the Department of Justice, Office of the Attorney General dated June 5, 2020 wherein he requested information concerning Imran Awan, et al. | 1440 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1441 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1442 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1443 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1444 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1445 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1446 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1447 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1448 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1449 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1450 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1451 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1452 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1453 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1454 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1455 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1456 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1457 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1458 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1459 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1460 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1461 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1462 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1463 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1464 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1465 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1466 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1467 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1468 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1469 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1470 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1471 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1472 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1473 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1474 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1475 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1476 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1477 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1478 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1479 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1480 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1481 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1482 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1483 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| | 1484 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Duplicate Document (The content is identical to that within Bates-numbered pages FBI(20-cv-447) 206-266, but as a result of the import process of this record into the FBI's processing system, the page layout is landscape versus portrait.) | 1485 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 206-266 |
| | 1486 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1487 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1488 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1489 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1490 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1491 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1492 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1493 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1494 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1495 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1496 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1497 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1498 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1499 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1500 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1501 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1502 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1503 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1504 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1505 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1506 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1507 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1508 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1509 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1510 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1511 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1512 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1513 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1514 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1515 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1516 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1517 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1518 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1519 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1520 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1521 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1522 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1523 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1524 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1525 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1526 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1527 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1528 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1529 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1530 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1531 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1532 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1533 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1534 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| See prior page for full description of Bates-numbered pages FBI(20-cv-447) 1485-1539 | 1535 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | See prior duplicate page numbers. |
| | 1536 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1537 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1538 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1539 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| Not Responsive to FOIPA Request. Inadvertently marked as Duplicate and assigned Bates numbers FBI(20-cv-447) 1540-1554. | 1540 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1541 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1542 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1543 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1544 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1545 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1546 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1547 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1548 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1549 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1550 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1551 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1552 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1553 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| | 1554 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | |
| Duplicate Document | 1555 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 267 and 268 |
| | 1556 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 268 and 269 |
| | 1557 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 269, 270 and 271 |
| | 1558 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 271 and 272 |
| | 1559 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 273 |
| Duplicate Document | 1560 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | 783 |
| 2nd page of an email communication dated April 25, 2017 with a subject line of Hi from [redacted] - Info Regarding Guccifer 2.0, and Seth Rich. The 1st page of this email is Bates-numbered FBI (20-cv-447) 631. This email chain is an attachment to Bates-numbered page FBI(20-cv-447) 630. | 1561 | | | | | | | | | | X | | X | | | | | | | | | | | | | | | | | | | X | | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-1057 dated October 14, 2016 documenting a request for assistance and setting of a lead to an FBI Chicago squad to identify travel for a third party of investigative interest (Responsive to FOIPA Request No. 1465971-000 Subject: Crossfire Hurricane Code Names) | 1562 | | X | | | | | | | X | | | | | | | | | | X | X | | X | | | X | X | | | | | X | | | | |
| | 1563 | | X | | | | | | | | | X | | | | | | | | X | | | X | | | X | X | | | | | | X | | | |
| Responsive portion of FD-1057 dated February 15, 2019 documenting a change in case status to pending inactive (Responsive to FOIPA Request No. 1465971-000 Subject: Crossfire Hurricane Code Names) | 1564 | | | | | | | | | X | | | | | | | | | | X | X | | X | X | | | | | | | | | X | | | |
| Responsive audio download of an interview that was mentioned in the FD-302 drafted March 7, 2017 and entered on July 13, 2017 Bates-numbered FBI(20-cv-447) 619 | 1565 | | | | | | | | | | X | X | | | | | | | | | | | | | X | | | | | | | | X | | | |
| FD-340 envelope dated September 21, 2016 containing the records described below Bates-numbered FBI(20-cv-447) 1567-1593.  The material contained in this envelope is part of the attachments to the FD-302 Bates-numbered FBI(20-cv-447) 583. Seth Rih is not mentioned on this FD-340. | 1566 | | | | | | | | | X | | | | | | | | | | | X | | | | X | | | | X | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sealed Document contained in FD-340 envelope Bates-numbered FBI(20-cv-447) 1566.  Seth Rich is not mentioned in these pages. | 1567 | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | | |
| | 1568 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | |
| | 1569 | | | | | | | | | | | | | | | | | | | | | | | | X | | | | X | | | | | X | | |
| | 1570 | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | X | | | | | X | | |
| Sealed Court Document contained in FD-340 envelope Bates-numbered FBI(20-cv-447) 1566. Seth Rich is not mentioned in this page. | 1571 | | | | | | | | | | | | | X | | | | | | | | | | | | | | | X | | | | | X | | |
| Sealed Court Document contained in FD-340 envelope Bates-numbered FBI(20-cv-447) 1566. Seth Rich is not mentioned in these pages. | 1572 | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | |
| | 1573 | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | |
| | 1574 | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | |
| | 1575 | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | |
| | 1576 | | | | | | | | | X | | | | | | | | | | | | | | | | | | | X | | | | | X | | |
| | 1577 | | | | | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | X | | |
| Sealed Document contained in FD-340 envelope Bates-numbered FBI(20-cv-447) 1566.  Seth Rich is mentioned on Bates-numberd pages FBI(20-cv-447) 1579-1593. | 1578 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1579 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1580 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1581 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1582 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1583 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1584 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1585 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1586 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1587 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1588 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1589 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1590 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1591 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1592 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| | 1593 | | | | | | | | | | X | X | | | | | | | | X | | | | | X | | | | X | | | | | X | | |
| FD-340 envelope dated April 12, 2017 containing the records described below Bates-numbered FBI(20-cv-447) 1595-1596. Seth Rich is not mentioned on this FD-340 envelope. | 1594 | | | | | | | | | X | | | X | | | | | | | X | | | | | | | | | | | | | X | | | |

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b3 3 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Typed questions and handwritten interview notes of a third party who provided information. Seth Rich is mentioned on both of these Bates-numbered pages. | 1595 | | | | | | X | | | | X | | X | | | | | | | | | | | | | | | | | | | | X | | | | |
| | 1596 | | | | | | X | | | | X | | X | | | | | | | | | | | | | | | | | | | | X | | | | |

**U.S. DEPARTMENT OF JUSTICE, OFFICE OF INFORMATION POLICY**

**CONSULTED RECORDS**

**The information below relates to the records OIP provided to the FBI for consultation on February 8, 2021 and November 8, 2021 totaling 196 pages.**

| NUMBER OF DOCUMENTS | OIP DOCUMENT ID OR BATES-NUMBERS | # OF PAGES | EXEMPTIONS ASSERTED ON BEHALF OF THE FBI TO WITHHOLD INFORMATION IN THE DOJ/OIP CONSULTED RECORDS | RIP, RIF or DIF BY DOJ/OIP | DATES OF DOJ/OIP RELEASES WHEREIN RECORDS WERE ADDRESSED |
|---|---|---|---|---|---|
| 1 | 0.7.5411.5788-000002 | 1 | None | RIF | May 7, 2021 |
| | | 2 | | | |
| | | 3 | | | |
| | | 4 | | | |
| | | 5 | | | |
| | | 6 | | | |
| | | 7 | | | |
| | | 8 | | | |
| | | 9 | | | |
| | | 10 | | | |
| | | 11 | | | |
| | | 12 | | | |
| | | 13 | | | |
| | | 14 | | | |
| | | 15 | | | |
| | | 16 | | | |
| | | 17 | | | |
| 2 | 0.7.5411.6226-000002 | 1 | (b)(5)-1, -2 | WIF | May 7, 2021 |
| | | 2 | (b)(5)-1, -2; (b)(6)-2, -3; and (b)(7)(C)-2, -3; | WIF | |
| | | 3 | (b)(5)-1, -2; (b)(6)-2, -3; and (b)(7)(C)-2, -3; | WIF | |
| 3 | 0.7.5411.6240-000001 | 1 | (b)(5)-1, -2 | WIF | May 7, 2021 |
| | | 2 | (b)(5)-1, -2 | WIF | |
| | | 3 | (b)(5)-1, -2; (b)(6)-3; and (b)(7)(C)-3; | WIF | |
| | | 4 | (b)(5)-1, -2; (b)(6)-3; and (b)(7)(C)-3; | WIF | |

| | | | | | |
|---|---|---|---|---|---|
| 4 | 0.7.5411.6197-000001 | 1 | (b)(5)-1, -2 | WIF | |
| | | 2 | (b)(5)-1, -2 | WIF | |
| | | 3 | (b)(5)-1, -2; (b)(6)-2, -3; and (b)(7)(C)-2, -3; | WIF | May 7, 2021 |
| | | 4 | (b)(5)-1, -2; (b)(6)-3; and (b)(7)(C)-3; | WIF | |
| 5 | 0.7.5411.6236-000001 | 1 | (b)(5)-1, -2 | WIF | |
| | | 2 | (b)(5)-1, -2 | WIF | |
| | | 3 | (b)(5)-1, -2; (b)(6)-2, -3; and (b)(7)(C)-2, -3; | WIF | May 7, 2021 |
| | | 4 | (b)(5)-1, -2; (b)(6)-3; and (b)(7)(C)-3; | WIF | |
| 6 | 0.7.5411.7068 | 1 | (b)(5)-1, -2 | WIF | |
| | | 2 | (b)(3)-2; (b)(5)-1, -2; (b)(6)-2, -3, -4; and (b)(7)(C)-2, -3, -4; | WIF | May 7, 2021 |
| | | 3 | (b)(5)-1, -2 | WIF | |
| 7 | 0.7.5411.7148.000039 | 1 | None | RIF | |
| | | 2 | None | RIF | |
| | | 3 | None | Marked Portions as Not Responsive Records | May 7, 2021 |
| | | 4 | None | Marked Portions as Not Responsive Records | |
| 8 | 0.7.5411.6336 | 1 | (b)(6)-1; (b)(7)(C)-1; and (b)(7)(E)-1, -6; | WIF | May 7, 2021 |
| 9 | 0.7.5411.6183 | 1 | (b)(6)-1, -3; (b)(7)(C)-1, -3; (b)(7)(E)-1, -6; | WIF | |
| | | 2 | (b)(3)-2; (b)(6)-1, -3; (b)(7)(C)-1, -3; and (b)(7)(E)-1, -6; | WIF | May 7, 2021 |
| | | 3 | (b)(3)-2; (b)(6)-3; (b)(7)(C)-3; and (b)(7)(E)-6; | WIF | |
| 10 | 0.7.5411.7142-000001 | 1 | None | RIF | May 7, 2021 |
| | | 2 | | | |
| | | 3 | | | |
| | | 4 | | | |
| | | 5 | | | |

| | | | | | |
|---|---|---|---|---|---|
| | Continued - 0.7.5411.7142-000001 | 6 | | | |
| | | 7 | | | |
| | | 8 | | | |
| | | 9 | | | |
| | | 10 | | | |
| | | 11 | | | |
| | | 12 | | | |
| | | 13 | | | |
| | | 14 | | | |
| | | 15 | | | |
| | | 16 | | | |
| | | 17 | | | |
| | | 18 | | | |
| | | 19 | | | |
| | | 20 | None | RIF | May 7, 2021 |
| | | 21 | | | |
| | | 22 | | | |
| | | 23 | | | |
| | | 24 | | | |
| | | 25 | | | |
| | | 26 | | | |
| | | 27 | | | |
| | | 28 | | | |
| | | 29 | | | |
| | | 30 | | | |
| | | 31 | | | |
| | | 32 | | | |
| | | 33 | | | |
| | | 34 | | | |
| | | 35 | | | |
| 11 | 0.7.5411.6511 | 1 | (b)(6)-1, -3; (b)(7)(C)-1. -3; and (b)(7)(E)-6; | WIF | |
| | | 2 | (b)(7)(E)-6; | WIF | May 7, 2021 |
| | | 3 | (b)(6)-3; (b)(7)(C)-3; and (b)(7)(E)-6; | WIF | |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Continued - 0.7.5411.6511 | 4 | (b)(6)-3; (b)(7)(C)-3; and (b)(7)(E)-6; | WIF | May 7, 2021 |
|  |  | 5 | (b)(7)(E)-6; | WIF |  |
|  |  | 6 | (b)(3)-2; (b)(6)-3; (b)(7)(C)-3; and (b)(7)(E)-6; | WIF |  |
|  |  | 7 | (b)(6)-1, -2, -3; (b)(7)(C)-1, -2, -3; and (b)(7)(E)-1, -6; | WIF |  |
| 12 | 0.7.5411.6673 | 1 | (b)(6)-1; and (b)(7)(C)-1; | RIP | May 7, 2021 and December 15, 2021 |
|  |  | 2 | None | RIF |  |
|  |  | 3 | None | RIF |  |
|  |  | 4 | None | RIF |  |
|  |  | 5 | None | RIF |  |
|  |  | 6 | None | RIF |  |
|  |  | 7 | None | RIF |  |
| 13 | 0.7.5411.5975 | 1 | (b)(3)-2; (b)(6)-1, -3; (b)(7)(C)-1, -3; and (b)(7)(E)-6; | WIF | May 7, 2021 |
|  |  | 2 | (b)(3)-2; (b)(6)-1, -3; (b)(7)(C)-1, -3; and (b)(7)(E)-1, -6; | WIF |  |
|  |  | 3 | (b)(3)-2; (b)(6)-1, -3; (b)(7)(C)-1, -3; and (b)(7)(E)-1; | Page determined to be not Responsive per OIP. | Not included in any production as this page was deemed not responsive per OIP. |
| 14 | 0.7.5411.5236 | 1 | (b)(3)-2;  (b)(6)-1, -3; and (b)(7)(C)-1, -3; | WIF | May 7, 2021 |
| 15 | 0.7.5411.5237 | 1 | (b)(3)-2;  (b)(6)-1; and (b)(7)(C)-1; | WIF | May 7, 2021 |
| 16 | 0.7.5411.6579 | 1 | None | RIP | May 7, 2021 |
| 17 | 0.7.5411.5221 | 1 | (b)(6)-1, -4; (b)(7)(C)-1, -4; (b)(7)(D)-3; and (b)(7)(E)-1; | RIP | May 7, 2021 and December 15, 2021 |
| 18 | 0.7.5411.6890 | 1 | (b)(6)-1, -2, -4; (b)(7)(C)-1, -2, -4; and (b)(7)(E)-1; | RIP | May 7, 2021 and December 15, 2021 |
|  |  | 2 | (b)(6)-2, -4; and (b)(7)(C)-2, -4; | RIP |  |
|  |  | 3 | (b)(6)-2, -4; and (b)(7)(C)-2, -4; | RIP |  |
|  |  | 4 | (b)(6)-4; and (b)(7)(C)-4; | RIP |  |
| 19 | 0.7.5411.6682 | 1 | None | RIP | May 7, 2021 and December 15, 2021 |
|  |  | 2 |  | RIF |  |
|  |  | 3 |  | RIF |  |
|  |  | 4 |  | RIF |  |

| | | | | | |
|---|---|---|---|---|---|
| 20 | 0.7.5411.5609 | 1 | (b)(6)-1; (b)(7)(C)-1; and (b)(7)(E)-1, -6; | WIF | May 7, 2021 |
| | | 2 | (b)(6)-1. -3; (b)(7)(C)-1, -3; and (b)(7)(E)-1, -6; | WIF | |
| | | 3 | (b)(7)(E)-6; | WIF | |
| | | 4 | (b)(7)(E)-6; | WIF | |
| 21 | 0.7.5411.5938 | 1 | (b)(3)-2;  (b)(6)-1; (b)(7)(C)-1; and (b)(7)(E)-1, -6; | WIF | May 7, 2021 |
| 22 | 0.7.5411.5935 | 1 | (b)(3)-2;  (b)(6)-1; (b)(7)(C)-1; and (b)(7)(E)-1, -6; | RIP | May 7, 2021 and December 15, 2021 |
| | | 2 | (b)(3)-2; and (b)(7)(E)-6; | RIP | |
| 23 | 0.7.5411.5605 | 1 | (b)(6)-1; and (b)(7)(C)-1; | RIP | May 7, 2021 and December 15, 2021 |
| 24 | 0.7.5411.5202 | 1 | (b)(6)-1; (b)(7)(C)-1; and (b)(7)(E)-1; | WIF | May 7, 2021 |
| 25 | 0.7.5411.6578-000002 | 1 | None | RIF | May 7, 2021 |
| | | 2 | | | |
| | | 3 | | | |
| | | 4 | | | |
| | | 5 | | | |
| | | 6 | | | |
| | | 7 | | | |
| | | 8 | | | |
| | | 9 | | | |
| | | 10 | | | |
| | | 11 | | | |
| | | 12 | | | |
| | | 13 | | | |
| | | 14 | | | |
| | | 15 | | | |
| | | 16 | | | |
| | | 17 | | | |
| | | 18 | | | |
| | | 19 | | | |
| | | 20 | | | |
| | | 21 | | | |

| | | | | | |
|---|---|---|---|---|---|
| | Continued - 0.7.5411.6578-000002 | 22 | None | RIF | May 7, 2021 |
| | | 23 | | | |
| | | 24 | | | |
| | | 25 | | | |
| | | 26 | | | |
| | | 27 | | | |
| | | 28 | | | |
| | | 29 | | | |
| | | 30 | | | |
| | | 31 | | | |
| | | 32 | | | |
| | | 33 | | | |
| | | 34 | | | |
| | | 35 | | | |
| | | 36 | | | |
| | | 37 | | | |
| | | 38 | | | |
| | | 39 | | | |
| | | 40 | | | |
| | | 41 | | | |
| | | 42 | | | |
| | | 43 | | | |
| | | 44 | | | |
| | | 45 | | | |
| 26 | 0.7.5411.12962 | 1 | (b)(6)-2; (b)(7)(C)-2; and (b)(7)(E)-6; | WIF | May 7, 2021 |
| | | 2 | (b)(6)-2; (b)(7)(C)-2; and (b)(7)(E)-6; | WIF | |
| 27 | 0.7.5411.18555 | 1 | (b)(6)-1, -3; (b)(7)(C)-1, -3; and (b)(7)(E)-6; | WIF | May 7, 2021 |
| | | 2 | (b)(6)-3; (b)(7)(C)-3; and (b)(7)(E)-6; | WIF | |
| | | 3 | (b)(6)-1, -3; (b)(7)(C)-1, -3; and (b)(7)(E)-6; | WIF | |
| | | 4 | (b)(6)-3; (b)(7)(C)-3; and (b)(7)(E)-6; | WIF | |
| | | 5 | (b)(6)-3; (b)(7)(C)-3; and (b)(7)(E)-6; | WIF | |
| 28 | 0.7.5411.18558 | 1 | (b)(6)-1, -4; (b)(7)(C)-1, -4; and (b)(7)(E)-6; | RIP | May 7, 2021 and December 15, 2021 |
| | | 2 | (b)(6)-3; (b)(7)(C)-3; and (b)(7)(E)-6; | RIP | |

| | | | | | |
|---|---|---|---|---|---|
| | Continued - 0.7.5411.18558 | 3 | (b)(6)-1, -2, -3, -4; (b)(7)(C)-1, -2, -3, -4; and (b)(7)(E)-1, -6; | RIP | |
| | | 4 | (b)(6)-1, -3, -4; (b)(7)(C)-1, -3, -4; and (b)(7)(E)-1, -6; | RIP | |
| | | 5 | (b)(6)-1, -3. -4; (b)(7)(C)-1, -3, -4; and (b)(7)(E)-1, -6; | RIP | May 7, 2021 and December 15, 2021 |
| | | 6 | (b)(6)-1, -4; (b)(7)(C)-1, -4; and (b)(7)(E)-1, -6; | RIP | |
| | | 7 | (b)(6)-1, -4; (b)(7)(C)-1, -4; and (b)(7)(E)-1, -6; | RIP | |
| | | 8 | (b)(6)-4; (b)(7)(C)-4; and (b)(7)(E)-6; | RIP | |
| | | 9 | (b)(6)-4; (b)(7)(C)-4; and (b)(7)(E)-6; | RIP | |
| 29 | 0.7.5411.18476 | 1 | (b)(6)-1, -3; (b)(7)(C)-1, -3; and (b)(7)(E)-1, -6; | WIF | |
| | | 2 | (b)(6)-1, -3; (b)(7)(C)-1, -3; and (b)(7)(E)-1, -6; | WIF | May 7, 2021 |
| | | 3 | (b)(6)-3; (b)(7)(C)-3; and (b)(7)(E)-6; | WIF | |
| 30 | 20-cv-0447-00009 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 31 | 20-cv-0447-00010 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 32 | 20-cv-0447-00011 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 33 | 20-cv-0447-00012 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 34 | 20-cv-0447-00013 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 35 | 20-cv-0447-00014 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 36 | 20-cv-0447-00015 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 37 | 20-cv-0447-00030 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 38 | 20-cv-0447-00031 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 39 | 20-cv-0447-00032 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 40 | 20-cv-0447-00033 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 41 | 20-cv-0447-00034 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 42 | 20-cv-0447-00035 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 43 | 20-cv-0447-00036 | 1 | (b)(6)-2; (b)(7)(C)-2; | RIP | December 15, 2021 |
| 44 | 20-cv-0447-00227 | 1 | (b)(6)-2; (b)(7)(C)-2; (b)(7)(E)-1; | RIP | December 15, 2021 |
| 45 | 20-cv-0447-00794 | 1 | (b)(6)-2; (b)(7)(C)-2; (b)(7)(E)-1; | RIP | December 15, 2021 |