IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>                *Plaintiff,*<br><br>    v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION AND<br>UNITED STATES DEPARTMENT<br>OF JUSTICE,<br><br>                *Defendants*. | Civil Action No. 4:20CV447<br><br>Judge Amos Mazzant |

**DECLARATION OF THEODORE B. SMITH**

I, Theodore B. Smith, declare as follows:

1.  I am an Attorney-Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"), having previously served in other capacities within the EOUSA, with the Office of the Pardon Attorney of

1

the DOJ, and for 22 years as an Assistant U.S. Attorney ("AUSA") and Appellate Chief for the Middle District of Pennsylvania.  From December 11, 2017 to the present, I have been serving a detail to EOUSA's Freedom of Information Act ("FOIA")/Privacy Act Staff, which is the component within EOUSA designated to administer both the FOIA, 5 U.S.C. § 552, as amended by the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524; and the Privacy Act of 1974, 5 U.S.C. § 552a.  In that position, I have several responsibilities, including acting as a liaison with other divisions and offices of the DOJ in responding to requests or litigation under the FOIA or Privacy Act; reviewing FOIA and Privacy Act requests for access to records and case files located in this office and 93 United States Attorney's offices ("USAOs") throughout the country; reviewing correspondence related to FOIA and Privacy Act requests; reviewing searches conducted in response to FOIA and Privacy Act access requests; identifying the location of records responsive to FOIA and Privacy Act requests; and preparing the EOUSA's responses to FOIA and Privacy Act requests to ensure that determinations to withhold or release responsive records are in accordance with the FOIA, the Privacy Act, and DOJ regulations and policies.  *See* 28 C.F.R. §§ 16.3 et seq. and §§ 16.40 et seq.

  2. The FOIA/Privacy Act Staff processes and reviews both FOIA and Privacy Act requests and referrals, responds to consultation requests relating to FOIA or Privacy Act requests received by other federal agencies, responds to administrative appeals, and acts as agency counsel in lawsuits challenging its determinations.  As an Attorney-Advisor on the FOIA/Privacy Act Staff, I have access to EOUSA's files, and I have authority to

2

release or withhold records requested under the FOIA and Privacy Act. I also have authority to explain the rationale for EOUSA's disclosure determinations.

3. Due to the nature of my official duties, I am familiar with the procedures the EOUSA follows in responding to FOIA requests generally, with the intake procedures the EOUSA follows upon receipt of a FOIA request, with the procedures the EOUSA follows in keeping records of FOIA requests and tracking such requests, and with the case management systems EOUSA maintains for those purposes. The statements I make hereinafter are based on my review of the official files and records of the EOUSA, my own personal knowledge, information I acquired through the performance of my official duties, and information provided directly to me by other attorney-advisors as well as support staff employed by the FOIA/Privacy Act Staff.

**The Submission and Processing of Consultation Request No. EOUSA-2021-000037**

4. On March 16, 2021, the FOIA/Privacy Act Staff received, via e-mail through its case management system, a request from the Federal Bureau of Investigation ("FBI") for a consultation regarding three pages of FBI FD-302 reports in which it believed the United States Attorney's Office for the District of Columbia would have an interest, and two pages of records originating in that same office. The consultation request pertained to a FOIA request submitted by plaintiff Brian Huddleston to the FBI, bore the

3

docket number of the present lawsuit, "2020-cv-447," and included a request for expedited handling that sought a response no later than March 24, 2021.

5. The FBI's consultation request was assigned Request No. EOUSA-2021-000037 and assigned to me to process and submit a response.

6. The five pages of records as to which the FBI sought a consultation bore Bates stamp numbers FBI(20-cv-447)-44 through -46 and FBI(20-cv-447)-59 through -60 (hereinafter "pages 44 through 46 and 59 through 60"). I have been advised that in the course of the present litigation the Bates stamp page numbers have been changed, such that pages 44 through 46 now bear Bates stamp page numbers 405 through 407 and pages 59 through 60 now bear Bates stamp page numbers 420 through 421 (hereinafter "pages 405 through 407 and 420 through 421).

7. Pages 405 through 407 comprised the three pages of FBI FD-302 reports, while pages 420 through 421 comprised the two pages of United States Attorney's Office records. Pages 405 through 407 already bore numerous redactions of text made by the FBI, marked with pink translucent fill, with citations to FOIA exemptions in the margins. Pages 420 through 421 were "clean," meaning they contained no redactions or proposed redactions.

8. On March 23, 2021, I submitted, via E-mail through the FOIA/Privacy Act Staff's case management system, my response to the FBI's request for a consultation,

consisting of the five pages as received by me, to which I had made proposed redactions in addition to those made by the FBI.

## The EOUSA's Claims of Exemption

9. On page 405, the first page of the five pages of records submitted to me, I proposed one redaction in addition to those the FBI had already made. That proposed redaction was to the first and second lines of the fifth paragraph of typed text on the page, consisting of six words that identified, by relationship, one living individual third party and an unknown number of other living individual third parties. To my knowledge, none of those individuals has consented to the release, to the plaintiff or any other person or entity, of his or her identity as someone appearing in an FBI FD-302 report. I believe that the disclosure of those individuals' identities to the plaintiff or other persons would subject the individuals to unwelcome contacts from such persons or members of the press and to possible harassment. For that reason, I believe their identities as recorded on page 405 are part of a record compiled for law enforcement purposes whose disclosure to the plaintiff could reasonably be expected to constitute an unwarranted invasion of personal privacy, and whose disclosure further would constitute a clearly unwarranted invasion of personal privacy, and therefore are exempt pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C).

10. I did not recommend any further redactions to the three pages of FBI FD-302 reports representing pages 405 through 407 of the material submitted to me for consultation.

11. Pages 420 and 421 of the material submitted to me for consultation consist of a Memorandum to File prepared by an AUSA in the USAO for the District of Columbia.

Immediately following the title "Memorandum" there appears a footnote that reads as follows:

> All information contained in this memorandum was prepared in aid of litigation. This memorandum consists of the thoughts and impressions of [exempt pursuant to 5 U.S.C. §552(b)(3)] assigned to this case, and no part of this memorandum was reviewed by or adopted by any witness in this case.  The contents herein are intended solely for use by the United States Attorney's Office for the District of Columbia.

That Memorandum to File consists entirely of the thoughts and impressions of the AUSA author regarding matters relating to the memorandum's subject, recorded in anticipation of possible litigation regarding that subject.

12. Pages 420 through 421 therefore constitute an intra-agency memorandum written by an attorney in the course of representing the United States in anticipation of litigation, whose disclosure would reveal the innermost thoughts and impressions of that attorney regarding the character and strength of certain evidence, the significance or lack of significance of certain facts, and the probability or improbability of success of certain contemplated strategies.  Accordingly, they are subject to the attorney-work-product privilege and are exempt from disclosure pursuant to 5 U.S.C. §552(b)(5).

13. Pages 420 through 421 also constitute a predecisional intra-agency memorandum making recommendations or expressing opinions representing a direct part of the deliberative process surrounding the subject of the memorandum, and therefore are subject to the deliberative process privilege and are exempt from disclosure pursuant to 5 U.S.C. §552(b)(5).

14. Pages 420 through 421 also constitute an intra-agency memorandum containing confidential communications between and attorney representing the United States and that attorney's client relating to a legal matter for which the client has sought professional advice, containing facts provided by that client, and containing communications among attorneys that reflect client-supplied information. Accordingly, they are subject to the attorney-client privilege and are exempt from disclosure pursuant to 5 U.S.C. §552(b)(5).

15. Material privileged under the attorney-work-product, deliberative process, or attorney-client privileges appears pervasively throughout the entire Memorandum to File constituting pages 420 and 421 and in every line of that document. Therefore, it is not possible to segregate privileged material from any unprivileged material that might happen to appear therein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this  10th  day of  December , 2021.

*[signature]*

THEODORE B. SMITH
Attorney-Advisor, FOIA/Privacy Act Staff
Executive Office for U.S. Attorneys
United States Department of Justice

7