# Exhibit 2

## RE: [EXTERNAL] 4:20-447 (Huddleston)

From: Parker, Andrea (USATXE) (andrea.parker@usdoj.gov)

To: tyclevenger@yahoo.com

Date: Monday, January 10, 2022, 08:26 AM EST

Since we are already in the midst of the briefing stage in this case, I think it's more appropriate for you to raise these issues in your response.

**From:** Ty Clevenger <tyclevenger@yahoo.com>
**Sent:** Saturday, January 8, 2022 8:44 AM
**To:** Parker, Andrea (USATXE) <AParker@usa.doj.gov>
**Subject:** Re: [EXTERNAL] 4:20-447 (Huddleston)

Andrea,

I would like to make an additional point concerning the Data Intercept Technology Unit ("DITU"), namely that it is not a law enforcement database as Mr. Seidel seems to suggest in his sworn declaration. True enough, some agencies have used DITU for law enforcement purposes, but the FBI / NSA database is supposed to be used only for national security purposes. *See* John Shiffman and Kristina Cooke, "Exclusive: U.S. directs agents to cover up program used to investigate Americans," August 5, 2013 Reuters,

https://www.reuters.com/article/us-dea-sod/exclusive-u-s-directs-agents-to-cover-up-program-used-to-investigate-americans-idUSBRE97409R20130805. If Mr. Seidel was indeed describing DITU in his declaration, then the phrase "sensitive investigative database used for official law enforcement purposes" is quite misleading.

I should also note that federal judges already have exposed the FBI's misuse of the FBI / NSA database. See, e.g.,https://www.fisc.uscourts.gov/sites/default/files/Misc%2019%2002%20Corrected%20Opinion%20and%20Order%20JEB%20200305.pdf and https://www.dni.gov/files/documents/icotr/51117/2016_Cert_FISC_Memo_Opin_Order_Apr_2017.pdf. It now appears that the FBI is continuing to misuse a national security database for domestic law enforcement purposes, and Mr. Seidel wants to conceal that fact by asserting a (b)(7)(E)-3 exemption.

I am intrigued by the possibility that such misuse is ongoing, and my client may soon submit a new FOIA to explore the matter further. But that is beside the point. Even if the existence of DITU and the FBI / NSA database was not yet public, the FBI could readily search the relevant databases without disclosing their nature and existence. If relevant records were found, the FBI could disclose them (with whatever redactions it deems necessary) without elaborating on their source. For that reason, the FBI

should search the database described in Paragraphs 163-167 of Mr. Seidel's affidavit. If the FBI wants to conceal how it got the information, then it may do so.

Ty

On Wednesday, January 5, 2022, 02:43:35 PM EST, Parker, Andrea (USATXE) <andrea.parker@usdoj.gov> wrote:

I have forwarded your response to agency counsel.

**From:** Ty Clevenger <tyclevenger@yahoo.com>
**Sent:** Wednesday, January 5, 2022 1:38 PM
**To:** Parker, Andrea (USATXE) <AParker@usa.doj.gov>
**Subject:** Re: [EXTERNAL] 4:20-447 (Huddleston)

Andrea,

My frustration is not directed toward you in any way, but I am stunned by the FBI's latest admissions. I'll begin with the admission that the FBI failed to search the Operational Technology Division ("OTD"). Paragraph 8 of Michael Seidel's affidavit acknowledges that my client's FOIA request <u>specifically</u> covered the "Computer Analysis Response Team ('CART'), <u>and any other 'cyber' unit within the FBI</u>."

According to publicly-available sources, *e.g.*, the FBI's own website, CART is a part of ODT. See https://archives.fbi.gov/archives/news/stories/2008/november/techexperts_110708. In fact, the LinkedIn page of John Dysart, the current chief of CART, notes that CART is part of ODT. *See* https://www.linkedin.com/in/john-dysart-20056363/. Furthermore, ODT itself is unequivocally a "'cyber' unit within the FBI." See https://www.fbi.gov/services/operational-technology.

Mr. Seidel should have come clean and admitted up front in his declaration that ODT / CART was not searched, rather than forcing me to smoke him out. Then again, this not the first time I've caught an FBI section chief being deceptive in response to a FOIA request.

In this very litigation, after long denying that it investigated anything pertaining to Seth Rich, the FBI was finally forced to admit that it took possession of his personal and work laptops.  ODT would have been responsible for examining those laptops. We know this because, for example, ODT was responsible for examining the laptop of disgraced former Congressman Anthony Weiner when it was referred to the FBI by the New York Police Department. See p. 388 of the DOJ inspector general report on the investigation of Hillary Clinton's emails

(https://www.scribd.com/document/381806566/IG-Report-on-FBI-and-DOJ-Handling-of-Clinton-Investigation).

I would further direct your attention to the deposition testimony of Pulitzer Prize-winning journalist Sy Hersh, wherein he testified that a source inside the government told him that the FBI had examined Seth Rich's laptop. A link to that transcript can be found on my blog at https://lawflog.com/?p=2433. Obviously, our targeted FOIA request about CART was not based on a blind hunch.

Even if the FBI did not examine Seth Rich's laptops, that would be very important information in and of itself. In Special Counsel Robert Mueller's report on his investigation, he claimed there was no evidence that Seth Rich was involved in sharing Democratic National Committee emails with Wikileaks. We know from the records already produced that the FBI conducted that investigation at Mr. Mueller's direction. If the FBI took custody of Mr. Rich's laptops but never examined those laptops, then that would call into question the integrity of the investigation conducted by Mr. Mueller and the FBI.

The FBI's next admission is an implicit one. In its response to my email to you, the FBI completely ignored my inquiry about the Data Intercept Technology Unit ("DITU"). After reviewing Mr. Seidel's declaration, it is now clear why. Beginning on p. 79, in Paragraphs 163-167, Mr. Seidel references a "sensitive investigative database" that the FBI cannot so much as acknowledge.

The existence of the DITU is not a secret, and it certainly is not classified. *See, e.g.*, Thomas Brewster, "Revealed: Two Secret Cogs In The FBI National Surveillance Machine," February 21, 2018 *Forbes*, https://www.forbes.com/sites/thomasbrewster/2018/02/21/fbi-hidden-hacking-groups-revealed/?sh=4e1a8c51330f; and Shane Harris, "Meet the Spies Doing the NSA's Dirty Work," November 21, 2013 *Foreign Policy*, https://foreignpolicy.com/2013/11/21/meet-the-spies-doing-the-nsas-dirty-work/. Furthermore, an email previously released by the FBI in response to a FOIA request plainly references DITU (because it was sent by the acting unit chief of DITU). *See* https://www.eff.org/files/fbi_cipav-08-p9.pdf. In short, there is no legitimate basis for trying to shield DITU.

As noted above, Mr. Mueller claimed there was no evidence that Mr. Rich transmitted emails to Wikileaks. According to the publicly-available sources cited above, DITU is the entity responsible for electronic data intercepts, therefore its database would be the place to search for communications between Mr. Rich and an overseas entity such as Wikileaks. If the FBI and Mr. Mueller failed to search DITU, that fact alone is something that the public deserves to know, because it would show that the investigation was a sham.

Finally, I will address the FBI's claim that Aaron Rich's identity is subject to privacy protections. Aaron Rich has spoken very publicly about the matters pertaining to my client's FOIA request. *See, e.g.,* Michael Isikioff, "'It is indescribable': How a harassment campaign overwhelmed Seth Rich's friends and family," August 6, 2019 *Yahoo!News*, https://www.yahoo.com/now/it-is-indescribable-how-a-harassment-campaign-overwhelmed-seth-richs-friends-and-family-100000936.html. An Asst. U.S. Attorney testified that she obtained at least one of Seth Rich's laptops from Aaron Rich. A transcript of her testimony is posted on my blog. *See* March 20, 2020 Deposition of Deborah Sines, https://lawflog.com/wp-content/uploads/2020/04/2020.03.20-Deborah-Sines-deposition-transcript.pdf. Finally, Aaron Rich sued one of my client's in federal court, alleging that he was defamed because my client alleged that he played a role in leaking DNC emails to Wikileaks. *See Rich v. Butowsky et al*, Case No. 18-cv-00681-RJL (D.D.C.). Under the circumstances, Aaron Rich has no privacy interest to protect.

My client is trying to determine whether Mr. Mueller and the FBI whitewashed a murder for the sake of a partisan political agenda. Thus far, the FBI has bent itself over backwards to hide information about Seth Rich, with senior FBI personnel trying to deceive U.S. district courts in Texas and New York. The longer this chicanery continues, the greater the evidence that the FBI is indeed whitewashing a murder for the sake of politics.

Ty

On Tuesday, January 4, 2022, 01:51:58 PM CST, Parker, Andrea (USATXE) <andrea.parker@usdoj.gov> wrote:

Yes, as to your first question, FBI's response is as follows:

"FBI found no leads to indicate that records responsive to Plaintiff's requests concerning subject, Seth Rich, would likely exist in OTD and DITU. Accordingly, if Plaintiff is able to provide a more concrete lead to show that records likely exist in either OTD and/or DITU relating to Seth Rich, we would consider conducting a search of those locations. However, at this time such a search of these locations for records relating to Seth Rich is not warranted without a concrete lead indicating that records would likely exist within OTD and DITU. Concerning Aaron Rich, the requester does not have a signed privacy waiver for Aaron Rich, so the FBI's prior 6/7C response remains intact and no search would be conducted concerning him in either of these locations."

Remind me what the issue is with CRM and judicial records?

**From:** Ty Clevenger <tyclevenger@yahoo.com>
**Sent:** Tuesday, January 4, 2022 1:02 PM
**To:** Parker, Andrea (USATXE) <AParker@usa.doj.gov>
**Subject:** Re: [EXTERNAL] 4:20-447 (Huddleston)

Did you hear back from the FBI about this? Or from CRM about the judicial records?

On Monday, December 27, 2021, 10:19:24 AM CST, Parker, Andrea (USATXE) <andrea.parker@usdoj.gov> wrote:

I'll check and let you know. I'm not sure how much response I will get this week.

Andrea

**From:** Ty Clevenger <tyclevenger@yahoo.com>
**Sent:** Monday, December 27, 2021 10:06 AM
**To:** Parker, Andrea (USATXE) <AParker@usa.doj.gov>
**Subject:** [EXTERNAL] 4:20-447 (Huddleston)

Andrea,

I recently became aware of two FBI units in Quantico that may have information pertaining to Seth Rich and/or Aaron Rich: the Operational Technology Division (OTD) and the Data Intercept Technology Unit (DITU). As I understand it, the Vaughn index indicates only that only FBI headquarters and the Washington Field Office were searched.

Would you ask the FBI to clarify whether OTD and DITU were searched? And if not, would the FBI be willing to search OTD and DITU? Thank you.

Ty