IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**, <br><br> Plaintiff, <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendant | Case No. 4:20-cv-447-ALM |

# ORDER

The Defendants' Motion for Summary Judgment (Doc. No. 37) and the Plaintiff's opposition and cross-motion for summary judgment (Doc. No. ___) are now before the Court. The Defendants' Motion is DENIED. The Plaintiff's cross-motion is GRANTED, and the Defendants are ordered to produce to the Court unredacted copies of all responsive records and items for in camera review. With the exception of records that may be subject to a national security exemption, Plaintiff's Counsel shall be permitted to review all responsive records provided that he keeps them secure and does not share them with any other person or entity. If the Plaintiff wishes to retain counsel with the necessary security clearances to view classified materials, then he shall provide the name of such attorney within 30 days of this Order for the Court's approval.

The Court further orders the Defendant Federal Bureau of Investigation ("FBI") to do the following:

(1) Search the email accounts and text message accounts of every FBI employee named in the documents that the FBI has produced thus far;

(2) Search the email accounts and text message accounts of every person in the chain of command of the individuals described in Paragraph (1);

(3) Provide a copy of the Plaintiff's FOIA requests to every SCO and FBI employee named in Paragraphs (1) and (2), directing each such employee to declare that he or she either (a) has or has not privately sent, received, or stored communications or records responsive to the Plaintiff's FOIA requests; (b) has or has not made such communications or records available for production to the Plaintiff; and (c) is or is not aware of other individuals who used private means to send, receive, or store responsive communications or records. If the answer to subsection (c) is in the affirmative, then the names of such individuals should be identified by the declarant;

(4) Name all databases and records systems that are (a) under the ownership, operation, or control of the FBI, but (b) not automatically included in the FBI's search indices;

(5) Search the Operational Technology Division, Computer Analysis Response Team, Data Intercept Technology Unit, and all other information technology components of the FBI for responsive records, then process any responsive records for production and/or in camera review;

(6) Search the computers and discs identified in Michael G. Seidel's declaration for responsive records (including metadata), then process any responsive records for production and/or in camera review;

(7) Search the database identified in Paragraphs 163-167 of Mr. Seidel's declaration for responsive records, the process any responsive records for production and/or in camera review;

(8) Respond individually to each request listed in Paragraph 8 of Mr. Seidel's declaration, indicating the search terms and methodologies employed as well as the offices, devices, and accounts searched; and

(9) For each document redacted or withheld, identify the request(s) in Paragraph 8 of Mr. Seidel's declaration to which it corresponds.

The Court schedules an evidentiary hearing for _____ at _____ a.m. for the purpose of taking the testimony of Michael G. Seidel.