IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, § § Plaintiff, § § § CIVIL ACTION No. 4:20CV447 v. § § FEDERAL BUREAU OF § INVESTIGATION and UNITED § JUDGE AMOS MAZZANT STATES DEPARTMENT OF JUSTICE, § § Defendants. § | |

## JOINT STATUS REPORT REGARDING NEW SEARCHES AND PROPOSED PRODUCTION AND BRIEFING SCHEDULE

Defendant Federal Bureau of Investigation ("FBI") and Plaintiff Brian Huddleston file this status report to update the Court on the status of the new FBI searches and to each propose a new production and briefing schedule.

### FBI's Status Report and Proposed Production/Briefing Schedule

The FBI has completed one of the searches and has located approximately 205 additional pages of potentially responsive documents to be processed. The second search is ongoing but should be complete within the next few days. The purpose of these additional searches, as previously explained, is to satisfy some of Plaintiff's concerns regarding the adequacy of the FBI's search, as raised in Plaintiff's Response to Defendants' Motion for Summary Judgment. To the extent that some of the pending issues before the Court can be resolved through these additional searches, it obviously narrows the issues pending before the Court and eases the briefing burdens on the parties. The additional searches were not

meant to satisfy all of Plaintiff's concerns – there remain issues that the FBI believes can adequately be addressed in the briefing. The FBI's agreement to conduct additional searches in response to Plaintiff's concerns is a common practice in FOIA litigation, and in fact, is exactly what Plaintiff has requested. By conducting the additional searches now, instead of waiting for the completion of briefing and consideration by the Court, the case is actually accelerated. To the extent that Plaintiff argues that briefing should resume immediately before processing of the new records is complete, that would require additional briefing, as opposed to allowing all issues to be fully briefed together, after the additional documents are processed. Similarly, it would be much more efficient for the Court to order in camera review of any documents, should the Court deem it necessary, when all processing and briefing is complete, as is the standard procedure in FOIA litigation.

Given the nature of the records located in the additional searches, the FBI will likely need to examine the potentially responsive records for national security implications and/or other sensitivities and may need to correspond with any private sector companies who may wish to protect their information pursuant to FOIA Exemption 4. Furthermore, some of the records being processed for this litigation overlap with records being processed for a separate litigation, and those records are slated to be released in the other litigation on May 23, 2022, per the Court-ordered processing schedule in that case. (Transparency Project v. FBI, 4:20-CV-467, E.D.Tx.) To allow for thorough, efficient reviews and deconfliction of this processing, an equitable priority of release to both parties, and the other considerations

explained above, the FBI proposes to complete the processing of the located records on or before May 23, 2022.

In light of these considerations, the FBI proposes the following production and briefing schedule:

| | |
|---|---|
| May 23, 2022 | Production of all documents located in the new searches, subject to appropriate FOIA exemptions and withholdings |
| June 6, 2022 | Plaintiff to identify adequacy of search issues remaining to be briefed |
| June 27, 2022 | Defendants' Reply Brief Deadline |
| July 18, 2022 | Plaintiff's Sur-Reply Deadline |

### Plaintiff's Proposed Production and Briefing Schedule

As a matter of courtesy, the Plaintiff agreed to a short stay of the briefing schedule, but there is no need for further delay. The FBI has been stalling and obfuscating since at least 2018, when the FBI originally denied having any records whatsoever about Seth Rich. See Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment (Doc. No. 46)("Cross Motion") 5, citing the record. Four years and hundreds of belatedly-produced documents later, and faced with the Plaintiff's damning cross-motion for summary judgment, the FBI appears to be engaged in a "modified limited hangout," i.e., the FBI gradually dribbles out limited amounts of additional information in order to buy more time and distract from the larger picture. See, e.g., Timothy Noah, "Malek's Fake Penitence: Reporters fall for Fred Malek's modified

limited hangout," June 5, 2010 Slate, https://slate.com/news-and-politics/2010/06/reporters-fall-for-fred-malek-s-modified-limited-hangout.html.

In its production thus far, the FBI has fully withheld more than 85 percent of responsive documents, plus at least one computer disk, while heavily redacting the documents that it produced. See Motion for In Camera Review (Doc. No. 28) 1. For that reason, the Plaintiff sought in camera review of all responsive documents. Id. and Cross-Motion. The issue is ripe for determination, and the FBI has not explained why its belated discovery of a relatively small number of additional documents should prevent in camera review of the documents already before the Court. Furthermore, the FBI has refused to search its email and text messaging systems, and it has refused to explain why it is unwilling to search emails and text messages. Cross-Motion 8. Finally, the FBI has refused to produce the computer disk that it withheld, and it has failed to explain why. There is no reason for the Court to wait an additional three months before reaching those issues (or any of the other outstanding issues).

The FBI's proposed schedule gives the Plaintiff until June 6, 2022, for example, to "identify adequacy of search issues remaining to be briefed." There is no need to wait, however, because the Plaintiff can do that right here and right now. The FBI belatedly agreed to search the Counterintelligence Division and the Operational Technology Division. Every other issue in the Cross-Motion still needs to be addressed by the Defendants. And based on what has happened thus far, it is a certainty that the new documents found by the FBI will need to be reviewed in camera. Accordingly, the

production of a small amount of additional documents should not delay this case any further.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY


*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin St. Suite 1250
Beaumont, Texas 77701-2237
Tel: (409) 839-2538
Fax: (409) 839-2550
Email: andrea.parker@usdoj.gov

*/s/ Ty Clevenger (with permission)*
TY CLEVENGER
Attorney at Law
P.O. Box 20753
Brooklyn, NY 11202-0753
Tel: (979) 985-5289
Fax: (979) 530-9523
Email: tyclevenger@yahoo.com