IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**, <br><br> Plaintiff, <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendant | Case No. 4:20-cv-447-ALM |

## MOTION FOR INTERIM PAYMENT OF COSTS AND ATTORNEY FEES

NOW COMES Brian Huddleston, the Plaintiff, moving the Court to award him costs and attorney fees for the reasons set forth below:

Although no courts in the Fifth Circuit court have addressed the issue, courts in other circuits have long held that attorney fees may be awarded on an interim basis in FOIA litigation. *See Rosenfeld v. United States,* 859 F.2d 717, 721 (9th Cir. 1988) and *Washington Post v. U.S. Dep't of Def.*, 789 F. Supp. 423, 424 (D.D.C. 1992). In order to obtain such fees, requestors must show that they have substantially prevailed as of the time of the fee request. "A complainant is deemed to have substantially prevailed if [she] obtained relief through either 'a judicial order ...' or 'a voluntary or unilateral change in position by the agency if the complainant's claim is not insubstantial.' " *Fleming v. Medicare Freedom of Info. Group*, 310 F. Supp. 3d 50, 53 (D.D.C. 2018), quoting *Hussain v. U.S. Dep't of Homeland Sec.*, 674 F.Supp.2d 260, 272 (D.D.C. 2009). Mr. Huddleston incorporates by reference Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment

(hereinafter "Cross-Motion")(Doc. No. 46), his Motion for In Camera Review (Doc. No. 28), and Plaintiff's Response in Opposition to Motion for Stay (Doc. No. 11). As set forth in those documents, the Government originally claimed that it had no responsive records, but it has since been forced to identify and/or release hundreds of pages of relevant records. In response to the Cross-Motion alone, the FBI agreed to conduct two additional searches, *see* Defendant's Unopposed Motion to Stay Briefing Schedule (Doc. No. 48), and on March 31, 2022 the FBI reported that it found an additional 205 pages. *See* Joint Status Report Regarding New Searches and Proposed Production and Briefing Schedule (Doc. No. 50). Furthermore, the FBI has been forced to acknowledge that it possesses two laptops and two computer disks with information pertaining to Seth Rich. *See* Defendants' Response to Plaintiff's Sur-Reply in Opposition to Motion to Stay (Doc. No. 15)(personal laptop) and FBI records production (Doc. No. 46-1) 121 (Bates-numbered page 691)(work laptop) and Fourth Declaration of Michael G. Seidel (Doc. No. 37-1) ¶¶16 and 18 (computer disks). We don't yet know how many records are on the laptops / disks because the FBI apparently has not searched them, but given the FBI's previous denials, the mere acknowledgement of those laptops and disks is a victory.

None of the foregoing information would be known but for the fact that the Plaintiff filed this lawsuit. Accordingly, Mr. Huddleston already has "substantially prevailed" as of this date insofar as there was "a voluntary or unilateral change in position" by the FBI in response to the Plaintiff's lawsuit. Furthermore, Mr. Huddleston's FOIA request – and the documents already produced – pertain to matters of significant public interest. *See, e.g.*, Eric Mack, "Lawyer: FBI's Seth Rich Docs Show Robbery Narrative 'Falling Apart'," April 25, 2021 *NewsMax*, https://www.newsmax.com/us/sethrich-investigation-death-fbi/2021/04/25/id/1018922/. In fact, the FBI itself has acknowledged that Mr. Huddleston's request pertains to matters of public

- 3 -

interest because it posted the documents on Vault, which is the site where it posts documents of public interest. *See* https://vault.fbi.gov/seth-rich.

Another consideration for purposes of an interim fee request is the amount of fees and costs accrued as of the date of that request. "For an interim award of attorney's fees it is enough that the fee is high relative to the party's or its counsel's ability to continue financing the litigation." *Nat'l Ass'n of Criminal Def. Lawyers, Inc. v. U.S. Dep't of Justice*, 182 F.3d 981, 986 (D.C. Cir. 1999). In this case, the Plaintiff has accrued $55,331.65 in attorney fees and costs. *See* Declaration of Ty Clevenger (Exhibit 1) and Invoice of Ty Clevenger (Exhibit 2). Plaintiff's Counsel has assumed full responsibility for the cost of this litigation, it has caused significant hardship to him, and this litigation is unlikely to end any time soon. *See* Declaration of Ty Clevenger. The attached invoice from Plaintiff's Counsel reflects a billing rate of $500 per hour, which is exactly what Plaintiff's Counsel charges two other paying (*i.e.*, non-contingency) clients in their respective FOIA cases. *Id*. That is the same hourly rate that Plaintiff's Counsel charges his non-contingency clients for FOIA litigation. *Id*.

## Conclusion

The Plaintiff's lawsuit forced the FBI to produce records that it previously withheld in bad faith, and the records produced are of acute public interest. The Plaintiff avers that the Court should order the Government to pay $55,331.65 in costs and attorney fees.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

## Certificate of Conference

On April 25, 2022, I conferred with Asst. U.S. Attorney Andrea Parker via email and telephone, and she indicated that the Defendants will oppose this motion.

**/s/ Ty Clevenger**
Ty Clevenger

## Certificate of Service

On April 25, 2022, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger