IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN HUDDLESTON, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION No. 4:20CV447 |
| FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE | § § § § | JUDGE AMOS MAZZANT |
| Defendants. | § § § | |

## SECOND DECLARATION OF VANESSA R. BRINKMANN

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1. I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (DOJ or "the Department"). In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests subject to litigation processed by the Initial Request Staff (IR Staff) of OIP — a role I have served in some form since 2008. Prior to becoming Senior Counsel, I served as Counsel to the IR Staff, as an Attorney-Advisor and, from 2003-2008, as a Government Information Specialist (formerly FOIA Specialist) on the IR Staff. The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership offices of the DOJ, specifically the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO). Additionally, the IR Staff is responsible for processing FOIA requests seeking records from within Special Counsel Robert S. Mueller, III's Office (SCO).

1

2. The IR Staff devises appropriate records searches for each FOIA request it processes on behalf of itself and the Department's senior leadership offices and SCO, and determines whether records are appropriate for release in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the Department's senior leadership offices and, when appropriate, with other components within the DOJ, as well as with others in the Executive Branch.

3. I make the statements herein on the basis of personal knowledge, including my extensive experience with the FOIA, with OIP, and in handling FOIA requests for senior leadership office and SCO records, as well as on information acquired by me in the course of performing my official duties, including information provided to me by others within the Department with knowledge of the types of records at issue in this case.

4. My first declaration in this case, *see* Decl. of Vanessa R. Brinkmann (hereinafter "First Brinkmann Declaration"), ECF No. 39-2, recounts the administrative history of Plaintiff's FOIA request and provides comprehensive details regarding OIP's previous searches conducted in response to this request. Accordingly, that information will not be fully recounted here.

5. This declaration will address OIP's consideration of text messages, code names, and, generally, other allegations made by Plaintiff in his opposition and cross motion. *See* ECF No. 46.

## I. Text Messages

6. As discussed within the First Brinkmann Declaration (sections IV.A and IV.D), OIP engages in a dynamic search process, continually evaluates whether leads exist to warrant further searching, and indeed did identify and follow leads to conduct additional searches prior to issuing a final response. OIP has no indication that any text messages responsive to Plaintiff's

request exist that would not have been captured within OIP's searches, and OIP identified no leads that would suggest that any such text messages exist.

7. Now and during the time period when SCO existed, Department employees, including SCO employees, are required to adhere to the Federal Records Act, as amended in 2014, and DOJ Policy Statement 0801.04, which established DOJ policy with regard to email and other types of electronic messaging (including text messages). DOJ Policy Statement 0801.04 (September 21, 2016)[1] stated that "[i]t is the policy of the Department to manage the use, maintenance, retention, preservation, and disposition of records created, captured, or shared using email or other electronic messaging while conducting departmental business, in accordance with federal recordkeeping statutory and regulatory requirements." This DOJ policy provided that text messages may be used by employees for conversational communications that are typically logistical or administrative in purpose, and further requires that any electronic messages that relate to official business must be fully captured in an official DOJ recordkeeping system. OIP's search encompassed formal recordkeeping systems containing SCO's files, which would have included any text messages of these officials which were retained consistent with DOJ policy.

8. On March 22, 2019, Congress was notified that Special Counsel Mueller had concluded his investigation and had submitted his report. With the conclusion of that process, the SCO was closed. As part of the process for closing SCO, recordkeeping staff collected the phones of SCO officials and took steps to ensure that records were captured in accordance with the policies described in the preceding paragraph.

---

[1] DOJ Policy Statement 0801.04 has since been updated (December 11, 2019), but the relevant requirements cited above remain the same.

9. In light of the facts that Department policy directs that text messages used for official business are incorporated into official recordkeeping systems; that there is no indication that SCO officials did not follow this policy; and that additional steps were taken to ensure that SCO officials were aware of this policy; I conclude that OIP's searches of SCO officials' files would be reasonably expected to have captured any text messages documenting official SCO business.

## II. Code Names

10. For the reasons set forth in the FBI's Fourth Declaration of Michael G. Seidel, *see* ECF No. 39-1, beginning in paragraph 39, the Department cannot confirm nor deny whether the FBI or SCO ever assigned Seth Rich a codename. Without confirming or denying whether a code name was assigned to Seth Rich, as a general practice, to the extent OIP becomes aware of identifying information pertaining to a request subject, OIP will incorporate that information into its searches, as appropriate. Indeed, as described within the First Brinkmann Declaration (section IV.D), OIP identified a lead in the form of personally identifiable information pertaining to Seth Rich, and OIP conducted supplemental searches using that information.

## III. Other Allegations Made by Plaintiff

11. OIP carefully considered other allegations made in Plaintiff's response and cross motion. *See* ECF No. 46. The remaining allegations made by Plaintiff pertained to the FBI's searches, rather than OIP's searches. Accordingly, it is my understanding that Plaintiff does not challenge the adequacy of OIP's search beyond the questions addressed herein.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Vanessa R. Brinkmann

Executed this 29th day of April 2022.

4