IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV447<br><br>JUDGE AMOS MAZZANT |

**DEFENDANT FBI'S MOTION FOR LEAVE TO SUBMIT EXHIBIT *IN CAMERA*** 

Defendant Federal Bureau of Investigation ("FBI") moves for this Court for leave to file an exhibit *in camera*, and states the following in support:

As explained in the Fourth Declaration of Michael G. Seidel, attached to Defendants' Motion for Summary Judgment, the FBI withheld a ten-page report pursuant to Exemptions 4 and 7(E). [ECF 39-1, page 47, ¶ 103]. The ten-page report itself is identified as Bates pages FBI (20-CV-447)-637 through -646 in footnote 31 of the Seidel Declaration. [Id. at FN 31]. The pages are further described on page 44 of the *Vaughn* Index attached to Seidel's Declaration, showing they are withheld pursuant to Exemptions 4 and 7(E). [Id at 199].

Grounds for this motion are as follows:

Defendant FBI has filed this date, a Combined Reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment in this Freedom of Information Act ("FOIA") case.

In support thereof, the FBI requests to submit additional information regarding the Exemption 4 justification for the ten-page document previously described. The FBI's justification for filing this exhibit *in camera* and ex parte is based on Exemption 7(E). The FBI cannot explain the Exemption 4 information on the public record without harming the Exemption 7(E) protection.

As explained in the Seidel Declaration, for purposes of Exemption 4, commercial and financial information is considered confidential when it is 1) both customarily and actually treated as private by its owner; and 2) provided to the government with an assurance of privacy. In reviewing the records at issue, the FBI located information that originated with a private commercial institution. Specifically, the FBI located a ten (10) page report, clearly marked as "COPYRIGHT PROPRIERTARY AND CONFIDENTIAL – NOT TO BE SHARED WITH THIRD PARTIES" and each page of content contains a marking that reads "Proprietary and Confidential." In order to determine whether or not this information qualified for protection pursuant to Exemption 4, on May 19, 2021, the FBI contacted the private commercial institution to establish if the information located by the FBI was customarily treated as private by the commercial institution; and whether or not they provided this information to the FBI with an assurance of privacy. The private commercial institution informed the FBI that the information located by the FBI is treated as private by the private commercial institution,

and it was shared with an expectation the FBI would not disclose this information publicly. Based on the proprietary nature of this information and the detriment to their commercial interests that public release would entail, the private commercial institution informed the FBI it would not have supplied this information originally without a belief the FBI would hold this information in confidence. As such, the FBI determined this confidential commercial information was provided to the FBI under an assurance of confidentiality and is exempt pursuant to Exemption 4. [ECF 39-1, page 47, ¶103].

As further explained in the Seidel Declaration, for purposes of Exemption 7(E), specifically Exemption Category 7(E)-6 as categorized in the processed records, the FBI withheld methods it uses to collect and analyze information it obtains for investigative purposes. The release of this information would disclose the identity of methods used in the collection and analysis of information, including how and from where the FBI collects information and the methods employed to analyze it once collected. Such disclosures would enable subjects of FBI investigations to circumvent these and similar techniques, thus diminishing their usefulness. This, in turn, would facilitate the ability of investigative subjects to accumulate information regarding the circumstances under which specific methods were used and the utility of the information obtained. Release of this type of information would enable criminals to educate themselves about the methods employed to collect and analyze information and therefore allow them to take countermeasures to circumvent the effectiveness of these methods and continue to engage in activities that violate the law. Accordingly, the FBI properly withheld this information pursuant to FOIA Exemption 7(E). [ECF 39-1, page 81, ¶171].

Because the FBI cannot explain the Exemption 4 information on the public record without harming the Exemption 7(E) protection, the FBI respectfully requests leave to submit an Exhibit A *in camera*.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

*/s Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin, Suite 1250
Beaumont, Texas 77701
Tel:   (409) 839-2538
Fax:   (409) 839-2550
Email: andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule CV-7(h), undersigned counsel hereby certifies that, I have conferred with plaintiff's counsel, and he opposes this motion.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
