IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**, <br><br> Plaintiff, <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendant | Case No. 4:20-cv-447-ALM |

### PARTIAL OBJECTION TO DEFENDANT FBI'S MOTION FOR LEAVE TO SUBMIT EXHIBIT *IN CAMERA*

NOW COMES Brian Huddleston, the Plaintiff, objecting in part to DEFENDANT FBI'S MOTION OR LEAVE TO FILE IN CAMERA ("MOTION FOR LEAVE) (Doc. No. 55):

As the Court knows, the Plaintiff seeks *in camera* review of all documents withheld or redacted by the FBI, not just a single document. *See* PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (Doc. No 46) pp. 20-21. Accordingly, the Plaintiff does not object to *in camera* review of the 10-page document described in the MOTION FOR LEAVE. The Plaintiff does, however, object to *in camera* review of the document without permitting the undersigned to view that document subject to an "attorney eyes only" protective order.

> The paramount importance of vigorous representation follows from the nature of our adversarial system of justice. This system is premised on the well-tested principle that truth—as well as fairness—is " 'best discovered by powerful statements on both sides of the question.' " Kaufman, Does the Judge Have a Right to Qualified Counsel?, 61 A.B.A.J. 569, 569 (1975) (quoting Lord Eldon); see also *Cronic,* 466 U.S., at 655, 104 S.Ct., at 2044; *Polk County v. Dodson,* 454 U.S. 312, 318–319, 102 S.Ct. 445, 449–50,

70 L.Ed.2d 509 (1981).

*Penson v. Ohio*, 488 U.S. 75, 84, 109 S. Ct. 346, 352, 102 L. Ed. 2d 300 (1988). The undersigned cannot offer "powerful statements… on the question" if he is not permitted to view the document.

If, for example, the FBI obtained copies of private communications that were exchanged on Twitter's direct messaging system, and it did so without a warrant, then the undersigned should be permitted to offer an argument for public release of the document. Such a scenario would be a matter of enormous and legitimate public interest. On April 30, 2022, for example, various media outlets reported that the FBI may have conducted as many 3.4 million searches on U.S. citizens without a warrant. *See, e.g.,* Lily Hay Newman, "Security News This Week: The FBI Conducted 3.4 Million Warrantless Searches of Americans' Data," April 30, 2022, *Wired*, https://www.wired.com/story/fbi-warrantless-searches-americans-2021-security-roundup/, citing Office of the Director of National Intelligence, "Annual Statistical Transparency Report Regarding the Intelligence Community's Use of National Security Surveillance Authorities," April 2022, https://www.dni.gov/files/CLPT/documents/2022_ASTR_for_CY2020_FINAL.pdf. In an October 18, 2018 order and another on July 12, 2019, U.S. District Judge James Boasberg found that the FBI had conducted illegal searches on thousands of U.S. citizens. *See* October 18, 2018 Memorandum Opinion and Order, https://www.intel.gov/assets/documents/702%20Documents/declassified/2018_Cert_FISC_Opin_18Oct18.pdf, and July 12, 2019 Memorandum Opinion and Order, https://www.dni.gov/files/CLPT/documents/2022_ASTR_for_CY2020_FINAL.pdf.

The undersigned is a former law enforcement officer and, obviously, an officer of the court. As such, he has no interest in compromising *legitimate* law enforcement techniques.

Likewise, he has not interest in disclosing information that is genuinely proprietary as opposed to genuinely embarrassing to the commercial institution in question. If the Court permits the undersigned to view the ten-page document subject to an "attorney eyes only" order, the undersigned will not disclose any information from the ten-page document unless he is granted permission by the Court.

## Conclusion

The undersigned should be permitted to view the ten-page document subject to an "attorney eyes only" order.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

## Certificate of Conference

On May 6, 2022, I conferred with Asst. U.S. Attorney Andrea Parker via email, and she indicated that the Defendants will oppose this motion.

**/s/ Ty Clevenger**
Ty Clevenger

## Certificate of Service

On May 6, 2022, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger