IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV447<br><br>JUDGE AMOS MAZZANT |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR INTERIM PAYMENT OF COSTS AND ATTORNEY FEES

Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") file this response in opposition to Plaintiff's Motion for Interim Payment of Costs and Attorney Fees. [ECF 52].

### INTRODUCTION

To the extent Plaintiff might eventually be eligible or entitled to any attorney fees in this case,[1] the settled rule of law is that litigants should be dissuaded from seeking interim fees in Freedom of Information Act (FOIA) litigation, and such fees "should only be granted in unusual instances of protracted litigation and financial hardship." *Allen v.*

---

[1] Defendants do not concede that Plaintiff would be eligible or entitled to any attorney fees in this case either at the present time or at any time in the future. To the extent the Court would consider granting interim attorney fees, Defendants would request additional time to address the substantive merits of Plaintiff's demand for attorney fees.

Defendants' Response to Motion for Interim Payment of Costs and Attorney Fees    1

*FBI*, 716 F.Supp. 667, 669-72 (D.D.C. 1989). There is nothing unusual or protracted about this 2020 case in which summary judgment is currently being briefed. Defendants ask the Court to deny Plaintiff's motion.

## ARGUMENT

In some cases, interim fees are available under the FOIA pursuant to 5 U.S.C.A. §552(a)(4)(E), but courts have consistently emphasized that they are disfavored in all but the most exceptional circumstances. *See Allen*, 716 F.Supp. at 669-72 (recognizing that although courts may order payment of interim fees, it should be done only in limited circumstances.) The rationale is that litigating interim fees is burdensome and inefficient, and it delays resolution of the merits. *Biberman v. FBI*, 496 F.Supp. 263, 265 (S.D.N.Y. 1980) (a final award "on one motion at the conclusion of the action would more efficiently decide the question than periodic interim decisions."); *Allen,* 716 F.Supp. 667-672 ("The Court does not suggest that interim fees should be granted in every FOIA case. To the contrary, such practice should be dissuaded."). For these reasons, the law is settled that interim fee awards should be granted "only in unusual instances of protracted litigation and financial hardship." *Allen,* 716 F.Supp at 672.

Courts consider four questions when determining the appropriateness of interim fees:

> First, the court should consider the degree of hardship which delaying a fee award until the litigation is finally concluded would work on plaintiff and his or her counsel….Second, the court should consider whether there is unreasonable delay on the government's part….Third, the court should consider the length of time the case has been pending prior to the motion, and fourth, the period of time likely to be required before the litigation is concluded.

Defendants' Response to Motion for Interim Payment of Costs and Attorney Fees     2

*Id.* at 669-72. Each factor counsels against an interim fee award here.

### A. Plaintiff's counsel has faced no unusual hardship

Plaintiff has not met the burden of demonstrating an unusual hardship that justifies interim fees. Plaintiff's counsel knowingly and voluntarily took this case on a contingency basis. His strategic decision to do so is not unusual for FOIA counsel, but for just that reason, counsel's circumstance is not exceptional. Nor is plaintiff's counsel any stranger to FOIA litigation. He currently has six FOIA lawsuits pending in the Eastern District of Texas alone. Finally, plaintiff's counsel provides no evidence or explanation of an unusual hardship. He provides only a conclusory and self-serving statement in his affidavit that "[t]he unpaid costs and fees have caused a significant financial hardship to me and to my family because I have been working on this case for almost two years without payment or reimbursement." [ECF 52-1]. Such is the nature of working on a case on a contingency fee basis. These are facts attributable to how counsel has chosen to conduct his business, not evidence of any undue hardship.

### B. There has been no unreasonable delay

The Court has already ruled that the one stay that was granted in this case was reasonable and warranted. [ECF 25, p. 3]. As this Court aptly noted, "[t]he circumstances Defendants detail in their Motion and reply plausibly warrant a reasonable delay of the proceedings." [Id.]. The only other delay was a 30-day stay of the briefing schedule to allow Defendants to conduct two additional searches that were requested by Plaintiff, a stay which was unopposed by Plaintiff. [ECF 48, 49].

### C. Case length

The fact that this case has been pending for less than two years and is currently well into the summary judgment briefing stage speaks for itself as to the length of the case. This duration is far less than that in cases where courts have denied interim fees. In *Allen,* the court found that "[a]n award of interim fees….is premature, even though seven years have elapsed since the initial filing of this action." *Allen,* 716 F.Supp. at 672.

### D. The case is near its conclusion

The final factor is "the period of time likely to be required before the litigation is concluded." *Allen,* 716 F.Supp. at 672. This case is already in the midst of summary judgment briefing, which is the final stage of FOIA litigation prior to the Court's decision.

## CONCLUSION

All four factors suggest that Plaintiff is not entitled to interim fees. As noted in FN 1 *supra*, should the Court be inclined to grant interim fees, Defendants would request additional time to address the substantive merits of Plaintiff's fee demand. Defendants submit that the most efficient course would be to complete summary judgment briefing in this matter and consider fee matters at the conclusion of the case, as is the standard practice in FOIA litigation.

Plaintiff has not established exceptional circumstances that warrant the consideration of interim fees, and his motion should be denied.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

*/s Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin, Suite 1250
Beaumont, Texas 77701
Tel:    (409) 839-2538
Fax:    (409) 839-2550
Email: andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney