IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**, <br><br>       Plaintiff, <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** <br><br>       Defendant | Case No. 4:20-cv-447-ALM |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION**
**FOR INTERIM PAYMENT OF COSTS AND ATTORNEY FEES**

NOW COMES Brian Huddleston, the Plaintiff, moving the Court to award him interim costs and attorney fees for the reasons set forth below:

**Introduction**

According to the Defendants, "the law is settled that interim fee awards [in a FOIA case] should be granted 'only in unusual instances of protracted litigation and financial hardship.' " Defendants' Response to Plaintiff's Motion for Interim Payment of Costs and Attorney Fees (hereinafter "Defendants' Response")(Doc. No. 59) 2, quoting *Allen v. FBI*, 716 F.Supp 667, 672 (D.D.C. 1989). To begin with the obvious, the law is not settled for purposes of this case because no court in the Fifth Circuit has ever addressed the issue. Furthermore, the guidelines from other circuits are, when read in context, not so onerous as the Defendants suggest:

> [I]n the legislative history [of FIOA] Congress emphasized two policies as underlying the enactment of the attorneys' fees provision. First, Congress sought to facilitate citizen access to the courts by providing counsel with an incentive to take FOIA cases, and second, it aimed to discourage agency delaying tactics designed to achieve unjustified withholding of information. In light of these purposes, four factors can be distilled as

> guides to the court's exercise of discretion. First, the court should consider the degree of hardship which delaying a fee award until the litigation is finally concluded would work on plaintiff and his or her counsel. The Supreme Court in *Bradley* [*v. School Board of City of Richmond*] relied heavily on this factor in upholding the interim fee award in that case. [416 U.S. 696, 723, 94 S.Ct. 2006, 2022, 40 L.Ed.2d 476 (1974)]. Similarly, in *Biberman* [*v. Federal Bureau of Investigation*], 496 F.Supp. 263 (S.D.N.Y.1980), the court found this consideration to be crucial. Second, the court should consider whether there is unreasonable delay on the government's part. When delay is present, an award of interim fees would serve the Congress' aim to discourage the use of illegitimate tactics. Third, the court should consider the length of time the case has been pending prior to the motion, and fourth, the period of time likely to be required before the litigation is concluded. For example, in *James v. Stockham Valves & Fittings Co.*, 559 F.2d at 358, the court based its interim award on the protracted nature of the Title VII litigation in that case, which at the time of the award had been pending for over seven years.

*Powell v. U.S. Dep't of Justice*, 569 F. Supp. 1192, 1200 (N.D. Cal. 1983). In the likely event that this Court follows the foregoing guidelines, the Plaintiff will address each of the four factors in the same order that they were addressed by the Defendants. The Plaintiff must also object to the Defendant's request to separately brief the reasonableness of the undersigned's invoice, and the Plaintiff will explain his objection at the end of this reply.

**(1) All four factors cited by the Defendants weigh in favor of an interim award of attorney fees.**

    **A.  Unpaid attorney fees have created financial hardship for Plaintiff's Counsel.**

Congress long ago recognized the importance of removing financial barriers to FOIA litigation:

> We must insure that the average citizen can take advantage of the law to the same extent as the giant corporations with large legal staffs. Often the average citizen has foregone the legal remedies supplied by the Act because he has had neither the financial nor legal resources to pursue litigation when his Administrative remedies have been exhausted.

*Powell*, 569 F. Supp. at 1198, quoting S.Rep. No. 93–854, 93d Cong., 2d Sess. at 17–18 (1974), in turn quoting from 1973 Senate Hearings, Vol. 1 at 175. That statement alone weighs heavily against the Defendants' premise that interim fees should be rare and difficult to obtain. To the extent that other courts have diverted from Congress's stated intent, this Court should chart a

different course from the other courts. After all, attorneys might be far less inclined to take on FOIA cases if they must wait years to get paid for their services. And the *Powell* court noted as much when awarding interim fees. 569 F. Supp. at 1204.

In this case, Plaintiff's Counsel will face significant financial hardship absent an interim award of attorney fees. The Defendants have argued that the undersigned's declaration about financial hardship is conclusory, therefore he has separately offered another declaration providing more detailed information. *See* May 16, 2022 Declaration of Ty Clevenger (Doc. No. 61)(filed under seal). From that declaration, the Court can see that $55,331.65 worth of unpaid attorney fees works a significant hardship on Plaintiff's Counsel. Even without the declaration, it should be self-evident that $55,331.65 is a very significant amount of money to the vast majority of practitioners.

The Defendants next fault Plaintiff's Counsel because he took this case on a contingency basis, arguing that "[s]uch is the nature of working on a case on a contingency fee basis" and any financial burden is "attributable to how counsel has chosen to conduct his business, not evidence of any undue hardship." Defendant's Response 3. That cynical response overlooks the fact that this case was never about "business." The undersigned took the case pro bono because the issues at stake are matters of exceptional public interest and importance.[1] *See* May 16, 2022 Declaration of Ty Clevenger. In *Powell*, the court determined that pro bono representation actually weighed

---

[1] Special Counsel John Durham already has obtained the conviction of FBI attorney Kevin Clinesmith and the indictment of private attorney Michael Sussman, both of which indicate that the Russian collusion narrative was fabricated. *See* "FBI Attorney Admits Altering Email Used for FISA Application During 'Crossfire Hurricane' Investigation," August 19, 2020 Press Release, U.S. Attorney's Office for the District of Connecticut (https://www.justice.gov/usao-ct/pr/fbi-attorney-admits-altering-email-used-fisa-application-during-crossfire-hurricane) and "Grand Jury Indicts D.C. Attorney with Making False Statements to the FBI in 2016 Regarding Alleged Communications Between Trump Organization and Russian Bank," September 16, 2021 Press Release, Special Counsel's Office (https://www.justice.gov/sco/pr/grand-jury-indicts-dc-attorney-making-false-statements-fbi-2016-regarding-alleged) If more FBI personnel (and perhaps Special Counsel Robert S. Mueller or his staff) were part of a scheme to shift blame from Seth Rich to Russia, then the public has a right to know about it.

in favor of an interim award of attorney fees. 569 F.Supp. at 1200 ("[I]t would be unfair to require plaintiff and his counsel to wait until its conclusion for an award of fees especially in light of the fact that counsel has taken plaintiff's case pro bono"); *see also id.* at 1204. Furthermore, the Plaintiff himself does not have the means to pay the $55,331.65 invoice. *See* May 16, 2022 Declaration of Brian Huddleston (Exhibit 1). The financial hardship on the Plaintiff and Plaintiff's Counsel is excessive, and the *Powell* court noted that financial hardship alone may be sufficient to justify an interim fee award. *Powell*, citing *Biberman v. Federal Bureau of Investigation*, 496 F.Supp. 263 (S.D.N.Y. 1980).

**B. The Defendants' delays have been unreasonable.**

In support of the Defendants' argument that their delays in this case have been reasonable, they point to a stay that the Court granted a little over a year ago. They ignore the fact that the Court denied their most recent request for additional time. *See* April 21, 2022 Order (Doc. No. 51). Perhaps more importantly, they ignore the history of related litigation. Since 2017, the FBI has been delaying, stonewalling, and lying about records pertaining to Seth Rich. *See* Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment (Doc. No. 46)(hereinafter "Cross-Motion") 5 (citing the record). Thus the FBI's delays have not only been unreasonable, but the product of bad faith. Those bad-faith delays merit an interim award of fees.

**C. This case has been pending for almost two years.**

The Plaintiff filed this case on June 1, 2020, just short of two years ago. The *Powell* court awarded attorney fees after that case had been pending a little over 18 months. 569 F.Supp. at 1200. Furthermore, and as noted above, similar requests for records about Seth Rich date back to 2017. This factor weights in favor of an interim fee award.

### D. This case will likely continue for a year or more.

Obviously the Court is in the best position to determine how much longer this case is likely to continue. For that reason, the Plaintiff would direct the Court's attention to his discovery requests in the cross-motion for summary judgment. *See* Cross-Motion 31-32. If the Court grants the Cross-Motion, much less the discovery requests, then this case will likely linger for a year or more. At this point, we don't even know how many emails and texts are in question, much less the contents of Seth Rich's two laptops. This factor weights in favor of an interim fee award.

### (2) The Defendants failed to address the reasonableness of the invoice of Plaintiff's Counsel, and they should not get a second bite at the apple.

Toward the end of their response, the Defendants move the Court to grant them permission to separately and subsequently brief the reasonableness of the undersigned's invoice. In other words, they want to drag things out by at least a couple more months. The Defendants did not confer with Plaintiff's Counsel, as required by Local Rule 7(h), before making their request to the Court. And they do not cite any authority in support of their request for piecemeal briefing, nor is the Plaintiff aware of any. The Defendants thus waived their opportunity to brief the reasonableness of the fee invoice, and the Court can determine for itself whether the invoice is reasonable.

### Conclusion

All four factors identified in *Powell* support the Plaintiff's request for attorney fees, and the Defendants have waived their opportunity to contest the amount. The Court should therefore grant the Plaintiff's fee request as submitted.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

**Certificate of Service**

On May 16, 2022, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger