IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV447<br><br>JUDGE AMOS MAZZANT |

### DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR INTERIM PAYMENT OF COSTS AND ATTORNEY FEES

Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") file this sur-reply in opposition to Plaintiff's Motion for Interim Payment of Costs and Attorney Fees. [ECF 52, 62].

### INTRODUCTION

Plaintiff relies almost exclusively on *Powell v. U.S. Dep't of Justice*, 569 F.Supp. 1192, 1200 (N.D. Cal. 1983) in support of his reply brief. *Powell* is easily distinguishable from the present case. Contrary to Plaintiff's assertions, the vast amount of case law addressing interim fees in FOIA litigation conclude that interim fees are disfavored and rarely awarded. Plaintiff has cited no legal authority to the contrary.

# ARGUMENT

### A. The *Powell* case is distinguishable

Plaintiff's reliance on *Powell* is misplaced, and his assertions about the *Powell* case are misleading and omit relevant facts. Plaintiff asserts that the *Powell* court awarded attorney fees after that case had been pending just over 18 months. However, Plaintiff neglects to mention that the defendant agency in *Powell* sat on the request for over 3 ½ years before the case was filed; the agency had asked for an indefinite stay; a motion for contempt against the agency had been granted; and at the agency's proposed rate of processing, the case would have lasted for 20 years. None of these factors exist in the present case. As set forth in Defendants' response [ECF 59], this case has been pending for less than two years; processing is complete; the case is well into the summary judgment briefing stage; and there have been no findings of unreasonable delay, contempt, bad faith, or any other misconduct by Defendants. Each of these facts are uncontested by Plaintiff. In short, none of the factors at issue in *Powell* warrant an award of interim fees in this case.

### B. Interim Fees are Rare and Disfavored

In support of Plaintiff's claim that interim fees should *not* be rare and difficult to obtain, he cites to the 1973 Senate Hearings authorizing the award of attorney fees in general in FOIA litigation. This language has nothing to do with interim fees. Plaintiff completely ignores the case law that has developed specifically on the issue of interim fees, in which courts have consistently emphasized that interim fees in FOIA litigation are disfavored in all but the most exceptional circumstances. *See, e.g., Biberman v. FBI*,

Defendants' Sur-Reply re: Interim Costs and Attorney Fees                                                                 2

496 F.Supp. 263, 265 (S.D.N.Y. 1980) (a final award "on one motion at the conclusion of the action would more efficiently decide the question than periodic interim decisions."); *Allen v. FBI*, 716 F.Supp. 667, 669-72 (D.D.C. 1989) ("The Court does not suggest that interim fees should be granted in every FOIA case. To the contrary, such practice should be dissuaded."); *Clemente v. FBI*, 166 F.Supp.3d 11, 14 (D.D.C. 2015) (courts should be dissuaded from granting interim fees, and only grant them in the unusual instances of protracted litigation and financial hardship); *Michigan Immigrant Rts. Ctr. v. DHS*, 2020 WL 91539 (E.D. Mich. Jan. 8, 2020) ("many courts have held that an interim award of fees should be dissuaded in all but the most exceptional cases involving protracted litigation and financial hardship.").

### C. Plaintiff Has Failed to Establish Financial Hardship

Ironically, as Plaintiff argues that Defendants should not be able to contest his fee invoice and that the matter is closed, he simultaneously seeks to submit additional documentation in support of his request. Neither of the declarations submitted by Plaintiff establish the type of unique and exceptional financial hardship that would warrant interim fees.

### D. No Waiver

Plaintiff argues, with no legal authority, that Defendants have waived their opportunity to contest the reasonableness of the fee invoice. Courts determining whether to award attorney fees apply a two-part test evaluating whether (1) the plaintiff substantially prevailed such that he is *eligible* for an award and (2) the plaintiff is *entitled* to an award based upon a balancing of equitable considerations. *GMRI, Inc. v. Equal*

Defendants' Sur-Reply re: Interim Costs and Attorney Fees                                                              3

*Emp't Opportunity* Comm'n, 149 F.3d 449, 451 (6th Cir. 1998) (emphasis added). Only after a Plaintiff is deemed eligible and entitled to attorney fees would the issue of reasonableness of the fees even be considered. In their response, Defendants specifically stated that "Defendants do not concede that Plaintiff would be *eligible* or *entitled* to any attorney fees in this case either at the present time or at any time in the future. To the extent the Court would consider granting interim attorney fees, Defendants would request additional time to address the substantive merits of Plaintiff's demand for attorney fees." [ECF 59, FN 1] (emphasis added). Plaintiff has failed to establish the appropriateness of interim fees at this time based on the four *Powell* factors. Accordingly, consideration of interim fees would be premature at this time. In the unlikely event that this Court finds it appropriate to consider interim fees at this time, Defendants have requested additional time to address the substantive merits of Plaintiff's demand for attorney fees.

## CONCLUSION

Considering the status of this case, the issue of attorney fees should be considered at the conclusion of the case, which is the customary and most efficient practice. Plaintiff has not established exceptional circumstances that warrant the consideration of interim fees, and his motion should be denied.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

*/s Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney

Texas Bar No. 00790851  
550 Fannin, Suite 1250  
Beaumont, Texas 77701  
Tel:    (409) 839-2538  
Fax:    (409) 839-2550  
Email: andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney