IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. 4:20CV447 |
| v. | § | |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT FBI'S MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE, RECONSIDERATION OF THE MEMORANDUM OPINION AND ORDER ENTERED SEPTEMBER 29, 2022**

Defendant Federal Bureau of Investigation (FBI) moves for clarification, or in the alternative, reconsideration of the Courts Memorandum Opinion and Order ("Order") dated September 29, 2022, ordering the FBI to produce the information it possesses related to Seth Rich's laptop within 14 days of the date of the Order. [ECF No. 70].

## I.   INTRODUCTION

The information the FBI possesses related to Seth Rich's personal laptop is a compact disc containing images of the laptop that was provided to the FBI by a local law enforcement agency. The FBI did not open an investigation into the murder of Seth Rich, nor did it provide investigative or technical assistance to any investigation into the murder of Seth Rich. As a result, the FBI has never extracted the data from the compact disc and never processed the information contained on the disc. The FBI asserted blanket

FOIA Exemptions 6, 7(C), 7(D)-3 and 7(E)-6 to withhold the compact disc in full. Specifically, the FBI asserted Exemptions 6 and 7(C) to protect the survivor privacy interests of the Seth Rich family; Exemption 7(D)-3 to protect the implied assurance of confidentiality provided to the local law enforcement agency who submitted the compact disc to the FBI; and Exemption 7(E)-6 to protect investigative techniques and procedures.[1]

This Court found that the FBI improperly withheld information under FOIA Exemptions 6 and 7(C) based on survivor privacy interests, but it is unclear whether the Court also considered Exemptions 7(D)-3 and 7(E)-6 with respect to the compact disc. The Order suggests that except for the survivor privacy interests, the FBI properly withheld all other information based on its asserted exemptions.  If the Court intended the Order to reflect that the FBI properly asserted Exemptions 7(D)-3 and 7(E)-6, then the Order to produce Seth Rich's laptop material is improper. If the Court failed to consider whether the FBI properly withheld the information related to Seth Rich's personal laptop pursuant to Exemptions 7(D)-3 and 7(E)-6, the FBI asks for reconsideration of the Order.

## II.     STANDARD OF REVIEW FOR RECONSIDERATION

Although the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, courts address such motions under Rules 54(b) for interlocutory

---

[1] In addition to the blanket exemptions asserted, the FBI also asserted Exemption 7(C)-2 to withhold the Names and Other Identifying Information of Third Parties Merely Mentioned.

orders, and under Rules 59 and 60 for final judgments. *Teal v. Eagle Fleet, Inc.,* 933 F.2d 341, 347 (5th Cir.1991). A ruling denying a dispositive motion is an interlocutory judgment under Rule 54(b). *Lexington Insurance Company v. Ace American Insurance Company*, 192 F.Supp.3d 712, 714 (S.D.Tex. 2016). Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The standard of review for reconsideration of interlocutory orders is "as justice requires." *Contango Operators, Inc. v. U.S.*, 965 F.Supp.2d 791, 800 (S.D.Tex.2013); *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F.Supp.2d 550, 553 (N.D.Tex.2009) ("whether to grant such a motion rests within the discretion of the court").

## II.   ARGUMENT & AUTHORITIES

The FOIA request at issue is the April 9, 2020 Request to FBI seeking records concerning Seth Rich. [ECF No. 3, Exh. 1]. In response to this request, the FBI located numerous reference records within the Special Counsel Office's ("SCO") records collection maintained by the FBI. [ECF 39-1, Seidel 4th Declaration, ¶137]. One such document was an FD-302 documenting a meeting which took place on March 15, 2018. [Id.]. At the meeting, a source provided information and material extracted from Seth Rich's personal laptop to an FBI Agent assigned to assist with the SCO investigation. [Id.]. The compact disc containing the images of Seth Rich's personal laptop are

identified in the FBI's *Vaughn* Index at Bates No. 422. [ECF 39-1, Exhibit N, page 33], as follows:

| Document Description | Bates | b1 1 | b3 1 | b3 2 | b4 1 | b5 1 | b5 2 | b7A 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 7D 1 | 7D 2 | 7D 3 | 7D 4 | 7E 1 | 7E 2 | 7E 3 | 7E 4 | 7E 5 | 7E 6 | 7E 7 | 7E 8 | 7E 9 | Seal Info | Per OGA | RIF | RIP | FOIA WIF | Seal WIF | Dup | Dup of FBI(20-cv-477)- |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Responsive portions of material provided by a source during the meeting documented in the FD-302 Bates-numbered FBI(20-cv-447) 405-407. | 422 | | | | | | | | | X | | | X | | | X | | | | | | | X | | | | | | | | | | X | | |

As noted in the *Vaughn* Index, the FBI asserted FOIA Exemptions 6, 7(C), 7(D)-3 and 7(E)-6 to withhold in full the compact disc containing the images of Seth Rich's personal laptop.[2]

### A. Clarification and/or Reconsideration of Exemptions 7(D)-3 & 7(E)-6

The FBI seeks clarification and/or reconsideration of the Court's findings regarding the applicability of Exemptions 7(D)-3 and 7(E)-6 to the information related to Seth Rich's personal laptop.

1. Exemption 7(D)-3

The FBI provided its justification for asserting FOIA Exemption 7(D)-3 in ¶¶ 150-151 of the Fourth Declaration of Michael G. Seidel, based on the implied assurances of confidentiality for information provided by a local law enforcement agency. [ECF 39-1, Seidel 4th Declaration, ¶150-151], as follows:

---

[2] By letter dated April 23, 2021, the FBI advised Plaintiff that FBI (20-cv-447)-422 represents a compact disc wherein all the contents are being withheld in their entirety pursuant to FOIA Exemptions 6, 7(C), 7(D), and 7(E). [ECF 39-1, ¶16, Ex. D].

### (b)(7)(D)-3: Name, Other Identifying Information of, and Information Provided by a Local Law Enforcement Agency under Implied Assurances of Confidentiality

(150)   Within FOIA Exemption Category (b)(7)(D)-3, the FBI withheld the name, identifying information of, and information provided by local law enforcement personnel under an implied assurance of confidentiality. Certainly, the FBI does not infer that all state or local law enforcement authorities who cooperate in federal investigations do so with expectations of confidentiality. However, under some circumstances, such an expectation may be inferred. Here, law enforcement authorities provided specific detailed information of value to the FBI, which is singular in nature, concerning a subject thought to be of investigative interest. The FBI inferred these personnel provided this information to the FBI with an expectation their involvement in the investigation, and the information they provided, would remain confidential due to the following: 1) the information and assistance provided would disclose their agency's law enforcement techniques, or details about law enforcement techniques, that are not publicly known; and 2) the information provided in some instances concerns the law enforcement agency's own confidential sources.

(151)   The FBI relies heavily on assistance from its state and local law enforcement partners in pursuing its law enforcement and intelligence gathering missions. The disclosure of this information could have disastrous consequences. If this information were released to the public under FOIA, these agencies would be less likely to freely share sensitive information with the FBI. It could also harm the FBI's ability to seek support and or assistance from these agencies during joint investigations. Additionally, the FBI's disclosure of such information could 1) jeopardize these

> *agencies' investigative techniques and procedures as disclosure would allow criminals to predict and circumvent use of these techniques and procedures; 2) discredit these state and local law enforcement authorities with current and future confidential sources, and greatly hinder their ability to recruit their own valuable sources; and 3) subject the agencies' personnel to violent reprisal. Accordingly, it is reasonable for the FBI to infer these state and law enforcement authorities provided this information to the FBI under circumstances in which an assurance of confidentiality can be implied. Thus, this information is exempt from disclosure pursuant to FOIA Exemption 7(D).*

[Id.]. Additionally, the basis for Exemption 7(D)-3 is briefed in Section III.C.7 of Defendants' Motion for Summary Judgment. [ECF 39, pp. 40-41].

In short, the compact disc containing the images of Seth Rich's personal computer were provided to the FBI by a local law enforcement agency under implied assurances of confidentiality, and thus the FBI properly withheld the compact disc in its entirety pursuant to Exemption 7(D)-3.

### 2. Exemption 7(E)-6

The FBI provided its justification for asserting FOIA Exemption 7(E)-6 in ¶ 171 of the Fourth Declaration of Michael G. Seidel, based on the collection and analysis of information used for investigative purposes. [ECF 39-1, Seidel 4th Declaration, ¶171], as follows:

> *(b)(7)(E)-6: COLLECTION AND ANALYSIS OF INFORMATION*
>
> *(171)   Within FOIA Exemption Category (b)(7)(E)-6, the FBI withheld methods it uses to collect and analyze information it obtains for investigative purposes. The release of this*

> *information would disclose the identity of methods used in the collection and analysis of information, including how and from where the FBI collects information and the methods employed to analyze it once collected. Such disclosures would enable subjects of FBI investigations to circumvent these and similar techniques, thus diminishing their usefulness. This, in turn, would facilitate the ability of investigative subjects to accumulate information regarding the circumstances under which specific methods were used and the utility of the information obtained. Release of this type of information would enable criminals to educate themselves about the methods employed to collect and analyze information and therefore allow them to take countermeasures to circumvent the effectiveness of these methods and continue to engage in activities that violates the law. Accordingly, the FBI properly withheld this information pursuant to FOIA Exemption 7(E).*

[Id.]. Additionally, the basis for Exemption 7(E)-6 is briefed in Section III.C.8 of Defendants' Motion for Summary Judgment. [ECF 39, pp. 41-42].

The FBI withheld the compact disc containing images of Seth Rich's personal laptop in its entirety based on the methods it uses to collect and analyze information used for investigative purposes, and thus the FBI properly withheld this information pursuant to Exemption 7(E)-6.

### 3. Clarification/Reconsideration

While Plaintiff generally challenged all the FBI's withholdings, he did not specifically challenge the FBI's withholding of information (for the compact disc or any other records) based on Exemptions 7(D)-3 or 7(E)-6. Plaintiff only challenged Exemption 7(D) as it related to foreign government agencies and Exemption 7(E) as it

related to code names in a separate request. Regarding Seth Rich's personal laptop specifically, Plaintiff only challenged withholdings based on Exemptions 6 and 7(C) based on privacy interests.

Given the Court's findings that except for the information related to Seth Rich's laptop withheld pursuant to Exemptions 6 and 7(C) based on privacy interests, the FBI properly withheld or redacted all other information responsive to Huddleston's requests, the production order seems inconsistent with the rest of the order. Thus, the FBI asks for clarification of the Order, specifically as to whether the Court intended to uphold the FBI's withholding of the compact disc containing images of Seth Rich's personal laptop pursuant to Exemptions 7(D)-3 and 7(E)-6. Conversely, if the Court failed to consider the applicability of Exemptions 7(D)-3 and 7(E)-6 to the laptop material, the FBI asks for reconsideration of the Order considering these asserted exemptions.

### B. Production Concerns Related to the Compact Disc

As previously stated, the compact disc containing images of Seth Rich's personal computer was provided to the FBI by a local law enforcement agency. [ECF 39-1, Seidel 4th Declaration, ¶137]. The FBI did not open an investigation into the murder of Seth Rich, nor did it provide investigative or technical assistance to any other investigation of Seth Rich. [Id. at ¶136]. The FBI had no involvement in the extraction of data from Seth Rich's personal laptop. [Id. at ¶137]. As a result, there was no need for the FBI to access the information contained on the compact disc for investigative purposes. Further,

because the FBI asserted blanket FOIA exemptions to withhold the compact disc in its entirety, the compact disc has not been converted for processing for a FOIA release.

To produce the data contained on the compact disc, the FBI will have to convert the information on the disc into pages for review for responsiveness and the applicability of specific FOIA exemptions. While the exact amount of data contained on the disc is not known, the FBI estimates that the images of Seth Rich's personal laptop comprise approximately 400,000 pages, plus images and videos. If the Court denies this motion for reconsideration and orders production of the compact disc, the FBI respectfully requests the Court to maintain any production schedule at its prior production rate as ordered in its Memorandum Opinion and Order dated May 7, 2021 [ECF 25], wherein the Court ordered the FBI to review and process records responsive to Plaintiff's request at a rate of 500 pages per month.

### III. CONCLUSION

The FBI requests clarification and/or reconsideration of the Court's Order concerning the applicability of Exemptions 7(D)-3 and 7(E)-6 to the compact disc containing images of Seth Rich's personal computer. If this motion is denied, the FBI requests that this Court enter a stay to allow the FBI time to review and process the contents of the compact disc containing images of Seth Rich's personal laptop to withhold the names and other identifying information of third parties mentioned pursuant to FOIA Exemption 6 and 7(C), at a 500 page per month production schedule. The FBI

would further request the opportunity to potentially reassert a survivor privacy interest for the Seth Rich family, as appropriate, based on the actual content of the compact disc.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY


*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin St. Suite 1250
Beaumont, Texas   77701-2237
Tel:  (409) 839-2538
Fax: (409) 839-2550
Email:  andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on October 27, 2022, a true and correct copy of foregoing motion was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule CV-7(h), I certify that I have conferred with plaintiff's counsel, and he opposes this motion.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney