IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**, <br><br> Plaintiff, <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendant | Case No. 4:20-cv-447-ALM |

## PLAINTIFF'S MOTION FOR CLARIFICATION OF THE MEMORANDUM OPINION AND ORDER ENTERED SEPTEMBER 29, 2022 (Dkt. #73)

NOW COMES Brian Huddleston, the Plaintiff, moving the Court to clarify its Memorandum Opinion and Order entered September 29, 2022 ("Motion")(Dkt. #73):

The Memorandum Opinion and Order (hereinafter "Memorandum") directed the FBI to produce the contents of Seth Rich's laptop, but it did not specify which laptop. According to records already produced by the FBI, Seth had at least two laptops: a personal laptop, and a work laptop. The personal laptop is discussed in the Defendants' Response to Plaintiff's Sur-Reply in Opposition to Motion to Stay (Doc. No. 15), among numerous other documents. The work laptop is discussed in a June 26, 2018 email produced by the Defendants:

> Rush,   b7E
> In May 2017 ▉▉▉▉▉▉▉▉ with Perkins Coie provided San Francisco FBI with a copy of Seth Rich's DNC laptop. The FBI submission document says the laptop was given to the FBI voluntarily so I am assuming that there is no Search Warrant for the laptop.
>
> San Francisco provided ▉▉▉▉▉ for us at SCO. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

- 1 -

*See* June 28, 2018 Email from [redacted] to "LRA," BATES-numbered document 985 (attached as Exhibit 1).[1] A May 19, 2017 FBI document reflects receipt of the work laptop from Perkins Coie, the law firm for the Democratic National Committee. *See* BATES-numbered document 691 (Exhibit 2).

      The FBI made no mention of the work laptop in its December 15, 2021 motion for summary judgment (Dkt. #37), but the Plaintiff raised the issue in his cross-motion for summary judgment. *See* Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment, 12-13 and 16 n.1. In its reply, the FBI still said absolutely nothing about the work laptop, *see* Defendants' Combined Reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Cross Motion for Summary Judgment ("Combined Reply)(Dkt. No. 54), thus waiving any objection to the production of its contents. *See Boggs v. Krum Indep. Sch. Dist.*, 376 F. Supp. 3d 714, 722 (E.D. Tex. 2019), quoting *Audler v. CBC Innovis Inc.,* 519 F.3d 239, 255 (5th Cir. 2008), in turn quoting *Castro v. McCord*, 259 F. App'x 664, 665 (5th Cir. 2007)("A party 'waives an issue if he fails to adequately brief it.'"). The Plaintiff therefore moves the Court to clarify its order with respect to the work laptop.

---

[1] As attested by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that all exhibits to this document are true and correct copies of the documents that he represents them to be.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for Plaintiff Brian Huddleston**

### Certificate of Conference

On November 14, 2022, I conferred via email (andrea.parker@usdoj.gov) and telephone with Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, and she indicated that the Defendants would oppose this motion.

**/s/ Ty Clevenger**
Ty Clevenger

### Certificate of Service

On November 14, 2022, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger