IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. 4:20CV447 |
| v. | § | |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION and UNITED | § | JUDGE AMOS MAZZANT |
| STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT FBI'S COMBINED REPLY/RESPONSE TO PENDING BRIEFING REGARDING SETH RICH'S "LAPTOPS"

Both parties have requested clarification and/or reconsideration of the Court's September 29th Order directing the FBI to produce information it possesses related to "Seth Rich's laptop." [ECF No. 70, 72, 77]. The FBI has requested clarification and/or reconsideration of whether the Court considered the FBI's assertion of Exemptions 7(D)-3 and 7(E)-6 to withhold the compact disc containing images of Seth Rich's personal laptop. [ECF 72]. Plaintiff has filed an opposition to FBI's requested clarification, arguing that the FBI has misled the Court about Seth Rich's laptop and that Exemptions 7(D)-3 and 7(E)-6 have been waived or are otherwise inapplicable. [ECF 76]. Plaintiff has also requested clarification of the Court's September 29th Order, specifically whether the Court is referring to Seth Rich's work laptop or personal laptop. [ECF 77]. The FBI files this combined response and reply to the pending briefing. The Sixth Declaration of

Michael G. Seidel is attached as Exhibit A in support of this pleading, and its contents are incorporated herein.

### *The Personal Laptop*

As previously stated, the information the FBI possesses related to Seth Rich's personal laptop is a compact disc containing images of the laptop that was provided to the FBI by a local law enforcement agency. The FBI does not have, nor has it ever had, physical possession of the actual laptop itself. To simplify this matter for the Court and shut down Plaintiff's "hot potato" concerns, the FBI is filing a separate Motion for Leave to Submit Exhibit *In Camera* and will provide the Court with a see through redacted version of the FD-302 identified in the FBI's *Vaughn* Index at 405-407. The FD-302 clarifies for the Court exactly what was provided to the FBI, by whom, and for what purpose. The FD-302 also further justifies the FBI's assertion of Exemptions 7(D)-3 and 7(E)-6. [Exhibit A: 6th Seidel Declaration, ¶5].

Plaintiff also argues that the FBI has provided inconsistent statements about whether the FBI extracted and processed data from the compact disc, referencing a motion filed early in the litigation when the FBI was still trying to provide the Court with a page count of documents to process.  The FBI can typically identify the types and approximate volume of files on a compact disc without extracting the data. In this case, as soon as the FBI determined that the compact disc was exempt in its entirety pursuant to several FOIA exemptions, the FBI found no need for data extraction; therefore, no data extraction occurred.  [Id. at ¶6].

Finally, Plaintiff argues that the FBI has waived Exemptions 7(D)-3 and 7(E)-6 by failing to brief them, citing to a string of non-FOIA cases. Plaintiff's counsel is a seasoned FOIA litigator and understands a FOIA case can be decided on the *Vaughn* index alone, or in conjunction with agency declarations and summary judgment briefing. *See, e.g., Oglesby v. Dep't of the Army*, 79 F.3d. 1172, 1178 (D.C. Cir. 1996); *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973). The FBI clearly asserted and explained the exemptions in the *Vaughn* Index, Seidel declarations, and related summary judgment briefing. To suggest they were waived is nonsense. [Id. at ¶7].

### *The Work Laptop*

Plaintiff requests clarification as to whether the Court's September 29th Order is referring to Seth Rich's personal laptop or work laptop. The FBI presumes the Order refers to the compact disc containing images of Seth Rich's personal laptop, as that is the only "laptop" at issue in this case. [Id. at ¶8].

Plaintiff is correct that the FBI made no mention of the work laptop in its Motion for Summary Judgment. That is because the work laptop is not an agency record subject to the FOIA. During its search for records responsive to this request, the FBI located records acknowledging the FBI's receipt of the work laptop. The FBI processed these records, which document the receipt of the work laptop, releasing all segregable information.[1]  These records are identified as follows:

---

[1] The FBI's justifications for withholding these records were provided in the Fourth Seidel declaration.

      a) Email dated April 10, 2017, released in part on Bates page FBI(20-cv-447)-625;

      b) FBI form FD-1087 dated May 19, 2017, and 1B Evidence form released in part on Bates pages FBI(20-cv-447-690 through 691; and

      c) Email dated June 26, 2018, consulted to the FBI by OIP released in part on Bates Page FBI(20- cv-447)-985.

[Id. at ¶9].

    The FBI collected the physical work laptop from a non-government third-party as acknowledged in the *Vaughn* Index at Bates page 690, and the work laptop is in an FBI Evidence Control Room according to information provided in the FBI 1B Evidence form, referenced in the *Vaughn* Index at Bates page 691. The work laptop is not an actual record; but rather physical object/evidence and is not subject to the FOIA and therefore, the FBI did not address this item in its prior filings. [Id. at ¶10].

    While conducting additional research to confirm the whereabouts of the work laptop, the FBI located a DVD and a tape drive which are also currently stored in the same Evidence Control Room and are marked as derivative evidence. Derivative evidence is defined as "evidence generated from the original or source evidence in Laboratory Division, a partner laboratory, or CART unit." *See* the FBI's Field Evidence Management Policy Guide 1132PG, July 23, 2021. [Id. at ¶11].

    The term "agency record" under the FOIA extends only to those documents that an agency both (1) creates or obtains, and (2) controls at the time the FOIA request was made. The work laptop, tape drive, and DVD are not agency records under the FOIA because control by an agency requires more than mere possession. The FBI relied on *DOJ v. Tax Analysts*, 492 U.S. 136, 144-45 (1989) and *Burka v. United States*

*Department of Heath Human Serv.*, 318 U.S. App. D.C. 274, 87 F.3d 508, 515 (D.C. Cir. 1996) to reach this determination. Under the first part of *Tax Analysts*, the determination of whether something is an "agency record" (and therefore subject to the FOIA) depends on whether the "record" was (1) either created or obtained by an agency, and (2) under agency control at the time of the FOIA request. The second part of *Tax Analysts* under *Burka* established four factors relevant to a determination of whether the FBI exercises sufficient control over a record to render it an agency record including: (1) the intent of the document creator to retain or relinquish control; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency record system or files. The 6th Seidel Declaration provides extensive discussion of the FBI's application of the four factors in support of the determination that the physical work laptop, DVD, and tape drive are not agency records, but rather are physical evidentiary objects not subject to the FOIA. [Id. at ¶¶12-14]

### *Newly Located Records*

During its search for the work laptop, RIDS contacted an FBI Special Agent (SA) assigned to an FBI computer intrusion investigation. As a result, RIDS also located, a letter from a third-party that accompanied the work laptop, two FD-1004's "FBI Evidence Chain of Custody" Forms and a three (3) page forensic report detailing the actions performed by an outside entity to image the work laptop. These newly located records were not indexed to the subject, Seth Rich within the Central Records System (CRS), nor

is Seth Rich's name mentioned in the FD-1004's or forensic report. These records were attached to the physical evidence (i.e., work laptop, DVD, and tape drive) and were not electronically uploaded to the electronic case file in Sentinel. Accordingly, a search of Seth Rich's name would not have located these records, even with a text search of Sentinel. It was only through discussions with the SA assisting RIDS to locate the work laptop, that RIDS was able to determine that the report, letter from a third-party and Chain of Custody forms existed and were related to Seth Rich's work laptop. The SA advised RIDS that disclosure of these records would cause harm to an FBI investigation and Department of Justice prosecution of several employees of the government of the Russian Federation (more details discussed below). Upon review of the letter from a third-party, three (3) page forensic report and two (2) Chain of Custody forms, RIDS determined these documents were responsive records subject to the FOIA, even though the physical work laptop, DVD, and tape drive are not agency records subject to the FOIA. Therefore, immediately upon discovering these new responsive records, the FBI commenced processing the records and determined they would be withheld in full pursuant to FOIA Exemptions 3, 6, 7(A), 7(C) and 7(E). The FBI's justification for withholding these pending records is discussed at length in paragraphs 16-35 of the 6th Seidel Declaration, incorporated herein by reference. [Id. at ¶¶15-35].

## Conclusion

The FBI processed and released all reasonably segregable non-exempt information from records responsive to Plaintiff's FOIA request that are subject to FOIA. The FBI

processed the records under the access provisions of the FOIA to achieve maximum disclosure. Information was properly withheld in its entirety pursuant to FOIA Exemptions 3, 6, 7(A), 7(C), and 7(E). The FBI carefully examined the documents and determined the information withheld from Plaintiff in this case, if disclosed could reasonably be expected to interfere with pending or prospective enforcement proceedings, would reveal statutorily protected information, would cause a clearly unwarranted invasion of personal privacy or could reasonably be expected to constitute an unwarranted invasion of personal privacy, and/or would disclose techniques and procedures for law enforcement investigations. Further, the FBI determined the work laptop, DVD, and tape drive are not records subject to the FOIA. After extensive review of the documents at issue, the FBI determined that there is no further non-exempt information that can be reasonably segregated and released without revealing exempt information.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin St. Suite 1250
Beaumont, Texas   77701-2237
Tel:  (409) 839-2538
Fax: (409) 839-2550
Email:  andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on December 9, 2022, a true and correct copy of foregoing motion was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney