IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>        Defendants. | CIVIL ACTION No. 4:20CV00447 |

# EXHIBIT A



U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

December 9, 2022

MR. BRIAN HUDDLESTON
C/O MR. TY O. CLEVENGER
212 S. OXFORD STREET #7D
BROOKLYN, NY 11217

FOIPA Request No.: 1465531-000
Subject: Seth Rich (January 1, 2016 to present)

Brian Huddleston v. Federal Bureau of
Investigation, et al
Civil Action No.: 4:20-cv-00447

Dear Mr. Huddleston:

The FBI has completed its review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request. The enclosed documents were reviewed under the FOIA, Title 5, United States Code, Section 552. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

**Section 552**

- ☐ (b)(1)
- ☐ (b)(2)
- ☒ (b)(3)
  50 USC § 3024(i)(1)
- ☐ (b)(4)
- ☐ (b)(5)
- ☒ (b)(6)

- ☒ (b)(7)(A)
- ☐ (b)(7)(B)
- ☒ (b)(7)(C)
- ☐ (b)(7)(D)
- ☒ (b)(7)(E)
- ☐ (b)(7)(F)
- ☐ (b)(8)
- ☐ (b)(9)

**Section 552a**

- ☐ (d)(5)
- ☐ (j)(2)
- ☐ (k)(1)
- ☐ (k)(2)
- ☐ (k)(3)
- ☐ (k)(4)
- ☐ (k)(5)
- ☐ (k)(6)
- ☐ (k)(7)

7 pages were reviewed and 0 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.

☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. "Part 1" of the Addendum includes standard responses that apply to all requests. "Part 2" includes additional standard responses that apply to all requests for records about yourself or any third party individuals. "Part 3" includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosures

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case pending in the U.S. District Court for the Eastern District of Texas, enclosed is a Deleted Page Information Sheet (DPIS) representing pages Bates Stamped FBI (20-cv-00447)-1802 through FBI (20-cv-00447)-1808 which have been withheld in their entirety pursuant to applicable FOIA Exemptions.

These pages were located in cross-reference files as described below. No "main" investigative files pertaining to the subject of your request were located.

Cross-references are defined as mentions of the subject of your request in files to other individuals, organizations, events, or activities. In processing the cross-references, the pages considered for possible release included only those pages which mention the subject of your request and any additional pages showing the context in which the subject of your request was mentioned. The cross-references were processed pursuant to the provisions of the FOIA and are being released to you in redacted form.

## FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii) **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

  a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
  b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii) **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv) **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

FEDERAL BUREAU OF INVESTIGATION
FOI/PA
DELETED PAGE INFORMATION SHEET
Civil Action# 4:20-cv-00447
Total Withheld Page(s) = 7

| Bates Page Reference FBI (20-cv-00447)- | Reason for Withholding (i.e., exemptions with coded rationale, duplicate, sealed by order of court, etc.) |
|---|---|
| 1802 | b7A-1; b3-1; b6-1; b7C-1; b7E-2, 3, 9; (1 page) |
| 1803 | b7A-1; b3-1; b6-1; b7C-1; b7E-2, 3, 9; (1 page) |
| 1804 | b7A-1; b3-1; b6-1; b7C-1; b7E-2, 3, 6,10; (1 page) |
| 1805 | b7A-1; b3-1; b6-1, 4, 5; b7C-1, 4, 5; b7E-2, 3, 6, 10; (1 page) |
| 1806 | b7A-1; b3-1; b6-1, 4; b7C-1, 4; b7E-2, 6; (1 page) |
| 1807 | b7A-1; b6-1; b7C-1; (1 page) |
| 1808 | b7A-1; b6-1, 4; b7C-1, 4; (1 page) |

```
XXXXXXXXXXXXXXXXXXXXXXXX
X   Deleted Page(s)    X
X No Duplication Fee   X
X   For this Page      X
XXXXXXXXXXXXXXXXXXXXXXXX
```