IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**, <br><br>　　Plaintiff, <br><br>vs. <br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** <br><br>　　Defendant | Case No. 4:20-cv-447-ALM |

### PLAINTIFF'S MOTION TO PERMIT COUNSEL TO VIEW EVIDENCE

NOW COMES Brian Huddleston, the Plaintiff, moving the Court to permit his counsel to view the document submitted *in camera* on December 9, 2022 (Dkt. #82) and accepted by the Court and filed on December 13, 2022 (Dkt. #85):

### Introduction

On July 28, 2022, the Court denied Mr. Huddleston's request to permit his attorney to review a document that had been produced by the Defendants *in camera*. *See* Dkt. #68. The present request is an entirely different animal. On the first occasion, the Court reviewed a document to determine whether <u>that</u> document had been improperly withheld from Mr. Huddleston. In the present instance, however, the FBI submitted a document as <u>evidence</u> to determine whether an entire computer disk's worth of <u>other</u> documents should be withheld from Mr. Huddleston.

**Argument**

"With only a few exceptions, such as prison discipline cases, '[e]x parte presentation of evidence denies due process.'" *Swank v. Smart*, 898 F.2d 1247, 1254 (7th Cir.1990) (citing *Greene v. McElroy*, 360 U.S. 474, 496–97, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959)). Mr. Huddleston cannot rebut the FBI's arguments with respect to the computer disk if he does not know what is in the 302 form. Furthermore, the 302 form, unlike Mr. Seidel's declarations, has not been submitted under oath. Mr. Huddleston has not found a single case where the government was permitted to withhold thousands of pages of documents from a FOIA requestor simply by submitting a single unsworn document *in camera* and *ex parte*, and he defies the FBI to identify such a case.

In Plaintiff's Response in Opposition to Defendant FBI's Motion for Clarification or, in the Alternative, Reconsideration of the Memorandum Opinion and Order entered September 29, 2022 (hereinafter "Plaintiff's Response") (Dkt. #76), Mr. Huddleston identified at least three of the individuals whose names were redacted in the FBI 302 form that was provided to the Court *in camera*: Aaron Rich, Detective Joseph Della-Camera, and former Asst. U.S. Attorney Deborah Sines. *See* Plaintiff's Response 5, 10-11. Mr. Huddleston did so using publicly-available materials. *Id.* Since filing Plaintiff's Response, Mr. Huddleston has discovered additional public materials indicating that Det. Della-Camera was the detective assigned to investigate Seth Rich's murder.[1] On

---

[1] Det. Della-Camera's last name is spelled differently among different sources, but Mr. Huddleston is relying on the spelling found in official MPD records. *See, e.g.*, June 2015 Press Release, Metropolitan Police Department (https://mpdc.dc.gov/sites/default/files/dc/sites/mpdc/publication/attachments/).

September 25, 2020, a defendant in *Aaron Rich v. Edward Butowsky, et. al*, Case No. 1:18-cv-00681-RJL filed a motion to compel Det. Della-Camera to comply with a *subpoena duces tecum* for materials related to the Seth Rich murder investigation. *See* Motion to Compel (Dkt. 259), *Aaron Rich v. Edward Butosky*, Case No. 1:18-cv-00681-RJL (D.D.C.)(attached as Exhibit 1). And Mr. Huddleston has obtained additional evidence that Aaron Rich took custody of Seth's personal laptop after the murder. In an August 6, 2019 podcast, *Yahoo!News* Chief Investigative Correspondent Michael Isikoff stated as follows: "It is true that Aaron [Rich] had custody of his brother's property, including Seth's laptop, which he turned over to DC police twice for examination." Michael Isikoff, "Collateral Damage," Episode 6, *Conspiracyland*, https://podcasts.apple.com/us/podcast/episode-6-collateral-damage/id1471037693?i=1000446257040 (beginning at minute 13:27).[2] (One must wonder (1) why Aaron Rich needed to submit the laptop twice, and (2) what the implications are for the chain of custody).

Mr. Huddleston has noted previously that FOIA cases are unique insofar as the Court may rely upon media reports for purposes of summary judgment. *See* Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment (hereinafter "Cross-Motion")(Dkt. #46) 2-3, citing cases. Although Mr. Isikoff did not cite his source for the foregoing statement about

---

melvin_anthony.pdf).

[2] As attested by his electronic signature on this document, Ty Clevenger testifies under penalty of perjury under the laws of the United States that (1) he personally listened to the "Collateral Damage" episode of *Conspiracyland*; and (2) he has presented the Court with a true and correct transcript Michael Isikoff's statement beginning at or about minute 13:27 of that episode.

Aaron Rich, the Court will note that immediately after Mr. Isikoff's statement, one of Aaron Rich's attorneys speaks to Mr. Isikoff about the case. *Conspiracyland*, https://podcasts.apple.com/us/podcast/episode-6-collateral-damage/id1471037693?i=1000446257040 (beginning at minute 13:58).  In other words, Aaron Rich cooperated in the media report, at least through one of his agents. Separately, Deborah Sines granted an interview about the case and then testified about that interview in a deposition. *See* Plaintiff's Response 4-5 and 10-11. Aaron Rich, Ms. Sines, and Det. Della-Camera have no privacy interest to protect.

Given the fact that the FBI has redacted publicly-available information on the grounds of privacy, it is highly likely that other redactions in the 302 form were improper. In any event, Mr. Huddleston's counsel should be permitted, as a matter of due process, to view the entire 302 form pursuant to an "attorney eyes only" protective order. Mr. Huddleston moves the Court to issue such a protective order, and he further moves the Court to release a copy of the 302 form with all improper redactions removed.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

- 5 -

## Certificate of Conference

      I conferred via telephone with Asst. U.S. Attorney Andrea Parker in mid-December of 2022, and she indicated that the Defendants will oppose this motion.

                                    **/s/ Ty Clevenger**
                                    Ty Clevenger

## Certificate of Service

      On January 13, 2023, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

                                    **/s/ Ty Clevenger**
                                    Ty Clevenger