# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AARON RICH,

    Plaintiff,

v.

EDWARD BUTOWSKY,
MATTHEW COUCH,
AMERICA FIRST MEDIA,

    Defendants.

Case No. 1:18-cv-00681-RJL
Honorable Richard J. Leon

## MOTION TO COMPEL

Defendant Matthew Couch served a subpoena on Detective Joseph DellaCamera of the Metropolitan Police Department ("MPD") in Washington, D.C. seeking the following:

1. All Documents and Communications relating to

    a. Seth Rich, Aaron Rich, Joel Rich, Mary Rich, Kelsey Mulka, Joe Capone, Dov Friedman, Eric Baker, Michael Cass-Antony, Rod Wheeler, Edward Butowsky, Matthew Couch, Bill Pierce, Josh Filippo, Eddie Graham, Ty Clevenger, Julian Assange, Wikileaks, Pratt Wiley, Amy Dacey, Andrew Theriault, Seymour Hersh, Andy Kroll, William Sommer, Michael Isikoff;

    b. any conflicts between Seth Rich and any co-workers or supervisors at the DNC brought to your attention by Aaron Rich;

    c. the alleged hacking of the DNC in 2016; the spearfishing attacks on DNC officials, representatives and members or any person affiliated with the campaign of Hilary Clinton for President in 2016;

including, without limitation, for all items identified in points (a) – (f) above, all Communications with Julian Assange, Michael Ratner, Margaret Kunstler, Michael Isikoff, David Folkenflik, William Sommer, Matt Taibi, Andy Kroll, Luke Harding, Christopher Steele, Craig Murray, Gavin McFayden, Dana Rohrbacher, Kim Dotcom, Kim Schmitz, Joseph DellaCamera, Muriel Bowser, Donna Brazile, Deborah Sines, Sumit Malik, Jonathan Moffa, Peter Strozk, Lisa Page, Andrew Weissman, Robert Mueller, any representative, employee or agent of ABC,CBS, NBC, CNBC, HBO, Yahoo!, the Washington Post, New York Times, LA Times, Rolling Stole, Daily Beast

1

and Vox, any employee, agent or representative of Wikileaks, or any other person known or identified to you as a member or representative of the media (print, radio, television, Internet).

2. The body cameras and associated audio and video recordings worn and recorded by the Metropolitan police officers who responded to the scene of the shooting of Seth Conrad Rich in the early morning hours of July 10, 2016.

3. Any search warrant that was issued at any time to search the residence, electronic devices, or personal property of Seth Conrad Rich.

4. Any search warrant that was issued at any time to search any electronic devices or personal property in the custody of Aaron Nathan Rich.

5. Copies of any subpoenas that were issued to Google, eBay, Paypal or any bank with respect to any email, bank or other account belonging to Seth Conrad Rich or Aaron Nathan Rich.

6. Copies of the transcript of the "look out" that was issued by the responding officers arriving on the scene of the Shooting of Seth Conrad Rich in the early morning hours of July 10, 2016.

Subpoena for Joseph Della Camera (Exhibit 1).[1] In a letter dated June 26, 2020, counsel for MPD informed the undersigned that (1) MPD will not produce records in response to the subpoena, and (2) Det. Della Camera will be directed to not answer questions related to his investigation. See June 26, 2020 Letter from Asst. Attorney General David A. Jackson to Eden Quainton (Exhibit 2). According to MPD, the information sought by Mr. Couch is protected by grand jury secrecy and the law enforcement privilege. *Id*. MPD has, however, misapplied both grand jury secrecy and the law enforcement privilege. Mr. Couch therefore moves the Court to compel compliance with the subpoena.

---

[1] As attested by his electronic signature on this motion, Eden Quainton declares under penalty of perjury under the laws of the United States that Exhibit 1 and the other exhibits to this motion are true and correct copies of the documents that he represents them to be.

2

## LEGAL STANDARD

A motion to compel a third-party's response to a subpoena is governed by Fed. R. Civ. P. 26 and 45. *See In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120, 123 (D.D.C. 2013)

> As an initial matter, when deciding a motion to compel under Rule 45, the district court first must consider whether the discovery sought is relevant to a party's claim or defense in the underlying litigation, as defined in Rule 26(b) (1). *See In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120, 123 (D.D.C. 2013); *cf. Watts*, 482 F.3d at 507. Next, the court must assess any objections to the subpoena under the standards supplied by Rule 45, which "requires that district courts quash subpoenas that call for privileged matter or would cause an undue burden." *Watts*, 482 F.3d at 508; *see* Fed. R. Civ. P. 45(d)(3)(A). This is true for "both document and testimonial subpoenas," including "subpoenas issued to third-party [federal] agencies or agency employees in federal civil suits." *Watts*, 482 F.3d at 508. "The burden lies on the party resisting discovery to show that the documents requested are either unduly burdensome or privileged." *In re Micron Tech., Inc. v. Sec. Litig.*, 264 F.R.D. 7, 9 (D.D.C. 2010).

*BuzzFeed, Inc. v. U.S. Department of Justice*, 318 F.Supp.3d 347, 356 (D.D.C. 2018).

## ARGUMENT

**(1) The information sought by the Defendant is relevant to their defense.**

As the Court knows, among the core issues in this litigation are whether Seth Rich and his brother, Plaintiff Aaron Rich, played a role in transferring emails from the Democratic National Committee to Wikileaks and whether Aaron Rich has been forthcoming in his dealings with law enforcement. The Defendant maintains that the MPD has relevant information highly relevant to their defense on these points. Accordingly, the following document requests in the Defendant's subpoena is acutely relevant to their defenses:

> All Documents and Communications relating to… the alleged hacking of the DNC in 2016; the spearfishing attacks on DNC officials, representatives and members or any person affiliated with the campaign of Hilary Clinton for President in 2016.

> Any conflicts between Seth Rich and any co-workers or supervisors at the DNC brought to your attention by Aaron Rich.

3

For the sake of efficiency, Defendant withdraws the list of names set forth after "including without limitation," waive item number 2 in the subpoena, and would narrow request number 3 to cover electronic devices only. Requests 3, 4, and 5 are relevant because the Defendant wants to know whether Mr. Rich has withheld information from MPD or from the Defendants and also to test the credibility of reports that have been made public relating to warrants for the searching of Seth Rich's electronic devices. The Defendant withdraws request number 6.

While MPD has indicated that Det. Della Camera would only be permitted to testify about (1) an award flyer and (2) a public incident report, obviously there are many more questions that would be relevant to this litigation, such as:

> Did the MPD examine Seth Rich's electronic devices? If not, did the FBI examine the devices and report back to MPD? Was there any evidence of communications with Wikileaks or anyone affiliated with Wikileaks?
>
> Did Aaron Rich cooperate in identifying and providing access to his brother's electronic devices and online accounts? Did he make MPD aware of all online and email accounts belonging to Seth Rich in a timely fashion?

An affidavit on the foregoing points would be inadequate because Defendant needs to examine Det. Della Camera based on their own investigations during discovery. Det. Della Camera should be directed to answer such questions in his forthcoming deposition, and the Defendant requests that a magistrate be made available during that deposition to rule on any objections asserted by Det. Della Camera.

**(2) The information sought by the Defendant is not protected by the law enforcement privilege.**

The law enforcement privilege is a qualified privilege and is therefore limited. *In re Sealed Case*, 856 F.2d 268, 272 (D.C. Cir. 1988). As the court stated in that case:

4

> The court therefore must weigh "[t]he public interest in nondisclosure ... against the need of a particular litigant for access to the privileged information." *Id.* To make this determination, the court must consider a bevy of factors:
>
>> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; [and] (10) the importance of the information sought to the plaintiff's case.
>
> *Tuite v. Henry*, 98 F.3d 1411, 1417 (D.C. Cir. 1996) (quoting *In re Sealed Case*, 856 F.2d at 272). As these factors demonstrate, the evaluation of "need" is an "elastic concept that does not turn only on the availability of the information from an alternative source." *Id.* Once, as here, the government has properly claimed the privilege, the burden rests on the requesting party to establish its need for the disclosure. *In re Anthem*, 236 F.Supp.3d at 158; *see Tuite*, 98 F.3d at 1417–19; *cf. In re Sealed Case*, 121 F.2d 729, 737–38 (D.C. Cir. 1997).

*BuzzFeed*, 318 F. Supp. 3d at 361–62. Nine of the ten factors in *Tuitte v. Henry* weigh in favor of disclosure. The Defendant is not seeking the identities of witnesses, therefore factors 1 and 2 weigh in favor of disclosure. Factor 3 is not implicated at all, and factor 4 weighs in favor of disclosure because the Defendant is not seeking evaluative summaries. Factor 5 weighs in favor of disclosure because the Defendant is not a defendant in criminal proceedings following from the incident in question. Factor 6 weighs against disclosure, because the investigation of Seth Rich's murder is ongoing. Factor 7 is not an issue in this case, and the Court has already determined that the Plaintiff's suit is not frivolous, therefore factor 8 weighs in favor of disclosure. Factor 9 favors disclosure because the Defendant cannot get the information from other sources, and factor 10 favors disclosure because potential communications with Wikileaks

5

are critically important to the Defendant's case. It is evident that the balance of the factors overwhelmingly favors disclosure.

**(3) The requested information is not protected by grand jury secrecy.**

Discovery of matters presented to a grand jury is governed by Fed. R. Crim. P. 6(e). *See McKeever v. Barr*, 920 F.3d 842, 844 (D.C. Cir. 2019). The mere fact that documents or evidence have been presented to a grand jury is not a valid defense to disclosure. "[W]hen testimony or data is sought for its own sake—for its intrinsic value in the furtherance of a lawful investigation—rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information was revealed to a grand jury or that the same documents had been, or were presently being, examined by a grand jury…" *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1382 (D.C.Cir.1980), quoting *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir.1960).

> [T]he Court is guided by the key test or "touchstone" articulated by the D.C. Circuit that Rule 6(e) prohibits the disclosure of documents that "would 'tend to reveal some secret aspect of the grand jury's investigation.' *109 " *Senate of the Com. of Puerto Rico ex rel of Judiciary Comm. v. U.S. Dep't of Justice (SoCPR),* 823 F.2d 574, 582 (D.C.Cir.1987) (Ginsburg, R.B., J.). Under this test, merely because a document or information has been presented to the grand jury, even as a grand jury exhibit, does not automatically cloak that either the document or the information with grand jury secrecy protection. *See Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice,* 746 F.3d 1082, 1100 (D.C.Cir.2014) *(CREW)* (" '[T]here is no per se rule against disclosure of any and all information which has reached the grand jury chambers,' let alone any and all information which 'could' reach the grand jury" (quoting *Lopez v. Dep't of Justice,* 393 F.3d 1345, 1349 (D.C.Cir.2005) (citations omitted)).
>
> Rather, the test for application of Rule 6(e) is met only when the documents themselves or the context in which they are described, relayed or communicated indicates that they were a focus of grand jury attention and, thereby, "reveal some secret aspect of the grand jury's investigation." *Lopez,* 393 F.3d at 1349. As the D.C. Circuit explained, "[t]he disclosure of information 'coincidently before the grand jury [which can] be revealed in such a manner that its revelation would not elucidate the inner workings of the grand jury' is not prohibited." *SoCPR,* 823 F.2d at 582 (quoting *Fund for Constitutional Gov't,* 656 F.2d at 870).

6

*Moore v. Hartman*, 102 F. Supp. 3d 35, 108–09 (D.D.C. 2015). Note that the Defendant's subpoena did <u>not</u> seek any grand jury transcripts or documents that would reveal the internal workings of the grand jury. Instead, the Defendant seeks any evidence in MPD's possession that Seth Rich communicated with Wikileaks. None of the requests seek information about what happened or is happening before the grand jury.

## CONCLUSION

The testimony and evidence sought by the subpoena as modified is critically relevant to the Defendant's defense and neither grand jury secrecy nor the law enforcement privilege are applicable here. Accordingly, Det. Della Camera should be directed to comply with the subpoena.

Respectfully submitted,

*/s/ Eden P. Quainton*
EDEN P. QUAINTON
QUAINTON LAW PLLC
D.C. Bar No. NY0318
1001 Avenue of the Americas, 11th Fl.
New York, NY 10018
212-813-8389
equainton@gmail.com

7