IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**,<br><br>    Plaintiff,<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**<br><br>    Defendant | Case No. 4:20-cv-447-ALM |

### PLAINTIFF'S SURREPLY TO DEFENDANTS' MOTION FOR RECONSIDERATION

NOW COMES Brian Huddleston, the Plaintiff, surreplying in opposition to Defendant FBI's Motion for Clarification, or in the Alternative, Reconsideration of the Memorandum Opinion and Order Entered September 29, 2022 (hereinafter "Motion")(Dkt. #73):

### Introduction

In Defendant FBI's Combined Reply / Response to Pending Briefing Regarding Seth Rich's "Laptops" (hereinafter "Reply / Response") (Dkt. #83), the FBI merges two separate issues, namely the releasability of documents from (1) Seth Rich's personal laptop, which was the subject of the Court's summary judgment decision and order, dated September 29, 2022, Dkt. 70 (the "Decision and Order") and (2) Seth Rich's work laptop,

which was not addressed in the FBI's motion for summary judgment nor in the Court's Decision and Order. To avoid confusion and expedite matters, the Plaintiff will only address the personal laptop in this surreply, and he will separately address the work laptop.

In its Decision and Order, the Court ordered the FBI to release the contents of the personal laptop within 14 days. Three months later, and true to form, the FBI is still trying to delay the release of those documents. As explained in Plaintiff's Response in Opposition to Defendant FBI's Motion for Clarification or, in the Alternative, Reconsideration of the Memorandum Opinion and Order entered September 29, 2022 (hereinafter "Plaintiff's Response") (Dkt. #76), the FBI requested more than 66 years to produce the documents that the Court ordered released within 14 days. As noted, the FBI only recently disclosed in the Reply / Response that it had documents relating to Seth Rich's work laptop, and Mr. Huddleston does not wish to delay the release of documents from the personal computer while an entirely new round of briefing begins on the work laptop.

**<u>Argument</u>**

Perhaps unsurprisingly, the FBI takes a cavalier attitude toward its request for reconsideration of the Court's order. This is unwise. In a FOIA case against the U.S. Department of the Army, the U.S. District Court for the District of Columbia noted that a court's discretion under Fed. R. Civ. P. 54(b) is limited by the law of the case doctrine and "subject to the caveat that, where litigants have once battled for the court's decision,

they should neither be required, nor without good reason permitted, to battle for it again." *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006), In its Reply / Response, the FBI ignores most of the issues raised by Mr. Huddleston concerning the the Decision and Order. Mr. Huddleston first argued that the FBI waived reliance on FOIA Exemptions 7(D)-3 and 7(E)-6 because it never briefed those exemptions. *See* Plaintiff's Response 6-8. That issue, *i.e.*, waiver, is the only issue addressed in the FBI's Response / Reply. In essence, the FBI argues that because its *Vaughn* index cited 7(D)-3 and 7(E)-6 (albeit without any explanation or argument), that should be good enough.

It isn't good enough. The cases cited by the FBI provide no support for the notion that the government can satisfy its burden merely by inserting an exemption number (without any further explanation) in a *Vaughn* index. Likewise, government agencies cannot subvert FOIA by sprinkling a few exemption numbers, in conclusory fashion, over vast swaths of information.

> In *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), this court outlined the requirements an agency must meet in indexing the documents it has found responsive to a FOIA request. The court explained that it would "simply no longer accept conclusory and generalized allegations of [FOIA] exemptions," but rather would require agencies to offer "a relatively detailed analysis in manageable segments." *Id.* at 826. Because FOIA challenges necessarily involve situations in which one party (the government) has sole access to the relevant information, and that same party bears the burden of justifying its disclosure decisions, the courts must require the government to provide as detailed a description as possible—without, of course, disclosing the privileged material itself—of the material it refuses to disclose. Additionally, the agency must determine if any portion of an exempt document contains nonexempt information, and, if so, must disclose that nonexempt portion. "In a large document it is vital that the agency specify in detail which portions of the document are disclosable and which are allegedly exempt." *Id.* at 827.

*Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172, 1178 (D.C. Cir. 1996) (emphasis added). The FBI seeks to withhold thousands of records on a computer disk merely by citing personal privacy and Exemptions 7(D)-3 and 7(E)-6, with no explanation or argument. That does not remotely comply with the requirements of FOIA. *Id*.

    Meanwhile, the FBI <u>still</u> fails to address the legal merits of applying Exemptions 7(D)-3 and 7(E)-6 to the personal computer disk contents. Mr. Huddleston explained why those exemptions do not apply on pages 8-11 and 11-13 of Plaintiff's Response, respectively. The FBI did not address those arguments at all. Instead, it offered the court a single document *in camera* and alleged that the document would show why Exemptions 7(D)-3 and 7(E)-6 apply. *See* Defendant FBI's Unopposed Motion for Leave to Submit Exhibit *In Camera* (Dkt. #82). Mr. Huddleston believes this document will show, at most, that the personal laptop was provided to law enforcement by Seth Rich's brother, Aaron, and purportedly examined in the context of allegations that Russian hackers were seeking access to Seth Rich's personal computer.[1] Exemption 7(D)-3 is thus inapplicable because the allegedly sensitive information is already in the public domain. *Id*.

    Given the most recent revelations in the Sixth Declaration of Michael G. Seidel (Dkt. #83-1), one must wonder why the FBI has taken such drastically different positions with respect to the personal laptop versus the work laptop. If there is evidence connecting Seth Rich and the DNC email leak on the work laptop, then it stands to reason that,

---

[1] Mr. Huddleston has elaborated on his reasons for this belief, citing the record, in Plaintiff's Response at 4-5 and 10-11. He has provided additional evidentiary support for this belief in Plaintiff's Motion to Permit Counsel to View Evidence (Dkt. #91) 2-4. He incorporates both documents herein by reference.

unless the data on the personal laptop was tampered with, there would be some communications relating to the DNC leak or some of the parties with whom Seth Rich communicated on the personal laptop. Why the FBI would take such radically different approaches to the work and personal laptops cannot be explained by the contents of the 302 itself, and Mr. Huddleston is entitled to access to all of the personal laptop contents as ordered by the Court. Moreover, regardless of what is in the FD-302, the government has made no attempt to address Mr. Huddleston's legal arguments and has sought to distract the Court with its belated disclosure of the work laptop and associated documents. If the government did not waive Exemptions 7(D)-3 and 7(E)-6 before, it has certainly waived them now.

Admittedly, courts often allow the government to provide an updated and more detailed declaration in in support of a claimed FOIA exemption, but such would not be appropriate here. The declaration that Michael G. Seidel submitted in support of the Reply / Response is the <u>sixth</u> declaration that he has submitted in this case. In that declaration, he merely cites what he wrote in his previous declarations. *See* Sixth Declaration ¶7. He offers nothing new with respect to the personal laptop. Mr. Seidel has had enough mulligans already, at least where the personal laptop is concerned, and the Court's order should stand. That is particularly so in light of the heightened standard for motions for reconsideration set forth in *Judicial Watch*, 466 F. Supp. 2d at 123 (D.D.C. 2006)). The Bureau comes nowhere near meeting its burden with respect to the personal laptop. *Id*.

If the Court nonetheless believes the government should be afforded another opportunity to fix Mr. Seidel's testimony, then Mr. Seidel should be ordered to appear before the Court and testify in person. This process already has taken far too long, and enough is enough. For the reasons set forth in the concurrently-filed Reply in Support of Plaintiff's Motion for Clarification (Dkt. #92), Mr. Seidel's veracity is questionable. The FBI is playing games and creating unnecessary delays, and Mr. Seidel's credibility diminishes with each new declaration. If he is subject to cross-examination before the Court, then that should put a stop to his evasions and equivocations.

If the Court wishes to allow the FBI to produce records from the personal laptop in stages, then Mr. Huddleston respectfully asks the Court to order the FBI to produce all metadata from the laptop first. For reasons discussed elsewhere, *e.g.,* Plaintiff's Response 4-5 and 10-11, Mr. Huddleston believes that the Rich family was permitted to take custody of Seth's personal laptop immediately after the murder, and apparently before the police had examined the laptop. The 302 should confirm this belief. By viewing the metadata, Mr. Huddleston's experts may be able to determine whether someone tampered with the contents of the laptop between (1) the time that Seth Rich was murdered and (2) the time that the laptop or its purported contents were produced to the police. Such tampering, and any acquiescence in such tampering by law enforcement, would raise significant questions about the FBI's good faith and its ever-changing stories about what it knew about Seth Rich's involvement in transmitting DNC emails to Wikileaks in the summer of 2016.

## Conclusion

The FBI has offered no legitimate reason for reversing the Court's September 29, 2022 Order, therefore the FBI's motion for reconsideration should be denied.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

## Certificate of Service

On January 13, 2023, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger