IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**,<br><br>Plaintiff,<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**<br><br>Defendant | Case No. 4:20-cv-447-ALM |

## SUPPLEMENTAL MOTION FOR
## INTERIM PAYMENT OF COSTS AND ATTORNEY FEES

NOW COMES Brian Huddleston, the Plaintiff, supplementing his Motion for Interim Payment of Costs and Attorney Fees (hereinafter "Motion")(Dkt. #52) as follows:

### Introduction

A lot has happened since Mr. Huddleston filed his first motion for payment of attorney fees on April 25, 2022, and the Court can see that merely by looking at the docket. In particular, Mr. Huddleston would direct the Court's attention to his January 13, 2023 Reply in Support of Plaintiff's Motion for Clarification (hereinafter "Reply") (Dkt. #92). The FBI's misrepresentations and dirty tricks are numerous, and the process of smoking them out has been tedious and time-consuming.[1] Unfortunately, this saga is unlikely to end any time soon, hence Mr. Huddleston's supplemental request for an interim payment of costs and fees.

---

[1] Notably, the Defendants did not file a sur-reply to the motion for clarification, and that is because there is really nothing that they could say (or write) to defend themselves.

- 1 -

## Argument

**1. The FBI's recalcitrance is creating significant financial hardship.**

"For an interim award of attorney's fees it is enough that the fee is high relative to the party's or its counsel's ability to continue financing the litigation." *Nat'l Ass'n of Criminal Def. Lawyers, Inc. v. U.S. Dep't of Justice*, 182 F.3d 981, 986 (D.C. Cir. 1999). As of April 25, 2022, Plaintiff's Counsel already had incurred $55,331.65 in costs in fees, which was already more than Mr. Huddleston could afford to pay. *See* Motion and May 16, 2022 Declaration Brian Huddleston (Dkt. #62-1). Now that figure has reached $115,581.65, and there is no end in sight. *See* Declaration of Ty Clevenger and Invoice (Exhibit 1).[2] This has created a very significant financial burden on Plaintiff's Counsel, who must devote greater and greater amounts of work hours to a case that thus far has paid him nothing. Furthermore, Mr. Huddleston has incurred another $6,000 in attorney fees related to the services of Eden Quainton, an attorney who is assisting Plaintiff's Counsel in this case. *See* Declaration of Eden Quainton and Invoice (Exhibit 2).

As evidence that this case will not end any time soon, Mr. Huddleston would first direct the Court's attention to Exhibit 6 to the Reply (Dkt. #92-6), which contains email exchanges between Plaintiff's Counsel and Defendants' Counsel. The FBI has not responded to a single request for clarification, and it has ignored Mr. Huddleston's request to search for records in locations that Mr. Huddleston learned about only recently. In Exhibit 1 to this motion, Mr. Huddleston has attached an updated version of the email string found at Dkt. #92-6. The FBI has not responded to that email. Additional examples of ignored requests for clarification can be

---

[2] As witnessed by his electronic signature on this document, Ty Clevenger declares under penalty of perjury under the laws of the United States that his factual representations in this motion are true and correct, and that the exhibits are true and correct copies of the documents that he represents them to be.

found in the email strings attached to this motion as Exhibits 2 and 3. Thanks to the FBI's recalcitrance, Mr. Huddleston will be forced to address all of these issues in a new cross-motion for summary judgment.

Furthermore, Mr. Huddleston now must address the inconsistencies (or worse) in the FBI's supplemental motion for summary judgment, particularly the Seventh Declaration of Michael G. Seidel ("Seventh Declaration")(Dkt. 95-1). According to the Seventh Declaration, the FBI produced cover pages for three CrowdStrike reports because their existence already had been revealed, *id*. at ¶13, yet the same declaration reveals <u>six</u> reports that already had been revealed publicly. *Id*. at ¶12(a).[3] Paragraph 14, meanwhile, provides another example of the FBI's underhandedness:

> The FBI on March 25, 2022 conducted its initial search for records responsive to Item 4 of Plaintiff's April 9, 2020 request concerning "[a]ny reports from CrowdStrike, Inc. that were obtained by the FBI while assisting Special Counsel Robert Mueller's Investigation." Specifically, the FBI conducted a term search using the term "CrowdStrike" in the SCO investigative files…

Seventh Declaration ¶14. Two things are worth noting about that paragraph. First, the FBI never even searched for the CrowdStrike records – notwithstanding the plain and specific request for those records – until <u>after</u> Mr. Huddleston called out the FBI for trying to hide them. *See* Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment ("Cross-Motion")(Dkt. 46) p. 18. (In fact, Mr. Huddleston listed other requests that the FBI had ignored, apparently in hopes that no one would notice. *Id*.). Second, the paragraph reveals how the FBI improperly narrowed document searches. Mr. Huddleston did not limit his request to "reports from CrowdStrike, Inc. that were obtained by the

---

[3] Perhaps some of the reports are duplicates, but the FBI offers no explanation to that effect.

FBI while assisting Special Counsel Robert Mueller's Investigation." Item 4 actually states as follows:

> All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc. that were obtained by the FBI while assisting Special Counsel Robert Mueller's investigation.

First Amended Complaint 3, ¶6 (Dkt. #3). Mr. Huddleston does not seek to argue those issues here, but he cites them merely to illustrate the amount of time that counsel must spend playing cat-and-mouse with the FBI. Counsel already has spent an inordinate amount of time because of the FBI's duplicitous games, and those games continue unabated. Meanwhile, the bills are piling up.

**2. The Plaintiff already has "substantially prevailed" in this litigation.**

In order to obtain attorney fees in a FOIA case, requestors must show that they have substantially prevailed as of the time of the fee request. "A complainant is deemed to have substantially prevailed if [she] obtained relief through either 'a judicial order ...' or 'a voluntary or unilateral change in position by the agency if the complainant's claim is not insubstantial.' " *Fleming v. Medicare Freedom of Info. Group*, 310 F. Supp. 3d 50, 53 (D.D.C. 2018), quoting *Hussain v. U.S. Dep't of Homeland Sec.*, 674 F.Supp.2d 260, 272 (D.D.C. 2009). In his original Motion filed on April 25, 2022, Mr. Huddleston set forth evidence that had already substantially prevailed against the government. Since that time, the Court has issued its September 29, 2022 Memorandum Opinion & Order (Dkt. #70), and that order alone proves that Mr. Huddleston has substantially prevailed. Furthermore, this litigation exposed significant information about corruption in the FBI's FOIA practices, and that also merits an interim award of attorney fees.

In *Negley v. F.B.I.*, the court awarded attorney fees to the requestor even though he did not seek or obtain records of interest to the public. 818 F.Supp.2d 69, 75–76 (D.D.C. 2011), dismissed 2013 WL 5610260 (D.C. Cir., Sept. 17, 2013, No. 13-5242). Instead, the requestor had forced the FBI to disclose during litigation that multiple databases were excluded from its records indexing system. *See Negley v. F.B.I.*, 658 F.Supp.2d 50, 57 (D.D.C. 2009).[4] Similarly, Mr. Huddleston has forced the FBI to disclose the fact that it excludes anything labeled "digital evidence" from its record searches. *See* Reply 5-6 (citing the record). He has further forced the FBI to disclose the fact that records in its Operational Technology Division ("OTD") are excluded from FOIA searches. *Compare* Cross-Motion 10-13 *with* Joint Status Report, p.4 (Dkt. #50) (FBI belatedly agreeing to search OTD records). For all of the foregoing reasons, Mr. Huddleston already has "substantially prevailed" and therefore should be awarded attorney fees.

---

[4] Mr. Huddleston respectfully urges the Court to read both of the *Negley* opinions in full, particularly the 2009 opinion. Mr. Huddleston intends to rely upon that opinion when seeking reconsideration of portions of the September 29, 2022 Memorandum Opinion & Order (Dkt. #70).

## Conclusion

The FBI's persistent underhandedness has created significant financial hardship, namely by forcing Plaintiff's Counsel (and Mr. Quainton) to expend numerous hours uncovering and exposing the FBI's deceit. It could be years before this litigation is terminated, therefore the financial hardship will continue absent an interim award of attorney fees. Mr. Huddleston already has "substantially prevailed," therefore he moves the Court to award attorney fees and costs to Mr. Clevenger and Mr. Quainton as soon as is reasonably possible.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

## Certificate of Conference

On January 30, 2023, I conferred with Asst. U.S. Attorney Andrea Parker via email, and she indicated that the Defendants will oppose this motion. I have not been able to reach her via telephone.

**/s/ Ty Clevenger**
Ty Clevenger

## Certificate of Service

On February 2, 2023, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger