# Exhibit 4

### Re: Huddleston

From: Ty Clevenger (tyclevenger@yahoo.com)

To: andrea.parker@usdoj.gov

Date: Monday, January 16, 2023 at 04:51 PM CST

Andrea,

Sorry for the string of emails today. Someone contacted me this afternoon and said she was repeatedly contacted by the Twitter handle @Whispertech, whom she believed was either a confidential informant or an employee of the FBI, regarding Seth Rich. I have no knowledge one way or another, but it raises an important question. Given the large volume of data that the FBI automatically excludes from FOIA searches, is it possible that records pertaining to "Russian collusion" or Seth Rich were created (1) by confidential informants or (2) FBI personnel who were in routine contact with Twitter and other social media companies?

Is information to / from / about confidential informants automatically excluded from FOIA? Likewise, would the FBI's communications with social media companies (per URL below) have been included in the search indices? Any such records would be covered by our existing FOIA requests. Please relay to the FBI and ask if they have searched these potential avenues. Thanks again.

Ty

> On Monday, January 16, 2023 at 01:07:15 PM CST, Ty Clevenger <tyclevenger@yahoo.com> wrote:
>
> One more thing... given what has been revealed in the "Twitter Files" over the last few weeks (see, e.g., URL below) we also would like to subpoena Google, Twitter, Facebook, and perhaps other social media. In that case, we would be requesting actual records, e.g., about efforts by the FBI to influence discussions of Seth Rich / Russian hacking. Please let me know whether FBI will oppose. Thanks again.
>
> https://www.realclearpolitics.com/video/2023/01/15/taibbi_on_twitter_files_weve_discovered_a_public-private_censorship_bureaucracy.html
>
> On Monday, January 16, 2023 at 12:53:48 PM CST, Ty Clevenger <tyclevenger@yahoo.com> wrote:
>
> Andrea,
>
> I'm planning to file a motion to permit discovery. I want to depose CrowdStrike and MPD via written questions for the following: (1) what evidence (e.g., phones or

electronic data) was provided to the FBI and when; and (2) what communications about Seth Rich / Russian collusion were sent to the FBI and when.

I don't plan to ask for records from either CrowdStrike or MPD, only a description of what was provided and when. Please let me know if FBI will oppose. Thank you.

Ty

On Wednesday, January 11, 2023 at 02:22:07 PM CST, Ty Clevenger <tyclevenger@yahoo.com> wrote:

Andrea,

I have another question regarding the work laptop, specifically about the report described in Paragraph 15 of the Seidel's sixth declaration. We would like to know whether the report was produced by a private entity such as CrowdStrike.

If the report was produced by Crowdstrike, then it would be covered by my specific request for records from Crowdstrike, and it should be included in the FBI's forthcoming supplemental motion for summary judgment. Either way, please ask the FBI if it is willing to disclose whether the report came from a private entity or government entity. That's an important distinction for purposes of briefing. Thank you.

Ty

On Tuesday, January 10, 2023 at 12:11:01 PM CST, Ty Clevenger <tyclevenger@yahoo.com> wrote:

Andrea,

Did you hear anything from the FBI about this (below) or our request for records about geolocation data? We also have a question for the DOJ / Office of Special Counsel, namely whether it received copies of the three-page report about the work laptop. Please ask DOJ to double-check whether it received any records about the work laptop or personal laptop (beyond what already has been disclosed).

In his report, Special Counsel Robert Mueller said there was no evidence that Seth Rich played a role in the 2016 DNC email leak. We are looking for records that would indicate whether anything (e.g., the three-page report) was withheld from Mr. Mueller.

Finally, we believe the FBI has additional communications / records that it exchanged with the Metropolitan Police Department regarding Seth Rich. Please ask the FBI to search for any such records or communications. I plan to ask the court to permit a deposition on written questions to the MPD, namely to determine what

records or items (e.g., cell phones) were provided to the FBI. I suspect your clients will oppose, but please let me know. Many thanks.

Ty

On Wednesday, December 28, 2022 at 03:38:42 PM CST, Ty Clevenger <tyclevenger@yahoo.com> wrote:

Andrea,

As you may recall, I wrote earlier to ask whether the FBI had other electronic devices that belonged to Seth Rich (e.g., cell phones), and the FBI indicated that it had none. I have attached an article published by one of my clients, and it contains copies of reports from the Metropolitan Police Department. One of those reports refers to Seth's cell phone.

It is obviously possible that MPD never shared the cell phone or its contents with the FBI. Nonetheless, in light of the fact that the FBI only recently discovered a report about the work laptop, please ask the FBI to do what it did with respect to the work laptop, i.e., contact the agents who were involved in the case. Alternatively, the FBI might search its email systems and search using any code names. Many thanks.

BTW, in our motion for reconsideration, I plan to emphasize the fact that Mr. Seidel has never addressed a core question, namely whether the FBI searched according to code names as well as actual names.

Ty