Exhibit 5

# Re: Huddleston

From: Ty Clevenger (tyclevenger@yahoo.com)

To: andrea.parker@usdoj.gov

Date: Monday, December 19, 2022 at 12:31 PM CST

Will this be briefed on 1/6 as well?

> On Wednesday, December 14, 2022 at 03:59:03 PM CST, Ty Clevenger <tyclevenger@yahoo.com> wrote:
>
> Andrea,
>
> I forgot to mention that we would like to see geolocation data (including the specific geodata for Seth's phone or other relevant phones), regardless of the original source. If, for example, the data originally was obtained by the local police but subsequently shared with the FBI, then I believe that would still be covered by our FOIA request. Thank you.
>
> Ty
>
>
> On Wednesday, December 14, 2022 at 03:40:37 PM CST, Ty Clevenger <tyclevenger@yahoo.com> wrote:
>
> Andrea,
>
> Recent press reports (e.g., URL below) indicate that the FBI purchased / obtained geolocation data to determine the location of individuals during the January 6, 2020 riots on Capitol Hill. I would like to know if the FBI purchased or obtained similar data related to Seth Rich on or around the July 10, 2016 date of his murder.
>
> I know that the FBI does not include electronic surveillance (ELSUR) data in its FOIA search indices (per the policy excerpt attached below), so I'm wondering if the geolocation data might have been classified as ELSUR and therefore not indexed. Similarly, I'm wondering if the FBI has any ELSUR on purported attempts to hack, tamper with, or otherwise alter the data on Seth Rich's personal or work laptops. For example, the FBI may have purchased, obtained or produced ELSUR related to other individuals alleged to be responsible for hacking the DNC, hacking Seth's laptops, etc. I believe any such information would be covered by the following paragraph in our April 9, 2020 request:
>
>> *All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016,*

*either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc. that were obtained by the FBI while assisting Special Counsel Robert Mueller's investigation.*

Please ask the FBI to clarify whether it has searched for relevant ELSUR. Thank you.

Ty

[A Peek Inside the FBI's Unprecedented January 6 Geofence Dragnet](#)



**A Peek Inside the FBI's Unprecedented January 6 Geofence Dragnet**
Condé Nast
Google provided investigators with location data for more than 5,000 devices as part of the federal investigatio...

UNCLASSIFIED//LES
(U) Digital Evidence Policy Guide

## 6. (U) Recordkeeping Requirements

### 6.1.  (U//FOUO) FBI Central Recordkeeping System

(U//FOUO) DE must not be uploaded into the FBI's central recordkeeping system or any other FBI administrative or records management system (e.g., FBINet). The FBI's central recordkeeping system (currently Sentinel) is the FBI's official recordkeeping system for all case file management. Nonrecord materials, per the legal definition of federal records, must not be placed in the recordkeeping system. Nonrecord materials include any copies preserved for convenience or reference. Although the FBI's central recordkeeping system has the ability to accept many documents and file types as either serials or attachments to both ECs and forms, current policies dictate the guidelines for what material is authorized to be placed in the FBI's central recordkeeping system. All original DE (1B) and ELSUR evidence (1D) must be maintained and handled per evidence procedures and guidelines, and as such, original digital and ELSUR evidence must not be serialized, attached to any document, maintained, or stored in the FBI's central recordkeeping system. [REDACTED] may be retained in the 1A or 1C section of the case file and thus may be serialized into the FBI's central recordkeeping system. Under no exception may contraband material be serialized into the FBI's central recordkeeping system. b7E