IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**, <br><br> Plaintiff, <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendant | Case No. 4:20-cv-447-ALM |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO PERMIT COUNSEL TO VIEW EVIDENCE

NOW COMES Brian Huddleston, the Plaintiff, replying in support of his Motion to Permit Counsel to View Evidence ("Motion")(Dkt. #91):

Defendant FBI's Response in Opposition to Plaintiff's Motion to Permit Counsel to View Evidence ("Response")(Dkt. #98) is both untimely and unresponsive. The Motion was filed on January 13, 2023 and the Response was due not later than January 27, 2023. *See* Local Rule CV-7(e). The Court may grant an after-the-fact extension if the proponent meets certain criteria, *see Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015), but here the proponent has not requested an extension, much less attempted to meet the criteria for such an extension.

Furthermore, the Response does not address the legal issues raised by the Motion. The 302 form in question was not submitted *ex parte* and *in camera* simply so the Court could determine whether the FBI made improper redactions to that document. Instead, the 302 form was submitted as *evidence* regarding whether thousands of *other* documents should be produced to the Plaintiff.  Mr. Huddleston noted as much in the Motion, but the FBI did not respond to the authorities in the Motion. Obviously, this is a Freedom of Information Act case, not a Foreign Intelligence Surveillance Act proceeding where the FBI gets to submit evidence *ex parte*.

Finally, the purported evidence appears to be unsworn and unauthenticated. If that is the case, then Mr. Huddleston would object on those grounds, but he cannot raise that objection – or any others of which he is yet unaware – unless his counsel is allowed to see the document in question. Mr. Huddleston is not aware of any authority suggesting that a party may proffer evidence (regardless of whether that evidence is ultimately admitted) before sharing that evidence with opposing counsel. Accordingly, the Motion should be granted.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
147 Prince Street, 2nd Floor, Rm. 15-B
Brooklyn, New York 11201
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for Plaintiff Brian Huddleston**

- 3 -

## Certificate of Service

On February 6, 2023, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger