IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, | |
| Plaintiff, | CIVIL ACTION No. 4:20CV447 |
| | JUDGE AMOS MAZZANT |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR INTERIM PAYMENT OF COSTS AND ATTORNEY FEES**

Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") file this response in opposition to Plaintiff's Supplemental Motion for Interim Payment of Costs and Attorney Fees. [ECF 96].

## INTRODUCTION

Defendants' position regarding interim fees has not changed since the parties previously briefed the issue, and Defendants incorporate and rely on their previously filed Response and Sur-Reply on this issue. [ECF 59, 66]. As previously argued, interim fees are disfavored in all but the most exceptional circumstances because litigating fees is burdensome and inefficient, and it delays resolution on the merits. *See, Allen v. FBI*, 716 F.Supp. 667, 667-72 (D.D.C. 1989); *Biberman v. FBI*, 496 F.Supp. 263, 265 (S.D.N.Y.

1980). As before, Plaintiff has failed to establish exceptional circumstances that warrant consideration of interim fees, and his motion should be denied.

## ARGUMENT

The Court's September 29, 2022 Memorandum Opinion & Order resolved the majority of issues in this case in Defendants' favor, finding that the searches were adequate, and that the withholdings and redactions were overwhelmingly appropriate in accordance with the FOIA's exemptions, with the exception of information concerning Seth Rich's laptop. [ECF 70]. Both parties requested reconsideration and/or clarification of the Memorandum Opinion & Order, and briefing is now complete with respect to those motions. [ECF 73, 76, 77, 84, 92, 93]. Additionally, the FBI has submitted a supplemental search declaration and *Vaughn* index in support of two additional searches that the FBI voluntarily agreed to conduct at Plaintiff's request. [ECF 95]. Plaintiff has requested and been granted an extension of time to respond to the supplemental search declaration and *Vaughn* index until February 21, 2023. [ECF 97, 101]. Contrary to Plaintiff's assertions, this case appears be near its conclusion, so consideration of interim fees at this time is not merited, and Plaintiff has again failed to establish his entitlement to interim fees based on the four factors discussed in *Allen*.

### A. Financial Hardship

Plaintiff argues that the FBI's "misrepresentations," "dirty tricks," "recalcitrance," "inconsistencies," "underhandedness," "corruption," and "deceit" have created a financial burden on Plaintiff's Counsel, as he has been forced to spend many hours of uncompensated work to play "cat and mouse" and "smoke out" the FBI's alleged bad

behavior. Plaintiff's conclusory allegations about FBI's alleged bad behavior do not demonstrate an unusual hardship that justifies interim fees. On the contrary, this Court has specifically addressed Plaintiff's allegations of bad faith twice before and has found no evidence of bad faith. [ECF 68, pp. 6-12; 70, pp. 11-12].

### B.  Unreasonable Delay

Plaintiff's motion does not argue unreasonable delay by Defendants.

### C.  Case Length Prior to Motion

This case has been pending for less than three years and is very near its conclusion. This duration is far less than that in cases where courts have denied interim fees. In *Allen,* the court found that "[a]n award of interim fees…is premature, even though seven years have elapsed since the initial filing of this action." *Allen,* 716 F.Supp. at 672,

### D.  The Case is Near Its Conclusion

Plaintiff argues that it could be years before this case is concluded, purportedly based on additional pleadings he plans to file. In support, he complains that the undersigned has not responded to his near daily onslaught of email inquiries, in which he asks for additional searches to be conducted based on articles he finds, or he asks for comments about tweets, or he asks for clarification of issues briefed, or he asks for impermissible discovery. Plaintiff also predicts this case will drag on because he has to respond to the FBI's supplemental search declaration. [ECF 95]. Ironically, rather than just filing his response to conclude briefing in this case, he requested an extension of time

to file a response, apparently so he had the time to draft the motion for interim fees, complaining about how long it is going to take him to prepare a response.

Contrary to Plaintiff's assertions, it should be apparent to the Court that this case is near its end, and the issue of attorney fees and costs should be considered at the conclusion of the litigation, as is the customary procedure.

## CONCLUSION

All four factors suggest that Plaintiff is not entitled to interim fees. As previously argued, should the Court be inclined to grant interim fees, Defendants would request additional time to address the substantive merits of Plaintiff's fee demand. Plaintiff has not established exceptional circumstances that warrant the consideration of interim fees, and his motion should be denied.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

/s Andrea L. Parker
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin, Suite 1250
Beaumont, Texas 77701
Tel:  (409) 839-2538
Fax:  (409) 839-2550
Email: andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2022, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

                                                */s/ Andrea L. Parker*
                                                ANDREA L. PARKER
                                                Assistant United States Attorney