Exhibit 9



World | Business | Markets | Breakingviews | Video | More



U.S. LEGAL NEWS

MARCH 16, 2020 / 8:21 PM / UPDATED 3 YEARS AGO

# U.S. prosecutors drop Mueller-era case against Russian firm

By Sarah N. Lynch



WASHINGTON (Reuters) - A federal judge approved U.S. prosecutors' request on Monday night to dismiss the criminal case against a Russian firm accused of funding a propaganda operation to meddle in the 2016 presidential election to sway it in President Donald Trump's favor.

The prosecutors' filing in U.S. District Court for the District of Columbia came less than a month before the company, Concord Management and Consulting LLC, was due to face a criminal trial in the case.

The request to drop the case puts a dent in former Special Counsel Robert Mueller's prosecutorial successes, though the case had been an uphill battle from the beginning.

Russia does not have an extradition treaty with the United States, and the company's executive, Evgeny Prigozhin, a businessman with close ties to Russian President Vladimir

Putin, who is also individually charged in the case, was never expected to set foot inside a U.S. courtroom.

Prigozhin and Concord were both charged in 2018, along with 12 other individuals and two other entities, with conspiracy to defraud the United States for their alleged role in election meddling aimed at sowing discord in the United States.

Earlier this month, Prigozhin, who is known in the Russian press as "Putin's cook," filed a sworn statement with the court seeking to distance himself from the alleged wrongdoing of his company after prosecutors asked a judge to hold Concord in contempt for violating subpoenas and failing to hand over records.

At an earlier court hearing, prosecutor Adam Jed had accused Concord of not actively playing a role in its own defense, telling the judge overseeing the case he was concerned about the prospects for starting a trial in early April.

In their filing on Monday, prosecutors said that while Concord had "availed itself of the court's jurisdiction" to obtain the government's evidence against the firm, it had along the way used the information to try to discredit the investigation and "refused" to comply with its obligations as a party in the case.

"In short, Concord has demonstrated its intent to reap the benefits of the court's jurisdiction while positioning itself to evade any real obligations or responsibility," they wrote.

They also said they faced new challenges with the government's burden of proof in the case, due to a "classification determination" and other facts that were classified.

"The calculation of whether a substantial federal interest is served by this prosecution… has changed since the indictment was returned," they added.

Reporting by Sarah N. Lynch; Additional reporting by Makini Brice; Editing by Leslie Adler