Exhibit 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

Criminal No. 19-cr-18-ABJ

ROGER J. STONE, JR.,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL UNREDACTED CROWDSTRIKE REPORTS**

Defendant Roger J. Stone has filed a motion seeking to compel production of certain unredacted reports from the cybersecurity company CrowdStrike. Doc. 103. The government has no reason to believe the redacted information constitutes *Brady* material and does not possess the information the defendant seeks.

**FACTUAL BACKGROUND**

By May 2016, the Democratic National Committee ("DNC") and the Democratic Congressional Campaign Committee ("DCCC") became aware that their computer systems had been compromised by intrusions, and they hired the cybersecurity company CrowdStrike to identify the extent of the intrusions and mitigate the threat. On June 14, 2016, the DNC, via CrowdStrike, publicly announced that it had been hacked by Russian government actors. *See,* Washington Post, D.N.C. Says Russian Hackers Penetrated Its Files, Including Dossier on Donald Trump, June 14, 2016, *available at* https://www.nytimes.com/2016/06/15/us/politics/russian-hackers-dnc-trump.html. At the direction of the DNC and DCCC's legal counsel, CrowdStrike prepared three draft reports.[1] Copies of these reports were subsequently produced voluntarily to

---

[1] Although the reports produced to the defendant are marked "draft," counsel for the DNC and DCCC informed the government that they are the last version of the report produced.

the government by counsel for the DNC and DCCC.[2] At the time of the voluntary production, counsel for the DNC told the government that the redacted material concerned steps taken to remediate the attack and to harden the DNC and DCCC systems against future attack. According to counsel, no redacted information concerned the attribution of the attack to Russian actors. The government has also provided defense counsel the opportunity to review additional reports obtained from CrowdStrike related to the hack.

On July 1, 2018, the government indicted twelve Russian intelligence officers for their role in the hack of the DNC and various email accounts belonging to individuals associated with the presidential campaign of Hillary Clinton. *See United States v. Netyksho*, 18-cr-215 (D.D.C.).

## ARGUMENT

**1. The Material the Defendant Seeks Is Not Discoverable**

The defendant argues that he is entitled to the unredacted reports because they constitute exculpatory evidence under *Brady v. Maryland*. 373 U.S. 83 (1963). However, there is no reason to believe that the redacted information constitutes *Brady* material. The defendant is not charged with conspiring to hack the DNC or DCCC. *Cf. Netyksho,* Doc. 1. The defendant is charged with making false statements to Congress regarding his interactions with Organization 1 and the Trump Campaign and intimidating a witness to cover up his criminal acts. Any information regarding what remediation steps CrowdStrike took to remove the Russian threat from the system and strengthen the DNC and DCCC computer systems against subsequent attacks is not relevant

---

[2] The defendant describes the reports as "heavily redacted documents," Doc. 103, at 1. One report is thirty-one pages; only five lines in the executive summary are redacted. Another runs sixty-two pages, and redactions appear on twelve pages. The last report is fifty-four pages, and redactions appear on ten pages.

2

to these charges. And, in any case, the government does not need to prove at the defendant's trial that the Russians hacked the DNC in order to prove the defendant made false statements, tampered with a witness, and obstructed justice into a congressional investigation regarding election interference. *See* Doc. 94, at 6 (arguing that the government will prove that multiple congressional bodies and the FBI opened investigations into Russian interference in the 2016 election, and the defendant interfered in those investigations). The defendant is thus not entitled to the information he seeks.

**2. The Government Does Not Possess the Requested Information**

As the government has advised the defendant in a letter following the defendant's filing, the government does not possess the material the defendant seeks; the material was provided to the government by counsel for the DNC with the remediation information redacted. However, the government has provided defense counsel the opportunity to review additional unredacted CrowdStrike reports it possesses, and defense counsel has done so.[3]

---

[3] These materials are likewise not covered by *Brady*, but the government produced them for defense counsel review in an abundance of caution.

## **CONCLUSION**

Accordingly, the Government respectfully requests that the Defendant's motion be denied.

                Respectfully submitted,

                JESSIE K. LIU
                U.S. Attorney for the District of Columbia

                By:   /s/
                Jonathan Kravis
                Michael J. Marando
                Assistant United States Attorneys

                Adam C. Jed
                Aaron S.J. Zelinsky
                Special Assistant United States Attorneys
                555 4th Street NW
                Washington, D.C. 20530

.