Exhibit 15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Case No.: 1:19-CR-00018-ABJ

UNITED STATES OF AMERICA,

v.

ROGER J. STONE, JR.,

        Defendant.

_____/

## REPLY TO MOTION TO COMPEL UNREDACTED VERSIONS OF
## THE CROWDSTRIKE REPORTS

Defendant, Roger J. Stone respectfully moves to compel discovery of the unredacted copies of the CrowdStrike Reports. In light of the government's representation that it does not have the unredacted reports Stone seeks, the Court should allow a Rule 17 subpoena to be issued upon CrowdStrike for those reports and other reports relating to the hacking, theft, and dissemination of DNC and DCCC data to WikiLeaks.

Paragraphs 1-8 of the Indictment illustrate that the government has adopted CrowdStrike's non-privileged work product and view that the Russian state provided DNC's data to WikiLeaks. This narrative and assumption inspired the House Permanent Select Committee on Intelligence ("HPSCI") investigation into the Russian state's interference in the 2016 presidential election. If the Russian state did not transfer the DNC's data to WikiLeaks, then for certain what Roger Stone said to Congress about communications with Randy Credico, Jerome Corsi, Theodore Malloch, Julian Assange, or an agent of the Russian state or WikiLeaks is not relevant or  material to Congress's or any other agency's investigation.

The government makes two arguments: 1) the government does not consider the reports

*Brady* material; and, 2) it does not possess unredacted reports. The government did permit the defense team to review (but not have a copy of) two other CrowdStrike reports after the Court hearing on May 30, 2019. While the government may not believe the reports are exculpatory, at the very least they provided help to the defense and we request the Court order the government to provide a copy.

The 2016 Reports were created for the DNC, not for or by the government. The DNC conducted its own investigation and gave certain reports to the government. "On June 14, 2016, the DNC, *via* CrowdStrike, publicly announced that it had been hacked by Russian government actors." *See* Ellen Nakashima, *Russian government hackers penetrated DNC, stole opposition research on Trump,* The Washington Post (June 14, 2016), https://www.washingtonpost.com/world/national-security/russian-government-hackers-penetrated-dnc-stole-opposition-research-on-trump/2016/06/14/cf006cb4-316e-11e6-8ff7-7b6c1998b7a0_story.html?utm_term=.1f579fd11c34. At the direction of the DNC and DCCC's legal counsel, CrowdStrike prepared three draft reports. Doc.123 at 1.

As Stone argues in his motion to suppress, if WikiLeaks did not receive the DNC and DCCC's data from the Russian state, then it must affect the determination of probable cause in the search warrant applications and the determination of materiality as to the obstruction and perjury charges against Stone.

If the government does not possess all the reports relating to the hacking and theft of the DNC data, then the Court should grant permission to Stone for an early return of a subpoena to CrowdStrike for all unredacted reports created by it relating to its investigation of the hacking and theft of the DNC. *See* Fed.R.Crim.P. 17(c)(1).[1] *See also Khouj v. Darui*, 248 F.R.D. 729, 730

---

[1]  The court may direct the witness to produce the designated items in court *before trial* or before they are to be offered into evidence. When the items arrive, the court

(D.D.C. 2008).

The Defendant is entitled to full access of these Reports as the issue of whether the DNC or DCCC was hacked is central to the Defendant's defense.

## **CONCLUSION**

This Court should grant Defendant Stone's motion to compel, to the extent the government can provide all the CrowdStrike reports in its possession. Additionally, the Court should permit Stone to issue a subpoena to CrowdStrike pursuant to Rule 17(c)(1).

Respectfully submitted,

By: /s/_____

L. PETER FARKAS
HALLORAN FARKAS + KITTILA, LLP
DDC Bar No.: 99673
1101 30th Street, NW
Suite 500
Washington, DC 20007
Telephone: (202) 559-1700
Fax: (202) 257-2019
pf@hfk.law


ROBERT C. BUSCHEL
BUSCHEL GIBBONS, P.A.
D.D.C. Bar No. FL0039
One Financial Plaza, Suite 1300
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
Telephone: (954) 530-5301
Fax: (954) 320-6932
Buschel@BGlaw-pa.com

BRUCE S. ROGOW
FL Bar No.: 067999
TARA A. CAMPION
FL Bar: 90944
BRUCE S. ROGOW, P.A.
100 N.E. Third Avenue, Ste. 1000
Fort Lauderdale, FL 33301
Telephone: (954) 767-8909
Fax: (954) 764-1530
brogow@rogowlaw.com
tcampion@rogowlaw.com
*Admitted pro hac vice*


GRANT J. SMITH
STRATEGYSMITH, PA
D.D.C. Bar No.: FL0036
FL Bar No.: 935212
401 East Las Olas Boulevard
Suite 130-120
Fort Lauderdale, FL 33301
Telephone: (954) 328-9064
gsmith@strategysmith.com

---

may permit the parties and their attorneys to inspect all or part of them. Fed.R.Crim.P. 17(c)(1) (emphasis added).

CHANDLER P. ROUTMAN
D.D.C. Bar No. 1618092
501 East Las Olas Blvd., Suite 331
Fort Lauderdale, FL 33301
Tele: (954) 235-8259
routmanc@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 14, 2019, I electronically filed the foregoing with the

Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all

counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by

CM/ECF.

*/s/ Chandler Routman*
Chandler P. Routman

*United States Attorney's Office for the
District of Columbia*

Jessie K. Liu
**United States Attorney**
Jonathan Kravis
Michael J. Marando
**Assistant United States Attorneys**
Adam C. Jed
Aaron S.J. Zalinsky
**Special Assistant United States Attorneys**
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-6886
Fax: (202) 651-3393