IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV447<br><br>JUDGE AMOS MAZZANT |

**DEFENDANT FBI'S REPLY TO PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL SEARCH DECLARATION AND VAUGHN INDICES AND RESPONSE IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Federal Bureau of Investigation (FBI) files this (1) reply to Plaintiff's Response to Defendant FBI's Notice of Supplemental Search Declaration and Vaughn Indices and (2) Response in Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment. [ECF No. 105].

## INTRODUCTION

The FBI voluntarily agreed to conduct two additional searches for records: (1) a term search using the term "CrowdStrike" within the Special Counsel Office (SCO) investigative files, which located three publicly acknowledged reports included in a production to Plaintiff on May 23, 2022; and (2) additional targeted searches within the

FBI's Counterintelligence Division and Operational Technology Division using search terms "Seth Conrad Rich", "Seth C. Rich" and "Seth Rich", which returned no additional records. Plaintiff does not challenge no records response in the second search. Plaintiff challenges the adequacy of the FBI's briefing in support of the supplemental searches; argues that the FBI has publicly acknowledged additional CrowdStrike reports, rendering its asserted exemptions and redactions baseless; and purportedly moves for partial summary judgment by seeking additional searches and release of unredacted records.

## SUMMARY JUDGMENT BRIEFING

As Plaintiff is well aware, a FOIA case can be decided on the *Vaughn* index alone, or in conjunction with agency declarations and summary judgment briefing. *See, e.g. Oglesby v. Dep't of the Army*, 79 F.3d. 1172, 1178 (D.C.Cir.1996); *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C.Cir.1973). Plaintiff's continued references to briefing standards in non-FOIA cases have no relevance in this case.[1] Plaintiff's suggestion that the FBI is intentionally circumventing the summary judgment page limits under the Eastern District of Texas Local Rules by incorporating by reference the Seidel declarations is equally without merit. The page limitations in the local rules specifically state that attachments are excluded. Local Rule CV-7(a)(3).

As clearly stated in the notice of filing, the FBI submitted the Seventh Declaration of Michael G. Seidel and attached *Vaughn* indices as a supplement to the previously filed

---

[1] As Plaintiff notes, he filed a similar challenge to the adequacy of the FBI's briefing of national security exemptions. [ECF 65 at 12]. The Court clearly disagreed and found that Seidel's declaration adequately demonstrated proper assertion of national security exemptions. [ECF 70 at 28-33]. Notably, the Court did not deem Plaintiff's challenge to the FBI's briefing worthy of mention.

motion for summary judgment. [ECF 95]. The declaration explains the procedures used to search for, review and process the additional responsive records; and in accordance with *Vaughn v. Rosen*, 424 F. 2d 820 (D.C. Cir. 1973), provides the FBI's justification for withholding information in part or in full pursuant to FOIA Exemptions 1, 3, 4, 6, 7(C), and 7(E), 5 U.S.C. §552 (b)(1), (b)(3), (b)(4), (b)(6), (b)(7)(C), and (b)(7)(E). The declaration and *Vaughn* index, in conjunction with the extensive briefing already before the court, demonstrates the adequacy of the supplemental searches and the applicability of the asserted exemptions.

## FBI HAS NOT PUBLICLY ACKNOWLEDGED ADDITIONAL CROWDSTRIKE REPORTS

Plaintiff argues that the FBI has previously acknowledged the existence of additional CrowdStrike reports beyond the three publicly acknowledged reports that FBI released with redactions to Plaintiff. In support, Plaintiff points to (1) a pleading filed by the United States Attorney's Office for the District of Columbia in *United States v. Roger Stone*, Case No.1:19-cr-00018-ABJ (D.C.D. 2019) and (2) a Congressional report, as evidence that the FBI has publicly acknowledged additional CrowdStrike reports. [ECF 95-1, ¶12; ECF 105, Exh. 14]. Significantly, the two documents cited by Plaintiff were identified and discussed in the Seventh Seidel Declaration to detail the partial piercing of *Glomar*, and contrary to Plaintiff's assertions, do not establish that the FBI has publicly acknowledged additional CrowdStrike reports, rendering its asserted exemptions and redactions improper.

Regarding the *Stone* case, the FBI is not a party to the *Stone* case, did not file the referenced pleading, and has not previously officially acknowledged the fact of the existence of additional CrowdStrike reports. Release of information by a different agency in a non-FOIA forum does not waive potential FOIA exemptions. *See, e.g. Frugone v. C.I.A.*, 169 F.3d 772, 774 (D.C. Cir. 1999); *Hunt v. C.I.A.*, 981 F.2d 1116, 1120 (9th Cir. 1992) (finding that agency not required to confirm or deny accuracy of information released by other government agencies regarding its interest in certain individuals); *Abbotts v. NRC*, 766 F.2d 604, 607 (D.C. Cir. 1985) (holding agency estimates not waived by prior public estimates from other agencies); *Nielsen v. BLM*, 252 F.R.D. 499, 519 (D. Minn. 2008) ("This Court will not construe the release of the . . . unredacted email by the Forest Service as waiver of the deliberative process privilege by the BLM, considering that it was not the BLM that released the document."); *Talbot v. C.I.A.*, 578 F. Supp. 2d 24, 29 (D.D.C. 2008) (finding that "one agency's acknowledgment of a document (no matter its origin) does not constitute an official disclosure sufficient to negate the other agency's invocation of a FOIA exemption"); *Van Atta v. Def. Intelligence Agency*, No. 87-1508, 1988 WL 73856, at *2 (D.D.C. July 6, 1988) (same); cf. *Edwards v. EOUSA*, 436 F. App'x 922, 923 (11th Cir. 2011) (ruling that disclosure of record by local law enforcement entity does not waive application of FOIA exemption for that information).

Regarding the Congressional report, contrary to Plaintiff's assertions, the Congressional report identifies two CrowdStrike Reports, not six. Regardless, when an agency shares information with Congress, without making an official disclosure of the

information to the public, courts have ruled this exchange of information does not result in waiver of FOIA exemptions. *See, e.g. Rockwell Intern. Corp. v. U.S. Dept. of Justice*, 235 F.3d at 604-05 (finding no waiver when agency provided congressional subcommittee with agency report); *Fla. House of Representatives v. U.S. Dept of Commerce*, 961 F.2d 941, 946 (11th Cir. 1992) (holding no waiver resulting from disclosure to Congress under threat of Congressional subpoena); *Heggestad v. U.S. Dept. of Justice*, 182 F. Supp. 2d 1, 12-13 (D.D.C. 2000) (finding no waiver of deliberative process or attorney work-product privileges where information was disclosed to chair of subcommittee); *Edmonds v. F.B.I*, 272 F. Supp. 2d at 49 (affirming that disclosure of information to congressional committee does not constitute waiver). As the D.C. Circuit has noted, "Congress . . . carve[d] out for itself a special right of access to privileged information not shared by others" and so when it receives information pursuant to that authority, "no waiver occurs." *See Murphy v. Dep't of the Army*, 613 F.2d 1151, 1155-56 (D.C. Cir. 1979); see also *Rockwell*, 235 F.3d at 604 (finding no waiver for documents provided to congressional oversight subcommittee, in accordance with FOIA's specific congressional-disclosure provision).

In sum, as explained in the Seventh Seidel Declaration, there are three CrowdStrike reports that have been publicly acknowledged, and those reports were released with appropriate redactions to Plaintiff. Any disclosures or releases made in the Congressional report and the *Stone* pleadings were not made by the FBI in accordance with FOIA; therefore, the FBI is still entitled to assert applicable FOIA exemptions. To the extent any other reports might exist, *Glomar* would apply, as set forth in the Seidel

Seventh and Eighth Declarations.

## **PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

While Plaintiff's filing purports to be a "Cross-Motion for Partial Summary Judgment," he does not actually move for summary judgment, and merely labeling a response as a "cross-motion" does not render it a proper motion. Plaintiff has failed to comply with the Eastern District of Texas Local Rules related to summary judgment because his purported cross-motion does not contain a statement of issues to be decided by the court, does not contain a statement of undisputed material facts, and does not contain appropriate citations to proper summary judgment evidence. Eastern District of Texas Local Rule CV-56(a). Further, Plaintiff's purported cross-motion does not comply with the District's general rule for the form of motions and other pleadings, which requires each pleading, motion, or response to be filed as a separate document. Eastern District of Texas Local Rule CV-7(a).

Further, Plaintiff is not entitled to the relief he seeks. Plaintiff seeks additional searches that far exceed the scope of his original request. An agency is not required to look beyond the four corners of the original FOIA request to conduct an adequate search. *Kowalczyk v. Department of Justice*, 73 F.3d 386 (D.C. Cir. 1996) ("[I]f the requester discovers leads in the documents he receives from the agency, he may pursue those leads through a second FOIA request."). Plaintiff's original request sought "reports from CrowdStrike, Inc. that were obtained by the FBI while assisting Special Counsel Robert Mueller's investigation." [ECF 3, ¶6]. Now Plaintiff seeks to expand that request beyond the four corners of the request, seeking "all reports from CrowdStrike," not just those

obtained by the FBI while assisting Special Counsel Robert Mueller's investigation, as well as "all' communications' between the FBI and CrowdStrike (as well as other entities), including email exchanges between *representatives* of the FBI and *representatives* of CrowdStrike, such as Mr. Sussman." [ECF 104 at 24]. These additional searches clearly exceed the scope of the original request and should be denied.

As to Plaintiff's request that the CrowdStrike reports should be produced without redactions, Plaintiff has not overcome the FBI's properly asserted exemptions with respect to these documents. As mentioned in the Seidel Seventh Declaration, to the extent the Court deems it necessary, the FBI is willing to provide any and/or all the processed records to the Court for *in camera* inspection. [ECF 95-1, FN 7].

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

*/s Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin, Suite 1250
Beaumont, Texas 77701
Tel:    (409) 839-2538
Fax:    (409) 839-2550
Email: andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on February 28, 2023, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

                                          */s/ Andrea L. Parker*
                                          ANDREA L. PARKER
                                          Assistant United States Attorney