# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BRIAN HUDDLESTON, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.  4:20-CV-447 |
| § | Judge Mazzant |
| FEDERAL BUREAU OF § | |
| INVESTIGATION and UNITED STATES § | |
| DEPARTMENT OF JUSTICE, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion for Interim Payment of Costs and Attorney Fees (Dkt. #52) and Plaintiff's Supplemental Motion for Interim Payment of Costs and Attorney Fees (Dkt. #96).  Having considered the motions and the relevant pleadings, the Court finds that the motions should be **DENIED without prejudice.**

### BACKGROUND

This case arises out of the events surrounding the death of Seth Rich, a Democratic National Committee ("DNC") employee who was murdered, and the subsequent investigation that was conducted by the Federal Bureau of Investigation ("FBI").  The facts of this Freedom of Information Act ("FOIA") case have been more fully set forth in the Court's Memorandum Opinion and Order on the parties' cross-motions for summary judgment (Dkt. #70).

Briefly, Plaintiff Brian Huddleston ("Huddleston") filed three (3) FOIA requests to the FBI regarding records pertaining to the Seth Rich murder and investigation.  The FBI found over 20,000 pages of potentially relevant records, which was significant because the Government had

responded to a "nearly identical FOIA request" years prior stating that no responsive documents had been found (Dkt. #70 at p. 6). Despite the over 20,000 pages of documents identified, most of the documents were withheld according to various FOIA exemptions or based on a finding that the documents were not properly responsive to the request (Dkt. #70 at pp. 6–7) ("Of those [1,596 pages of responsive] documents, the Government withheld 1,469 pages under various FOIA exemptions" or as duplicates.). On June 1, 2020, Huddleston filed this FOIA lawsuit against the FBI and the United States Department of Justice (collectively, the "Government") (Dkt. #1).

On April 25, 2022, almost two years after the initial lawsuit was filed, Huddleston filed the pending motion, stating that his counsel had accrued $55,331.65 in costs and attorneys' fees and requesting that the Court award him fees in the interim (Dkt. #52 at p. 3). On May 9, 2022, the Government responded, stating that Huddleston's counsel is not entitled to these fees at this point in the proceedings (Dkt. #59). On May 16, 2022, Huddleston filed a reply (Dkt. #62), to which the Government filed its sur-reply on May 23, 2022 (Dkt. #66). On February 2, 2023, Huddleston filed the pending supplemental motion, informing the Court that counsel's fees had increased to $115,581.65 (Dkt. #96). On February 15, 2023, the Government filed a response, reiterating the same arguments made in the initial motion (Dkt. #103).

## ANALYSIS

Huddleston files the pending motion requesting interim attorneys' fees in this FOIA action. Huddleston argues that the Court should follow course and adopt the test that other courts have adopted in allowing interim fees for FOIA actions under 5 U.S.C. § 552(a)(4)(E). However, as Huddleston mentions in his briefing, the Fifth Circuit has not directly answered the threshold question of whether it allows interim fees in FOIA litigation (Dkt. #52 at p. 1; Dkt. #62 at p. 1). Additionally, the Court is not aware of any district courts in this circuit that have decided whether

a plaintiff is entitled to interim fees in a FOIA action.[1]  Instead, Huddleston cites to cases from the Ninth Circuit and various district courts that have permitted the specific request that he makes in the pending motions under 5 U.S.C. § 552(a)(4)(E).  *See e.g., Rosenfeld v. United States*, 859 F.2d 717, 721 (9th Cir. 1988); *Powell v. U.S. Dep't of Justice*, 569 F. Supp. 1192, 1200 (N.D. Cal. 1983); *Washington Post v. U.S. Dep't of Def.*, 789 F. Supp. 423, 424 (D.D.C. 1992); *Biberman v. Fed. Bureau of Investigation*, 496 F. Supp. 263, 264 (S.D.N.Y. 1980).

For Huddleston to prevail here, the Court views this analysis as requiring two parts that it will need to answer in the affirmative.  First, the Court will have to look at the statute and decide whether Huddleston has satisfied the fee eligibility prong, asking the question of whether the current litigation supports a finding that he has "substantially prevailed."  *See Batton v. I.R.S.*, 718 F.3d 522, 525 (5th Cir. 2013).  During this analysis, the Court will have to decide if it will even allow interim fees based upon the specific language used in 5 U.S.C. § 552(a)(4)(E).  The Court would then move to the second question of fee entitlement, asking whether Huddleston should receive fees.  *See id.*  During this analysis, the Court will decide if it will adopt the test used by the district courts in California and D.C., and if so, whether Huddleston has sufficiently satisfied the relevant factors.[2]  *See Allen v. Fed. Bureau of Investigation*, 716 F. Supp. 667, 672 (D.D.C. 1988)

---

[1] The Court notes that a case out of the Southern District of Texas, *Longoria v. Johnson*, tangentially touched on this matter, as it was disputed whether the FOIA litigation had concluded at the time of requesting attorneys' fees.  No. 1:15-CV-055, 2016 WL 11795789, at *6 (S.D. Tex. Mar. 22, 2016).  In *Longoria*, the district court pointed out that one of the parties stated the following rule in its briefing: "An award of interim attorney[s'] fees under FOIA requires a showing beyond the threshold 'substantially prevailed' requirement and a successful showing on the *Batton* factors articulated above."  *Id.*  However, the *Longoria* court did not have to decide the question of whether it will allow interim fees in a FOIA action and what the relevant rule would be because it ultimately decided that that the litigation was concluded with respect to everything except attorneys' fees.  *Id.*

[2] The relevant four factors are: (1) the degree of hardship which delaying a fee award until the litigation is finally concluded would work on plaintiff and his or her counsel; (2) whether there is unreasonable delay on the government's part; (3) the length of time the case has been pending prior to the motion; and (4) the period of time likely to be required before the litigation is concluded.

3

(citing *Powell*, 569 F. Supp. at 1200). The Court will begin with answering the question of whether Huddleston has "substantially prevailed" in this action.

Under 5 U.S.C. § 552(a)(4)(E), Congress discusses when a court may issue attorneys' fees in a FOIA action. The statute provides, in relevant part:

> (i) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has *substantially prevailed*.
> (ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either—
> (I) a judicial order, or an enforceable written agreement or consent decree; or
> (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 552(a)(4)(E) (emphasis added). Some courts have found that a proper evaluation of whether a party has substantially prevailed cannot occur until the litigation has concluded. *See Irons v. Fed. Bureau of Investigation*, No. 82-1143, 1987 WL 17541, at *2 (D. Mass. June 26, 1987) (citing *Diamond v. Fed. Bureau of Investigation*, 532 F. Supp. 216, 234 (S.D.N.Y. 1981)). Other courts have decided that a party can substantially prevail in the interim, but it is "more efficiently" decided at the conclusion of the case. *Biberman*, 496 F. Supp. at 265.

This analysis will require a review of the current status of this case, including the orders already issued and the motions that are pending. In doing so, the Court will be able to determine whether the record supports a finding that Huddleston has substantially prevailed at this point in the proceedings.

On September 29, 2022, the Court issued a Memorandum Opinion and Order in response to the parties' cross-motions for summary judgment (the "September 29 Order") (Dkt. #70). In the September 29 Order, the Court found that the Government had conducted an adequate search in response to the FOIA request and that "with the exception of information related to Seth Rich's laptop," the Government properly withheld or redacted information in accordance with FOIA's

4

exemptions (Dkt. #70 at p. 52).  Huddleston argues that the Order "alone proves that [] Huddleston has substantially prevailed" (Dkt. #96 at p. 4).

However, on October 27, 2022, the Government filed a Motion for Clarification, or in the Alternative, Reconsideration of the Memorandum Opinion and Order Entered September 29, 2022 (Dkt. #73).  In that motion, the Government states that it initially asserted blanket FOIA exemptions 7(D)-3 and 7(E)-6 to withhold the compact disc that was located in Seth Rich's personal laptop, however, it is "unclear whether the Court also considered" those exemptions from the September 29 Order (Dkt. #73 at p. 2).  Ultimately, the Government asks for "clarification of the Order" regarding those exemptions or in the alternative, "reconsideration of the Order considering these asserted exemptions" (Dkt. #71 at p. 8).  Huddleston opposes the motion, and the issue has been fully briefed by the parties (Dkt. #76; Dkt. #84; Dkt. #93).  On November 14, 2022, Huddleston filed its own Motion for Clarification of the Memorandum Opinion and Order Entered September 29, 2022 (Dkt. #77).  In that motion, Huddleston argues that he needs clarification because Seth Rich possessed two laptops, a personal and work laptop, and despite both being argued in the motions for summary judgment, it is unclear if both were mentioned in the September 29 Order (Dkt. #77 at pp. 1–2).  The parties have also fully briefed this issue (Dkt. #84; Dkt. #92).  Given the specific requests in the motions for clarifications, the Court must defer its decision whether Huddleston has "substantially prevailed" until the Court releases its answers on both pending motions, as it requires an analysis into the September 29 Order.  Put differently, because there is even a possibility that the September 29 Order will be modified based on the relief requested, the Court will not render a decision on whether Huddleston has substantially prevailed at this time.

Huddleston also argues that he had already substantially prevailed against the Government because there was a "voluntary or unilateral change in position by the FBI" prior to the issuance of the September 29 Order (Dkt. #52 at p. 2; Dkt. #96 at p. 4).  Huddleston cites to *Negley v. Fed. Bureau of Investigation*, 818 F. Supp. 2d 69, 75–76 (D.D.C. 2011) for support, arguing that because of this lawsuit, Huddleston has forced the FBI to disclose its search tactics for FOIA requests and specific documents in this case that are of significant public interest (Dkt. #52 at pp. 2–3; Dkt. #96 at p. 5).  In *Negley*, the Court dealt with the question of whether a party substantially prevailed, but it was not until after the FOIA action had concluded.  *See id.* at 73 n.1.  As the Court mentioned above, in order for Huddleston to prevail on this fee eligibility prong here, it will have to decide if the Court will even allow attorneys' fees in the interim based upon the language in 5 U.S.C. § 552(a)(4)(E).  The Government failed to directly respond to the argument that Huddleston had already substantially prevailed prior to the September 29 Order.  Instead, the Government merely argues that interim fees are only granted in exceptional circumstances (Dkt. #103 at p. 1).  *Allen*, 716 F. Supp. at 671.

Even if the Court issued a ruling allowing interim fees in FOIA actions, it would then have to potentially conduct an analysis regarding the time left for the case to conclude.  *Allen*, 716 F. Supp. at 672.  In the briefing for the current motion, the Government argues that "this case is near its end, and the issue of attorney fees and costs should be considered at the conclusion of the litigation" (Dkt. #103 at pp. 3–4).  The Court recognizes that the parties disagree regarding the remaining duration of this case, however, the Court cannot address this point at this time.  The Court will have a better idea of how much longer the current litigation will last after the motions for reconsideration are decided.  To clarify, the Court is not explicitly holding in this Order that it will not grant interim attorneys' fees in this case.  In fact, the Court will allow Huddleston to re-

file the pending motion for interim fees before the entirety of the litigation has concluded. However, because of the parties' pending motions for clarification on the September 29 Order, the Court finds that it cannot conduct a proper analysis on whether Huddleston is entitled to interim attorneys' fees until those issues are resolved.  Thus, the pending motions will be denied without prejudice.

## CONCLUSION

It is therefore **ORDERED** that both Plaintiff's Motion for Interim Payment of Costs and Attorney Fees (Dkt. #52) and Plaintiff's Supplemental Motion for Interim Payment of Costs and Attorney Fees (Dkt. #96) are hereby **DENIED without prejudice.**  The Court will allow the parties to re-file the request with subsequent briefing as to issue of interim fees after the Court has ruled on the pending motions for reconsideration (Dkt. #73; Dkt. #77).

**IT IS SO ORDERED.**

SIGNED this 6th day of March, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE