**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

**BRIAN HUDDLESTON**,

      Plaintiff,

vs.

**FEDERAL BUREAU OF
INVESTIGATION and UNITED STATES
DEPARTMENT OF JUSTICE**

      Defendant

**Case No. 4:20-cv-447-ALM**

<u>**SUR-REPLY IN OPPPOSITION TO DEFENDANT FBI'S NOTICE OF
SUPPLEMENTAL SEARCH DECLARATION AND VAUGHN INDICES**</u>

NOW COMES Brian Huddleston, the Plaintiff, sur-replying in opposition to Defendant

FBI's Notice of Supplemental Search Declaration and Vaughn Indices (hereinafter

"Supplemental Search") (Dkt. #95)

**Introduction**

Although the FBI's filing is titled as a "notice," the parties subsequently agreed that it is,

in reality, a motion for partial summary judgment. *See* Plaintiff's Unopposed Motion for

Extension of Time (Dkt. #97) and January 27, 2023 Email exchange between Ty Clevenger and

Andrea Parker (attached as Exhibit 1).[1] The FBI does not dispute the fact that Mr. Huddleston

responded to that motion, but it contends that his response fails to meet the criteria for a cross-

motion for summary judgment. *See* Defendant FBI's Reply to Plaintiff's Response to Notice of

Supplemental Search Declaration and Vaughn Indices and Response in Opposition to Plaintiff's

---

[1] As witnessed by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that the exhibits attached to this sur-reply are true and correct copies of the documents that he represents them to be.

Cross-Motion for Partial Summary Judgment (hereinafter "FBI Reply")(Dkt. #106) at 2, citing Local Rule CV-56(a).[2] This is more than a little hypocritical. Although the FBI conceded that its Supplemental Search was in reality a supplemental motion for summary judgment, see Dkt. #97 and Exhibit 1, the FBI did not comply with the very same rule regarding summary judgment, *i.e.*, Rule CV-56(a).

In any event, Mr. Huddleston respectfully avers that it does not matter whether he filed a cross-motion for summary judgment. The Government always retains the burden of proving that it properly withheld documents or asserted exemptions. *See Jurdi v. United States*, 485 F. Supp. 3d 83, 91–92 (D.D.C. 2020). If the Government fails to meet that burden, then the case obviously cannot be terminated via summary judgment. It seems the Court's only options would be to direct the Plaintiff to file a proper cross-motion or simply skip that step and order the Government to comply with FOIA.  The Plaintiff respectfully requests the latter. Regardless of whether the Plaintiff's response was correctly configured as a cross-motion for summary judgment, it nonetheless explains why the FBI is not entitled to summary judgment.

## Argument

### 1.  The FBI waived arguments by failing to brief those arguments.

Time and again the FBI was warned about inadequate or non-existent briefing, *see* Plaintiff's Response to Defendant FBI's Notice of Supplemental Search Declaration and Vaughn Indices and Plaintiff's Cross-Motion for Partial Summary Judgment (hereinafter "Plaintiff's Response") (Dkt. #104) pp. 8-10 (citing prior warnings), and it waited until now, in the FBI

---

[2] In a footnote, the FBI suggests that because the Court did not address one of Mr. Huddleston's prior arguments about inadequate briefing, the Court "clearly" agreed with the FBI that it need not address legal arguments in a brief. *See* FBI Reply 2 n.1. Mr. Huddleston respectfully asks the Court to address the issue squarely and put it to rest.

Reply, to provide a half-baked argument in response.[3] It is too little, too late. According to the FBI, "a FOIA case can be decided on the *Vaughn* index alone, or in conjunction with agency declarations and summary judgment briefing." Reply 2, citing *Oglesby v. Dep't of the Army*, 79 F.3d. 1172, 1178 (D.C.Cir.1996) and *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C.Cir.1973). That statement is flagrantly false, at least to the extent that it suggests "a FOIA case can be decided on the *Vaughn* index alone…" Neither *Oglesby* nor *Vaughn* suggest anything of the sort. Furthermore, the local rules do not exempt FOIA cases from standard briefing requirements, nor do the FOIA statute or the Federal Rules of Civil Procedure. Accordingly, the FBI waived most of its arguments by failing to brief them.

### 2.  The FBI publicly acknowledged the existence of additional CrowdStrike reports.

The bottom paragraph on page 3 of the FBI Reply is a case study in bureaucratic doublespeak. The government's own exhibit (Dkt. #95-2) proves there are at least three CrowdStrike reports, not two. Furthermore, Mr. Huddleston submitted a filing from *U.S. v. Roger Stone*, 1:19-cr-00018-ABJ (D.D.C.) wherein the U.S. Department of Justice disclosed three reports, not two. *See* Dkt. #105-14. And Mr. Stone's attorneys stated that they received three CrowdStrike reports on a CD-ROM on March 19, 2019, not two. *See* Motion to Compel Unredacted Versions of the CrowdStrike Reports, *U.S. v. Roger Stone*, Case No. 1:19-cr-00018-ABJ (Dkt. #103), attached to this document as Exhibit 2.[4] Thereafter, on June 14, 2019, Mr. Stone's attorneys wrote as follows: "The government did permit the defense team to review (but

---

[3] With no apparent sense of irony, the FBI ignores most of Mr. Huddleston's arguments and authorities on pp. 8-10 of Plaintiff's Response, *i.e.*, the authorities indicating that parties *must* brief their arguments. Likewise, its attempt to distinguish *Miller UK Ltd. v. Caterpillar, Inc.*, 292 F.R.D. 590, 592 (N.D. Ill. 2013) by citing Local Rule CV-7(a)(3) is completely disingenuous. *Miller* stands for the proposition that parties may not avoid page limits by diverting their arguments into exhibits and attachments, which do not count toward the page limit. 292 F.R.D. 590, 592. That is *exactly* what the FBI has done in this case.

[4] As witnessed by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that the exhibits to this filing are true and correct copies of the documents that he represents them to be.

not have a copy of) two <u>other</u> CrowdStrike reports after the Court hearing on May 30, 2019."

Reply to Motion to Compel Unredacted Versions of the CrowdStrike Reports (Dkt. #134)

(emphasis added), *Stone*, Case No. 1:19-cr-00018-ABJ, filed in this case as Dkt. #105-15. Mr.

Huddleston has therefore demonstrated conclusively (notwithstanding the government's word

salad) that there are *at least* five responsive CrowdStrike reports. *Id.*

 In sheer desperation, the FBI argues that the disclosures in *Stone* do not require the FBI

to acknowledge the existence of additional reports. FBI Reply at 4. Specifically, the FBI argues

that "[r]elease of information by a different agency in a non-FOIA forum does not waive

potential FOIA exemptions." *Id.*, citing, among other cases, *Frugone v. C.I.A.,* 169 F.3d 772, 774

(D.C. Cir. 1999).  The FBI's argument is disingenuous at best. In Westlaw, and presumably in

Lexis, *Frugone* is flagged as having been modified or distinguished by another case:

> We have permitted agencies to give a *Glomar* response despite the prior disclosure of
> another, unrelated agency. *See, e.g., Frugone v. CIA,* 169 F.3d 772, 774–
> 75 (D.C.Cir.1999) (upholding the CIA's ability to make a *Glomar* response despite
> official disclosure of the same information by the Office of Personnel Management). That
> rule does not apply, however, where the disclosures are made by an authorized
> representative of the agency's parent. *See Marino* [*v. Drug Enforcement
> Administration*]*,* 685 F.3d [1076], 1082 (disallowing a *Glomar* response by the DEA
> where a U.S. Attorney released documents because both are "component[s] *within* the
> Department of Justice"); *see id.* (noting the court's holding in *Davis v. Department of
> Justice* that "the FBI—likewise part of DOJ—could not withhold the specific portions of
> recordings that the plaintiff showed were played in federal court" by a federal prosecutor)
> (citing *Davis v. U.S. Dep't of Justice,* 968 F.2d 1276, 1279–82 (D.C.Cir.1992)). A
> disclosure made by the President, or by his counterterrorism advisor acting as
> "instructed" by the President, falls on the "parent agency" side of that line.

*A.C.L.U. v. C.I.A.*, 710 F.3d 422, 429 n.7 (D.C. Cir. 2013). Like the DEA in *Marino*, the FBI's

parent agency is the U.S. Department of Justice. *See, e.g.,* Organizational Chart, U.S.

Department of Justice, https://www.justice.gov/jmd/page/file/1399256/download (attached as

Exhibit 3). The FBI is thus bound by the disclosures made by the Department of Justice in *Stone*,

and it cannot deny the existence of the additional reports. *A.C.L.U. v. C.I.A.*, 710 F.3d at 429

n.7.[5]

### 3. The FBI is still hiding responsive documents.

In Plaintiff's Response, Mr. Huddleston chastised the FBI because it quoted only parts of

his request for records about related to CrowdStrike, and then it dishonestly suggested that it had

fully complied with the request. Undeterred, the FBI perpetrates the same stunt in the FBI Reply.

The actual request – *in its entirety* – reads as follows:

> All data, documents, communications, records or other evidence indicating whether Seth
> Rich, Aaron Rich, or any other person or persons were involved in transferring data from
> the Democratic National Committee to Wikileaks in 2016, either directly or through
> intermediaries. This request includes, but is not limited to, any reports from CrowdStrike,
> Inc. that were obtained by the FBI while assisting Special Counsel Robert Mueller's
> investigation.

First Amended Complaint 3, ¶6 (Dkt. #3)(emphasis added). On February 23, 2023, the

undersigned sent the following email to counsel for the FBI:

> *Andrea,*
>
> *After I filed the response / cross-motion on 2/21, someone sent me information
> about companies other than CrowdStrike that investigated the DNC hack in 2016.
> I've posted some links below. If the FBI has copies of reports / communications
> from these companies (or other companies or individuals), I believe those reports /
> communications would be covered by our request.*
>
> *Ty*
>
> https://threatconnect.com/news/guccifer-2-0-dnc-breach/
>
> https://www.mandiant.com/sites/default/files/2021-09/APT28-Center-of-Storm-2017.pdf
>
> https://fidelissecurity.com/threatgeek/archive/findings-analysis-dnc-intrusion-

---

[5] On page 5 of the FBI Reply, the FBI cites various cases for the premise that disclosure of executive documents to Congress does not result in a FOIA waiver. All of those cases are distinguishable because the records were generated by the government. In this case, however, a private company produced the documents, and it seems the company may have provided the documents directly to Congress in addition to providing the documents to the FBI. Either way, the cat is out of the bag.

malware/

February 23, 2023 Email from Ty Clevenger to Andrea Parker. The foregoing email is attached as Exhibit 4, and the documents found at the three URLs are attached as Exhibits 5, 6, and 7, respectively. The FBI did not respond to the email, but it needs to disclose whether it received any of the foregoing reports.

On March 3, 2023, the plaintiffs in *Missouri v. Biden* filed numerous emails that they obtained from the FBI during discovery, *see* Case No. 3:22-cv-01213 (W.D. La.) (Dkt. #204-9), and Mr. Huddleston has attached those emails as Exhibit 8. One of those emails specifically mentions CrowdStrike. Consider the following:

> Michael,
>
> As discussed yesterday, I am writing to request an initial batch of items from your clients.  For all victims, DOJ and FBI request the following:
>
> 1. Any released files that are believed to be fake or modified and, if applicable, the original, unmodified file; and
> 2. 24-36 released files that were not circulated outside each of victim organizations (e.g., the donor list that was mentioned during our meeting) and a preliminary indication as to whether any of these may have been modified.
>
> For DCCC only, we request access to data and/or employees that could speak to the two screenshots at the bottom of this e-mail as having been created from an amalgamation of files or directories on the DCCC network.  We believe that DCCC and/or Crowdstrike may have looked into these screenshots between on or about September 2 and 6, 2016.
>
> Finally, as Sarah mentioned during the meeting, some media reporting referred to an ongoing DNC effort to review documents to see if any had been "forged."  To close the loop on that, we pulled up the following from a USA Today article regarding the September 13, 2016 information release:  "in response to that most recent leak, DNC interim chair Donna Brazile <u>stated that their</u> 'legal team is now in the process of reviewing these private documents, and attempting to confirm their authenticity, as it is common for Russian hackers to forge documents.'"
>
> We'll provide the more comprehensive wish list by the end of the week.
>
> Thank you.
>
> Sean Newell
> Deputy Chief – Cyber
> Counterintelligence and Export Control Section

September 27, 2016 Email from Sean Newell to Michael Sussman (Exhibit 8, p. 2). Mr. Huddleston contends that this email falls within the parameters of "[a]ll data, documents,

communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries." First Amended Complaint 3, ¶6 (Dkt. #3)(emphasis added). It does not appear that the FBI searched for anything beyond the three CrowdStrike reports, notwithstanding the fact that Mr. Huddleston' request is considerably broader than that.

<u>**Conclusion**</u>

The FBI's search was inadequate, and it should be compelled to conduct a through search for responsive records.

Respectfully submitted,

<u>**/s/ Ty Clevenger**</u>
Ty Clevenger
Texas Bar No. 24034380
147 Prince Street, Suite 2-15B
Brooklyn, New York 11201
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for Plaintiff Brian Huddleston**

<u>**Certificate of Service**</u>

On March 14, 2023, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

<u>**/s/ Ty Clevenger**</u>
Ty Clevenger