IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**, <br><br> Plaintiff, <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendant | Case No. 4:20-cv-447-ALM |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Brian Huddleston, the Plaintiff, moving the Court to grant summary judgment in his favor regarding the matters set forth below:

### Introduction

After the Memorandum Opinion and Order (hereinafter "Memorandum") (Dkt. #70) issued on September 29, 2023, Mr. Huddleston learned about additional locations where responsive records are likely to be found. It appears that many or most of these locations are not part of the FBI's records indexing systems, so the Plaintiff's Counsel asked the FBI to clarify whether those locations were searched (or whether they were part of the indexing systems). Thus far the FBI either has not responded to Mr. Huddleston's inquiries or it has refused to conduct additional searches, therefore Mr. Huddleston moves for partial summary judgment. Specifically, Mr. Huddleston moves the Court to order the FBI either to search the additional locations or at least verify that those locations would be covered by the FBI's records indexing

systems. In the alternative, Mr. Huddleston should be granted permission to propound discovery and take depositions of FBI personnel.

## Argument

In order to satisfy FOIA's requirements for an adequate search, an agency must demonstrate that "the search was reasonably calculated to discover the requested documents." *NAACP Legal Def. & Educ. Fund, Inc. v. Dep't of Just*., 463 F. Supp. 3d 474, 483 (S.D.N.Y. 2020).

> To satisfy the reasonableness standard... "an agency must <u>search all locations likely to contain responsive records</u>; not simply where the records are 'most likely' to be found." *Knight First Amendment Inst. at Columbia Univ. v. U.S. Dep't of Homeland Sec*., 407 F. Supp. 3d 311, 324 (S.D.N.Y. 2019); *see also DiBacco v. U.S. Army*, 795 F.3d 178, 190 (D.C. Cir. 2015). In applying this reasonableness standard, courts consider, among other things, "the search terms and type of search performed" and the "nature of the records system or database searched." *See Knight First Amendment Inst.*, 407 F. Supp. 3d at 324; *see also Schwartz v. Dep't of Def.*, 2017 WL 78482, at *6 (E.D.N.Y. Jan. 6, 2017).

*NAACP*, 463 F. Supp. 3d at 484 (emphasis added). The FBI has refused to comply with that standard, hence this motion.

The FBI has a long history of not only omitting entire information systems from its FOIA search indexes, but keeping the public in the dark about the fact that its search indexes omit those potential sources of responsive records. *See Negley v. F.B.I.*, 658 F.Supp.2d 50, 57 (D.D.C. 2009). It does so in plain violation of the law. *See Pub. Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1, 19–20 (D.D.C. 2000), citing 5 USC §552(g). In this case, Mr. Huddleston has already caught the FBI hiding responsive records under the guise of "digital evidence" or "DE," *see* Reply in Support of Plaintiff's Motion for Clarification (Dkt. #92) 5-6, and it now appears that the FBI is omitting even more information systems from it search indexes.

**(1) The FBI should be compelled to search its "DE" files.**

Mr. Huddleston adopts the aforementioned reply (Dkt. #92) as if fully set forth herein. The FBI should be compelled to search all "digital evidence" for responsive records. [1] It may then assert exemptions as appropriate.

**(2) The FBI should be compelled to search its Lync messaging systems.**

On March 10, 2023, Plaintiff's Counsel contacted Defendants' Counsel regarding news reports about the FBI's use of an internal messaging system known as "Lync." *See* Exhibit 1.[2] The March 10, 2023 email contained URLs for two news articles, and those articles discussed allegations that the FBI withheld evidence from criminal defendants, namely evidence found in Lync files. *See* Matthew Impelli, "Proud Boys Attorney Finds 'Hidden' FBI Messages During Jan. 6 Trial," March 9, 2023 (https://www.newsweek.com/proud-boys-attorney-finds-hidden-fbi-messages-during-jan-6-trial-1786773) (Exhibit 2) and Holmes Lybrand and Casey Gannon, "Prosecutors mistakenly turn over potentially FBI classified material to Proud Boys on trial," March 9, 2023 *CNN* (https://www.cnn.com/2023/03/09/politics/fbi-proud-boys-trial/index.html) (Exhibit 3).[3] The email also included a brief filed in *U.S. v. Michael T. Flynn*, 2020 WL 6130873, Case No. 17-232-EGS (D.D.C.)(Exhibit 4), and that brief discussed exculpatory evidence found in Lync files that previously had been withheld from the defendant in that case. *Id*. On March 11, 2023, the undersigned sent a follow-up email to Defendants' Counsel:

---

[1] Plaintiff's Counsel asked whether the FBI had possession of Seth Rich's cell phones or other electronic devices, for example, and Defendants' Counsel indicated that the FBI did not have the devices. The FBI's search should include any "digital evidence" downloaded from such devices, regardless of whether the FBI actually possesses the devices now.

[2] As witnessed by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that the exhibits to this motion are true and correct copies of the documents that he represents them to be.

[3] If classified information about Seth Rich, CrowdStrike, etc. is found in Lync, then the FBI may withhold that information under the proper exemption. The issue here is not whether the FBI may withhold particular records, but whether it may categorically refuse to search Lync.

> I came across additional information about Lync in a 2018 report from the Office of Inspector General. I've included a URL for that report below. According to the OIG report, the FBI started saving all text and instant messaging in Lync in 2015 in order to comply with criminal discovery requirements. The Lync system is summarized on page 144. According to page 395, there are at least two types of Lync systems: FBINet and SCINet.
>
> Although agents were warned not to use Lync for "substantive communications," fn. 208, pp. 413-414, it is now clear that agents routinely engaged in substantive communications using Lync. That would explain the revelations in my previous emails (below), as well as the attached document filed in *USA v. Michael Flynn*.
>
> Clearly, the FBI has been required to search Lync for purposes of discovery compliance. That is why I have asked (1) whether Lync records are indexed to CRS and (2) whether the Lync system was searched for records about Seth Rich, CrowdStrike, etc. Given the sheer volume of embarrassing communications uncovered by OIG investigators on Lync, as well as the fact that FBI personnel assumed that none of their communications were preserved, it is only reasonable to conclude that FBI were not, at least prior to 2018, indexing their Lync communications to CRS.
>
> Please ask the FBI to clarify whether Lync records were searched, and whether FBI policy excludes Lync records from FOIA searches. Thank you.

Exhibit 1. Relevant, highlighted excerpts of the inspector general report are attached as Exhibit 5. The FBI never responded to the March 10, 2023 or March 11, 2023 emails, thus it is still unclear whether Lync messages would have been included in the FBI's search for records. If Lync is intended to help the FBI comply with criminal discovery requirements, *see* Exhibit 5, p. 413 n. 208 and Nordean's Notice of Argument in Support of Impeachment of Witness with Hidden Jencks-Related Communications, Dkt. #678, *U.S. v. Ethan Nordean*, Case No. 1:21-cr-00175-TJK (D.D.C.)(attached as Exhibit 6), then the FBI has no excuse for omitting Lync from FOIA searches, and it should be compelled to search Lync for responsive records.

**(3) The FBI should be compelled to search for records in "Teleporter."**

In a January 24, 2023 email (Exhibit 7), Plaintiff's Counsel sent Defendants' Counsel a link to a column that discusses "Teleporter," a direct communication link between the FBI and Twitter. *See* Michael Shellenberger, "Elon Musk chose us to report on the Twitter Files. Here are

the disturbing things I learned about the FBI," January 18, 2023 *Fox News* (https://www.foxnews.com/opinion/elon-musk-chose-me-report-twitter-files-disturbing-things-learned-fbi) (Exhibit 8). According to that column, the FBI used Teleporter to communicate with Twitter for purposes of censoring information about Hunter Biden's infamous laptop. *Id*. Mr. Huddleston would like to know whether the FBI used Teleporter to censor information covered by his FOIA requests, *e.g.*, information about Seth Rich, CrowdStrike, or any other person or entity involved in the "hack" of the Democratic National Committee. Plaintiff's Counsel asked Defendants' Counsel whether the FBI had searched Teleporter for responsive records, *see* Exhibit 6, but the FBI never responded. The FBI should be compelled to search Teleporter for any and all responsive records.

**(4) The FBI should be compelled to search electronic surveillance and geolocation data.**

In separate emails, Plaintiff's Counsel asked whether the FBI had searched for responsive records in its electronic surveillance (*a.k.a.* "ELSUR") files or any geolocation data in its possession. Those emails explained the reasons why those respective files need to be searched, but the FBI never responded, and we know for certain that ELSUR is not included in the FBI's search indexes. *See* Policy 6.1, "Digital Evidence Policy Guide," Federal Bureau of Investigation p. 43 (Dkt. #83-2, p. 55). The FBI should be compelled to search its ELSUR records as well as all sources of geolocation data.

**(5) The FBI should be compelled to search for missing forms related to items or evidence already identified.**

On October 31, 2022, Plaintiff's Counsel sent Defendants' Counsel a list of standard FBI forms that pertain to the handling of property or evidence. *See* Exhibit 9. Some of those forms should have been filled out for items such as Seth Rich's personal laptop and work laptop, yet none of the forms have been produced or identified in a *Vaughn* index. Plaintiff's Counsel asked

the FBI to search for any responsive forms, but the FBI did not respond to the October 31, 2022 email. The FBI should be compelled to search for the forms listed in the email.

**(6) The FBI should be compelled to search for records related to activities of the CIA and other agencies or third parties.**

In a February 13, 2023 email to Defendants' Counsel (Exhibit 10), Plaintiff's Counsel explained that records from the FBI's participation in a CIA task force about purported Russian interference in the 2016 election would be covered by Mr. Huddleston's FOIA request:

> As you know, in *The Transparency Project vs. U.S. Department of Justice, et al.*, Case No. 4:20-cv-00467-SDJ [E.D. Tex.], our clients are battling over records about a task force convened by former CIA Director John Brennan to investigate purported Russian interference in the 2016 Presidential election. FBI personnel served on that task force, therefore any records from that task force (*e.g.*, emails transmitted across FBI email systems among task force members) should have been produced.
>
> Likewise, if the FBI is in possession of any records about the CIA (or any other government agency) inserting Russian "fingerprints" into DNC emails that were later published by Wikileaks, *see* First Amended Complaint (Dkt. #5) ¶11, Case No. 4:20-cv-00467-SDJ, then those records should have been produced. Finally, if the FBI is in possession of any records about the CIA (or any other government agency) creating or operating social media accounts like "Guccifer 2.0" or "DCLeaks" for the purposes of hiding the origins of the DNC email leak, id., then those records should have been produced.
>
> The foregoing records, if they were in the possession of the FBI, are covered by at least two requests within Mr. Huddleston's FOIA letter, including the following:
>
> > All documents, records, or communications exchanged with any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder or (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks. [*Explanation: If the U.S. Government tried to divert attention from any role played by Seth or Aaron Rich, e.g., by inserting Russian "fingerprints" or creating social media accounts, then records of that would necessarily be records "regarding" the Rich's involvement in the leaks*].
>
> > All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. [*Explanation: Insofar as "Guccifer 2.0"*

> and "DCLeaks" played a public role in transferring DNC emails, any records of that would be responsive to the request].
>
> As you know, I am planning to file a new cross-motion for summary judgmnent [*sic*]. Please ask the FBI if it has searched for records such as those described above. Thank you.

Exhibit 10. If the FBI is in possession of responsive records from another agency like the CIA (or from any other source), then the FBI is obligated to produce those records. *See Shapiro v. Cent. Intelligence Agency*, 170 F. Supp. 3d 147, 158–59 (D.D.C. 2016). It has long been held that "when an agency receives a FOIA request for 'agency records' in its possession, it must take responsibility for processing the request." *McGehee v. C.I.A.*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), on reh'g sub nom. *McGehee v. Cent. Intelligence Agency*, 711 F.2d 1076 (D.C. Cir. 1983). "It cannot simply refuse to act on the ground that the documents originated elsewhere." *Id*. That would include records about the CIA (or the FBI itself) inserting "Russian fingerprints" into Democratic National Committee emails in order to divert attention from Seth Rich or another domestic source. *See* First Amended Complaint ¶11, Dkt. #5, *The Transparency Project v. U.S. Department of Justice, et al.*, Case No. 4:20-cv-00467-SDJ (E.D.Tex.), attached as Exhibit 11.

**(7) The FBI should be compelled to search for records related to activities of the CIA and other third parties.**

On January 16, 2023, Plaintiff's Counsel sent the following email to Defendants' Counsel regarding potentially responsive records:

> Sorry for the string of emails today. Someone contacted me this afternoon and said she was repeatedly contacted by the Twitter handle @Whispertech, whom she believed was either a confidential informant or an employee of the FBI, regarding Seth Rich. I have no knowledge one way or another, but it raises an important question. Given the large volume of data that the FBI automatically excludes from FOIA searches, is it possible that records pertaining to "Russian collusion" or Seth Rich were created (1) by confidential informants or (2) FBI personnel who were in routine contact with Twitter and other social media companies?

> Is information to / from / about confidential informants automatically excluded from FOIA? Likewise, would the FBI's communications with social media companies (per URL below) have been included in the search indices? Any such records would be covered by our existing FOIA requests. Please relay to the FBI and ask if they have searched these potential avenues. Thanks again.

Exhibit 12. The FBI did not respond. The FBI should be compelled to search for responsive records created or received by confidential informants. Similarly, the FBI should be compelled to search for communications between confidential informants or FBI personnel and third parties, *e.g.*, communications under pseudonymous social media handles like @Whispertech.

**(8) The FBI should be compelled to search for all reports concerning the 2016 "hack" of Democratic National Committee emails.**

Mr. Huddleston adopts by reference his Sur-Reply in Opposition to Defendant FBI's Notice of Supplemental Search Declaration and Vaughn Indices ("Sur-Reply")(Dkt. #110) as if fully set forth herein.

> "[A]n agency [ ] has a duty to construe a FOIA request liberally," *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995), and it must "select the interpretation that would likely yield the greatest number of responsive documents." *Rodriguez*, 236 F. Supp. 3d at 36. "The agency must be careful not to read the request so strictly that the requester is denied information the agency well knows exists in its files, albeit in a different form from that anticipated by the requester." *Hemenway v. Hughes*, 601 F. Supp. 1002, 1005 (D.D.C. 1985).

*Stein v. Cent. Intelligence Agency*, 454 F. Supp. 3d 1, 20–21 (D.D.C. 2020). The FBI should be compelled to search for and produce reports from all sources regarding the alleged hack of the Democratic National Committee in 2016, *see* Sur-Reply 5-7, not just the reports produced by CrowdStrike.

**(9) The FBI should be compelled to answer questions about the adequacy of its searches.**

On multiple occasions already, Mr. Huddleston has caught the FBI hiding responsive documents or just ignoring one of his requests in the apparent hope that he would not notice. *See, e.g.,* Plaintiff's Motion for Clarification of the Memorandum Opinion and Order Entered

September 29, 2022 (Dkt. #77); Defendant FBI's Combined Reply / Response to Pending Briefing Regarding Seth Rich's "Laptops," (Dkt. #83); and Plaintiff's Response to Defendant FBI's Notice of Supplemental Search Declaration and Vaughn Indices (Dkt. #105). On November 13, 2022, Plaintiff's Counsel sent the following email to Defendants' Counsel:

> Per your email below, the FBI agreed to conduct additional searches of OTD [the FBI's Operational Technology Division] and DITU [the FBI's Data Intercept Technology Unit]. As I recall, the FBI claimed it did not find any documents in OTD or DITU. I happened to review BATES #s 692-694 this evening, and those pages reflect a request that the Cyber Division conduct a follow-up interview with someone. Would you ask the FBI to explain whether there are any records regarding that follow-up interview?
>
> I also have a question regarding the second FOIA request from April 8, 2020, which sought "all data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (e.g., email) after his death." Based on the public statements and testimony of former AUSA Deborah Sines, it appears that the FBI examined Seth's work laptop. Ms. Sines also claims there was an investigation into whether a foreign entity tried to hack into his computer. [*See* Dkt. #26-4, #76-3 and #76-4].
>
> In the second item of Mr. Huddleston's April 9, 2020 FOIA request he sought the following: "All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (e.g., email) after his death." I have not found any entries in the *Vaughn* index that reflect the existence of such records. Please ask the FBI to clarify whether it has records regarding (1) anyone trying to hack into Seth's computer, and/or (2) anyone trying to hack into his electronic or internet accounts. Thank you.

Exhibit 13. Notwithstanding the testimony of a federal prosecutor that someone tried to hack into Seth Rich's email post-mortem, *see* Dkt. #26-4, #76-3, and #76-4, we still have no responsive records. On January 13, 2023, Mr. Huddleston again raised the issue of missing OTD records:

> Notably, the policy guide is produced by the FBI's Operational Technology Division ("OTD"). *See* Dkt. #83-2, p. 8. In his cross-motion for summary judgment, Mr. Huddleston castigated the FBI for its attempt to shield OTD records from FOIA searches. Dkt. #46 at 10-13. As noted in a joint status report filed on March 31, 2022, the FBI responded by agreeing to search for records within OTD. *See* Dkt. #50, p.4. Despite that agreement, the FBI somehow failed to identify any records pertaining to the work laptop until now. Somebody at the FBI needs to explain that discrepancy. Perhaps the Court needs to order the FBI to conduct a more thorough search.

Reply in Support of Plaintiff's Motion for Clarification (Dkt. #92) n. 6. The FBI still has not responded. Although "discovery in FOIA cases is only granted in the most exceptional of circumstances," *Competitive Enter. Inst. v. Podesta*, No. CV 21-1238 (CKK), 2022 WL 17250237, at *5 (D.D.C. Nov. 28, 2022), a review of the docket reveals that this case has indeed become "most exceptional." The FBI should be compelled to answer the foregoing questions and, if necessary, conduct additional searches.

## Conclusion

The FBI still refuses to search locations where records are likely to be found. The Court should compel the FBI to search <u>all</u> locations where records are likely to be found, and it should permit Mr. Huddleston to conduct discovery.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for Plaintiff Brian Huddleston**

**Certificate of Conference**

On or about March 27, 2023, I conferred via telephone with Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, regarding this motion. She indicated that the Defendants would oppose the motion.

**/s/ Ty Clevenger**
Ty Clevenger

**Certificate of Service**

On April 7, 2023, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger