Exhibit 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:21-cr-175-TJK |
| v. | ) |
| ETHAN NORDEAN, et al., | ) |
| Defendants. | ) |

**NORDEAN'S NOTICE OF ARGUMENT IN SUPPORT OF IMPEACHMENT OF WITNESS WITH HIDDEN JENCKS-RELATED COMMUNICATIONS**

Today, government witness Special Agent Nicole Miller was cross-examined. She testified that she understood her legal duty under the Jencks Act to produce to the U.S. Attorney's Office (USAO) written statements relating to the subject matter of her testimony. 18 U.S.C. § 3500. Miller acknowledged that among those statements were messages she sent in the FBI's Lync messaging system, where Bureau employees communicate with one another. She testified that in order to comply with her Jencks obligations she compiled her Lync messages in an Excel spreadsheet which was then produced to the USAO.

The version of Miller's Excel sheet produced to the defense contained 25 rows of her Lync messages. In cross-examination the agent acknowledged she alone compiled that disclosure. She testified that those messages constituted a complete production of her Jencks statements from Lync. However, a close examination of the agent's sheet revealed over one thousand hidden Excel rows of messages. Miller was thus examined as to whether she had withheld from prosecutors Lync messages concerning whether:

(1) a conspiracy charge was factually supported in the Proud Boys case;

(2) Telegram user Aaron of the Bloody East was involved in "planning chats," and

1

(3) inaccurate FBI informant-related information should be disclosed to the defense. Miller answered in the negative.

Miller was also cross-examined as to whether the agent had gained access to the content of attorney-client communications involving defense trial strategy in this matter. Again the witness answered in the negative.

However, the agent's hidden Lync messages contain statements concerning:

- Whether agents could make out a valid "conspiracy and not make a fool of ourselves":

| 8121 | 2022-02-01 18:06:44 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | yes... wot a fucking idiot |
|---|---|---|---|---|
| 8122 | 2022-02-01 18:07:11 | nmiller2@fbi.sgov.gov | twang2@fbi.sgov.gov | Its really good. Its the entire MOSD chat. Enrique didnt delete anything. Im giong to send you another too, which actually has Enrique talking about what the plan specifically is. They make mention of Dick Schwetz on page 15. At least im pretty sure its Dick Schwetz who they are talking about. Anotehr reason i want to get in front of him. |
| 8123 | 2022-02-01 18:11:02 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | so will this get us over the hurdle of the conspiracy charge? |
| 8124 | 2022-02-01 18:15:38 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | ok. so long we can actually go after them with conspiracy and not make a fool of ourselves |

- Whether "co-conspirator" Aaron of the Bloody East "wasn't too involved with the [Proud Boys] planning chat" (a subject of Miller's direct testimony):

| 6484 | 2021-10-21 19:11:15 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | i know! |
|---|---|---|---|---|
| 6485 | 2021-10-21 19:11:40 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | i dont see any emails form Aaron past the 6th, even though there are emails as late as yesterday |
| 6486 | 2021-10-21 19:12:30 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | i also want to know if his house got foreclosed |
| 6487 | 2021-10-21 19:12:56 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | i dont think so. he wasnt too involved with the planning chat, nor do we know he was down there |
| 6488 | 2021-10-21 19:12:59 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | think he had to work |
| 6489 | 2021-10-21 19:14:30 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | i mean if we really want to work all the PB members, he's the one to go after |
| 6490 | 2021-10-21 19:14:43 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | especially his paypal, his wife's paypal and her venmo acct |
| 6491 | 2021-10-21 19:21:05 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | just listened to about 7min of yelling... Zach to Amanda lol |
| 6492 | 2021-10-21 19:23:48 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | not yet... havent come across that one |
| 6493 | 2021-10-21 19:23:57 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | hahaha ill bring beer |
| 6494 | 2021-10-21 19:24:08 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | i just got it today. there's a good amount of calls on it |

- An agent's request to Special Agent Miller to "go into [a] CHS [informant] report" that Miller "just put [together] and edit out that [the agent] was present":

| 11159 | i.sgov.gov | nmiller2@fbi.sgov.gov | You need to go into that CHS report you just put and edit out that I was present |
|---|---|---|---|

- The "1776 Returns" document and whether it "solidifies the conspiracy charge":

| 8208 | 2022-02-01 18:50:55 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | this might solidify the conspiracy charge |
|---|---|---|---|---|
| 8209 | 2022-02-01 18:51:56 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | but capitol building wasnt listed nor circled for the "occupation" would that be an issue? |

- Agents' access to and review of the attorney-client communications of a defendant in this case which concerned trial strategy.

- Miller's communications with another agent who states that the agent's FBI "boss assigned [her] 338 items of evidence I have to destroy."

From the hidden rows in Miller's Lync spreadsheet it is apparent that the defense has not received all of her Jencks statements in these relevant communications. That is because the individuals with whom Miller exchanges messages can be seen responding to the agent—but her own statements are missing. For example, consider the below hidden messages in Miller's Lync spreadsheet production regarding Aaron of the Bloody East:

| | | | | |
|---|---|---|---|---|
| 6485 | 2021-10-21 19:11:40 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | i dont see any emails form Aaron past the 6th, even though there are emails as late as yesterday |
| 6486 | 2021-10-21 19:12:30 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | i also want to know if his house got foreclosed |
| 6487 | 2021-10-21 19:12:56 | twang2@fbi.sgov.gov | nmiller2@fbi.sgov.gov | i dont think so. he wasnt too involved with the planning chat, nor do we know he was down there |

At 19:12:56, an agent responds to Miller, "I don't think so, [Aaron of the Bloody East] wasn't too involved with the planning chat. . . ." But the Miller message to which the agent was replying is missing from the Jencks production.

It is necessary and appropriate to cross-examine Miller with messages like these for several reasons.

First, Miller testified that she had not gained access to the content of attorney-client communications involving a defendant in this case. She further testified she had not withheld Lync messages from prosecutors about whether: a conspiracy charge was factually supported in the Proud Boys case; Telegram user Aaron of the Bloody East was involved in "planning chats"; and inaccurate FBI informant-related information should be disclosed to the defense. The above hidden messages impeach that testimony. Extrinsic-evidence impeachment as to credibility is always permissible unless it pertains to a collateral matter. *United States v. Libby*, 475 F. Supp. 2d 73, 98 (D.D.C. 2007). "[T]he basic test for determining whether a matter is collateral is whether facts described in the [extrinsic] statement could be relevant to any relevant purpose other than contradicting the witness's testimony." *Id.* The facts described in the above extrinsic

3

statements are plainly germane to a "relevant purpose other than contradicting the witness's testimony"—they go to the heart of whether the defendants are guilty in this case of the charged offenses. Also, whether the witness has complied with her Jencks obligations is a "relevant purpose other than contradicting" her testimony. The very definition of Jencks material is a statement that "relates to the subject matter as to which the witness has testified." § 3500(b).

Second, since Miller has completed her direct testimony, Nordean is entitled to move the Court to order the government to produce her statements in the government's possession that relate to her testimony. § 3500(b). The above hidden messages suggest that the government does possess unproduced Jencks statements by Miller. But the government cannot now communicate with that witness to confirm the fact as she has not completed her testimony. And no rule bars Nordean from inquiring in cross-examination as to whether the witness at issue in fact made Jencks statements that have not been produced to the defense. That would make little sense: the witness is in the best position to answer the question.

Finally, Nordean must be permitted to cross-examine Miller with the hidden Lync messages to determine whether defendants' Sixth Amendment rights have been violated through government collection of attorney-client communications about trial strategy. *Weatherford v. Bursey,* 429 U.S. 545, 558, 51 L. Ed. 2d 30, 97 S. Ct. 837 (1977) (defendant's Sixth Amendment rights are violated when "[the Government gained access to] the substance of the [attorney-client] conversations and thereby created at least a realistic possibility of injury to [defendant] or benefit to the State"). By email to chambers the government argues that the attorney-client privilege is waived whenever a defendant communicates by jail email or phone with his counsel. That is obviously wrong. *E.g.*, *United States v. Ahmed*, 14-cr-277-DLI (E.D.N.Y. 2014). Were

4

that true, the privilege would not exist for many or most of the attorney-client communications in the criminal justice system.

Dated: March 9, 2023    Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

## Certificate of Service

I hereby certify that on the 9th day of March, 2023, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

5