IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE<br><br>    Defendant | Case No. 4:20-cv-447-ALM |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

NOW COMES Brian Huddleston, the Plaintiff, moving the Court to grant him leave to file a supplemental complaint as permitted by Fed. R. Civ. P. 15(d):

### Factual Background

On December 9, 2023, the FBI produced a copy of its "Digital Evidence Policy Guide," which purports to declare that certain records are not actually records, and as such they are not subject to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. *See* Dkt. #83-2, Internal Exhibit B. In recent months, Mr. Huddleston has discovered additional information systems that are excluded or appear to be excluded from the FBI's records indexes. *See* Dkt. #112. Insofar as the information systems are excluded from the indexes, the FBI does not search those information systems when it responds to a FOIA request. *See, e.g.,* Fourth Declaration of Michael G. Seidel (Dkt. #37-1) ¶66. On October 3, 2022, the undersigned sent a letter to the FBI on behalf of Mr. Huddleston:

> I recently became aware of *Pub. Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1, 19–20 (D.D.C. 2000), which appears to require the FBI to index its email systems pursuant to 5 USC

- 1 -

>§552(g). I request the opportunity to view all of the information described in §552(g), as permitted by the subsection itself.

See October 3, 2022 Letter from Ty Clevenger to Michael G. Seidel (Exhibit 1).[1] In a letter dated November 3, 2022, Mr. Seidel provided two URLs that link to websites that purportedly disclose the information systems covered by 5 U.S.C. §552(g). See November 3, 2022 Letter from Michael G. Seidel to Ty Clevenger (Exhibit 2). As of April 7, 2023, the only information systems disclosed by the FBI at the foregoing URLs are the following:

>Central Records System
>http://www.netxsys.com/useful/foia.fbi.gov/crs552.htm
>
>Fingerprint Identification Records System
>http://www.netxsys.com/useful/foia.fbi.gov/firs552.htm
>
>National Crime Information Center
>http://www.netxsys.com/useful/foia.fbi.gov/ncic552.htm
>
>National DNA Index System
>http://www.netxsys.com/useful/foia.fbi.gov/dna552.htm
>
>National Instant Criminal Background Check System
>http://www.netxsys.com/useful/foia.fbi.gov/nics552g.htm

As the Court can see by contrasting the five information systems above with all of the information systems referenced in Dkt. #83-2 (Internal Exhibit B) and in Dkt. #112, the FBI is not disclosing all of its major information systems as required by 5 U.S.C. §552(g). Furthermore, the FBI's email systems are neither disclosed nor indexed.

## Argument

As a preliminary matter, Mr. Huddleston should note that he has standing to challenge the agency policies and practices described in his proposed supplemental complaint. *Compare Cause*

---

[1] As witnessed by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that the exhibits to this motion are true and correct copies of the documents that he represents them to be.

*of Action Inst. v. United States Dep't of Justice*, 999 F.3d 696, 703–04 (D.C. Cir. 2021) *with* proposed First Supplemental Complaint ¶1 (Exhibit 3). Mr. Huddleston has found little guidance from the Fifth Circuit regarding whether a district court should permit supplemental pleadings, but the Northern District of Texas offers the following guidance:

> In determining whether to allow a supplementation of pleadings, a court may consider the same factors as when deciding a Rule 15(a) motion to amend pleadings. *DT Apartment Grp., LP v. CWCapital, LLC*, No. 3:12-CV-0437-D, 2012 WL 4740488, at *2 (N.D. Tex. Oct. 3, 2012); *Hyde v. Hoffman-La Roche Inc.*, No. 3:04-CV-1473-B, 2008 WL 2923818, at *3 (N.D. Tex. July 30, 2008) (applying factors when considering supplementation of pleadings under Rule 15(d)). These factors include considerations of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] the futility of amendment." *Schiller v. Phys. Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted) (emphasis added).

*Middaugh v. InterBank*, 528 F.Supp.3d 509, 536 (N.D. Tex. 2021). As the Court can see from Dkt. #83-2 (Internal Exhibit B), Dkt. #112, and Exhibit 2, Mr. Huddleston learned about the FBI's unlawful activities only in the last few months, thus there has been no undue delay. Furthermore, there has been no "bad faith or dilatory motive on the part of the movant" nor "repeated failure to cure deficiencies by amendments previously allowed." And given the nature of FOIA litigation, a supplemental pleading would not cause "undue prejudice to the opposing party" because it would not, for example, postpone a trial date. Finally, and for the reasons set forth below, the new claims would not be futile. The FBI has a long history of hiding not just records, but entire records *systems*, from FOIA requesters, *see Negley v. F.B.I.*, 658 F.Supp.2d 50, 57 (D.D.C. 2009), and enough is enough.

**1. The FBI may not rewrite the law.**

"It is a 'core administrative-law principle that an agency may not rewrite clear statutory terms to suit its own sense of how the statute should operate.'" *Tex. Med. Ass'n v. United States Dep't of Health & Human Services*, No. 6:22-CV-372-JDK, 2023 WL 1781801, at *11 (E.D.

Tex. Feb. 6, 2023), quoting *Util. Air Regulatory Group v. E.P.A.*, 573 U.S. 302, 328, 134 S. Ct. 2427, 2446, 189 L. Ed. 2d 372 (2014). Nothing in 5 U.S.C. §552 nor any other statute authorizes the FBI to redefine the term "record" or otherwise modify or expand the exemptions set forth in 5 U.S.C. §552. The FBI's Digital Evidence Policy Guide is therefore unlawful, and the enforcement of that policy guide or any other similar rule, policy, guidance, or practice should be enjoined. The existing FOIA exemptions are more than sufficient to protect digital evidence from disclosure when and where such disclosure would cause harm.

**2. The FBI may not thumb its nose at 5 U.S.C. §552(g).**

The Freedom of Information Act not only mandates the disclosure of public records upon request, it requires agencies to publish the potential locations of responsive records:

> The head of each agency shall prepare and make available for public inspection in an electronic format, reference material or a guide for requesting records or information from the agency, subject to the exemptions in subsection (b), including—
>
> (1) an index of all major information systems of the agency;
> (2) a description of major information and record locator systems maintained by the agency; and
> (3) a handbook for obtaining various types and categories of public information from the agency pursuant to chapter 35 of title 44, and under this section.

5 U.S.C. §552(g). In *Pub. Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1, 19–20 (D.D.C. 2000), the Court held that the Office of Management and Budget erred by excluding word-processing and e-mail systems from the index mandated by §552(g)(1). Not only does the FBI exclude its word-processing and e-mail systems from the index, *supra* 2, it excludes numerous other "major information systems." *See, e.g.,* Dkt. #112. The FBI should be ordered to comply with §552(g).

## Conclusion

Mr. Huddleston's request for leave meets the standards set forth in *Middaugh*, 528 F.Supp.3d at 536. He should be granted leave to file his First Supplemental Complaint.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

## Certificate of Conference

On or about March 27, 2023, I conferred via telephone with Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, regarding this motion. She indicated that the Defendants would oppose the motion.

**/s/ Ty Clevenger**
Ty Clevenger

## Certificate of Service

On April 8, 2023, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger