IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON,**<br><br>     Plaintiff,<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**<br><br>     Defendant | Case No. 4:20-cv-447-ALM |

## FIRST SUPPLEMENTAL COMPLAINT

Plaintiff Brian Huddleston ("Plaintiff") hereby supplements his First Amended Complaint ("FAC") (Dkt. #3) as follows:

### Statement of Facts

1. The Plaintiff is a U.S. citizen who has submitted Freedom of Information Act requests to the Federal Bureau of Investigation ("FBI") and wishes to submit additional requests in the future.

2. The FBI's "Digital Evidence Policy Guide," (Dkt. #83-2, Internal Exhibit B) is incorporated by reference as if fully set forth herein. That policy guide purports to declare that electronic surveillance data ("ELSUR") and digital evidence ("DE") are not records subject to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

3.  The Plaintiff's Corrected Motion for Summary Judgment (Dkt. #112) and its exhibits are incorporated by reference as if fully set forth herein. That motion, as well as the Digital Evidence Policy Guide, identify multiple information systems that are omitted from the FBI's records search indexes.

3. When responding to a FOIA request for records, the FBI searches its records search indexes rather than the actual information systems. Accordingly, large volumes of records are automatically excluded (unbeknownst to the requester) when the FBI searches for records responsive to a particular FOIA request.

4. On October 3, 2022, Plaintiff's Counsel sent a letter to Michael G. Seidel, Chief of the FBI's Records / Information Dissemination Section ("RIDS"). That letter stated as follows:

> I recently became aware of *Pub. Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1, 19–20 (D.D.C. 2000), which appears to require the FBI to index its email systems pursuant to 5 USC §552(g). I request the opportunity to view all of the information described in §552(g), as permitted by the subsection itself.

*See* October 3, 2022 Letter from Ty Clevenger to Michael G. Seidel (Exhibit 1).

5. In a letter dated November 3, 2022, Mr. Seidel provided two URLs that link to websites that purportedly disclose the information systems covered by 5 U.S.C. §552(g). *See* November 3, 2022 Letter from Michael G. Seidel to Ty Clevenger (Exhibit 2).

6.  As of April 7, 2023, the only information systems disclosed by the FBI at the foregoing URLS are the following:

> Central Records System
> http://www.netxsys.com/useful/foia.fbi.gov/crs552.htm
>
> Fingerprint Identification Records System
> http://www.netxsys.com/useful/foia.fbi.gov/firs552.htm
>
> National Crime Information Center
> http://www.netxsys.com/useful/foia.fbi.gov/ncic552.htm
>
> National DNA Index System
> http://www.netxsys.com/useful/foia.fbi.gov/dna552.htm
>
> National Instant Criminal Background Check System
> http://www.netxsys.com/useful/foia.fbi.gov/nics552g.htm

As the Court can see by contrasting the five information systems above with all of the information systems referenced in Paragraph 1 (see Dkt. #83-2, Internal Exhibit B) and 2 (see Dkt. #111) of this supplemental complaint, the FBI is not disclosing all of its major information systems as required by 5 U.S.C. §552(g).

## Claims

7.  The FBI's "Digital Evidence Policy Guide" (Dkt. #83-2, Internal Exhibit B) violates 5 U.S.C. §552(a)(3) insofar as it purports to declare that a record is not a record.

8.  The FBI is in violation of 5 U.S.C. §552(g) because it fails to disclose all of its major information systems.

## Relief Requested

9.  The Plaintiff asks the Court to enjoin the FBI from following its "Digital Evidence Policy Guide" or any other similar policy, rule, or guidance that purports to limit or redefine the plain meaning of the term "record" as that term is defined by existing case law or statute.

10. The Plaintiff asks the Court to enjoin the FBI to comply with 5 U.S.C. §552(g).

11. The Plaintiff asks the Court to enjoin the FBI to disclose to every FOIA requester which major information systems <u>were</u> and <u>were not</u> searched in response to each particular request.

12. The Plaintiff asks the Court to enjoin the FBI from enacting, following, or enforcing any practice, policy, rule, or guidance that has the effect of (1) expanding or modifying the scope of exemptions found in 5 U.S.C. §552(b); or (2) otherwise preventing the release of records that are subject to disclosure pursuant to 5 U.S.C. §552 and / or existing case law.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**