IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | CIVIL ACTION No. 4:20CV447 <br><br> JUDGE AMOS MAZZANT |

**DEFENDANT FBI'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

Defendant Federal Bureau of Investigation (FBI) opposes Plaintiff's Motion for Leave to File Supplemental Complaint. [ECF 113].

**INTRODUCTION**

Plaintiff seeks leave to file a Supplemental Complaint purportedly to add two claims to his pending FOIA lawsuit: (1) the FBI's Digital Evidence Policy Guide allegedly violates 5 U.S.C. §552(a)(3) by redefining the meaning of a "record" within the context of FOIA, and (2) the FBI is allegedly in violation of 5 U.S.C. §552(g) because it fails to disclose all of its major information systems. The actual purpose of Plaintiff's Supplemental Complaint is to challenge, yet again, the adequacy of the FBI's search, which the Court has already found to be adequate. [ECF 70, pp.12-26]. Plaintiff has made

multiple challenges to the adequacy of the search, and the Court should reject, again, Plaintiff's continuing attempt to undermine its findings.

The proper procedure to challenge the Court's findings in the Memorandum Opinion and Order would be to file a motion for reconsideration of the order, which the Plaintiff has already done. Both parties sought clarification of the Court's Memorandum Opinion and Order on the *limited* issue of Seth Rich's laptop, and the briefing on that issue is complete and pending before the Court. [ECF 72, 76, 77, 84, 92, 93]. In fact, within that pending briefing, Plaintiff has already specifically raised and addressed his allegation that the FBI's Digital Evidence Policy Guide violates FOIA by redefining the meaning of a "record." [ECF 92, pp. 5-11]. Plaintiff also raised the same issue in his Corrected Motion for Summary Judgment, which is also pending before the Court. [ECF 112, p. 3]. Plaintiff fails to establish that a supplemental complaint is necessary to raise the same issue *already* pending before the Court.

As to Plaintiff's argument that the FBI is in violation of 5 U.S.C. §552(g), Plaintiff's argument is based on the FBI's response to a new FOIA request that Plaintiff submitted to the FBI on October 3, 2022. [ECF 113, Exhibits 1 & 2]. Any challenge to the FBI's response to that FOIA request has not been properly exhausted and should not be included in the current litigation. Even if properly before this Court, the FBI is not in violation of 5 U.S.C. §552(g), and Plaintiff has provided no authority that would allow him to challenge the FBI's compliance with that statute in this FOIA litigation.

# ARGUMENT

### A. FBI's Digital Evidence Policy

Plaintiff erroneously alleges that the FBI's Digital Evidence Policy declares that electronic surveillance data (ELSUR) and digital evidence (DE) are not records subject to the FOIA. [ECF 114, ¶ 2]. The policy makes no such declaration. Plaintiff fails to identify where within the 70-page policy document that such a declaration exists. To the extent that Plaintiff is challenging Section 6.1 of the policy, "Recordkeeping Requirements," there is no declaration within that section stating that ELSUR and DE are not records subject to FOIA. [ECF 84-3, p. 49]. Instead, it states the following:

> 6.1 FBI Central Recordkeeping System
>
> DE must not be uploaded into the FBI's central recordkeeping system or any other FBI administrative or record management system (e.g., FBINet). The FBI's central recordkeeping system (currently Sentinel) is the FBI's official recordkeeping system for all case file management. Nonrecord materials, per the legal definition of federal records, must not be placed in the recordkeeping system. Although FBI's central recordkeeping system has the ability to accept many documents and file types as either serials or attachments to both ECs and forms, current policies dictate the guidelines for what material is authorized to be placed in the FBI's central recordkeeping system. All original DE (1B) and ELSUR evidence (1D) must be maintained and handled per evidence procedures and guidelines, and as such, original digital and ELSUR evidence must not be serialize, attached to any document, maintained, or stored in the FBI's central recordkeeping system.…

[ECF 84-3, p. 49]. The policy does not define what is and is not a "record" subject to FOIA, as Plaintiff alleges. The policy states that all original DE and ELSUR are not to be uploaded into Sentinel, but rather maintained and handled pursuant to evidence

procedures and guidelines. The FBI has provided further explanation of both ELSUR and DE in prior declarations.

*ELSUR*

The ELSUR indices are addressed in the Fourth Seidel Declaration, which clearly states that the ELSUR indices are comprised of records, and that ELSUR is searchable pursuant to FOIA. [ECF 39-1, ¶¶ 57-59, 63]. Further, the ELSUR indices are clearly identified in the FBI's public internet site listing FBI Privacy Act Systems, available to the public at https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/freedom-of-information-privacy-act/fbi-privacy-act-systems. Plaintiff's allegation that ELSUR is not a "record" and is not subject to FOIA is demonstratively false.

*Digital Evidence*

The Sixth Seidel Declaration addresses the digital evidence at issue in this case. [ECF 84-1, ¶¶ 9 – 14]. Contrary to Plaintiff's assertion that the Digital Evidence Policy declares that DE is not a record subject to FOIA, Seidel explains that it is the FBI's Records Management Policy Guide that dictates that the non-FBI-generated *physical* items – such as the work laptop and its derivative evidence at issue here – are treated as evidentiary property that are managed under a different set of rules and regulations than documentary agency records. [Id. at ¶13(a)]. The Records Management Policy Guide is attached as Exhibit C to the Sixth Seidel Declaration [ECF 84-4], and is also publicly available at https://vault.fbi.gov/records-management-policy-guide-0769pg-part-01-of-01/Records%20Management%20Policy%20Guide%200769PG%20Part%2001%20of%2

001/view. Specifically, Section 4.9.10 "Disposition of Records Pertaining to Evidence" addresses the disposition of non-FBI-generated evidence, such as at issue here:

> Once a case is closed and all investigative needs have been exhausted, non-FBI-generated evidence is returned to the owner/contributor, destroyed, or forfeited. FBI-generated evidentiary and non-evidentiary items, regardless of size, that are documentary in nature and considered FBI records, such as chain of custody forms, agents' notes, crime scene photographs, and laboratory analyses, should be filed in the related investigative case file and will assume the retention period established for the file, unless modified by a legal hold.

[ECF 84-4 at 37]. This policy distinguishes between non-FBI-generated evidence and FBI-generated evidence *that is documentary in nature and considered a record*. The policy could be more clearly stated, but the Seidel declaration does not solely rely on the Records Management Policy to conclude that the work laptop is not an agency record. Seidel also analyzes the work laptop and its derivative evidence pursuant to *DOJ v. Tax Analysts*, 492 U.S. 136, 144-45 (1989) and *Burka v. United States Department of Health Human Serv.*, 318 U.S. App. D.C. 274, 87 F.3d 508, 515 (D.C. Cir. 1996), to ultimately conclude that it is not an agency record under FOIA. [ECF 84-1 at ¶¶12-13]. If Plaintiff wishes to challenge the FBI's conclusion that the work laptop is not an agency record, the method to do so would be directed at this analysis, which the Plaintiff has already done. [ECF 92, 112]. The Digital Evidence Policy simply does not redefine what a "record" is, as Plaintiff alleges.

B. **5 U.S.C. §552(g)**

Plaintiff alleges that the FBI is in violation of 5 U.S.C. §552(g) because it fails to disclose all of its major information systems. In support of this argument, Plaintiff cites

to a newly filed FOIA request that is not part of this lawsuit. On October 3, 2022, plaintiff's counsel submitted a FOIA request to the FBI seeking "all of the information described in §552(g)." [ECF 113-1]. The FBI assigned that FOIA request a tracking number, FOIPA Request No. 1563998-000, and issued a response on November 3, 2022. [ECF 113-2]. The response included instructions for appeal if the requester was not satisfied with the response. [Id.] Plaintiff may not supplement this complaint with an unrelated, unexhausted FOIA request.

Even if this issue were properly before the Court, the FBI is not in violation of 5 U.S.C. §552(g). If Plaintiff had bothered to view all of the detail at the link provided to him in the FBI's response letter and followed the available hyperlinks associated with the FBI, it would have led him to a full listing of FBI's Agency Systems of Records. The following is a step-by-step guide to accessing the entire listing of records systems based on the hyperlinks provided to Plaintiff in Seidel's response letter [ECF 113-2] and available publicly:

1. Click on the second link of Seidel's letter: https://www.justice.gov/oip/doj-foia-reference-guide-attachment-c

2. Scroll down and select "Federal Bureau of Investigation," which is a link to the FBI's public internet site. https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/freedom-of-information-privacy-act

3. Scroll down and select "FBI Privacy Act Systems," which is a link to https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/freedom-of-information-privacy-act/fbi-privacy-act-systems

4. Scroll down to the bottom of the document, which states: *Last publication of complete notice. Various FBI records may be encompassed by Privacy Act systems of records of the Department of Justice (DOJ), including DOJ-wide

> systems and systems of DOJ's Justice Management Division. Additional information regarding other DOJ systems is available here: http://www.usdoj.gov/jmd/privacyact.html. Select this link to access DOJ's System of Records page.

5. Select "FBI-Federal Bureau of Investigation" for a full listing of FBI Systems.

It is hard to imagine that seasoned FOIA litigators such as the plaintiff and his counsel could not have readily found this information without a new FOIA request. A simple google search for "FBI Privacy Act system of records" also yields a similar result.

### C. Supplemental Complaint

The FBI does not dispute Plaintiff's statement of the legal standard governing supplemental pleadings. Thus, in determining whether to allow a supplementation of pleadings, the court should consider (1) undue delay, bad faith, or dilatory motive on the part of the plaintiff; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) the futility of the amendment. *See, e.g., Schiller v. Phys. Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

*Undue Delay, Bad Faith or Dilatory Motive*

Plaintiff has twice raised these same arguments in pleadings that are pending before the Court, and his attempts to raise the issues for a third time through a Supplemental Complaint are inappropriate. Plaintiff does not explain why his prior challenges to the adequacy of the FBI's searches do not adequately address this issue, and his third attempt to make the same argument could be construed as evidence of bad faith. In addition, to whatever extent that Plaintiff may be filing repetitive pleadings to inflate

the repeated attempts to seek attorney fees, that would also constitute an improper justification to file a supplemental complaint.

### *Repeated Failures to Cure Deficiencies*

While Plaintiff has not sought leave to amend or supplement his complaint before, he has had multiple opportunities to raise the same issues in pleadings that are pending before the Court.

### *Unfair Prejudice*

To the extent that Defendants must devote unnecessary time and resources to defend against multiple attacks on the same issues, such multiple pleading tactics are unfairly prejudicial.

### *Futility of Amendment*

The futility of Plaintiff's Motion for Leave to File a Supplemental Complaint is by far the most important factor counseling against supplementation. In addition to the legal insufficiency of Plaintiff's claims as set forth above, the relief he seeks is too remote and abstract an inquiry for the proper exercise of judicial function. In *Cause of Action Institute v. United States Department of Justice,* 999 F.3d 696 (D.D.C. 2021), a FOIA plaintiff claimed that the Office of Information Policy (OIP) improperly withheld responsive records in a FOIA request based on an OIP policy that the plaintiff alleged improperly changed the definition of a "record" under FOIA. As here, that FOIA plaintiff asked the court to declare the OIP policy at issue to be unlawful. While the court found that OIP had violated FOIA in responding to the plaintiff's requests, the court declined to declare the policy unlawful. The court reasoned that the operation of FOIA is better

grasped when viewed in light of a particular application, rather than in the framework of a generalized challenge. The court also noted that DOJ did not claim the OIP guidance to have the force of law, and the court did not regard it as legally binding.[1] The same result should be reached here. The Court could consider whether the FBI properly determined that the work laptop is not an agency record without declaring an entire policy unlawful, and this issue is already pending before the Court. A supplemental complaint is unwarranted and futile.

## CONCLUSION

The Court should deny Plaintiff's motion because he has failed to establish that a supplemental complaint is necessary to raise the identical issues already pending before this Court in multiple pleadings. More importantly, Plaintiff's motion is futile because he has failed to establish that the FBI is in violation of 5 U.S.C. §552(a)(3) or 5 U.S.C. §552(g).

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

/s Andrea L. Parker
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin, Suite 1250
Beaumont, Texas 77701
Tel:   (409) 839-2538

---

[1] The FBI Digital Evidence Guide clearly states, "[t]his policy guide is solely for the purpose of internal FBI guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable by law by any party in any matter, civil or criminal, nor does it place any limitation on otherwise lawful investigative and litigative prerogatives of the Department of Justice (DOJ) and the FBI." [ECF 84-3 at 3].

Fax: (409) 839-2550
Email: andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2023, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney