IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV447<br><br>JUDGE AMOS MAZZANT |

**DEFENDANT FBI'S RESPONSE TO PLAINTIFF'S CORRECTED MOTION FOR SUMMARY JUDGMENT**

Defendant Federal Bureau of Investigation (FBI) opposes Plaintiff's Corrected Motion for Summary Judgment. [ECF 112].

**INTRODUCTION**

Plaintiff has filed a second motion for summary judgment, again complaining of an inadequate search by the FBI. The court already determined that the FBI's search was adequate in its Memorandum Opinion and Order, entered on September 29, 2022. [ECF 70, pp. 12-26]. Both parties sought clarification of the Court's Memorandum Opinion and Order on the limited issue of Seth Rich's laptop, and that briefing is complete and pending before the Court. [ECF 72, 76, 77, 84, 92, 93]. Plaintiff's attempt to revisit the adequacy of the FBI's search via a motion for summary judgment is improper at this

stage of the proceedings. Plaintiff has not sought leave to file a new summary judgment motion outside the briefing schedule set by the court, nor has Plaintiff sought leave to seek additional clarification of the Memorandum Opinion and Order. Even if properly before the Court, Plaintiff has failed to establish that he is entitled to the relief he seeks.

## RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

The FBI objects to Plaintiff's statement of undisputed facts in its entirety. Rather than state facts with proper citations to the record, Plaintiff essentially provides an introduction to his motion, incorporating his arguments as "detailed below." [ECF 112, p. 2].

## RESPONSE TO PLAINTIFF'S STATEMENT OF ISSUES

Plaintiff raises nine issues to be decided. Issues 1-8 seek additional searches. Issue 9 seeks discovery regarding the adequacy of FBI's search. The Court has already set forth the standard applicable to the issue of search adequacy under FOIA, and the FBI adopts that standard for purposes of this response. [ECF 70, pp. 12-13]. The FBI relies on its previous briefing, as well as the Fourth, Fifth, Sixth and Seventh Seidel Declarations, addressing search adequacy.

### A. Digital Evidence

Plaintiff argues that the FBI should be compelled to search its digital evidence files by incorporating by reference arguments he previously raised in his Reply in Support of Plaintiff's Motion for Clarification. [ECF 92]. The reply referenced by

Plaintiff addresses Seth Rich's work laptop and related documents. [ECF 92, p. 1].[1] Specifically, the reply challenges the FBI's determination that the work laptop and related documents are not agency records under FOIA, as set forth in the Sixth Seidel Declaration. [ECF 84-1, ¶¶ 9 – 14]. As explained by Seidel, the FBI determined that the work laptop and its derivative evidence are not agency records under FOIA, relying on an analysis pursuant to *DOJ v. Tax Analysts*, 492 U.S. 136, 144-45 (1989) and *Burka v. United States Department of Health Human Serv.*, 318 U.S. App. D.C. 274, 87 F.3d 508, 515 (D.C. Cir. 1996). [Id. at ¶¶ 12-14]. As this issue has already been briefed and is pending before the Court, Plaintiff's inclusion of this issue is redundant and unnecessary, and the FBI relies on its analysis in the Sixth Seidel Declaration.

B. **Lync Messaging Systems**

Plaintiff argues that the FBI should be compelled to search its Lync messaging systems. In support, Plaintiff offers two emails sent by Plaintiff's counsel to the undersigned, demanding information about the Lync messaging system. [ECF 112-1]. Plaintiff also references two online news articles purporting to discuss the Lync messaging system. [ECF 112-2&3]. As a preliminary matter, Plaintiff may not amend his original FOIA request via emails to counsel during FOIA litigation. Nor is Plaintiff entitled to discovery in FOIA litigation. Additionally, the FBI objects to Exhibits 2 and 3 (printouts of online articles) as improper summary judgment evidence on the grounds that

---

[1] Plaintiff's Reply claims that the FBI's Digital Evidence Policy Guide has not been released publicly until now. [ECF 92, p. 5]. The FBI would direct Plaintiff to https://vault.fbi.gov/digital-evidence-policy-guide-0830pg/digital-evidence-policy-guide-0830pg-part-01-of-01/view. In fact, it would probably be helpful for the Plaintiff to peruse the entire FBI Vault at https://vault.fbi.gov, as it contains a lot of useful, public information for FOIA requesters that Plaintiff repeatedly claims is hidden and inaccessible to the public.

they cannot be presented in a form that could be admissible in evidence pursuant to Rule 56(c)(2) because they are (1) inadmissible hearsay; (2) not capable of being properly authenticated by a person with personal knowledge; (3) contain conclusions and speculations that are not proper summary judgment evidence; and/or (4) are otherwise irrelevant, unreliable and untrustworthy. Exhibits 2 and 3 are printouts of online articles, which are "classic, inadmissible hearsay." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). These exhibits do not meet any of the hearsay exceptions of Fed.R.Evid. 803.

Turning to the merits of Plaintiff's argument, if a Lync message meets the definition of a federal record, it must be entered into Sentinel, and the FBI already searched Sentinel for potentially responsive records. As discussed in the Fifth Seidel Declaration, the FBI's Records Management Policy mandates that FBI personnel enter all federal records into an authorized FBI recordkeeping system. [ECF 54-1, ¶ 10]. FBI personnel are responsible for managing electronic communications they send and receive, including text messages. [Id.]. Section 4.8.21 Electronic Information Sharing Technologies (EIST) of the Records Management Policy Guide is attached to the Sixth Seidel Declaration and states:

> The FBI encourages the participation of FBI personnel in both internal FBI-sponsored and external United States government (USG)-sponsored electronic information-sharing technologies (EIST) and the use of EIST. Information exchanged through EIST <u>may</u> constitute record material, even though the EIST may not be an approved FBI recordkeeping system. All information that meets the definition of a federal record, including data and metadata created or received using EIST, must be entered into an authorized FBI recordkeeping system.

[ECF 84-4, p. 33]. Thus, based on the Records Management Policy Guide, if a Lync message meets the definition of a federal record, it must be entered into an authorized FBI recordkeeping system, that system would be Sentinel, and the FBI already searched Sentinel.  The pleadings in this case are replete with that information.

Finally, Plaintiff cannot call into question the adequacy of the search by engaging in "[m]ere speculation that [not] yet uncovered documents may exist." *Safecard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991). Plaintiff unsuccessfully advanced a similar argument when he demanded that the FBI search private email accounts, text messages, and private storage drives of certain FBI employees. The Court flatly rejected his argument, finding that he had made no showing by the close of the FBI's search that clear leads had emerged suggesting a need to conduct a further search of these sources. [ECF 70, pp. 25-26]. Such is the case here, again. Other than general speculation that the Lync messaging system may contain responsive records, Plaintiff has articulated no facts to suggest that is the case.

**C. Teleporter**

Plaintiff argues that the FBI should be compelled to search for records in Teleporter. In support, Plaintiff offers two emails sent by Plaintiff's counsel to the undersigned, demanding information about Teleporter. [ECF 112-6 & 7]. Plaintiff also references an online news articles purporting to discuss Teleporter. [ECF 112-8]. As a preliminary matter, Plaintiff may not amend his original FOIA request via emails to counsel during FOIA litigation.  Nor is Plaintiff entitled to discovery in FOIA litigation. Additionally, the FBI objects to Exhibit 8 (printout of an online article) as improper

FBI's Response to Corrected MSJ 5

summary judgment evidence on the grounds that it cannot be presented in a form that could be admissible in evidence pursuant to Rule 56(c)(2) because it is (1) inadmissible hearsay; (2) not capable of being properly authenticated by a person with personal knowledge; (3) contains conclusions and speculations that are not proper summary judgment evidence; and/or (4) is otherwise irrelevant, unreliable and untrustworthy. Exhibit 8 is a printout of an online article, which is "classic, inadmissible hearsay." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). Exhibit 8 does not meet any of the hearsay exceptions of Fed.R.Evid. 803.

Turning to the merits of Plaintiff's argument, Teleporter is a system used to facilitate the transfer of data, not a system of records. Moreover, Plaintiff cannot call into question the adequacy of the search by engaging in "[m]ere speculation that [not] yet uncovered documents may exist." *Safecard Servs., Inc.*, 926 F.2d at 1201. Here, Plaintiff argues, "*if* FBI agents were using Teleporter to send censorship request to social media companies like Twitter, then those agents were perpetrating felonies." [ECF 112, p. 5]. Other than general speculation that Teleporter may contain responsive records, Plaintiff has articulated no facts to suggest that is the case, and regardless, Teleporter is not a records system that is subject to FOIA.

### D. Electronic Surveillance and Geolocation Data

Plaintiff argues that the FBI should be compelled to search electronic surveillance (ELSUR) or any geolocation data in its possession, erroneously stating that ELSUR is not included in the FBI's search indices. Contrary to Plaintiff's assertions, an explanation of the ELSUR indices and search is addressed in the Fourth Seidel Declaration, attached to

Defendants' Motion for Summary Judgment. [ECF 39-1, ¶¶ 57-59, 63]. Further, the ELSUR indices are clearly identified in the FBI's public internet site listing FBI Privacy Act Systems, available to the public at https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/freedom-of-information-privacy-act/fbi-privacy-act-systems.

Plaintiff failed to challenge the adequacy of the FBI's search of ELSUR indices in his response to Defendant's Motion for Summary Judgment [ECF 46], and he should not be given the opportunity to do so now, over a year later and after the Court has already found the search adequate.

### E. Missing Forms

Plaintiff argues that the FBI should be compelled to search for missing forms related to items of evidence already identified, based on a list of forms "someone" sent to Plaintiff's counsel. [ECF 112-9]. As previously stated, Plaintiff may not amend his original FOIA request via emails to counsel during FOIA litigation, nor can Plaintiff call into question the adequacy of a search by engaging in "[m]ere speculation that [not] yet uncovered documents may exist." *Safecard Servs., Inc*, 926 F.2d at 1201. Plaintiff's belief that missing forms may exist based on a list that "someone" sent him fails to challenge the adequacy of the search, and the FBI maintains that the FBI searched its systems in which a reasonable person would have reason to believe that records sought by Plaintiff might be found. An agency need not deploy every conceivable search term or permit the FOIA requester to dictate the search terms in the course of litigation, but it

must use terms reasonably calculated to locate responsive records. *SAI v. Transportation Security Administration*, 315 F.Supp. 3d 218, 241 (D.D.C. 2018).

### F. CIA Activities/Other Agencies

Plaintiff argues that the FBI should be compelled to search for records related to activities of the CIA and other agencies or third parties. First, any investigation involving the CIA would have been a national security investigation, and Exemption (b)(1) would exempt the disclosure of any information related to the matter. Further, the FBI would have issued a Glomar response to neither confirm nor deny the existence of such records.

As to searches for other agencies or third parties, the Fifth Seidel Declaration addresses Plaintiff's request seeking information concerning third parties. [ECF 54-1, ¶ 18]. As explained, for a FOIA request to be valid, it must describe the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort. [Id.]. It is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested. *Assassination Archives & Rsch. Ctr., Inc. v. C.I.A.*, 720 F.Supp. 217, 219 (D.D.C. 1989). A request for documents concerning "other agencies or third parties" without providing specific names is so vague that if falls outside the ambit of information on which a search can be conducted.

Moreover, Plaintiff's argument on this point is based on nothing more than speculation, i.e., "if the FBI is in possession of responsive records from another agency like the CIA (or from any other source), then the FBI is obligated to produce those

records." [ECF 112, p. 7]. Plaintiff cannot call into question the adequacy of a search based on speculation that other responsive documents might exist. *Safecard Servs., Inc*, 926 F.2d at 1201.

### G. Confidential Informants & Online Personas

Plaintiff argues that the FBI should be compelled to search for records related to confidential informants and online personas based on a third person "someone" contacting plaintiff's counsel who claimed to have been contacted by some fourth person regarding Seth Rich by the Twitter handle @Whispertech, who the unnamed contact (it's not clear if that reference is to the third person or the fourth person) "believes" was *either* a confidential informant or FBI employee. [ECF 112-12]. This string of unknown contingencies is clearly based on speculation and cannot serve as the basis to challenge (again) the adequacy of a search. The underlying request contains no information that would lead a reasonable person to believe that such records exist. It is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested. *Assassination Archives & Rsch. Ctr., Inc.*, 720 F. Supp. at 219. Agencies are not required to look beyond the four corners of a request to conduct a search. *Kowalczyk v. Department of Justice*, 73 F.3d 386, 388 (D.D.C. 1996).

Finally, any investigation concerning the use of an FBI informant would be exempt from disclosure under Exemption (b)(7)(D). Furthermore, the FBI would have issued a Glomar response to neither confirm nor deny the existence of such records.

### H. 2016 Hack of DNC Emails

Plaintiff argues that the FBI should be compelled to search for all reports containing the 2016 "hack" of DNC emails by incorporating by reference arguments he previously raised in his Sur-Reply in Opposition to Defendant FBI's Notice of Supplemental Search Declaration and Vaughn Indices. [ECF 110]. In his Sur-Reply, Plaintiff referenced an email sent by his counsel to the undersigned, alleging that "someone" sent him information about companies other than CrowdStrike that allegedly investigated the DNC Hack in 2016. [ECF 110-4]. The email included links to three online articles purportedly about the DNC hack. [ECF 110-5-7]. Plaintiff claims that "if the FBI has copies of reports/communications from these companies (or other companies or individuals), I believe those reports/communications would be covered by our request." [ECF 110-4].

First, the FBI objects to Plaintiffs Exhibits 4-7 as improper summary judgment evidence on the grounds that they cannot be presented in a form that could be admissible in evidence pursuant to Rule 56(c)(2) because they are (1) inadmissible hearsay; (2) not capable of being properly authenticated by a person with personal knowledge; (3) contain conclusions and speculations that are not proper summary judgment evidence; and/or (4) are otherwise irrelevant, unreliable and untrustworthy. Exhibits 2 and 3 are printouts of online articles, which are "classic, inadmissible hearsay." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). These exhibits do not meet any of the hearsay exceptions of Fed.R.Evid. 803.

Second, Plaintiff's allegation of an inadequate search is once again based on speculation tied to an anonymous tip from either a third removed or fourth removed, unidentified source. Plaintiff cannot call into question the adequacy of a search based on speculation that other responsive documents might exist. *Safecard Servs., Inc*, 926 F.2d at 1201. Further, at the time that the FBI conducted the search, Plaintiff had not provided the FBI with the name of any company or individual to search, other than CrowdStrike. It is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested. *Assassination Archives & Rsch. Ctr., Inc.*, 720 F. Supp. at 219. Agencies are not required to look beyond the four corners of a request to conduct a search. *Kowalczyk*, 73 F.3d at 388. Plaintiff cannot now amend his request via an email to counsel to expand the search terms of his request.

Finally, Plaintiff concedes that he already raised this same issue in his Sur-Reply, which is pending before the Court. Plaintiff's inclusion of this issue again is redundant and unnecessary, and the FBI relies on its explanations of the adequacy of the search in the Fourth and Seventh Seidel Declarations.

### I. Discovery

Plaintiff argues that the FBI should be compelled to answer questions about the adequacy of its searches. Courts generally do not permit discovery in FOIA cases when an agency's declaration is reasonably detailed and submitted in good faith. *Schreckler v. DOJ,* 217 F.Supp.2d 29, 35 (D.D.C. 2002). In the rare case when the courts do permit discovery, it is limited to determine the thoroughness of an agency search for potentially

responsive documents, and, even then, discovery is typically only allowed when there is some reason to believe that the agency search has been less than thorough. *See, e.g., Heily v. United States Dep't of Commerce*, 69 Fed. App. 171, 174 (4th Cir. 2003) (explaining that when discovery is permitted, generally it is "limited to the scope of the agency's search and its indexing and classification procedures."). To qualify for an exception to the limited scope of discovery, the plaintiff in a FOIA case "must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations [] or provide some tangible evidence that an exemption claimed by an agency should not apply or summary judgment is somehow inapposite." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). Unsubstantiated claims that an agency has acted in bad faith are insufficient to warrant discovery. *See, e.g., Wolf v. C.I.A.*, 569 F.Supp.2d 1, 10 (D.D.C. 2008) (concluding that a mere assertion of bad faith does not establish a sufficient basis for discovery). Moreover, affidavits submitted by an agency are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Safecard Services, Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1990).

  Here, the Court has already found that the FBI's declarations are reasonably detailed and submitted in good faith, the searches were adequate, and there is no evidence of bad faith. [ECF 70]. Plaintiff's requests for discovery should be denied.

## **CONCLUSION**

The Court should reject Plaintiff's continued efforts to undermine the Court's findings in the Memorandum Order and Opinion by raising repetitive arguments that have either already been conclusively decided by the Court or are currently fully briefed and pending before the Court. Plaintiff's allegations of inadequate searches are based largely on speculation, improper summary judgment evidence, and improper attempts to amend his requests via email demands to counsel. The FBI performed adequate and reasonable searches for responsive records, processed all such records, and released all reasonably segregable non-exempt information from documents responsive to Plaintiff's FOIA requests that are subject to the FOIA. Plaintiff has failed to establish that the searches were inadequate, the exemptions were inappropriate, or that Defendants have acted in bad faith. Plaintiff's Corrected Motion for Summary Judgment should be denied.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

*/s Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin, Suite 1250
Beaumont, Texas 77701
Tel:   (409) 839-2538
Fax:   (409) 839-2550
Email: andrea.parker@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 1, 2023, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

                                                */s/ Andrea L. Parker*
                                                ANDREA L. PARKER
                                                Assistant United States Attorney