## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**BRIAN HUDDLESTON**,

     Plaintiff,

vs.

**FEDERAL BUREAU OF
INVESTIGATION and UNITED STATES
DEPARTMENT OF JUSTICE**

     Defendant

**Case No. 4:20-cv-447-ALM**

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

NOW COMES Brian Huddleston, the Plaintiff, replying in support of Plaintiff's Motion for Leave to File Supplemental Complaint (hereinafter "Motion") (Dkt. #113) as permitted by Fed. R. Civ. P. 15(d):

### Introduction

The FBI fundamentally misrepresents the purpose of the Motion and the proposed supplemental complaint. Mr. Huddleston is not seeking to reargue issues pending in other motions, as the FBI claims. *See* Defendant FBI's Response in Opposition to Plaintiff's Motion for Leave to File Supplemental Complaint (hereinafter "Response") 1-2. Nor is he seeking to assert claims based on new FOIA requests. Instead, Mr. Huddleston is asking the Court for injunctive relief for the benefit of himself *and all other FOIA requestors*. *See* First Supplemental Complaint (Dkt. #113-3) ¶¶9-12. Mr. Huddleston has identified numerous methods by which the FBI "hides the ball" from FOIA requesters, and it is time to end that lawlessness for the benefit of every FOIA requester. In fact, the general citizenry of the United States has an interest in

stopping the FBI's lawlessness, and that's because citizens have a statutory right to know what their government is doing. The purpose of FOIA, after all, "is to make agency records more accessible to the public." *Westchester Gen. Hosp., Inc. v. Dep't of Health, Ed. & Welfare*, 434 F. Supp. 435, 438 (M.D. Fla. 1977), citing *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 17, 94 S.Ct. 1028, 1037, 39 L.Ed.2d 123, 136 (1974). With all of its schemes and trickery, the FBI does the exact opposite.

### Argument

**1. The FBI is hiding entire records systems from FOIA requestors.**

The FBI previously and unequivocally stated that "digital evidence" or "DE" were not records for purposes of FOIA. *See* Reply in Support of Plaintiff's Motion for Clarification (Dkt. #92) 5-11 (citing the record). The FBI now argues that its *policy* does not make such a formal declaration. The FBI quotes part of the relevant policy in its response, and a portion of that is worth considering here:

> DE must not be uploaded into the FBI's central recordkeeping system or any other FBI administrative or record management system (e.g., FBINet). The FBI's central recordkeeping system (currently Sentinel) is the FBI's official recordkeeping system for all case file management. Nonrecord materials, per the legal definition of federal records, must not be placed in the recordkeeping system.

Response, citing "6.1 FBI Central Recordkeeping System," Dkt. #84-3, p. 49. The context certainly seems to suggest that "DE" falls within the category of "[n]onrecord materials." And the policy makes clear that "DE" must not be uploaded into the FBI's indexing systems. *Id*. As a practical matter, and at the very least, the FBI is making "DE" inaccessible to FOIA requestors by excluding anything designated "DE" from the search indices. (The same is true for electronic surveillance records ("ELSUR")). The average FOIA requestor will not know, for example, that he or she must *specifically* request a search of "DE." Furthermore, the largely-undefined term

"DE" allows the FBI to hide records from requesters, just as it did with the contents of Seth Rich's work laptop. *See* Reply in Support of Plaintiff's Motion for Clarification (Dkt. #92). The FBI has not identified any case law, nor has Mr. Huddleston found any, that would allow the FBI to designate all of the contents of a computer (or other electronic device) as "DE" merely because the device originated from a source outside the FBI. On the contrary, the FBI's argument, *i.e.*, that records generated from outside sources are not "agency records" subject to FOIA, is flatly contrary to established law:

> The term "agency records" applies not only to materials generated within an agency, but also to materials acquired from outside organizations. *Tax Analysts*, 492 U.S. at 144–45, 109 S.Ct. 2841 ("The legislative history of the FOIA abounds with ... references to records acquired by an agency." (quoting *Forsham*, 445 U.S. at 184, 100 S.Ct. 977)). Whether materials are "agency records" does not "turn on the intent of the creator." *Tax Analysts*, 492 U.S. at 147, 109 S.Ct. 2841. That is, the definition of "agency records" does not depend on whether materials originating outside an agency were "prepared substantially to be relied upon in agency decisionmaking." *Id.*

*Rocky Mountain Wild, Inc. v. United States Forest Serv.*, 878 F.3d 1258, 1262 (10th Cir. 2018). The FBI has – as a matter of policy – created significant impediments to FOIA requestors, and those intentional impediments certainly violate FOIA's purpose, *i.e.*, "to make agency records more accessible to the public." *Westchester Gen. Hosp., Inc.*, 434 F. Supp. at 438. A FOIA requestor should not be required to hire an expert FOIA attorney to navigate all of the obstacles created by the FBI. The FBI concedes that its "policy could be more clearly stated," Response 5, but that greatly understates the problem. The issue is both policy and practice, and the FBI's policy and practices are unlawful, thus they need to be enjoined systemwide. Mr. Huddleston is not seeking that relief here, however. He is merely asking the Court for permission to supplement his complaint so that he can make his full case in support of such relief.

**2.  The FBI is not complying with 5 U.S.C. §552(g).**

The FBI states that Mr. Huddleston and the undersigned are "seasoned FOIA litigators,"
and it suggests that they must be dunces because they failed to follow certain links in a
November 3, 2922 letter from Michael G. Seidel. *See* Response 5-7, citing Dkt. #113-2 (Seidel
letter). When one clicks on the second link in Mr. Seidel's letter, one finds only the following
relevant information:

**Federal Bureau of Investigation**

Central Records System ↗
http://www.netxsys.com/useful/foia.fbi.gov/crs552.htm ↗

Fingerprint Identification Records System ↗
http://www.netxsys.com/useful/foia.fbi.gov/firs552.htm ↗

National Crime Information Center ↗
http://www.netxsys.com/useful/foia.fbi.gov/ncic552.htm ↗

National DNA Index System ↗
http://www.netxsys.com/useful/foia.fbi.gov/dna552.htm ↗

National Instant Criminal Background Check System ↗
http://www.netxsys.com/useful/foia.fbi.gov/nics552g.htm ↗

*See* https://www.justice.gov/oip/doj-foia-reference-guide-attachment-c, cited in November 3,
2023 Seidel letter (Dkt. #113-2).[1] The information found at the first URL in Mr. Seidel's letter is
even less helpful. *See* https://www.justice.gov/oip/department-justice-freedom-information-act-
reference-guide (Exhibit 1).

---

[1] As attested by his electronic signature below, Ty Clevenger declares under penalty of perjury under the
laws of the United States that (1) the image file above was "cut and pasted" from
https://www.justice.gov/oip/doj-foia-reference-guide-attachment-c site on August 21, 2023; and (2) his
exhibit to this reply is a true and correct copy of what he downloaded from
https://www.justice.gov/oip/department-justice-freedom-information-act-reference-guide as of August 21,
2023.

If the FBI is to be in compliance with the plain requirements of the FOIA statute, then it must electronically publish "an index of all major information systems of the agency," 5 U.S.C. §552(g)(1) as well as "a description of major information and record locator systems maintained by the agency." §552(g)(2). The links provided by Mr. Seidel fail miserably in that regard. A FOIA requestor cannot look at those links and find records sources such as Lync, Teleporter,[2] or the Operational Technology Division ("OTD"), nor can one tell that those records sources are excluded from the search indexes that the FBI normally relies upon. Likewise, the image file above makes no disclosure of either those records sources, nor does it disclose the electronic surveillance ("ELSUR") records system. And the distinctions between subsections (g)(1) and (g)(2) are worth noting. The "index of all major information systems of the agency" should include Lync, Teleporter, OTD, and ELSUR, not to mention the FBI's email systems, text messaging systems, and word-processing systems. §552(g)(1); *see also Pub. Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1, 19–20 (D.D.C. 2000) (categorical exclusion of word-processing and e-mail systems was unwarranted). Furthermore, "a description of major information and record locator systems maintained by the agency," §552(g)(2), should make it clear that Lync, Teleporter, OTD, ELSUR, email systems, text messaging systems, and word-processing systems are <u>not</u> automatically included in the FBI's search indexing systems. On the contrary, an FBI employee must make an arbitrary decision that a record is of "sufficient significance" before it will be included in a search index. *See* Fifth Declaration of Michael G. Seidel (Dkt. #54-1) ¶¶7 and 10. If the purpose of FOIA "is to make agency records more accessible to the public," *Westchester Gen. Hosp., Inc*, 434 F. Supp. at 438, then https://www.justice.gov/oip/doj-foia-reference-guide-

---

[2] In response to Mr. Huddleston's motion for summary judgment, the FBI wrote as follows: "…Teleporter is a system used to facilitate the transfer of data, not a system of records." Defendant FBI's Response to Plaintiff's Corrected Motion for Summary Judgment 6. The FBI provided no evidence in support of that statement, nor did it indicate whether Teleporter itself can be searched, *e.g.*, by searching a log of documents that were transmitted.

attachment-c should identify all "major information systems," and it should let the public know that records are generally omitted from its search indexes *unless* an FBI employee arbitrarily decides that a record has "sufficient significance" to be indexed.

## 3. Supplemental Complaint

Most of the FBI's arguments about the propriety of a supplemental complaint are conclusory and unworthy of a response, but Mr. Huddleston will address a few of them briefly. The FBI writes as follows: "While Plaintiff has not sought leave to amend or supplement his complaint before, he has had multiple opportunities to raise the same issues in pleadings that are pending before the Court." Motion 8. That statement is false. Mr. Huddleston did not learn about the Lync messaging system until March 10, 2023. *See* Motion 3, citing March 11, 2023 email string between Ty Clevenger and Andrea Parker (Dkt. #112-1). Likewise, Mr. Huddleston did not learn about Teleporter until January 27, 2023. *See* Motion 5, citing January 27, 2023 email string between Ty Clevenger and Andrea Parker (Dkt. #112-7). Finally, and perhaps most importantly, Mr. Huddleston did not learn about the FBI's digital evidence policy / scheme until December 9, 2022. *See* Sixth Declaration of Michael G. Seidel (Dkt. #83-1). All of the foregoing revelations occurred less than five months before Mr. Huddleston filed the Motion. In other words, Mr. Huddleston has not been sitting on his hands.

Separately, the FBI relies heavily on *Cause of Action Institute v. United States Department of Justice*, 999 F.3d 696 (D.D.C. 2021). Mr. Huddleston encourages the Court to read that case in its entirety, because it is readily distinguishable and it greatly undermines the FBI's argument here.

> It is generally understood that "even though a party may have obtained relief as to a specific request under the FOIA, this will not moot a claim that an agency policy or practice will impair the party's lawful access to information in the future." *Payne Enters.*, 837 F.2d at 491 (citation omitted). However, to pursue its challenge to the OIP Guidance

> once its request for specific relief is no longer at issue, Appellant must still demonstrate standing to challenge the disputed policy or practice. *See, e.g., Summers v. Earth Island Inst.*, 555 U.S. 488, 494, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009); *Cierco v. Mnuchin*, 857 F.3d 407, 415-17 (D.C. Cir. 2017).

*Cause of Action Inst. v. United States Dep't of Justice*, 999 F.3d 696, 703–04 (D.C. Cir. 2021). In *Cause of Action*, the court was dealing with questions about whether a "guidance" document was subject to challenge. *Id.* The court concluded that the "guidance" did not have the force of law, and its future application was uncertain. *Id.* at 704–05. As explained above, the proposed supplemental complaint deals with matters of official policy that have the force of law, at least for internal agency purposes. Furthermore, the FBI's ongoing failure to disclose records systems such as Lync and Teleporter are clear violations of 5 U.S.C. §552(g), and that has nothing to do with any policy or guidance. Finally, the First Supplemental Complaint asks the Court to order the FBI to inform every FOIA requestor which records systems it has and has not searched. There is nothing vague or uncertain about that request for relief. *See* First Supplemental Complaint ¶11.

## Conclusion

The FBI's objections to the Motion are groundless. Mr. Huddleston should be granted leave to file his First Supplemental Complaint.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for Plaintiff Brian Huddleston**

**<u>Certificate of Service</u>**

On August 21, 2023, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at <u>andrea.parker@usdoj.gov</u>.

**<u>/s/ Ty Clevenger</u>**
Ty Clevenger