Exhibit 1

Welcome to the new look of justice.gov. In the coming months you'll see more pages in this new design. Please share your feedback with our webmaster.

× 

 An official website of the United States government
Here's how you know

**Office of Information Policy**
U.S. Department of Justice

Menu

[Search]

# Department of Justice Freedom of Information Act Reference Guide

Share >

*The Department of Justice Freedom of Information Act Reference Guide (Reference Guide)* provides guidance for making Freedom of Information Act requests to the Department of Justice. Much of the information provided in the Reference Guide can also be found elsewhere on the Department's website, and is also presented in a question and answer format on the Make a FOIA Request to DOJ page of our site. However, the *Reference Guide* consolidates that information into one discrete document, allowing for easier access and distribution of this material.

| | |
|---|---|
| I. Introduction | VII. Fees |
| II. Access to Certain Records Without a FOIA Request | VIII. Fee Waivers |
| III. Where to Make a FOIA Request | IX. Initial Request Determinations |
| IV. How to Make a FOIA Request | X. Administrative Appeals |
| V. Response Times | XI. Resolving Disputes |
| VI. Expedited Processing | XII. Other Reference Materials |

# I. Introduction

This Reference Guide is designed to help the public understand how the FOIA process works so that the public can be better informed about the operations and activities of the federal Government.

The FOIA generally provides that any person has the right to obtain access to federal agency records except to the extent those records are protected from disclosure by the FOIA. Agencies increasingly provide a great deal of information on their websites so before making a request you are encouraged to review the materials already posted on agency websites, as you may find there the information you are interested in.

The FOIA applies to records of the Executive Branch of the federal government and does not provide access to records held by Congress, the federal courts, advisory offices of the President, state or local government agencies, or by private businesses or individuals. All states have their own statutes governing public access to state and local government records; state agencies should be consulted for further information about obtaining access to their records.

TOP

This Reference Guide is designed to familiarize you with the specific procedures for making a FOIA request to the United States Department of Justice (DOJ). The process is neither complicated nor time consuming. Following the guidance below will make it more likely that you will receive the information that you are seeking in the shortest amount of time possible. This Reference Guide also includes descriptions of the types of records maintained by DOJ's bureaus, divisions, offices, and boards, which are collectively referred to as DOJ's "components." This Guide provides contact information for all DOJ components so that you may contact those components directly. DOJ's FOIA home page, which contains this Reference Guide, is located at www.justice.gov/oip.

Initially, it is important to understand that there is no central office in the government that processes FOIA requests for all federal departments and agencies. Each federal department and agency responds to requests for its own records. Therefore, before sending a request to DOJ you should determine whether DOJ is likely to have the records you are seeking. Each federal department and agency is required to provide reference material to assist those who wish to request records from them. Accordingly, you should view the websites of any federal agency which might have records you seek. By doing so you will learn what records are already available on the agency's website and you will also be able to determine which agency is likely to maintain the records you are seeking.  Contact information for other federal departments and agencies is available on FOIA.gov at http://www.foia.gov/report-makerequest.html.

The formal rules for making FOIA requests to DOJ are set forth in DOJ's regulations.  These regulations are available on DOJ's FOIA website under "FOIA Resources" (click on "DOJ FOIA Regulations").  In most cases this Reference Guide should provide you with all the basic information that you will need for submitting requests.

## II. Access to Certain Records Without a FOIA Request

DOJ's website, located at www.justice.gov, should be the starting point for anyone interested in DOJ.  It contains detailed information about all the activities of DOJ.  The website includes news, the Justice Blog, and the DOJ Action Center where you can get information about how to report a crime, get a job, apply for a grant, or identify a "most wanted" criminal.  Many resources are posted as well as information on all the components of DOJ, such as the FBI, DEA, or the Bureau of Prisons.  Information is available about careers with DOJ, internship opportunities, budget and performance, as well as strategic plans. DOJ posts forms, publications, and case highlights.  There is a Briefing Room with videos and a photo library.  In addition, each component of DOJ posts a variety of records of interest to the public.  You are encouraged to view the records and information made available on each component's page of DOJ's website. Additionally,  you may find that the information you are interested in is already posted in component FOIA Libraries.  A link to each component's FOIA Library is available at http://www.justice.gov/oip/available-documents-all-doj-components.

If you are interested in information about the FOIA itself, DOJ's FOIA website and FOIA.gov provide a wealth of resources. DOJ's FOIA website contains DOJ's Annual FOIA Reports and Chief FOIA Officer Reports, as well as links to the individual Annual FOIA and Chief FOIA Officer Reports for all federal departments and agencies.  You can also view *FOIA Post*, which is DOJ's blog that includes information on FOIA guidance issued by OIP and all of OIP's efforts to encourage agency compliance with the FOIA. Summaries of significant FOIA court decisions are made available on the Court Decisions page of OIP's website, with the ability to view decisions by topic or through keyword searches.  The *Department of Justice Guide to the Freedom of Information Act*, which is a comprehensive treatise on the FOIA and contains a detailed description of all aspects of the law is available at http://www.justice.gov/oip/doj-guide-freedom-information-act-0.  DOJ's FOIA website also contains a link to each component's FOIA website at http://www.justice.gov/oip/find-foia-contact-doj/list.  In sum, many potential FOIA requesters can save time by carefully reviewing what is already posted on DOJ's website before making a FOIA request.

Attachment C of this Reference Guide contains descriptions of DOJ's major information systems, which are the file systems and databases used by DOJ's components to maintain records.  These descriptions include explanations of the types of records maintained within each information system.  These descriptions can be accessed from DOJ's FOIA website under "*DOJ Reference Guide.*"

# III. Where to Make a FOIA Request



DOJ is organized into a number of bureaus, divisions, offices, and boards, which are referred to as "components." Within DOJ, each component processes its own records in response to FOIA requests. Therefore, your request will receive the quickest possible response if it is addressed directly to the component that you believe has the records you are seeking.  As noted above, Attachment B contains a description of DOJ's components and their addresses. It also contains contact information for each component's FOIA Requester Service Center and its FOIA Public Liaisons.

As mentioned above, the functions of each component are described on DOJ's website. They are also summarized in Part 0 of DOJ's regulations.

In almost all cases, you should send your FOIA request to a component's central FOIA office. Keep in mind, however, that even those components which receive all FOIA requests at a central office will sometimes require additional information from you regarding the most likely location of the records you seek.  For example, if you seek records from a particular United States Attorneys Office, while your request to the Executive Office for United States Attorneys (EOUSA) should always be submitted to EOUSA's central FOIA Office, it should clearly indicate which U.S. Attorneys Office would maintain the records you seek.  See Attachment B for contact information for the central FOIA offices for each of DOJ's components.

If you believe that DOJ maintains the records you are seeking, but you are uncertain about which component has the records, you may send your request to:  FOIA/PA Mail Referral Unit, Justice Management Division, Room 115, LOC Building, Washington, D.C. 20530-0001, Attention:  FOIA Request.  You may also send your request to the Mail Referral Unit via e-mail (MRUFOIA.Requests@usdoj.gov) or fax ((202) 616-6695).  Personnel in that division will then forward your request to the DOJ component(s) it determines are most likely to maintain the records you are seeking.

## IV. How to Make a FOIA Request

You should send your FOIA request directly to the DOJ component which you believe has the records you seek.  A FOIA request can be made for any agency record.  You can also specify the format in which you wish to receive the records.  Before submitting your request, you may contact the component's FOIA contact or FOIA Public Liaison to discuss the records you are seeking and to receive assistance in describing the records.  There are statutory exemptions that authorize the withholding of information of a sensitive nature.  The FOIA's exemptions protect, for example, national security, personal privacy, privileged records, and law enforcement interests.  When DOJ withholds information from you, it ordinarily must specify which exemption of the FOIA permits the withholding. You should be aware that the FOIA does not require agencies to do research for you, to analyze data, to answer written questions, or to create records in response to a request.

DOJ does not require a special form when making a FOIA request.  Requests should be in writing.  Many DOJ components now accept FOIA requests submitted electronically, including by web form, email, and/or facsimile.  You should include the notation "Freedom of Information Act Request" in your e-mail or on the front of your request envelope and also at the beginning of your request letter.  See Attachment B for more information regarding which components accept electronic FOIA requests, and for information on how to make such requests.

### Privacy and Certification of Identity

In order to protect your privacy as well as the privacy of others, whenever you request information about yourself you will be asked to provide either a notarized statement or a statement signed under penalty of perjury stating that you are the person who you say you are.  You may fulfill this requirement by:

1. completing and signing Form DOJ-361 (see Attachment D),
2. having your signature on your request letter witnessed by a notary, or
3. including the following statement immediately above the signature on your request letter: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]."

If you request information about yourself and do not follow one of these procedures, your request cannot be processed.  This requirement helps to ensure that private information about you will not be inappropriately disclosed to anyone else.

TOP

Similarly, if you request records relating to another person, and disclosure of the records could invade that person's privacy, they ordinarily will not be disclosed to you.  For example, if you seek information that would show that someone else (including your spouse or another member of your immediate family) has ever been the subject of a criminal investigation or was even mentioned in a criminal file and you do not provide the subject's consent or proof of their death, in almost all cases DOJ will respond by stating that it will "neither confirm nor deny" the existence of responsive law enforcement records.  Such law enforcement information about a living person is released without that person's consent only when no personal privacy interest would be invaded by disclosing the information or in cases where the individual's privacy interest is outweighed by a strong public interest in disclosure.

When a request for records pertains to a third party, you may receive greater access by submitting either a notarized authorization signed by that individual or a declaration made in compliance with the requirements set forth in 28 U.S.C. 1746 by that individual authorizing disclosure of the records to you, or by submitting proof that the individual is deceased (e.g., a copy of a death certificate or obituary).

## Description of the Records Sought

In making your request you should be as specific as possible when describing the records you are seeking. It is not necessary for you to provide the name or title of a requested record, but the more specific you are about the records or types of records that you seek, the more likely it will be that the DOJ component will be able to locate these records.  For example, if you have been interviewed by a law enforcement component of DOJ (such as the FBI) in connection with a law enforcement investigation and you wish to request a copy of the interview report, your listing of the date and location of the interview, and the name of the interviewing agent and subject of the investigation, if known, will be helpful to the component in determining where to search and which records are responsive to your request.  Before submitting your request, you may contact the component's FOIA contact or FOIA Public Liaison to discuss the records you are seeking and to receive assistance in describing the records.

In addition to the above-mentioned requirements for making a FOIA request, some DOJ components require additional specific information in order to process a request for particular types of records.  For example, when an individual makes a FOIA request to the Executive Office for Immigration Review (EOIR) for his or her immigration records, EOIR requires that individual to provide his or her alien "A" number.  Such special requirements are noted, where applicable, as part of the descriptions of components in Attachment B.

## Acknowledgement of Request

When a DOJ component receives your FOIA request, it ordinarily will send you a letter acknowledging the request and assigning it a tracking number.  If the component requires additional information from you so that it can begin processing your request, it will contact you.  Additionally, you should be aware that DOJ components ordinarily will use the date upon which they begin a record search as the "cut-off" date for identifying the records that are responsive to a FOIA request.  Of course, you can specify a different date-range for the records you seek, and the component would then search for records created during the time period you specify.

## Privacy Act Records

Under certain circumstances you may be entitled to receive more information under the Privacy Act of 1974 (a separate federal statute) than under the FOIA.  Under the FOIA, generally anyone can request access to any federal agency record.  Privacy Act requests are more limited and can be made only by  (a) U.S. citizens or aliens lawfully admitted for permanent U.S. residence, (b) who are seeking information about themselves, (c) which is maintained in a system of records and accessed using their names or other personal identifiers.  Even if a request does not mention the Privacy Act, DOJ automatically treats applicable requests as being made under both the FOIA and the Privacy Act.  In this way, requesters receive the maximum amount of information available to them under the law.

# V. Response Times


TOP

Under the FOIA, all federal agencies are required to respond to a FOIA request within twenty business days, excluding Saturdays, Sundays, and legal holidays.  This time period generally begins when the request is actually received by the FOIA office of the DOJ component that maintains the records sought.  If your request was misdirected, the DOJ component receiving the request will forward it to the proper DOJ component. If DOJ takes more than ten days to route your request to the appropriate component, the twenty-day time period begins to run at that point, even if the appropriate component has not yet received your request.

Many DOJ components receive hundreds, thousands, or tens of thousands (FBI, DEA, EOIR) of requests each year.  Many of these requests require a line-by-line review of hundreds or even thousands of pages of documents.  Although DOJ makes every effort to respond to FOIA requests as quickly as possible, in some cases it simply cannot do so within the specified time period.  This may be due either to the volume of records at issue in a given request or to the fact that the component has a backlog of previously received requests that are awaiting processing.  Some components use "multi-track" processing queues to manage their heavy FOIA workloads; components' descriptions of their multi-track processing systems are contained in Attachment B.

Under the FOIA, a component may extend the twenty-day response time when "unusual circumstances" exist.  Unusual circumstances exist when:

1. the component needs to collect responsive records from separate offices;
2. the request involves a "voluminous" amount of records that must be located, compiled, and reviewed; or
3. the component needs to consult with another federal agency or other DOJ components that have a substantial interest in the responsive information.

When such a time extension is needed, the component will notify you of this in writing and offer you the opportunity to modify or limit the scope of your request.  Alternatively, you may agree to a different timetable for the processing of your request.  The component's FOIA Public Liaison can assist you with this.

### Requester Service Center and FOIA Public Liaisons

FOIA requesters may contact at any time a component's FOIA Requester Service Center to check on the status of their FOIA requests.  As mentioned above, DOJ has established such a center for each of its components.  There is also a designated FOIA Public Liaison for each component who supervises the FOIA Requester Service Center.  The contact information for the FOIA Requester Service Centers as well as the names and phone numbers for the FOIA Public Liaisons can all be found in Attachment B.   FOIA requesters are strongly encouraged to make use of these services whenever they have a question or concern about their request.

## VI. Expedited Processing

Under certain conditions you may be entitled to have your request processed on an expedited basis. DOJ recognizes four specific standards by which requesters will be afforded expedited processing of a FOIA request or appeal.  Expedited processing will be granted if:

1. the lack of expedited treatment could reasonably be expected to pose a threat to someone's life or physical safety;
2. an individual will suffer the loss of substantial due process rights, expedition is appropriate. In this regard, a request will not normally be expedited merely because the requester is facing a court deadline in a judicial proceeding;
3. the request is made by a person primarily engaged in disseminating information to the public and the information is urgently needed to inform the public concerning some actual or alleged federal government activity; or
4. the subject of the request is of widespread and exceptional media interest and the information sought involves possible questions about the government's integrity which affect public confidence. Decisions to expedite under this fourth standard are made by DOJ's Director of Public Affairs.

A request for expedited processing must be accompanied by a statement setting forth the reasons why your request or appeal should be expedited. You should certify that the reasons you have given are true and correct. The component will be

TOP

8/21/23, 1:35 PM
Office of Information Policy, Department of Justice Freedom of Information Act Reference Guide
Case 4:20-cv-00447-ALM Document 129-1 Filed 08/21/23 Page 7 of 12 PageID #: 4345

required to notify you of its decision whether to grant or deny expedited processing within ten calendar days after receiving your letter. If the component denies your request for expedited processing, you will be advised of your right to submit an administrative appeal of that denial, which will be handled expeditiously. (For information about filing administrative appeals, see Section X of this Reference Guide.)

## VII. Fees

There is no initial fee required to submit a FOIA request; in fact, in the majority of requests made to DOJ, no fees are ever charged. The FOIA does provide for the charging of certain types of fees in some instances.

For purposes of fee assessment only, the FOIA divides requesters into three categories. The first category includes commercial-use requesters, who may be charged fees for searching for records, "processing" the records (i.e., reviewing them to determine the application of FOIA exemptions), and duplicating them to respond to a request. The second category includes educational or noncommercial scientific institutions and representatives of the news media, who are charged only for duplication fees, and who are provided the first one hundred requested pages free of charge. The third category includes all other requesters, who are charged only for record searches and duplication. For non-commercial-use requesters there is no charge for the first two hours of search time or for the first 100 pages of duplication or their cost equivalent.  DOJ currently charges five cents per page for duplication.  It charges an hourly search fee that roughly approximates the salary and experience level of the personnel conducting the search.  In all cases, if the total fee does not exceed a minimum amount, currently $25, DOJ will not charge any fee at all.

You may always include in your request letter a statement limiting the amount that you are willing to pay in fees should fees apply.  If a component estimates that the total fees for processing your request will exceed $25, it will notify you in writing of the estimate and offer you an opportunity to narrow your request in order to reduce the fees.  If you continue to seek all of the records involved, you will be asked to express your commitment to pay the estimated fees and the processing of your request will be suspended until you agree to do so.  You ordinarily will not be required to actually pay the fees until the records have been processed and are ready to be sent to you.  If, however, you have failed to pay fees within thirty days of billing in the past, or if the estimated fees exceed $250, you may be required to pay the estimated fees in advance -- that is, before the records are even processed.  If you agree to pay fees and then fail to do so within thirty days of billing, you may be charged interest on your overdue balance and DOJ will not proceed with any further requests from you until payment in full has been made. If you agree to pay fees for a records search, be aware that you may be required to pay such fees even if the search does not locate any responsive records or, if records are located, even if they are determined to be entirely exempt from disclosure. If you have any questions about a fee estimate or assessment you should feel free to contact the component's FOIA Requester Service Center or FOIA Public Liaison.  Components are available to assist you in reformulating your request to meet your needs at a lower cost.

## VIII. Fee Waivers

If you expect or are advised that a fee will be charged, you may request a waiver of those fees.  Under the FOIA, fee waivers are limited to situations in which a requester can show that the disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.  Requests for fee waivers from individuals who are seeking records pertaining to themselves usually do not meet this standard because such disclosures usually benefit the individual requester rather than increase the public's understanding of government operations and activities.  In addition, a requester's inability to pay fees is not a legal basis for granting a fee waiver.

## IX. Initial Request Determinations

Once the component has processed your request and any fee issues have been resolved, the component will send you a written initial determination.  In the vast majority of cases, DOJ components will include all documents that can be disclosed along with the determination letter, though in some cases the documents themselves may be sent to you separately within

a reasonable time after the determination letter has been sent to you. As mentioned previously, the FOIA provides access to all federal agency records, or portions of those records, except to the extent those records are protected by any of the FOIA's nine exemptions or three law enforcement exclusions. The determination letter will advise you of whether any information is being withheld pursuant to one or more of the exemptions. When a page of a record is being withheld in its entirety, the component ordinarily will specify the number of pages being withheld or make a reasonable effort to estimate the volume of the withheld information. Where a page of a record is being withheld in part, the withheld portions of the page will ordinarily be specifically marked with the applicable exemptions.

The FOIA authorizes agencies to withhold information when they reasonably foresee that disclosure would harm an interest protected by one of nine exemptions covering:

1. classified national defense and foreign relations information;

2. internal agency personnel rules and practices;

3. information that is prohibited from disclosure by another federal law;

4. trade secrets and other confidential or privileged commercial or financial information;

5. inter-agency or intra-agency communications that are protected by legal privileges;

6. information involving matters of personal privacy;

7. records or information compiled for law enforcement purposes, to the extent that the production of those records:

    (A) could reasonably be expected to interfere with enforcement proceedings,
    (B) would deprive a person of a right to a fair trial or an impartial adjudication,
    (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy,
    (D) could reasonably be expected to disclose the identity of and/or information provided by a confidential source,
    (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions, or
    (F) could reasonably be expected to endanger the life or physical safety of any individual;

8. information relating to the supervision of financial institutions; and

9. geological information on wells.

Congress provided special protection in the FOIA for three narrow categories of law enforcement and national security records. The provisions protecting those records are known as "exclusions." The first exclusion protects the existence of an ongoing criminal law enforcement investigation when the subject of the investigation is unaware that it is pending and disclosure could reasonably be expected to interfere with enforcement proceedings. The second exclusion is limited to criminal law enforcement agencies and protects the existence of informant records when the informant's status has not been officially confirmed. The third exclusion is limited to the FBI and protects the existence of foreign intelligence or counterintelligence, or international terrorism records when the existence of such records is classified. Records falling within an exclusion are not subject to the requirements of the FOIA. So, when a component responds to your request it will limit its response to those records that are subject to the FOIA.

# X. Administrative Appeals

You may file an administrative appeal if you are not satisfied with a DOJ component's initial response. You also may file an administrative appeal if you have requested expedited processing or a fee waiver and the component has not granted that request. You may also appeal a determination that what has been requested is not reasonably described, that a record does not exist or cannot be located, that a record is not readily reproducible in the form or format requested, that the requested information is not a record subject to the FOIA, or a determination regarding the charging of a fee. In short, you may appeal any adverse determination made by a component.

You will be advised of your right to file an administrative appeal in the component's response containing the adverse determination. You will also be advised that you have the option to contact the component's FOIA Public Liaison or the Office of Government Information Services (OGIS) at the National Archives and Records Administration. Those resources may be able to answer any questions you have about the handling of your request. If you do elect to file an appeal it must be in writing and to be considered timely it must be postmarked, or in the case of electronic submissions, transmitted, within 90 calendar days after the date of the component's response.  Appeals can be submitted to DOJ through the FOIA STAR web portal accessible at https://doj-foia.entellitrak.com/etk-doj-foia-prod/login.request.do. Instructions for how to use this portal are available on OIP's website at http://www.justice.gov/oip/submit-and-track-request-or-appeal. In order to submit a FOIA administrative appeal through FOIA STAR, you must first create an account and became a registered user on the site.

Appeals can also be submitted by mail to:

>    Office of Information Policy
>    U.S. Department of Justice
>    6th Floor
>    441 G Street N.W.
>    Washington, D.C. 20530-0001

Both the front of the envelope and the administrative appeal letter should contain the notation "Freedom of Information Act Appeal."  The OIP also accepts administrative appeals by facsimile if sent to (202) 514-1009.

There is no specific form or particular language needed to file an administrative appeal.  You should identify the component that denied your request and include the initial request number that the component assigned to your request and the date of the component's action.  If no request number has been assigned, then you should enclose a copy of the component's determination letter.  There is no need to attach copies of released documents unless they pertain to some specific point you are raising in your administrative appeal.  You should explain what specific action by the component that you are appealing, but you need not explain the reason for your disagreement with the component's action unless your explanation will assist the appeal decision-maker in reaching a decision.

Administrative appeals from DOJ components are reviewed by an attorney in OIP.  The attorney ordinarily will have available all of the files pertaining to the processing of your request and will make an independent determination as to whether the component has properly handled your request.

Under the FOIA, OIP is ordinarily required to make a determination on your administrative appeal within twenty business days.  OIP may take one of several actions on your administrative appeal.  It may affirm the component's action in full, in which case it will often identify the reason why the component's action was proper.  Alternatively, it may affirm part of the component's action, but otherwise "remand" the request in part for the component to take some further action.  Finally, under some circumstances, it may remand the request to the component in its entirety for further action.  When a case is remanded, you will have an opportunity to appeal again to OIP if you are dissatisfied in any respect with the component's action on remand.

# XI. Resolving Disputes

As mentioned previously, each component has a FOIA Public Liaison who is a supervisory official to whom you may turn if you are dissatisfied with the services received from the component's FOIA Requester Service Center.  The FOIA Public Liaison can assist you throughout the request process, from working with you and the component to arrange an alternative time frame for processing your request, to increasing understanding regarding the status of your request, to assisting you in resolving disputes.  All of DOJ's FOIA Public Liaisons are listed in Attachment B and their contact information is also available on each component's website.

In addition, the Office of Government Information Services (OGIS), an office created within the National Archives and Records Administration, offers mediation services to FOIA requesters.  They may be contacted in any of the following ways:

TOP

Office of Government Information Services
National Archives and Records Administration
Room 2510
8601 Adelphi Road
College Park, MD 20740-6001

Email: ogis@nara.gov
Phone: 301-837-1996
Fax: 301-837-0348
Toll-free: 1-877-684-6448

Finally, the FOIA provides requesters with the right to challenge an agency's action in federal court. Before doing so, you ordinarily will be required to have first filed an administrative appeal.

## XII. Other Reference Materials

Other general sources of information about using the FOIA include:

- *Your Right to Federal Records*. This pamphlet is a joint publication of the General Services Administration (GSA) and DOJ. It is available for sale from the Federal Citizen Information Center, Department 320N, Pueblo, CO 81009 or (888) 878-3256. This publication is also available on GSA's Federal Citizen Information Center website at http://publications.usa.gov/ (click on "Federal Programs," then click on "More Books on this topic" and scroll down to the publication's title) and on DOJ's FOIA website under "FOIA Reference Materials" at: http://www.justice.gov/oip/foia-resources.

- *A Citizen's Guide on Using the Freedom of Information Act and the Privacy Act of 1974 to Request Government Records*. This report was published in 2005 by the Committee on Government Reform of the House of Representatives. It can be accessed on DOJ's FOIA website under "FOIA Reference Materials" at: http://www.fas.org/sgp/foia/citizen.html. It is also available for sale at the U.S. Government Printing Office by calling 1-866-512-1800.

- Also, a more general publication, the *Consumer Action Handbook,* describes which federal agencies are responsible for specific consumer problems and where to write for assistance. Copies of this publication may be obtained for free by calling (888) 878-3256. This booklet also can be accessed on the General Services Administration's website at www.consumeraction.gov (click on "Read the Consumer Action Handbook"). The print version of this book can also be ordered online by going to http://www.usa.gov/consumer-action-handbook/order-form.shtml.

- A general source of information about the federal government is *The United States Government Manual*. This manual describes all three branches of government. *The United States Government Manual* is issued annually by the Government Printing Office (GPO) and is available in most libraries. It can be purchased directly from the GPO. For pricing and ordering information, call toll-free 1-866-512-1800 or visit the online U.S. Government Bookstore at http://bookstore.gpo.gov/. A free text version is available on the GPO's website at http://www.usgovernmentmanual.gov/(S(oqb2o42yhwdoayhnd334wf4v))/Home.aspx.

## Attachments:

A -- Listing of FOIA contacts at all federal agencies

B -- Descriptions of DOJ components and related information, including contact information for FOIA Requester Service Centers and FOIA Public Liaisons

C -- Descriptions of major information systems

D -- Copy of Form DOJ-361 (Certification of Identity)

-----------------

[1] 5 U.S.C. § 552 (2018)

TOP

8/21/23, 2:38 PM
Office of Information Policy | Department of Justice Freedom of Information Act Reference Guide
Case 4:20-cv-00447-ALM Document 129-1 Filed 08/21/23 Page 11 of 12 PageID #: 4349

Updated December 22, 2022

Office of Information Policy (OIP)
U.S. Department of Justice
6th Floor
441 G St. NW
Washington DC 20530

202-514-3642

Email: DOJ.OIP.FOIA@usdoj.gov

The above e-mail address is used for general correspondence and inquiries. To submit a FOIA request or FOIA administrative appeal to OIP, please visit the Submit and Track a Request or Appeal page.

Signup for Email Updates
Social Media

    



Archives

Budget & Performance

FOIA

Accessibility

Legal Policies & Disclaimers

Privacy Policy

For Employees

Information Quality

Office of the Inspector General

No FEAR Act Data



Case 4:20-cv-00447-ALM   Document 129-1   Filed 08/21/23   Page 12 of 12 PageID #:   4350

[Small Business](#)

[Vote.gov](#)

[Español](#)

## Have a question about Government Services?

[Contact USA.gov](#)


TOP