# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | Civil Action No. 4:20-cv-00447 |
| FEDERAL BUREAU OF § | Judge Mazzant |
| INVESTIGATION and UNITED STATES § | |
| DEPARTMENT OF JUSTICE, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Permit Counsel to View Evidence (Dkt. #91). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's Motion to Permit Counsel to View Evidence (Dkt. #91) should be **DENIED**.

### BACKGROUND

Plaintiff's Motion to Permit Counsel to View Evidence (Dkt. #91) arises in the context of Freedom of Information Act ("FOIA") litigation. The Court will not belabor on the case's background here, because it has already been discussed in detail in the Court's Memorandum Opinion and Order from September 29, 2022 (the "Prior Order") (Dkt. #70).

On September 29, 2022, the Court entered the Prior Order requiring Defendants the Federal Bureau of Investigation (the "FBI") and the Department of Justice to "produce the information it possesses related to Seth Rich's laptop and responsive to Plaintiff's FOIA requests" (Dkt. #70).

On November 14, 2022, the Huddleston filed a motion for clarification regarding the Prior Order (Dkt. #77). The Court granted Huddleston's motion in part and denied it in part (Dkt. #77; Dkt. #136). Further, the Court denied a related motion for clarification or reconsideration that the FBI filed (Dkt. #73; Dkt. #136). The Court specifically found that:

> With the exception of Seth Rich's work laptop, the DVD, the tape drive, and the compact disk containing images of Seth Rich's personal laptop, which are responsive to Huddleston's FOIA requests, the Court finds the Government properly withheld or redacted information responsive to Huddleston's requests in accordance with the FOIA's exemptions.

(Dkt. #136 at p. 24). The FBI submitted an FD-302 document for *in camera*, *ex parte* review to demonstrate that the FBI was not playing "hot potato" with the personal laptop and that Exemptions 7(D) and 7(E) apply to the personal laptop (Dkt. #84 at p. 2, Dkt. #85). The Court accepted the document for *in camera* review following an unopposed motion by the FBI to submit the document for *in camera* review (Dkt. #82).

Although Huddleston did not oppose the Court's *in camera* review of the document, he filed a motion on January 13, 2023 requesting that his counsel view the document. (Dkt. #91) On January 6, 2023, the FBI filed its response (Dkt. #98). On February 6, 2023, Huddleston filed his reply (Dkt. #99).

## LEGAL STANDARD

The Court cannot find a legal standard or case governing when a requesting party's counsel may review a document withheld under FOIA, which an agency has submitted for an *in camera*, *ex parte* review for the purpose of determining whether other documents should be withheld under FOIA. Neither party has provided such a legal standard (Dkt. 91; Dkt. #98; Dkt. #99). However, the Court has found legal standards for two analogous situations.

First, a court may review records withheld under a FOIA exemption *in camera*, *ex parte* under certain circumstances to determine whether those records have been properly withheld. 5 U.S.C. § 552(a)(4)(B); *Shapiro v. U.S. Dep't of Just.*, 239 F. Supp. 3d 100, 110–11 (D.D.C. 2017). "[I]n camera filings are at odds with the 'strong presumption in favor of public access to judicial proceedings,' . . . and *ex parte* proceedings deprive the Court of the 'benefit of criticism and illumination' that comes with the arguments of opposing counsel." *Shapiro*, 239 F. Supp. 3d at 110–11. "[*I*]*n camera, ex parte* filings are at times necessary to permit the Court to perform its role of ensuring that the agency has appropriately invoked a FOIA exemption without requiring the agency publicly to disclose the very records or information it seeks to protect." *Id.* at 111 (citing *Barnard v. Dep't of Homeland Sec.*, 598 F.Supp.2d 1, 16 (D.D.C. 2009)). "But before accepting such a filing, the Court 'must both make its reasons for doing so clear and make as much as possible of the *in camera* submission available to the opposing party,' and to the public." *Id.* (citation omitted).

Second, a court may review an affidavit *ex parte* in the context of FOIA under certain circumstances. *See Perioperative Servs. & Logistics, LLC v. U.S. Dep't of Veterans Affairs*, 57 F.4th 1061, 1065 (D.C. Cir. 2023). In FOIA cases, "'[the government] knows the contents of the withheld records while the [plaintiff] does not; and the courts have been charged with the responsibility of deciding the dispute without altering that unequal condition, since that would involve disclosing the very material sought to be kept secret.'" *Id.* (quoting *Arieff v. Dep't of the Navy*, 712 F.2d 1462, 1471 (D.C. Cir. 1983)). Therefore, "'[t]he [judicial] task' in a FOIA case 'can often not be performed by proceeding in the traditional fashion.'" *Id.* (quoting *Arieff*, 712 F.2d at 1471). "[A] district court may receive an *ex parte* affidavit if and only if '(1) the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the

3

public affidavits and in the records themselves, and (2) public disclosure of that information would compromise the secrecy asserted.' *Id.* (quoting *Arieff*, 712 F.2d at 1471).

The Court finds that the first situation more analogous to this case. The only difference between the first situation and this case is that the document submitted for *in camera* review is not the same as the challenged records (*See* Dkt. #85). Even though the document under *in camera*, *ex parte* review is different than those that Huddleston has challenged under FOIA, the FBI has still withheld the document under *in camera*, *ex parte* review under FOIA (*See* Dkt. #39, Ex. 1 at pp. 187–88). The standard from the second situation attempts to prevent the disclosure of secret information within the challenged records (as opposed to information only within a document under *in camera* review). *See Perioperative Servs. & Logistics, LLC*, 57 F. 4th at 1065. However, this standard does not consider the potential disclosure of secret information within a document under *in camera*, *ex parte* review, but not within the challenged records. *See id.*

Therefore, the Court will apply the standard from the first situation. The Court will allow an *in camera*, *ex parte* filing where it permits the Court to perform its role of ensuring that the agency has appropriately invoked a FOIA exemption without requiring the agency publicly to disclose records or information that it seeks to protect. *Shapiro*, 239 F. Supp. 3d at 111. Further, the Court interprets this standard to extend to records or information outside of the challenged records (including the document under *in camera* review).

## ANALYSIS

Huddleston argues that the Court should permit his counsel, as a matter of due process, to view the entire FD-302 document pursuant to an "attorney eyes only" protective order (Dkt. #91 at p. 4). He requests that the Court issue such a protective order and release a copy of the FD-302

4

document with all improper redactions removed because "the FBI has redacted publicly available information on the grounds of privacy" (Dkt. #91 at p. 4). Huddleston also raises an issue with the FBI potentially submitting unsworn and unauthenticated evidence *ex parte* via the FD-302 document (Dkt. #91 at p. 4).

In response, the FBI states that the Court has the see-through redacted version of the FD-302 document and it "is in the best position to determine whether or not the document has been improperly withheld" (Dkt. #98 at p. 1). It claims the "justification for the withholding and asserted exemptions are apparent on the face of the document itself" (Dkt. #98 at p. 1).

As an initial matter, the Court does not need to consider whether an *in camera* review of the FD-302 document is appropriate. The FBI's motion to submit the document for *in camera* review was unopposed (Dkt. #82). Thus, both parties agree that the *in camera* review is appropriate (*See* Dkt. #82). The only remaining issue for the Court is whether the *ex parte* nature of the *in camera* review is appropriate.

The Court has reviewed the redacted portions of the FD-302 document and concludes that that it contains sensitive material that cannot be made public without thereby disclosing information that the agency withheld in response to Huddleston's FOIA requests (Dkt. #85). Further, the Court finds that no redactions within the FD-302 document were improper. (Dkt. #85).

The FBI withheld this document under FOIA Exemptions 6, 7(C), 7(D), and 7(E) (Dkt. #39, Ex. 1 at pp. 187–88). However, the Court has partially granted summary judgment in favor of the FBI, finding that the FBI properly withheld the FD-302 document (among many others) (Dkt. #70; Dkt. #136 at p. 24). The Court is not persuaded by Huddleston's arguments (*See*

5

Dkt. #91; Dkt. #99). Therefore, the Court will not reconsider the Prior Order with respect to the FD-302 document.

Contrary to Huddlston's arguments that some of the redacted information may have made its way into the public domain, the FBI may still validly withhold that information under Exemptions 6 and 7(C). "[T]hat otherwise private information may have been at one time or in some way in the 'public' domain does not mean that a person irretrievably loses his or her privacy interests in it." *Halloran v. Veterans Admin.*, 874 F.2d 315, 322 (5th Cir. 1989) (rejecting district court's conclusion that because individual had participated in the investigation, no invasion of privacy could occur because their information was already "known to the public"); *see also D.O.J. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 761–62 (1989) ("[O]ur cases have recognized the privacy inherent in the nondisclosure of certain information even where the information may have been at one time public"). Thus, even when an individual's private information has been publicly disseminated in the past, the individual "still retain[s] substantial interests in preventing the further dissemination of the information." *Halloran*, 874 F.2d at 322 n.10 (citing *Bast v. D.O.J.*, 665 F.2d 1251, 1255 (D.C. Cir. 1981) ("[R]enewed publicity brings with it a renewed invasion of privacy. The renewed intrusion is subject, in its own right, to FOIA protection, [and thus] implicate[s] legitimate privacy interests under the 7(C) exemption.")).

In the context of FOIA, courts often evaluate evidence *in camera* and *ex parte*. *See*, *e.g.*, *Shapiro*, 239 F. Supp. 3d at 110–11; *Perioperative Servs. & Logistics, LLC*, 57 F.4th at 1065; *Arieff*, 712 F.2d at 1471. Neither the Court nor the parties can identify a case where a court has considered whether to review *in camera*, *ex parte* a document withheld under a FOIA exemption to determine whether different documents have been validly withheld under a FOIA exemption (*See* Dkt. 91;

Dkt. #98; Dkt. #99). Despite this lack of guidance in either direction, the Court does not find this circumstance sufficient to act as an exception to FOIA exemptions and require the disclosure of statutorily withheld information.[1] *See* 5 U.S.C. § 552(b).

For the reasons discussed above, the Court will not allow Huddleston's counsel to view the FD-302 document.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Permit Counsel to View Evidence (Dkt. #91) is **DENIED.**

**IT IS SO ORDERED.**
**SIGNED this 29th day of November, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] This analysis remains true even if the document withheld under FOIA is unsworn.