IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV447<br><br>JUDGE AMOS MAZZANT |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR INTERIM PAYMENT OF COSTS AND ATTORNEY FEES

Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") file this response in opposition to Plaintiff's Renewed Motion for Interim Payment of Costs and Attorney Fees (the "Renewed Motion"). ECF 143.

### INTRODUCTION

Defendants' position regarding interim fees has not changed since the parties previously briefed the issue, and Defendants incorporate and rely on their previously filed Response and Sur-Reply regarding Plaintiff's Motion for Interim Payment of Costs and Attorney's Fees, ECF 59, 66, and their Response to Plaintiff's Supplemental Motion for Interim Payment of Costs and Attorney Fees, ECF 103.

As previously argued, interim fees are disfavored in all but the most exceptional circumstances because litigating fees is burdensome and inefficient, and it delays resolution on the merits. *See, Allen v. FBI*, 716 F.Supp. 667, 667–72 (D.D.C. 1989); *Biberman v. FBI*, 496 F.Supp.

263, 265 (S.D.N.Y. 1980). As before, Plaintiff has failed to establish exceptional circumstances that warrant consideration of interim fees, and his motion should be denied.

## ARGUMENT

There has not been a material change in this matter that compels the Court to award Plaintiff interim fees and costs. Plaintiff argues that based on the November 28, 2023 Memorandum Opinion and Order (the "Reconsideration Order"), ECF 136, he has substantially prevailed and therefore is now entitled to an interim award of fees and costs, ECF 143, p. 1–2. However, that order cannot be read in isolation. As discussed in prior responses to requests for interim fees, the Court's September 29, 2022 Memorandum Opinion & Order resolved the majority of issues in this case in the Defendants' favor, finding that the searches were adequate, and that the withholdings and redactions were overwhelmingly appropriate in accordance with FOIA's exemptions. *See generally* ECF 70.

The Reconsideration Order did not change the fact that Defendants have prevailed on the vast majority of issues presented in this case. Indeed, the Reconsideration Order held that Defendants properly withheld newly found documents pursuant to FOIA exemptions. *See* ECF 136, at 20–23. Moreover, although the Reconsideration Order rejected other arguments Defendants made, it did not require the Defendants to produce Seth Rich's work laptop, the DVD, and tape drive (collectively referred to as the "Work Laptop") or the CD containing an image of Seth Rich's personal laptop (the "Personal Laptop"). Rather, the Reconsideration Order required the Government to "produce a *Vaughn* index addressing the information it possesses on" the Work Laptop and Personal Laptop. ECF 136, p. 24. The requirement to produce a *Vaughn* index recognizes the Defendants may still withhold additional documents pursuant to FOIA exemptions. As the Defendants previously informed the Court, they plan to assert Exemption 7(A) with respect

to these records and will place this exemption before the Court in a motion for summary judgment. ECF 141, p. 1–2.

In sum, the only change since Plaintiff's last requests for interim fees is the Reconsideration Order. But that order does not alter the fact that the Defendants have prevailed on most issues in this case. At this time, Plaintiff cannot satisfy the first part of the analysis (eligibility) guiding a request for interim fees because he has not substantially prevailed and thus cannot establish that he is eligible for fees. *See* ECF 107 (explaining the eligibility prong of the fee analysis requires a plaintiff to show he has substantially prevailed). In addition, as addressed in prior briefing, Plaintiff cannot establish the second part of the inquiry (enlistment) because the four factors set forth in *Allen v. FBI*, 716 F.Supp. 667, 66772 (D.D.C. 1989), do not support that plaintiff is entitled to an interim award of fees. *See* ECF 69, p. 3–4, ECF 66, p. 2–4; ECF 103, 2–4.

## CONCLUSION

All four factors suggest that Plaintiff is not entitled to interim fees. As previously argued, should the Court be inclined to grant interim fees, Defendants would request additional time to address the substantive merits of Plaintiff's fee demand. Plaintiff has not established exceptional circumstances that warrant the consideration of interim fees, and his motion should be denied.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s/ James Gillingham*
JAMES GARLAND GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX  75702
(903) 590-1400
Fax: (903) 590-1436

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

                                              */s/ James Gillingham*
                                              JAMES GILLINGHAM
                                              Assistant United States Attorney