IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**,<br><br>    Plaintiff,<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**<br><br>    Defendant | Case No. 4:20-cv-447-ALM |

### PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR INTERIM PAYMENT OF COSTS AND ATTORNEY FEES

NOW COMES Brian Huddleston, the Plaintiff, replying in support of his Renewed Motion for Interim Payment of Costs and Attorney Fees (hereinafter "Motion")(Dkt. #143) as follows:

In Defendants' Response to Plaintiff's Supplemental Motion for Interim Payment of Costs and Attorney Fees (hereinafter "Defendants' Response")(Dkt. #145), the Defendants quibble about whether Mr. Huddleston "substantially prevailed" such as to justify an award of attorney fees. The Court will recall that thanks to this litigation, the FBI was forced to acknowledge the existence of thousands of responsive documents about Seth Rich. *Huddleston v. Fed. Bureau of Investigation*, No. 4:20-CV-00447, 2022 WL 4593084, at *3 (E.D. Tex. Sept. 29, 2022), clarified on denial of reconsideration, No. 4:20-CV-00447, 2023 WL 8235243 (E.D. Tex. Nov. 28, 2023). The mere acknowledgement of those records was a matter of public interest, because the FBI went from denying the existence of *any* records to acknowledging the existence of thousands of records, then it had to acknowledge possession of a tape drive, a DVD, Seth

- 1 -

Rich's work laptop, and the contents of his personal laptop. 2023 WL 8235243, *2. In fact, the FBI has acknowledged the growing public interest in those records by making some of them publicly available on its website. *See* https://vault.fbi.gov/seth-rich/seth-rich-part-01-of-03/view. Even *Newsweek* is now paying attention to this case. See Aliss Higham, "Seth Rich's Laptop to Be Turned Over by FBI, Judge Rules," November 29, 2023, *Newsweek*, https://www.newsweek.com/seth-rich-laptop-turned-over-fbi-judge-rules-1847947 (Exhibit 1).[1]

But for this litigation, the FBI would still be hiding records about Seth Rich. This Court previously has acknowledged *Clevenger v. D.O.J.*, et al., No. 1:18-CV-1568, 2020 WL 1846565 (E.D.N.Y. Apr. 3, 2020), a FOIA case filed by Plaintiff's Counsel in Brooklyn, New York, and it is particularly relevant here. Near the end of *Clevenger*, Plaintiff's Counsel obtained proof that the FBI possessed records about Seth Rich notwithstanding sworn testimony to the contrary. On January 27, 2020, Plaintiff's Counsel provided the New York court with a copy of his January 27, 2020 letter to federal officials regarding possible perjury in the FBI's sworn declaration. *See* January 27, 2020 Notice (Exhibit 2) and January 27, 2020 Letter from Ty Clevenger to U.S. Attorney John Durham, et al. (Exhibit 3). Two days later, the FBI submitted a testy response. *See* January 29, 2020 Letter from Kathleen A. Mahoney to Hon. Lois Bloom (Exhibit 4). On February 3, 2020, Plaintiff's Counsel outlined the FBI's chicanery to the court and requested an evidentiary hearing. *See* Motion for Evidentiary Hearing and Motion for *In Camera* Review (Exhibit 5). That motion highlighted some of the deceptions that the FBI employed in order to conceal records about Seth Rich. *Id*. On March 29, 2020, Plaintiff's Counsel informed the New York court that a federal prosecutor assigned to the Seth Rich murder had publicly

---

[1] As witnessed by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that the exhibits to this reply are true and correct copies of the documents that he represents them to be.

acknowledged that the FBI investigated Mr. Rich's laptop as well as the purported hacking of his email account. *See* March 29, 2020 Notice (Exhibit 6). Clearly, the FBI had investigated matters pertaining to Mr. Rich, and it almost certainly would have records reflecting that. Notwithstanding the evidence, the New York court granted summary judgment in favor of the FBI on April 3, 2020. *Clevenger*, 2020 WL 1846565, at *20.

Plaintiff's Counsel filed a motion for reconsideration on May 1, 2020 and cited more detailed evidence about the FBI's investigation related to Mr. Rich. *See* May 1, 2020 Motion for Reconsideration (Exhibit 7). The FBI could not and did not deny the evidence, but it opposed the motion for reconsideration and refused to conduct additional searches. *See* May 21, 2020 Defendant's Opposition to Plaintiff's Motion for Reconsideration (Exhibit 8). On August 21, 2020, the New York court refused to reconsider its order. *Clevenger,* 2020 WL 13548692 (E.D.N.Y. Aug. 21, 2020). In other words, the FBI won and the FBI "got away with it." In light of that, the FBI cannot argue with a straight face that it would have voluntarily changed course without getting sued again, whether here or somewhere else. No, the FBI would not have revealed *anything* but for this lawsuit. At the very least, the FBI changed its position and began producing records in response to this lawsuit, and that alone is sufficient to make Mr. Huddleston a prevailing party. *See First Amendment Coal. v. United States Dep't of Justice*, 878 F.3d 1119, 1128 (9th Cir. 2017) (citing cases, including *Batton v. I.R.S.*, 718 F.3d 522 (5th Cir. 2013)); *see also Elec. Privacy Info. Ctr. v. United States Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 39-46 (D.D.C. 2016).

In the Defendants' Response, the Defendants do not contest the reasonableness of the amount of fees requested by Mr. Huddleston, nor did the Defendants contest the reasonableness of the amounts previously requested by Mr. Huddleston. In Defendants' Response to Plaintiff's

Motion for Interim Payment of Costs and Attorney Fees (Dkt. #59), the Defendants requested permission to brief the reasonableness of fees separately, but the Defendants have not made such a request here. Mr. Huddleston would object to such a request should the FBI raise it in a sur-reply, and he incorporates by reference Plaintiff's Reply in Support of Motion for Interim Payment of Costs and Attorney Fees ("Plaintiff's Reply")(Dkt. #62). That reply reads in relevant part as follows:

> Toward the end of their response, the Defendants move the Court to grant them permission to separately and subsequently brief the reasonableness of the undersigned's invoice. In other words, they want to drag things out by at least a couple more months. The Defendants did not confer with Plaintiff's Counsel, as required by Local Rule 7(h), before making their request to the Court. And they do not cite any authority in support of their request for piecemeal briefing, nor is the Plaintiff aware of any. The Defendants thus waived their opportunity to brief the reasonableness of the fee invoice, and the Court can determine for itself whether the invoice is reasonable.

Plaintiff's Reply 5. The FBI has had almost two years to brief the reasonableness of the hourly rate charged by Plaintiff's Counsel, and it should not be allowed to delay the matter further. Furthermore, the FBI waived any objection to the amount of the fee request by failing to brief the issue. *Domain Protection, LLC v Sea Wasp, LLC*, 426 F. Supp. 3d 355, 377 (E.D. Tex 2019), aff'd sub nom. *Domain Protection, L.L.C. v Sea Wasp, L.L.C.*, 23 F4th 529 (5th Cir. 2022) (Party waived issue by failing to raise and brief it in response to motion).

## Conclusion

Mr. Huddleston is a prevailing party, and the full fee request should be awarded to him insofar as the Defendants have not objected.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

## Certificate of Service

On January 29, 2024, I filed a copy of this request with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney James Gillingham, Counsel for the Defendants, at james.gillingham@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger