# Exhibit 4



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLR:KMA; 2018V00809

*271-A Cadman Plaza East, 7th Floor*
*Brooklyn, New York 11201*

January 29, 2020

BY ECF

Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

        Re:    Ty Clevenger v. U.S. Department of Justice, *et al.*,
                Civil Action No. 18-CV-01568 (LB)

Dear Judge Bloom:

      In a "Notice" filed at 10:30 p.m. on January 27, 2020 (Dkt. #51), Plaintiff states that he is "giving notice" to the Court that he has sent a letter to several Department of Justice ("DOJ") officials "regarding a possible fraud on this Court" by the Federal Bureau of Investigation ("FBI") employee who provided declarations in support of Defendants' motion for summary judgment in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b).[1] Although the "Notice" does not expressly request relief from the Court, this letter is respectfully submitted in response to Plaintiff's filing.

      As originally filed, this action concerned multiple FOIA requests that Plaintiff made to the FBI, as well as to the DOJ Criminal Division, the Executive Office for United States Attorneys, the DOJ Office of Information Policy, the DOJ Office of Legal Affairs, the DOJ Office of the Inspector General, and the National Security Agency. Dkt. #1; *see* Dkt. #9; *see also* Dkt. #15, #16. Defendants' motion for summary judgment addressed the ten responses that Plaintiff advised he was still challenging.[2] However, Plaintiff's opposition to Defendants' motion

---

[1]  Defendants' fully briefed motion for summary judgment was filed on October 1, 2019. Dkt. ##33-42; *see* Dkt. #32.

[2]  *See* Memorandum of Law in Support of Defendants' Motion for Summary Judgment dated July 29, 2019 (Dkt. #35) ("Defs. Mem."); Defendants' Statement Pursuant to Local Rule 56.1

was limited to the FBI's responses to two FOIA requests.[3]

The "Notice" concerns Plaintiff's FOIA request to the FBI dated September 1, 2017, for its records pertaining to Seth Conrad Rich ("Rich"), who was murdered in the District of Columbia in July 2016. See Defs. 56.1 ¶ 22. The FBI responded that it did not locate any responsive records. Defs. 56.1 ¶ 34. Plaintiff has maintained that the FBI did not conduct a reasonable search and seeks discovery. See Pl. Opp. at 2-4. However, the FBI met its burden of showing that its search was adequate and, therefore, is entitled to summary judgment. See Defs. Mem. at 17-22; Defs. Reply at 3-9. Specifically, the FBI searched its Central Records System ("CRS") recordkeeping system but did not locate any main file (file about Rich) or reference file (file with a cross-reference to Rich).[4] Defs. 56.1 ¶¶ 23-32; see also Declaration of David M. Hardy dated October 3, 2018 (Dkt. #16-1) ("Hardy Decl.") ¶¶ 19-21. The searches of the CRS would have located any emails of investigative significance. Hardy Decl. ¶ 24. The CRS searches also would have identified any Computer Analysis and Response Team ("CART") records. Defs. 56.1 ¶ 32; see Hardy Decl. n.6. In addition to the CRS searches, the FBI Washington, D.C. field office was contacted to ascertain whether it had any records; it did not. Defs. 56.1 ¶¶ 33, 36; see also Hardy Decl. ¶¶ 22-23; Second Declaration of David M. Hardy dated July 29, 2019 (Dkt. #37) ("Second Hardy Decl.") ¶ 32 n.9.

Plaintiff now claims that "new evidence" shows the FBI deliberately hid records about Rich and perpetrated a fraud upon this Court in another effort to undermine the FBI's declarations,[5] which are entitled to a presumption of good faith.[6] See Dkt. 51-1. Plaintiff's contentions are baseless. The "new evidence" to which Plaintiff alludes (Dkt. #51-1 at 1) fails to show that the FBI did not conduct an adequate search or to justify discovery. The email -- conspicuously absent from Plaintiff's filing -- was released by the FBI in response to another requester's FOIA request.[7] That FOIA request sought: (1) any and all records of

---

(Dkt. #33-1) ("Defs. 56.1"); see also Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiff's Motion for to Enjoin Compliance or Permit Discovery dated October 1, 2019 (Dkt. #41) ("Defs. Reply").

[3] Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Motion to Enjoin Compliance or Permit Discovery filed on September 17, 2019 (Dkt. #32) ("Pl. Opp.").

[4] A CRS search encompasses investigative, intelligence, personnel, applicant, administrative, and general files compiled and maintained by the FBI, and includes the records of the FBI Headquarters, Field Offices, and Legal Attaché Offices worldwide. Defs. 56.1 ¶ 24.

[5] On October 18, 2019, Your Honor denied Plaintiff's motion to accept supplemental evidence and to permit discovery related to his request for records pertaining to Rich. See Dkt. #44, #45.

[6] See Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994).

[7] A copy of the FBI's response letter and the subject email (pages 123 to 124 at the link cited

2

communications, including but not limited to, emails, test messages and instant chats, between FBI official Peter Strozk (*sic*) and FBI attorney Lisa Page; (2) any and all travel requests, travel authorizations, travel vouchers and expense reports of Peter Strozk; and (3) any and all travel requests, travel authorizations, travel vouchers and expense reports of Lisa Page.[8] Thus, the FBI's response to the other requester, which included the email, was not made in response to a request for records about Rich or as the result of a search for records about Rich.

Further, the email cited by Plaintiff confirms, as the FBI has stated, that that the FBI was not investigating Rich's death. The original message in the FBI internal email chain (Subject: Seth Rich) dated August 10, 2016, contains this inquiry from the FBI Washington D.C. Field Office Public Affairs staff:

> . . . Various news outlets are reporting today that Julian Assange <u>suggested</u> during a recent overseas interview that DNC Staffer, Seth Rich was a Wikileaks source, and may have been killed because he leaked DNC e-mails to his organization, and that Wikileak's (*sic*) was offering $20,000 for information regarding Rich's death last month. Based on this news, we anticipate additional press coverage on this matter. I hear that you are in a class today; however, when you have a moment, can you please give me a call to discuss what involvement the Bureau has in the investigation.

Ex. B at 2. The recipient of the email responded, "I'm aware of this reporting from earlier this week but ***not any specific involvement in any related case***." Ex. B at 2 (emphasis added).

The FBI has been forthright about where, how, and why it searched where it did for records responsive to Plaintiff's request for records pertaining to Rich. The FBI has never represented that it searched every employees' emails for any mention of Rich's name. Indeed, the FBI made clear that it did not search email because such a search was not reasonably calculated to locate responsive records. Hardy Decl. ¶ 24; *see also* Defs. Reply at 5-6. Rather, the FBI searched the CRS system recordkeeping system, which would have identified, *inter alia*, any substantive investigative emails. The FBI's CRS searches did not locate any file concerning Rich (main file or file in which Rich is cross-referenced). The email cited by Plaintiff is simply a casual inquiry with a single reference to Rich prompted by something reported in news coverage. It is not a substantive email concerning Rich that would have been indexed and, therefore, located through the CRS searches for records pertaining to Rich. Moreover, contrary to Plaintiff's belief (*see* Dkt. #51-1 at 2), the search of the CRS conducted by the FBI would have located records for "Seth Rich." The FBI declaration unmistakably stated that the three-way searches using Rich's name would have searched for his "First Name,

---

in Dkt. #51-1 at 1) are enclosed as Exhibits A and B, respectively The email is Bates-numbered FBI (18-cv-154)-7414 to FBI (18-cv-154)-7415. Page 125 at the link, which is also referenced by Plaintiff, is not part of the email on pages 123 to 124, and does not mention of Rich.

[8] *Judicial Watch v. U.S. Department of Justice*, 1:18-cv-00154-RBW (D.D.C) Dkt. #1 (Complaint) ¶ 5.

3

Last Name" (*i.e.*, Seth Rich). Hardy Decl. ¶ 19 n.5.

The Second Circuit has made clear that "an agency's search need not be perfect, but rather need only be reasonable." *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999). Here, the FBI conducted a reasonable search.

Thank you for Your Honor's consideration of this submission.

                                        Respectfully submitted,

                                        RICHARD P. DONOGHUE
                                        UNITED STATES ATTORNEY
                                        Attorney for Defendants

                    By:    s/*Kathleen A. Mahoney*
                                        KATHLEEN A. MAHONEY
                                        Assistant U.S. Attorney
                                        (718) 254-6026
                                        kathleen.mahoney@usdoj.gov

Enclosures

cc:     By ECF

        Ty Clevenger
        Plaintiff Pro Se