## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, | |
| Plaintiff, | CIVIL ACTION No. 4:20CV447 |
| | JUDGE AMOS MAZZANT |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendants. | |

## DEFENDANTS' SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR INTERIM PAYMENT OF COSTS AND ATTORNEY FEES

Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") file this sur-reply in further opposition to Plaintiff's Renewed Motion for Interim Payment of Costs and Attorney Fees (the "Renewed Motion"). ECF 143.

In "Plaintiffs' Reply In Support of Renewed Motion for Interim Payment of Costs and Attorney Fees," ECF No. 146, Plaintiff makes two points. First, he argues that he has substantially prevailed in this litigation notwithstanding the fact the Court has resolved most issues in this case in the Defendants' favor, finding the searches were adequate and the withholdings and redactions were overwhelmingly appropriate in accordance with FOIA's exemptions. *See generally* ECF 70. Much of the discussion, which focuses on prior litigation in the Eastern District of New York, does not bear on whether Plaintiff has identified exceptional circumstances warranting the award of

interim fees *in this case*. As explained in Defendants' Response and prior briefing, ECF 59, 66, 103, Plaintiff has not done so, and the Court should deny Plaintiff's request for interim fees.

The second argument in the Response is that Defendants waived the ability to contest the reasonableness of the fees requested by Plaintiff's counsel. Specifically, Plaintiff argues, "In Defendants' Response to Plaintiff's Motion for Interim Payment of Cost and Attorney Fees (Dkt. # 59), the Defendants requested permission to brief the reasonableness of fees separately, but the Defendants have not made such a request here." ECF 146, p. 4. Plaintiff is incorrect. Defendants have preserved the ability to contest the reasonableness of fees in two ways. First, Defendants incorporated and relied on their prior opposition to Plaintiff's Motion for Interim Payment of Costs and Attorney's Fees. *See* ECF 145. Defendant specifically identified docket entries 59 and 66. *Id.* In the Reply, Plaintiff acknowledged that in Docket 59, the Defendants' response in opposition to Plaintiff's motion for interim payment of fees and costs, Defendants requested permission to brief reasonableness of fees separately. ECF 146, p. 4. Thus, by incorporating those pleadings, Defendants preserved the issue. Second, Defendants specifically requested to brief the reasonableness of fees separately in their Response. The Response's Conclusion provides, "should the Court be inclined to grant interim fees, Defendants would request additional time to address the substantive merits of Plaintiff's fee demand." ECF 145, p. 3. Thus, contrary to Plaintiff's incorrect representation, Defendants did preserve the issue. Further, as Defendants have previously explained, addressing the issue of the reasonableness of fees as a second step makes sense. Only after a plaintiff is deemed *eligible and entitled* to attorney fees, should the issue of reasonableness be considered. *See* ECF 66, p. 3–4. Here, Plaintiff has not shown he is eligible for and entitled to interim fees. As such, the Court should deny Plaintiff's request without reaching the

reasonableness of fees. However, if the Court finds it appropriate to consider interim fees, the Court should order additional briefing on the substantive merits of Plaintiff's demand.

## **CONCLUSION**

In this case, Plaintiff has not established exceptional circumstances that warrant the consideration of interim fees, and his motion should be denied.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s/ James Gillingham*
JAMES GARLAND GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX  75702
(903) 590-1400
Fax: (903) 590-1436

**COUNSEL FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 5, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney
