UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION and UNITED<br>STATES DEPARTMENT OF JUSTICE,<br><br>    Defendants. | CIVIL ACTION No. 4:20CV00447 |

**EIGHTH DECLARATION OF MICHAEL G. SEIDEL**

I, Michael G. Seidel, declare as follows:

1. I am the Section Chief of the Record/Information Dissemination Section (RIDS), Information Management Division (IMD), Federal Bureau of Investigation (FBI), Winchester, Virginia. My previous declarations in this matter describe my employment history, responsibilities at the FBI, as well as the FBI's processing of the Freedom of Information Act (FOIA) requests at issue in this case. This is my eighth declaration overall in this instant action and it supplements and incorporates by reference the information previously provided by me in my prior declarations dated December 8, 2020 (First Seidel), dated January 6, 2021 (Second Seidel), dated April 20, 2021 (Third Seidel), dated December 15, 2021 (Fourth Seidel), dated April 29, 2022 (Fifth Declaration), dated December 9, 2022 (Sixth Declaration), dated January 20, 2023 (Seventh Declaration). (ECF Nos. 10-1, 12-1, 23-1, 39-1, 54-1, 84-1 and 95-1.)

2. The FBI submits this declaration in further support of Defendants' Motion for Summary Judgment Regarding FOIA Exemption 7(A). Part I provides the justification for the Exemption 7 threshold and describes how the material at issue was collected for law enforcement

1

purposes. Part II provides the FBI's justification for categorically denying a CD containing images of Seth Rich's personal laptop, hereinafter referred to as "Personal Laptop", and Seth Rich's work laptop, a DVD, and a tape drive, collectively referred to as the "Work Laptop" pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A)[1] in relation to the United States Attorney's Office, District of Columbia (USAO-DC) investigation of the homicide of Seth Rich. Part III provides the FBI's justification for categorically denying the Work Laptop pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A)[2] in relation to the FBI's investigations derived from the Special Counsel's Office. Part IV reserves the FBI's right to invoke other FOIA Exemptions to protect from disclosure responsive material contained on the Personal and Work Laptops, including Exemptions 3, 4, 6, 7(C), 7(D), 7(E), and 7(F), should the Court reject FBI's invocation of Exemption 7(A).

**PART I:  JUSTIFICATION FOR NONDISCLOSURE UNDER THE FOIA EXEMPTION 7 THRESHOLD**

3.      Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it must demonstrate the records or information at issue was compiled for law enforcement purposes. Pursuant to 28 U.S.C. §§ 533 and 534, Executive Order 12333 as implemented by the Attorney General's Guidelines for Domestic FBI Operations (AGG-DOM), and 28 C.F.R. § 0.85, the FBI is the primary investigative agency of the federal government with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its

---

[1] The FBI preserves its ability to invoke other exemptions – *i.e.*, FOIA Exemptions 3, 4, 6, 7(C), 7(D), 7(E) and 7(F) to protect exempt information should Exemption 7(A) expire. *See* 5 U.S.C. §§ 552(b)(3), (b)(4), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F).

[2] The FBI preserves its ability to invoke other exemptions – *i.e.*, FOIA Exemptions 3, 4, 6, 7(C), 7(D), 7(E) and 7(F) to protect exempt information should Exemption 7(A) expire. *See* 5 U.S.C. §§ 552(b)(3), (b)(4), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F).

people from terrorism and threats to the national security, and to further the foreign intelligence objectives of the United States. Under this investigative authority, both the Personal Laptop and Work Laptops were collected for the following law enforcement purpose.

4.      The Personal Laptop was collected in furtherance of the FBI's role in the Special Counsel's Office (SCO) investigation and related investigations. The Work Laptop was also collected in furtherance of the FBI's role in investigations derived from the Special Counsel's Office. These materials were collected to document the FBI's investigation of potential crimes and threats to the national security; thus, the FBI determined they were compiled for law enforcement purposes.[3]

### PART II: EXEMPTION 7(A)
### PENDING LAW ENFORCEMENT PROCEEDINGS: USAO-DC HOMICIDE INVESTIGATION

5.      FOIA Exemption 7(A) exempts from disclosure records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...could reasonably be expected to interfere with enforcement proceedings. 5 U.S.C. § 552 (b)(7)(A).

6.      Application of this exemption requires: the existence of law enforcement records or information; a pending or prospective law enforcement proceeding; and a determination that release of the information could reasonably be expected to interfere with the enforcement proceeding. Often, the FBI asserts Exemption 7(A) categorically to withhold a variety of different documents in an investigative file, which the FBI then groups into functional categories and describes in greater detail. In this case the FBI is categorically asserting Exemption 7(A) to

---

[3] Both DOJ and the FBI are responsible for maintaining portions of the SCO evidence collection, with FBI retaining the investigative materials.

protect the Personal Laptop and the Work Laptop of Seth Rich, which pertain to a pending law enforcement investigation related to the USAO-DC homicide investigation. The release of this information would reveal details concerning the pending enforcement proceedings, to include the existence and location of the spin-off investigations. As such, revealing this previously undisclosed and information could reasonably be expected to interfere with pending enforcement proceedings. Thus, the FBI has applied Exemption 7(A) to protect this information.

BACKGROUND ABOUT THE PENDING ENFORCEMENT PROCEEDING

7.      Seth Rich was shot and killed on July 10, 2016, in the 2100 block of Flagler Place, N.W., Washington, D.C. Mr. Rich died by gunshot during what is believed to be a botched robbery in the early morning hours of July 10, 2016. At the time, Mr. Rich was walking alone to his home in D.C.

8.      The D.C. Metropolitan Police Department (MPD) has jurisdiction over homicides in the District of Columbia and immediately began to investigate the homicide of Mr. Rich, as the lead law enforcement agency. The United States Attorney's Office in the District of Columbia (USAO-DC) opened an investigation which was assigned to an Assistant United States Attorney (AUSA) in the USAO-DC Homicide Section.

9.      When the FBI became aware that the USAO-DC and MPD had an open investigation into the death of Seth Rich, the FBI notified the Court via an *in camera, ex parte* filing of this new information. Since receiving notification of the pending investigation, the FBI has been in communication with the AUSA and confirmed that the investigation remains active and continues to be handled by the USAO-DC, who serves as the local law enforcement prosecutor in the District of Columbia.

10.      The AUSA handling this homicide investigation on behalf of the USAO-DC has advised the FBI that both the Personal Laptop and the Work Laptop are of interest in the ongoing

4

homicide investigation. As with other items of evidence in the USAO-DC and MPD investigation, any computer that was possessed or used by Seth Rich at the time of his death, whether for personal or employment-related reasons, is important to the investigation for what it contains and for what it does not contain. Any public release of the contents of such computers would have a significant and negative impact on the investigation being handled by the USAO-DC and on the future prosecutions of any suspects.

REASONABLE EXPECTATION OF INTERFERENCE

11.     Prematurely disclosing any of the information concerning this investigation, to include the contents of any device containing images or data of any kind from any computer that was possessed or used by Seth Rich at the time of his death would reasonably be expected to interfere with the pending law enforcement matter. The FBI reasonably expects that disclosure of the contents of the Personal Laptop and Work Laptop would cause interference and harm to the pending investigation because it would provide criminals with information about the USAO-DC's investigation/enforcement strategies in an ongoing matter, allow them to predict and potentially thwart these strategies, and/or allow them to discover/tamper with or intimidate witnesses and/or tamper with or destroy evidence. In this case, this would be possible because disclosure of the contents of either laptop would result in targets, witnesses, or subjects of the ongoing investigation knowing details about the investigation that would not otherwise be available to them. Specifically, given the high-profile nature of this investigation, this could allow potential witnesses or subjects to locate specific details related to the ongoing investigation and use this information to influence the investigation by altering witness testimony or tampering with or destroying relevant evidence. Ultimately, disclosure of the contents of the laptops would reveal the scope and focus of the ongoing investigation, and would enable potential targets of the investigation to elude detection or to suppress, alter, or fabricate evidence, or would prematurely reveal evidence or strategies in the

5

USAO-DC's investigation. Thus, the FBI has properly categorically withheld this information

pursuant to Exemption 7(A).

## PART III: EXEMPTION 7(A)
### PENDING LAW ENFORCEMENT PROCEEDINGS: FBI INVESTIGATIONS DERIVED FROM THE SPECIAL COUNSEL'S OFFICE

12.     FOIA Exemption 7(A) exempts from disclosure records or information compiled

for law enforcement purposes, but only to the extent that the production of such law enforcement

records or information…could reasonably be expected to interfere with enforcement

proceedings. 5 U.S.C. § 552 (b)(7)(A).

13.     Application of this exemption requires: the existence of law enforcement

information; a pending or prospective law enforcement proceeding; and a determination that

release of the information could reasonably be expected to interfere with the enforcement

proceeding. Often, the FBI asserts Exemption 7(A) categorically to withhold a variety of

different documents in an investigative file, which the FBI then groups into functional categories

and describes in greater detail. In this case the FBI is categorically asserting Exemption 7(A) to

protect the Work Laptop of Seth Rich, which pertains to pending law enforcement investigations

related to the FBI investigations derived from the Special Counsel's Office. The release of this

information would reveal details concerning the pending enforcement proceedings, to include the

existence and location of the spin-off  investigations. The FBI determined release of any of this

material would reasonably be expected to provide criminals and agents of foreign powers with

information about the United States government's investigations and enforcement strategies in

these ongoing matters, which could allow criminals and our national adversaries to predict and

potentially thwart these strategies, and/or allow them to discover and tamper with witnesses and

tamper with or destroy evidence. As such, revealing this previously undisclosed and information

could reasonably be expected to interfere with pending enforcement proceedings. Thus, the FBI

6

has applied Exemption 7(A) to protect this information.

BACKGROUND ABOUT THE PENDING ENFORCEMENT PROCEEDINGS

14.     As previously discussed in my Sixth Declaration (ECF No. 84-4, ¶¶ 27-30), in or around 2016, the Russian Federation (Russia) operated a military intelligence agency now called the Main Directorate of the General Staff of the Armed Forces of the Russian Federation, then known as the Main Intelligence Directorate, and still commonly known by its abbreviation GRU, the Russian abbreviation of "Glavnoye Razvedyvatelnoye Upravlenie," that in short, is the foreign military intelligence agency of the General Staff of the Russian Armed Forces. The GRU had multiple units, including Units 26165 and 74455, engaged in cyber operations that involved the staged releases of documents stolen through computer intrusions. These units conducted largescale cyber operations to interfere with the 2016 U.S. presidential election.

15.     On July 13, 2018, a Grand Jury for the District of Columbia in *United States of America v. Viktor Borisovich Netyksho, et al.*, Criminal No. 1:18-cr-00215, returned an indictment against 1) Viktor Borisovich Netyksho, 2) Boris Alekseyevich Antonov, 3) Dmitriy Sergeyevich Badin, 4) Ivan Sergeyevich Yermakov, 5) Aleksey Viktorovich Lukashev, 6) Sergey Aleksandrovich Morgachev, 7) Nikolay Yuryevich Kozachek, 8) Pavel Vyacheslavovich Yershov, 9) Artem Andreyevich Malyshev, 10) Aleksandr Vladimirovich Osadchuk, 11) Aleksey Aleksandrovich Potemkin, and 12) Anatoliy Sergeyevich Kovalev, charging them with one or more of the following:

    a.   18 U.S.C. §§ 371 and 3559(g)(1) Conspiracy to Commit an Offense or defraud the United States;

    b.   18 U.S.C. §§ 1028A(a)(1) and (2) Aggravated Identity Theft; and

    c.   18 U.S.C. § 1956(h) Conspiracy to Launder Money.

16.     The FBI has confirmed that the above indictment remains pending. In addition to the indicted fugitives, there exist additional targets of investigative interest in pending spin-off investigations and until the potential and pending proceedings are concluded and resolved in those matters, no information contained in the pending investigative file, including the Work Laptop of Seth Rich, can be released to Plaintiff without interfering in the pending or prospective enforcement proceedings.

REASONABLE EXPECTATION OF INTERFERENCE

17.     Release of any of the information concerning this investigation and the spin-off investigations to include the Work Laptop would be premature because the defendants are fugitives and there are additional targets of investigative interest in spin-off investigations wherein there are potential and/or pending law enforcement proceedings; therefore, the FBI has a reasonable expectation that the release of such information would trigger a multitude of harms:

a.     Suspects and persons of interest would know investigative details that would either alert them to efforts directed towards them and/or would allow them to analyze pertinent information about the scope of the investigations. As a result, these individuals would acquire the unique advantage of knowing certain details about or related to them which could be used to their advantage to escape prosecution and thwart current investigative efforts by altering or counteracting evidence, changing behavior, intimidating or physically harming witnesses or law enforcement officials, and/or flight. Similarly, the indicted fugitives related to this ongoing investigation could make nefarious use of the Work Laptop to stymie future investigation and evade prosecution.

b.     Once information is released into the public domain, its use and dissemination by

8

third parties are unrestricted. As such, release of these investigative details would allow third parties who are not directly related to this matter to interfere with investigative efforts or any future prosecution(s) through harassment, intimidation, and creation of false evidence by dispensing extraneous facts discussed in the investigations. Given that individuals involved in cyber operations rarely work alone, the threat posed by such harassment and intimidation is real.

c.   The release of the withheld investigative details could lead to the identification of sources of information, witnesses, potential witnesses, law enforcement personnel, and individuals otherwise associated with the investigations who could be targeted for intimidation and/or physical harm. Additionally, potential witnesses could be discouraged from being forthcoming with the FBI should it prematurely disclose evidence related to the ongoing investigation.

18.   The FBI continues to work with the Department of Justice and federal, state, and local law enforcement partners to apprehend the fugitives and, as noted above, is also investigating additional targets of investigative interest in spin-off investigations. The information contained on the Work Laptop is tied to the investigation and spin-off investigations and until either the fugitives are apprehended and the prosecutions concluded concerning them and the potential and/or pending prosecutions of additional targets are concluded,  release of this information could reasonably be expected to interfere with enforcement proceedings. Thus, the FBI has properly categorically withheld this information pursuant to Exemption 7(A).

## PART IV:  POTENTIAL APPLICABILITY OF OTHER FOIA EXEMPTIONS SHOULD THE COURT REJECT FBI's INVOCATION OF EXEMPTION 7(A)

19.   While the FBI is relying on FOIA Exemption 7(A) to withhold the Personal Laptop and the Work Laptop, other FOIA exemptions may provide additional grounds for withholding records and information. Potentially applicable exemptions include Exemptions 3, 4, 6, 7(C), 7(D), 7(E), and 7(F). *See* 5 U.S.C. §§ 552(b)(3), (b)(4), (b)(6), (b)(7)(C), (b)(7)(D),

(b)(7)(E), (b)(7)(F). For example, both the Personal Laptop and the Work Laptop likely contain personal information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Such information would be properly withheld under Exemptions 6 and 7(C).[4] Accordingly, the FBI reserves its right to invoke additional exemptions to protect from disclosure responsive material contained on the Personal Laptop and the Work Laptop should the Court reject the FBI's invocation of 7(A).

## CONCLUSION

20.     The FBI has determined that the Personal Laptop and the Work Laptop are exempt from disclosure under Exemption 7(A) because disclosure of any information from the laptops could reasonably be expected to interfere with ongoing investigations as well as pending and prospective prosecutions. While the FBI is relying on Exemption 7(A) to withhold this information, the FBI also determined that other FOIA exemptions may apply to information contained on the Personal Laptop and the Work Laptop, *see* 5 U.S.C. §§ 552(b)(3), (b)(4), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), (b)(7)(F), and specifically reserves the right to invoke these other exemptions. Having applied Exemption 7(A) to the Personal Laptop and the Work Laptop the FBI determined that there is no non-exempt information that can be reasonably segregated from exempt information and released to Plaintiff at this time.

---

[4] The FBI does not anticipate that Exemption 7(A) will expire in the foreseeable future, given the investigations discussed in ¶¶ 5-18, *supra*, is active and pending.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed this _____ day of February 2024.

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

11