IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**,<br><br>       Plaintiff,<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**<br><br>       Defendant | Case No. 4:20-cv-447-ALM |

## MOTION REGARDING EX PARTE, IN CAMERA FILING

NOW COMES Brian Huddleston, the Plaintiff, moving the Court to order the FBI to provide information about an *ex parte*, *in camera* filing:

In Paragraph 9 of the Eighth Declaration of Michael G. Seidel[1] (Dkt. #148-1) filed on February 8, 2024, Mr. Seidel indicates that the FBI made an *ex parte, in camera* filing "[w]hen the FBI became aware that the USAO-DC and MPD had an open investigation into the death of Seth Rich." Any seasoned law enforcement officer knows that murder investigations are always "open" until the murder is solved. It appears that the FBI has concocted a false story, namely that it just learned – seven-and-a-half years after Mr. Rich's murder – that the murder case is still open, and that it therefore just learned that everything on the laptops is exempt from disclosure. Mr. Huddleston strongly disputes the FBI's self-serving assertion that it previously had no reason to know that Seth Rich's laptops were relevant to an "open" murder investigation. Simply put,

---

[1]   The February 8, 2024 was actually the *ninth* declaration of Mr. Seidel in this case. The eighth declaration was filed on January 20, 2023. *See* Dkt. #95-5.

this does not pass the smell test. In his forthcoming response to the FBI's latest motion for summary judgment (Dkt. #148), Mr. Huddleston will show in detail why the FBI's claim rings hollow, particularly at this juncture in this multi-year FOIA case. However, *ex parte* proceedings run against the fundamental principle of transparency in judicial proceedings and raise serious concerns that must be addressed immediately. "Ex parte proceedings are an exception to the rule in our judicial system and contrary to its adversarial nature." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 231 (5th Cir. 2008), citing *McKinney v. Paskett*, 753 F.Supp. 861, 863 (D.Idaho 1990) ("The petitioner in this civil proceeding seeks unilateral in camera secrecy. This clearly flies in conflict with ... the rules of civil procedure which allow ex parte hearings only in emergency matters."). At this point, Mr. Huddleston does not even know what statute or rule purportedly authorized the *ex parte* filing. He therefore moves the Court to order the FBI to do the following:

(1) State when the *ex parte* filing occurred;

(2) Explain what rule, statute or other law authorized the *ex parte* filing;

(3) Explain why the FBI did not notify Plaintiff's Counsel that it was making an *ex parte* filing;

(4) Explain why the FBI could not have provided some generic description of the document(s) that it filed *ex parte*;

(5) Provide at least some general description of the document(s) filed with the Court; and

(6) Disclose whether there have been any other *ex parte* filings, communications, or presentations that have not been disclosed previously.

Mr. Huddleston further moves the Court to (1) permit his attorney to view the filing pursuant to an attorney-eyes-only order; and (2) clarify whether the Court intends to rely on the filing as evidence.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

### Certificate of Conference

On February 12, 2024, I conferred with Asst. U.S. Attorney James Gillingham via telephone, and he indicated that the Defendants will oppose this motion.

**/s/ Ty Clevenger**
Ty Clevenger

### Certificate of Service

On February 14, 2024, I filed a copy of this request with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney James Gillingham, Counsel for the Defendants, at james.gillingham@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger