**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BRIAN HUDDLESTON, | |
| Plaintiff, | CIVIL ACTION No. 4:20CV447 |
| | JUDGE AMOS MAZZANT |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendants. | |

## DEFENDANTS' RESPONSE
## TO MOTION REGARDING *EX PARTE*, *IN CAMERA* FILING

Come now the Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ" and along with the FBI, hereinafter "Defendants") and file this response to the Plaintiff's Motion Regarding *Ex Parte*, *In Camera* Filing.  Dkt. 149.

## <u>INTRODUCTION</u>

In a declaration filed in support of a Motion for Summary Judgment, Michael Seidel, Section Chief of the FBI's Record/Information Dissemination Section (RIDS), made mention of a previous *ex parte*, *in camera* filing of the Defendants.  Dkt. 148-1, ¶ 9.  In the present Motion, the Plaintiff objects to this filing and seeks further information concerning this filing including legal basis for the *ex parte* filing and a general description of the *ex parte* filing.  The Plaintiff also asks that his counsel be permitted to view the filing.  Finally, the Plaintiff asks this Court to "clarify whether [it] intends to rely on the filing as evidence."  Dkt. 149 at 2.

The Motion should be denied.  *Ex parte in camera* filings, while disfavored generally, are a regular feature of FOIA cases where, such as here, ongoing criminal and national security investigations are involved.  Indeed, FOIA expressly provides for such filings. *See* 5 U.S.C.A. § 552(a)(4)(B).  There is no basis, however, for permitting "attorney's eyes only" review of documents filed *in camera*.  This Court has previously denied such a request and should do so again here.

## ARGUMENT

In his motion, the Plaintiff asks for the Defendants to "[e]xplain what rule, statute or other law authorized the *ex parte* filing."  Dkt. 149 at 2.  On this point at least, the Defendants can satisfy the Plaintiff.  FOIA expressly provides for *in camera* review of documents:

> [A court] may examine the contents of such agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section.

5 U.S.C.A. § 552(a)(4)(B); *see also ACLU of New Jersey v. F.B.I.*, 733 F.3d 526, 534 (3d Cir. 2013) ("District Courts have long enjoyed the discretion to employ *in camera* procedures in other circumstances involving sensitive information.  Nothing in the FOIA operates to limit this discretion.  In fact, the FOIA explicitly contemplates *in camera* review in the exemption context. 5 U.S.C. § 552(a)(4)(B).") (internal citations omitted); *Phillippi v. CIA*, 546 F.2d 1009, 1012-13 (D.C. Cir. 1976) ("It is clear that the FOIA contemplates that the courts will resolve fundamental issues in contested cases on the basis of *in camera* examinations of the relevant documents.").

The Defendants recognize, as the Plaintiff points out, that *ex parte*, *in camera* filings are *generally* disfavored.  But disfavored is not the same as prohibited and in this case, one featuring ongoing criminal and national security investigations, such filings are appropriate.  *See ACLU of Michigan v. F.B.I.*, 734 F.3d 460, 472 (6th Cir. 2013) ("In the FOIA context, it is well established that *in camera* review by the district court of sensitive national security matters

strikes the appropriate balance of protecting the secret while providing meaningful judicial review.").

More specifically, this Court has already discussed this issue *in this case*.  In a Memorandum Opinion and Order, Dkt.137, denying Plaintiff's Motion to Permit Counsel to View Evidence, Dkt. 91, this Court held that "a court may review records withheld under a FOIA exemption *in camera*, *ex parte* under certain circumstances to determine whether those records have been properly withheld" and that "a court may review an affidavit *ex parte* in the context of FOIA under certain circumstances."  Dkt. 137 at 3 (internal citations omitted).

In that same Opinion, this Court also denied an "attorney's eyes-only review" by Plaintiff's counsel.  The Court should again reach the same conclusion.  As the Seventh Circuit has noted, "the general rule is that counsel are not entitled to participate in *in camera* FOIA proceedings."  *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1040 (7th Cir. 1998); *see also Salisbury v. United State*s, 690 F.2d 966, 973 n.3 (D.C. Cir. 1982) (finding no error "in the decision of the District Court to exclude appellant's counsel from the *ex parte* proceedings" and noting that "[i]n any FOIA case in which considerations of national security mandate *in camera* proceedings, the District Court may act to exclude outside counsel when necessary for secrecy or other reasons").

With respect to the request that the Defendants provide a general description of the *ex parte, in camera filing*, the Defendants suggest that such a description would be either insufficiently vague (in which case the Plaintiff will object on that basis), or the description will destroy the basis for the *in camera* nature of the filing.

Finally, with respect to the Plaintiff's request that the Court, "clarify whether [it] intends to rely on the filing as evidence," it is for the Court to decide.  The Defendants trust that this Court will carefully evaluate the filing as it does with all other filings and value it appropriately.

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion should be denied.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s/ James Gillingham*
JAMES GARLAND GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX  75702
(903) 590-1400
Fax: (903) 590-1436

**COUNSEL FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney