UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV00447 |

### NINTH DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

1. I am the Section Chief of the Record/Information Dissemination Section (RIDS), Information Management Division (IMD), Federal Bureau of Investigation (FBI), Winchester, Virginia. My previous declarations in this matter describe my employment history, responsibilities at the FBI, as well as the FBI's processing of the Freedom of Information Act (FOIA) requests at issue in this case. This is my ninth declaration overall in this instant action and it supplements and incorporates by reference the information previously provided by me in my prior declarations dated December 8, 2020 (First Seidel), dated January 6, 2021 (Second Seidel), dated April 20, 2021 (Third Seidel), dated December 15, 2021 (Fourth Seidel), dated April 29, 2022 (Fifth Seidel), dated December 9, 2022 (Sixth Seidel), dated January 20, 2023 (Seventh Seidel) and dated February 8, 2024 (Eighth Seidel). (ECF Nos. 10-1, 12-1, 23-1, 39-1, 54-1, 84-1, 95-1, and 148-1.)

2. The FBI submits this declaration in further support of Defendants' Motion for Summary Judgment. The material at issue herein, a CD containing images of Seth Rich's

1

personal laptop, hereinafter referred to as the "Personal Laptop", and Seth Rich's work laptop, a DVD, and a tape drive, collectively referred to as the "Work Laptop" was collected for law enforcement purposes.

3. As set forth in my Eighth Declaration (Dkt. No. 148-1), the Personal Laptop was collected in furtherance of the FBI's role in the Special Counsel's Office (SCO) investigation and related investigations. The Work Laptop was also collected in furtherance of the FBI's role in investigations derived from the Special Counsel's Office. These materials were collected as part of the FBI's investigation of potential crimes and threats to the national security; thus, the FBI determined they were compiled for law enforcement purposes.[1] Accordingly, the Personal Laptop and the Work Laptop fall within the functional category of evidentiary/investigatory materials. To describe this physical evidence more fully, including the contents of the Personal Laptop and the Work Laptop, could reveal information that Exemption 7(A) protects from disclosure. Such a disclosure could reasonably be expected to harm the ongoing homicide investigation lead by the United States Attorney's Office for the District of Columbia, as well as the pending enforcement proceedings and spin-off national security investigations derived from the Special Counsel's Office. These harms include, as discussed more fully in my Eighth Declaration, permitting targets, witnesses, or subjects of the ongoing investigations to estimate the scope of the investigations, and allowing those persons to discern investigative strategies and employ countermeasures to thwart them.

---

[1] Both DOJ and the FBI are responsible for maintaining portions of the SCO evidence collection, with FBI retaining the investigative materials.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this  14th  day of March 2024.

/s/ Michael G. Seidel

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia