# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> FEDERAL BUREAU OF INVESTIGATION § <br> and UNITED STATES DEPARTMENT OF § <br> JUSTICE, § <br> § <br> *Defendants.* § <br> § | Civil Action No. 4:20-cv-00447 <br> Judge Mazzant |

## ORDER

Pending before the Court is Plaintiff's Motion for Leave to File Supplemental Complaint (Dkt. #113). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's Motion for Leave to File Supplemental Complaint should be **GRANTED**.

Plaintiff's Motion for Leave to File Supplemental Complaint (Dkt. #113) arises in the context of Freedom of Information Act ("FOIA") litigation. The Court will not belabor on the case's background here, because it has already been discussed in detail in the Court's Memorandum Opinion and Orders from September 29, 2022 and November 11, 2023 (Dkt. #70; Dkt. #136).

Huddleston filed the present motion for leave to file a supplemental complaint (Dkt. #113). Huddleston seeks to add two (2) additional claims to this case. First, Huddleston seeks to claim that the Federal Bureau of Investigation's (the "FBI") "Digital Evidence Policy Guide" "violates 5 U.S.C. § 552(a)(3) insofar as it purports to declare that a record is not a record" (Dkt. #114 ¶ 7).

Second, Huddleston seeks to claim that the FBI is in "violation of 5 U.S.C. § 552(g) because it fails to disclose all of its major information systems" (Dkt. #114 ¶ 8).

Huddleston claims that he "discovered additional information systems that are excluded or appear to be excluded from the FBI's search indexes" (Dkt. #113 at p. 1). According to Huddleston, "the FBI does not search [these] information systems when it responds to a FOIA request" (Dkt. #113 at p. 1).

In October 2022, Huddleston's counsel sent a letter to the FBI on behalf of Huddleston:

> I recently became aware of *Pub. Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1, 19–20 (D.D.C. 2000), which appears to require the FBI to index its email systems pursuant to 5 U.S.C. § 552(g). I request the opportunity to view all of the information described in § 552(g), as permitted by the subsection itself.

(Dkt. #113, Exhibit 1 at p. 2). In response, Michael G. Seidel ("Seidel"), the Section Chief of the Information Management Division of the FBI' Record/Information Dissemination Section, sent Huddleston's counsel a letter containing two (2) URLs to public resources (Dkt. #113, Exhibit 2 at p. 2). Huddleston claims that through the URL links, the FBI has disclosed the major information systems of (1) the Central Records System; (2) the Fingerprint Identification Records System; (3) the National Crime Information Center; (4) the National DNA Index System; and (5) the National Instant Criminal Background Check System (Dkt. #113 at p. 2).

On April 8, 2023, Huddleston filed the present motion (Dkt. #113). On May 1, 2023, the FBI filed its response (Dkt. #117). On August 21, 2023, Huddleston filed his reply (Dkt. #129).

"Federal Rule of Civil Procedure 15 gives the [C]ourt discretion to allow a party to file an amended or supplemental pleading." *Thunderhorse v. Guy*, No. 9:20-CV-154 , 2023 WL 10366184, at *1 ( June 12, 2023). In exercising its discretion, the Court must consider the following factors:

[(1)] whether permitting the pleading will cause undue delay in the proceedings or undue prejudice to the nonmovant[;]

[(2)] whether the movant is acting in bad faith or with a dilatory motive[;]

[(3)] whether the movant has previously failed to cure deficiencies by prior pleadings[;] or

[(4)] if the proposed pleading is futile because it adds nothing of substance to the original pleadings or is not germane to the original cause of action.

*Id.* (citing *United States ex. rel. Willard v. Humana Health Plan*, 336 F.3d 375, 386–87 (5th Cir. 2003)). First, permitting Huddleston's supplemental complaint will not cause undue delay in the proceedings or undue prejudice to the nonmovants. Second, the Court does not find that Huddleston is acting in bad faith or with a dilatory motive. Third, Huddleston has not previously failed to cure deficiencies by prior pleadings. Fourth, the Court does not find that Huddleston's supplemental complaint would be futile such that it adds nothing of substance to the original pleadings or is not germane to the original cause of action. Therefore, the Court grants Huddleston's motion for leave to file a supplemental complaint.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to File Supplemental Complaint (Dkt. #113) is **GRANTED**. Further, Plaintiff's First Supplemental Complaint (Dkt. #114) is deemed filed.

**IT IS SO ORDERED.**

SIGNED this 15th day of July, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE