IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV447<br><br>JUDGE AMOS MAZZANT |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SUBSTITUTE PARTIES**

Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") file this response in opposition to Plaintiff's Motion to Substitute Parties (the "Motion"). ECF 164.

## INTRODUCTION

In the Motion, Plaintiff seeks to substitute Yehuda Miller ("Miller") as plaintiff in this action pursuant to FED. R. CIV. P. 25(c). ECF 164. The Motion should be denied. While Rule 25(c) governs the procedure for substitution, the decision of whether to permit substitution is generally left to the court's discretion. *IDQ Operating, Inc. v. Aerospace Commc'n Holdings Co., Ltd.*, No. 6:15-CV-781, 2016 WL 6877772, at *1 (E.D. Tex. Jul. 5, 2016).

In the FOIA context, generally, an individual who does not make a FOIA request and is not otherwise named in that request lacks standing to challenge its denial. *Feinman v. Fed. Bureau of Investigation*, 680 F.Supp.2d 169, 173 (D.D.C. 2010). The D.C. Circuit has recognized very few

circumstances where assignment of a FOIA request to a party not named in the request is permissible. *See, e.g.*, *Sinito v. Dep't of Justice*, 176 F.3d 215, 515 (D.C. Cir. 1999); *Feinman*, 680 F.Supp.2d at 175, *Nat'l Sec. Counselors v. Central Intelligence Agency*, 898 F.Supp.2d 233, 258 (D.D.C. 2012). None of the exceptions mentioned by the case law apply to the Plaintiff's factual circumstances; accordingly, this Court should not grant the present motion to substitute parties.

## ARGUMENT

Plaintiff seeks to substitute Yehuda Miller ("Miller") as plaintiff in this action pursuant to FED. R. CIV. P. 25(c). Rule 25 is simply a procedural device, and the court retains ultimate discretion over whether to permit the substitution requested. *IDQ Operating*, 2016 WL 6877772, at *1. In the context of assigning interest of FOIA requests, the general rule is that only the individual who initiated the request or is otherwise named in the request has the requisite standing to challenge its denial. *Feinman*, 680 F.Supp.2d at 173. Here, there is no allegation that Miller was a co-requestor to the FOIA request or an interested party in some other capacity; only after four years and one month from the initiation of litigation did Miller assert that he has a stake in the Plaintiff's FOIA request. Courts have recognized limited circumstances where the assignment of interest in a FOIA request should be allowed. *See, e.g.*, *Sinito*, 176 F.3d at 515 (allowing assignment following death of initial requestor to the successor of his estate); *Nat'l Sec. Counselors*, 898 F.Supp.2d at 258 (allowing assignment following an individual's change of employer). The exceptions provided by the case law are not applicable to the factual circumstances of Plaintiff's case. As a result, Miller lacks the requisite standing to proceed in this litigation and his proposed substitution would be improper.

Plaintiff and Miller have no relation to each other in any respect outside of the litigation that would provide grounds for the latter's substitution. The Circuit Court in *Sinito* expressly

denied the assertion that anyone may be substituted into the plaintiff's shoes in the context of assigning the interest of a FOIA request. 176 F.3d at 515. The court in that case left open the possibility for substitution, as the original requestor had passed away while his request was pending, and the plaintiff's son sought to continue litigation on his deceased father's behalf. *Id.* at 513. The court noted that the plaintiff's son could be determined to be his father's legal representative as the successor of the decedent's estate, and as such would be a proper party for substitution under Rule 25. *Id.* at 516. In such a case, the substituted party would represent the interests of the original party, as the son and deceased plaintiff would have a sufficient relation to one another to conserve the interest in the litigation. *See id.* Miller has no alleged relationship to Plaintiff here that would reasonably construe Miller as the legal representative or successor of Plaintiff as to allow substitution under Rule 25. As such, the present substitution should be denied, as it would contravene the guidance of the *Sinito* court by allowing any person to step into the role of the plaintiff. *See id.* at 515.

Plaintiff's motion also concerns a transfer of interest between two individuals, rather than substitution of non-person entities. In *Nat'l Sec. Counselors*, the court permitted the assignment of a FOIA request from one non-profit organization to another. 898 F.Supp.2d 233, 259. Notably, the individual responsible for the FOIA request initiated the process while working for the first non-profit organization and sought reassignment after changing employers. *Id.* at 244. The sole reason for assignment in that case was to keep the request with the individual who assumed stewardship of the request. *Id.* at 257. In addition to the initial requestor, multiple individuals from the first non-profit organization also began working at the second organization that sought substitution—thereby establishing a connection between the two entities. *Id.* at 257–58. The court was able to determine an alignment of interests between the two organizations whereby the

substituted party would protect the interests of the requesting party if their interests were to diverge. *Id.* at 258.

In the present case, Plaintiff is not seeking to substitute another entity to maintain custody of the FOIA request with the individual who initiated the request. Rather Plaintiff is attempting to substitute another individual to the litigation, which does not apply to the exception laid out by the court in *Nat'l Sec. Counselors*. *See id.* at 259. Additionally, Plaintiff and Miller have not established a common bond between them like that between the entities in *Nat'l Sec. Counselors*, further supporting denial of the present motion.

Plaintiff's motion should also be denied because the proposed substituted party would lack sufficient standing to pursue the litigation. In *Feinman*, the District Court dismissed the plaintiff's claim for lack of standing, as she had initiated litigation in response to a FOIA request made by another individual. 680 F.Supp.2d at 171, 176. The complaint did not contain any explanation about the relationship between the plaintiff and the original requestor; the only connection between the two presented was a letter from the requestor assigning her rights and interests in the FOIA request to the plaintiff, and another letter from the plaintiff accepting the assignment. *Id.* at 171.

Similarly, the Motion does not allege any relationship of interest between himself and Miller and merely asserts the assignment of interest in the litigation. ECF 164. Namely, Plaintiff has not shown that he is unable to pursue his own litigation, nor that Miller shares the same interests and purposes as himself, which were considerations the *Feinman* court raisedregarding the validity of assignments in this context. *Id.* at 176. Additionally, nowhere has it been established that Miller would protect Plaintiff's interests as if they were his own if their interests were to diverge. *Id.* at 175. For these reasons, assignment of the FOIA request to Miller would not be

proper in this case. Accordingly, Miller lacks the requisite standing to proceed in this litigation and therefore his substitution should be denied.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

> Respectfully submitted,
>
> DAMIEN M. DIGGS
> UNITED STATES ATTORNEY
>
> */s/ James Gillingham*
> JAMES GARLAND GILLINGHAM
> Texas State Bar No. 24065295
> james.gillingham@usdoj.gov
> 110 N. College, Suite 700
> Tyler, TX  75702
> (903) 590-1400
> Fax: (903) 590-1436
>
> **COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 29, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

                                              */s/ James Gillingham*
                                              JAMES GILLINGHAM
                                              Assistant United States Attorney