# United States District Court
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>*Plaintiff,*<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:20-cv-447<br>§ Judge Mazzant<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Pending before the Court is Plaintiff's Motion Regarding Ex Parte, In Camera Filing (Dkt. #149). The Court finds that supplemental briefing from the parties is necessary to make its determination regarding the present motion.

This Order arises in the context of Freedom of Information Act ("FOIA") litigation between Plaintiff Brian Huddleston and Defendants Federal Bureau of Investigation (the "FBI") and the United States Department of Justice (the "DOJ," collectively, the "Government"). The Court will not belabor the case's background here because it has already been discussed in detail in the Court's Memorandum Opinion and Order from September 29, 2022 (the "2022 Order") (Dkt. #70) and the Court's Memorandum Opinion and Order from November 28, 2023 (the "2023 Order") (Dkt. #107).

On February 14, 2024, Huddleston filed the present motion (Dkt. #149). Huddleston requests that the Court order the FBI provide certain information related to an *ex parte*, *in camera* filing that the FBI has made (Dkt. #149 at p. 2). Huddleston also moves the Court to permit his

1

counsel to view the filing pursuant to an attorney-eyes-only order and to clarify whether the Court intends to rely on the filing as evidence. On February 28, 2024, the Government filed its response (Dkt. #151). On March 4, 2024, Huddleston filed his reply (Dkt. #153).

On February 8, 2024, Michaell G. Seidel, the Section Chief of the Record/Information Dissemination Section of the FBI, stated the following in a declaration under penalty of perjury:

> When the FBI became aware that the USAO-DC and MPD had an open investigation into the death of Seth Rich, the FBI notified the Court via an *in camera*, *ex parte* filing of this new information. Since receiving notification of the pending investigation, the FBI has been in communication with the AUSA and confirmed that the investigation remains active and continues to be handled by the USAO-DC, who serves as the local law enforcement prosecutor in the District of Columbia.

(Dkt. #148-1 ¶ 9). The Government has not clarified which filing Seidel is referring to. However, Seidel appears to refer to the filings in Docket Entry Nos. 74 & 75 (the "*Ex Parte* Filings"). On October 31, 2022, the FBI submitted the *Ex Parte* Filings apparently in support of Defendant FBI's Motion for Clarification, or in the Alternative, Reconsideration of the Memorandum Opinion and Order Entered September 29, 2022 (*See* Dkt. #73).

The *Ex Parte* Filings have not impacted the outcome of any decision that the Court has made, including the 2023 Decision. Further, the Court has not relied upon the *Ex Parte* Filings.

In the Fifth Circuit, "[j]udicial records belong to the American people; they are public, not private, documents." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (cleaned up) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021)). And "[t]he public's right of access to judicial records is a fundamental element of the rule of law." *Leopold v. United States (In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders)*, 964 F.3d 1121, 1123 (D.C. Cir. 2020). "The public has an interest in transparent court proceedings that is independent of the parties' interests." *In re Gee*, No. 19-30953, 2019 WL 13067384, at 8 (5th Cir.

Nov. 27, 2019) (Elrod, J., concurring) (emphasis omitted). This right "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019) (quoting *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)). To that end, courts heavily disfavor sealing information placed in the judicial record. See *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450–51 (5th Cir. 2019).

However, the right of access is not absolute. *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). The "common law merely establishes a presumption of public access to judicial records." *Id.* As such, "[t]he decision whether to allow public access to court records 'is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Vantage Health Plan, Inc.*, 913 F.3d at 450 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In exercising this discretion, courts are obligated to "'undertake a case-by-case,' 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Binh Hoa Le*, 990 F.3d at 419 (quoting *Sealed Search Warrants*, 868 F.3d at 390).

The Court requires supplemental briefing on two issues. First, the Court requires supplemental briefing regarding whether the Court should employ the Fifth Circuit's standard (described above) for unsealing documents to the present motion or a different standard given the unique nature of FOIA litigation.

Second, the Court requires supplemental briefing on what result the Court should reach regarding the present motion and why. Regardless of what standard (and corresponding reasoning

to support a particular outcome) the Government recommends, the Government should each also discuss how the Court would analyze the present motion under the Fifth Circuit's standard to unseal documents.

The Court hereby **ORDERS** the Government to submit supplemental briefing on the issues discussed above by August 21, 2024. The Government shall further indicate whether Paragraph 9 in Exhibit 1 of Docket Entry No. 148 refers to Docket Entry Nos. 74 & 75. Huddleston may submit a response by September 4, 2024.

**IT IS SO ORDERED**.

SIGNED this 9th day of August, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE