# United States District Court

## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:20-cv-447 |
| FEDERAL BUREAU OF INVESTIGATION | § | Judge Mazzant |
| and UNITED STATES DEPARTMENT OF | § | |
| JUSTICE, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Renewed Motion for Interim Payment of Costs and Attorney Fees (Dkt. #143) and Plaintiff's Supplemental Motion for Interim Payment of Costs and Attorney Fees (Dkt. #165). Having considered the motions and the relevant pleadings, the Court finds that both motions should be **DENIED without prejudice**.

## BACKGROUND

This Memorandum Opinion and Order arises in the context of Freedom of Information Act ("FOIA") litigation between Plaintiff Brian Huddleston ("Huddleston") and Defendants Federal Bureau of Investigation (the "FBI") and the United States Department of Justice (the "DOJ," collectively, the "Government"). The facts of this FOIA case have been more fully set forth in the Court's Memorandum Opinion and Order from September 29, 2022 (Dkt. #70) (the "2022 Order"), the Court's Memorandum Opinion and Order from November 28, 2023 (Dkt. #107) (the "2023 Order"), and the Court's Memorandum Opinion and Order from August 15, 2024 (Dkt. #176) (the "2024 Order").

In 2017, Huddleston's counsel of record, Ty Clevenger ("Clevenger"), submitted a FOIA request to the FBI seeking information on Seth Rich's involvement in the 2016 Democratic National Committee email leaks. *Clevenger v. U.S. Dep't of Just.*, No. 1:18-CV-1568, 2020 WL 1846565 (E.D.N.Y. Apr. 3, 2020). By letter dated September 19, 2017, the FBI responded to Clevenger's request, stating the FBI had conducted a search of its central database but was unable to locate any responsive main file records. *Id.* at *7. Clevenger then brought suit against the Government in the Eastern District of New York in a FOIA action (the "New York Case"). Subsequently, the New York district court granted summary judgment in favor of the Government and dismissed the New York Case. *Id.* at *20.

On April 9, 2020, Huddleston submitted his first FOIA request to the FBI that, among other information, requested all records pertaining to Seth Rich (Dkt. #3-1). On June 1, 2020, before the Government responded to Huddleston's first FOIA request, Huddleston filed the present action against the Government (Dkt. #1).[1] Then, on June 1 and 5, 2020, Huddleston submitted two additional FOIA requests, again seeking information related to Seth Rich (Dkt. #2 ¶¶ 7, 8). By letter dated June 19, 2020, the Government acknowledged receipt of Huddleston's first FOIA request (Dkt. #39-1 ¶ 11). On April 8, 2021, the Government asserted that it had found over 20,000 pages of documents that were potentially responsive to Huddleston's FOIA requests (Dkt. #21 at p. 2).[2]

On September 29, 2022, the Court issued the 2022 Order, granting partial summary judgment in favor of both the Government and Huddleston (Dkt. #70). The Court ordered the

---

[1] Due to the COVID-19 Pandemic, the FBI's FOIA program experienced significant operational slowdowns between March 17, 2020 and June 8, 2020 (Dkt. #39-1 ¶ 9).

[2] The Government has not provided an explanation for why the FBI did not release responsive documents to Huddleston until April 2021.

Government to "produce the information it possesses related to Seth Rich's laptop and responsive to Plaintiff's FOIA requests" (Dkt. #70 at p. 53).

On November 28, 2023, the Court issued the 2023 Order, reconsidering and clarifying the 2022 Order (Dkt. #136). The Court ordered the Government to produce a *Vaughn* index addressing the information it possesses on Seth Rich's work laptop, Seth Rich's personal laptop, a DVD, and a tape drive that is responsive to Huddleston's FOIA requests. (Dkt. #136 at pp. 24–25).

On August 15, 2024, the Court issued the 2024 Order, denying a motion for summary judgment belonging to the Government (Dkt. #176). The Court ordered that the Government shall conduct and complete "a document-by-document review of the of the information it possesses on the compact disk containing images of Seth Rich's personal laptop, Seth Rich's work laptop, the DVD, and the tape drive that is responsive to Plaintiff's FOIA requests" by February 7, 2025 (Dkt. #176 at p. 6). Further, the Court ordered that the Government shall:

> either (1) produce Vaughn indexes addressing the information it possesses on the compact disk containing images of Seth Rich's personal laptop, Seth Rich's work laptop, the DVD, and the tape drive that is responsive to Plaintiff's FOIA requests by February 7, 2025; or (2) file a motion for summary judgment regarding the information it possesses on the compact disk containing images of Seth Rich's personal laptop, Seth Rich's work laptop, the DVD, and the tape drive that is responsive to Plaintiff's FOIA requests by February 7, 2025.

(Dkt. #176 at p. 7). The Court previously denied two of Huddleston's motions for interim fees (Dkt. #107). Huddleston claims that his counsel accrued $115,581.65 in costs and attorneys' fees as of February 2, 2023 (Dkt. #96).

On January 12, 2024, Huddleston filed Plaintiff's Renewed Motion for Interim Payment of Costs and Attorney Fees (Dkt. #143). Huddleston informs the Court that his counsel has accrued

an additional $48,650.00 in attorneys' fees and an additional $70.91 in expenses for a total of $164,302.56 (Dkt. #143). Further, Huddleston "incorporated . . . by reference" his two earlier motions for interim attorneys' fees and costs (Dkt. #143 at p. 1). On January 26, 2024, the Government filed its response (Dkt. #145). On January 29, 2024, Huddleston filed his reply (Dkt. #146). On February 5, 2024, the Government filed its sur-reply (Dkt. #147).

On July 8, 2024, Huddleston filed Plaintiff's Supplemental Motion for Interim Payment of Costs and Attorney Fees (Dkt. #165). Huddleston informs the Court that his counsel has accrued an additional $23,700.00 in attorneys' fees and an additional $8.95 in expenses for a total of $188.011.51 (Dkt. #165). On July 29, 2024, the Government filed its response (Dkt. #170).

## LEGAL STANDARD

5 U.S.C. § 552(a)(4)(E) governs when courts may assess against the United States reasonable attorneys' fees and costs in FOIA litigation:

> (i) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.
>
> (ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either--
> (I) a judicial order, or an enforceable written agreement or consent decree; or
> (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 552(a)(4)(E). Fifth Circuit has not directly answered the threshold question of whether it allows *interim* fees in FOIA litigation (Dkt. #107 at p. 2). However, the Court is aware of one district court in this circuit that has decided that a plaintiff may receive interim fees in a FOIA Action. *Claudio v. Social Sec. Admin.*, No. Civ. A. H-98-1911, 2000 WL 33379041, at *9–11 (S.D.

Tex. 2000) ("The court may assess an interim award of attorneys' fees for a case in which the complainant has 'substantially prevailed.'").[3]

      Assuming that courts in the Fifth Circuit may award interim attorneys' fees and costs, courts conduct a two-part analysis. First, courts consider 5 U.S.C. § 552(a)(4)(E) and decides whether the FOIA requester has satisfied the fee eligibility prong, asking the question of whether the current litigation supports a finding that he or she has "substantially prevailed." *See Batton v. I.R.S.*, 718 F.3d 522, 525 (5th Cir. 2013). During this analysis, the courts consider whether to allow interim fees based upon the specific language used in 5 U.S.C. § 552(a)(4)(E). Second, courts then consider the requirement of fee entitlement, asking whether the FOIA requester should receive fees. *See id.* If the Court reaches this step of the analysis, the Court must decide whether to adopt the test used by the district courts in California and Washington D.C., and if so, whether Huddleston has sufficiently satisfied the relevant factors. *See Allen v. Fed. Bureau of Investigation*, 716 F. Supp. 667, 672 (D.D.C. 1988) (citing *Powell v. U.S. Dep't of Just.*, 569 F. Supp. 1192, 1200 (N.D. Cal. 1983)).[4]

---

[3] The Court notes that another case out of the Southern District of Texas, *Longoria v. Johnson*, tangentially touched on this matter, as it was disputed whether the FOIA litigation had concluded at the time of requesting attorneys' fees. No. 1:15-CV-055, 2016 WL 11795789, at *6 (S.D. Tex. Mar. 22, 2016). In *Longoria*, the district court pointed out that one of the parties stated the following rule in its briefing: "An award of interim attorney[s'] fees under FOIA requires a showing beyond the threshold 'substantially prevailed' requirement and a successful showing on the *Batton* factors articulated above." *Id.* However, the *Longoria* court did not have to decide the question of whether it will allow interim fees in a FOIA action and what the relevant rule would be because it ultimately decided that that the litigation was concluded with respect to everything except attorneys' fees. *Id.*

[4] The relevant four factors are: (1) the degree of hardship which delaying a fee award until the litigation is finally concluded would work on the FOIA requester and his or her counsel; (2) whether there is unreasonable delay on the agency's part; (3) the length of time the case has been pending prior to the motion; and (4) the period of time likely to be required before the litigation is concluded. *Id.*

## ANALYSIS

The Court resolves Huddleston's present motions without reaching the question whether a court may award interim attorneys' fees and costs during a FOIA action. In the interests of judicial efficiency, the Court only analyzes the requirement of whether Huddleston has substantially prevailed because that issue is conclusive. However, the Court analyzes both potential means by which a party may substantially prevail.

To substantially prevail, "the complainant in a FOIA action must obtain relief either by (1) 'judicial order, or an enforceable written agreement or consent decree' or (2) 'a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.'" *DaSilva v. U.S. Citizenship & Immigr. Servs.*, 599 F. App'x 535, 540–41 (5th Cir. 2014) (quoting 5 U.S.C. § 552(a)(4)(E)). "This second theory of causation requires the plaintiff to show that 'prosecution of the action could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information.'" *Id.* at 541 (quoting *Batton*, 718 F.3d at 525).

*Batton v. Internal Revenue Service* is instructive regarding the meaning of "obtained relief" in 5 U.S.C. § 552(a)(4)(E)(ii). 718 F.3d at 522. In *Batton*, the Internal Revenue Service only began "to produce a fraction of the responsive documents" after the filing of the FOIA lawsuit. *Batton*, 718 F.3d at 526. However, "[t]he remaining documents still were not produced for years following further litigation." *Id.* Therefore, the Fifth Circuit determined that the FOIA requester was eligible to receive attorneys' fees. *Id.* Based on *Batton*, the Court interprets "obtained relief" to require that the FOIA requester obtain (greater than a small fraction of) the responsive documents or records or other requested relief. *See id.*

## I.      Whether Huddleston Has Obtained Relief By Judicial Order, or an Enforceable Written Agreement or Consent Decree

Huddleston does not address whether he has substantially prevailed by obtaining relief by judicial order, an enforceable, or a consent decree. However, the Government argues that Huddleston has not substantially prevailed because the 2023 Order required the Government to produce a *Vaughn* index, rather than a responsive documents or records (Dkt. #145 at pp. 2–3).

The Court's most recent orders (the 2023 Order and the 2024 Order) have not required the Government to produce *responsive documents or records or other requested relief* to Huddleston. Rather, the Court has ordered the Government to either produce additional *Vaughn* indexes or file an additional motion for summary judgment. Notably, Huddleston has not "obtained relief" through the 2024 Order pursuant to 5 U.S.C. § 552(a)(4)(E) because neither an additional *Vaughn* Index nor a motion for summary judgment (by the Government) consists of *responsive documents or records or other requested relief*. Therefore, the Huddleston has not substantially prevailed pursuant to the first prong of 5 U.S.C. § 552(a)(4)(E)(ii).

## II.     Whether Huddleston Has Obtained Relief By a Voluntary or Unilateral Change in Position by the Government

Huddleston argues that he has substantially prevailed in this case because "[a]t the very least, the FBI changed its position and began producing records in response to this lawsuit, and that alone is sufficient to make [] Huddleston a prevailing party" (Dkt. #146 at p. 3). Huddleston bases his argument on the over 20,000 potentially responsive documents uncovered in response to Huddleston's FOIA request in case compared to the zero documents produced in response to Clevenger's FOIA requests in the New York Case (Dkt. #146 at pp. 1–3).

The Government claims that "[m]uch of [Huddleston's] discussion, which focuses on prior litigation in the Eastern District of New York, does not bear on whether Plaintiff has identified exceptional circumstances warranting the award interim fees *in this case*" (Dkt. #147 at pp. 1–2). However, the Government claims that "[Huddleston] has not done so, and the Court should deny [Huddleston's] request for interim fees" (Dkt. #147 at p. 2).

To substantially prevail under the second prong of 5 U.S.C. § 552(a)(4)(E)(ii), the FOIA requester must prove that the FOIA action had a substantive causative effect on the delivery of the information. *DaSilva*, 599 F. App'x at 541. *Springer v. United States*, a case from the Northern District of Texas, is persuasive in this case. No. 3:20-CV-3088-B, 2022 WL 494379 (N.D. Tex. Jan. 28, 2022). In *Springer*, the Federal Bureau of Prisons had not yet responded to the plaintiff's FOIA request before the plaintiff filed suit pursuant to his FOIA request. *Id.* at *3. The Federal Bureau of Prisons had stated that processing the plaintiff's FOIA requests may take up to nine months. *Id.* at *1. However, the Federal Bureau of Prisons did not produce responsive records within the nine-month time period and finally did so approximately a month after the plaintiff had filed suit. *Id.* at *2. However, without additional facts, the court determined that the plaintiff had not provided any hard evidence—beyond temporal proximity—supporting the inference that the plaintiff's lawsuit had caused the document release or other requested relief. *Id.* at *4. Therefore, the Court found that the plaintiff had not substantially prevailed. *Id.* at *4.

Huddleston has not substantially prevailed under the second prong of 5 U.S.C. § 552(a)(4)(E)(ii) because he cannot demonstrate that the present FOIA action had a substantive causative effect on the delivery of the information. Huddleston filed the present action less than two months after filing his first FOIA request when the FBI's FOIA program had not yet returned

to full capacity due to the COVID-19 Pandemic (Dkt. #1; Dkt. #3-1). Huddleston filed the present action on the same day he filed his second FOIA request and before he filed his third FOIA request (Dkt. #1; Dkt. #2 ¶¶ 7, 8). The Government had not yet acknowledged Huddleston's FOIA requests when he filed the present suit (Dkt. #1; Dkt. #39-1 ¶ 11). Although the Government's discovery of over 20,000 potentially responsive documents to Huddleston's FOIA requests after the New York Case is far from perfect, the Government's discovery of these documents after the New York Case does not show that Huddleston's filing of the present action caused the FBI to acknowledge, let alone release, responsive records. Importantly, Huddleston has not shown that *his filing of this case* before the Government even acknowledged his FOIA requests, as opposed to *his submission of three FOIA requests*, had a substantive causative effect on the delivery of the information. *See Springer*, 2022 WL 494379, at *4; *Gahagan v. U.S. Citizenship & Immigr. Servs.*, No. 14–1268, 2015 WL 6738537, at *3 (E.D. La. Nov. 4, 2015) ("Plaintiff has presented no evidence to show that USCIS's and ICE's ultimate disclosure of the requested documents resulted from the filing of his lawsuit, rather than merely USCIS's ability to overcome administrative problems."); *Arevalo-Franco v. Immigr. & Naturalization Serv.*, 722 F. Supp. 959, 961 (W.D. Tex. 1991) ("It is not enough to merely allege that because the documents were divulged after a lawsuit was filed, said information was released as a result of that suit.").

The Court does not explicitly hold in this Memorandum Opinion and Order that it will not grant interim attorneys' fees in this case. The Court will allow Huddleston to refile the pending motions for interim fees before the entirety of this litigation has concluded. However, the Court denies the pending motions without prejudice because Huddleston has not substantially prevailed.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Renewed Motion for Interim Payment of Costs and Attorney Fees (Dkt. #143) is **DENIED without prejudice**.

It is further **ORDERED** that Plaintiff's Supplemental Motion for Interim Payment of Costs and Attorney Fees (Dkt. #165) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**SIGNED this 16th day of August, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE