# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:20-cv-447 |
| FEDERAL BUREAU OF INVESTIGATION | § | Judge Mazzant |
| and UNITED STATES DEPARTMENT OF | § | |
| JUSTICE, | § | |
| | § | |
| Defendants. | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment Regarding FOIA Exemption 7(A) (Dkt. #148). Having considered the motion and the relevant pleadings, the Court finds that Defendants' Motion for Summary Judgment Regarding FOIA Exemption 7(A) should be **DENIED**.

## BACKGROUND

This Amended Memorandum Opinion and Order[1] arises in the context of Freedom of Information Act litigation between Plaintiff Brian Huddleston ("Huddleston") and Defendants Federal Bureau of Investigation (the "FBI") and the United States Department of Justice (the "DOJ," and collectively, the "Government"). The Court will not belabor the case's background here because it has already been discussed in detail in the Court's Memorandum Opinion and Order from September 29, 2022 (the "2022 Order") (Dkt. #70) and the Court's Memorandum Opinion and Order from November 28, 2023 (the "2023 Order") (Dkt. #136).

---

[1] The Court issued this Amended Memorandum Opinion and Order to correct typographical errors.

On November 28, 2023, the Court entered the 2023 Order finding that the FBI improperly withheld Seth Rich's work laptop, the DVD, the tape drive (collectively, the "Work Laptop"), and (the compact disk containing images of) Seth Rich's personal laptop (the "Personal Laptop") (Dkt. #136 at pp. 15, 19–20). The Court ordered the Government to produce a *Vaughn* index addressing the information it possessed on the Work Laptop and the Personal Laptop (Dkt. #136 at pp. 24–25). However, the FBI would have to process hundreds of thousands of documents (within the Work Laptop and the Personal Laptop) to comply with the 2023 Order (Dkt. #136 at p. 23).

On February 8, 2024, the Government filed the present motion for summary judgment (Dkt. #148). This motion only raises one issue: whether the Government may categorically withhold the Work Laptop and the Personal Laptop pursuant to FOIA Exemption 7(A) (Dkt. #148 at p. 1). On March 7, 2024, Huddleston filed his response (Dkt. #154). On March 14, 2024, the Government filed its reply (Dkt. #156). On April 4, 2024, Huddleston filed his sur-reply (Dkt. #162).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must

resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider

all of the evidence but "refrain from making any credibility determinations or weighing the evidence."

## ANALYSIS

The Court's analysis begins and ends with the second element of categorical withholding under FOIA Exemption 7(A). The Government does not satisfy the second element, which requires a document-by-document review in order to assign documents to the proper category.

Categorical withholding is often appropriate under FOIA Exemption 7(A). *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Just.*, 746 F.3d 1082, 1098 (D.C. Cir. 2014). However, an agency must satisfy three elements to categorically withhold documents. First, "it must define its categories functionally." *Id.* (quoting *Bevis v. Dep't of State*, 801 F.2d 1386, 1389 (D.C. Cir. 1986)). Second, "it must conduct a document-by-document review in order to assign documents to the proper category." *Id.* (quoting *Bevis*, 801 F.2d at 1389). Third, "it must explain to the court how the release of each category would interfere with enforcement proceedings." *Id.* (quoting *Bevis*, 801 F.2d at 1390).

The Government argues that "[Huddleston's] challenge to the first two elements of categorical withholding fails" (Dkt. #156 at p. 3). The Government claims that "[i]n the context of Exemption 7(A), document-by-document analysis is not always required and an agency may satisfy its burden with a more generalized showing when publicly revealing more details about the documents could itself jeopardize the investigation or enforcement proceedings" (Dkt. #156 at p. 4). Further, the Government asserts that "[a] requirement to separately assign a functional category to each file on the Personal Laptop and Work Laptop would require the type of precise

4

description of records that would disclose non-public information and raise the same concerns regarding interference" (Dkt. #156 at p. 5).

Huddleston responds that the Government has not met the second requirement of categorical withholding (Dkt. #162 at pp. 4–5). Huddleston claims that "the [Government] ha[s] not examined the documents at all"(Dkt. #162 at p. 4).

Under categorical withholding, an agency may provide descriptions of categories of documents, rather than a description of every specific document being withheld. *Manning v, U.S. Dep't of Just.*, 234 F. Supp. 3d 26, 35 (D.D.C. 2017). However, the agency still "must conduct a *document-by-document review* in order to assign documents to the proper category." *Citizens for Responsibility & Ethics in Wash.*, 746 F.3d at 1098 (emphasis added).

The Government has not put forward any evidence suggesting that it has conducted a document-by-document review of the documents within the Work Laptop and the Personal Laptop in order to assign the documents to the proper category. The Work Laptop and the Personal Laptop collectively contain hundreds of thousands of documents (Dkt. #136 at p. 23). On October 27, 2022, the Government indicated to the Court that "the FBI has never extracted the data from the [Personal Laptop] and never processed the information contained on the [Personal Laptop]" (Dkt. #73 at p. 1). No evidence in the record suggests that this situation has changed.

Even if a document-by-document review may require arduous efforts by the Government, it remains a requirement of categorical withholding. *See Citizens for Responsibility & Ethics in Wash.*, 746 F.3d at 1098; *Gavin v. S.E.C.*, No. Civ. 04–4522, 2006 WL 208783, at *2 (D. Minn. Jan. 26, 2006) ("It does not obviate the requirement that an agency conduct a document-by-document review—even if that review may require arduous efforts by the agency. The SEC must conduct a

document-by-document review to discern whether documents or portions of the documents fall outside the functional categories."); *Inst. For Just. & Hum. Rts. v. Exec. Office of the U.S. Att'y*, No. C 96–1469, 1998 WL 164965, at *6 (N.D. Cal. Mar. 18, 1998) ("To comply with FOIA, the EOUSA must conduct a document-by-document review and provide affidavits attesting that the review took place."). The Government has not satisfied this second requirement. Therefore, the Government is not entitled to judgment as a matter of law.

In the 2023 Order, the Court ordered the Government to produce *Vaughn* indexes for the Work Laptop and the Personal Laptop (Dkt. #136 at pp. 24–25). Regardless of whether the Government produces the *Vaughn* indexes or files another motion for summary judgment regarding the documents within the Work Laptop and the Personal Laptop, the Government must first conduct a document-by-document review of the documents within the Work Laptop and the Personal Laptop. The Court recognizes that such a review of hundreds of thousands of documents will take a large amount of time. Therefore, the Government must either produce the *Vaughn* indexes or file a motion for summary judgment regarding the documents within the Work Laptop and the Personal Laptop by February 7, 2025.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment Regarding FOIA Exemption 7(A) (Dkt. #148) is **DENIED.**

It is further **ORDERED** the Government shall conduct and complete by February 7, 2025, a document-by-document review of the information it possesses on the compact disk containing images of Seth Rich's personal laptop, Seth Rich's work laptop, the DVD, and the tape drive that is responsive to Plaintiff's FOIA requests.

It is further **ORDERED** the Government shall either (1) produce *Vaughn* indexes addressing the information it possesses on the compact disk containing images of Seth Rich's personal laptop, Seth Rich's work laptop, the DVD, and the tape drive that is responsive to Plaintiff's FOIA requests by February 7, 2025; or (2) file a motion for summary judgment regarding the information it possesses on the compact disk containing images of Seth Rich's personal laptop, Seth Rich's work laptop, the DVD, and the tape drive that is responsive to Plaintiff's FOIA requests by February 7, 2025.

**IT IS SO ORDERED.**

SIGNED this 16th day of August, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE