IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | CIVIL ACTION No. 4:20CV447 <br><br> JUDGE AMOS MAZZANT |

**DEFENDANT'S SUPPLEMENTAL BRIEFING**

Comes now the Defendants, the FBI and the United States Department of Justice, and file this supplemental briefing pursuant to the Court's August 9, 2024, Order. Dkt. 173.

In the Order, the Court asks the Government to discuss "whether the Court should employ the Fifth Circuit's standard . . . for unsealing documents to the present motion or a different standard given the unique nature of FOIA litigation." *Id*. at 3.

The Government does not suggest a different standard should prevail in this case but the Court's reference to "the unique nature of FOIA litigation" is critical. In the Order, the Court points out that "courts heavily disfavor sealing information placed in the judicial record." *Id*. (citing *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450-51 (5th Cir. 2019)). This is generally true in other cases but not necessarily in FOIA cases. As then-Judge Scalia noted in *Arieff v. U.S. Department of Navy*, 712 F.2d 1462 (D.C. Cir. 1983):

> FOIA cases as a class present an unusual problem that demands an unusual solution: One party knows the contents of the withheld records while the other does not; and the courts have been charged with the responsibility of deciding the dispute without altering that unequal condition, since that would involve disclosing the very material sought to be kept secret. The task can often not be performed by proceeding in the traditional fashion, so that *what is a rarity among our cases generally must become a commonplace in this unique field*.

*Id*. at 1471 (emphasis added). Put succinctly, the starting point in FOIA cases can be different. If information which is the subject of the FOIA request is revealed in the process of unsealing a record submitted by the Government, that bell cannot be unrung. Thus, in "balance[ing] the public's common law right of access against the interests favoring nondisclosure," *Vantage Health Plan, Inc.*, 913 F.3d at 450, the interests favoring nondisclosure are heightened. There is the substantive interest in protecting the underlying information and also the "procedural" interest in insuring that FOIA cases are resolved properly. The Government provides *ex parte* filings in FOIA cases to assist the Court in deciding whether an exemption applies.[1] If that *ex parte* filing can then be unsealed the FOIA exemption from public disclosure evaporates.

Notwithstanding this, and in the interests of transparency and disclosure, the Defendants have reviewed the two "*Ex Parte* Filings" referenced in the Court's Order and they do not object to the partial unsealing of these filings. The Defendants do request, however, that certain information be redacted. Specifically, and considering the high-profile nature of this matter, the Defendants request that the identity of certain personnel involved in the underlying investigations be shielded from disclosure. Moreover, the Defendants also ask that certain other information be

---

[1] In the Order, the Court states that "[t]he *Ex Parte* Filings have not impacted the outcome of any decision that the Court has made, including the 2023 Decision. Further, the Court has not relied upon the *Ex Parte* Filings." Dkt. 173 at 2. In *Cable News Network, Inc. v. FBI*, 984 F.3d 114 (D.C. Cir. 2021), the D.C. Circuit, applying its standard for unsealing records, noted that "when the sixth factor highlights the fact that a sealed document didn't affect a judicial decision, it can be the 'most important' element cutting *against* disclosure." *Id*. at 120 (emphasis in the original).

Defendant's Supplemental Briefing                                                                                                         2

redacted in compliance with the Federal Rules of Criminal Procedure.  To aid the Court, the Defendants have prepared, and submit as exhibits hereto, redacted copies of the *Ex Parte* Filings.

The undersigned has discussed this form of resolution with counsel for the Plaintiff. Counsel for the Plaintiff does not object.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney
Texas Bar No. 24065295
110 N. College Ave.; Suite 700
Tyler, Texas 75702
Tel:  (903) 590-1400
Fax: (903) 590-1436
Email:  James.Gillingham@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule CV-7(h), undersigned counsel hereby certifies that I have conferred with plaintiff's counsel, and he is unopposed to resolution detailed in this briefing.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney
