Exhibit 5

### Re: [EXTERNAL] Huddleston v. FBI

| | |
|---|---|
| From: | Ty Clevenger (tyclevenger@yahoo.com) |
| To: | james.gillingham@usdoj.gov |
| Cc: | cossette.callahan@usdoj.gov |
| Date: | Monday, March 17, 2025 at 01:08 PM EDT |

James,

Have you heard anything back from the FBI about the amount / type of data that was not part of the Vaughn indexes?

Ty

> On Wednesday, March 12, 2025 at 11:27:51 AM EDT, Ty Clevenger <tyclevenger@yahoo.com> wrote:
>
> James,
>
> I did a little Westlaw research on *Vaughn* indexes this morning, and learned that "[a] withholding agency must describe each document or portion thereof withheld." *Emery v. United States Dep't of Just.*, 639 F. Supp. 3d 104, 112 (D.D.C. 2022) (emphasis added). All I saw were fully-withheld documents in the index, and it seems improbable that there were no partially-withheld documents.
>
> Ty
>
>> On Tuesday, March 11, 2025 at 11:05:01 PM EDT, Ty Clevenger <tyclevenger@yahoo.com> wrote:
>>
>> Yes, I will certainly confer with you before I send any letters.
>>
>>> On Tuesday, March 11, 2025 at 05:45:36 PM EDT, Gillingham, James (USATXE) <james.gillingham@usdoj.gov> wrote:
>>>
>>> Ty,
>>>
>>> Thanks for reaching out. I will reach out to the client to inquire as to you question about how much data, if any, was excluded. As for our conversation yesterday, I disagree with your characterization. When we spoke, I did not take a position on whether the FBI was claiming total exemptions or not. All I said was that I anticipated providing the *Vaughn* indexes per the Court's order and did not anticipate we would be producing any documents. I also made clear that was also still awaiting additional information from the

agency and was not in a position to commit to anything other than the production of the *Vaughn* indexes.

I will also reach out to the FBI to determine our position on your motion to set a date certain for the production of all remaining files/data. Once I have conferred with them, I will get back to you.

With respect to your request to reach out to Director Patel and Attorney General Bondi, can you please provide some additional information about what issues you plan to raise to them now that the government has provided its *Vaughn* index and complied with the court's latest order? I assume your reference to Tex. R. Disc. Prof'l. Cond 402 is to obtain my consent to contact them directly since they could be considered represented parties. If that is the case, provided you copy me on the correspondence, I do not have an objection. However, as a matter of courtesy, I would appreciate the opportunity to address any concerns you may have before you raise the issues up the chain.

Regards,

James Gillingham

903-510-9346

---

**From:** Ty Clevenger <tyclevenger@yahoo.com>
**Sent:** Tuesday, March 11, 2025 10:12 AM
**To:** Gillingham, James (USATXE) <James.Gillingham@usdoj.gov>
**Cc:** Callahan, Cossette (USATXE) <Cossette.Callahan@usdoj.gov>
**Subject:** [EXTERNAL] Huddleston v. FBI

James,

Do you know how much data from the disks is excluded from the Vaughn indexes? A relatively small number of files are listed in the indexes compared to what one would normally expect on a laptop hard drive. As I understood our conversation yesterday (and correct me if I'm wrong, of course), the FBI is not claiming total exemptions on the remaining files, but it has not yet produced them.

I plan to ask Judge Mazzant to clarify his order and set a date certain for the production of all the remaining files / data. Please let me know if you oppose. I also wish to write a letter to Director Kash Patel and AG Pam Biondi about the FBI's production in this case (and simultaneously cc' you, of course). For purposes of Tex. R. Disc. P. 4.02, please let me know if you have any objections. Thank you.

Ty