# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**,<br><br>    Plaintiff,<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**<br><br>    Defendant | Case No. 4:20-cv-447-ALM |

## DECLARATION OF YAACOV APPELBAUM

My name is Yaacov Apelbaum, I am greater than 18 years of age and competent to testify, and I do testify as follows under penalty of perjury under the laws of the United States, as witnessed by my signature below:

(1) I previously submitted a copy of my curriculum vitae (Dkt. #141-3), and I attest that its contents are true and correct.

(2) I serve as a cyber intelligence and cyber forensic expert and consultant to Mr. Huddleston via his counsel, Ty Clevenger.

(3) According to Defendants' Counsel in the case identified above, "some documents that were not produced and not included in the *Vaughn* index [for the personal laptop] because the files were corrupted and therefore not reviewable." *See* March 28, 2025 Email from James Gillingham to Ty Clevenger. That statement is not plausible. The FBI did not describe any efforts that it undertook to clean the files or otherwise render them readable, and it is impossible to believe that the country's premier law enforcement agency lacks the tools to clean the files or at least render and produce them in an electronic format. Furthermore, the *Vaughn* index for Seth Rich's work laptop accounts for corrupted files that the FBI claims it could not open, but the *Vaughn* index for the personal laptop does not account for corrupted files at all.

(4) In the *Vaughn* index of the work laptop (*see, e.g.,* page 10), the author repeatedly states that documents could not be opened in Notepad or that the text was distorted. Notepad is a very simple text-reading program, and it is not used for cleaning corrupted files. It thus appears that the FBI made no effort to clean the files or otherwise render them readable

so that they could be reviewed for production. If the FBI did not want to clean the files, then it could have produced them in their original, uncorrected format.

(5) According to the Microsoft website and common knowledge within my industry, a new Windows laptop purchased from the manufacturer will have more than 100,000 files pre-installed. It is impossible to believe that Seth Rich's work laptop and personal laptop contained only a few thousand files each. Notably, none of the system files (*e.g.*, Microsoft Windows 10) were accounted for in the *Vaughn* indexes, thus there can be no doubt that files are missing and unaccounted for.

(6) In my January 11, 2024 declaration (Dkt. #141-3), I noted that metadata could be extracted from Seth Rich's electronic devices within hours if not minutes. I further noted that the metadata should allow us to determine whether Mr. Rich played a role in transferring Democratic National Committee emails to Wikileaks. Despite the Court's prior order directing the production of metadata, *see* November 28, 2023 Order (Dkt. #136) 20, no metadata was produced and none of it was accounted for in the *Vaughn* indexes.

(7) In my professional opinion, the FBI did not undertake reasonable efforts to review and/or produce records as directed by the Court. The evidence further indicates that the FBI withheld records without accounting for those records in the *Vaughn* indexes.

THE DECLARANT SAYS NOTHING FURTHER.

April 3, 2025

_____
Yaacov Apelbaum