# Exhibit 9

# Huddleston v. FBI

From: Ty Clevenger (tyclevenger@yahoo.com)

To: james.gillingham@usdoj.gov

Cc: cossette.callahan@usdoj.gov

Date: Wednesday, March 19, 2025 at 04:09 PM EDT

James,

It appears that the FBI is not complying with Judge Mazzant's orders. I don't want to make such an accusation to the Court lightly (much less mistakenly), therefore I seek once again to clarify some of the irregularities in the *Vaughn* indexes. Back on March 12 I asked for clarification about whether the FBI had accounted for <u>all</u> files on Seth Rich's electronic devices. Thus far the FBI has refused to answer that question, but the evidence indicates that the FBI is withholding documents that it failed to include in the indexes.

In my March 12 email, I wrote as follows:

"[A] withholding agency must describe each document or portion thereof withheld." *Emery v. United States Dep't of Just.*, 639 F. Supp. 3d 104, 112 (D.D.C. 2022) (emphasis added). All I saw were fully-withheld documents in the index, and it seems improbable that there were no partially-withheld documents.

Aside from the probabilities, the *Vaughn* indexes themselves plainly indicate that other documents remain unaccounted for. Records from the personal laptop are numbered (albeit not sequentially), yet certain record numbers are skipped, e.g., records 1106-1110. According to *Emery*, the FBI must either include those records in the *Vaughn* index or produce them. Thus far the FBI has done neither.

On page 20 of Judge Mazzant's November 28, 2023 Order (Dkt. #136), he directed the FBI to include metadata in the *Vaughn* index of the work laptop, but the FBI did not include that information. Worse, when I specifically asked last week how much data was on the laptops (one of the most basic metadata measurements), the FBI refused to answer the question.

The paltry number of files accounted for is further evidence of improper withholding. An average laptop contains hundreds of thousands to millions of files, yet the *Vaughn* indexes only account for a few thousand. The image of the personal laptop was produced by Mr. Rich's brother, so I suppose it is possible that his brother only produced a *partial* image of that laptop. But the FBI is in possession of Mr. Rich's *actual* work laptop, so it is impossible to believe that only 2,094 records (and no metadata) were found on the work laptop. Did the FBI conduct a "document-by-document review" of everything on the work laptop, as ordered by Judge Mazzant? And why has the FBI refused to answer such questions thus far?

It appears that the FBI systematically and improperly asserted the same shotgun exemptions to every document on the personal laptop, namely exemptions 6, 7(A), and 7(C) (the index sometimes cites another exemption here and there, but it always cites 6, 7(A), and 7(C). With respect to exemption 6 and 7(C), it appears that the FBI systematically asserted the purported privacy rights of Seth Rich even though Judge Mazzant *expressly* rejected that exemption on pages 43-48 of his September 29, 2022 Order (Dkt. #70). With respect to exemption 7(A)(i.e., interference in law enforcement investigations), some of the documents could not possibly pertain to the murder investigation or the Russian collusion hoax. Consider, for example, Record #153 from the personal laptop, and recall that your own witnesses (including the AUSA assigned to the murder case) are still saying Seth Rich died in a "botched robbery." How could Mr. Rich's medical record from 2014 be relevant to a "botched robbery" in 2016, much less a computer hacking incident in 2016 that, according to the FBI, Mr. Rich had nothing to do with? It appears that the FBI haphazardly cut-and-pasted the exact same exemptions for every record.

Finally, the formats for the two indexes are very different, and I must ask why. The personal laptop index numbers the records, for example, but the work laptop index does not. And the personal laptop index gives the physical sector location for each file, but work laptop index does not. It's as if the FBI used two differing formats in order to obfuscate and confuse.

I propose that the FBI identify and make available one or more witnesses who can be deposed to answer the foregoing questions (and other questions like them). If not, I will bring these matters to the attention of Judge Mazzant, and I may request sanctions or a show-cause order.

Ty