IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | CIVIL ACTION No. 4:20CV447 <br><br> JUDGE AMOS MAZZANT |

**DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE**

Defendant Federal Bureau of Investigation ("FBI") files this response in opposition to Plaintiff's Motion for an Order to Show Cause Why the FBI Should Not Be Held In Contempt of Court (the "Motion"). ECF No. 190.

**INTRODUCTION**

The purpose of the Freedom of Information Act ("FOIA") is to ensure the *Government's* activities be opened to the eye of public scrutiny. *U.S. Dept. of Just. v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 774 (1989). The FOIA is not intended to be a clearing house for information about *private citizens* that happens to be in the warehouse of the Government. *Id*. If the purpose of the FOIA is, in fact, to allow the public to scrutinize the working of its government, this case is a FOIA case in name only.[1]

---

[1] Illustrating this point is the fact Plaintiff complains that the Defendant withheld records such as Seth Rich's 2014 medical records, ECF No. 190, at 5, term papers Seth Rich drafted while in college, and poems, *id.* at 10–11. These are merely examples of how this case has strayed far afield from FOIA's purpose.

Response in Opposition to Plaintiff's
Motion for an Order to Show Cause                                                                                          1

Defendant has substantially prevailed on most issues in this case. The only remaining issues relate to two laptop computers: Seth Rich's work laptop, the DVD, and tape drive (collectively referred to as the "Work Laptop") or the CD containing an image of Seth Rich's personal laptop (the "Personal Laptop"). These computers do not contain government records in the traditional sense and merely came into the government's possession following Seth Rich's murder in Washington, D.C. In compliance with court orders, Defendant has produced *Vaughn* Indexes addressing the information on the laptops omitting unreviewable files that could not be processed. The *Vaughn* Indexes also addressed the metadata on the Work Laptop. Simply put, Defendant has complied with the Court's orders, or at worst substantially complied with the orders.

## BACKGROUND

The general background facts of this FOIA case are as well known to the Court and to the parties, thus, there is no need to re-visit that well-tread path. However, certain aspects of the procedural history that bear on the Motion are worth revisiting. As in most FOIA litigation, the parties initially sought to resolve this case on cross-motions for summary judgment. On September 29, 2022, the Court entered a Memorandum Opinion and Order that resolved most of the issues in this case in the Defendants' favor, finding that the searches were adequate, and that the withholdings and redactions were overwhelmingly appropriate in accordance with FOIA's exemptions. *See* ECF No. 70.

Following this order, the parties sought reconsideration and clarification of aspects of the order. In the Court's Reconsideration Order, the Court again found that Defendants properly withheld newly found documents pursuant to the FOIA exemptions. ECF No. 136, at 20–23. Although the Court's Reconsideration Order rejected some of the Defendant's arguments, the Order did not require the Defendant to produce Seth Rich's Work Laptop or the Personal Laptop.

Rather than order production of any records, let alone the entirety of the Work Laptop or Personal Laptop, the order required Defendant to "produce a *Vaughn* index addressing the information it possesses on the Work Laptop and Personal Laptop. ECF No. 136, at 24. The order also required Defendant to address the metadata contained within Seth Rich's Work Laptop. ECF No. 136, at 25 ("The *Vaughn* index must address the metadata contained within Seth Rich's work laptop.") However, the order did not similarly require Defendant to address the metadata on the Personal Laptop. *See id.*

On February 8, 2024, Defendant moved for summary judgment on FOIA Exemption 7(A). ECF No. 148. Defendant argued FOIA Exemption 7(A) applied to both the Work Laptop and Personal Laptop because both laptops were, and still are, related to ongoing criminal investigations "of the most serious nature." *See generally* ECF No. 148. Regarding the Personal Laptop, Defendant asserted that it may be related to the ongoing investigation into the homicide of Seth Rich. *Id.* Similarly, regarding the Work Laptop, Defendant asserted that it may be related to the investigation into the homicide of Seth Rich and also may be related to a criminal case in which the United Sates alleges that Russian intelligence officers hacked into an American political party's computer systems, stole thousands of pages of emails and documents, and publicly disclosed them in an effort to interfere with the 2016 presidential race. *Id.*

The Court denied Defendant's motion on August 15, 2024. ECF No. 175. The Court did not reject the applicability of FOIA Exemption 7(A). However, the Court found that the government failed to provide evidence that it conducted a document-by-document review of the files on the laptops. *Id,* at 6. The Court ordered the government to conduct a "document-by-document review of the information it possesses on the [Personal Laptop and the Work Laptop] that is responsive to Plaintiff's FOIA requests." *Id.* at 6.

On March 10, 2025, the Defendant produced *Vaughn* Indexes relating to the Personal Laptop and the Work Laptop in compliance with the Court's August 16, 2024 Order. ECF No. 188. The *Vaughn* Indexes addressed the metadata on both laptops even though the Court only ordered Defendant to address the metadata on the Work Laptop. Less than a month later, on April 8, 2025, Plaintiff filed the instant Motion.

## ISSUE PRESENTED

The Court has issued orders requiring Defendant to conduct a document-by-document review of Seth Rich's work and Personal Laptops, produce *Vaughn* Indexes based on that review, and address the metadata on the Work Laptop in the *Vaughn* Index. Defendant conducted a document-by-document review of both laptops omitting unreviewable files that could not be practically processed and produced *Vaughn* Indexes for each laptop, which addressed the metadata. Should Defendant be found in civil contempt despite complying with the Court's orders?

## ARGUMENT

**I.    Brian Huddleston lacks standing to request an order to show cause.**

The Plaintiff has the burden of proof and persuasion as to the existence of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Int'l Ass'n of Machinists & Aerospace Workers v. Goodrich Corp.*, 410 F.3d 204, 211 (5th Cir. 2005). Here, it is undisputed that Plaintiff Huddleston has "transferred his interest in this case." ECF No. 164. Because Mr. Huddleston lacks any cognizable interest in the case, he no longer has standing to pursue relief. Therefore, he lacks standing to seek to hold Defendant in contempt for violating any court order.

**II.   Plaintiff fails to establish the Defendant should be held in contempt.**

"A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order"

*Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). "'The judicial contempt power is a potent weapon which should not be used if the court's order upon which the contempt was founded is vague and ambiguous.'" *Piggly Wiggly Clarksville, Inc v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). Put another way, the contempt power should not be invoked unless the court's order is "clearly violated." *Id.*

To establish civil contempt is appropriate, a moving party has a significant burden. The movant must establish; (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (citing *Petroleos Mexicanos v. Crawford Enterprise, Inc.* (826 F.2d 392, 401 (5th Cir. 1987) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 572 (1985)); *Neely v. City of Grenada*, 799 f.2d 203, 20708 (5th Cir. 1986)).

Motions for contempt are subject to heightened standards of proof. A movant must provide clear and convincing evidence, a "weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995). This standard is higher than the "preponderance of the evidence" standard, common in civil cases, but not as high as "beyond a reasonable doubt." *Id.* (quoting *United States v. Rizzo,* 539 F.2d 458, 465 (5th Cir.1976)).

If a movant can establish a *prima facie* case of contempt, that does not end the inquiry. The respondent can defend against it by showing a present inability to comply with the court's order. *Petroleos Mexicanos v. Crawford Enters.*, 826, F.2d 392, 401 (5th Cir. 1987). If compliance is impossible, neither the moving party nor the court have any reason to proceed with the contempt action. But a respondent who raises the defense of impossibility bears the burden of production.

*United States v. Rylander*, 460 U.S. 752, 757 (1983). Impossibility is not the only defense to civil contempt. The respondent may also avoid contempt by showing that it has substantially complied with the order or has made reasonable efforts to comply. *In re Brown*, 511 B.R. 843, 849 (S.D. Tex. 2014) (citing *U.S. Steel Corp. v. United Mine Workers of Am., Dist. 20*, 598 F.2d 363, 368 (5th Cir. 1979)). Even then, demonstrating mitigating circumstances should persuade the Court to withhold the exercise of its contempt power. *Id.* (citing *Whitfield*, 832 F.2d at 914).

   a. **The Court's August 16, 2024 Amended Memorandum and the November 28, 2023 Order were in effect during the relevant period.**

The first element necessary to establish civil contempt is the existence of court orders. *Martin*, 959 F.2d at 47. In the Motion, the Plaintiff argues that the Defendant should be held in contempt for "violating the Court's August 16, 2024 Amended Memorandum Opinion and Order ("Amended Order") (Dkt. # 178) and related orders." ECF No. 190, at 1. Plaintiff does not identify what "related orders" he contends were violated. But Defendant assumes this is the Court's November 28, 2023 Order, which addresses metadata. *See* ECF No. 136, at 25. Defendant does not contest that these orders were in effect during the relevant period.

   b. **The Amended Order required certain conduct by Defendant.**

It is not disputed that the relevant orders required certain conduct by the Defendant. The Amended Order provides, in pertinent part:

> It is further **ORDERED** that the Government shall conduct and complete by February 7, 2025, a document-by-document review of the information it possesses on the compact disc containing images of Seth's Rich's personal laptop, Seth Rich's work laptop, the DVD, and the tape drive that is responsive to Plaintiff's FOIA requests.
> It is further **ORDERED** the Government shall either (1) produce *Vaughn* indexes addressing the information it possesses on the compact disk containing images of Seth Rich's personal laptop, Seth Rich's work laptop, the DVD, and the tape drive that is responsive to Plaintiff's FOIA requests by February 7, 2025, or (2) file a motion for summary judgment regarding the information it possesses on the compact disc containing images of Seth Rich's personal laptop, Seth Rich's work laptop, the DVDS, and the tape drive that is responsive to Plaintiff's FOIA requests by February 7, 2025.

ECF No. 179, at 6–7 (the compliance date was later extended by Court order). The Court's prior order explained that "[t]he *Vaughn* index must address the metadata contained within Seth Rich's work laptop." ECF No. 136, at 25. Notably, the Court's order to provide metadata was limited to the Work Laptop. The Court has never ordered Defendant to provide metadata regarding the Personal Laptop. Moreover, the Court's order did not define "metadata." *See* ECF No. 136 at 25. Neither have Plaintiff's pleadings or his FOIA requests.

Taken together, the relevant orders required Defendant to do three things. First, the Amended Order required Defendant to conduct a document-by-document review of the Personal Laptop and the Work Laptop. Second, the Amended order required the Defendant to provide a *Vaughn* index addressing the information on the Personal Laptop and the Work Laptop. Finally, the Court required the Defendant to "address the metadata contained within … the work laptop."

### c. Plaintiff cannot show a willful violation of a clear and specific order.

The Court should deny Plaintiff's motion because Defendant satisfied the three obligations imposed by the relevant orders by conducting a document-by-document review of the Work Laptop and Personal Laptop and producing *Vaughn* Indexes that address the metadata contained on the Work Laptop.

### i. Defendant conducted a document-by-document review of the laptops.

First, Defendant satisfied its obligation to conduct a document-by-document review of the Work Laptop and Personal Laptop. *See* Declaration of Shannon Hammer ("Hammer Decl."), *attached hereto as* Exhibit "1," ¶ 8; *see also* Declaration of AUSA Michael Spence ("Spence Decl."), Exhibit A to the Hammer Decl., ¶ 6. Turning first to the Work Laptop, as explained in the Hammer Declaration, the *Vaughn* Index for the Work Laptop was created based on the FBI's "document-by-document review, omitting unreviewable files that could not be practically

processed" of the Work Laptop. *See* Hammer Decl., ¶ 8. The types of files that could not be practically viewed or processed include, by way of example, operating system files (e.g. .exe files), Resilient File System (ReFS), New Technology File Systems (NTFS), and File Allocation Tables (FAT). Ex. 1, Hammer Decl. ¶ 7. Therefore, for purposes of the Work Laptop, the Defendant satisfied its obligation to conduct a document-by-document review information contained therein.

The Defendant also conducted a document-by-document review of the Personal Laptop. As explained in the Spence Declaration, the *Vaughn* Index for the Personal Laptop was compiled based on a document-by-document review of the Personal Laptop omitting unreviewable files and files that cannot be practically processed and omitting documents relating to software license agreements or user manuals associated with software installed on the Personal Laptop. Spence Decl. ¶ 6. Like the review of the Work Laptop, the review excluded files that could not be viewed or processed such as ReFS files, NTFS files, and FAT files. *Id.* ¶ 5. As such, the Defendant also satisfied its obligation to conduct a document-by-document review of the Personal Laptop.

> ii. **Defendant produced *Vaughn* Indexes addressing information contained in the Work Laptop and Personal Laptop.**

It is undisputed that Defendant produced *Vaughn* Indexes addressing the work and Personal Laptops. *See* ECF No. 188, Notice of Production; *see also* Vaughn Indexes, ECF No. 190-1, 190-2. Defendant thus complied with the Amended Order requiring production of *Vaughn* Indexes.

Because he cannot argue Defendants failed to comply with the requirement to produce *Vaughn* Indexes, Plaintiff instead challenges the indexes as "woefully inadequate." ECF No. 190, p. 8. Plaintiff goes on to devote a significant portion of the Motion to arguing that the *Vaughn* Indexes "do not comply with basic legal requirements for a *Vaughn* Index." ECF No. 190 at 10–14. But the issue of the sufficiency of the *Vaughn* Index is distinct from whether Defendant produced *Vaughn* Indexes as required by the Amended Order.

Ultimately, the sufficiency of the *Vaughn* Indexes will be tested in the context of cross-motions for summary judgment when Defendant must establish that it properly withheld documents pursuant to applicable FOIA exemptions. *See U.S. Dep't of Just. v. Tax Analysis*, 492 U.S. 136, 141 n.3 (1989). Counsel for Defendant brought this to Plaintiff's attention in correspondence with Counsel for Plaintiff in discussions preceding the Motion, stating, "[r]egarding files that are not included in the *Vaughn* indexes, I expressed that our preferred course of action is to address the documents in the motion for summary judgment briefing so that there can be a fulsome explanation of the issues rather than doing it piecemeal prior to that time." ECF No. 190-11, at 2. Defendant plans to move for summary judgment and support that motion with the *Vaughn* Indexes produced in compliance with the Amended Order as well as a declaration providing an explanation of the Defendant's process and the applicability of the asserted exemptions. The declaration would also address Plaintiff's concerns regarding the admissibility of the *Vaughn* Indexes as evidence, ECF No. 190, at 8, which was not required by the Court's Amended Order. *See* ECF No. 179, at 6–7 (not including an obligation that the *Vaughn* Indexes be produced in a form that would be admissible as evidence or otherwise).

Plaintiff also takes issue with the sufficiency of the *Vaughn* Indexes because they do not account for every file on the Work Laptop and Personal Laptop. ECF No. 190, at 8. As explained above, the *Vaughn* Indexes did not contain files that were not reviewable and could not be practically processed. Hammer Decl., ¶¶ 7–8; Spence Decl. ¶¶ 5–6. But contrary to Plaintiff's accusation that the "FBI was waiting to see if it got caught hiding records," ECF No. 190, at 8, Defendant is not trying to hide the fact that the *Vaughn* Indexes do not include *every* file on both computers. Additionally, Plaintiff's accusation that Defendant did not include a declaration with the *Vaughn* Indexes because "no one … at the FBI would want to face perjury charges" is again

nothing more than an unsupported accusation made with inflammatory intent. ECF No. 190, at 9. Defendant did not include a declaration because the Amended Order did not require a declaration or that the *Vaughn* Indexes to be presented in an admissible form. Moreover, Plaintiff's argument is undercut by the fact that Defendant has offered declarations in support of this Response.

Plaintiff also challenges the sufficiency of the *Vaughn* Indexes on the grounds that there are entire records missing from the indexes. ECF No. 190, at 12–13. But as previously explained, this is because certain records were not reviewable and could not be opened, which explains the gap. Spence Decl., ¶ 6. Prior to Plaintiff filing the Motion, Counsel for Defendant explained that some of the files were corrupted, which is why the files were not reviewable and therefore omitted from the *Vaugh* Index. ECF 190-11. Plaintiff addresses this through his expert who argues that Defendant should have cleaned the files or taken steps to otherwise restore them and produce them in an electronic format. ECF No. 190, at 13. But that misses the point. The documents on the laptops are not government records. The laptop and the records found thereon belong to an individual, a homicide-victim, that happened to land in the government's possession. Defendant has no obligation to restore a computer to its original condition when it did not receive the Personal Laptop in its original condition. The files were corrupted at the time the government first attempted to review them. What Plaintiff is requesting is, essentially, that the Defendant create new records that it never possessed—uncorrupted files from homicide victim's personal computer—but this exceeds the government's obligations under the FOIA. *See* 5 U.S.C. § 552; *Forsham v. Harris*, 445 U.S. 169, 186 (1980) ("FOIA imposes no duty on the agency to create records."); *Rutila v. United States Dep't of Transp.*, 72 F.4th 692, 697 (5th Cir. 2023) (citing *Colgan v. Dep't of Just.*, No. 14-cv-740, 2020 WL 2043828, at *10 (D.D.C. Apr. 28, 2020) ("For the government to produce the requested screenshots, it would have to open the software and create

a screenshot …. FOIA imposes no such duty on agencies, and the search screen is not simply another 'form or format' of an already maintained record.")). Defendant is willing to offer an amended *Vaughn* Index filling in these gaps to provide information about the files and indicate that they could not be opened.

The preceding discussion makes clear that Plaintiff cannot establish that Defendant failed to comply with the Amended Order's requirement that Defendant produce *Vaughn* Indexes. Instead, Plaintiff seeks to prematurely litigate the sufficiency of the *i*ndexes. But whether the *Vaughn* Indexes will support Defendant's forthcoming motion for summary judgment on, at a minimum, FOIA Exemption 7(A), does not establish Defendant failed to comply with the Court's Amended Order requiring it to produce *Vaughn* Indexes, which it did.

iii. **Plaintiff's challenge to the Defendant's inclusion of certain exemptions is not a basis for contempt.**

Plaintiff also argues that the Defendant's invocation of privacy exemptions with respect to the Personal Laptop supports a finding of contempt. This is not true. As the Court is aware, prior to producing a *Vaughn* Index with respect to the Personal Laptop in compliance with the Amended Order, Defendant has not invoked FOIA exemptions on a document-by-document basis for files on the Personal Laptop or the Work Laptop. Therefore, the Court has not ruled on exemptions on a document-by-document basis. Again, a motion for contempt is not the proper mechanism to test the Defendant's assertion of those exemptions. Instead, those exemptions will be considered in the context of cross-motions for summary judgment where the Defendant will bear the burden of establishing their applicability. Defendant's assertion of those exemptions to particular documents—for the first time—does not violate any order and cannot serve as a basis for contempt.

iv. **The *Vaughn* Indexes addressed the metadata on the Work Laptop.**

Defendant complied with the Court's prior order requiring the *Vaughn* Index to "address the metadata contained within Seth Rich's work laptop." *See* ECF No. 136 at 25. In fact, despite not being under an obligation to do so, Defendant went a step further than the Court required and addressed metadata contained on the Personal Laptop.

In the Motion, Plaintiff misconstrues the Court's November 28, 2023 Order. Plaintiff states that "[t]he Court ordered the metadata produced more than a year ago." ECF No. 19, at 15 (citing ECF No. 136, at 25). Plaintiff's interpretation of the Court's order is incorrect in multiple respects. First, the order only addressed metadata on the Work Laptop, not the Personal Laptop. ECF No. 136, at 25 ("The *Vaughn* index must address the metadata contained **within Seth Rich's work laptop**.") (emphasis added). Second, contrary to Plaintiff's representation, the order does not require the Defendant to **produce** anything. *Id.* Instead, the order requires the Defendant to provide a *Vaughn* Index that "address[es]" the metadata. *Id.* Thus, to try to manufacture a basis for contempt, Plaintiff overstates what the Defendant was ordered to do.

In fact, Defendant's *Vaughn* Index does address metadata contained on the Work Laptop. The Hammer Declaration explains that the *Vaughn* Index addressed "identified metadata, in the form of the name of each file, folder and sub-folder, date and time modified, file type, size of file, and number of pages (where discernable in native format or notepad without further conversion or printing)." Hammer Decl., ¶ 11. The inclusion of this information is apparent from the first line of the *Vaughn* Index for the Work Laptop:

| Folder Name | Folder Name | Folder, Subfolder and/or File Name | Folder, Subfolder and/or File Name | Folder, Subfolder and/or File Name | Folder, Subfolder and/or File Name | Folder, Subfolder and/or File Name | Folder, Subfolder and/or File Name | Folder, Subfolder and/or File Name | Type | Date modified | Time modified | Size | # of Pages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |

Additionally, though not required by the order, Defendant undertook additional steps to address metadata contained in the Personal Laptop. Spence Decl., ¶ 9 (explaining that the *Vaughn* Index related to the Personal Laptop identified metadata in the form of the name of each file, the

title associated with the document, the last modified date/time, created date/time, and the size of the file in bytes, to the extent the information could be obtained by the review tool used to forensically analyze the data). Again, the inclusion of this data is apparent from the first line of the *Vaughn* Index relating to the Personal Laptop:

| Record | Filename | Size (Bytes) | Last Modified Date/Time - (UTC-5:00) (MM/dd/yyyy) | Created Date/Time - (UTC-5:00) (MM/dd/yyyy) | Description |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Therefore, because Defendant addressed metadata in the *Vaughn* Index for the Work Laptop, Plaintiff fails to meet his burden of showing that Defendant failed to comply with the November 28, 2023 Order.

### III. Even if Plaintiff made a prima facie showing of civil contempt, Defendant has at least substantially complied with the Court's orders.

Defendant has not failed to comply with any of the relevant orders. However, should the Court find the Defendant has not fully complied, a finding of civil contempt is still not appropriate based on Defendant's reasonable efforts to comply with the Court's orders. Substantial compliance is an absolute defense to civil contempt. *United States v. Barnett*, 346 F.2d 99, 100 (5th Cir. 1965). In this case, as explained above, Defendant complied with the relevant orders. Even if the Court finds that Defendant did not fully comply with the relevant orders, at worst, it has substantially complied. Because Defendant produced *Vaughn* Indexes as required by the Amended Order, Defendant's document-by-document review of the information on the laptops and how it addressed the metadata on the Work Laptop are the only parts of the Court's order which Plaintiff can possibly argue there has been less than full compliance with the relevant orders. But as explained in the Hammer and Spence Declarations, Defendant conducted document-by-document review of each laptop. Hammer Decl. ¶¶ 7–8; Spence Decl. ¶¶ 5–6. The only omissions relate to unreviewable files that could not be practically processed. *Id.* Surely a review of all reviewable

files that could be practically processed demonstrates substantial compliance. The same goes for the metadata. As explained in the Hammer Declaration, the *Vaughn* Index for the Work Laptop addressed "identified metadata, in the form of the name of each file, folder and sub-folder, date and time modified, file type, size of file, and number of pages (where discernable in native format or notepad without further conversion or printing)." Hammer Decl., ¶ 11. Again, this approach, at worst, substantially complies with the Court's order. Because Defendant has, at a minimum, substantially complied with the order requiring it to address the metadata on the Work Laptop, the Court should deny the Motion.

### IV. Plaintiff's requested remedies are not appropriate.

Even if the Court finds Defendant should be held in contempt, the Plaintiff's proposed remedies exceed the purpose of a civil contempt finding. If a party is found in civil contempt, the civil contempt sanction "is coercive rather than punitive and is intended to force a recalcitrant party to comply with the command of the court." *United States v. United Mine Workers*, 330 U.S. 258, 303–04 (1947) ("Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained); *Whitfield*, 832 F.2d at 913 (citing *American Trucking Association v. Interstate Commerce Comm'n*, 728 F.2d 253, 255 (Former 5th Cir.), *cert denied*, 469 U.S. 930, 105 S.Ct. 424, 83 L.Ed.2d 261 (1984); *Thysen v. S/S/ Chuen On*, 693 F.2d 1171, 1173–74 (5th Cir. 1982)).

Although as explained above, Defendant has complied with the relevant orders, if the Court finds the Defendant has not fully complied, much of the relief Plaintiff requests exceeds the type of remedy that would be necessary to bring Defendant into compliance. For instance, Plaintiff asks the Court to order the Defendant to identify all personnel involved in the Defendant's response to

the relevant orders and to produce all communications reflecting their internal communications. ECF No. 190, at 17. This relief is not designed to bring Defendant into compliance. Moreover, such relief would raise a host of new issues regarding various privileges that attach to the information Plaintiff seeks.

Additionally, Plaintiff seeks to hold Michael Seidel in criminal contempt of court. *Id.* Again, this is inappropriate, especially since Plaintiff provides no basis as to how Seidel violated any of the relevant orders. Rather, Plaintiff's complaint seems to arise out of the fact that "Mr. Seidel has filed numerous declarations in this case," many of which Plaintiff considers to be "evasive." *Id.* Plaintiff also complains that "Mr. Seidel refuses to say whether the FBI searched the actual work laptop." *Id.* But Mr. Seidel has never been ordered to answer that question and as discussed above, the Amended Order did not require Defendant to provide a declaration along with the *Vaughn* Indexes. Defendant will provide a declaration accompanying its motion for summary judgment but that will not be signed by Mr. Seidel, who has retired from the Department of Justice.

In sum, if the Court finds Defendant has failed to comply with the relevant orders, the remedy should be limited to bringing Defendants into compliance and compensating Plaintiff for the costs incurred in bringing the Motion. A finding that Defendant has not fully complied with the orders does not justify wide ranging relief allowing Plaintiff to conduct an internal investigation of the Defendant and its personnel.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests this Honorable Court deny Plaintiff's Motion, ECF No. 190.

Respectfully submitted,

ABE M. MCGLOTHIN, JR.
ACTING UNITED STATES ATTORNEY

                                                  */s/ James Gillingham*
                                                  JAMES GILLINGHAM
                                                  Assistant United States Attorney
                                                  Texas Bar No. 24065295
                                                  110 N. College Ave.; Suite 700
                                                  Tyler, Texas 75702
                                                  Tel: (903) 590-1400
                                                  Fax: (903) 590-1436
                                                  Email: James.Gillingham@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

                                                */s/ James Gillingham*
                                                  JAMES GILLINGHAM
                                                  Assistant United States Attorney