UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV00447 |

## DECLARATION OF SHANNON R. HAMMER

I, Shannon R. Hammer, declare as follows:

1.  I am currently the Acting Section Chief of the Record/Information Dissemination Section (RIDS), Information Management Division (IMD), Federal Bureau of Investigation (FBI), Winchester, Virginia. From January 2024 until April 2025, I held the position of Assistance Section Chief. I joined the FBI in October 2006, and prior to my current position, I was the Acting ASC of RIDS; Unit Chief of the National Security and Classification Operations Unit; Unit Chief of a Freedom of Information/Privacy Act (FOIPA) Operations Unit; and a supervisor in the Initial Processing Operations Unit. In those capacities, I had management oversight for the RIDS national security review program; enterprise declassification review compliance pursuant to Executive Order 13526, and classification reviews for civil and criminal discovery matters; and I oversaw the frontend operations of the FBI's FOIPA program.

2.  In my official capacity as Acting Section Chief of RIDS, I supervise approximately 211 FBI employees, supported by approximately 97 contractors, who staff a total of eight (8) Federal Bureau of Investigation Headquarters (FBIHQ) units and two (2) field

1

operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

3. Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiff's FOIA request that is the subject of this litigation.

4. The FBI submits this declaration in support of Defendant's Response to Plaintiff's Motion for an Order to Show Cause (ECF No. 194) and to demonstrate that the FBI has complied to the fullest extent possible with the Court's Memorandum Opinion and Order dated November 28, 2023 (ECF No. 136) and its Amended Memorandum Opinion and Order dated August 15, 2024 (ECF No. 176) collectively requiring the FBI to conduct and complete a document-by-document review of the information it possesses on the compact disk containing the image of Seth Rich's personal laptop, Seth Rich's work laptop, the DVD and the tape drive that is responsive to Plaintiff's FOIA requests and to either (1) produce *Vaughn* Indexes addressing the information it possesses on the compact disk containing images of Seth Rich's personal laptop, Seth Rich's work laptop, the DVD, and the tape drive that is responsive to

Plaintiff's FOIA requests;[1] or (2) file a motion for summary judgment regarding the information it possesses on the compact disk containing images of Seth Rich's personal laptop, Seth Rich's work laptop, the DVD, and the tape drive that is responsive to Plaintiff's FOIA requests.

FBI AND USAO-DC'S REVIEW OF THE PERSONAL AND WORK LAPTOP CONTENTS

5. In accordance with the Court's Orders, the FBI conducted a document-by-document review of the contents of the Work Laptop, tape drive and DVD (collectively referred to as the "Work Laptop) while the USAO-DC conducted a document-by-document review of the contents of the compact disk image of Seth Rich's Personal Laptop (referred to herein as "Personal Laptop"). Additional information concerning the USAO-DC's review is available in Exhibit A while information concerning the FBI's review, specifically the types of records and functional categories of information, is provided below.

A. Types of Records

6. Providing a document-by-document description or listing of the records responsive to plaintiff's request falling in the categorically denied records would undermine the very interests that the FBI seeks to protect under Exemption 7(A), in addition to other categorical and underlying exemptions identified below. To protect these interests, the FBI has described the types of responsive records contained on the Work Laptop, which are being withheld in full pursuant to FOIA Exemption (b)(7)(A).[2] The Work Laptop in the FBI's evidence holdings in the pending investigative file belongs to a private entity. It contains a myriad of records pertaining to Seth Rich's work at the Democratic National Committee. The FBI's *Vaughn* Index provides a

---

[1] The *Vaughn* Index must address the metadata contained within Seth Rich's work laptop.
[2] Disclosing the responsive information protected by Exemption 7(A) and/or another exemption would reveal information about the nature, scope, focus, and conduct of active, on-going investigations, and thus, cannot be publicly disclosed without undermining the law enforcement interests the FBI is seeking to protect by application of asserted FOIA exemptions in this case.

3

listing of the types of records.

7. In addition to the types of records listed in the FBI's *Vaughn* Index, there are potentially thousands of files on the Work Laptop that cannot be viewed or processed pursuant to the FOIA. These file types include operating system files (e.g., .exe files), Resilient File System (ReFS),[3] New Technology File System (NTFS),[4] and File Allocation Table (FAT).[5]

8. The FBI compiled a *Vaughn* Index based on its document-by-document review, omitting the unviewable files that cannot be practically processed. The FBI's *Vaughn* Index identifies and provides specific details, to include metadata, concerning each of the various records it reviewed on the Work Laptop. This information is broken down into the name of the file, folder and/or sub-folder, date and time modified, file type, size of file, number of pages (where discernable in native format or notepad without further conversion or printing), and the applicable categorical and underlying exemptions. A brief description of the record is also provided. Counsel for the FBI provided the redacted version of the *Vaughn* Indexes for the Personal Laptop and Work Laptop to Plaintiff and filed the Government's Notice of Production with the Court on March 10, 2025.

B. Functional Categories of Information

9. As previously set forth in the Ninth Declaration of Michael G. Seidel (ECF No. 156-1), the FBI determined that the Personal Laptop and Work Laptop fall within the functional category of evidentiary/investigatory materials. As a result, the FBI's document-by-document

---

[3] Resilient File System (ReFS) is a file system that Microsoft created for Windows operating systems. It was introduced in Windows Server 2012 and is also available in Windows 10 Pro for Workstations.
[4] New Technology File System (NTFS) is a file system that stores and organizes files on Windows operating systems.
[5] File Allocation Table (FAT) is a file system that organizes and manages data on storage devices like hard drives and USB flash drives. It's used by many operating systems, including older versions of Windows.

review confirmed that all information within these items also falls into the functional category of evidentiary/investigatory materials based on how they were obtained.

| **Evidentiary/Investigative Materials** ||
|---|---|
| This category includes copies of records or evidence, and derivative communications discussing or incorporating evidence. A derivative communication describes, verbatim or in summary, the contents of the original record, how it was obtained, and how it relates to the investigation. Other derivative communications report this information to other FBI Field Offices or other law enforcement agencies, either to advise them of the progress of the investigation, or to elicit their assistance in handling investigative leads. The following subparagraphs describe the types of evidentiary material in the responsive records, which includes Seth Rich's personal and work laptop, the DVD and the tape drive[6] at issue herein and the anticipated harm that could reasonably result from the release of such materials. ||
| Information Concerning Physical and Documentary Evidence | Information concerning physical and documentary evidence in this file may include records obtained through and/or summarizing information gathered through searches, seizures, surveillance, confidential source/witness interviews, Federal Grand Jury subpoenas, laboratory reports, and any other law enforcement/intelligence gathering activities. To more fully describe these records could reasonably lead to disclosure of the nature of the pending investigative efforts/programs to which these records pertain. Such a disclosure could be detrimental to success of the pending and prospective enforcement proceedings by permitting subjects to estimate the scope of the FBI's investigation and judge whether their activities are likely to be detected; allowing investigative subjects to discern the FBI's investigative strategies and employ countermeasures to avoid detection and disruption by law enforcement; and/or allow investigative targets to formulate strategies to contradict evidence to be presented in Court proceedings. |

---

[6] The DVD and the tape drive are marked as derivative evidence and stored in the same Evidence Control Room as Seth Rich's Work Laptop. The FBI confirmed that the DVD and the tape drive were generated from the original source evidence being Seth Rich's Work Laptop; thus, the contents of the DVD and tape drive are duplicative in full or in part to the information contained on Seth Rich's Work Laptop.

| | Evidentiary/Investigative Materials |
|---|---|
| Exchange of Information between Various Federal Agencies, State and/or Local Law Enforcement Partners | Release of records documenting and detailing the exchange of information among Federal Agencies, State and/or Local Law Enforcement Partners will disclose investigative information developed by the agencies and/or law enforcement partners that have cooperated with and provided information and records to the FBI in a pending investigation. This information was gathered to help identify subjects, suspects or other individuals of potential investigative interest and to assist in locating witnesses and/or confidential sources. Inherent in this cooperative effort is the mutual understanding that information provided to the FBI by those Federal Agencies, State and Local Law Enforcement Partners will not be prematurely released. |

10. To describe the specific contents of the Personal Laptop and the Work Laptop at a document-by-document level, could reveal information that Exemption 7(A) protects from disclosure. Such a disclosure could reasonably be expected to harm the ongoing homicide investigation led by the USAO-DC, as well as the pending enforcement proceedings and spin-off national security investigations derived from the Special Counsel's Office. These harms include, as discussed more fully in the Eighth Declaration of Michael Seidel (ECF No. 148-1), permitting targets, witnesses, or subjects of the ongoing investigations to estimate the scope of the investigations, and allowing those persons to discern investigative strategies and employ countermeasures to thwart them.

METADATA[7]

11. As previously discussed in ¶ 8, *supra*, the FBI's *Vaughn* Index relating to Seth Rich's Work Laptop, the DVD and tape drive, identified metadata, in the form of the name of

---

[7] Metadata is described by many as a set of data that describes and gives information about other data. For example, an author, creation date or file size—that describes a data point or data set. Three (3) types of metadata include: 1). Descriptive Metadata - provides information about the content of the file, such as title, author and keywords; 2.) Structural Metadata - describes the structure and organization of the file, such as file format and layout; and 3). Administrative

each file, folder and/or sub-folder, date and time modified, file type, size of file, and number of pages (where discernable in native format or notepad without further conversion or printing). This metadata was readily available; thus, permitting the FBI to remain in compliance with the FOIA wherein an agency is not required to create new documents, conduct research, analyze data, or answer questions to fulfill a FOIA request, but to instead, focus on accessing existing documents and reproducible information held by the agency.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibit A attached hereto is a true and correct copy.

Executed this 6th day of May, 2025.

*[signature]*
Shannon R. Hammer
Acting Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

---

Metadata - provides information about the management and preservation of the file, such as creation date, file size and usage rights.