IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV447<br><br>JUDGE AMOS MAZZANT |

**DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE**

Defendant Federal Bureau of Investigation ("FBI") files this sur-reply in further opposition to Plaintiff's Motion for an Order to Show Cause Why the FBI Should Not Be Held In Contempt of Court (the "Motion"). ECF No. 190.

In the Reply in in Support of Motion for an Order to Show Cause Why the FBI Should Not Be Held in Contempt, ECF No. 198 (the "Reply"), Plaintiff argues that the FBI made no serious attempt to produce metadata from the laptops. Plaintiff is incorrect. First, as discussed in the FBI's Response in Opposition to Plaintiff's Motion for an Order to Show Cause, ECF No. 196 (the "Response"), the Court only ordered the FBI to produce metadata from Seth Rich's work laptop, the DVD, and tape drive (collectively referred to as the "Work Laptop"). ECF No., 136, at 26 ("The *Vaughn* index must address the metadata contained **within Seth Rich's work laptop**.") (emphasis added). Notwithstanding the fact the CD containing an image of Seth Rich's personal laptop (the "Personal Laptop") fell outside the scope of the order, the FBI, in good faith, did

address the metadata associated with records on the Personal Laptop. *See* ECF No. 190-2. The fact the FBI provided more metadata than required by the orders shows the FBI made serious attempts to produce the metadata from the laptops.

The order's narrower scope also undermines Plaintiff's criticism of the treatment of metadata on the personal laptop because the file names were redacted in the *Vaughn* index. ECF No. 198, at 7–8. As explained above, the FBI was not required to address the metadata on the Personal Laptop. Moreover, context is important. The issue currently before the Court is whether a show cause order should be issued based on FBI's purported failure to comply with court orders. Surely Plaintiff's disagreement of how the FBI handled metadata it was not required to address cannot serve as the basis for contempt.

Second, Plaintiff criticizes the metadata that was included in the *Vaughn* index. Plaintiff argues that he "defined 'metadata'" on January 11, 2024. ECF No. 198, at 4. In support of this argument, Plaintiff cites to Paragraph 5 of the January 11, 2024 Applebaum Declaration. But that paragraph merely provides "Metadata is 'data about data.'" ECF No. 141-3, ¶ 5. This circular statement fails to shine any light on what metadata Plaintiff expected the FBI to provide when it "address[ed]" the metadata on the Work Laptop. Applebaum goes on to explain:

> It summarizes a set of other data and can include information such as: (1) How the data was created – the means; (2) When the data was created – the time and date; (3) Why the data was created – the purpose; (4) Who created the data – the author; (5) Where the data was created – the location; (6) How big the data is – the file size.

*Id.* Applebaum merely describes what metadata ***can*** include. In fact, the FBI did address these types of information. Regarding the Work Laptop, the FBI addressed the size, date modified, time modified, type of file, location, etc. ECF No. 190-1. Plaintiff also offers a September 11, 2024 email sent from Ty Clevenger to James Gillingham as support for the definition of metadata. ECF No. 198, at 4. Again, context matters. This list of 102 metadata fields was provided *after* the

Court's August 15, 2025 order and therefore was neither part of the briefing nor incorporated into the order. Instead, this was provided in the context of discussions regarding possible approaches to narrow the FBI's review of the laptops with respect to file types, sizes, etc. Accepting Plaintiff's expert's estimate that a new Windows laptop purchased from the manufacturer will have more than 1000 files pre-installed, *see* ECF No. 190 at 5, application of Plaintiff's list would require 10,200,000 pieces of metadata for a computer that had not even been used. This did not help limit the scope and was not agreed to by the parties. Instead, as explained in the Hammer and Spence Declarations, the *Vaughn* index addressed metadata that was readily available. ECF No. 196-1, ¶ 11; 196-2, ¶ 7.

Plaintiff's attempt to discredit AUSA Michael Spence's review of the Personal Laptop also falls flat. As the Court is aware, the FBI's position is that the Work Laptop and Personal Laptop were compiled for law enforcement purposes and release of the information on those laptops could interfere with ongoing criminal investigations of the most serious nature, including the ongoing investigation into the homicide of Seth Rich, which AUSA Spence is overseeing. The catalyst for FBI's document-by-document review of the Personal Laptop was the Court's concern that the FBI's motion for summary judgment on FOIA Exemption 7(A) failed to establish the document-by-document review necessary to categorically withhold documents contained on the laptops. ECF No. 175, at 5. The most logical person to conduct that review for purposes of being able to assign functional categories to the information contained on the Personal Laptop is AUSA Spence.

Additionally, many of Plaintiff's arguments fail to recognize the fact that the FBI may withhold all information based on FOIA Exemption 7(A). This merely requires that the agency establish the information was compiled for law enforcement purposes and that the disclosure could be reasonably expected to interfere with enforcement proceedings that are pending or reasonably

anticipated. *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Justice* ("CREW"), 746 F.3d 1082, 1096 (D.C. Cir. 2014). As explained in the FBI's prior motion for summary judgment on FOIA Exemption 7(A), the Work Laptop and Personal Laptop were compiled for law enforcement purposes, and release of the information therein could reasonably be expected to interfere with law enforcement proceedings. *See generally* ECF No. 148. Although the Court originally denied the motion for summary judgement because the FBI had not established that it had conducted a document-by-document review of the Work Laptop and Personal Laptop, FBI has now completed a review of all files that could be practically processed. With respect to the Work Laptop, the files were all determined to fall within the functional category of evidentiary/investigatory materials, the disclosure of which could interfere with ongoing investigations. *See* ECF No. 196-1, Hammer Decl. ¶¶ 9–10. A similar determination with respect to the Personal Laptop is forthcoming. The applicability of FOIA Exemption 7(A) would render much, if not all, of the Plaintiff's criticisms of the *Vaughn* indexes moot.

For the foregoing reasons, and those set forth in Defendant's Response in Opposition, Defendant respectfully requests this Honorable Court deny Plaintiff's Motion, ECF No. 190.

Respectfully submitted,

ABE M. MCGLOTHIN, JR.
ACTING UNITED STATES ATTORNEY

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney
Texas Bar No. 24065295
110 N. College Ave.; Suite 700
Tyler, Texas 75702
Tel:  (903) 590-1400
Fax: (903) 590-1436
Email:  James.Gillingham@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on May 20, 2025, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

                */s/ James Gillingham*
                JAMES GILLINGHAM
                Assistant United States Attorney