**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| BRIAN HUDDLESTON, | |
| Plaintiff, | CIVIL ACTION No. 4:20CV447 |
| | JUDGE AMOS MAZZANT |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendants. | |

## <u>DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENJOIN DEFENDANTS FROM FILING FURTHER MOTIONS FOR SUMMARY JUDGMENT OR RECONSIDERATION</u>

Defendant Federal Bureau of Investigation ("FBI") files this response in opposition to Plaintiff's Motion to Enjoin Defendants from Filing Further Motions for Summary Judgment or Reconsideration, ECF No. 200 (the "Motion").

In the Motion, Plaintiff seeks to restrain the FBI from filing motions for summary judgment or motions to reconsider until certain conditions are satisfied.[1] *See generally* ECF No. 200. The Motion incorporates by reference pages 9-10 of Plaintiff's Reply in Support of his Motion for an Order to Show Cause Why The FBI should Not be Held In Contempt, ECF No. 198 (the "Reply"). However, neither the Motion, nor the incorporated portions of the Reply provide any legal basis for the Court to enter the injunction Plaintiff seeks.

---

[1] Plaintiff's conditions mirror relief he seeks in his Motion for an Order to Show Cause Why the FBI Should Not be Held in Contempt, ECF No. 190, which is still pending before the Court.

Of course, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment motions does not support Plaintiff's argument. To the contrary, Rule 56 makes clear that, "[a] party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is brought." Fed. R. Civ. P. 56(a). The rule further provides that "a party may file a motion for summary judgment **at any time** until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added).

Rather than offer any legal justification for the relief sought, which represents a departure from the permissive nature of Rule 56, the Motion is based solely on Plaintiff's mischaracterization of the FBI's motions in this case as "redundant, seeking the same relief multiple times after the Court has rejected FBI's arguments." ECF No. 198, at 9. Plaintiff argues that the FBI's "proposed future motion would represent *the fifth time* that the FBI has pounded the same losing argument." *Id.* (emphasis in original). Of course, Plaintiff is not correct.

The FBI first sought to withhold Seth Rich's work laptop, the DVD, and tape drive (collectively referred to as the "Work Laptop") and the CD containing an image of Seth Rich's personal laptop (the "Personal Laptop") pursuant to FOIA Exemption 7(A) in its February 8, 2024 Motion for Summary Judgment Regarding FOIA Exemption 7(A). *See* ECF No. 148. Prior to that, the Court had largely granted summary judgment in favor of the FBI finding its searches were adequate, and that the withholdings and redactions were overwhelmingly in accordance with FOIA's exemptions. *See* ECF No. 70. Following this order, both parties—not solely FBI as Plaintiff would like the Court to believe—sought reconsideration. Again, the Court found the Defendants properly withheld newly found documents pursuant to FOIA exemptions. ECF No. 136, at 20–23. The Court did, however, reject the FBI's argument that the work laptop was not an agency record for purposes of FOIA. ECF No. 136, at 15–20. The Court then ordered the FBI to

"produce a *Vaughn* index addressing the information it possesses on the Work Laptop and Personal Laptop. ECF No. 136, at 24. Only at this point, after the Court disagreed with FBI that the laptops were not agency records, did FBI move for summary judgment on FOIA Exemption 7(A) and the Court has not rejected FBI's invocation of FOIA Exemption 7(A). Instead, the Court found that the government failed to provide evidence that it conducted a document-by-document review of the files on the laptops. ECF No. 175, at 6. Accordingly, the Court ordered the government to conduct a "document-by-document review of the information it possesses on the [Personal Laptop and the Work Laptop] that is responsive to Plaintiff's FOIA requests." *Id.* at 6.

The FBI conducted a document-by-document review of the laptops. Due to the significant amount of information on the laptops, rather than merely conduct the document-by-document review and re-urge its motion for summary judgment on FOIA Exemption 7(A), the FBI also created *Vaughn* Indexes addressing additional exemptions implicated by these documents, which it had not previously done. The FBI's approach makes sense. Addressing all potential FOIA exemptions while conducting the document-by-document review is far more efficient than conducting an initial document-by-document review for purposes of FOIA Exemption 7(A), then having to re-review all documents on the laptops for purposes of identifying additional potential FOIA exemptions if the Court ultimately denies its motion for summary judgment on FOIA Exemption 7(A).

At this point, the most efficient path forward is for the FBI, having completed its document-by-document review, to re-urge its motion for summary judgment on FOIA Exemption 7(A), given that it has not satisfied all prerequisites for that relief. Plaintiff fails to establish any legal basis to enjoin the FBI from continuing to litigate this matter and the history of the case disproves

Plaintiff's insinuation that the FBI has litigated this matter in bad faith by filing redundant motions seeking the same relief, which the Court has already rejected. Plaintiff's Motion should be denied.

Respectfully submitted,

JAY R. COMBS
ACTING UNITED STATES ATTORNEY


*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney
Texas Bar No. 24065295
110 N. College Ave.; Suite 700
Tyler, Texas 75702
Tel:  (903) 590-1400
Fax: (903) 590-1436
Email:  James.Gillingham@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2025, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney