IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE <br><br> Defendant | Case No. 4:20-cv-447-ALM |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENJOIN DEFENDANTS FROM FILING FURTHER MOTIONS FOR SUMMARY JUDGMENT OR RECONSIDERATION

NOW COMES Brian Huddleston, the Plaintiff, replying in support Plaintiff's Motion to Enjoin Defendants from Filing Further Motions for Summary Judgment or Reconsideration ("Motion")(Dkt. #200):

In its Opposition (Dkt. #202), the FBI suggested that Fed. R. Civ. P. 56 permits it to file an unlimited number of motions for summary judgment. Opposition 2. In reality, Rule 56 authorizes no such thing. As a matter of hornbook law, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin.*, 579 U.S. 40, 47, 136 S. Ct. 1885, 1892–93, 195 L. Ed. 2d 161 (2016) (citing cases). That includes the authority to prohibit a party from filing *any* further motions without leave of court. *George v. New York State Div. of Parole*, 685 F. App'x 30, 31 (2d Cir. 2017); *United States v. Hintz*, 229 Fed. Appx. 860, 861 (11th Cir. 2007); *Ware v. United States*, No. 04-CR-1224 (ER), 2023 WL 2757206, at *3 (S.D.N.Y. Apr. 3, 2023); and *Hueter v.*

*Kruse*, 610 F. Supp. 3d 60, 73 (D.D.C. 2022). The Court clearly has the authority to grant the relief requested by the Plaintiff.

The FBI's next argument is disingenuous. It is indisputable that the FBI has already briefed its arguments against the release of Seth Rich's personal laptop four times, *see* Dkt. #37, #73, #148, and #196, thus any additional motion would represent a *fifth* instance of beating the same dead horse. The FBI suggests that the first two horse-beatings should not count because it waited until the third horse-beating to assert Exemption 7(a), but that only illustrates the FBI's strategy of delaying this case with piecemeal briefing, *i.e.*, when the FBI loses one argument it then tries to assert a new argument that it should have raised in the first instance. The Plaintiff has repeatedly cited binding authority holding that piecemeal briefing is improper and results in waiver. See Dkt. #62 at 5, Dkt, #146 at 3, and Dkt. #154 at 2, each citing *Domain Protection, LLC v Sea Wasp, LLC*, 426 F. Supp. 3d 355, 377 (E.D. Tex 2019), aff'd sub nom. *Domain Protection, L.L.C. v Sea Wasp, L.L.C.*, 23 F4th 529 (5th Cir. 2022). And that was the primary purpose of the Motion, *i.e.*, to put a stop to the endless drip, drip, drip of piecemeal briefing by the FBI.

In the Motion, the Plaintiff assumed that the FBI wanted to file a belated motion for summary judgment in order to correct the gross deficiencies in its *Vaughn* indexes. Instead, the FBI now claims that its request for summary judgment would rest solely on those deficient *Vaughn* indexes as they currently exist. Opposition 3. Any such motion for summary judgment would be frivolous and pointless. Summary judgment cannot be granted where *Vaughn* indexes are incomplete or legally inadequate, *see COMPTEL v. F.C.C.*, 910 F. Supp. 2d 100, 114 (D.D.C. 2012) and *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 88–89 (D.D.C. 2009), thus any such motion would be grounds for sanctions.

  Astoundingly, the FBI told the Court in its Opposition that it "conducted a document-by-document review of the laptops" as ordered by the Court. Opposition 3. That statement is false, and the FBI already has previously acknowledged its falsity. Both of the FBI's witnesses acknowledged that entire file categories were omitted from the review and thus omitted from the *Vaughn* indexes, including "operating system files (e.g., .exe files), Resilient File System (ReFS), New Technology File System (NTFS), and File Allocation Table (FAT)." Declaration of Shannon R. Hammer (Dkt. #196-1) ¶7 and Declaration of Michael P. Spence (Dkt. #196-2) ¶5. Furthermore, the Plaintiff has identified numerous other missing records. *See, e.g.,* Plaintiff's Motion for an Order to Show Cause Why the FBI Should not be Held in Contempt ("Show Cause Motion")(Dkt. #190) 12. Most metadata was omitted from the *Vaughn* indexes without explanation, and we still have no idea how many files were omitted from the *Vaughn* indexes. *See* Plaintiff's Reply in Support of Motion for an Order to Show Cause Why the FBI Should not be Held in Contempt (Dkt. #198) 7 (citing the record). The FBI's witnesses claimed that the files could not be reviewed, but the Court will recall that the Plaintiff's expert thoroughly rebutted that testimony, going so far as to tell the FBI exactly how some of those files could be reviewed. *See* Declaration of Yaacov Appelbaum (Dkt. 198-1). Frankly, the Plaintiff thought the FBI would review the missing files and *then* file a motion for summary judgment to address those missing files but, as noted above, the FBI now intends to proceed with the audacious argument that it need not account for the missing files at all.

  It is worth remembering that the Show Cause Motion did not merely seek an order directing the FBI to show cause why it should not be held in contempt. The Show Cause Motion also requested that the Court, among other things, order the FBI to turn over all of Seth Rich's electronic devices to a special master so that special master can review the contents of the

devices. Show Cause Motion 17. Clearly, the FBI has no intention of producing legally-sufficient *Vaughn* indexes if it thinks it can obtain summary judgment on the basis of the bogus *Vaughn* indexes that it has already produced. The Court will recall that the FBI originally wanted 66.7 years to review the laptops, *Huddleston v. Fed. Bureau of Investigation*, No. 4:20-CV-00447, 2023 WL 8235243, at *13 n.16 (E.D. Tex. Nov. 28, 2023), and the FBI seems hellbent on keeping that slow-motion schedule regardless of what the Court orders. The Plaintiff therefore urges the Court to enjoin the FBI from filing any further motions for summary judgment or reconsideration until such time as a special master can conduct the review that the FBI has steadfastly refused to conduct, *i.e.*, a document-by-document review and full accounting of <u>all</u> documents on Seth Rich's electronic devices.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for Plaintiff Brian Huddleston**

**Certificate of Service**

On June 5, 2025, I filed a copy of this request with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney James Gillingham, Counsel for the Defendants, at james.gillingham@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger