# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> FEDERAL BUREAU OF § <br> INVESTIGATION and UNITED § <br> STATES DEPARTMENT OF § <br> JUSTICE, § <br> § <br> Defendants. § | Civil Action No. 4:20-cv-447 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Substitute Parties (Dkt. #164). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED without prejudice**.

### BACKGROUND

This opinion arises in the context of Freedom of Information Act ("FOIA") litigation between Plaintiff Brian Huddleston ("Huddleston") and Defendants Federal Bureau of Investigation (the "FBI") and the United States Department of Justice ("DOJ") (collectively, the "Government"). The facts of this case are more fully set out in the Court's Opinions from September 29, 2022 (Dkt. #70), November 28, 2023 (Dkt. #136), and August 15, 2024 (Dkt. #176).

On July 5, 2024, Huddleston filed this Motion, urging the Court to substitute Yehuda Miller ("Miller") as plaintiff in place of Huddleston, under Federal Rule of Civil Procedure 25(c) (Dkt. #164). The Government filed its Response on July 29, 2024 (Dkt. #169).

## LEGAL STANDARD

Rule 25 of the Federal Rules of Civil Procedure dictates the substitution of parties. FED. R. CIV. P. 25. Subsection (a) governs the death of a party, subsection (b) governs incompetency of a party, subsection (c) governs the transfer of interest to a party, and subsection (d) governs a public officer's death or separation from office. *Id.* Rule 25 is a procedural device and leaves the decision of whether to grant substitution to the court's discretion. *See IDQ Operating, Inc. v. Aerospace Commc'ns Holding*, No. 6:15-CV-781, 2016 WL 6877772, at *1 (E.D. Tex. July 5, 2016) (citing *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71–72 (3rd Cir. 1993)).

Federal Rule of Civil Procedure 25(c) states that "[i]f an interest is transferred, the action *may* be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c)[1] (emphasis added). Rule 25(c) only applies to pending litigation. *See Horphag Rsch., Ltd. v. Consac Indus., Inc.*, 116 F.3d 1450, 1453 (Fed. Cir. 1997). Thus, the proposed transfer-in-interest must occur after the action has commenced. *Id.* Yet, Rule 25(c) does not provide courts with guidance on how to decide contested motions to substitute. *See Luxliner P.L. Export Co.*, 13 F.3d at 72.

Further, "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Covington Grain Co.*, 638 F.2d 1362, 1364 (5th Cir. 1981). Courts have noted that the decision to substitute should be guided by whether "the transferee's presence would facilitate the conduct of the litigation." *Texas v. Am. Tobacco Co.*, No. 5:96-CV-00091-JRG, 2019 WL 13219407, at *14

---

[1] Federal Rule of Civil Procedure 25(c) concludes by stating that "[t]he motion must be served as provided in Rule 25(a)(3)."

(E.D. Tex. May 22, 2019) (citing 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1958 (3d ed. 2019)). In deciding a motion to substitute, primary considerations are whether substitution would simplify and expedite the case. *See Virginia Innovation Scis., Inc., v. Amazon.com, Inc.*, No. 4:18-CV-474, 2019 WL 3082314, at *4 (E.D. Tex. July 15, 2019) (citing *Advanced Mktg. Group, Inc. v. Bus. Payment Sys., LLC*, 269 F.R.D. 355, 359 (S.D.N.Y. 2010)); *Taberna Capital Mgmt. v. Jaggi*, 2010 WL 1424002, at *2 (S.D.N.Y. Apr. 9, 2010) (citing *Banyai v. Mazur*, No. 00-CIV-9806-SHS, 2009 WL 3754198 (S.D.N.Y. Nov. 5, 2009).

## ANALYSIS

Huddleston moves the Court to substitute Miller as plaintiff in place of himself pursuant to Federal Rule of Civil Procedure 25(c) (Dkt. #164). In part, the Motion states that "Mr. Huddleston has transferred his interest in this case to Mr. Miller, and the Court has the discretion to substitute Mr. Miller as the named plaintiff" (Dkt. #164 at p. 1). The Government disagrees. It argues that, despite the Court's broad discretion to substitute parties, Huddleston's assignment of a FOIA request to a party not named in the request—here, Miller—is impermissible (Dkt. #169 at p. 2). The Court addresses these arguments below.

Huddleston's argument, consisting of three sentences and citations to Rule 25(c) as well as *F.D.I.C. v. SLE, Inc.*, is unpersuasive (Dkt. #164). Rule 25(c) generally provides broad discretion to district courts, but this discretion is not unbridled. *See IDQ Operating, Inc.*, 2016 WL 6877772, at *1. To satisfy a Rule 25(c) motion, the moving party must show that the substitute party would facilitate, simplify, or expedite the litigation. *See Am. Tobacco Co.*, 2019 WL 13219407, at *2 (citation modified); *Virginia Innovation Scis., Inc.*, 2019 WL 3082314, at *4. For example, Courts have granted Rule 25(c) motions to substitute when the subject matter of the dispute dealt with a

3

business acquisition or merger, a change in ownership of a promissory note or other financial instrument, or breach of contract. *See e.g.*, *IDQ Operating, Inc.,* 2016 WL 6877772, at *2 (allowing substitution of a party plaintiff when business merger occurred); *Wilmington Sav. Fund Soc'y v. Barr*, No. 3:22-CV-735-S-BN, 2023 WL 1448055, at *2 (N.D. Tex. Feb. 1, 2023) (allowing substitution plaintiff when business had assigned its ownership of loan agreement to another entity); *Branch Banking & Tr. Co. v. Morehouse*, No. CV-10-0912-DAR, 2011 WL 13257608, at *4 (D.D.C. Oct. 11, 2011) (allowing substitution of a party plaintiff when bank had transferred the loan documents to another entity after breach of payment). Yet, FOIA is not the cause of action in any of these cases.

Huddleston's reliance on *FDIC* is unpersuasive because it is materially distinguishable from this case. First, in *FDIC*, the Fifth Circuit addressed Rule 25(c), but not in the FOIA context. *FDIC v. SLE, Inc.*, 722 F.3d 264 (5th Cir. 2013). Second, and most notably, the plaintiff in *FDIC* attached an affidavit to its motion from its accounting officer verifying that it was the assignee and sole owner of the judgment. *Id.* As the Court noted above, Huddleston makes no such showing. Huddleston offers neither an affidavit nor agreement with Miller. Huddleston only cites *FDIC* to acknowledge the Court's discretion (*See* Dkt. #164 at p. 1). Accordingly, Huddleston's argument falls flat.

Further, Huddleston makes no claim that Miller appeared in any of the FOIA requests.[2] The Court recognizes that Rule 25(c) does not impose a time requirement for substitution. Yet, Huddleston has not mentioned Miller by name or Miller's purported "interest" in the requested information throughout the over four years of litigation. The Court is also wary of granting the

---

[2] FOIA creates a "private cause of action for the benefit of persons who have requested certain records from a public agency and whose request has been denied . . . ." *Feinman v. FBI*, 680 F. Supp. 2d 169, 173 (citation modified).

4

Motion because it is unclear whether Miller accepts the proposed substitution. The Court notes that Huddleston did not file a document of any kind, signed by the parties acknowledging Miller's acceptance to substitute as party plaintiff in this litigation. Miller's name is not mentioned in the Amended Complaint (Dkt. #3) or in the FOIA requests Huddleston submitted (Dkt. #3-1; Dkt. #3-2; Dkt. #3-3). Huddleston provides no reason for how Miller's presence would facilitate the conduct of the litigation or otherwise expedite or simplify the action. Therefore, at this time, Huddleston fails to satisfy the requirements set forth in Rule 25(c).[3]

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Substitute Parties (Dkt. #164) is hereby **DENIED without prejudice.**

**IT IS SO ORDERED.**

**SIGNED this 12th day of June, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court determines that Huddleston does not prove that Miller's substitution would facilitate, simplify, or expedite the litigation, the Court need not decide whether the assignment of interest in this FOIA request should ever be allowed—that is a question for another day (Dkt. #169 at p. 2). *See Am. Tobacco Co.*, 2019 WL 13219407, at *2; *Virginia Innovation Scis., Inc.*, 2019 WL 3082314, at *4.