IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**BRIAN HUDDLESTON**,

    Plaintiff,

vs.

**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**

    Defendant

Case No. 4:20-cv-447-ALM

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COMES Brian Huddleston, the Plaintiff, moving the Court to grant partial summary judgment in his favor regarding the matters set forth below:

### Statement of Issues to be Decided

(1) Whether the FBI should be compelled to search for responsive records in its "Prohibited Access" files.

(2) Whether the FBI should be compelled to search for responsive records in a hidden evidence room that was recently disclosed by the FBI deputy director.

### Statement of Undisputed facts

On May 28, 2025, Senate Judiciary Committee Chairman Chuck Grassley published an FBI document that revealed a previously-hidden feature of the FBI's primary records indexing system. *See* September 18, 2019 "Request for Special Counsel's Office (SCO), material dissemination to WFO," https://www.grassley.senate.gov/imo/media/doc/nellie_ohr_fbi_analysis.pdf, 2-3 (Exhibit 1).[1] According to that document, the FBI's Sentinel

---

[1] As witnessed by his electronic signature below, Ty Clevenger declares under penalty of perjury under

- 1 -

system had a "Prohibited Access" feature that allowed certain FBI personnel to conceal records from other personnel within the FBI. *Id*. 2-3. Crucial records were hidden from the FBI's own investigators because someone had designated the records as "Prohibited Access." *Id*. Since the FBI used Sentinel to search for records responsive to this case, *see* December 16, 2020 Declaration of Michael G. Seidel (Dkt. #10-1) ¶12 and December 15, 2021 Fourth Declaration of Michael G. Seidel ("Fourth Declaration")(Dkt. #37-1) ¶¶53-55, Plaintiff's Counsel sent the following email to Defendants' Counsel on May 29, 2025 to determine whether records about Seth Rich or CrowdStrike might have been hidden behind the "Prohibited Access" designation:

> The URL below links to an FBI document released by Senator Chuck Grassley, chairman of the Senate Judiciary Committee. I would direct your attention to the paragraph that begins at the bottom of page 2:
>
>> *On May 3, 2019, relevant FBI/DOJ information related to this assessment was inaccessible to FBI investigators given that the Trump/Russia-collusion investigations were in FBI systems under "Prohibited Access" status which, unlike "Restricted Access" status, precludes investigators from detecting the existence of potentially relevant serials. In other words, when search terms that exist in the Prohibited Access-status cases are searched in Sentinel, the particular search will receive a false-negative Sentinel search response.*
>
> https://www.grassley.senate.gov/imo/media/doc/nellie_ohr_fbi_analysis.pdf. [Exhibit 1]. As you know, the FBI has acknowledged that records pertaining to Seth Rich have been withheld on the grounds that they are relevant to the "Trump/Russia-collusion investigations." And the CrowdStrike records have always been part of the same investigations.
>
> I would like to know if any records pertaining to Seth Rich or CrowdStrike were designated "Prohibited Access" such that they would not have been located during the FBI's Sentinel search. If so, I would like to know whether the FBI has since searched all responsive records that were designated "Prohibited Access."
>
> In a televised interview today, FBI Deputy Director Dan Bongino said he and Director Kash Patel were made aware of a room full of hidden evidence. See https://www.washingtonexaminer.com/news/justice/3425133/dan-bongino-

---

the laws of the United States that the exhibits to this motion are true and correct copies of the documents that the Plaintiff has identified herein.

> fbi-room-hidden-james-comey-evidence/.[2] I would like to know whether this room has been searched for records pertaining to Seth Rich, CrowdStrike or any other element of our FOIA requests. If the FBI is unable or unwilling to provide satisfactory answers, I will have to raise this issue with Judge Mazzant. Thanks in advance.

May 29, 2025 Email from Ty Clevenger to James Gillingham (Exhibit 2). On May 30, 2025, Defendants' Counsel responded that he would confer with the FBI about the foregoing issues. *See* May 30, 2025 Email from James Gillingham to Ty Clevenger (Exhibit 3). Plaintiff's Counsel sent a follow up email on June 9, 2025, *see* June 9, 2025 Email from Ty Clevenger to James Gillingham (Exhibit 4), and Defendants' Counsel responded on June 13, 2025 that the FBI was still looking into the matter. *See* June 13, 2025 Email from James Gillingham to Ty Clevenger (Exhibit 5). On June 25, 2025, Plaintiff's Counsel notified Defendants' Counsel that the Plaintiff intended to file a motion for partial summary judgment (in order to compel a search for responsive records). *See* June 25, 2025 Email from Ty Clevenger to James Gillingham (Exhibit

---

[2] The video recording of Deputy Director Bongino's statement can be found on the *Fox News* website, beginning around the 10:50 minute mark. *See* May 29, 2025 *Fox & Friends*, https://www.foxnews.com/video/6373606842112. The undersigned was unable to download the video for purposes of mailing it to the Court on a thumb drive, but as witnessed by his electronic signature on this motion, the undersigned declares under penalty of perjury under the laws of the United States that a true and correct transcript of the relevant statements by Mr. Bongino is posted below:

> Mr. Bongino: [Former FBI Director] Jim Comey…We're finding stuff even now. Wait 'till you read this stuff that's coming out.
>
> Host: Does he still have loyalists in the building because when I hear the FBI director saying you guys are finding boxes that are hidden, OK, how does that happen in the bureau?
>
> Bongino: We were there a couple of weeks, and luckily there are a lot of people in there who grabbed us by the arm the minute we came in and said, "Thank you for being here, we need to talk." There are people there who are really horrified at what happened, and there was a room and we found stuff, a lot of stuff.
>
> Host: A hidden room?
>
> Bongino: I wouldn't call it hidden, but hidden from us at least and not mentioned to us. And then we found stuff in there, a lot of it from the Comey era and we're working our damnedest right now to declassify… Once that gets done and gets out there and you read some of the stuff we found, that <u>by the way was not processed through the normal procedure, digitizing it, and putting it in FBI records</u>. We found it in bags hiding under Jim Comey's FBI. You're gonna be stunned.

6). On July 7, 2025, Plaintiff's Counsel sent another email asking if the FBI intended to respond to the Plaintiff's query. *See* July 7, 2025 Email exchange between Ty Clevenger and James Gillingham (Exhibit 7). Later that day, Defendant's Counsel responded as follows: "Based on my communications with the FBI, I understand that an FOIA searches conduced in response to a request would reveal the existence of prohibited files, to the extent that any exist." *Id*. On July 14, 2025, Plaintiff's Counsel emailed Defendants' Counsel as follows:

> I re-read the FBI document published on Senator Grassley's website, and it cannot be reconciled with what the FBI is saying now. In 2019, the FBI indicated that "when search terms that exist in the Prohibited Access-status cases are searched in Sentinel, the particular search will receive a false-negative Sentinel search response." Unless something changed between 2019 and 2020 (when my client filed his FOIA request), Sentinel would have produced false negatives if any of the Seth Rich records were designated "Prohibited Access."
>
> I have no doubt that you accurately conveyed what the FBI told you, but frankly the FBI has lied to me too many times to take anything at face value. I strongly suspect that the FBI relayed the information through you informally – rather than putting it in a sworn declaration – because it is still trying to hide files. In any event, I plan to move forward with a motion for partial summary judgment tomorrow, in part because that will force somebody to testify under oath. I will call you to confer.

July 14, 2025 Email from Ty Clevenger to James Gillingham (Exhibit 8). As of this date, the FBI has not provided a sworn declaration nor has it made any attempt to reconcile the statements in the 2019 document with its current claim that "Prohibited Access" records about Seth Rich or CrowdStrike would have been located during a Sentinel search. Furthermore, the FBI has not responded to the Plaintiff's query about whether it searched the previously-undisclosed evidence room that was recently revealed by FBI Deputy Director Dan Bongino.

## Argument

In order to satisfy FOIA's requirements for an adequate search, an agency must demonstrate that "the search was reasonably calculated to discover the requested documents." *NAACP Legal Def. & Educ. Fund, Inc. v. Dep't of Just*., 463 F. Supp. 3d 474, 483 (S.D.N.Y.

2020).

> To satisfy the reasonableness standard... "an agency must <u>search all locations likely to contain responsive records</u>; not simply where the records are 'most likely' to be found." *Knight First Amendment Inst. at Columbia Univ. v. U.S. Dep't of Homeland Sec.*, 407 F. Supp. 3d 311, 324 (S.D.N.Y. 2019); *see also DiBacco v. U.S. Army*, 795 F.3d 178, 190 (D.C. Cir. 2015). In applying this reasonableness standard, courts consider, among other things, "the search terms and type of search performed" and the "nature of the records system or database searched." *See Knight First Amendment Inst.*, 407 F. Supp. 3d at 324; *see also Schwartz v. Dep't of Def.*, 2017 WL 78482, at *6 (E.D.N.Y. Jan. 6, 2017).

*NAACP*, 463 F. Supp. 3d at 484 (emphasis added). The FBI has refused to comply with that standard, hence this motion.

The 2019 FBI report published by Senator Grassley plainly indicates that, at least as of 2019, records designated "Prohibited Access" would <u>not</u> have been identified during a Sentinel search. *See* Exhibit 1, pp. 2-3. The 2019 FBI report further indicates that records pertaining to the "Trump/Russia-collusion investigations" had been designated "Prohibited Access." *Id*. And we know for certain that records pertaining to Seth Rich and CrowdStrike were part of the "Trump/Russia-collusion investigations." *See, e.g.,* Sixth Declaration of Michael G. Seidel (Dkt. #83-1)(Seth Rich) and Defendant FBI's Reply to Plaintiff's Response to Notice of Supplemental Search Declaration and Vaugh Indices and Response in Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment (Dkt. #106) (CrowdStrike). We can necessarily infer, therefore, that unless something changed between 2019 and 2020, searches for records about Seth Rich and CrowdStrike in the Sentinel system would have produced false negatives because those records were hidden behind the "Prohibited Access" designation. As noted above, "an agency must search all locations likely to contain responsive records; not simply where the records are 'most likely' to be found," *NAACP*, 463 F. Supp. 3d at 484, thus the FBI has a legal obligation to search its "Prohibited Access" files.

Relatedly, the FBI has a duty to search the previously-undisclosed evidence room revealed by Deputy Director Bongino. If the FBI was concealing responsive records behind the "Prohibited Access" designation, then there is a significant likelihood that the FBI was concealing records in the "hidden" evidence room. As the Court can see from Mr. Bongino's statement, *supra* fn. 2, documents found in that room had not been entered into the FBI's records-keeping system *at all*, thus they could not be found via a Sentinel search, regardless of whether the FBI searched the "Prohibited Access" category. And there are additional reasons to believe that the FBI has been hiding responsive records. The Plaintiff incorporates by reference Plaintiff's Motion for an Order to Show Cause Why the FBI Should not be Held in Contempt (Dkt. #190) and Plaintiff's Reply in Support of Motion for an Order to Show Cause Why the FBI Should not be Held in Contempt (Dkt. #198). As set forth therein, the Court ordered the FBI to produce *Vaughn* indexes of Mr. Rich's electronic devices, but the FBI failed to account for most of the records on those devices. The Court will further recall that the FBI's original searches for records about Seth Rich failed to identify any responsive records whatsoever. *Huddleston v. Fed. Bureau of Investigation*, No. 4:20-CV-00447, 2022 WL 4593084, at *11 (E.D. Tex. Sept. 29, 2022), clarified on denial of reconsideration, No. 4:20-CV-00447, 2023 WL 8235243 (E.D. Tex. Nov. 28, 2023). Since that time, the FBI has belatedly acknowledged the existence of thousands of responsive records, *id.*, plus the contents of two laptop computers that belonged to Seth Rich.

Under the circumstances, another conclusory declaration from the FBI would not be sufficient to resolve the questions raised in this motion. The Plaintiff has a pending request for an evidentiary hearing and an alternative request for discovery, *see* Dkt. #190 and #198, and he moves the Court to include the issues raised in this motion as part of any such evidentiary hearing. In the alternative, the Plaintiff moves the Court to permit discovery regarding the

"Prohibited Access" designation and the previously-undisclosed evidence room. Finally, the Plaintiff moves the Court to order the FBI to search its "Prohibited Access" files as well as the evidence room disclosed by Deputy Director Bongino.

## Conclusion

The Court should hold an evidentiary hearing or permit discovery, and it should compel the FBI to search the "Prohibited Access" files as well as the evidence room disclosed by Deputy Director Bongino.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

## Certificate of Conference

On or about July 16, 2025, I conferred via telephone with Asst. U.S. Attorney James Gillingham, Counsel for the Defendants, regarding this motion. He indicated that the Defendants would oppose the motion.

**/s/ Ty Clevenger**
Ty Clevenger

- 8 -

## Certificate of Service

      On July 18, 2025, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney James Gillingham, Counsel for the Defendants, at james.gillingham@usdoj.gov.

                                    **/s/ Ty Clevenger**
                                    Ty Clevenger