IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**, <br><br> Plaintiff, <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendant | Case No. 4:20-cv-447-ALM |

### MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE and SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE FBI SHOULD NOT BE HELD IN CONTEMPT

NOW COMES Brian Huddleston, the Plaintiff, moving the Court to accept supplemental evidence in support of Plaintiff's Motion for an Order to Show Cause why the FBI Should not be Held in Contempt ("Motion")(Dkt. #190) and further providing supplemental briefing in support of that Motion:

### Introduction

Five months after the Motion was filed, former FBI director James B. Comey, Jr. was indicted in the U.S. District Court for the Eastern District of Virginia. *See* September 25, 2025 Indictment, *United States v. James B. Comey*, Case No. 1:25-cr-00272 (E.D.Va.)(Exhibit 1).[1] Documents filed in *Comey* within the last month (plus the Government's own judicial admissions in that case) are acutely relevant to this case, namely because those documents reveal

---

[1] As witnessed by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that the exhibits to this motion are true and correct copies of the documents that he represents them to be.

intentional efforts to conceal and destroy public records. In particular, the *Comey* filings prove (1) that FBI officials attempted to conceal and destroy records that overlap with the subject matter of the Plaintiff's FOIA requests in this case; and (2) that at least some of those illegal acts took place *while this case was pending*.

**Argument**

On November 13, 2025, the government filed a copy of an email exchange between Mr. Comey and an FBI special employee. *See* United States' Response in Opposition to Defendant's Motion for Bill of Particulars 2 (Exhibit 2) and October 28, 2016 Email from "Reinhold Niebuhr" to Daniel Richman (Exhibit 3). As many observers noted, *see, e.g.,* Robby Starbuck, November 14, 2025 https://x.com/robbystarbuck/status/1989371147360804965, Mr. Comey misspelled the names of Hillary Clinton, Huma Abedin, and Anthony Weiner for the apparent purpose of concealing his email from keyword searches. More importantly, Mr. Comey used a private email account under a fake name in order to hide his communications, and the recipient of Mr. Comey's emails used a non-FBI account even though he was an FBI special employee. *See* Exhibits 2 and 3. That is strong evidence of deliberate intent to circumvent the Freedom of Information Act (among other laws), not to mention Congressional oversight.

Mr. Comey served as FBI director from September 4, 2014 until May 9, 2017, *see* https://www.fbi.gov/history/directors/james-b-comey (Exhibit 4), thus he was director when Seth Rich was murdered, and that murder precipitated the Plaintiff's FOIA request. *See* First Amended Complaint (Dkt. #3), internal exhibit 1. The indictment accuses Mr. Comey of corruptly endeavoring to influence, obstruct, or impede a Senate committee's oversight investigation into the FBI's handling of the 2016 Russia election interference probe and related matters. *See* Exhibit 1. We know unequivocally that there is a connection between Seth Rich and

the Russian election interference probe because the FBI is presently citing the *Netyksho* indictments (*i.e.*, the indictments of the purported Russian hackers) as a basis for withholding records about Mr. Rich. *See* Eighth Declaration of Michael G. Seidel (Dkt. #148-1) ¶¶14-16.

Thus we have an FBI director who deliberately tried to hide his written communications about misconduct related to the 2016 Presidential election, and we know that Mr. Rich and the Russia hoax were part of that overall scandal. Mr. Comey was the head of the FBI during the relevant time period, and as the old saying goes, "a fish rots from the head." In this case, we have proof that the rot is indeed systemic. As recently as ten months ago – and almost eight years after Mr. Comey was fired from the FBI – Mr. Comey's "deep state" allies at the FBI were still trying to cover up his shenanigans from the 2016 Russia hoax, namely by hurriedly putting incriminating documents in "burn bags" before the Trump Administration took office on January 20, 2025. Consider the government's November 3, 2025 response to one of Mr. Comey's motions to dismiss:

> In the spring of 2025, a team of FBI investigators was assembled to examine possible reform of policies, procedures, compliance, and culture at the FBI. *See* Gov. Ex. 12. During their work, FBI investigators were alerted to a seemingly unused SCIF in FBI headquarters (Room 9582) containing a random collection of classified documents. *Id*. A large majority of the documents were on the floor in five burn bags. *Id*. Room 9582 was then subject to an inventory for the documents that were located inside. *Id*. Investigators located hundreds of pages relating to Crossfire Hurricane (2016 FBI investigation of alleged ties between President Trump's campaign and Russia) and the then-classified appendix to the 2016 Durham Special Counsel Report (now partially declassified). *Id*. Additionally, inside a locked safe within Room 9582, investigators located copies of handwritten notes of the defendant when he was the Director of the FBI. *Id*.; *See* Gov. Ex. 13 (Defendant's handwritten notes). Defendant's handwritten notes were not known to any prior investigative teams.
>
> The investigative team reviewed access logs for Room 9582. *See* Gov. Ex. 12. The access logs showed an extended period of dormancy, where Room 9582 was rarely if ever accessed. *Id*. Then, in late-December of 2024, access to Room 9582 began to pick up with a spike of activity occurring over the inauguration weekend (January 19 to 22, 2025). *Id*.

> The discovery of the handwritten notes is relevant considering the defendant's prior testimony on September 30, 2020. Of note, during that hearing, the defendant was questioned by Senator Graham of South Carolina and Senator Hawley of Missouri. *See* Gov. Ex. 14. The questions focused on whether the defendant remembered "being taught" of "U.S. presidential candidate Hillary Clinton's approval of a plan concerning U.S. presidential candidate Donald Trump and Russian hackers hampering U.S. elections as a means of distracting the public from her use of a private email server." *See id*. The defendant responded by stating that "it doesn't ring any bells with me" and "I don't know what that refers to" and "I don't remember receiving anything that is described in that letter." *See id*. at 1 and 5. Despite this testimony, the defendant's handwritten notes dated September 26, 2016, read: "HRC plan to tie Trump." *See* Gov. Ex. 13 (Defendant's handwritten notes).

United States' Response in Opposition to Defendant's Motion to Dismiss Indictment Based on Vindictive and Selective Prosecution (Exhibit 5) 14-16; *see also* July 21, 2025 Opening Electronic Communication (Dkt. #138-12 in *Comey*) (Exhibit 6) (revealing FBI criminal investigation into the attempted concealment / destruction of documents). Even if there were no connections among Seth Rich, the Russia hoax, and the 2016 election, the behavior of Mr. Comey and his allies would prove utter disregard for the Freedom of Information Act. But there are connections, thus Mr. Comey's lawlessness is all the more relevant to this case, especially since his allies were trying to hide / destroy records as recently as ten months ago.

The filings in the Comey case are judicial admissions, *see, e.g., United States v. Cont'l-Am. Bank & Tr. Co.*, 79 F. Supp. 450, 453–54 (W.D. La. 1948), aff'd, 175 F.2d 271 (5th Cir. 1949), and the evidence of bad faith is now overwhelming, so the government cannot plausibly argue that its keyword searches of its document indexing system (*i.e.*, Sentinel) were sufficient. The FBI has previously admitted that emails / documents are not entered into that system unless an FBI employee decides to do so manually. *See, e.g.,* Motion for In Camera Review (Dkt. #28) 7-8 (citing exhibits) and Plaintiff's Surreply in Opposition to Defendants' Motion for Summary Judgment (Dkt. #65) 5-6 (citing the record). When the director himself is using private email accounts and misspelled names in order to hide his communications about the 2016 Presidential

election, and when his cronies are continuing the cover-up nearly eight years later, there is zero chance that the director (or anyone else at the FBI) would have manually indexed responsive records into Sentinel. Incidentally, we already know of at least one email that was <u>not</u> entered into Sentinel even though an agent boasted that he "squashed" an inquiry about "Seth Rich." *See* Plaintiff's Surreply in Opposition to Defendants' Motion for Summary Judgment (Dkt. #65) 5-6 (citing the record). That email was disclosed in response to an unrelated FOIA request (likely by accident), *id.*, and it proves the unreliability of Sentinel searches.

The Plaintiff brings the foregoing facts to the Court's attention because they militate in favor of his request for the appointment of a special master. When combined with the facts in the Motion (e.g., the fact that the FBI was concealing documents in <u>this</u> case and defying the Court's order as recently as March 30, 2025), it is abundantly clear that the FBI will never conduct good-faith searches of the work laptop, the personal laptop, or the computer disks (or anything else). An independent third party needs to conduct those searches, therefore the Plaintiff urges the Court to appoint and empower a special master at its earliest opportunity. The Plaintiff will separately file a motion addressing the inadequacy of the Sentinel searches and the resultant need for discovery.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff Brian Huddleston**

- 6 -

## Certificate of Conference

I conferred with Asst. U.S. Attorney James Gillingham via telephone on November 24, 2025, and he indicated that the Defendants will oppose the motion to submit supplemental evidence.

/s/ **Ty Clevenger**
Ty Clevenger

## Certificate of Service

On November 24, 2025, I filed a copy of this request with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney James Gillingham, Counsel for the Defendants, at james.gillingham@usdoj.gov.

/s/ **Ty Clevenger**
Ty Clevenger