UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN HUDDLESTON, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | CIVIL ACTION No. 4:20CV447 <br><br> JUDGE AMOS MAZZANT |

### DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE

Defendant Federal Bureau of Investigation ("FBI") opposes Plaintiff's Brian Huddleston ("Huddleston") Motion for Leave to File Supplemental Evidence and Supplemental Brief in Support of Plaintiff's Motion for an Order to Show Cause Why the FBI Should Not be Held in Contempt (the "Motion").

### INTRODUCTION

The Motion, which seeks to supplement Plaintiff's Motion for an Order to Show Cause, ECF No. 190, focuses on developments in a different criminal perjury case, which relates to a third different matter—the FBI's investigation of then-Secretary Hillary Clinton's use of a private email server (generally referred to as "Midyear Exam"). Though Huddleston strains to relate those matters to this case, his efforts fail.

It's true - all matters involve the FBI. But aside from Huddleston's speculative theories, the only other possible link is reference to documents recently discovered in a Secure Compartmented

Information Facility ("SCIF"). But the Court is already aware of that issue, and the FBI is working to determine whether any of those documents are potentially responsive to Huddleston's requests under the Freedom of Information Act ("FOIA"). The lack of any concrete connection to this case compels the Court to deny the motion, especially when the Court has already granted the FBI's motion for summary judgment as to the search of documents responsive to Plaintiff's FOIA request and has, on more than one occasion, rejected Huddleston's accusations of bad faith.

Significantly, the Court need not even attempt to scale the house of cards Huddleston has constructed from speculation stacked upon speculation based on unrelated investigations, misspelled words, and recently discovered documents because Plaintiff's assignment of his rights has rendered this case moot. As the Court is aware, Plaintiff does not dispute that he has assigned his rights in this matter to another individual. ECF No. 164. At that point, he lost any interest in this case, which became moot and should be dismissed. Therefore, rather than continue to follow "Plaintiff"—even that term no longer applies—down this rabbit hole, the Court should dismiss the case for lack of jurisdiction.

## ARGUMENT

### I.     Huddleston lacks standing to pursue any relief in this action.

Huddleston transferred his interest in this case to another individual over a year ago. ECF No. 164. For this reason, since that time Huddleston has lacked any cognizable interest in the case and has lacked standing to purse any sort of relief herein.

The mootness doctrine requires that the case and controversy posed by a plaintiff's complaint exist at the time the complaint is filed and requires that the controversy remain live throughout the litigation process. *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990); *see also United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 749 (1980)

(quoting Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1262, 1384 (1973), defining mootness as "'the doctrine of standing set in a time frame'"); *Gospel Lighthouse Church, Inc. v. City of Dallas*, 1993 WL 307885, at *1 (5th Cir. 1993) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence….") (quoting *Geraghty*, 445 U.S. at 397). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during the litigation, the action can no longer proceed **and must be dismissed as moot**." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1999)). That is because the parties must always possess a personal stake in the outcome of the lawsuit. *Los Angeles v. Lyons*, 461 U.S. 95. 101 (1983).

A plaintiff's assignment of his rights to a lawsuit terminates the personal interest necessary to establish a case-and-controversy and requires dismissal of the matter as moot. *See, e.g.*, *Buckingham Props., LLC v. Atlantic Casualty Ins. Co.*, 2020 WL 95422, at *3 (W.D.N.Y. Jan. 8, 2020) (granting defendant's motion for summary judgment because one plaintiff's assignment of all rights involving the matter deprived him of an interests in the outcome of the action and therefore mooted his claims); *Pi-Net, Int'l v. Focus Business Bank*, 2015 WL 158259, at *4 (N.D. Cal. April 6, 2015) (granting defendant's motion to dismiss plaintiff's patent infringement action when, although plaintiff had standing to sue for patent infringement at the outset of the cases, its subsequent assignment of its interest in the patents deprived it of the capacity to maintain the action, which was dismissed as moot).

Huddleston no longer possesses any interest in the litigation. The Motion should be denied, and the case should be dismissed.

II.     **Even if Huddleston's claims were not moot, there is no need to consider Huddleston's proposed "supplemental evidence."**

The Motion fails to establish how the proposed "supplemental evidence" is relevant to any claims in this case or why it should be considered. It appears that Huddleston offers the new "evidence" to support his position that the FBI's searches for documents responsive to his FOIA request were not sufficient or that the FBI has somehow acted in bad faith in this case. To be clear, the Court has already found that "the FBI conducted a legally adequate search using 'methods which can be reasonably expected to produce the information requested' in Huddleston's FOIA requests." ECF No. 70 at 26; *see also* ECF No. 174 (denying Plaintiff's corrected motion for summary judgment). To the extent Huddleston has concerns regarding documents located in the SCIF, the parties have already addressed that in the context of Huddleston's motion for partial summary judgment, ECF No. 206. As the FBI explained in its response to that motion, the FBI had already commenced a search for potentially responsive records located in the SCIF. ECF No. 9 at 6–7. The FBI has a preliminary account of records located in SCIF and is continuing to determine whether there are any potentially responsive records in that room. However, even if potentially responsive records exist, they would need to be reviewed and potentially withheld in full or in part pursuant to appropriate FOIA exemptions including 7(A).

Huddleston's accusations of bad faith similarly do not justify expanding the record with information from unrelated matters. This is not the first time Huddleston has accused the FBI of acting in bad faith. In each instance, the Court has found his arguments unpersuasive. *See* ECF No. 70 at 12 ("Huddleston has not sufficiently persuaded the Court that there is tangible evidence of bad faith sufficient to overcome the presumption of legitimacy afforded to the Government's declarations."); ECF No. 174 at 19 ("Here, Huddleston has not sufficiently persuaded the Court that there is tangible evidence of bad faith sufficient to justify discovery."). The far-fetched theories

Huddleston now offers do not move that needle, especially given that the information provided does not tangibly relate to this case.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

*/s/ James Gillingham*
JAMES GARLAND GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX  75702
(903) 590-1400
Fax: (903) 590-1436

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney