IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRIAN HUDDLESTON**, <br><br> Plaintiff, <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendant | Case No. 4:20-cv-447-ALM |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE and SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THE FBI SHOULD NOT BE HELD IN CONTEMPT

NOW COMES the Plaintiff, replying in support of his Motion for Leave to File Supplemental Evidence and Supplemental Brief in Support of Plaintiff's Motion for an Order to Show Cause Why the FBI Should Not be Held in Contempt ("Motion")(Dkt. #211):

The Plaintiff's Motion explained exactly how records concealed by former FBI Director James Comey are related to the subject matter of the Plaintiff's FOIA request in this case. *See* Motion 2-5. The Motion further explained that, even if the records were unrelated to the Plaintiff's FOIA request, the concealment of those records (and attempted destruction of those records) is evidence of a deep disdain for FOIA at the highest levels of the FBI. *Id*. at 4. The FBI could not substantively address the foregoing facts, so it responded with vague generalities and then tried to change the subject. To wit, the FBI argued that Brian Huddleston lacks standing in this case. Opposition 3-4. If that argument sounds familiar, it's for good reason. On May 6, 2025, the FBI raised the same argument on pages 3-4 of Defendant Federal Bureau of Investigation's

Response in Opposition to Plaintiff's Motion for an Order to Show Cause (Dkt. #196). The Plaintiff responded on page 9 of Plaintiff's Reply in Support of Motion for an Order to Show Cause Why the FBI Should Not be Held in Contempt (Dkt. #198)(citing Fed. R. Civ. P. 25(c)), and he incorporates that argument herein. The Fifth Circuit has plainly held that a failure of substitution does not affect standing. *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 267 (5th Cir. 2013). The Court denied the Plaintiff's previous request for substitution without prejudice, *see* June 12, 2025 Memorandum Opinion and Order (Dkt. #204), but the Plaintiff will refile such a motion (with documents setting forth the transfer of interest, etc.) if the Court wishes. In any event, the caption of this case does not affect the standing of the assignee of the claim, *F.D.I.C.*, 722 F.3d at 267, citing Fed. R. Civ. P. 25(c), *i.e.*, Yehuda Miller, *see* Dkt. #204 at 1 (noting Mr. Miller is assignee),[1] thus the FBI's argument is meritless. And as the Plaintiff has noted before, *see* Dkt. #198 at 9, the FBI should not have opposed the motion to substitute if it was so worried about having the correct names in the caption of this case.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff**

---

[1] The opening paragraph of Plaintiff's Motion referred to Mr. Huddleston as "Plaintiff" because at present he is still the *named* plaintiff even though he is not the plaintiff-in-fact. To avoid any confusion, the undersigned will omit Mr. Huddleston's name and simply refer to "Plaintiff" throughout any subsequently-filed documents. The undersigned obviously must continue using Mr. Huddleston's name in the caption, however.

## Certificate of Service

On December 15, 2025, I filed a copy of this request with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney James Gillingham, Counsel for the Defendants, at james.gillingham@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger