# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FEDERAL BUREAU OF | § | Civil Action No. 4:20-cv-447 |
| INVESTIGATION and UNITED | § | Judge Mazzant |
| STATES DEPARTMENT OF | § | |
| JUSTICE, | § | |
| | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (the "Motion") (Dkt. #206). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

On July 18, 2025, Plaintiff requested that the Court (a) compel the FBI to search for responsive records in its "Prohibited Access" files; and (b) compel the FBI to search for responsive records in a "hidden evidence room that was recently disclosed by the FBI deputy director" (Dkt. #206 at p. 1). On August 22, 2025, the FBI filed its Response and asked the Court to deny the Motion as moot, because its prior searches encompassed "Prohibited Access" files and it is currently conducting a search on the same "previously undisclosed room" (Dkt. #209 at p. 6). On August 23, 2025, Plaintiff filed his Reply, which acknowledged the FBI's disclosure and asked, for the first time, that the Court "order the FBI to produce responsive records or a *Vaughn* index not later than October 15, 2025" (Dkt. #210 at pp. 1–2).

Because the Court has previously found that "the FBI conducted a legally adequate search using 'methods which can be reasonably expected to produce the information requested' in

Huddleston's FOIA requests," it declines to issue an order requiring the FBI to produce additional materials in the absence of further evidence (Dkt. #70 at p. 26). Furthermore, the FBI has noted in a subsequent (yet technically unrelated) brief that "[t]he FBI has a preliminary account of records located in the SCIF and is continuing to determine whether there are any potentially responsive records in that room" (Dkt. #212 at p. 4). Because the Court lacks sufficient information to make an informed ruling, and because Plaintiff's additional requests for relief were made for the first time in his Reply to the FBI's Response, the FBI will not be ordered to produce additional materials at this time. *See United States Sec. & Exch. Comm'n v. Heartland Grp. Ventures, LLC*, No. 4:21-CV-01310-O-BP, 2022 WL 19284811, at *2 (N.D. Tex. July 27, 2022) ("Finally, the Court notes Sahota's additional requests for relief made in his reply to the SEC's Response . . . . [t]he Court will not, however, consider them in this form."); *see also Romanowski v. Wells Fargo Bank, N.A.*, No. 3:18-cv-1567-D, 2022 WL 581813, at *1 n.1 (N.D. Tex. Feb. 24, 2022) ("In his reply brief, Romanowski requests additional relief. Because these requests are made for the first time in his reply brief and are inadequately briefed, the court declines to address them.").

It is therefore **ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Dkt. #206) is hereby **DENIED**.

**IT IS SO ORDERED.**

 **SIGNED** this 24th day of March, 2026.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

2