**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV447<br><br>JUDGE AMOS MAZZANT |

## DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION FOR PROTECTIVE ORDER

Defendant Federal Bureau of Investigation ("FBI") moves for a protective order under Federal Rule of Civil Procedure 26(c) and respectfully request that the Court quash Plaintiff's discovery requests served on the FBI and prohibit further discovery requests absent leave of Court. Plaintiff's discovery demands disregard both the well-established rule that discovery is generally available in FOIA litigation and this Court's repeated rulings rejecting Plaintiff's prior attempts to obtain discovery in this case.

## BACKGROUND

The Court is familiar with this case's background, ECF No. 174 at 1, and therefore the FBI limits its discussion of the background to aspects of the litigation history that are relevant to the Motion. Although discovery is strongly disfavored in FOIA proceedings, Plaintiff has repeatedly attempted to obtain discovery in this case. Generally, Plaintiff's requests have been premised on

allegations that the Government's searches were inadequate and that the Government had acted in "bad faith." The Court has rejected those efforts each time.

The Court first addressed Plaintiff's allegations that FBI acted in bad faith in resolving Defendants' Motion for Leave to Submit *In Camera*, Plaintiff's Renewed Motion for *In Camera* Review, ECF No. 58. There, Plaintiff alleged that the Government's had acted in bad faith by purposefully concealing the existence of relevant documents responsive to his FOIA request. *Huddleston v. FBI*, No. 4:20-cv-447 (July 27, 2022), ECF No. 68 ("*Huddleston I*"), at 8. Plaintiff further alleged that the FBI's search was "inadequate, and indicates a covered-up FBI investigation." *Id.* at 8-9. The Court found "Huddleston's arguments are insufficient to suggest the Government acted in bad faith." *Id.* at 11.  The Court further found that Plaintiff failed to show that the Government's affidavits or *Vaughn* indices were created in bad faith. *Id.* The Court concluded that Plaintiff's "allegations simply do not rise to the level of bad faith sufficient to overcome the presumption of legitimacy afforded to the Government." *Id.* at 12.

In Plaintiff's cross-motion for summary judgment, ECF No. 46, Plaintiff requested that the Court compel the Government to disclose certain information relating to his FOIA requests and conduct additional searches for potentially responsive records. *Huddleston v. FBI*, No. 4:20-cv-00447, 2022 WL 4593084, *6 (E.D. Tex. Sept. 29, 2022) (ECF No. 70, "*Huddleston II*"). The Court rejected these requests. The Court reiterated its prior holding that "Huddleston has not presented the Court with any other evidence of bad faith that the Court did not already consider in its Order on *In Camera* review." *Id.*

The Court considered similar arguments for a third time in considering Plaintiff's Corrected Motion for Summary Judgment. *Huddleston v. FBI*, 4:20-cv-447, 2024 WL 3834383 (E.D. Tex. Aug. 15, 2024), ECF No. 174 ("*Huddleston III*"). In that motion, Plaintiff requested the Court to

allow him "to conduct discovery and order the FBI to conduct additional searches from additional sources and additional categories of records.: *Huddleston III*, 2024 WL 3834383, at *1. Regarding the request for discovery, the Court started its analysis with the general rule that discovery in FOIA cases is rare and that courts should "order it only 'where there is evidence—either at the affidavit stage or (in rarer cases) before—that the agency acted in bad faith in conducting the search.'" *Id.* at *9 (quoting *Shapiro v. U.S. Dep't of Just.*, 40 F.4th 609, 615 (D.C. Cir. 2022) (quoting *In re Clinton*, 973 F.3d 106, 113 (D.C. Cir. 2020))). The Court concluded that Plaintiff again failed to establish that FBI acted in bad faith and therefore rejected his request for discovery. *Id.*

Most recently, the Court rejected Plaintiff's allegation that the FBI has acted in bad faith when denying Plaintiff's Motion for an Order to Show Cause why the FBI Should not be Held in Contempt. *Huddleston v. FBI*, No. 4:20-cv-447 (E.D. Tex. March. 24, 2026), ECF No. 214 ("*Huddleston IV*"). There, the Court recounted the foregoing history:

> As far back as 2022, this Court has held that "the FBI conducted a legally adequate search using 'methods which can be reasonably expected to produce the information requested' in Huddleston's FOIA requests" (Dkt. #70 at p. 26). The Court repeated this sentiment in 2024, when it denied Plaintiff the ability to conduct further discovery because "Huddleston has not sufficiently persuaded the Court that there is tangible evidence of bad faith sufficient to justify discovery" (Dkt. #147 at p. 19).

*Huddleston IV*, ECF no. 214 at 7. The Court declined to second guess its prior rulings. *Id.*

Notwithstanding this clear litigation history—and without seeking leave of Court—Plaintiff served interrogatories and requests for production the FBI on March 4, 2026 *See* Discovery Requests, *attached hereto as* Exhibit "A." The discovery requests are extraordinarily broad and untethered to the FOIA requests at issue in this case. For instance, Plaintiff asks for information regarding how FBI searched for documents responsive to *every* FOIA request from January 1, 2016 to the present:

> For each year beginning on January 1, 2016 until the present, describe how often FBI personnel  or contractors used Sentinel versus each and all of the other systems or tools described above (including artificial intelligence), further breaking down the number of searches by category of search: Privacy Act compliance, Freedom of Information Act compliance, criminal investigations, internal investigations, intelligence investigations, or administrative searches.

Ex. A, Discovery Request at 7, Interrogatory No. 6.

Plaintiff is not entitled to this discovery. But the Court need not reach the extraordinary breadth and irrelevance of Plaintiff's requests to resolve this issue. Discovery is generally unavailable in FOIA cases, and even in the rare instances where discovery is permitted, it requires a threshold showing that the agency acted in bad faith in conducing its search. Plaintiff has repeatedly attempted —and repeatedly failed—to make this showing. There is no reason for the Court to second guess is rejection of those arguments now.

As a result of Plaintiff's continuing efforts to obtain discovery notwithstanding the Court's consistent rulings that discovery is not appropriate, Defendant now moves for a protective order.

## **ARGUMENT**

"Discovery is 'generally inappropriate' in FOIA cases." *Brewer v. United States Dep't of Just.*, No. 3:18-cv-1018-B-BH, 2019 WL 3948351, at *5 (N.D. Tex. July 30, 2019), report and recommendation adopted, No. 3:18-cv-1018-B-BH, 2019 WL 3947132 (N.D. Tex. Aug. 21, 2019). Instead, FOIA cases are ordinarily resolved based on agency declarations and *Vaughn* indices. Allowing discovery absent concrete evidence of bad faith would undermine the streamlined adjudicative framework developed for FOIA litigation. In this case, the Court has, on multiple times, recognized this rule explaining that "[d]iscovery in FOIA cases is rare and courts should generally order it only 'where there is evidence … that the agency acted in bad faith conducting the search." *Huddleston III*, 2024 WL 38343383, at *9' *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139

(D.C. Cir. 2003); *Thomas v. Dep't of Health & Hum. Servs., Food & Drug Admin*, 587 F. Supp. 2d 114, 115, n.2 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action….").

Because discovery is an extraordinary procedure in FOIA litigation that is strongly disfavored, it is generally disallowed and even where permitted, it is extremely limited. Where permitted, discovery is limited to determine the thoroughness of an agency's search for potentially responsive documents, and, even then, discovery is only allowed when there is some reason to believe the agency has been less than thorough. *See, e.g., Heily v. United States Dep't of Commerce*, 69 F. App'x. 171, 174 (4th Cir. 2003); *Ivanovskis v. Fed. Bureau of Investigtion.*, 4:23-cv-531-SDJ-AGD, 2025 WL 2019381, *17 (E.D. Tex. Mar. 10, 2025) ("In the limited cases where FOIA discovery is permitted, it 'is limited to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like.'") (quoting *Schiller v. I.N.S.*, 205 F. Supp. 2d 648, 653 (W.D. Tex. 2002)). Because "[d]iscovery relating to the agency's search … generally is unnecessary if the agency's submissions are adequate on their face, … a district court *may forgo discovery* and award summary judgment on the basis of submitted affidavits or declarations." *Exxon Mobil Corp. v. U.S. Dep't of Interior*, No. CIV.A 09-06732, 2010 WL 4668452, at *5 (E.D. La. Jan 3, 2011), *objections overruled*, No. CIV.A. 09-6732, 2011 WL 39034 (E.D. La. Jan. 3, 2011) (citing *Wood v. Fed. Bureau of Investigation.*, 432 F.3d 78, 85 (3d Cir. 2005)) (emphasis added); *Accuracy in Media, Inc. v. Nat'l Park Serv.*, 194 F.3d 120, 124–25 (D.C. Cir. 1999) (upholding denial of discovery based on "speculative criticism" of the agency's search); *Jarvik v. CIA*, 741 F.Supp.2d 106, 122 (D.D.C. 2010) ("[d]iscovery is not warranted 'when it appears that discovery would only … afford [the plaintiff] an opportunity to pursue a bare hope of falling upon something that might impugn the affidavits'") (quoting *Military Audit Proj. v. Casey*, 656 F.2d 724, 751–52 (D.C. Cir. 1981) (alterations in original)); *Broaddrick v. Exec. Off. Of Pres.*,

139 F. Supp. 2d 55, 63 (D.D.C. 2001); *Carney v. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994) ("[i]n order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.").

In this case, Plaintiff has requested discovery on multiple occasions. In support of his requests for discovery, he has attempted to establish that the FBI has acted in bad faith. The Court has rejected each of these attempts, finding that Huddleston has "not sufficiently persuaded the Court that there is tangible evidence of bad faith sufficient to overcome the presumption of legitimacy afforded the Government's declarations." *See Huddleston II*, 2022 WL 4593084, at *6 ; *see also Huddleston I*, ECF No. 68, at 11 (concluding "Huddleston's arguments are insufficient to suggest that the Government acted in bad faith."); *Huddleston III*, 2024 WL 3834383, at *9 ("Here, Huddleston has not sufficiently persuaded the Court that there is tangible evidence of bad faith sufficient to justify discovery."); *Huddleston IV*, ECF No. 214, at 7 ("The Court declines to second-guess its prior rulings on the issue of bad faith given the supplemental facts presented."). Despite these repeated rulings, Plaintiff has now served discovery requests without seeking leavbe of Court and without presenting any new evidence of bad faith. But, like his prior attempts to obtain discovery from the FBI, Plaintiff has failed to establish any exception to the general bar on discovery in FOIA cases. As such, the Court should quash the discovery requests and enter an order protecting FBI from future discovery requests without Plaintiff first obtaining leave of Court to pursue discovery in this case.

Plaintiff may argue that the discovery requests fall outside FOIA's general prohibition on discovery because they relate to two claims in his Supplemental Complaint, ECF No. 114. There, Plaintiff claims:

> 7.      The FBI's "Digital Evidence Policy Guide" (Dkt. #83-2, Internal Exhibit B) violates 5 U.S.C. § 552(a)(3) insofar as it purports to declare that a record is not a record.

> 8.      The FBI is in violation of 5 U.S.C. § 552(g) because it fails to disclose all of its major information systems.

ECF No. 114, ¶¶ 7–8. But these allegations do not alter the nature of this case. The only cause of action before the Cout remains a FOIA claim challenging the FBI's response to Plaintiff's FOIA requests..[1] *See generally* ECF No. 3, Am. Compl. These claims in the Supplemental Complaint, themselves referring to FOIA, do not change this fact, let alone open the FBI to broad discovery in this FOIA case where discovery is inappropriate. Accordingly, the general prohibition of discovery in FOIA cases, which the Court has repeatedly enforced in this case, still applies and the Court should quash Plaintiff's discovery request and enter an order protecting FBI from further discovery requests without Plaintiff first obtaining leave of Court to pursue discovery in this case.

## CONCLUSION

Plaintiffs in FOIA cases are generally not entitled to discovery, and this Court has already enforced that principle multiple times in this case. Plaintiff has neither obtained leave of Court nor identified any basis for departing from the well-established rule that discovery is inappropriate in FOIA litigation. Under Rule 26(c), a court may issue a protective order to shield a party from

---

[1] Moreover, the reference to the Digital Evidence Policy Guide in the Sixth Seidel Declaration, ECF No. 83-1, ¶ 13a, related to FBI's argument that the physical work laptop, DVD, and tape drive are not agency records. ECF No. 83 at 5. The Court rejected this argument, and the FBI has provided a *Vaughn* index regarding these items. Thus, because FBI is providing information regarding the contents of the items, the Digital Evidence Policy Guide, whicht was used to support FBI's argument that the items were not "records", is no longer relevant to Plaintiff's FOIA requests.

discovery that is irrelevant, disproportionate, or sought for an improper purpose. Plaintiff's discovery requests meet each of these criteria. The Court should therefore quash Plaintiff's discovery requests and enter an order protecting the FBI from further discovery requests absent prior leave of Court.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

*/s/ James Gillingham*
JAMES GARLAND GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX  75702
(903) 590-1400
Fax: (903) 590-1436

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules 7(i) and 7(h), I hereby certify that the parties conferred telephonically on April 2, 2026. The parties could not reach an agreement regarding the relief sought in this motion. The motion is accordingly opposed.

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney