# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**BRIAN HUDDLESTON**,

     Plaintiff,

vs.

**FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE**

     Defendant

**Case No. 4:20-cv-447-ALM**

To:    **FEDERAL BUREAU OF INVESTIGATION and U.S. DEPARTMENT OF JUSTICE**, by and through their attorney, Asst. U.S. Attorney James Gillingham, via email (james.gillingham@usdoj.gov) and facsimile (903-590-1439).

     **COMES NOW** the Plaintiff serving the following interrogatories and requests for production on Defendants Federal Bureau of Investigation and U.S. Department of Justice as authorized by Federal Rule of Civil Procedure 33 and 34, respectively. As required by those rules, Defendants must provide responses within 30 days after service of this request to Plaintiff's Counsel, Ty Clevenger, at tyclevenger@yahoo.com or 212 S. Oxford Street #7D, Brooklyn, New York 11217, or at such other time and place to which we may agree. Pursuant to Federal Rule of Civil Procedure 26, these requests are to be considered as continuing and require supplemental answers as you become aware of/or discover additional information.

- 1 -

Respectfully submitted,

Ty Clevenger
212 S. Oxford Street #7D
Brooklyn, New York 11217
Phone: (979) 985-5289
Fax: (979) 530-9523

ATTORNEY FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, a copy of these discovery requests was served upon Asst. U.S. Attorney James Gillingham via email and facsimile at the addresses / numbers above.

Ty Clevenger

## A.  GENERAL INSTRUCTIONS AND APPLICABLE AUTHORITY

1.      All answers or objections to the discovery requests which follow are due for service to the requesting party's attorney of record, Ty Clevenger (tyclevenger@yahoo.com), 212 S. Oxford Street #7D, Brooklyn, New York 11217, within thirty (30) days after service hereof.

2.      Federal Rule of Civil Procedure 26 imposes a continuing affirmative duty to amend or supplement responses to discovery requests with information acquired after the filing of initial written responses, if such information makes it known that previous responses were incorrect or incomplete when made, or if an answer, though complete and correct when made, is no longer true, complete, and correct.

## B. DEFINITIONS

The terms or usages below shall have the following meanings, both within these instructions and definitions and the discovery requests which follow, unless the context clearly requires otherwise.  When a defined term is used in the discovery requests, that term will be capitalized in the text thereof (e.g. "Dog") to signify that the responding party should consult the definition provided below.

1.      The singular shall include the plural and the plural the singular, whenever the effect of such construction is to increase the information responsive to these discovery requests.

2.      The gender of any noun or pronoun used herein shall include the masculine, feminine, and neuter genders, whenever the effect of such construction is to increase the information responsive to these discovery requests.

3.      "Or" means "or/and."

4.      "And" means "and/or."

5.      "Includes" and its syntactic variant expressions means "includes, but is not limited to" and its corresponding syntactic variant expressions.

6.      "Document(s)" means all written, typed, printed, recorded, or graphic matter and all magnetic, electromagnetic, photographic, or other records or documentation of any kind or description within the scope of Federal Rule of Civil Procedure 26 (including without limitation, letters, correspondence, telegrams, telecopies, memoranda, notes, notations, jottings, sketches, drawings, renderings, artists' conceptions, work papers, notes of telephone or personal conversations, telephone message slips, transcripts, reports, records, minutes, affidavits, statements, summaries, epitomes, opinions, abstracts, analyses, envelopes, evaluations, contracts, agreements, agendas, bulletins, announcements, publications, charts, manuals, schedules, quotations, price lists, invoices, client lists, statistical records. tabulations, diaries, journals, desk calendars, appointment books, E-mail, tape recordings, computer printouts, any electronic data contained on diskettes, CDs, DVDs, Blu-Ray Discs, flash drives or "thumb drives", memory cards and all records kept by electronic, photographic, or mechanical means), any notes or drafts relating

- 3 -

to the foregoing, including drafts and copies not identical to the originals, all photographs, videotapes and other graphic matter, however produced or reproduced, and all things similar to the foregoing, however denominated, in your actual or constructive possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other, agents, whether or not prepared by you.

7.      "File(s)" means any collection or group of records or Documents maintained, held, stored, or used together, including all collections of Documents maintained, held, or stored in folders, notebooks, computers, or other devices or media for separating or organizing records, Documents, data, or information.

8.      "Person(s)" means any natural Person, Business Entity, governmental body, or any other legal entity, and all Predecessor or Successor Business Entities.

9.      "Relates to" or "Relating to" means embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the discovery request.

10.      "Concerning" or "Reflecting" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, Describing, analyzing, and constituting.

11.      "Communication" means any oral or written statements of which the person answering these discovery requests has knowledge, information, or belief.

12.      "Identify" or "Describe" and their syntactic variant expressions have the following meanings:

a. When used in reference to a natural Person, it means to state the Person's full name, employer or business affiliation, employer or business affiliate's address, occupation, job title, present or last known residential address, and present or last known residential and office telephone numbers.

b. When used in reference to a Business Entity, it means to state its full name, form of organization, address of its principal office, and each of its present business addresses and telephone numbers, and to identify the officer, employee, or agent most closely associated with the subject matter of the discovery request, the officer who is responsible for supervising that officer, employee, or agent, and titles of all individuals or entities owning more than a five (5) percent interest in the entity.

c.      When used in reference to a Document, it means to state:

(i)      the type of Document (e.g., letter, chart, memorandum, telegram, facsimile, etc.) or some like means of Identifying it;

(ii)      the title or heading, if any, that appears on the Document;

(iii)    the identity of the author or signer thereof, and of the Person on whose behalf or at whose request or direction the Document was prepared or delivered;

(iv)    the Document's date and the date of each addendum, supplement, or other addition or change;

(v)    the Document's present location; and

(vi)    the name, present address, and position of the Person(s) having custody thereof.

d.  When used in reference to a substance, object, place or event, it means to state such details or aspects thereof as will distinguish the substance, object, place, or event from all similar substances, objects, places, or events and, to the extent possible, identify it as unique, including, as applicable type, dates, age, duration, serial or license number, label name, model name or number, specifications, dimensions, quantity, manufacturer, address, location, seller, installer, user, owner, sponsor, condition, color, traits, marks, location, and other specific qualitative or descriptive features.

13.    "Date" means the exact day, month, and year, if ascertainable, or, if not, the closest possible approximation.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** For the period from January 1, 2016 until present, describe all systems or tools used by the FBI for searching or reviewing its own records, communications, and/or data systems. This request covers systems and tools used for complying with Freedom of Information Act and Privacy Act requests <u>as well as</u> systems and tools used for internal administrative, investigative, intelligence or other searches. This request further covers, but is not limited to, artificial intelligence systems or search tools that the FBI uses to search emails, text messages, chat systems, ELSUR, or any other stored information within the control of the FBI. As used herein, the term "describe" includes the names of such systems or tools, when they became available, whether they are still in use, the intended purposes (*e.g.*, which records, communications, and/or data systems it can access), the general technical capabilities (*e.g.*, how much data can be searched and how quickly), and the types of personnel within the FBI who are intended or allowed to use each system or tool. The term "describe" further includes an explanation about whether records must first be manually indexed into a particular system or tool in order for that system or tool to find the records.

**RESPONSE:**

**INTERROGATORY NO. 2:** Describe all stored record and data repositories within the FBI from January 1, 2016 until the present. The term "describe," as used herein, includes the names of all such repositories, when they first became available, whether they are still in use, whether there are plans to replace them, their general purpose (*e.g.*, email, text messaging, calendaring, ELSUR, etc.), how they are searched (*e.g.*, whether by Sentinel or something else), and whether they are normally searched in response to Freedom of Information Act or Privacy Act requests.

**RESPONSE:**

**INTERROGATORY NO. 3:** For the period from January 1, 2016 until the present, describe the FBI's prohibited access files and restricted access files. As used herein, the term "describe" includes the number of such files, the title and general subject matter of each such file, the person(s) responsible for restricting access to the files, the search systems and search tools that would be able to access such files, and whether or not such files would automatically be excluded from any search systems and search tools.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify and describe whether the FBI has any search systems or search tools (including artificial intelligence systems) that can automatically search the entire contents of (1) Sentinel; and/or (2) any portion or all of the FBI's electronically stored records and data. If, for example, a search system or search tool can search the FBI's emails or instant messages, then that system or tool should be described. As used herein, the term "describe"

- 6 -

includes the name of each such search system or search tool and how long each system or tool has been available. As used herein, "contents" means all of the data itself, and not merely an index of the data.

**RESPONSE:**

**INTERROGATORY NO. 5:** For the period from January 1, 2016 until the present, describe all policies, procedures or practices that the FBI relied upon in determining whether to classify records as prohibited access or restricted access. Alternatively, you may produce copies of all such policies, procedures or practices.

**RESPONSE:**

**INTERROGATORY NO. 6:** For each year beginning on January 1, 2016 until the present, describe how often FBI personnel or contractors used Sentinel versus each and all of the other systems or tools described above (including artificial intelligence), further breaking down the number of searches by category of search: Privacy Act compliance, Freedom of Information Act compliance, criminal investigations, internal investigations, intelligence investigations, or administrative searches.

**RESPONSE:**

**INTERROGATORY NO. 7:** For each year from January 1, 2016 until the present, categorize the number of Sentinel searches that were full-text searches versus index-only searches, further breaking down those categories to state the number of such searches in each of the following categories: Privacy Act compliance, Freedom of Information Act compliance, criminal investigations, internal investigations, intelligence investigations, or administrative searches.

**RESPONSE:**

**INTERROGATORY NO. 8:** According to news reports, FBI Director Kash Patel eliminated "prohibited access" designations within Sentinel. *See* Jana Winter, "Exclusive: FBI obtained Kash Patel and Susie Wiles phone records during Biden administration," February 25, 2026 *Reuters*, https://www.reuters.com/world/us/fbi-obtained-kash-patel-susie-wiles-phone-records-during-biden-administration-2026-02-25/.  Describe any other designations or classifications that the FBI has used or intends to use in the future that restricted or will restrict access to certain Documents, records or subjects in the FBI's records or data systems, including Sentinel. As used herein, the term "describe" includes the name of such designations or classifications, when they came into existence, when they ceased to be used, and the practical effect of any such designation or classification (*e.g.*, which personnel would still have access to the information).

**RESPONSE:**

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**


**REQUEST NO. 1:** For the period from January 1, 2016 until the present, produce all Documents and communications regarding the FBI's compliance with *Pub. Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1, 19–20 (D.D.C. 2000) and 5 USC §552(g). This request includes, but is not limited to, any internal discussions about what information systems should be publicly identified or indexed.

**RESPONSE:**


**REQUEST NO. 2:** For the period from January 1, 2016 until the present, produce all Documents and communications instructing FBI personnel or contractors to omit certain subjects, records or categories of records from Sentinel, its indexes, or from any other search systems or search tools. If, for example, there is an email identifying subjects that should be excluded from Sentinel or otherwise designating a subject as "prohibited access" or "restricted access," then that email should be produced.

**RESPONSE:**


**REQUEST NO. 3:** For the period from January 1, 2016 until the present, produce all internal handbooks, guidelines, Documents or communications providing guidance to FBI personnel and contractors about what types of records should be indexed into or excluded from Sentinel or any other search system or tools.

**RESPONSE:**


**REQUEST NO. 4:** For the period from January 1, 2016 until the present, produce copies of all policies, procedures, or other guidance for FBI personnel / contractors when deciding whether to search all records in Sentinel versus whether to search only the indexes. If, for example, FBI personnel were directed to conduct index-only searches rather than full-text searches for purposes of Privacy Act or Freedom of Information Act compliance, then all Documents or communications reflecting that should be produced.

**RESPONSE:**


**REQUEST NO. 5:** For the period from January 1, 2016 until the present, produce all policies, procedures, and guidance governing the use of "prohibited access," "restricted access," or any of the other designations covered by the preceding Interrogatory No. 8. If, for example, any such guidance is provided in the form of an email, then that email should be produced.

**RESPONSE:**


- 8 -