**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **BRIAN HUDDLESTON**, | |
| Plaintiff, | |
| vs. | **Case No. 4:20-cv-447-ALM** |
| **FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE** | |
| Defendant | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION FOR PROTECTIVE ORDER and PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

NOW COMES Plaintiff, replying in opposition to Defendant Federal Bureau of Investigation's Motion for Protective Order ("Motion")(Dkt. #217) and separately moving the Court pursuant to Fed. R. Civ. P. 37(a) to compel the FBI to respond to Plaintiff's discovery requests:

**Introduction**

The FBI's Motion is a red herring. It falsely and systematically portrays Plaintiff as trying to circumvent the Court's previous orders denying discovery when, in reality, the FBI knew otherwise. Plaintiff's Counsel served the discovery requests via email to Defendants' Counsel, and that email stated as follows:

> I've attached discovery requests for the FBI. I realize discovery normally is precluded in FOIA litigation, but you will recall that the court permitted us to file a supplemental complaint in 2023 [actually July 15, 2024, *see* Dkt. #166]. The claims in that supplemental complaint do not pertain to FOIA requests, and we are propounding discovery for the purpose of prosecuting those claims. Thanks for your consideration.

- 1 -

March 4, 2026 Email from Ty Clevenger to James Gillingham (Exhibit 1). The Court need only compare the First Supplemental Complaint (hereinafter "Supplemental Complaint") (Dkt. #114) with Plaintiff's interrogatories and requests for production (Dkt. #217-1) to see that this is true. Nothing in the Supplemental Complaint or the discovery requests is related to Seth Rich, the purported hacking of the Democratic National Committee, or any other subject covered in Plaintiff's FOIA requests. *Compare* Supplemental Complaint (Dkt. #114) *with* First Amended Complaint (hereinafter "FAC")(Dkt. #3) ¶¶6-8.  Instead, the Supplemental Complaint and the discovery requests deal with Plaintiff's "pattern or practice" claims, *see* Supplemental Complaint and Plaintiff's discovery requests (hereinafter "Discovery Requests")(#217-1), which are claims for general injunctive relief. Accordingly, Plaintiff is <u>not</u> seeking documents via discovery that he was previously unable to obtain through the FOIA process. As detailed below, that is a critical distinction.

### Legal Standard

When a party moves for a protective order under Fed. R. Civ. P. 26 (c), "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements," *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978); *see also* Fed. R. Civ. P. 37(a).

> The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990). And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection. *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670–71 (D.Kan.2004). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D.Tex.2005); see also S.E.C. v. Brady, 238 F.R.D. 429, 437 (N.D.Tex.2006) ("A party asserting undue burden

typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). And the "party asserting a privilege exemption from discovery" – here, Plaintiff – "bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir.2001).

*Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015). The party filing a motion to compel must first confer with the opposing party in an attempt to resolve the dispute. Fed. R. Civ. P. 37(a)(1).

<u>**Argument**</u>

**1. The FBI's motion to compel fails as a matter of fact and as a matter of law.**

In this case, the FBI has failed to explain "specifically how each discovery request is not relevant or otherwise objectionable." *McLeod*, 894 F.2d at 1485. Instead, the FBI argued globally that discovery is typically restricted in a FOIA case. That much is true, but it is only true in a typical FOIA case, *i.e.*, a case where the plaintiff asks the court to compel the government to turn over records that the plaintiff had previously requested via the FOIA administrative process.

> In FOIA cases, we distinguish between "specific request" claims and "pattern or practice" claims. *Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1102–03 (9th Cir. 2016). A "specific request" claim seeks production of a particular record that has allegedly been improperly withheld. *Id*. at 1103 (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980)). By contrast, a "pattern or practice" claim alleges that "an agency policy or practice will impair the party's lawful access to information in the future." *Id*. (quoting *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988)).
>
> A "specific request" claim is mooted by the agency's production of all non-exempt requested records. *Id*. But where, as here, "a plaintiff alleges a pattern or practice of FOIA violations and seeks declaratory or injunctive relief," those claims are not mooted by the production of requested documents if the plaintiff can show: "(1) the agency's FOIA violation was not merely an isolated incident, (2) the plaintiff was personally harmed by the alleged policy, and (3) the plaintiff himself has a sufficient likelihood of future harm by the policy or practice." *Id*.

*Animal Legal Def. Fund v. United States Dep't of Agric.*, 933 F.3d 1088, 1092 (9th Cir. 2019).

"In FOIA cases, generally 'discovery is limited because the underlying case revolves around the propriety of revealing certain documents.'" *Lion Raisins, Inc. v. U.S. Dep't of Agric.*, 636 F. Supp. 2d 1081, 1107 (E.D. Cal. 2009), quoting *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). In other words, a plaintiff should not be permitted to obtain records that are exempt under FOIA simply by filing suit and serving discovery requests for those same records. *Id*. But that is not what is happening here. Plaintiff has only propounded discovery that is relevant to the "pattern or practice" claims asserted in his Supplemental Complaint, not the "specific request" claims in his First Amended Complaint.

In *Millennium Mktg. Grp. LLC v. United States*, the court faced a scenario similar to the one before this Court. 238 F.R.D. 460 (S.D. Tex. 2006). In the same complaint, plaintiff Millenium Mktg. asserted standard FOIA claims as well as claims for wrongful disclosure of its tax records. *Id*. at 462. Millenium Mktg. argued that the presence of the standard FOIA claims (*i.e.*, "specific request" claims) prevented discovery in support of the remaining claims. *Id*. at 463. The Millennium Mktg. court rejected that argument and rejected the government's request for a protective order. *Id*. at 464. The scenario before the *Lion Raisins* court was somewhat different, but its reasoning is nonetheless relevant to this case. In addition to seeking specific records, the plaintiff in *Lion Raisins* sought discovery about whether the search methods used by the government were adequate, and the court found that distinction significant:

> In FOIA cases, generally "discovery is limited because the underlying case revolves around the propriety of revealing certain documents." *Lane*, 523 F.3d at 1134. Lion's FOIA claim does not, however, revolve around the propriety of revealing certain documents. This is not a case where the discovery being sought or permitted is geared to produce "precisely what defendants maintain is exempt from disclosure." *Id*. at 1135 (internal quotation marks omitted).

*Lion Raisins, Inc. v. U.S. Dep't of Agric.*, 636 F. Supp. 2d 1081, 1107 (E.D. Cal. 2009). The court then allowed discovery to proceed. *Id*.  This Court faces the same bottom line: Plaintiff's

- 4 -

discovery is not seeking "precisely what defendants maintain is exempt from disclosure," *i.e,*, the records about Seth Rich, etc., therefore the rationale for restricting discovery in "specific request" cases is inapplicable here.

That rule restricting recovery is judicially-created, *see, e.g., Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123, 140 (1974)("discovery for litigation purposes is not an expressly indicated purpose of [FOIA]"), and it exists to prevent double-dipping, *i.e.*, it exists to prevent plaintiffs from obtaining records via discovery that would otherwise be exempt under the FOIA statute.

> "[I]n FOIA and Privacy Act [disclosure] cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents. Accordingly, in these cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery."

*Garris v. Fed. Bureau of Investigation*, 937 F.3d 1284, 1292 (9th Cir. 2019), quoting *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008); *see also Lion Raisins*, 636 F. Supp. 2d at 1107. Outside of that context, there is no statutory authority nor judicial rationale for creating a common-law "bubble" that systematically exempts the government from discovery. On the contrary, "[t]he Government as a litigant is, of course, subject to the rules of discovery." *United States v. Rodriguez*, 831 F.3d 663, 670 (5th Cir. 2016), quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). The government is certainly not exempt from discovery when faced with other "pattern or practice" claims, *see, e.g., Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)(private plaintiffs entitled to discovery in case alleging U.S. Department of Agriculture engaged in pattern and practice of racial discrimination), and the government offers no reason for creating such an exemption for the "pattern or practice" claims in this case. In fact, the FBI cites no authority whatsoever for its argument that discovery restrictions automatically apply beyond "specific

request" claims, and Plaintiff is not aware of any such authority.

Toward the end of its Motion, the FBI acknowledges that the Supplemental Complaint seeks the following declaratory relief:

> 7. The FBI's "Digital Evidence Policy Guide" (Dkt. #83-2, Internal Exhibit B) violates 5 U.S.C. § 552(a)(3) insofar as it purports to declare that a record is not a record.

> 8. The FBI is in violation of 5 U.S.C. § 552(g) because it fails to disclose all of its major information systems.

Motion 7, citing Supplemental Complaint. According to the FBI, "these allegations do not alter the nature of this case." Motion 7. "The only cause of action before the Cou[r]t remains a FOIA claim challenging the FBI's response to Plaintiff's FOIA requests," it claims. *Id*.  Those statements from the FBI are obviously and flagrantly false, namely because Paragraphs 7 and 8 of the Supplemental Complaint are, by their plain terms, <u>not</u> challenging the FBI's response to any FOIA requests. Instead, they are seeking relief from a pattern or practice of mislabeling and concealing documents, *e.g.*, by adopting a policy that purports to alter the statutory definition of a "record." Supplemental Complaint ¶7.  The FBI omits the final four paragraphs from the Supplemental Complaint, and those paragraphs further undercut the FBI's argument:

> 9. The Plaintiff asks the Court to enjoin the FBI from following its "Digital Evidence Policy Guide" or any other similar policy, rule, or guidance that purports to limit or redefine the plain meaning of the term "record" as that term is defined by existing case law or statute.

> 10. The Plaintiff asks the Court to enjoin the FBI to comply with 5 U.S.C. §552(g).

> 11. The Plaintiff asks the Court to enjoin the FBI to disclose to every FOIA requester which major information systems were and were not searched in response to each particular request.

> 12. The Plaintiff asks the Court to enjoin the FBI from enacting, following, or enforcing any practice, policy, rule, or guidance that has the effect of (1) expanding or modifying the scope of exemptions found in 5 U.S.C. §552(b); or (2) otherwise preventing the release of records that are subject to disclosure pursuant to 5 U.S.C. §552 and / or existing case law.

Clearly, those requests have nothing to do with records about Seth Rich, the DNC email hacks, etc. They are instead quintessential "pattern or practice" claims. Accordingly, the FBI's Motion fails both as a matter of fact and as a matter of law.

## 2. The FBI waived all objections, therefore Plaintiff's motion to compel should be granted.

"The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Carr*, 312 F.R.D. at 463 (emphasis added), citing *McLeod*, 894 F.2d at 1485.

> General or boilerplate objections are invalid, and "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Amended Federal Rule of Civil Procedure 34(b)(2) effectively codifies this requirement, at least in part: 'An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.' " *OrchestrateHR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 507 (N.D. Tex. 2016) (citing *Heller*, 303 F.R.D. at 483; quoting Fed. R. Civ. P. 34(b)(2)(C) ), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

*Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578–79 (N.D. Tex. 2018). The FBI made no attempt to assert specific exemptions directed at specific discovery requests. Instead, the FBI asserted a global argument that discovery is unavailable in a FOIA case. The FBI therefore put all of its eggs in one basket, and if that basket fails, as it must in this case, *supra* 3-6, then objections to discovery are waived. *U.S. v. Simon*, No. CV 21-441-BAJ-RLB, 2022 WL 3051005, at *3 (M.D. La. Aug. 2, 2022) ("Where a party does not provide timely objections to interrogatories or requests for production, they have waived their objections to these discovery requests, with the exception of those pertaining to any applicable privileges or immunities"), citing *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989).

Paragraph 12 of the Supplemental Complaint asks the Court to "enjoin the FBI from enacting, following, or enforcing any practice, policy, rule, or guidance that has the effect of"

expanding or modifying statutory FOIA exemptions or otherwise preventing the release of records that are subject to disclosure. That paragraph alone proves the relevance of all of Plaintiff's discovery requests. Plaintiff could explain in detail how each such discovery request aligns with each of the allegations and claims in the Supplemental Complaint, but why bother? As the resisting party, the FBI had the burden of explaining specifically how each discovery request was overbroad, irrelevant, or unduly burdensome, *see In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)("[t]he burden is upon the movant [for a protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"), but it made no attempt to meet that burden. The time for making such objections has now passed, and the train has left the station. *Simon*, 2022 WL 3051005, at *3, citing Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A)("A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery"). The FBI waived its objections, *In re U.S.*, 864 F.2d at 1156, and it should be ordered to respond to all interrogatories and to produce all requested documents. The Court should further order the FBI to pay all expenses, including attorney fees, necessitated by the filing of this motion to compel. Fed. R. Civ. P. 37(a)(5)(A)( "If the motion is granted… the court must… require the party or deponent whose conduct necessitated the motion… to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees…").

**Conclusion**

The FBI's Motion is meritless. The government is not exempted from discovery merely because a FOIA claim for documents exists alongside other claims. The motion to compel should be granted and the FBI should be order to pay reasonable expenses.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for Plaintiff**

**Certificate of Conference**

As required by Fed. R. Civ. P. 37(a)(1) and the Court's local rules, I conferred in good with via telephone on April 2, 2026 with Asst. U.S. Attorney James Gillingham, Counsel for the Defendants, in an attempt to resolve the foregoing discovery dispute. Efforts to resolve the dispute were unsuccessful.

**/s/ Ty Clevenger**
Ty Clevenger

**Certificate of Service**

On April 9, 2026, I filed a copy of this response and motion with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney James Gillingham, Counsel for the Defendants, at james.gillingham@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger

- 9 -