**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| BRIAN HUDDLESTON, | |
| Plaintiff, | |
| v. | CIVIL ACTION No. 4:20-CV-447 |
| | JUDGE AMOS MAZZANT |
| FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendants. | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Plaintiff has conceded, and Defendant agrees, that discovery is typically restricted in a FOIA case. ECF No. 218, at 3. The Court has affirmed this restriction on discovery multiple times. *See* ECF No. 70, 174. Plaintiff argues his sweeping discovery requests—from which Defendant timely sought protection from the Court—fall outside this general prohibition because they relate to a "pattern and practice" claim in the Supplemental Complaint. ECF No. 218 at 4. But labels do not control. Merely characterizing the Supplemental Complaint and the discovery requests as relating to "pattern and practice" does not carry the day. Plaintiff lacks an ongoing injury necessary to support any pattern and practice claim and cannot obtain injunctive or declaratory relief beyond this case. Here, Plaintiff's claims in the Supplemental Complaint are inextricably intertwined with, and *only* have relevance as to, Defendant's search for documents responsive to Huddleston's FOIA requests, which this Court has repeatedly addressed and for which the Court has repeatedly rejected Plaintiff's requests to seek discovery. The Court should do so again here.

Even accepting Plaintiff's "pattern and practice" label, the discovery requests are best characterized as a fishing expedition. The resolution of the Supplemental Complaint's new

Reply In Support of Motion for Protective Order                                    1

claims—whether the Digital Evidence Policy Guide properly defines "record" and whether FBI discloses all its information systems—do not necessitate the information Plaintiff seeks. Indeed, a recent social media post by Plaintiff's counsel makes clear that the discovery requests are "a rectal exam for the FBI, demanding documents and answers about every dirty scheme the FBI has ever employed to hide information from the public and from Congress." *See* @Ty_Clevenger, https://x.com/ty_clevenger/status/2042585839641796905?s=43 (last visited Apr. 14, 2026), *attached hereto as* Exhibit "A". Thus, regardless of how the claims in the Supplemental Complaint are characterized, Plaintiff's sweeping discovery requests are inappropriate. If the Court disagrees, then the Defendant should be given additional time, as permitted by the Federal Rules of Civil Procedure, to respond to the discovery requests, including making objections to particular requests.

Plaintiff is not a typical "pattern and practice" Plaintiff, and the claims raised are not the type which result in the need for discovery. To have standing to pursue a FOIA case, a Plaintiff must show that an agency improperly withheld agency records. Standing for injunctive relief based on a policy or practice requires an ongoing injury or the immediate threat of future injury. *Nat. Sec. Counselors v. C.I.A.*, 931 F.Supp.2d 77, 91–2 (D.D.C. 2013). Generally, Plaintiffs must allege they have other requests before the agency; a mere intention to file additional requests is insufficient. *Id.* at 93; *Citizens for Resp. & Ethics in Wash. v. DHS*, 527 F.Supp.2d 101, 106 (D.D.C. 2007) (plaintiff's alleged continuing injury due to the potential future use the FOIA to obtain agency records was too speculative and remote to establish standing). A single FOIA request is insufficient to establish a claim for a pattern and practice of violating FOIA. *Muttitt v. U.S. Cent. Command*, 813 F.Supp.2d 221, 231 (D.D.C. 2011) ("[A] single FOIA violation is insufficient as a matter of law to state a claim for relief based on a policy, pattern, or practice….").

Plaintiff does not allege that he has other FOIA requests pending before the FBI. ECF No. 143; 218. Plaintiff similarly fails to show any potential future harm. *Id.* On the contrary, Plaintiff has distanced himself from even the requests at issue in this case by assigning those rights to another individual. ECF No. 215, at 5 (citing ECF No. 164). The fact that Plaintiff has not alleged a continuing injury is significant because it confirms that, regardless of how he characterizes the Supplemental Complaint, the Supplemental Complaint is actually about how the Digital Evidence Policy Guide or the FBI's purported failure to disclose all its major information systems,[1] has impacted FBI's search for documents responsive to Huddleston's FOIA requests seeking documentation relating to Seth Rich, which the Court has already held was reasonable.

The fact that Plaintiff is requesting injunctive relief does not justify subjecting Defendant to sweeping discovery requests that *Plaintiff contends* are unrelated to the FOIA requests. To the extent Plaintiff's position is that discovery is necessary because he is pursuing injunctive relief that is universal in scope, such a request is not appropriate. Recently, the United States Supreme Court explained "the equitable relief available in the federal courts is that 'traditionally accorded by courts of equity' and at the time of our founding." *Trump v. CASA, Inc.*, 145 S.Ct. 2540, 2560 (2025). Because "[n]othing like a universal injunction was available at the founding, or … for more than a century thereafter," under the Judiciary Act of 1789, "federal courts lack authority to issue" universal injunctions. *Id.* The same principle forecloses entry of a universal declaratory relief regarding the claims in the Supplemental Complaint. "Although the Declaratory Judgment

---

[1] The origin of the claims in the Supplemental Complaint arises out of the Sixth Seidel Declaration, which was used to support FBI's argument that the physical work laptop, DVD, and tape drive are not agency records. ECF No. 183, at 3–5. The Court rejected this argument and FBI has provided a *Vaughn* Index regarding the work laptop. ECF No. 188. As it relates to Plaintiff, there is not even theoretical ongoing harm relating to the policy because the *laptop is being searched as if it is a record*. That is a death knell to the Plaintiff's allegation that the FBI search for records was not adequate and to his superficial discovery requests.

Reply In Support of Motion for Protective Order                                     3

Act 'enlarged the range of remedies available in the federal courts,' it 'did not extend their jurisdiction.'" *Enable Miss. River Transmission, LLC v. Nadel & Gussman, LLC*, 844 F.3d 495, 497 n.2 (5th Cir. 2016) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)); *see also CASA*, 145 S.Ct. at 2552 (noting that the Supreme Court has stated that "[n]either declaratory nor injunctive relief . . . can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs") (citation omitted).

Given this background, the relief available to Plaintiff on the Supplemental Complaint is, at best, injunctive relief relating to the FOIA requests at issue. Given this limited impact, the claims in the Supplemental Complaint merely challenge the search for documents responsive to Huddleston's FOIA requests. But the Cout has already granted Defendant summary judgment on the issue of adequacy of the search. The Court should not deviate from the general unavailability of discovery in FOIA cases and grant the Defendant protection from Plaintiff's discovery.

Even if the Court finds that the Motion for Protective Order should be denied, the Court should provide Defendant with time to respond to the discovery requests—including raising any objections to the specific requests. Plaintiff argues that Defendant has waived any objections to the discovery requests by not asserting those objections within 30 days of receiving the requests. Plaintiff is incorrect. Both Federal Rules of Civil Procedure 33 and 34 impose a 30-day deadline to respond to discovery. However, each rule also provides that the court may extend the time to respond. *Id.* Cases interpreting these rules have held that a timely filed motion for protective order preserves a party's ability to respond to discovery requests including making objections to those requests. *See Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1362 (Fed. Cir. 1990) (explaining that a party served with a document request has four options: (1) respond to the request by agreeing to produce the documents, (2) respond to the request by objecting, (3) move for a protective order,

Reply In Support of Motion for Protective Order                                    4

or (4) ignore the request); *Gomez v. Ford Motor Co.*, No. SA-15-CA-00866-DAE, 2016 WL 11431535 (W.D. Tex. Oct. 31, 2016) ( "Defendant should have sought a timely protective order …prior to the deadline to responding to Plaintiff's discovery requests and/or timely responded to Plaintiff's discovery requests….."); *Voelker v. BNSH Railway Co.*, No. CV-18-172-M-DLC, 2020 WL 6742865 (D. Mont. Nov. 17, 2020) ("BNSF's motion for protective order prior to the response deadline sufficiently preserved its objections to those requests. As such, no waiver has occurred."); *Enron Corp. Savings Plan v. Hewitt Assoc., L.L.C.*, 258 F.R.D. 149, 156–58 (S.D. Tex. Mar. 19, 2009) (declining to find objections to discovery were waived when responding party moved for protective order and responded to discovery requests within thirty days of the court's denial of the motion for protective order). Finding that a party preserves it objections by timely moving for protection is consistent with Federal Rule of Civil Procedure Rule 37, which provides that a party's failure to respond to discovery is not excused, "unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed.R.Civ.P. 37(d)(2).

If the Court denies the Motion, it should afford Defendant a reasonable time (30 days) to respond to the discovery requests including making any objections to specific requests. Defendant sought protection from the requests because discovery is not generally available in FOIA cases, and the Court has repeatedly rebuffed Plaintiff's attempts to obtain discovery. Although Plaintiff characterizes the discovery as relating to a pattern and practice claim, practically even those claims are limited to Huddleston's existing FOIA requests. Defendant, in good faith, moved for protection from Plaintiff's sweeping discovery requests. Should the Court deny the Motion, it should exercise its substantial discretion over whether objections are deemed waived and its ability to extend the deadline to respond to discovery requests to allow Defendant an additional thirty days to respond to Plaintiff's requests, including making any objections to those requests.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

*/s/ James Gillingham*
JAMES GARLAND GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX  75702
(903) 590-1400
Fax: (903) 590-1436

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to all counsel of record via the court's electronic filing system.

*/s/ James Gillingham*
JAMES GARLAND GILLINGHAM

Reply In Support of Motion for Protective Order                                              6