# EXHIBIT A



← **Post**

**Ty Clevenger**
@Ty_Clevenger

The FBI may have a big problem on its hands with the Seth Rich case (Huddleston v. FBI). Last week I wrote about how the feds are trying to quash our discovery requests, but there's a silver lining. If I'm right about the law, the FBI may soon have to release a lot of damning documents and answer a lot of really embarrassing questions (whether @FBIDirectorKash  wants to or not).

By way of background, the courts generally prohibit discovery in FOIA cases, but there are exceptions. I was banking on those exceptions when I submitted the FOIA requests, and I was expecting the FBI to fight me tooth and nail. The feds lived up to those expectations, but they also made a really big blunder that I didn't notice at first: they put all of their eggs in one basket, and that basket has some really big holes in it.

Several court opinions have distinguished between FOIA cases that seek specific records versus FOIA cases that seek injunctive relief for a "pattern or practice" of FOIA violations. Discovery is typically restricted in the former type of case but not the latter. Our case has both types of claims, but our discovery is ONLY targeted at the latter claims, i.e., the type of claims where discovery is normally permitted.

The FBI's only argument for resisting discovery is that discovery should be prohibited in all FOIA cases, regardless of the circumstances. That's a weak argument and the case law is against them, but there's a much bigger problem. A party resisting discovery must specifically object to each and every discovery request, giving specific reasons for each objection.

The FBI didn't do that, and the law is very clear that failure to do so results in waiver of all the objections. In other words, the law says the FBI should be ordered to fully answer each and every question – and

**New to X?**

Sign up now to get your own personalized timeline!

 Sign up with Google

 Sign up with Apple

Create account

By signing up, you agree to the Terms of Service and Privacy Policy, including Cookie Use.

---

**What's happening**

Sports · Trending
**Lookman**

Sports · Trending
**Remontada**

Trending in United States
**Jason Williams**

Trending in United States
**Snoopy**

Show more

Terms of Service | Privacy Policy | Cookie Policy | Accessibility | Ads info | More ⋯ | © 2026 X Corp.

**Don't miss what's happening**
People on X are the first to know.

Log in        **Sign up**

objection is a turd.

So why does this matter? Our discovery requests are a rectal exam for the FBI, demanding documents and answers about every dirty scheme the FBI has ever employed to hide information from the public and from Congress. This is stuff that Senator @ChuckGrassley has been trying to get his hands on for years.

I've posted the discovery requests below. I've also posted our motion to compel the FBI to comply with discovery, and I encourage my colleagues to grade my homework and let me know whether they think my analysis is right.

Finally, a few words about @Kash_Patel . People who know him tell me he's a great guy, and I believe them. I'd probably enjoy hanging out with him and we would probably be friends, but here's the problem: I have a lot of friends who don't need to be director of the FBI. It's painfully clear that Kash is in over his head and he's not getting the job done. I've been fighting the FBI's dirty tricks for nine years (in multiple lawsuits), and you know what has changed since Kash took over? Not very much. The FBI is still playing dirty, and the deep state is just biding its time until the Democrats regain power. Kash had his chance, and now it's time for a change.

@realDonaldTrump
@DAGToddBlanche

Response to FBI's motion for a protective order:

lawflog.com/wp-content/upl…

Discovery requests to the FBI:

lawflog.com/wp-content/upl…

7:49 AM · Apr 10, 2026 · **20K** Views

**Don't miss what's happening**
People on X are the first to know.

Log in

Sign up