**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

BRIAN HUDDLESTON,

      Plaintiff,

vs.

FEDERAL BUREAU OF
INVESTIGATION and UNITED STATES
DEPARTMENT OF JUSTICE

      Defendant

**Case No. 4:20-cv-447-ALM**

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT FEDERAL BUREAU
OF INVESTIGATION'S MOTION FOR PROTECTIVE ORDER and PLAINTIFF'S
REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES**

NOW COMES Plaintiff, surreplying in opposition to Defendant FBI's Motion for

Protective Order ("Motion for Protective Order")(Dkt. #217) and replying in support of

Plaintiff's Motion to Compel Discovery Responses[1] ("Motion to Compel") (Dkt. #218):

**1.  Plaintiff has standing to bring "pattern or practice" claims.**

Defendant's Reply in Support of Motion for Protective Order (Dkt. #219)("Reply")

ignored all of the authorities cited by Plaintiff in his Motion to Compel, instead resorting to the

same tactic that the FBI normally uses when it is losing an argument, *i.e.*, it raised new issues in

a reply.[2] In this case, the FBI attacked Plaintiff's standing to bring "pattern or practice" claims.

---

[1] Plaintiff's Counsel, Ty Clevenger, failed to attach the March 4, 2026 email described as Exhibit 1 to the Motion to Compel. As witnessed by his electronic signature below, Ty Clevenger declares as an officer of the court and under penalty of perjury under the laws of the United States that (1) the email excerpt on page 1 of the Motion to Compel is a true and correct excerpt of the cover email used to transmit discovery requests to the FBI; and (2) an true and correct copy of that email is attached as Exhibit 1 to this reply / surreply.

[2] If the FBI's Reply seems familiar, it should. Consider the April 8, 2023 Plaintiff's Motion for Leave to File Supplemental Complaint ("Motion for Leave")(Dkt. #113), the FBI's May 1, 2023 response (Dkt.

Objections to standing are jurisdictional in nature and can be raised at any time. *Bankston v. Burch*, 27 F.3d 164, 167 (5th Cir. 1994). Wherever possible, standing must be addressed before all other issues, *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 n.1 (5th Cir. 2002), therefore Plaintiff will address standing first.

The Article III requirements for standing are well established in the Fifth Circuit, *see Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), but the Fifth Circuit has not addressed the particularities for standing to assert a "pattern or practice" claim under the Freedom of Information Act. *See La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 762 F. Supp. 3d 552, 567 (S.D. Tex. 2024) and *Atchafalaya Basinkeeper, Inc. v. United States Army Corps of Eng'rs,* No. CV 21-317, 2022 WL 219050, at *10 (E.D. La. Jan. 25, 2022). All of the appellate-level cases about standing in a FOIA "pattern or practice" case are found in the D.C. Circuit and Ninth Circuit. The two foundational decisions are *Payne Enterprises, Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988), and *Long v. IRS*, 693 F.2d 907 (9th Cir. 1982), but more recent discussions can be found in *Judicial Watch, Inc. v. U.S. Department of Homeland Security*, 895 F.3d 770 (D.C. Cir. 2018), and *Hajro v. U.S. Citizenship & Immigration Services*, 811 F.3d 1086 (9th Cir. 2016). The Ninth Circuit test is relatively straightforward:

---

#117), and Plaintiff's August 8, 2023 reply (Dkt. #127). In 2023, the FBI was arguing – as it does now – that the claims for general injunctive relief in the supplemental complaint somehow duplicated the records-specific claims in the First Amended Complaint. It was a ridiculous argument then, it's a ridiculous argument now, and the Court implicitly rejected that ridiculous argument in its July 15, 2024 Order (Dkt. #166) permitting the First Supplemental Complaint to be filed. The FBI knew in 2023 that the supplemental claims were quite broad, going far beyond individual records, *see* Motion for Leave 3 ("The FBI has a long history of hiding not just records, but entire records *systems*, from FOIA requesters, *see Negley v. F.B.I.*, 658 F.Supp.2d 50, 57 (D.D.C. 2009), and enough is enough")(emphasis in original), yet here we are again with the same old arguments.

> [W]here a plaintiff alleges a pattern or practice of FOIA violations and seeks declaratory or injunctive relief, regardless of whether his specific FOIA requests have been mooted, the plaintiff has shown injury in fact if he demonstrates the three following prongs: (1) the agency's FOIA violation was not merely an isolated incident, (2) the plaintiff was personally harmed by the alleged policy, and (3) the plaintiff himself has a sufficient likelihood of future harm by the policy or practice.

*Hajro*, 811 F.3d 1086, 1103 (9th Cir. 2016). The D.C. Circuit does not have a bullet-point test but seems to make determinations on a case-by-case basis. Plaintiff cannot, in a five-page surreply, address every nuance of standing, but he has attached a sworn declaration showing that he has standing under either D.C. Circuit or Ninth Circuit standards.[3] *See* Declaration of Yehuda Miller (Exhibit 2); *see also* Declaration Brian Huddleston (Exhibit 3).[4]

**2.  The FBI indeed waived its discovery objections.**

The FBI's entire response to the issue of waiver rests on four cases. The first, *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1362 (Fed. Cir. 1990), is from another circuit and does not deal with waiver. The second, *Gomez v. Ford Motor Co.*, No. SA-15-CA-00866-DAE, 2016 WL 11431535 (W.D. Tex. Oct. 31, 2016), actually holds directly contrary to the FBI's argument, *i.e.*, it holds that untimely discovery responses waived objections. The third, *Voelker v. BNSF Ry. Co.*, No. CV 18-172-M-DLC, 2020 WL 6742865, at *6 (D. Mont. Nov. 17, 2020), is distinguishable because there were no allegations that the motion for a protective order failed to assert specific objections as the FBI's motion did in this case. *Voelker* also relies on Ninth Circuit authority that contradicts Fifth Circuit authority. The fourth and final case, *Enron Corp. Savings Plan v. Hewitt Assoc., L.L.C.*, 258 F.R.D. 149, 156–58 (S.D. Tex. Mar. 19, 2009),

---

[3] Plaintiff sought additional pages in this surreply to address the new issues that the FBI raised in its reply, namely issues about standing and nationwide injunctions, but the FBI indicated that it would oppose such a request. If the Court believes it needs additional briefing or evidence, Plaintiff respectfully requests the opportunity to provide full briefing at a later date.

[4] Mr. Huddleston transferred his interest in this case to Mr. Miller on or about June 24, 2024, *see* Exhibits 2 and 3, before the First Supplemental Complaint was filed on July 15, 2024 (Dkt. #166), therefore the attached declarations from Mr. Miller and Mr. Huddleston only address the standing of Mr. Miller.

also differs insofar as there is no indication that the motion for protective order failed to assert specific objections, *i.e.*, objections that the respondent tried to assert later.

The FBI tried valiantly to conjure up authority that it could assert a single, global objection in a motion to compel, then wait for a ruling on that motion before doing anything else. There is no such authority. On the contrary, this Court has squarely rejected that argument in the context of depositions:

> Having researched the applicable law, the court has not found a case in which a party's motion for a protective order failed to mention why a protective order was needed for certain discovery topics. If the court interpreted Rule 37(d) literally, the court would conclude that ISC satisfied Rule 37(d) by filing a "pending motion for protective order," albeit an incomplete one. This Circuit, however, has rejected a literal interpretation of Rule 37(d) in a similar situation. [citing *Resolution Trust Corporation v. Southern Union Co., Inc.*, 985 F.2d 196 (5th Cir.1993)]…
>
> Under [the defendant's] literal interpretation of Rule 37(d), a party could file an incomplete motion for a protective order that discusses only a few or some disputed discovery topics yet gain an unearned extension of time to address other disputed discovery topics. Instead of being found in violation of Rule 37(d), however, that party would simply gain more time to designate a witness. These events would transpire while the court considered a motion for a protective order that, unless amended, didn't argue why a protective order is needed for disputed discovery topics. *Cf. Bregman,* 182 F.R.D. at 355 n. 3. The court declines to interpret the phrase "pending motion for a protective order" in Rule 37(d) literally because doing so would allow and implicitly encourage dilatory tactics.
>
> To satisfy Rule 37(d)'s requirement of a "pending motion for a protective order" for each disputed deposition topic, the party filing a motion for a protective order must state why a motion for a protective order is needed for each disputed deposition topic. *Cf. Bregman,* 182 F.R.D. at 354–55; *cf., e.g., Nutmeg Ins. Co.,* 120 F.R.D. at 508.

*Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 143 (E.D. Tex. 2003); *see also RealPage, Inc. v. Enter. Risk Control, LLC*, No. 4:16-CV-00737, 2017 WL 1165688, at *4 (E.D. Tex. Mar. 29, 2017) and *Millennium Mktg. Grp. LLC v. United States*, 238 F.R.D. 460, 464 (S.D. Tex. 2006)(finding waiver by the government in a FOIA case). The FBI has waived all

objections other than those for privileges and immunities. *U.S. v. Simon*, 2022 WL 3051005, at

*3 (M.D. La. Aug. 2, 2022) citing *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989). [5]

### 3.  Plaintiff is not (yet) seeking a universal injunction.

The FBI cites *Trump v. CASA, Inc.*, 145 S.Ct. 2540, 2560 (2025) for the premise that

nationwide injunctive relief is no longer available. That is partially true, but mostly irrelevant

here. To the extent that the FBI is arguing that Plaintiff's discovery is overbroad in the absence

of nationwide relief, that argument about overbreadth is waived. *Simon*, 2022 WL 3051005, at

*3. That argument is also factually incorrect. The Court can compare Mr. Miller's declaration

(Exhibit 2) with the discovery requests (Dkt. #217-1) and the First Supplemental Complaint

(Dkt. #114) to see that he will, individually, be affected by the FBI's policies and practices,

regardless of whether nationwide injunctive relief is available.

After *Trump* was remanded to the district court, that court granted a motion for class

certification so that nationwide injunctive relief would again be available. *CASA, Inc. v. Trump*,

793 F. Supp. 3d 703 (D. Md. 2025). Plaintiff intends to seek class certification in this case, and

Plaintiff's counsel already has found an additional class representative as well as co-counsel with

class-action experience.[6] Incidentally, and worth noting here, the Ninth Circuit has held that

class-action status can resolve the issue of a plaintiff's standing.[7] Plaintiff requests a reasonable

opportunity to file a motion for class certification.

---

[5] Can there be any doubt that the FBI is simply trying to buy itself more time notwithstanding the rules? The FBI repeatedly has deployed a piecemeal litigation strategy, rolling out arguments and exemptions sequentially rather than at once. *See, e.g.,* Dkt. #59 at n.1, Dkt. #103 at 4, Dkt. #145 at 3, Dkt. #154 at 2, and Dkt. #203 at 2. And the Court will recall that the FBI sought 66 years to produce responsive documents in this case. Dkt. #76 at 2.

[6] The pendency (or non-pendency) of a motion for class certification should not affect discovery, as discovery normally begins before class certification is granted or denied. *See Gray v. First Winthrop Corp.,* 133 F.R.D. 39 (N.D.Cal.1990), cited with approval in *Thurmond v. Compaq Computer Corp.*, 171 F. Supp. 2d 667, 674 (E.D. Tex. 2001).

[7] "A narrow exception to [the general rule of standing] applies in class actions—an Article III case or

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for Plaintiff**

**Certificate of Service**

On May 1, 2026 I filed a copy of this surreply with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney James Gillingham, Counsel for the Defendants, at james.gillingham@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger

---

controversy 'may exist ... between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot.'" *Hajro v. United States Citizenship & Immigr. Servs.*, 743 F. App'x 148, 150 (9th Cir. 2018), quoting *Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).