# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

BRIAN HUDDLESTON,

        Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION
and UNITED STATES DEPARTMENT
OF JUSTICE,

        Defendants.

CIVIL ACTION No. 4:20CV00447

## DECLARATION OF MICHAEL P. SPENCE

I, Michael P. Spence, declare as follows:

1.     I am an Assistant United States Attorney at the United States Attorney's Office for the District of Columbia ("USAO-DC").  I have been an Assistant United States Attorney since December 2010 and joined the Homicide Section of the Superior Court Division in November 2014.  I am presently the Assistant United States Attorney assigned to the investigation of the homicide of Seth Rich.  The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

2.     I submit this declaration to demonstrate that the FBI has complied to the fullest extent possible with the Court's Memorandum Opinion and Order March 24, 2025 (ECF No. 214), the Court's Memorandum Opinion and Order dated November 28, 2023 (ECF No. 136) and its Amended Memorandum Opinion and Order dated August 15, 2024 (ECF No. 176) collectively requiring the FBI to conduct and complete a document-by-document review of the information it possesses on the compact disk containing the image of Seth Rich's personal

1

laptop, Seth Rich's work laptop, the DVD and the tape drive that is responsive to Plaintiff's

FOIA requests and to either (1) produce *Vaughn* Indexes addressing the information it possesses

on the compact disk containing images of Seth Rich's personal laptop, Seth Rich's work laptop,

the DVD, and the tape drive that is responsive to Plaintiff's FOIA requests;[1] or (2) file a motion

for summary judgment regarding the information it possesses on the compact disk containing

images of Seth Rich's personal laptop, Seth Rich's work laptop, the DVD, and the tape drive that

is responsive to Plaintiff's FOIA requests.

**FBI AND USAO-DC'S REVIEW OF THE PERSONAL AND WORK LAPTOP CONTENTS**

3.       In accordance with the Court's Orders, the FBI conducted a document-by-

document review of the contents of the Work Laptop, tape drive and DVD (collectively referred

to as the "Work Laptop), while the USAO-DC conducted a document-by-document review of the

contents of the cd image of Seth Rich's Personal Laptop (referred to herein as "Personal

Laptop"). Information concerning USAO-DC's review, specifically the types of records and

functional categories of information, is provided below.

A. Types of Records

4.       Providing a document-by-document description or listing of the records

responsive to plaintiff's request falling in the categorically denied records would undermine the

very interests that the FBI seeks to protect under Exemption 7(A), in addition to other categorical

and underlying exemptions identified below. To protect these interests, USAO-DC has described

the types of responsive records contained on the Personal Laptop, which are being withheld in

full pursuant to FOIA Exemption (b)(7)(A), as well as the other exemptions stated in the USAO-

DC's *Vaughn* index. The Personal Laptop was provided to the Metropolitan Police Department

---

[1] The *Vaughn* Index must address the metadata contained within Seth Rich's work laptop.

2

("MPD") by a family member of Seth Rich.  The Personal Laptop was then provided by MPD to the FBI. It contains a variety of records pertaining to Seth Rich's personal life, academic and extracurricular work while enrolled in high school and college, and pursuit of employment opportunities following graduation. The USAO-DC's *Vaughn* Index provides a listing of the types of records.

5.      As with other items of evidence in this case, any computer that was possessed or used by Seth Rich at the time of his death, whether for personal or employment-related reasons, is important to the grand jury investigation both for what it contains as well as for what it does not contain.  Any public release of the contents of such a computer would have a significant and negative impact on the grand jury investigation in this case and on the future prosecution of any suspects.  As a result, to avoid reasonably anticipated interference with law enforcement proceedings, I am asserting FOIA Exemption 7(A) to withhold in full any device containing images or data of any kind from any computer that was possessed or used by Seth Rich at the time of his death.

6.      In particular, given the high profile nature of the investigation into Seth Rich's murder, providing data of any kind would likely lead to a flood of spurious tips to law enforcement, inundating limited police and prosecutorial resources. Such tips would need to be fully reviewed and investigated, despite the fact that the information provided was not provided in a bona fide manner and indeed may specifically be intended to distract and misdirect law enforcement.  Even after being fully investigated, the existence of such tips would cast a further cloud over any future prosecution, and reasonably would cause a factfinder incorrectly to conclude that the investigation in this case was flawed and inadequate and reasonably would lead to inappropriate speculation that individuals other than the actual culprits committed the crime.  I

3

have considered whether there are alternatives to these withholdings that would avoid these reasonably foreseeable harms and have determined that there are not.

7. Accordingly, the production of any data of any kind from any computer possessed or used by Seth Rich at the time of his death reasonably could be expected to interfere with law enforcement proceedings and is therefore appropriately withheld under FOIA Exemption 7(A).

8. In addition to the types of records listed in the USAO-DC's *Vaughn* Index, there are potentially thousands of files on the Personal Laptop that cannot be viewed or processed pursuant to the FOIA. These file types include operating system files (e.g., .exe files), Resilient File System (ReFS),[2] New Technology File System (NTFS),[3] and File Allocation Table (FAT).[4] These files were excluded from the review, and therefore they are not listed or otherwise accounted for in the *Vaughn* Index that is described in the following paragraph.

9. The USAO-DC compiled a *Vaughn* Index based on its document-by-document review. In so doing, initially the USAO-DC omitted the unviewable files that cannot be practically processed or documents relating to software license agreements or user manuals associated with software installed on the Personal Laptop. Individual documents that could not be manually opened and appear to be corrupted also were not included in the original USAO-DC *Vaughn* Index. Subsequently, USAO-DC expanded the scope of its review, and has now reviewed all Word, Excel, PowerPoint, PDF, and email files, to include documents relating to software

---

[2] Resilient File System (ReFS) is a file system that Microsoft created for Windows operating systems. It was introduced in Windows Server 2012 and is also available in Windows 10 Pro for Workstations.

[3] New Technology File System (NTFS) is a file system that stores and organizes files on Windows operating systems.

[4] File Allocation Table (FAT) is a file system that organizes and manages data on storage devices like hard drives and USB flash drives. It's used by many operating systems, including older versions of Windows.

license agreements or user manuals associated with software installed on the Personal Laptop. These documents also have now been included in USAO-DC's revised *Vaughn* Index. Additionally, Word, Excel, PowerPoint, and PDF documents that could not be manually opened and appear to be corrupted are now reflected in the revised *Vaughn* Index. The review utilized a review tool called Magnet Forensics.  Each individual file was opened in native format using the Magnet Forensics review tool.  Thus, for example, Word documents were opened in Microsoft Word.  Some documents, when opened, generated an error message indicating that the file could not be opened and could be corrupted, or that the document could not be read; others generated a document with no content, or the document failed to load.  Such documents are noted on the USAO-DC *Vaughn* Index as "File corrupted/would not open."  All documents in the USAO-DC *Vaughn* Index include a record number in the first column. The USAO-DC's *Vaughn* Index identifies and provides specific details, to include metadata, concerning each of the various records USAO-DC reviewed on the Personal Laptop. This information is broken down into the name of the file, the title associated with the document, the last modified date/time, the created date/time, and the size of the file in bytes, to the extent this information could be obtained by the review tool used to forensically analyze the data. The applicable categorical and underlying exemptions as well as a brief description of each record is also provided.

METADATA[5]

10.     As discussed above, the USAO-DC's *Vaughn* Index relating to Seth Rich's Personal Laptop identified metadata, to the extent this information could be obtained by the

---

[5] Metadata is described by many as a set of data that describes and gives information about other data, e.g., an author, creation date or file size that describes a data point or data set. Three (3) types of metadata include: 1.) Descriptive Metadata - provides information about the content of the file, such as title, author and keywords; 2.) Structural Metadata - describes the structure and organization of the file, such as file format and layout; and 3.) Administrative Metadata -

5

review tool used to forensically analyze the data, and the *Vaughn* Index accordingly provides the name of each file, the title associated with the document, the last modified date/time, the created date/time, and the size of the file in bytes. This metadata was readily available and did not require the USAO-DC to create new documents, conduct research, analyze data, or answer questions in order to respond to the FOIA request at issue. To provide other metadata, however, would require the USAO-DC to do those things, which the FOIA does not require. The FOIA focuses on accessing existing documents and reproducible information held by an agency.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of May, 2026.

_____
Michael P. Spence
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C.

---

provides information about the management and preservation of the file, such as creation date, file size and usage rights.