**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BRIAN HUDDLESTON, | |
| Plaintiff, | |
| v. | CIVIL ACTION No. 4:20CV447 |
| FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, | JUDGE AMOS MAZZANT |
| Defendants. | |

**<u>FEDERAL BUREAU OF INVESTIGATION'S BRIEF ON STANDING</u>**

The Federal Bureau of Investigation ("FBI") submits this brief regarding the putative Plaintiff Brian Huddleston's ("Plaintiff" or "Huddleston") lack standing to pursue two "policy-or-practice" claims outlined in Plaintiff's Supplemental Complaint, Dkt. # 114. As set forth more fully herein, Plaintiff lacks standing to pursue the policy-or-practice claims because he cannot establish an injury-in-fact necessary to satisfy Article III standing. Therefore, in addition to granting FBI's motion for protection from Plaintiff's discovery requests, the Court should dismiss the policy-or-practice claims.

## BACKGROUND

The Court is familiar with this case's background, Dkt. # 174, at 1, and therefore the FBI will limit its discussion of the background of this case to the issues that are relevant to demonstrating Plaintiff's lack of constitutional standing to bring the policy-or-practice claims.

I.     **Plaintiff Huddleston files a supplemental complaint asserting policy-or-practice claims.**

Plaintiff Huddleston filed this case on June 1, 2020. Dkt. # 1. He amended the complaint on July 7, 2020. Dkt. # 3. Almost three years later, on April 8, 2023, Plaintiff filed a motion for leave to file a supplemental complaint. Dkt. # 113. He filed his supplemental complaint two days later, April 10, 2023. Dkt. # 114 (the "Supplemental Complaint"). The Supplemental Complaint asserts "two forward-looking challenges" to purportedly "ongoing FBI Policies: (1) that the FBI's 'Digital Evidence Policy Guide' violates 5 U.S.C. § 552(a)(3) by purporting to declare that a record is not a record; and (2) that the FBI violates 5 U.S.C. § 552(g) by failing to disclose all information systems." Dkt. 226 at 2 (internal citations omitted). The FBI disagrees with the Supplemental Complaint's characterization of these policies and opposed Plaintiff's motion for leave to file the Supplemental Complaint. Dkt. # 117. On July 15, 2024, the Court granted Plaintiff's motion for leave to file the Supplemental Complaint. Dkt. # 166.

The Supplemental Complaint is important for what it fails to include. The Supplemental Complaint is devoid of any allegation that Plaintiff Huddleston had other FOIA requests pending with the FBI at the time it was filed. It also fails to allege that he intended to submit additional FOIA requests to the FBI, let alone provide a concrete plan to seek specific records from the FBI. It also fails to include any allegations regarding the current real-party-in-interest, Yehuda Miller (hereinafter "Miller"). *See generally* Dkt. # 114. Nor could the Supplemental Complaint have contained these allegations.

At the time he filed the Supplemental Complaint, Huddleston had no other FOIA requests pending with the FBI. *See* Declaration of Christina L. Driver (the "Driver Decl."), ¶ 6. Huddleston has also not submitted any FOIA requests to the FBI since filing the Supplemental Complaint. *Id.* Miller similarly did not have any FOIA requests pending with the FBI at the time Huddleston filed

the Supplemental Complaint. *Id.* ¶ 7. He did not file any requests until after the Court ordered the parties to brief standing in a transparent effort to manufacture standing to further efforts to conduct "a rectal exam [of] the FBI." *See* @Ty_Clevenger, https://x/com/ty_clevenger/stats/2042585839641796905?s=43 (last visited Apr. 14, 2026).

**II.      Plaintiff Huddleston assigned his interest in the litigation to Yehuda Miller.**

No longer wanting to be involved in the litigation, Huddleston assigned his interest in the litigation to Miller over a year after filing the Supplemental Complaint. On July 5, 2024, Plaintiff filed a motion to substitute Miller as the Plaintiff. Dkt. # 164. In that motion, Huddleston represented that he "has transferred his interest in this case to Mr. Miller." *Id.* Plaintiff has since clarified that the assignment took place on or about June 27, 2024. Dkt. # 226-1, ¶ 2. On June 12, 2025, the Court denied the motion to substitute. Dkt. # 204. In denying the motion, the Court found that "Huddleston has not mentioned Miller by name or Miller's purported 'interest' in the requested information through the over four years of litigation." *Id.* at 4. The Court explained that "Miller's name is not mentioned in the Amended Complaint or in the FOIA requests Huddleston submitted." *Id.* at 5. For purposes of standing, the timing of the assignment is dispositive. The assignment did not take place prior to Huddleston filing the Supplemental Complaint on April 10, 2023. Therefore, only Huddleston is relevant to the question of standing.

## ARGUMENT

Plaintiff lacks standing to pursue his FOIA policy-or-practice claims because he fails to allege the imminent future injury required to establish Article III standing.

**I.      Plaintiff cannot establish an injury that is concrete, particularized, and imminent in order to establish Article III standing.**

Article III of the United States Constitution limits the power of federal courts to the resolution of "Cases" and "Controversies." U.S. CONST. art. III § 2. One aspect of the case-and-

3

controversy requirement that is relevant here, and is arguably the most important, is standing. *Allen v. Wright*, 468 U.S. 737, 750 (1984) *abrogated on other grounds*, *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). The United States Supreme Court has explained that a plaintiff must satisfy three elements to establish standing. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992). First, the plaintiff must have suffered an "'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (citations and internal quotation marks omitted). Second, a plaintiff must establish a causal connection between the injury and the conduct complained of such that the injury is fairly traceable to the challenged conduct. *Id.* Finally, the plaintiff must establish a likelihood that a favorable decision will address the injury. *Id.* at 561. As the party invoking the court's jurisdiction, the Plaintiff bears the burden "clearly to allege facts demonstrating" each of these three elements. *Warth v. Seldin*, 422 U.S. 490, 490 (1975). The necessary facts must "affirmatively appear in the record" and "cannot be inferred argumentatively from averments in the pleadings." *Spencer v. Kemna*, 523 U.S. 1, 10–11 (1998). Moreover, the Plaintiff must establish all three elements for each claim asserted and form of relief sought. *Allen*, 468 U.S. at 752 (explaining that standing requires a "careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."); *Friends of the Earth v. Laidlaw*, 528 U.S. 167, 185 (2000) ("[A] plaintiff must demonstrate standing separately for each form of relief sought.")

To satisfy Article III's injury-in-fact requirement, a plaintiff must demonstrate a particularized injury that is actual or imminent, not speculative or hypothetical. *Lujan*, 504 U.S. at 650. To obtain prospective relief, whether through an injunction, declaration, or otherwise, it is not sufficient for a plaintiff to allege a past injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102

(1983). Instead, the threatened injury must be "certainly impending" to satisfy the standing requirement for prospective relief. *Whitmore v. Arkansas*, 495 U.S. 149, 150 (1990); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 345 (2006).

### a. A plaintiff must have pending FOIA requests to satisfy Article III's injury-in-fact requirement for policy-or-practice claims.

A FOIA policy-or-practice claim is a forward-looking claim for relief. This is not in dispute. Dkt. # 226 at 2. Therefore, to establish standing, Plaintiff cannot rely on a past injury relating to his prior FOIA requests but must allege a threatened injury that is certainly impending. In FOIA cases, courts have explained that the injury-in-fact requirement requires more than a mere intention to submit FOIA requests that may be subject to the challenged purported policy-or-practice. Standing requires a plaintiff to show that he has additional FOIA requests pending with the agency that may be subjected to the same purported policy-or-practice.

Courts have found that a mere intention to submit FOIA requests in the future fails to satisfy a plaintiff's burden to demonstrate an injury-in-fact necessary establish standing for a policy-or-practice claim. In *CREW v. U.S. Department of Homeland Security*, 527 F. Supp. 2d 101 (D.D.C. 2007), CREW challenged the denial of its FOIA request for certain White House visitor logs. *Id.* at 102. CREW also challenged the DHS policy governing the retention of the records. *Id.* DHS challenged the record keeping policy claim alleging that CREW lacked constitutional standing to pursue the claim. *Id.* at 104. The court agreed. The court held that CREW's past injury-in-fact was insufficient to give CREW standing to seek prospective relief. *Id.* at 105. The court also found that CREW's claim that it was subject to a continuing injury because it "will continue to use FOIA to gain access to agency records that relate to the propriety of government activity" and therefore would be injured in the future by the policy because its future FOIA efforts would be fruitless "as long as DHS continues its 'policy of document destruction'" was also insufficient to demonstrate

an injury-in-fact. *Id.* at 106. Although the court found the future injury "certainly plausible," it was "too speculative and remote" to satisfy the constitutional standing requirements for prospective relief. *Id.* The mere possibility that CREW would someday file a future FOIA request that would be impacted by DHS's record retention policy was "not enough to establish an imminent, non-speculative injury-in-fact." *Id.*

Decisions in addition to *CREW* have further developed the requirements to establish injury-in-fact for FOIA policy-or-practice claims. In *Quick v. U.S. Department of Commerce,* 775 F.Supp.2d 174 (D.D.C. 2011), the Court explained that the "Supreme Court has foreclosed" plaintiffs from establishing standing for FOIA policy-and-practice claims by merely alleging that they "plan[] to file additional FOIA requests in the future…." *Id.* at 187.[1] The court reached a similar result in *American Historical Association v. National Archives Records Administration*, 310 F.Supp.2d 216 (D.D.C. 2004). There, although the court recognized that the plaintiffs had suffered past harm due to the delay in obtaining records because of an Executive Order it contended conflicted with the Presidential Records Act, the court nevertheless held that the "significant likelihood that the Plaintiffs will again seek access to presidential records," was too speculative to support standing because they did not have any "outstanding requests for presidential records." *Id.* at 228. Courts have made clear that in the absence of pending FOIA requests other than the specific request in litigation, a plaintiff likely cannot establish the type of imminent non-speculative and non-hypothetical injury necessary to establish standing for a policy-or-practice claim. *See Nat'l Sec. Counselors v. CIA*, 898 F.Supp.2d 233 (D.D.C. 2012) (finding standing for a policy-or-practice practice claim where the plaintiff had submitted 15 FOIA requests since filing its

---

[1] The court in *National Security Counselors v. Central Intelligence Agency*, 898 F.Supp.2d 233, 261 (D.D.C. 2012) characterized this statement as dicta. But it is consistent with other policy-or-practice cases decided in the District of the District of Columbia and therefore is persuasive.

complaint that were likely to implicate the purported polices and practices at issue); *Nat'l Sec. Counselors v. CIA*, 931 F.Supp.2d 77, 93 (D.D.C. 2013) (holding that "future injury is satisfied" where a plaintiff can demonstrate that they have pending FOIA requests that are likely to implicate the challenged policy or practice); *Coleman v. Drug Enforcement Administration*, 134 F.Supp.3d 294, 306 (D.D.C. 2015) (holding that a Plaintiff's future injury was too speculative to support standing when the Plaintiff did not allege that he had pending FOIA requests before the DEA, did not allege an intention to make requests in the future, and did not allege, in connection with a future request he would seek to invoke the public-interest waiver—the challenged policy); *Tipograph v. Dep't of Justice*, 146 F.Supp.3d 169, 175 (D.D.C. 2015) ("Article III . . . requires Tipograph to provide more than generalized plans to file unspecified requests for information at some uncertain point in the future.').

### b. Plaintiff cannot establish standing for his policy-or-practice claims.

In this case, Plaintiff lacks standing to pursue the policy-or-practice claims alleged in the Supplemental Complaint because he cannot show a particularized future injury that is actual or imminent, not speculative or hypothetical. Start with the text of the Supplemental Complaint. The Supplemental Complaint does not allege that Plaintiff has any FOIA requests pending with the FBI other than the specific FOIA requests that have been the subject of this litigation. *See* Dkt. # 114. These requests are insufficient to establish standing for his policy-or-practice claims. *See e.g.s. Coleman*, 134 F.Sipp.3d at 306 (finding that although "[p]laintiff undoubtedly suffered an injury" when DEA failed to grant a public-interest fee waiver for the FOIA request that was the basis for the litigation, that injury "occurred in the past" and therefore did not confer standing to pursue a policy-or-practice claim regarding the fee waiver policy); *CREW*, 527 F.Supop.2d at 105–06. The Supplemental Complaint does not even allege that Plaintiff was planning to make

additional requests in the future. *See* Dkt. # 14. Even if the Supplemental Complaint alleged that Huddleston planned to make additional FOIA requests in the future, it would still be insufficient to confer standing because a mere intention to submit FOIA requests in the future is too speculative to demonstrate the requisite imminency needed to confer standing. *See CREW*, 527 F.Supp.2d at 106 ("That CREW may one day file another FOIA request with the DHS does not represent a cognizable, palpable injury which presents a case or controversy for the Court to consider."); *Historical Ass'n*, 310 F.Supp.2d 228 (finding that despite a significant likelihood that plaintiff would again seek access to records and would face delays in accessing them, plaintiff failed to establish an a future injury that was imminent and not conjectural and hypothetical); *Quick*, 775 F.Supp.2d at 187 ("the Supreme Court has foreclosed that route: '[s]uch 'some day' intentions–without any description of concrete plans, or indeed even some specification of *when* the some day will be—do not support a finding of the [requisite] 'actual or imminent' injury.'") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (emphasis in original). Plaintiff's failure to allege any additional pending FOIA requests—or any intention to submit additional FOIA requests to the FBI—has been borne out by subsequent events: in the three years since filing the Supplemental Complaint, Plaintiff has not submitted any additional requests.  Driver Decl. ¶ 6. The absence of any allegations necessary to establish a future injury that is actual or imminent and not merely hypothetical or speculative standing is dispositive of Plaintiff's lack of standing to pursue the policy-or-practice claims, which must be dismissed.

### c. Plaintiff's assignment of his rights in this litigation to Miller cannot give Miller any more rights than Huddleston possessed.

Plaintiff's assignment of his interest in the litigation to Miller cannot manufacture standing that Huddleston never possessed. An assignment can only transfer the rights and interests the assignor possessed at the time of the assignment. *See, e.g., Pogo Resources, LLC v. St. Paul Fire*

*and Marine Insur. Co.*, No. 3:19-cv-2682-BH, 2022 WL 209276, *6 (N.D. Tex. Jan. 24, 2022). The Fifth Circuit has stated that "the common law speaks in a loud and consistent voice: *An assignee stands in the shoes of his assignor.*" *FDIC v. Bledsoe*, 989 F.2d 805, 810 (5th Cir. 1993) (emphasis in original). The assignee takes all of the rights of the assignor, no greater and no less. *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 729 (5th Cir. 2010) (quoting *FDIC v. McFarland*, 243 F.3d 283, 290 n.42 (5th Cir. 2001) (quoting *In re New Haven Projects Ltd. Liab. Co. v. City of New Haven*, 225 F.3d 283, 290 n.4 (2d Cir. 2000). In other words, "an assignee … stands in the same position as its assignor stood." *Id.* (quoting *Houk v. Comm'r*, 173 F.2d 821, 825 (5th Cir. 1949).

Here, Huddleston assigned his litigation interest to Miller. However, Huddleston could not assign a policy-or-practice claim for which he lacked Article III standing. Because Huddleston lacked standing to pursue the policy-or-practice claim at the time he filed the Supplemental Complaint due to his failure to allege imminent future injury, there was no valid policy-or-practice claim assigned to Miller. As assignee, Miller holds no greater right to pursue that claim than Huddleston possessed. The same jurisdictional defect that existed at the time Huddleston filed the Supplemental Complaint would similarly defeat any derivative interest Miller possesses in this litigation.

### d. Miller's later FOIA requests do not cure Huddleston's lack of standing or create a new cause of action in this litigation.

In an attempt to manufacture standing, Plaintiff misstates the history of the litigation and inappropriately focuses on Miller's recent FOIA requests. The Court should evaluate standing at the time the Supplemental Complaint was filed. *See Lutter v. JNESO*, 86 F.4th 111, 126 (3rd Cir. 2023) ("[A] plaintiff's Article III standing is evaluated as of the date of the supplemental pleading."). Plaintiff argues that the "two policy-or-practice claims were first asserted in the First

Supplemental Complaint, filed July 15, 2024." Dkt. # 226. This is wrong. Plaintiff requested leave to file the Supplemental Complaint on April 8, 2023. Dkt. # 113. He filed the Supplemental Complaint on April 10, 2023. Dkt. # 114. Significantly, these actions occurred more than one year before any mention of a potential assignment to Miller.

To the extent that Plaintiff is arguing that the date of the Supplemental Complaint is tied to the date the Court granted his motion for leave to file the Supplemental Complaint, he is again incorrect. The Local Rules for the Eastern District of Texas specifically address this issue. Local Rule CV-7(k) addresses motions for leave to file. It provides that "[i]f a motion for leave to file is granted, the document will be deemed to have been filed as of the original date of its filing." Local Rule CV-7(k). Therefore, the fact the Court granted the motion for leave to file on July 15, 2024 does not change the fact that the Supplemental Complaint was filed on April 10, 2023. This is more than a year before Huddleston's assignment to Miller. At that time, Miller had not even been mentioned at any time in the litigation, Dkt. # 204, let alone acquired an interest. Therefore, contrary to Plaintiff's argument, Miller lacked any interest in the case at the time the Supplemental Complaint was filed.

Because standing is judged as of the date of the Supplemental Complaint, and Miller did not possess an interest in the litigation when the Supplemental Complaint was filed, Miller's later FOIA requests—a transparent attempt to manufacture standing three (3) days following the Court's order for additional briefing on standing—are irrelevant to whether Huddleston had standing at the time he filed the Supplemental Complaint. Miller's later submission of FOIA requests in his own name, which are unrelated to this case or the rights assigned by Huddleston, cannot cure the lack of jurisdiction at the time of the Supplemental Complaint. *Cf. TXCAT v. Phoenix Group Metals, LLC*, Civ. Action No. H-10-0344, 2010 WL 5186824, *3 (S.D. Tex. Sec.

14, 2010) (compiling cases that stand for the "logical proposition that a plaintiff who lacks standing may not amend a complaint to substitute a new plaintiff to cure the lack of jurisdiction because a plaintiff may not create jurisdiction by amendment when none currently exists."). At most, Miller's later requests may be relevant in a separate, independent action, where Miller asserts claims in his own right. They do not retroactively confer standing on Huddleston, and they cannot enlarge the scope of the litigation interest he received through assignment.

## **CONCLUSION**

For the foregoing reasons, Huddleston fails to establish the imminent future injury required to establish Article III standing for a FOIA policy-or-practice claim. At the time he filed the Supplemental Complaint, Huddleston had no FOIA requests pending with the FBI, failed to disclose any concrete plan to submit future requests, and demonstrated no pattern of regular FOIA use from which recurring exposure to the challenged policies or practices could plausibly be inferred. That jurisdictional deficiency is dispositive and compels dismissal of the policy-or-practice claims.

Miller's later FOIA requests do not save the claims. As Huddleston's assignee, Miller stands in Huddleston's shoes and acquired no greater rights than Huddleston held at the time of the assignment. Because Huddleston lacked a viable policy-or-practice claim, Miller's interest in this litigation is subject to the same jurisdictional defect. Miller's subsequent personal FOIA requests cannot be imported into this action to enlarge the assigned interest beyond its lawful scope or to retrofit standing onto Huddleston's defective Supplemental Complaint.

For these reasons, the Court should find the Plaintiff lacks Article III standing to pursue policy-or-practice claims, grant the FBI's Motion for Protection from discovery that is solely related to these defective claims, and dismiss the policy-or-practice claims for lack of jurisdiction.

Date: June 29, 2026

Respectfully submitted,

JAY COMBS
UNITED STATES ATTORNEY

/s/ James Gillingham
JAMES GILLINGHAM
Assistant United States Attorney
Texas Bar No. 24065295
110 N. College Ave.; Suite 700
Tyler, Texas 75702
Tel:  (903) 590-1400
Fax: (903) 590-1436
Email:  James.Gillingham@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

/s/ James Gillingham
JAMES GILLINGHAM
Assistant United States Attorney