IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

BRIAN HUDDLESTON,

    Plaintiff,

vs.

                                         Case No. 4:20-cv-447-ALM

FEDERAL BUREAU OF
INVESTIGATION and UNITED STATES
DEPARTMENT OF JUSTICE

    Defendant

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY
## TO THE FBI'S SURREPLY REGARDING LACK OF STANDING

Plaintiff Brian Huddleston respectfully moves for leave to file a surreply responding to the FBI's Surreply Regarding Lack of Standing (Dkt. #240). Because the FBI opposes any response exceeding five pages, Plaintiff submits two versions and asks the Court to accept whichever it prefers.

### The FBI's surreply raises new arguments and new evidence

The Court ordered supplemental briefing on Article III standing. Plaintiff filed his brief (Dkt. #226); the FBI filed its brief (Dkt. #227); and Plaintiff filed a surreply with the Court's leave (Dkt. #233; Dkt. #235). The FBI then filed Dkt. #240. That request is warranted because Dkt. #240 does not merely answer Plaintiff's surreply. It advances arguments and evidence that appear in this litigation for the first time:

- **New evidence.** The FBI attaches, as Exhibit A, an October 20, 2022 letter from undersigned counsel that has never before been filed in this case. Dkt. #240-1. It is the evidentiary centerpiece of the FBI's principal new argument.

- **A new theory of the § 552(g) claim.** For the first time, the FBI argues that Mr. Huddleston "did not request—and therefore was not denied—the information at issue," and that the request belonged instead to counsel or to The Transparency Project. Dkt.

- 1 -

#240 at 5–7. Neither the FBI's opening brief on standing (Dkt. #227) nor its earlier protective-order briefing raised that contention.

- **New arguments on curability.** The FBI addresses Rules 15(d), 17(a)(3), and 25(c) for the first time at Dkt. #240 at 8–9, responding to the alternative relief Plaintiff requested in his surreply.

- **A new position on jurisdictional discovery.** Dkt. #240 at 9–10.

**Leave should be granted**

Ordinarily, a party may not raise new arguments or introduce new evidence in a reply or surreply, and courts in this circuit decline to consider matters presented for the first time in such a filing. *See, e.g., Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (per curiam). Where a court is nonetheless inclined to consider new material, the accepted course is to permit the opposing party to respond. *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239–40 (N.D. Tex. 1991).

Plaintiff recognizes the countervailing consideration, namely that subject-matter jurisdiction may be raised at any time, by any party or by the Court, and cannot be waived or forfeited. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). If the FBI's new arguments bear on this Court's jurisdiction, the Court must consider them. But the same principle cuts both ways. If the Court will consider arguments and evidence the FBI presented for the first time in a fourth-round filing, elementary fairness requires that Plaintiff be permitted to answer them before the Court rules. That is particularly so here, where the FBI's new argument rests on a document Plaintiff has never had an opportunity to address, where the record contains a contemporaneous filing bearing directly on it, and where the statutory provision at the center of the dispute has been quoted by both parties in a version Congress amended in 2016. A jurisdictional ruling reached without that correction would rest on an incomplete record.

- 2 -

**Two versions are submitted**

In conferring on this motion, counsel for the FBI advised that the Defendants oppose any surreply exceeding five pages.[1] Rather than litigate the length of a brief, Plaintiff submits both:

- **Exhibit 1 — the full surreply.** This version runs eight pages of argument. It addresses each of the matters raised for the first time in Dkt. #240 and includes one section, Part VI, addressing an issue bearing on redressability that the FBI has not raised but that Plaintiff believes the Court should have before it.

- **Exhibit 2 — a five-page surreply.** This version is limited to five pages of argument, exclusive of the signature block and certificate of service. It contains no argument absent from Exhibit 1. It is the same brief, condensed, with Part VI omitted.

Plaintiff respectfully submits that the full version is the more useful one, because the questions presented are jurisdictional and the Court's ruling may dispose of two claims. But Plaintiff has no wish to convert a briefing dispute into a second dispute about page limits, and if the Court prefers the shorter version, Exhibit 2 may be filed instead and Exhibit 1 disregarded. Plaintiff seeks no further briefing beyond whichever version the Court accepts.

---

[1] While it is true that issues related to subject-matter jurisdiction may be raised at any time, Plaintiff must object to the FBI's practice of raising jurisdictional issues on reply or surreply and then trying to limit Plaintiff's own surreply to five pages.

**Conclusion**

Plaintiff respectfully requests that the Court grant leave to file the surreply attached as

Exhibit 1, or, in the alternative, the five-page surreply attached as Exhibit 2.

Respectfully submitted,

**/s/ Ty Clevenger ----------**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

Counsel for Plaintiff

**Certificate of Conference**

On August 3, 2026, I conferred with Asst. U.S. Attorney James Gillingham, counsel for

the Defendants, regarding the relief requested herein. Counsel stated that the Defendants would

not oppose Plaintiff's surreply so long as it does not exceed five pages.

**/s/ Ty Clevenger ------------**
Ty Clevenger

**Certificate of Service**

On August 6, 2026, I filed a copy of this document with the Court's ECF system, which

should result in automatic notification via email to Asst. U.S. Attorney James Gillingham, Counsel

for the Defendants, at james.gillingham@usdoj.gov.

**/s/ Ty Clevenger ------------**
Ty Clevenger