**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BRIAN HUDDLESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 4:20-cv-447-ALM |
| | § | |
| FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S NOTICE REGARDING RELATED PENDING MOTIONS**

Plaintiff Brian Huddleston files this notice to advise the Court that his pending Motion for Reconsideration (Dkt. #257) and Motion for Appointment of a Special Master (Dkt. #258) bear directly on the parties' pending cross-motions for summary judgment concerning Seth Rich's work and personal laptops (Dkt. #225; Dkt. #237), and to respectfully request that the Court decide those cross-motions together with the two later motions.

The cross-motions are fully briefed. *See* Dkt. #225; Dkt. #237; Dkt. #246 (Plaintiff's combined response and reply); Dkt. #255. The Plaintiff filed the Motion for Reconsideration and the Motion for Appointment of a Special Master on September 7, 2026. The Defendants requested, and the Plaintiff did not oppose, an extension of their deadline to respond to both motions until November 6, 2026. Dkt. #260.

The later motions present questions on which the laptop cross-motions also turn. First, the Motion for Reconsideration argues that the presumption of good faith accorded to FBI declarations cannot survive *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), or the Government's

own recent declassifications. Dkt. #257 at 8–9. The FBI's cross-motion regarding the laptops rests on its declaration and *Vaughn* index. Dkt. #237-1; Dkt. #237-2. Second, the Motion for Reconsideration argues that the same principle governs the threshold for *in camera* review. Dkt. #257 at 30–31. Third, the FBI has justified withholding the laptops by invoking the indictment of the alleged DNC hackers, which ties the laptops to the same family of investigations whose records the Government has since declassified. Dkt. #257 at 11. Fourth, the Motion for Appointment of a Special Master asks that a master examine the forensic images of both laptops, which renews and expands the alternative request for a special master in the Plaintiff's motion for summary judgment. Dkt. #225 at 27; Dkt. #252.

If the Court decided the laptop cross-motions first, it would do so under standards that the later motions challenge, and it would resolve the special-master question before the FBI has responded to the motion that develops it. Deciding the motions together would avoid potentially inconsistent rulings and piecemeal reconsideration. The Plaintiff therefore respectfully requests that the Court defer ruling on the laptop cross-motions until the Motion for Reconsideration and the Motion for Appointment of a Special Master are fully briefed, and then decide all of them together. The Plaintiff does not seek leave to file additional briefing on the cross-motions.

Respectfully submitted,

**/s/ Ty Clevenger --------**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026 a true and correct copy of the foregoing document was filed electronically with the Court, which should result in automatic electronic service upon all counsel of record.

**/s/ Ty Clevenger --------**
Ty Clevenger