**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BRIAN HUDDLESTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION No. 4:20CV447<br><br>JUDGE AMOS MAZZANT |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**NOTICE REGARDING RELATED PENDING MOTIONS (Doc. 262)**

Defendants submit this response to Plaintiff's Notice Regarding Related Pending Motions. Doc. 262. Although styled as a notice, Plaintiff requests that the Court defer ruling on the Parties' pending cross-motions for summary judgment until his Motion for Reconsideration (Doc. 257) and Motion for Appointment of a Special Master (Doc. 258) are fully briefed. Plaintiff does not seek additional briefing on the cross-motions for summary judgment.

As Plaintiff acknowledges, the cross-motions for summary judgment are fully briefed and ripe for adjudication. Doc. 262 at 1. Nevertheless, Plaintiff contends that deferral is appropriate because resolving the cross-motions first would require the Court to apply legal standards challenged in his subsequent motions and potentially resolve the special master issue before the FBI responds to the separate Motion for Appointment of a Special Master. *Id.* at 2. But Plaintiff's filing of those motions does not itself alter the standards governing summary judgment nor require the Court to defer consideration of the cross-motions.

For instance, Plaintiff argues that the presumption of good faith afforded agency declarations cannot survive *Loper Bright Enterprises v. Rainmondo*, 603 U.S. 369 (2024). But *Loper Bright* addressed *Chevron* deference, which is not at issue in the pending cross-motions. *See Ivanovskis v. FBI*, No. 4:23-cv-531-SDJ-SGD, 2025 WL 2778978, at *1 (E.D. Tex. Sept. 29, 2025) (holding that *Loper Bright* was inapplicable where the Government did not seek *Chevron* deference). Plaintiff's reliance on *Loper Bright,* therefore, does not require that the Court must resolve the newly filed motions prior to considering the cross-motions for summary judgment.

Nor does the potential overlap between pending motions require a certain sequencing of their resolution. The mere fact that motions address overlapping issues does not make them procedurally dependent on one another. Plaintiff acknowledges that the Motion for a Special Master renews and expands relief previously sought in his summary judgment motion. *Id.* at 2. That overlap does not, by itself, require the Court to defer consideration of the fully briefed cross-motions while the Parties brief the subsequent motions

Defendants will address the merits of the Motion for Appointment of a Special Master and Motion to Reconsider in their forthcoming responses. In the meantime, the Court is fully capable of determining whether the pending motions should be considered separately or together and in what sequence. Nothing in Plaintiff's Notice requires this Court to depart from its ordinary management of the docket, and the Court may resolve the pending motions in whatever order it deems appropriate.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

*/s/ James Gillingham*
JAMES GILLINGHAM

Assistant United States Attorney
Texas Bar No. 24065295
110 N. College Ave.; Suite 700
Tyler, Texas 75702
Tel: (903) 590-1400
Fax: (903) 590-1436
Email: James.Gillingham@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney